# FISH & RICHARDSON P.C.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

**BY ELECTRONIC FILING**

July 13, 2006

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

Re:  NICE Systems, Inc. and NICE Systems Ltd. v. Witness Systems, Inc.
     Civil Action No. 06-311

Dear Judge Farnan:

I write on behalf of defendant in anticipation of the Court proposing a date for a Rule 16 conference in this case and to request that the Rule 16 conference be postponed until after Witness's motion to transfer has been fully briefed.

This action was filed on May 10, 2006. On June 29, 2006, defendant filed a motion to transfer this case to the Northern District of Georgia (D.I. 13)[1], where three prior actions are pending between these same parties, involving the same technologies and products as are at issue here. Because of the motion to transfer, it is premature under *McDonnell Douglas Corp. v. Polin,* 429 F.2d 30 (3d Cir. 1970), to enter a schedule or to permit the parties to engage in merits discovery.

Specifically, in *McDonnell Douglas*, the Third Circuit Court of Appeals directed the district court to decide a pending motion to transfer before permitting the parties to engage in discovery on the merits. According to the Court:

> To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided. Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.

---

[1] On June 30, 2006, defendant filed its Answer, denying the allegations of the complaint and asserting defenses.

The Honorable Joseph J. Farnan Jr.
July 13, 2006
Page 2

*Id*. at 31 ("only if the court should deny the motion to transfer should discovery be permitted to go forward").

In light of *McDonnell Douglas*, defendant respectfully requests that the Court postpone setting a Rule 16 Scheduling Conference until August, after the parties have fully briefed the motion to transfer. At that time, the parties will be prepared to answer any questions the Court may have about the motion.

Very truly yours,

*/s/ William J. Marsden, Jr.*

William J. Marsden, Jr.

WJM:jrm

cc:  Josy W. Ingersoll, Esq. (via email)