IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS, LTD. | : | |
| Plaintiffs | : | |
| v. | : | Civil Action No. 06-311-JJF |
| WITNESS SYSTEMS, INC. | : | |
| Defendant | : | |

### MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For Transfer To The Northern District Of Georgia (D.I. 13). For the reasons discussed, the Motion will be denied.

**I.  BACKGROUND**

On May 10, 2006, Plaintiffs (collectively, "NICE") filed this patent infringement case alleging that Defendant's products related to technology used in call centers infringe ten U.S. patents held by Plaintiffs. Plaintiffs are incorporated in Delaware. The parent company, NICE Systems, Ltd., is headquartered in Israel. Plaintiffs' principal place of business in the United States is in New Jersey. Defendant is incorporated in Delaware with its principal place of business in Atlanta, Georgia. The parties are currently litigating three patent infringement cases in the Northern District of Georgia. On June 19, 2006, Defendant Witness Systems, Inc. ("Witness") filed this Motion For Transfer To The Northern District Of Georgia (D.I. 13).

## II. PARTIES' CONTENTIONS

By its Motion, Defendant contends transfer to the Northern District of Georgia is appropriate pursuant to 28 U.S.C. § 1404(a) and warranted by the private and public interest factors identified in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). Specifically, Defendant contends that a transfer would best serve the interests of justice and promote judicial economy because litigation is pending in three cases in the Northern District of Georgia that implicate the same or similar technologies and products. Defendant further contends the convenience of the parties and witnesses will be best served by transfer.

In response, Plaintiffs contend that its choice to bring suit in Delaware is entitled to substantial deference because it chose to litigate in Delaware for a rational and legitimate reason, namely, its incorporation in the state. Plaintiffs further contend that Defendant has not met its burden to show that the factors in Jumara "strongly favor" transfer pursuant to Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970).

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." The Third Circuit has set forth a list of factors for district courts to consider when deciding whether or not to transfer. Jumara, 55 F.3d at 879-80. These factors include six private interests: (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records, to the extent that the books and records could not be produced in a certain forum. Id. at 879. The factors also include six public interests for courts to consider: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. Id. at 879-80. Ordinarily, the burden is on the movant to establish that the balance of the interests weighs strongly in favor of the requested transfer. Shutte, 431 F.2d at 25. A transfer will be denied if the factors are evenly balanced or weigh only slightly

3

in favor of the transfer. <u>Continental Cas. Co. v. Am. Home Assurance Co.</u>, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

**IV. DISCUSSION**

    A.  <u>Whether Plaintiffs' Choice Of Forum Is Entitled To "Paramount Consideration."</u>

The Plaintiffs' choice of forum is entitled to "paramount consideration." <u>Shutte</u>, 431 F.2d at 25. This choice should not be lightly disturbed if there is a legitimate, rational reason to litigate away from the corporation's "home turf." <u>Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.</u>, 775 F.Supp. 759, 764 (D. Del. 1991). A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. <u>Stratos Lightwave, Inc. v. E20 Communs., Inc.</u>, 2002 U.S. Dist. LEXIS 5653 at *7 (D. Del. 2002). The Court concludes that Plaintiffs' decision to litigate in Delaware is entitled to deference because although its principal place of business is in New Jersey, it is incorporated in Delaware. Thus, to prevail on its Motion, Defendant must prove that the public and private interest factors strongly favor transfer.

    B.  <u>Whether The Private Interest Factors Strongly Favor Transfer</u>.

The Court concludes that Defendant has not met its burden of demonstrating the private interest factors weigh strongly in favor of transfer. Defendant contends that the convenience of the parties and witnesses warrants a transfer. (D.I. 15 at 20).

4

Defendant concedes the other private interest factors are "either inapplicable or neutral to the question of transfer." (D.I. 15 at 20, n. 15). With respect to the convenience of the parties, Defendant contends that the Northern District of Georgia is "more convenient for Witness and at least as convenient for NICE." (D.I. 15 at 21). However, a transfer is not warranted "simply because the transferee court is more convenient for defendants." Ballard Medical Products v. Concord Laboratories, Inc., 700 F.Supp. 796, 801 (D. Del. 1988) (citing Derry Finance v. Christiana Companies, Inc., 555 F.Supp. 1043, 1046 (D. Del. 1983). Further, both parties are incorporated in Delaware, and therefore, chose to be corporate citizens of Delaware for legal and other purposes. Certainly, the parties, specifically Defendant, cannot now complain because they are involved in litigation in Delaware. In these circumstances, the Court concludes that Defendant has not demonstrated that the convenience of the parties would be so greatly burdened by litigating in Delaware as to weigh strongly in favor of transfer.

With respect to the convenience of the witnesses, the Court concludes that this factor does not weigh strongly in favor of transfer. Defendant contends that its employees and former employees reside near Atlanta, Georgia, as well as several "key" witnesses. The convenience of the witnesses is only relevant to the extent they would be unavailable for trial in the forum.

Jumara, 55 F.3d at 879. Employee witnesses, however, are not part of the analysis of this factor because they are presumed willing to testify at trial.

With respect to Defendant's former employee witnesses, the Court concludes their convenience weighs slightly in favor of transfer. Defendant contends that the former employees in Georgia are key witnesses that cannot be compelled to be present at trial in Delaware. The Court concludes that because these potential witnesses may be beyond the Court's subpoena power, this factor weighs in favor of transfer. However, Defendant has not demonstrated that the witnesses would be unwilling to testify voluntarily or that their information is not available in another form. Accordingly, the Court concludes that this factor does not weigh strongly in favor of transfer.

C.  Whether The Public Interests Strongly Favor Transfer

The Court concludes that the public interests do not weigh strongly in favor of a transfer. With respect to Defendant's contention that practical considerations of judicial economy weigh strongly in favor of transfer, the Court concludes this factor weighs only slightly in favor of transfer. Although the instant action involves some overlap of parties, products, and technologies with the three cases pending in the Northern District of Georgia, the Court concludes that the actions are not sufficiently related to warrant transfer. The three actions

pending in Georgia are at various stages of litigation before three different judges and two of the pending cases have survived a motion to consolidate. The Court concludes that adding another case to the Northern District of Georgia docket will not serve the interests of judicial economy more than litigating the instant case in this Court. Thus, the Court concludes this factor does not weigh strongly in favor of transfer.

Additionally, the Court finds there is no strong local interest in litigating this action in Georgia. The instant action is a patent infringement case and patent rights generally do not give rise to a local controversy or implicate local interests. Thus, the Court concludes this factor does not weigh strongly in favor of transfer. For the reasons discussed, the Court will deny Defendant's Motion For Transfer.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED this 12 day of October, 2006, that Defendant Witness Systems, Inc.'s Motion For Transfer To The Northern District of Georgia (D.I. 13) is **DENIED**.

UNITED STATES DISTRICT JUDGE