## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC., and                :

NICE SYSTEMS LTD.,                 :

                Plaintiffs,    :    Civil Action No. 06-311-JJF

            v.               :

WITNESS SYSTEMS, INC.,            :

                Defendant.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] CONSENT PROTECTIVE ORDER

By stipulation and agreement of the parties, and for good cause shown, it is hereby

ORDERED that the following provisions shall govern the conduct of discovery by plaintiffs

NICE Systems, Inc. and NICE Systems LTD. ("NICE") and defendant Witness Systems, Inc.

("Witness Systems") in the above-captioned action:

1.    <u>Proceedings and Information Governed</u>

This Order shall govern any document, information, or other thing furnished by any party

or person, including third parties, to any other party or person in connection with the discovery

and pretrial phase of this action.  The information protected includes, but is not limited to,

information contained in responses to requests to produce documents or other things, responses

to interrogatories, responses to requests for admissions, responses to subpoenas, deposition

testimony and exhibits, documents and things produced in response to discovery requests, and all

copies, extracts, summaries, compilations, designations, and portions thereof.

1

2.    Information Eligible for Protection Under This Order

Any party to this action, or non-party subject to subpoena, shall have the right to identify

and designate as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY

SENSITIVE -- SOURCE CODE" any document or other discovery materials and information it

produces or provides, or any testimony given, in this action, which testimony or discovery

material is reasonably believed by that party to constitute, reflect, or disclose non-public,

proprietary, or confidential commercial information, including but not limited to information

relating to: (a) the financial performance or results of the producing party, including without

limitation income statements, balance sheets, cash flow analyses, budget projections, and present

value calculations; (b) corporate and strategic planning by the producing party, including without

limitation marketing plans, competitive intelligence reports, sales projections, and competitive

strategy documents; (c) names, addresses, and other information that would identify customers or

prospective customers of, distributors or prospective distributors for, or others having or

considering a business relationship with, the producing party; and (d) technical data, research

and development data, confidential commercial information, trade secrets, and patent

applications of the producing party that are not publicly available (collectively "Confidential

Information").

3.    Designation of Information for Protection Under This Order

A producing party may designate Confidential Information as "CONFIDENTIAL,"

"CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE,"

depending on the sensitivity of the documents, information, and things.  The appropriate

designation may be made by stamping or otherwise marking the Confidential Information prior

2

to production as follows: "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE."

In the case of written material, documents, or tangible items, the producing party shall make the appropriate designation at the time it provides the receiving party with a copy of the writing or thing.  In the case of Confidential Information that is not reduced to documentary, tangible, or physical form, or that cannot be conveniently labeled, the producing party shall designate the Confidential Information by informing the receiving party in writing of the appropriate designation of such material.  In the case of deposition testimony, a party seeking to invoke the protection of this Order shall give notice thereof, in accordance with paragraph 7.

In the event a party elects to produce original documents or other materials for inspection, no markings need be made by the producing party in advance of the inspection, and all such documents shall be considered as marked "CONFIDENTIAL -- COUNSEL ONLY" during and in connection with such inspection and until such time as the producing party designates any such documents or materials differently.

The parties shall designate information as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" on a good faith basis and not for the purpose of harassing the receiving party or for the purpose of unnecessarily restricting the receiving party's access to information concerning the lawsuit.

    4.    Disclosure of Information Designated CONFIDENTIAL

Information designated "CONFIDENTIAL," as distinguished from information designated "CONFIDENTIAL -- COUNSEL ONLY" or "HIGHLY SENSITIVE -- SOURCE CODE," may be disclosed by the receiving party to the following recipients only:

(a)    Outside litigation attorneys of record in this action, and any outside litigation attorneys retained by the parties in this action to consult in connection with this action, and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

(b)    The employees and agents of the receiving party having a need to know the information in connection with the prosecution or defense of this action;

(c)    Independent experts and consultants, and the employees of such experts and consultants who are assisting them, retained or consulted by counsel of record for any party for the purpose of assisting counsel in the litigation, but excluding (i) any persons presently, or having present plans to become, a competitor, or an employee or consultant of a competitor, of NICE or any of its affiliated entities, including, but not limited to, STS Software Systems, Inc., with respect to experts and/or consultants retained by Witness Systems; (ii) any persons presently, or having present plans to become, a competitor, or an employee or consultant of a competitor, of Witness Systems, with respect to experts and/or consultants retained by NICE; and (iii) any person whose testimony will consist of lay opinions rather than expert opinions. "Competitor" means any entity that is known to the general public primarily as the issuer, licenser, manufacturer, developer, or operator of any call center recording or customer interaction monitoring and recording products and systems and/or associated technologies;

(d)    Any certified shorthand or court reporters or persons operating video equipment at depositions retained to report a deponent's testimony in this case;

(e)    The Court, including its clerks, reporters, and staff;

4

(f)    Any author, addressee or recipient of any document containing such information;

(g)    Any witness testifying under oath who is an employee of the party that designated such information as Confidential Information; and

(h)    Such other persons as hereafter may be designated by written agreement of all parties in this action or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

5.    Disclosure of Information Designated CONFIDENTIAL -- COUNSEL ONLY

(a)    The designation "CONFIDENTIAL -- COUNSEL ONLY" shall be reserved for information that would, in the good faith belief of the producing party, be likely to cause harm to the competitive position of the producing party if disclosed to the party or non-party receiving the information.  All documents, information, or other things designated "CONFIDENTIAL -- COUNSEL ONLY" are included within the meaning of Confidential Information as used in this Order, and all the provisions set forth in the Order that apply to Confidential Information designated as "CONFIDENTIAL" also apply to material designated "CONFIDENTIAL -- COUNSEL ONLY."  However, documents, information, and other things designated "CONFIDENTIAL -- COUNSEL ONLY" shall not be disclosed or communicated in any manner, either directly or indirectly, to the persons referred to in paragraph 4(b) of this Order.

(b)    From the date of the entry of this Protective Order, until two years after the conclusion of this litigation (including appeals), any attorney, patent agent or consultant who sees, reviews, discusses the subject matter of, or otherwise has access to materials of another

5

party designated "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY

SENSITIVE – SOURCE CODE" shall not participate, directly or indirectly, in the prosecution

of any patent application on behalf of the receiving party (including any predecessors,

employees, parents, subsidiaries, divisions, successors, or affiliates of the receiving party)

relating to call center recording or customer interaction monitoring and recording and/or

associated technologies. Nothing in this Order shall prevent or preclude other attorneys or patent

agents in the law firms representing the parties in this action who have not been exposed to or

otherwise seen, reviewed, discussed or accessed any materials, testimony or information

designated hereunder as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY" or

"HIGHLY SENSITIVE – SOURCE CODE," from participating, directly or indirectly, in such

patent prosecutions; provided, however, that such attorneys or patent agents complete and sign

the "CERTIFICATE OF CONSENT TO BE BOUND BY PROTECTIVE ORDER" attached

hereto. Moreover, nothing in this Order shall prevent or preclude an attorney having access to

such information from serving as billing or client attorney on such matters being prosecuted by

other attorneys or patent agents in such attorney's firm, so long as such attorney does not

otherwise participate substantively in such prosecutions.

      (c)    Prior to any disclosure of information designated "CONFIDENTIAL --

COUNSEL ONLY" or "HIGHLY SENSITIVE – SOURCE CODE" to any outside attorneys or

patent agents who were involved substantively in either (i) the prosecution of any patent at issue

in this action or (ii) the preparation of any pre-litigation opinions of counsel regarding the

infringement, validity, or enforceability of any patent at issue in this action, the party wishing to

make such disclosure shall give notice thereof to counsel for the opposing party, and may make

such disclosure only if counsel for the opposing party fails to object, in writing, to such disclosure within ten (10) business days from the receipt of such notice. If counsel for the opposing party objects in writing to such disclosure within such time period, the parties shall follow the procedures set forth in paragraph 10(b) of this Order prior to such disclosure being made.

      6.    Disclosure of Information Designated HIGHLY SENSITIVE -- SOURCE CODE

      Computer source code and documents that describe encoding or decoding algorithms used in computer source code may be designated "HIGHLY SENSITIVE -- SOURCE CODE." Documents and things so designated will be subject to all of the restrictions as material designated "CONFIDENTIAL -- COUNSEL ONLY" and will also be subject to the following additional restrictions and provisions:

      (a)    The producing party shall produce materials designated "HIGHLY SENSITIVE -- SOURCE CODE," if available in electronic form, on up to two (2) password protected laptops ("the laptop(s)") or, if the producing party so wishes, on CD Rom. Hard copy materials designated pursuant to this paragraph and produced subsequent to the entry of this Amendment shall be produced in text searchable form, if reasonably possible. If the producing party provides materials designated "HIGHLY SENSITIVE -- SOURCE CODE" on CD Rom, the receiving party shall load the contents of the CD Rom onto the laptop(s) and promptly return the CD Rom to the producing party. At the request of the receiving party's counsel, the producing party shall make its best efforts to provide, as quickly as possible, on the laptop(s), any software or analytical tool requested by the receiving party's counsel and/or experts/consultants. The laptops shall not be connected to a network or to the internet. The

7

receiving party's counsel and experts/consultants shall not alter, dismantle, disassemble or modify the laptops in any way, and shall not attempt to circumvent any security feature of the laptops. Nothing in this paragraph shall be construed to prevent the receiving party's counsel or experts/consultants from analyzing or copying materials designated "HIGHLY SENSITIVE - - SOURCE CODE" from one memory location to another within the laptop, provided that no electronic copies shall be removed from the laptops.

      (b)    Access to material designated "HIGHLY SENSITIVE - - SOURCE CODE" shall not be provided to anyone at the receiving party, including but not limited to in-house counsel, officers, directors, employees, and/or non-independent experts or consultants.

      (c)    One of the laptops described in subparagraph (a) shall only be kept at the office of outside counsel. The other laptop may be kept in a secure location at the office and/or home of the receiving party's independent expert or consultant, subject to compliance with the procedures outlined in paragraph 10. Neither of the laptops shall leave the office to which it is delivered, or the United States, with the exception that a party's independent expert or consultant may transport a laptop between his or her home and office, or to the New York office of Kaye Scholer in the case of NICE's experts/consultants, or to an office of Fish & Richardson P.C. in the case of Witness Systems' experts/consultants, provided that, in transport, the expert/consultant maintains the laptop within his or her personal possession to the extent permitted by law. An expert or consultant shall not operate the laptop in the presence of any person not approved to receive designated materials pursuant to paragraph 10.

      (d)    The up to two (2) laptops and each electronic, written, and printed copy of materials designated "HIGHLY SENSITIVE -- SOURCE CODE" shall be stored securely when

not in use, in such a manner to prevent misappropriation of such materials. While in use, the laptops and such designated materials shall not be left unattended by counsel of record or the independent expert/consultant.

(e) No copies shall be made of source code or other materials designated pursuant to this paragraph, whether physical, electronic, or otherwise, except for: (i) electronic copies created on the laptops, whether temporary copies created in the normal operation of a computer system or output files created from source code analysis tools and/or utilities; (ii) excerpted written and printed portions for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access the designated material; and (iii) such other uses to which the parties may agree or that the Court may order. Any printed copies shall be limited only to those portions of the designated materials for which a printed copy is needed at the time. Any printed copies of material designated "HIGHLY SENSITIVE -- SOURCE CODE" shall be securely maintained by counsel of record and/or the independent expert/consultant, shall be marked "HIGHLY SENSITIVE -- SOURCE CODE" on each page, and shall be destroyed as soon as they are no longer needed,

(f) A written log shall be maintained by counsel of record and the independent expert/consultant for all printed copies of materials designated pursuant to this paragraph. The log shall record the date, the number of pages printed and the identity of the person who created the printed copies.

(g) A written log shall be maintained by counsel of record and the independent expert/consultant that records the name of all persons accessing materials designated pursuant to this paragraph, including the date of access and the person's title.

(h)    The independent expert/consultant shall be provided with no more than a single copy of any materials designated "HIGHLY SENSITIVE -- SOURCE CODE." The independent expert/consultant shall not be permitted to transmit electronically or in any other way, or disseminate copies of any materials designated "HIGHLY SENSITIVE -- SOURCE CODE," except that an independent expert/consultant may give by hand a copy of materials designated "HIGHLY SENSITIVE -- SOURCE CODE" to any outside counsel of record.

7.    Depositions

In the event that a question is asked at a deposition that calls for or results in the disclosure of Confidential Information, counsel for the party claiming such confidentiality may designate the question and answer as confidential by making, at the deposition, a statement on the record so designating such portions, and shall direct the reporter to place such designated Confidential Information on separate transcript pages prominently marked with the legend "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE," as appropriate. Unless notice is otherwise given, deposition transcripts shall be considered "CONFIDENTIAL -- COUNSEL ONLY" for 30 days after delivery of the transcript to the parties. Counsel for the deponent shall have 30 days after receipt of the deposition transcript within which to inform the deposing party of the portions of the transcript (by specific page and line numbers) to be designated as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE," as appropriate. Any confidentiality is waived after the expiration of the 30 day period, unless so designated or otherwise stipulated or ordered.

Any court reporter, transcriber, or videographer who reports or transcribes testimony in this action at a deposition shall agree by a statement on the record or by written statement that all testimony and information designated as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" under this Order is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to counsel for the parties and any other person who is present while such testimony is being given, and that all copies of any transcript, reporter's notes, or any other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, transcriber, or videographer or shall be delivered to the undersigned counsel.

8.    Exclusion from Depositions

Whenever any documents, information, or other things designated as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room for that portion of the deposition any person who is not entitled to receive documents, information, or other things designated at the corresponding level of confidentiality.

9.    Certificates

Before the disclosure or communication of information designated as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" to any person referred to in paragraphs 4(b), 4(c) or 4(h) hereof, each such person shall execute a certificate of consent in the form attached hereto as Exhibit A, agreeing to be bound by the terms of this Order.  The executed certificates shall be maintained by counsel for

the receiving party, and copies of such executed certificates shall be provided to counsel for the producing party within ten days after the execution thereof.

      10.   <u>Disclosure to Experts</u>

      (a)   In connection with independent experts and consultants falling under paragraph 4(c) above, each party shall disclose in writing to the other party, the identity, residence, and curriculum vitae of each independent expert or consultant, and shall provide the producing party with a copy of the certificate attached hereto as Exhibit A executed by each independent expert or consultant, at least ten (10) business days prior to giving, showing, disclosing, making available, or communicating any information designated "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY-SENSITIVE -- SOURCE CODE" to such expert or consultant. Such curriculum vitae shall identify all current and former employers and/or consulting engagements of the independent expert or consultant within the ten (10) years prior to the date of such disclosure.

      (b)   If a party objects, in good faith, to an identified expert or consultant, the party shall make its objections known in writing within five (5) business days of receiving notification. If, after good faith negotiations, agreement on the independent expert or consultant cannot be reached, the objecting party shall have ten (10) business days after making its objections known to seek relief from the Court. In such a case, no disclosure shall be made to the expert or consultant until the Court has ruled on the objecting party's motion for relief, and then only in accordance with the Court's ruling. The party or person wishing to disclose the Confidential Information to the independent expert or consultant shall have the burden of showing the disclosure would be proper and consistent with this Order. If the objecting party

fails to seek relief from the Court within ten (10) business days after making its objections

known, the objection shall be deemed waived, and the documents, information, or other things

may be disclosed to the expert or consultant subject to the provisions of this Protective Order. In

no event shall a disclosure of potential experts or consultants be deemed a waiver of any

privilege or immunity.

    11.    Use of Confidential Information

    The attorneys of record are responsible for employing reasonable measures to control,

consistent with this Order, duplication of, access to, and distribution of Confidential Information.

The receiving party shall not duplicate any document or thing designated as "CONFIDENTIAL"

or "CONFIDENTIAL -- COUNSEL ONLY" except working copies and copies for filing in

Court under seal. The receiving party shall not duplicate any document or thing designated as

"HIGHLY SENSITIVE -- SOURCE CODE" except as provided in paragraph 6. Confidential

Information shall be used by the party and persons to whom it is disclosed solely in conducting

this action and any appellate proceeding related thereto. Confidential Information shall not be

used by such party or persons for any business or other purpose, unless agreed to in writing by

all parties to this action or as authorized by further Order of the Court. No person who is

furnished Confidential Information shall disclose it to any person not entitled under this Order to

receive it.

    12.    Party's Own Information

    The restrictions on the use of Confidential Information established by this Consent

Protective Order are applicable only to the receiving party's use of the producing party's

Confidential Information.  A party is free to do whatever it desires with its own documents and things.

13.     Failure To Designate Confidential Information

In the event that information is provided under this Order, whether in written or oral form, without any designation of confidentiality, such information may be designated confidential at a later time, and shall be treated as confidential by all parties hereto as though such information had been designated confidential when originally provided, except to the extent that such information has already been disclosed to individuals who otherwise would not have been entitled to have the information disclosed to them in the first place.  In the event that the information referred to immediately above is disclosed to such individuals, the party failing to make the initial designation may request the disclosing party to identify such recipients.  The disclosing party shall not be required to identify recipients if it believes that to do so would reveal attorney work product or information protected by the attorney-client privilege.  In no event shall a disclosure of recipients be deemed a waiver of any privilege or immunity.

The disclosing party shall use its best efforts to retrieve the documents and/or tangible things from such recipients.  Furthermore, any recipient who received such information prior to its reclassification and has not agreed to be bound by this Protective Order shall execute a certificate in the form of Exhibit A averring that they have read and understand this Protective Order and agree to be bound by its terms.  Thereafter, the party failing to make the initial designation may seek relief from the Court.

If a party (or non-party subject to subpoena) decides to add a designation to any document previously produced without a designation, the producing party (or non-party) shall

produce to the other parties substitute copies of such documents bearing the desired designation. The parties to whom the substitute copies of such documents are produced shall substitute the later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

      14.    Re-designation of Confidential Information

      If the receiving party disagrees with the producing party's designation of any information or document as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE," the receiving party shall request in writing that the producing party re-designate such document or information, such request setting forth the specific documents or information at issue and the reasons the receiving party believes such document or information should be re-designated.  The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days after receipt of the request to re-designate to investigate the assertion.  If the parties are unable to resolve the issue, the information shall be kept confidential under the terms of this Protective Order, and the receiving party may make a motion with the Court for the Court to order the re-designation of such documents or information.  The party seeking to protect the information and/or document bears the burden of establishing the appropriateness of the protection or degree of protection sought.

      If a party (or non-party subject to subpoena) decides to delete or modify the designation of any document or information previously produced, the producing party (or non-party) shall produce to the other parties substitute copies of such documents bearing the desired designation. The parties to whom the substitute copies of such documents are produced shall substitute the

15

later produced documents for the previously produced documents, and destroy or return to the producing party the previously produced documents.

15.    Violations of the Protective Order

A party believing there has been a violation of the protective order by any other party or person must provide written notice of such belief to all other parties. The parties thereafter shall informally attempt to resolve the matter promptly, but the responding party shall have at least five (5) business days to investigate the assertion. If the parties are unable to resolve the issue, then the party asserting that a violation occurred shall move the Court for relief and give written notice to all parties of its intent to so move.

16.    Disclosure of Confidential Information to Unauthorized Person

If "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or HIGHLY SENSITIVE -- SOURCE CODE" material or information contained therein is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized persons(s). Notwithstanding the foregoing, outside counsel of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" materials. Nothing in this Protective Order shall prevent a party from moving the Court for an order of contempt or other such relief for any violation of this Protective Order.

16

17.    Court Procedures

Pleadings that contain, include or have annexed Confidential Information shall be

submitted to the Court pursuant to the provisions for filing of sealed documents of the

Local Rules of this Court.

18.    Confidential Information at Trial

Subject to the rules of evidence that would otherwise be applied by this Court,

Confidential Information may be offered in evidence or offered as exhibits in trial or hearings

before this Court.  Any party to this action may move the Court for an Order that the evidence be

received in camera or under other conditions to prevent unnecessary disclosure.  The Court will

then determine whether the proffered documents or information should continue to be treated as

Confidential Information and may impose restrictions to protect the documents or information.

19.    Nonparty Reliance on Order

If discovery is sought of a person not a party to this action requiring disclosure of such

non-party's Confidential Information, the non-party may designate such Confidential

Information as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY,"  or "HIGHLY

SENSITIVE -- SOURCE CODE" as provided under this Protective Order, and will be subject to

the same protection and procedures as those governing disclosure of the parties' Confidential

Information.

20.    Nonparty Request for Information Subject to This Order

If any party is subpoenaed in another action, served with a demand in another action to

which it is a party, or is served by any legal process by one not a party to this action, seeking

information that was designated as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL

17

ONLY," or "HIGHLY SENSITIVE -- SOURCE CODE" by someone other than that party, the party shall give written notice by hand delivery or facsimile transmission within ten (10) days of receipt of such subpoena, demand, or legal process to the designating party, and shall object to its production to the extent permitted by law, setting forth the existence and terms of this Protective Order.  Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information subject to this Protective Order, or subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

21.    No Waiver

Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief, other than as specified herein, of any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection, or that such information embodies trade secrets of any party.  The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.

22.    No Waiver of Privilege

If through inadvertence, error, or oversight, a party produces any document(s), tangible thing(s), or information that it believes is immune from discovery pursuant to attorney-client privilege, attorney work product immunity, or any other privilege or immunity, such production

18

shall not be deemed a waiver, and the producing party may give written notice to the receiving

party that the document(s), tangible thing(s), or information so produced is deemed privilege and

that the return of the documents(s), tangible thing(s), or information is requested. Upon receipt

of such written notice, the receiving party shall immediately undertake to gather the original and

all copies of the document(s), tangible thing(s), or information and shall immediately return the

original and all such copies to the producing party. Return of such document(s), tangible

thing(s), or information to the producing party shall not preclude the receiving party from later

moving to compel production of the returned document(s), tangible thing(s), or information.

Furthermore, nothing in this Protective Order shall be deemed a waiver of the attorney-client,

work product, or any other privilege or immunity, or of the right of any party to this action to

oppose production of any information or documents as being outside the scope of discovery

authorized by the Federal Rules of Civil Procedure or otherwise.

23.    No Limit on Parties' Rights to Discovery

Nothing in this Protective Order shall be construed to limit, restrict, or otherwise affect

the ability of the parties to seek the production of documents, testimony, or any other

information from any source.

24.    Advice of Counsel to Party

Nothing in this Protective Order shall prevent or otherwise restrict counsel from

rendering advice to their clients and, in the course thereof, relying generally on

"CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or "HIGHLY SENSITIVE -

SOURCE CODE" materials; provided, however, that in rendering such advice, counsel shall not

19

disclose, reveal, or describe any such materials except insofar as allowed (if allowed at all) under the terms of this Order.

     25.   <u>No Probative Value</u>

     This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," or HIGHLY SENSITIVE -- SOURCE CODE" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, provided that in doing so the party complies with the foregoing procedures. Absent a stipulation of all parties, the fact that information has been designated confidential under this Protective Order shall not be admissible during the trial of this action, nor shall the jury be advised of such designation. The fact that any information is disclosed, used, or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is confidential or proprietary.

     26.   <u>Return of Information</u>

     Within ninety (90) days after the conclusion of this action (including appeals), whether by settlement or final judgment, all Confidential Information and all documents that reflect such

information (except as provided below), and a list of all persons who signed certificates in respect thereto, shall, upon the request of the party furnishing such Confidential Information, be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event counsel shall give written notice of such destruction to opposing counsel. In no event shall a party retain a copy of the Confidential Information produced to it, except that outside litigation counsel may keep one complete set of pleadings and discovery materials containing confidential information for archival purposes. Nothing in this Protective Order requires the return or destruction of attorney work-product or attorney-client communications of either party that is maintained and stored by counsel in the regular course of business. Furthermore, nothing in this Protective Order requires the return of Confidential Information filed with the Court.

27.    Amendment

Either party may move the Court to amend this Protective Order at any time. Moreover, parties entering into this Protective Order will not be deemed to have waived any of their rights to seek later amendment to this Protective Order.

28.    Court's Jurisdiction

The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate.

29.    Effective Date

Upon the entry of this Consent Protective Order by the Court, this Consent Protective Order shall be effective as against all party signatories hereto as of the date of such signature of that party or party's representative, thereby rendering this Order effective nunc pro tunc to the

date of such party's signature.  The terms and conditions in this Consent Protective Order shall survive and remain in full force and effect after the termination of this action until canceled or otherwise modified by Order of this Court, or by written agreement of the parties.  The Court shall retain jurisdiction to enforce the provisions of this Order.

IT IS SO ORDERED, this ____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

CONSENTED TO:

| | |
|---|---|
| Counsel for Plaintiffs<br>NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.<br><br>  /s/ Melanie K. Sharp<br>Josy W. Ingersoll (#1088)<br>Melanie K.Sharp (#2501)<br>Karen E. Keller (#4489)<br><br>YOUNG CONAWAY STARGATT<br>       & TAYLOR<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE  1899-0391<br>(302) 571-6672<br><br>Scott G. Lindvall<br>   (Admitted pro hac vice)<br>Daniel P. DiNapoli<br>   (Admitted pro hac vice)<br>Joseph M. Drayton<br>   (Admitted pro hac vice)<br><br>KAYE SCHOLER LLP<br>New York, New York 10022<br>(212) 836-8000 | Counsel for Defendant<br>WITNESS SYSTEMS, INC.<br><br>   /s/ Kyle Wagner Compton<br>William J. Marsden, Jr. (#2247)<br>Kyle Wagner Compton (#4693)<br><br>FISH & RICHARDSON P.C.<br>919 N. Market Street, Suite 1100<br>P. O. Box 1114<br>Wilmington, DE  19899-1114<br>Tel:  (302) 652-5070<br><br>Nagendra Setty<br>   (Admitted pro hac vice)<br>Daniel A. Kent<br>   (Admitted pro hac vice)<br>John D. Hamann<br>   (Admitted pro hac vice)<br><br>FISH & RICHARDSON P.C.<br>1180 Peachtree Street, N.E.<br>21st Floor<br>Atlanta, GA 30309<br>(404) 892-5005 |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC., and                                     :

NICE SYSTEMS LTD.,                                          :

                   Plaintiffs,          :          Civil Action No. 06-311-JJF

            v.                                :

WITNESS SYSTEMS, INC.,                                      :

                Defendant.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CERTIFICATE OF CONSENT
## TO BE BOUND BY PROTECTIVE ORDER

The undersigned, having read and understood the Consent Protective Order entered in the above-captioned matter on _____, 2006, which governs the restricted use of documents and other information designated as "CONFIDENTIAL," "CONFIDENTIAL -- COUNSEL ONLY," and "HIGHLY SENSITIVE -- SOURCE CODE" pursuant to the Consent Protective Order, hereby agrees to be bound by the terms thereof and consents to the jurisdiction and contempt power of the Court with respect to its enforcement.

If the undersigned is an expert or consultant retained by NICE Systems, Inc. and NICE Systems Ltd. ("NICE"), the undersigned hereby further certifies that he or she is not presently, and has no present plans to become, a competitor (or a consultant, expert, or employee of a competitor) of Witness Systems, Inc. ("Witness Systems"). If the undersigned is an expert or consultant retained by Witness Systems, the undersigned hereby further certifies that he or she is not presently, and has no present plans to become, a competitor (or a consultant, expert, or employee of a competitor) of NICE. A "competitor" means any entity that is known to the

general public primarily as the issuer, licenser, manufacturer, developer, or operator of any call center recording or customer interaction monitoring products and systems and/or associated technologies.

Date: _____, 200_

                       Name: _____

                 Address: _____

                               _____