IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>*Plaintiffs and Counterclaim Defendants*,<br><br>v.<br><br>WITNESS SYSTEMS, INC.,<br><br>*Defendant and Counterclaim Plaintiff.* | C.A. No. 06-311-JJF<br><br>**JURY TRIAL DEMANDED** |

**WITNESS SYSTEMS, INC.'S FIRST AMENDED ANSWER,
DEFENSES AND COUNTERCLAIMS**

Defendant Witness Systems, Inc. ("Witness Systems") hereby responds to Plaintiffs NICE Systems, Inc.'s and NICE Systems Ltd.'s (collectively, "NICE") Complaint as follows:

**NATURE OF THIS ACTION**

1.   Witness Systems admits that the Complaint purports to set forth claims of patent infringement under Title 35 of the U.S. Code, but Witness Systems denies liability with respect to any such claims.

**PARTIES**

2.   Witness Systems admits that NICE Systems, Inc. has asserted that it is incorporated in Delaware and has a principal place of business in Rutherford, New Jersey. Except as expressly admitted, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 2 of the Complaint, and therefore, denies them.

3. Witness Systems admits that NICE Systems Ltd. has asserted that it is an Israeli corporation with a principal place of business at 8 Hapnina Street, PO Box 690, 43107 Ra'anana Israel and that it is the parent of NICE Systems, Inc. Except as expressly admitted, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 3 of the Complaint, and therefore, denies them.

4. Witness Systems admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 300 Colonial Center Parkway, Suite 600, Roswell, Georgia 30076. Witness admits that it sells and offers for sale products that facilitate capturing, monitoring, recording, and/or analyzing calls. Witness admits that it acquired Eyretel, plc, a United Kingdom company located in Leatherhead, United Kingdom, including acquiring certain liabilities. Except as expressly admitted, Witness Systems denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Witness Systems admits that the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Witness Systems admits that it is subject to personal jurisdiction and that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. To the extent not expressly admitted, Witness Systems denies any remaining allegations in Paragraph 6. Witness Systems also denies that this district is more convenient for the witnesses or parties than the Northern District of Georgia and denies that the interests of justice are served by the continued prosecution of this case in this district.

**COUNT I – PURPORTED PATENT INFRINGEMENT OF THE '738 PATENT**

7. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

8. Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,274,738 ("the '738 patent") is attached to the Complaint. Witness Systems asserts that the '738 patent speaks for itself and that the allegations concerning what the '738 patent states require no further response. Upon information and belief, Witness Systems denies that the '738 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 8 of the Complaint, and therefore, denies them.

9. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 9 of the Complaint, and therefore, denies them.

10. Witness Systems denies that it has infringed or is now infringing any valid claim of the '738 patent. Witness denies any remaining allegations of paragraph 10 of the Complaint.

11. Witness Systems denies the allegations of paragraph 11 of the Complaint.

12. Witness Systems denies the allegations of paragraph 12 of the Complaint.

13. Witness Systems denies the allegations of paragraph 13 of the Complaint.

14. Witness Systems denies the allegations of paragraph 14 of the Complaint.

**COUNT II - PURPORTED PATENT INFRINGEMENT OF THE '371 PATENT**

15. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

16.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,396,371 ("the '371 patent") is attached to the Complaint. Witness Systems asserts that the '371 patent speaks for itself and that the allegations concerning what the '371 patent states require no further response. Upon information and belief, Witness Systems denies that the '371 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 16 of the Complaint, and therefore, denies them.

17.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 of the Complaint, and therefore, denies them.

18.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '371 patent. Witness denies any remaining allegations of paragraph 18 of the Complaint.

19.     Witness Systems denies the allegations of paragraph 19 of the Complaint.

20.     Witness Systems denies the allegations of paragraph 20 of the Complaint.

21.     Witness Systems denies the allegations of paragraph 21 of the Complaint.

22.     Witness Systems denies the allegations of paragraph 22 of the Complaint.

**COUNT III – PURPORTED PATENT INFRINGEMENT OF THE '005 PATENT**

23.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

24.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,819,005 ("the '005 patent") is attached to the Complaint. Witness Systems asserts that the '005 patent speaks for itself and that the allegations concerning what the '005 patent states require no further response. Upon information and belief, Witness Systems denies

that the '005 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 24 of the Complaint, and therefore, denies them.

25. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 25 of the Complaint, and therefore, denies them.

26. Witness Systems denies that it has infringed or is now infringing any valid claim of the '005 patent. Witness denies any remaining allegations of paragraph 26 of the Complaint.

27. Witness Systems denies the allegations of paragraph 27 of the Complaint.

28. Witness Systems denies the allegations of paragraph 28 of the Complaint.

29. Witness Systems denies the allegations of paragraph 29 of the Complaint.

30. Witness Systems denies the allegations of paragraph 30 of the Complaint.

**COUNT IV – PURPORTED PATENT INFRINGEMENT OF THE '570 PATENT**

31. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

32. Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,249,570 ("the '570 patent") is attached to the Complaint. Witness Systems asserts that the '570 patent speaks for itself and that the allegations concerning what the '570 patent states require no further response. Upon information and belief, Witness Systems denies that the '570 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 32 of the Complaint, and therefore, denies them.

33. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 33 of the Complaint, and therefore, denies them.

34. Witness Systems denies that it has infringed or is now infringing any valid claim of the '570 patent. Witness denies any remaining allegations of paragraph 34 of the Complaint.

35. Witness Systems denies the allegations of paragraph 35 of the Complaint.

36. Witness Systems denies the allegations of paragraph 36 of the Complaint.

37. Witness Systems denies the allegations of paragraph 37 of the Complaint.

38. Witness Systems denies the allegations of paragraph 38 of the Complaint.

**COUNT V – PURPORTED PATENT INFRINGEMENT OF THE '345 PATENT**

39. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

40. Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,728,345 ("the '345 patent") is attached to the Complaint. Witness Systems asserts that the '345 patent speaks for itself and that the allegations concerning what the '345 patent states require no further response. Upon information and belief, Witness Systems denies that the '345 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 40 of the Complaint, and therefore, denies them.

41. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 41 of the Complaint, and therefore, denies them.

42. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 42 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 42 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

43. Witness Systems denies that it has infringed or is now infringing any valid claim of the '345 patent. Witness denies any remaining allegations of paragraph 43 of the Complaint.

44. Witness Systems denies the allegations of paragraph 44 of the Complaint.

45. Witness Systems denies the allegations of paragraph 45 of the Complaint.

46. Witness Systems denies the allegations of paragraph 46 of the Complaint.

47. Witness Systems denies the allegations of paragraph 47 of the Complaint.

**COUNT VI – PURPORTED PATENT INFRINGEMENT OF THE '372 PATENT**

48. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

49. Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,775,372 ("the '372 patent") is attached to the Complaint. Witness Systems asserts that the '372 patent speaks for itself and that the allegations concerning what the '372 patent states require no further response. Upon information and belief, Witness Systems denies that the '372 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 49 of the Complaint, and therefore, denies them.

50. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 50 of the Complaint, and therefore, denies them.

51. Witness Systems denies that it has infringed or is now infringing any valid claim of the '372 patent. Witness denies any remaining allegations of paragraph 51 of the Complaint.

52. Witness Systems denies the allegations of paragraph 52 of the Complaint.

53. Witness Systems denies the allegations of paragraph 53 of the Complaint.

54. Witness Systems denies the allegations of paragraph 54 of the Complaint.

55. Witness Systems denies the allegations of paragraph 55 of the Complaint.

**COUNT VII – PURPORTED PATENT INFRINGEMENT OF THE '370 PATENT**

56. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

57. Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,785,370 ("the '370 patent") is attached to the Complaint. Witness Systems asserts that the '370 patent speaks for itself and that the allegations concerning what the '370 patent states require no further response. Upon information and belief, Witness Systems denies that the '370 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 57 of the Complaint, and therefore, denies them.

58. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 58 of the Complaint, and therefore, denies them.

59. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 59 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 59 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

60. Witness Systems denies that it has infringed or is now infringing any valid claim of the '370 patent. Witness denies any remaining allegations of paragraph 60 of the Complaint.

61. Witness Systems denies the allegations of paragraph 61 of the Complaint.

62. Witness Systems denies the allegations of paragraph 62 of the Complaint.

63. Witness Systems denies the allegations of paragraph 63 of the Complaint.

64. Witness Systems denies the allegations of paragraph 64 of the Complaint.

**COUNT VIII – PURPORTED PATENT INFRINGEMENT OF THE '920 PATENT**

65. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

66. Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,870,920 ("the '920 patent") is attached to the Complaint. Witness Systems asserts that the '920 patent speaks for itself and that the allegations concerning what the '920 patent states require no further response. Upon information and belief, Witness Systems denies that the '920 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 66 of the Complaint, and therefore, denies them.

67. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 67 of the Complaint, and therefore, denies them.

68. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 68 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 68 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

69. Witness Systems denies that it has infringed or is now infringing any valid claim of the '920 patent. Witness denies any remaining allegations of paragraph 69 of the Complaint.

70. Witness Systems denies the allegations of paragraph 70 of the Complaint.

71. Witness Systems denies the allegations of paragraph 71 of the Complaint.

72. Witness Systems denies the allegations of paragraph 72 of the Complaint.

73. Witness Systems denies the allegations of paragraph 73 of the Complaint.

## COUNT IX – PURPORTED PATENT INFRINGEMENT OF THE '079 PATENT

74. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

75. Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,959,079 ("the '079 patent") is attached to the Complaint. Witness Systems asserts that the '079 patent speaks for itself and that the allegations concerning what the '079 patent states require no further response. Upon information and belief, Witness Systems denies that the '079 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 75 of the Complaint, and therefore, denies them.

76. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 76 of the Complaint, and therefore, denies them.

77. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 77 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 77 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

78. Witness Systems denies that it has infringed or is now infringing any valid claim of the '079 patent. Witness denies any remaining allegations of paragraph 78 of the Complaint.

79. Witness Systems denies the allegations of paragraph 79 of the Complaint.

80. Witness Systems denies the allegations of paragraph 80 of the Complaint.

81. Witness Systems denies the allegations of paragraph 81 of the Complaint.

82. Witness Systems denies the allegations of paragraph 82 of the Complaint.

## **COUNT X – PURPORTED PATENT INFRINGEMENT OF THE '109 PATENT**

83. Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

84. Witness Systems admits that what appears to be a copy of U.S. Patent No. 7,010,109 ("the '109 patent") is attached to the Complaint. Witness Systems asserts that the '109 patent speaks for itself and that the allegations concerning what the '109 patent states require no further response. Upon information and belief, Witness Systems denies that the '109 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 84 of the Complaint, and therefore, denies them.

85. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 85 of the Complaint, and therefore, denies them.

86. Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 86 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 86 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

87. Witness Systems denies that it has infringed or is now infringing any valid claim of the '109 patent. Witness denies any remaining allegations of paragraph 87 of the Complaint.

88. Witness Systems denies the allegations of paragraph 88 of the Complaint.

89. Witness Systems denies the allegations of paragraph 89 of the Complaint.

90. Witness Systems denies the allegations of paragraph 90 of the Complaint.

91. Witness Systems denies the allegations of paragraph 91 of the Complaint.

92. Unless specifically admitted herein, Witness Systems denies each and every allegation in each and every paragraph of the Complaint.

93. Witness Systems denies that NICE is entitled to each and every request for relief sought in the *ad damnum* clause of the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pled as an affirmative defense or that Witness Systems necessarily bears the burden of persuasion for any of the following, Witness Systems now provides the following defenses:

## FIRST AFFIRMATIVE DEFENSE

94. Witness Systems has not and does not infringe, directly or indirectly, any claim of any of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

95. The claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

96. NICE's Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

97. By virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents, as illustrated by their prosecution histories, NICE is estopped from asserting that Witness Systems has infringed directly or indirectly, any claim of any of the '738,

'371, '005, '570, '345, '372, '370, '920, '079, and '109 patents, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

98. NICE's claims of willful infringement are not pleaded with sufficient specificity or factual support to put Witness Systems on notice as to the claim being made and also therefore fail to state a claim on which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

99. NICE's patent infringement claims are barred based on the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

100. NICE's patent infringement claims are barred based on the doctrine of equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

101. NICE's patent infringement claims are barred based on the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

102. NICE's patent infringement claims are barred based on the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

103. NICE's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

**ELEVENTH AFFIRMATIVE DEFENSE**

104.    The '371 patent is unenforceable due to the intentional failure to disclose to the USPTO, during prosecution, information known to be material to the patentability of the subject matter claimed in the '371 patent, in violation of the duties of candor and good faith required under 37 C.F.R. § 1.56:

  a.    On June 19, 2000, Dictaphone Corporation sued NICE for patent infringement in a complaint filed in the United States District Court for the District of Connecticut. *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 ("the *Dictaphone* action"). That lawsuit alleged, *inter alia*, infringement of the '371 patent.

  b.    In the *Dictaphone* action, NICE alleged:

> Upon information and belief, one or more individuals associated with the filing and prosecution of the application that led to U.S. Patent No. 5,396,371 knew of a public use or sale in the United States of at least one digital audio logger or at least one publication disclosing at least one digital audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, more than one year prior to the filing date.
>
> Upon information and belief, the public use or sale in the United States and/or publications disclosing the Rapidax product, includes all the elements of at least one claim of U.S. Patent No. 5,396,371 and as a result this information material [sic] to the patentability of the claims at the time of filing.
>
> Upon information and belief, although one or more individuals associated with the filing and prosecution of the application that led to the U.S. Patent No. 5,396,371 knew of this information prior to filing the application, one or more of these individuals intentionally failed to disclose this information to the U.S. Patent Office.

       c.       The conduct described in this Eleventh Affirmative Defense constitutes inequitable conduct rendering the '371 patent unenforceable.

## COUNTERCLAIMS

Witness Systems hereby alleges the following counterclaims against NICE.

## GENERAL ALLEGATIONS AND PARTIES

105.    Witness Systems is a Delaware corporation with a principal place of business at 300 Colonial Center Parkway, Roswell, Georgia, 30076.

106.    NICE Systems, Inc. has asserted it is a Delaware corporation with a principal place of business at 301 Route 17 North 10th Floor, Rutherford, New Jersey 07070. Upon information and belief, NICE Systems, Inc. is a wholly owned subsidiary of NICE Systems Ltd., an Israeli corporation.

107.    NICE Systems Ltd. has asserted it is an Israeli corporation with a principal place of business at 8 Hapnina Street, P.O. Box 690, 43107 Ra'anana, Israel.

108.    NICE Systems, Inc. and NICE Systems Ltd. (collectively, "NICE") have subjected themselves to the jurisdiction of this Court via, *inter alia,* asserting their patent infringement claims. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this district based on NICE's assertion of its patent infringement claims and/or based on 28 U.S.C. §§ 1391 and 1400(b).

109.    In its complaint, NICE has asserted that it owns U.S. Patent Nos. 5,274,738 ("the '738 patent"), 5,396,371 ("the '371 patent"), 5,819,005 ("the '005 patent"), 6,249,570 ("the '570 patent"), 6,728,345 ("the '345 patent"), 6,775,372 ("the '372 patent"), 6,785,370 ("the '370 patent"), 6,870,920 ("the '920 patent"), 6,959,079

("the '079 patent"), and 7,010,109 ("the '109 patent") and that Witness Systems has infringed and continues to infringe these patents through its making, using, offering to sell, and/or selling of Witness Systems' products, thus creating an actual case or controversy between the parties with respect to the subject matter of these Counterclaims.

### COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '738, '371, '005, '570, '345, '372, '370, '920, '079 AND/OR '109 PATENTS

110. Witness Systems repeats and realleges the allegations and averments set forth in paragraphs 105 through 109 of this Counterclaim.

111. Witness Systems has not infringed, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents.

112. Witness Systems is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that Witness Systems has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents.

### COUNT II - DECLARATORY JUDGMENT OF INVALIDITY OF THE '738, '371, '005, '570, '345, '372, '370, '920, '079 AND/OR '109 PATENTS

113. Witness Systems repeats and realleges the allegations and averments set forth in paragraphs 105 through 109 of this Counterclaim.

114. The '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1, *et seq.*, including without limitation §§ 102, 103, and/or 112.

115.    Witness Systems is entitled to a declaration pursuant to 28 U.S.C. § 2201 stating that the claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Witness Systems prays for a declaration and judgment against Plaintiffs and Counterclaim Defendants NICE Systems, Inc. and NICE Systems Ltd. as follows:

(a)    That NICE's Complaint be dismissed with prejudice;

(b)    That NICE be denied any and all relief it has requested in the Complaint;

(c)    That the Court deny any preliminary or permanent injunctive relief in favor of NICE and against Witness Systems;

(d)    That the Court find and declare that Witness Systems has not infringed and does not currently infringe any valid claim of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents, directly or indirectly, literally or by the doctrine of equivalents;

(e)    That the Court find and declare that the claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents are invalid;

(f)    That the Court find that the '371 patent is unenforceable;

(g)    That the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that NICE be required to pay costs of suit that Witness Systems has incurred, including attorneys' fees and costs;

(h)   That Witness Systems be granted such other and further relief as this Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Witness Systems demands a trial by jury on all claims, defenses, and counterclaims.

Dated:  January 18, 2007               FISH & RICHARDSON P.C.

By: */s/ Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
John D. Hamann (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005

Attorneys for Defendant and Counterclaim Plaintiff Witness Systems, Inc.