**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

        *Plaintiffs and Counterclaim
        Defendants*,

    v.

WITNESS SYSTEMS, INC.,

        *Defendant and Counterclaim
        Plaintiff.*

C.A. No. 06-311-JJF

**WITNESS SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE
ITS SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**

      Defendant Witness Systems, Inc. ("Witness Systems") hereby respectfully moves the Court to enter an Order (1) granting Witness Systems leave to amend its First Amended Answer, Defenses, and Counterclaims to Plaintiffs' Complaint and (2) deeming Witness Systems' Second Amended Answer, Defenses, and Counterclaims (attached hereto as Exhibit "A") filed and served as of the date the Court enters its Order. Witness Systems understands that Plaintiffs NICE Systems Ltd. and NICE Systems, Inc. (collectively, "NICE") plan to oppose this Motion. This Motion is filed within the February 7, 2007 deadline set by paragraph 5 of the Rule 16 Scheduling Order for motions to amend the pleadings.

<u>STATEMENT OF FACTS</u>

      Witness Systems' First Amended Answer, Defenses, and Counterclaims added invalidity and non-infringement counterclaims, which were already defenses but which were not initially pled as counterclaims due to a then pending motion to transfer. NICE did not oppose this first amended pleading.

Witness Systems now seeks to amend its pleading a second time based on documents Witness Systems discovered in NICE's very recent production. Witness Systems' Second Amended Answer, Defenses, and Counterclaims asserts antitrust counterclaims for violations of § 2 of the Sherman Act. Specifically, Witness Systems now seeks to allege (1) a *Walker Process* counterclaim based on NICE knowingly asserting U.S. Patent No. 5,396,371 (the "'371 patent") which issued due to the intentional withholding of material prior art (Racal Recorders' Rapidax product) from the U.S. Patent Office, and (2) a sham litigation claim based on NICE knowingly asserting an objectively invalid patent to interfere with Witness Systems' business.[1]

Witness Systems knew that Dictaphone previously brought suit against NICE, alleging infringement of some of the patents-in-suit, including the '371 patent. Witness Systems, however, only had general knowledge of the suit and many documents relating to the suit are either not publicly available or have limited public accessibility. The detailed factual bases for these counterclaims became known to Witness Systems from documents produced by NICE only in the past few weeks.

Witness Systems tried to discover facts concerning the '371 patent earlier in this litigation by propounding interrogatories to NICE in September 2006. NICE, however, responded as follows to the relevant interrogatory:

> **INTERROGATORY NO. 11:**
> Identify all facts relied upon in alleging NICE's affirmative defense in the Dictaphone/NICE litigation that U.S. Patent No. 5,396,371 is unenforceable.

---

[1]  Upon information and belief, Racal Recorders became part of NICE in 2003, after NICE obtained  expert reports opining that the '371 patent was unenforceable and invalid in light of the Rapidax product.

## OBJECTIONS AND RESPONSE TO
## INTERROGATORY NO. 11:

NICE objects to Interrogatory No. 11 to the extent that it seeks information which is protected by the attorney-client privilege, which consists of attorney work-product, or which is otherwise protected from disclosure.

Subject to these Specific Objections and the above-listed General Objections, NICE responds that documents from which such information may be derived or ascertained will be produced to Defendant in response to its request for production of documents. During NICE's production of bates numbered documents in response to Defendant's request for production of documents, NICE intends to supplement this response to identify the bates numbers of documents responsive to Interrogatory No. 11. Further, NICE's contention of inequitable conduct during the prosecution of U.S. Patent 5,396,371 was ultimately unsupported by the facts of the Dictaphone v. NICE litigation.[2]

NICE provided no further detail and to this day has not provided any bates numbers or further explanation for this interrogatory response.

Instead, Witness Systems itself discovered numerous documents in NICE's recent production detailing NICE's charges of unenforceability and invalidity of the '371 patent in the Dictaphone litigation. These documents include, *inter alia*, expert reports NICE obtained during its defense of the Dictaphone infringement suit in which NICE's expert opined that the '371 patent is unenforceable due to the intentional failure to disclose the Rapidax product, and another NICE expert opined that the '371 patent is invalid in light of the Rapidax product. Based on this newly discovered evidence, justice requires that Witness Systems be allowed to amend its pleading to assert counterclaims for *Walker Process* fraud and sham litigation.

---

[2]   NICE obtained the '371 patent and seven others of the patents-in-suit from Dictaphone.

STATEMENT OF THE LAW

Federal Rule of Civil Procedure 15 "embodies a liberal approach to pleading," and "leave of court [to amend]. . . 'shall be freely given when justice so requires.'" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (quoting FED. R. CIV. P. 15(a)). The Court should allow Witness Systems to amend its pleading so it may assert these counterclaims because (1) Witness Systems only recently discovered the factual bases for these claims, including NICE's own expert reports, despite earlier efforts, (2) Witness Systems filed this Motion within the period prescribed in the scheduling order, and (3) justice so requires.

CONCLUSION

Witness Systems respectfully requests that the Court grant its motion to amend and deem Witness Systems' Second Amended Answer, Defenses, and Counterclaims filed and served. In accordance with Local Rule 15.1, Witness Systems' Second Amended Answer, Defenses and Counterclaims, and a black-lined comparison to the First Amended Answer Defenses and Counterclaims to Plaintiffs' Complaint are attached hereto as Exhibits "A" and "B," respectively.

Dated:  February 7, 2007                    FISH & RICHARDSON P.C.


By:  */s/ Kyle Wagner Compton*
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     919 N. Market Street, Suite 1100
     P. O. Box 1114
     Wilmington, DE  19899-1114
     Tel:  (302) 652-5070

     Nagendra Setty (*pro hac vice*)
     Daniel A. Kent (*pro hac vice*)
     John D. Hamann (*pro hac vice*)
     1180 Peachtree Street, NE
     21st Floor
     Atlanta, GA 30309
     Tel: (404) 892-5005

     Attorneys for Defendant
     Witness Systems, Inc.

## <u>LOCAL RULE 7.1.1 CERTIFICATION</u>

Pursuant to D. Del. Local Rule 7.1.1, Defendant Witness Systems, Inc. ("Witness Systems") certifies that it has sought the consent of Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE") to file its MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS as an unopposed motion, and that NICE informed Witness Systems that NICE plans on opposing this Motion.

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton (#4693)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2007, I electronically filed with the Clerk of

Court "WITNESS SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE ITS SECOND

AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS" using CM/ECF which

will send notification of such filing(s) to the below-listed Delaware counsel.  In addition,

the filing will also be sent via hand delivery to:

Josy W. Ingersoll                              *Attorneys for Plaintiffs*
Melanie K. Sharp                              *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conoway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


I hereby certify that on February 7, 2007, I have emailed and sent via United

States Postal Service, the document(s) to the following non-registered participants:

Scott G. Lindvall                              *Attorneys for Plaintiffs*
Daniel DiNapoli                               *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


 */s/ Kyle Wagner Compton*
Kyle Wagner Compton

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>        *Plaintiffs and Counterclaim<br>        Defendants*,<br><br>     v.<br><br>WITNESS SYSTEMS, INC.,<br><br>        *Defendant and Counterclaim<br>        Plaintiff.* | C.A. No. 06-311-JJF |

**ORDER GRANTING DEFENDANT AND COUNTERCLAIM PLAINTIFF WITNESS
SYSTEMS, INC.'S MOTION FOR LEAVE TO FILE
ITS SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS**

Having considered Witness Systems, Inc.'s Motion for Leave to File Its Second Amended

Answer, Defenses, and Counterclaims, IT IS HEREBY ORDERED that the Motion is granted

and Witness Systems, Inc.'s Second Amended Answer, Defenses, and Counterclaims is deemed

filed and served on this date.

This _____ day of February, 2007.

_____
Joseph J. Farnan, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>       *Plaintiffs and Counterclaim*<br>       *Defendants*,<br><br>    v.<br><br>WITNESS SYSTEMS, INC.,<br><br>       *Defendant and Counterclaim*<br>       *Plaintiff.* | C.A. No. 06-311-JJF<br><br><br><u>**JURY TRIAL DEMANDED**</u> |

**WITNESS SYSTEMS, INC.'S SECOND AMENDED ANSWER,
DEFENSES, AND COUNTERCLAIMS**

Defendant Witness Systems, Inc. ("Witness Systems") hereby responds to

Plaintiffs NICE Systems, Inc.'s and NICE Systems Ltd.'s (collectively, "NICE")

Complaint as follows:

**<u>NATURE OF THIS ACTION</u>**

1.    Witness Systems admits that the Complaint purports to set forth claims of

patent infringement under Title 35 of the U.S. Code, but Witness Systems denies liability

with respect to any such claims.

**<u>PARTIES</u>**

2.    Witness Systems admits that NICE Systems, Inc. has asserted that it is

incorporated in Delaware and has a principal place of business in Rutherford, New

Jersey.  Except as expressly admitted, Witness Systems is without sufficient information

or knowledge to admit or deny the allegations of paragraph 2 of the Complaint, and

therefore, denies them.

3.      Witness Systems admits that NICE Systems Ltd. has asserted that it is an Israeli corporation with a principal place of business at 8 Hapnina Street, PO Box 690, 43107 Ra'anana Israel and that it is the parent of NICE Systems, Inc. Except as expressly admitted, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 3 of the Complaint, and therefore, denies them.

4.      Witness Systems admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 300 Colonial Center Parkway, Suite 600, Roswell, Georgia 30076.  Witness admits that it sells and offers for sale products that facilitate capturing, monitoring, recording, and/or analyzing calls. Witness admits that it acquired Eyretel, plc, a United Kingdom company located in Leatherhead, United Kingdom, including acquiring certain liabilities.  Except as expressly admitted, Witness Systems denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      Witness Systems admits that the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      Witness Systems admits that it is subject to personal jurisdiction and that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.  To the extent not expressly admitted, Witness Systems denies any remaining allegations in Paragraph 6.   Witness Systems also denies that this district is more convenient for the witnesses or parties than the Northern District of Georgia and denies that the interests of justice are served by the continued prosecution of this case in this district.

## COUNT I – PURPORTED PATENT INFRINGEMENT OF THE '738 PATENT

7.    Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

8.    Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,274,738 ("the '738 patent") is attached to the Complaint.  Witness Systems asserts that the '738 patent speaks for itself and that the allegations concerning what the '738 patent states require no further response.  Upon information and belief, Witness Systems denies that the '738 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 8 of the Complaint, and therefore, denies them.

9.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 9 of the Complaint, and therefore, denies them.

10.    Witness Systems denies that it has infringed or is now infringing any valid claim of the '738 patent.  Witness denies any remaining allegations of paragraph 10 of the Complaint.

11.    Witness Systems denies the allegations of paragraph 11 of the Complaint.

12.    Witness Systems denies the allegations of paragraph 12 of the Complaint.

13.    Witness Systems denies the allegations of paragraph 13 of the Complaint.

14.    Witness Systems denies the allegations of paragraph 14 of the Complaint.

## COUNT II - PURPORTED PATENT INFRINGEMENT OF THE '371 PATENT

15.    Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

16.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,396,371 ("the '371 patent") is attached to the Complaint. Witness Systems asserts that the '371 patent speaks for itself and that the allegations concerning what the '371 patent states require no further response. Upon information and belief, Witness Systems denies that the '371 patent is valid and enforceable. Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 16 of the Complaint, and therefore, denies them.

17.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 of the Complaint, and therefore, denies them.

18.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '371 patent. Witness denies any remaining allegations of paragraph 18 of the Complaint.

19.     Witness Systems denies the allegations of paragraph 19 of the Complaint.

20.     Witness Systems denies the allegations of paragraph 20 of the Complaint.

21.     Witness Systems denies the allegations of paragraph 21 of the Complaint.

22.     Witness Systems denies the allegations of paragraph 22 of the Complaint.

**COUNT III – PURPORTED PATENT INFRINGEMENT OF THE '005 PATENT**

23.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

24.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,819,005 ("the '005 patent") is attached to the Complaint. Witness Systems asserts that the '005 patent speaks for itself and that the allegations concerning what the '005 patent states require no further response. Upon information and belief, Witness Systems denies

- 4 -

that the '005 patent is valid and enforceable.  Except as expressly admitted or denied,

Witness Systems is without sufficient information or knowledge to admit or deny the

allegations of paragraph 24 of the Complaint, and therefore, denies them.

25.    Witness Systems is without sufficient information or knowledge to admit

or deny the allegations of paragraph 25 of the Complaint, and therefore, denies them.

26.    Witness Systems denies that it has infringed or is now infringing any valid

claim of the '005 patent.  Witness denies any remaining allegations of paragraph 26 of

the Complaint.

27.    Witness Systems denies the allegations of paragraph 27 of the Complaint.

28.    Witness Systems denies the allegations of paragraph 28 of the Complaint.

29.    Witness Systems denies the allegations of paragraph 29 of the Complaint.

30.    Witness Systems denies the allegations of paragraph 30 of the Complaint.

## COUNT IV – PURPORTED PATENT INFRINGEMENT OF THE '570 PATENT

31.    Witness Systems repeats and incorporates herein its responses to the

allegations set forth in paragraphs 1-6 of the Complaint.

32.    Witness Systems admits that what appears to be a copy of U.S. Patent No.

6,249,570 ("the '570 patent") is attached to the Complaint.  Witness Systems asserts that

the '570 patent speaks for itself and that the allegations concerning what the '570 patent

states require no further response.  Upon information and belief, Witness Systems denies

that the '570 patent is valid and enforceable.  Except as expressly admitted or denied,

Witness Systems is without sufficient information or knowledge to admit or deny the

allegations of paragraph 32 of the Complaint, and therefore, denies them.

33.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 33 of the Complaint, and therefore, denies them.

34.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '570 patent.  Witness denies any remaining allegations of paragraph 34 of the Complaint.

35.     Witness Systems denies the allegations of paragraph 35 of the Complaint.

36.     Witness Systems denies the allegations of paragraph 36 of the Complaint.

37.     Witness Systems denies the allegations of paragraph 37 of the Complaint.

38.     Witness Systems denies the allegations of paragraph 38 of the Complaint.

## COUNT V – PURPORTED PATENT INFRINGEMENT OF THE '345 PATENT

39.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

40.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,728,345 ("the '345 patent") is attached to the Complaint.  Witness Systems asserts that the '345 patent speaks for itself and that the allegations concerning what the '345 patent states require no further response.  Upon information and belief, Witness Systems denies that the '345 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 40 of the Complaint, and therefore, denies them.

41.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 41 of the Complaint, and therefore, denies them.

42.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 42 of the Complaint, and therefore, denies them.

- 6 -

Witness Systems notes that the allegations of paragraph 42 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

43.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '345 patent.  Witness denies any remaining allegations of paragraph 43 of the Complaint.

44.     Witness Systems denies the allegations of paragraph 44 of the Complaint.

45.     Witness Systems denies the allegations of paragraph 45 of the Complaint.

46.     Witness Systems denies the allegations of paragraph 46 of the Complaint.

47.     Witness Systems denies the allegations of paragraph 47 of the Complaint.

## COUNT VI – PURPORTED PATENT INFRINGEMENT OF THE '372 PATENT

48.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

49.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,775,372 ("the '372 patent") is attached to the Complaint.  Witness Systems asserts that the '372 patent speaks for itself and that the allegations concerning what the '372 patent states require no further response.  Upon information and belief, Witness Systems denies that the '372 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 49 of the Complaint, and therefore, denies them.

50.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 50 of the Complaint, and therefore, denies them.

51.    Witness Systems denies that it has infringed or is now infringing any valid claim of the '372 patent.  Witness denies any remaining allegations of paragraph 51 of the Complaint.

52.    Witness Systems denies the allegations of paragraph 52 of the Complaint.

53.    Witness Systems denies the allegations of paragraph 53 of the Complaint.

54.    Witness Systems denies the allegations of paragraph 54 of the Complaint.

55.    Witness Systems denies the allegations of paragraph 55 of the Complaint.

**COUNT VII – PURPORTED PATENT INFRINGEMENT OF THE '370 PATENT**

56.    Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

57.    Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,785,370 ("the '370 patent") is attached to the Complaint.  Witness Systems asserts that the '370 patent speaks for itself and that the allegations concerning what the '370 patent states require no further response.  Upon information and belief, Witness Systems denies that the '370 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 57 of the Complaint, and therefore, denies them.

58.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 58 of the Complaint, and therefore, denies them.

59.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 59 of the Complaint, and therefore, denies them.  Witness Systems notes that the allegations of paragraph 59 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

- 8 -

60.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '370 patent.  Witness denies any remaining allegations of paragraph 60 of the Complaint.

61.     Witness Systems denies the allegations of paragraph 61 of the Complaint.

62.     Witness Systems denies the allegations of paragraph 62 of the Complaint.

63.     Witness Systems denies the allegations of paragraph 63 of the Complaint.

64.     Witness Systems denies the allegations of paragraph 64 of the Complaint.

**COUNT VIII – PURPORTED PATENT INFRINGEMENT OF THE '920 PATENT**

65.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

66.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,870,920 ("the '920 patent") is attached to the Complaint.  Witness Systems asserts that the '920 patent speaks for itself and that the allegations concerning what the '920 patent states require no further response.  Upon information and belief, Witness Systems denies that the '920 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 66 of the Complaint, and therefore, denies them.

67.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 67 of the Complaint, and therefore, denies them.

68.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 68 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 68 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

69.    Witness Systems denies that it has infringed or is now infringing any valid claim of the '920 patent.  Witness denies any remaining allegations of paragraph 69 of the Complaint.

70.    Witness Systems denies the allegations of paragraph 70 of the Complaint.

71.    Witness Systems denies the allegations of paragraph 71 of the Complaint.

72.    Witness Systems denies the allegations of paragraph 72 of the Complaint.

73.    Witness Systems denies the allegations of paragraph 73 of the Complaint.

## COUNT IX – PURPORTED PATENT INFRINGEMENT OF THE '079 PATENT

74.    Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

75.    Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,959,079 ("the '079 patent") is attached to the Complaint.  Witness Systems asserts that the '079 patent speaks for itself and that the allegations concerning what the '079 patent states require no further response.  Upon information and belief, Witness Systems denies that the '079 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 75 of the Complaint, and therefore, denies them.

76.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 76 of the Complaint, and therefore, denies them.

77.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 77 of the Complaint, and therefore, denies them.  Witness Systems notes that the allegations of paragraph 77 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

78.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '079 patent.  Witness denies any remaining allegations of paragraph 78 of the Complaint.

79.     Witness Systems denies the allegations of paragraph 79 of the Complaint.

80.     Witness Systems denies the allegations of paragraph 80 of the Complaint.

81.     Witness Systems denies the allegations of paragraph 81 of the Complaint.

82.     Witness Systems denies the allegations of paragraph 82 of the Complaint.

**COUNT X – PURPORTED PATENT INFRINGEMENT OF THE '109 PATENT**

83.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

84.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 7,010,109 ("the '109 patent") is attached to the Complaint.  Witness Systems asserts that the '109 patent speaks for itself and that the allegations concerning what the '109 patent states require no further response.  Upon information and belief, Witness Systems denies that the '109 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 84 of the Complaint, and therefore, denies them.

85.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 85 of the Complaint, and therefore, denies them.

86.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 86 of the Complaint, and therefore, denies them.  Witness Systems notes that the allegations of paragraph 86 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

87. Witness Systems denies that it has infringed or is now infringing any valid claim of the '109 patent. Witness denies any remaining allegations of paragraph 87 of the Complaint.

88. Witness Systems denies the allegations of paragraph 88 of the Complaint.

89. Witness Systems denies the allegations of paragraph 89 of the Complaint.

90. Witness Systems denies the allegations of paragraph 90 of the Complaint.

91. Witness Systems denies the allegations of paragraph 91 of the Complaint.

92. Unless specifically admitted herein, Witness Systems denies each and every allegation in each and every paragraph of the Complaint.

93. Witness Systems denies that NICE is entitled to each and every request for relief sought in the *ad damnum* clause of the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pled as an affirmative defense or that Witness Systems necessarily bears the burden of persuasion for any of the following, Witness Systems now provides the following defenses:

## FIRST AFFIRMATIVE DEFENSE

94. Witness Systems has not and does not infringe, directly or indirectly, any claim of any of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

95. The claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

96.    NICE's Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

97.    By virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents, as illustrated by their prosecution histories, NICE is estopped from asserting that Witness Systems has infringed directly or indirectly, any claim of any of the '738, '371, '005, '570, '345, '372, '370, '920, '079, and '109 patents, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

98.    NICE's claims of willful infringement are not pleaded with sufficient specificity or factual support to put Witness Systems on notice as to the claim being made and also therefore fail to state a claim on which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

99.    NICE's patent infringement claims are barred based on the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

100.    NICE's patent infringement claims are barred based on the doctrine of equitable estoppel.

## EIGHTH  AFFIRMATIVE DEFENSE

101.    NICE's patent infringement claims are barred based on the doctrine of waiver.

- 13 -

## NINTH AFFIRMATIVE DEFENSE

102.    NICE's patent infringement claims are barred based on the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

103.    NICE's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

104.    The '371 patent is unenforceable due to the intentional failure to disclose to the USPTO, during prosecution, information known to be material to the patentability of the subject matter claimed in the '371 patent, in violation of the duties of candor and good faith required under 37 C.F.R. § 1.56:

    a.    On June 19, 2000, Dictaphone Corporation sued NICE for patent infringement in a complaint filed in the United States District Court for the District of Connecticut.  *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 ("the *Dictaphone* action").  That lawsuit alleged, *inter alia*, infringement of the '371 patent.

    b.    In the *Dictaphone* action, NICE alleged:

        Upon information and belief, one or more individuals associated with the filing and prosecution of the application that led to U.S. Patent No. 5,396,371 knew of a public use or sale in the United States of at least one digital audio logger or at least one publication disclosing at least one digital audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, more than one year prior to the filing date.

        Upon information and belief, the public use or sale in the United States and/or publications disclosing the Rapidax product, includes all the elements of at least one

- 14 -

claim of U.S. Patent No. 5,396,371 and as a result this information material [sic] to the patentability of the claims at the time of filing.

Upon information and belief, although one or more individuals associated with the filing and prosecution of the application that led to the U.S. Patent No. 5,396,371 knew of this information prior to filing the application, one or more of these individuals intentionally failed to disclose this information to the U.S. Patent Office.

c.    The conduct described in this Eleventh Affirmative

Defense constitutes inequitable conduct rendering the '371 patent

unenforceable.

## COUNTERCLAIMS

Witness Systems hereby alleges the following counterclaims against NICE.

## GENERAL ALLEGATIONS AND PARTIES

105.    Witness Systems is a Delaware corporation with a principal place of

business at 300 Colonial Center Parkway, Roswell, Georgia, 30076.

106.    NICE Systems, Inc. has asserted it is a Delaware corporation with a

principal place of business at 301 Route 17 North 10th Floor, Rutherford, New Jersey

07070.  Upon information and belief, NICE Systems, Inc. is a wholly owned subsidiary

of NICE Systems Ltd., an Israeli corporation.

107.    NICE Systems Ltd. has asserted it is an Israeli corporation with a principal

place of business at 8 Hapnina Street, P.O. Box 690, 43107 Ra'anana, Israel.

108.    NICE Systems, Inc. and NICE Systems Ltd. (collectively, "NICE") have

subjected themselves to the jurisdiction of this Court via, *inter alia,* asserting their patent

infringement claims.  This Court has subject matter jurisdiction over the patent

counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the antitrust

counterclaims pursuant to 15 U.S.C. §§ 15 and 26.  Venue is proper in this district based

on NICE's assertion of its patent infringement claims and/or based on 28 U.S.C. §§ 1391

and 1400(b) and 15 U.S.C. § 22.

109.    In its complaint, NICE has asserted that it owns U.S. Patent Nos.

5,274,738 ("the '738 patent"), 5,396,371 ("the '371 patent"), 5,819,005 ("the '005

patent"), 6,249,570 ("the '570 patent"), 6,728,345 ("the '345 patent"), 6,775,372 ("the

'372 patent"), 6,785,370 ("the '370 patent"), 6,870,920 ("the '920 patent"), 6,959,079

("the '079 patent"), and 7,010,109 ("the '109 patent") and that Witness Systems has

infringed and continues to infringe these patents through its making, using, offering to

sell, and/or selling of Witness Systems' products, thus creating an actual case or

controversy between the parties with respect to the subject matter of these Counterclaims.

### COUNT I – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '738, '371, '005, '570, '345, '372, '370, '920, '079 AND/OR '109 PATENTS

110.    Witness Systems repeats and realleges the allegations and averments set

forth in paragraphs 105 through 109 of this Counterclaim.

111.    Witness Systems has not infringed, directly or indirectly, literally or under

the doctrine of equivalents, any valid claim of the '738, '371, '005, '570, '345, '372,

'370, '920, '079 and/or '109 patents.

112.    Witness Systems is entitled to a declaration pursuant to 28 U.S.C. § 2201

stating that Witness Systems has not infringed and does not infringe, directly or

indirectly, literally or under the doctrine of equivalents, any valid claim of the '738, '371,

'005, '570, '345, '372, '370, '920, '079 and/or '109 patents.

## COUNT II - DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '738, '371, '005, '570, '345,
## '372, '370, '920, '079 AND/OR '109 PATENTS

113.    Witness Systems repeats and realleges the allegations and averments set

forth in paragraphs 105 through 109 of this Counterclaim.

114.    The '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109

patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1, *et seq.*,

including without limitation §§ 102, 103, and/or 112.

115.    Witness Systems is entitled to a declaration pursuant to 28 U.S.C. § 2201

stating  that the claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or

'109 patents are invalid.

## COUNT III - VIOLATION OF § 2 OF THE SHERMAN ANTITRUST ACT
## (*WALKER PROCESS* CLAIM)

116.    Witness Systems repeats and realleges the allegations and averments set

forth in paragraphs 104 through 109.

117.    NICE seeks in this action to enforce the '371 patent which, upon

information and belief, NICE knows was fraudulently obtained from the U.S. Patent and

Trademark Office, to maintain monopoly power or in an attempt to monopolize the

relevant market and interfere with Witness Systems' interstate business.

118.    Upon information and belief, NICE knew of the fraud perpetrated on the

U.S. Patent and Trademark Office in obtaining the '371 patent before initiating this

litigation.

119.    Upon information and belief, NICE knew that one or more individuals

associated with the filing and prosecution of the application that led to the '371 patent

knew of a public use, offer for sale, or sale in the United States of at least one audio

logger or at least one publication disclosing at least one audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, more than one year prior to the priority date of the '371 patent.

120.    Upon information and belief, NICE knew that this public use, offer for sale, or sale in the United States and/or publications disclosing the Rapidax product included all the elements of at least one claim of the '371 patent, and that this information was material to the patentability of the claims of the '371 patent and non-cumulative.

121.    Upon information and belief, NICE knew that one or more of the individuals associated with the filing and prosecution of the application that led to the '371 patent knew of this information prior to filing the application and/or issuance of the '371 patent, but intentionally failed to disclose this information to the U.S. Patent and Trademark Office.

122.    As a result of the above fraudulent conduct, the U.S. Patent and Trademark Office issued the '317 patent.  Without this fraudulent conduct, claims of the '371 patent would not have issued.

123.    NICE and Witness compete in a relevant product market of call center products, including those products accused by NICE of infringing the '371 patent and products that compete with the accused products, and including the relevant geographic market of the United States.

124.    NICE is one of the major competitors in the relevant product and geographic market, and has substantial market share.  Due to its existing market share and the structure of the market, a dangerous probability exists that NICE will succeed in

maintaining or achieving market power and monopolizing the relevant market due to its anti-competitive conduct.

125.    NICE's anti-competitive conduct and/or use of the '371 patent illegally allows NICE to exert or to attempt to exert monopoly power in the relevant market.

126.    NICE's anti-competitive conduct creates a dangerous probability of NICE maintaining or achieving an illegal monopoly to the detriment of competition, Witness Systems, consumers, and others in the relevant market.

127.    As a direct consequence of NICE's unlawful assertion of this fraudulently procured patent and its related anti-competitive conduct, Witness Systems has suffered harm, including monetary loss and attorney fees for defending this lawsuit, and injury to its business, customer relationships, and business reputation.

128.    Witness Systems is entitled to judgment in its favor and against NICE with an award of damages, including treble damages, costs, attorneys fees, and such other relief as this Court deems just and proper.

## COUNT IV – VIOLATION OF § 2 OF THE SHERMAN ANTITRUST ACT (SHAM LITIGATION)

129.    Witness Systems repeats and realleges the allegations and averments set forth in paragraphs 104 through 109 and 116 through 128.

130.    In this action, NICE seeks to enforce the '371 patent which, upon information and belief, NICE knows was fraudulently obtained from the U.S. Patent and Trademark Office and/or is invalid, to maintain monopoly power or in an attempt to monopolize the relevant market and interfere with Witness Systems' interstate business.

131.    Upon information and belief, NICE knew of the fraud perpetrated on the U.S. Patent and Trademark Office in obtaining the '371 patent and/or that the '371 patent is invalid before initiating this litigation.

132.    Upon information and belief, NICE knew that a public use, offer for sale, or sale in the United States of at least one audio logger or at least one publication disclosing at least one audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, occurred more than one year prior to the priority date of the '371 patent and that this public use, offer for sale, or sale in the United States and/or publications disclosing the Rapidax product, included all the elements of claims of the '371 patent, including at least claims 1-8.

133.    NICE's infringement claim for the '371 patent is objectively baseless and NICE cannot realistically expect to succeed knowing that the '371 patent is invalid and/or unenforceable.

134.    NICE was subjectively motivated to allege infringement of the '371 patent due to its intent to interfere with Witness Systems' business relations through the use of governmental process and the courts as anticompetitive weapons.

135.    NICE and Witness compete in a relevant product market of call center products, including those products accused by NICE of infringing the '371 patent and products that compete with the accused products, and including the relevant geographic market of the United States.

136.    NICE is one of the major competitors in the relevant product and geographic market, and has substantial market share. Due to its existing market share and the structure of the market, a dangerous probability exists that NICE will succeed in

maintaining or achieving market power and monopolizing the relevant market due to its anti-competitive conduct.

137.    NICE's anti-competitive conduct and/or use of the '371 patent illegally allows NICE to exert or to attempt to exert monopoly power in the relevant market.

138.    NICE's anti-competitive conduct creates a dangerous probability of NICE maintaining or achieving an illegal monopoly to the detriment of competition, Witness Systems, consumers, and others in the relevant market.

139.    As a direct consequence of NICE's unlawful assertion of this fraudulently procured patent and its related anti-competitive conduct, Witness Systems has suffered harm, including monetary loss and attorney fees for defending this lawsuit, and injury to its business, customer relationships, and business reputation.

140.    Witness Systems is entitled to judgment in its favor and against NICE with an award of damages, including treble damages, costs, attorneys fees, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Witness Systems prays for a declaration and judgment against Plaintiffs and Counterclaim Defendants NICE Systems, Inc. and NICE Systems Ltd. as follows:

(a)    That NICE's Complaint be dismissed with prejudice;

(b)    That NICE be denied any and all relief it has requested in the Complaint;

(c)    That the Court deny any preliminary or permanent injunctive relief in favor of NICE and against Witness Systems;

(d)     That the Court find and declare that Witness Systems has not infringed and does not currently infringe any valid claim of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents, directly or indirectly, literally or by the doctrine of equivalents;

(e)     That the Court find and declare that the claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents are invalid;

(f)     That the Court find that the '371 patent is unenforceable;

(g)     That the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that NICE be required to pay costs of suit that Witness Systems has incurred, including attorneys' fees and costs;

(h)     That the Court award treble damages to Witness, the costs of this action, a reasonable attorneys' fee, and prejudgment interest pursuant to the Sherman and Clayton Act, including 15 U.S.C. § 15;

(i)     That Witness Systems be granted such other and further relief as this Court deems just and equitable.

## <u>DEMAND FOR A JURY TRIAL</u>

Witness Systems demands a trial by jury on all claims, defenses, and counterclaims.

Dated:  February 7, 2007                    FISH & RICHARDSON P.C.


By:  */s/ Kyle Wagner Compton*
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     919 N. Market Street, Suite 1100
     P. O. Box 1114
     Wilmington, DE  19899-1114
     Tel:  (302) 652-5070

     Nagendra Setty (*pro hac vice*)
     Daniel A. Kent (*pro hac vice*)
     John D. Hamann (*pro hac vice*)
     1180 Peachtree Street, NE, 21st Floor
     Atlanta, GA 30309
     Tel: (404) 892-5005

Attorneys for Defendant and Counterclaim Plaintiff
Witness Systems, Inc.

- 23 -

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>         *Plaintiffs and Counterclaim*<br>         *Defendants,*<br><br>    v.<br><br>WITNESS SYSTEMS, INC.,<br><br>         *Defendant and Counterclaim*<br>         *Plaintiff.* | C.A. No. 06-311-JJF<br><br><br>**JURY TRIAL DEMANDED** |

**WITNESS SYSTEMS, INC.'S [FIRST] <u>SECOND</u> AMENDED ANSWER,
<u>DEFENSES, AND COUNTERCLAIMS</u>**

      Defendant Witness Systems, Inc. ("Witness Systems") hereby responds to

Plaintiffs NICE Systems, Inc.'s and NICE Systems Ltd.'s (collectively, "NICE")

Complaint as follows:

<u>**NATURE OF THIS ACTION**</u>

      1.     Witness Systems admits that the Complaint purports to set forth claims of

patent infringement under Title 35 of the U.S. Code, but Witness Systems denies liability

with respect to any such claims.

<u>**PARTIES**</u>

      2.     Witness Systems admits that NICE Systems, Inc. has asserted that it is

incorporated in Delaware and has a principal place of business in Rutherford, New

Jersey.  Except as expressly admitted, Witness Systems is without sufficient information

or knowledge to admit or deny the allegations of paragraph 2 of the Complaint, and

therefore, denies them.

3.     Witness Systems admits that NICE Systems Ltd. has asserted that it is an Israeli corporation with a principal place of business at 8 Hapnina Street, PO Box 690, 43107 Ra'anana Israel and that it is the parent of NICE Systems, Inc. Except as expressly admitted, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 3 of the Complaint, and therefore, denies them.

4.     Witness Systems admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 300 Colonial Center Parkway, Suite 600, Roswell, Georgia 30076.  Witness admits that it sells and offers for sale products that facilitate capturing, monitoring, recording, and/or analyzing calls. Witness admits that it acquired Eyretel, plc, a United Kingdom company located in Leatherhead, United Kingdom, including acquiring certain liabilities.  Except as expressly admitted, Witness Systems denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     Witness Systems admits that the Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Witness Systems admits that it is subject to personal jurisdiction and that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.  To the extent not expressly admitted, Witness Systems denies any remaining allegations in Paragraph 6.   Witness Systems also denies that this district is more convenient for the witnesses or parties than the Northern District of Georgia and denies that the interests of justice are served by the continued prosecution of this case in this district.

## COUNT I – PURPORTED PATENT INFRINGEMENT OF THE '738 PATENT

7.      Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

8.      Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,274,738 ("the '738 patent") is attached to the Complaint.  Witness Systems asserts that the '738 patent speaks for itself and that the allegations concerning what the '738 patent states require no further response.  Upon information and belief, Witness Systems denies that the '738 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 8 of the Complaint, and therefore, denies them.

9.      Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 9 of the Complaint, and therefore, denies them.

10.      Witness Systems denies that it has infringed or is now infringing any valid claim of the '738 patent.  Witness denies any remaining allegations of paragraph 10 of the Complaint.

11.      Witness Systems denies the allegations of paragraph 11 of the Complaint.

12.      Witness Systems denies the allegations of paragraph 12 of the Complaint.

13.      Witness Systems denies the allegations of paragraph 13 of the Complaint.

14.      Witness Systems denies the allegations of paragraph 14 of the Complaint.

## COUNT II - PURPORTED PATENT INFRINGEMENT OF THE '371 PATENT

15.      Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

16.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,396,371 ("the '371 patent") is attached to the Complaint.  Witness Systems asserts that the '371 patent speaks for itself and that the allegations concerning what the '371 patent states require no further response.  Upon information and belief, Witness Systems denies that the '371 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 16 of the Complaint, and therefore, denies them.

17.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 17 of the Complaint, and therefore, denies them.

18.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '371 patent.  Witness denies any remaining allegations of paragraph 18 of the Complaint.

19.     Witness Systems denies the allegations of paragraph 19 of the Complaint.

20.     Witness Systems denies the allegations of paragraph 20 of the Complaint.

21.     Witness Systems denies the allegations of paragraph 21 of the Complaint.

22.     Witness Systems denies the allegations of paragraph 22 of the Complaint.

## COUNT III – PURPORTED PATENT INFRINGEMENT OF THE '005 PATENT

23.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

24.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 5,819,005 ("the '005 patent") is attached to the Complaint.  Witness Systems asserts that the '005 patent speaks for itself and that the allegations concerning what the '005 patent states require no further response.  Upon information and belief, Witness Systems denies

- 4 -

that the '005 patent is valid and enforceable.  Except as expressly admitted or denied,

Witness Systems is without sufficient information or knowledge to admit or deny the

allegations of paragraph 24 of the Complaint, and therefore, denies them.

25.    Witness Systems is without sufficient information or knowledge to admit

or deny the allegations of paragraph 25 of the Complaint, and therefore, denies them.

26.    Witness Systems denies that it has infringed or is now infringing any valid

claim of the '005 patent.  Witness denies any remaining allegations of paragraph 26 of

the Complaint.

27.    Witness Systems denies the allegations of paragraph 27 of the Complaint.

28.    Witness Systems denies the allegations of paragraph 28 of the Complaint.

29.    Witness Systems denies the allegations of paragraph 29 of the Complaint.

30.    Witness Systems denies the allegations of paragraph 30 of the Complaint.

**COUNT IV – PURPORTED PATENT INFRINGEMENT OF THE '570 PATENT**

31.    Witness Systems repeats and incorporates herein its responses to the

allegations set forth in paragraphs 1-6 of the Complaint.

32.    Witness Systems admits that what appears to be a copy of U.S. Patent No.

6,249,570 ("the '570 patent") is attached to the Complaint.  Witness Systems asserts that

the '570 patent speaks for itself and that the allegations concerning what the '570 patent

states require no further response.  Upon information and belief, Witness Systems denies

that the '570 patent is valid and enforceable.  Except as expressly admitted or denied,

Witness Systems is without sufficient information or knowledge to admit or deny the

allegations of paragraph 32 of the Complaint, and therefore, denies them.

33.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 33 of the Complaint, and therefore, denies them.

34.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '570 patent.  Witness denies any remaining allegations of paragraph 34 of the Complaint.

35.     Witness Systems denies the allegations of paragraph 35 of the Complaint.

36.     Witness Systems denies the allegations of paragraph 36 of the Complaint.

37.     Witness Systems denies the allegations of paragraph 37 of the Complaint.

38.     Witness Systems denies the allegations of paragraph 38 of the Complaint.

## COUNT V – PURPORTED PATENT INFRINGEMENT OF THE '345 PATENT

39.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

40.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,728,345 ("the '345 patent") is attached to the Complaint.  Witness Systems asserts that the '345 patent speaks for itself and that the allegations concerning what the '345 patent states require no further response.  Upon information and belief, Witness Systems denies that the '345 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 40 of the Complaint, and therefore, denies them.

41.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 41 of the Complaint, and therefore, denies them.

42.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 42 of the Complaint, and therefore, denies them.

- 6 -

Witness Systems notes that the allegations of paragraph 42 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

43.    Witness Systems denies that it has infringed or is now infringing any valid claim of the '345 patent.  Witness denies any remaining allegations of paragraph 43 of the Complaint.

44.    Witness Systems denies the allegations of paragraph 44 of the Complaint.

45.    Witness Systems denies the allegations of paragraph 45 of the Complaint.

46.    Witness Systems denies the allegations of paragraph 46 of the Complaint.

47.    Witness Systems denies the allegations of paragraph 47 of the Complaint.

## COUNT VI – PURPORTED PATENT INFRINGEMENT OF THE '372 PATENT

48.    Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

49.    Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,775,372 ("the '372 patent") is attached to the Complaint.  Witness Systems asserts that the '372 patent speaks for itself and that the allegations concerning what the '372 patent states require no further response.  Upon information and belief, Witness Systems denies that the '372 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 49 of the Complaint, and therefore, denies them.

50.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 50 of the Complaint, and therefore, denies them.

51.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '372 patent.  Witness denies any remaining allegations of paragraph 51 of the Complaint.

52.     Witness Systems denies the allegations of paragraph 52 of the Complaint.

53.     Witness Systems denies the allegations of paragraph 53 of the Complaint.

54.     Witness Systems denies the allegations of paragraph 54 of the Complaint.

55.     Witness Systems denies the allegations of paragraph 55 of the Complaint.

**COUNT VII – PURPORTED PATENT INFRINGEMENT OF THE '370 PATENT**

56.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

57.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,785,370 ("the '370 patent") is attached to the Complaint.  Witness Systems asserts that the '370 patent speaks for itself and that the allegations concerning what the '370 patent states require no further response.  Upon information and belief, Witness Systems denies that the '370 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 57 of the Complaint, and therefore, denies them.

58.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 58 of the Complaint, and therefore, denies them.

59.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 59 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 59 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

- 8 -

60.    Witness Systems denies that it has infringed or is now infringing any valid claim of the '370 patent.  Witness denies any remaining allegations of paragraph 60 of the Complaint.

61.    Witness Systems denies the allegations of paragraph 61 of the Complaint.

62.    Witness Systems denies the allegations of paragraph 62 of the Complaint.

63.    Witness Systems denies the allegations of paragraph 63 of the Complaint.

64.    Witness Systems denies the allegations of paragraph 64 of the Complaint.

**COUNT VIII – PURPORTED PATENT INFRINGEMENT OF THE '920 PATENT**

65.    Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

66.    Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,870,920 ("the '920 patent") is attached to the Complaint.  Witness Systems asserts that the '920 patent speaks for itself and that the allegations concerning what the '920 patent states require no further response.  Upon information and belief, Witness Systems denies that the '920 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 66 of the Complaint, and therefore, denies them.

67.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 67 of the Complaint, and therefore, denies them.

68.    Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 68 of the Complaint, and therefore, denies them.  Witness Systems notes that the allegations of paragraph 68 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

69.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '920 patent.  Witness denies any remaining allegations of paragraph 69 of the Complaint.

70.     Witness Systems denies the allegations of paragraph 70 of the Complaint.

71.     Witness Systems denies the allegations of paragraph 71 of the Complaint.

72.     Witness Systems denies the allegations of paragraph 72 of the Complaint.

73.     Witness Systems denies the allegations of paragraph 73 of the Complaint.

**COUNT IX – PURPORTED PATENT INFRINGEMENT OF THE '079 PATENT**

74.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

75.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 6,959,079 ("the '079 patent") is attached to the Complaint.  Witness Systems asserts that the '079 patent speaks for itself and that the allegations concerning what the '079 patent states require no further response.  Upon information and belief, Witness Systems denies that the '079 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 75 of the Complaint, and therefore, denies them.

76.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 76 of the Complaint, and therefore, denies them.

77.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 77 of the Complaint, and therefore, denies them.  Witness Systems notes that the allegations of paragraph 77 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

78.     Witness Systems denies that it has infringed or is now infringing any valid claim of the '079 patent.  Witness denies any remaining allegations of paragraph 78 of the Complaint.

79.     Witness Systems denies the allegations of paragraph 79 of the Complaint.

80.     Witness Systems denies the allegations of paragraph 80 of the Complaint.

81.     Witness Systems denies the allegations of paragraph 81 of the Complaint.

82.     Witness Systems denies the allegations of paragraph 82 of the Complaint.

## COUNT X – PURPORTED PATENT INFRINGEMENT OF THE '109 PATENT

83.     Witness Systems repeats and incorporates herein its responses to the allegations set forth in paragraphs 1-6 of the Complaint.

84.     Witness Systems admits that what appears to be a copy of U.S. Patent No. 7,010,109 ("the '109 patent") is attached to the Complaint.  Witness Systems asserts that the '109 patent speaks for itself and that the allegations concerning what the '109 patent states require no further response.  Upon information and belief, Witness Systems denies that the '109 patent is valid and enforceable.  Except as expressly admitted or denied, Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 84 of the Complaint, and therefore, denies them.

85.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 85 of the Complaint, and therefore, denies them.

86.     Witness Systems is without sufficient information or knowledge to admit or deny the allegations of paragraph 86 of the Complaint, and therefore, denies them. Witness Systems notes that the allegations of paragraph 86 are vague and provide no temporal connection as to when NICE asserts that Witness Systems had actual notice.

87.    Witness Systems denies that it has infringed or is now infringing any valid claim of the '109 patent.  Witness denies any remaining allegations of paragraph 87 of the Complaint.

88.    Witness Systems denies the allegations of paragraph 88 of the Complaint.

89.    Witness Systems denies the allegations of paragraph 89 of the Complaint.

90.    Witness Systems denies the allegations of paragraph 90 of the Complaint.

91.    Witness Systems denies the allegations of paragraph 91 of the Complaint.

92.    Unless specifically admitted herein, Witness Systems denies each and every allegation in each and every paragraph of the Complaint.

93.    Witness Systems denies that NICE is entitled to each and every request for relief sought in the *ad damnum* clause of the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pled as an affirmative defense or that Witness Systems necessarily bears the burden of persuasion for any of the following, Witness Systems now provides the following defenses:

## FIRST AFFIRMATIVE DEFENSE

94.    Witness Systems has not and does not infringe, directly or indirectly, any claim of any of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109 patents, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

95.    The claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation §§ 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE

96.     NICE's Complaint fails to state a claim upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

97.     By virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents, as illustrated by their prosecution histories, NICE is estopped from asserting that Witness Systems has infringed directly or indirectly, any claim of any of the '738, '371, '005, '570, '345, '372, '370, '920, '079, and '109 patents, either literally or under the doctrine of equivalents.

## FIFTH AFFIRMATIVE DEFENSE

98.     NICE's claims of willful infringement are not pleaded with sufficient specificity or factual support to put Witness Systems on notice as to the claim being made and also therefore fail to state a claim on which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

99.     NICE's patent infringement claims are barred based on the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

100.     NICE's patent infringement claims are barred based on the doctrine of equitable estoppel.

## EIGHTH  AFFIRMATIVE DEFENSE

101.     NICE's patent infringement claims are barred based on the doctrine of waiver.

- 13 -

## NINTH AFFIRMATIVE DEFENSE

102.     NICE's patent infringement claims are barred based on the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

103.     NICE's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287.

## ELEVENTH AFFIRMATIVE DEFENSE

104.     The '371 patent is unenforceable due to the intentional failure to disclose to the USPTO, during prosecution, information known to be material to the patentability of the subject matter claimed in the '371 patent, in violation of the duties of candor and good faith required under 37 C.F.R. § 1.56:

a.     On June 19, 2000, Dictaphone Corporation sued NICE for patent infringement in a complaint filed in the United States District Court for the District of Connecticut.  *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 ("the *Dictaphone* action").  That lawsuit alleged, *inter alia*, infringement of the '371 patent.

b.     In the *Dictaphone* action, NICE alleged:

Upon information and belief, one or more individuals associated with the filing and prosecution of the application that led to U.S. Patent No. 5,396,371 knew of a public use or sale in the United States of at least one digital audio logger or at least one publication disclosing at least one digital audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, more than one year prior to the filing date.

Upon information and belief, the public use or sale in the United States and/or publications disclosing the Rapidax product, includes all the elements of at least one

- 14 -

claim of U.S. Patent No. 5,396,371 and as a result this information material [sic] to the patentability of the claims at the time of filing.

Upon information and belief, although one or more individuals associated with the filing and prosecution of the application that led to the U.S. Patent No. 5,396,371 knew of this information prior to filing the application, one or more of these individuals intentionally failed to disclose this information to the U.S. Patent Office.

c.      The conduct described in this Eleventh Affirmative

Defense constitutes inequitable conduct rendering the '371 patent

unenforceable.

## COUNTERCLAIMS

Witness Systems hereby alleges the following counterclaims against NICE.

## GENERAL ALLEGATIONS AND PARTIES

105.    Witness Systems is a Delaware corporation with a principal place of

business at 300 Colonial Center Parkway, Roswell, Georgia, 30076.

106.    NICE Systems, Inc. has asserted it is a Delaware corporation with a

principal place of business at 301 Route 17 North 10th Floor, Rutherford, New Jersey

07070.  Upon information and belief, NICE Systems, Inc. is a wholly owned subsidiary

of NICE Systems Ltd., an Israeli corporation.

107.    NICE Systems Ltd. has asserted it is an Israeli corporation with a principal

place of business at 8 Hapnina Street, P.O. Box 690, 43107 Ra'anana, Israel.

108.    NICE Systems, Inc. and NICE Systems Ltd. (collectively, "NICE") have

subjected themselves to the jurisdiction of this Court via, *inter alia,* asserting their patent

infringement claims.  This Court has subject matter jurisdiction over [this Counterclaim]

the patent counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and over the antitrust

- 15 -

counterclaims pursuant to 15 U.S.C. §§ 15 and 26.  Venue is proper in this district based

on NICE's assertion of its patent infringement claims and/or based on 28 U.S.C. §§ 1391

and 1400(b) and 15 U.S.C. § 22.

109.    In its complaint, NICE has asserted that it owns U.S. Patent Nos.

5,274,738 ("the '738 patent"), 5,396,371 ("the '371 patent"), 5,819,005 ("the '005

patent"), 6,249,570 ("the '570 patent"), 6,728,345 ("the '345 patent"), 6,775,372 ("the

'372 patent"), 6,785,370 ("the '370 patent"), 6,870,920 ("the '920 patent"), 6,959,079

("the '079 patent"), and 7,010,109 ("the '109 patent") and that Witness Systems has

infringed and continues to infringe these patents through its making, using, offering to

sell, and/or selling of Witness Systems' products, thus creating an actual case or

controversy between the parties with respect to the subject matter of these Counterclaims.

**COUNT I – DECLARATORY JUDGMENT OF
NONINFRINGEMENT OF THE '738, '371, '005, '570, '345,
'372, '370, '920, '079 AND/OR '109 PATENTS**

110.    Witness Systems repeats and realleges the allegations and averments set

forth in paragraphs 105 through 109 of this Counterclaim.

111.    Witness Systems has not infringed, directly or indirectly, literally or under

the doctrine of equivalents, any valid claim of the '738, '371, '005, '570, '345, '372,

'370, '920, '079 and/or '109 patents.

112.    Witness Systems is entitled to a declaration pursuant to 28 U.S.C. § 2201

stating that Witness Systems has not infringed and does not infringe, directly or

indirectly, literally or under the doctrine of equivalents, any valid claim of the '738, '371,

'005, '570, '345, '372, '370, '920, '079 and/or '109 patents.

## COUNT II - DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '738, '371, '005, '570, '345,
## '372, '370, '920, '079 AND/OR '109 PATENTS

113.    Witness Systems repeats and realleges the allegations and averments set

forth in paragraphs 105 through 109 of this Counterclaim.

114.    The '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or '109

patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 1, *et seq.*,

including without limitation §§ 102, 103, and/or 112.

115.    Witness Systems is entitled to a declaration pursuant to 28 U.S.C. § 2201

stating  that the claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and/or

'109 patents are invalid.

## COUNT III - VIOLATION OF § 2 OF THE SHERMAN ANTITRUST ACT
## (*WALKER PROCESS* CLAIM)

116.    Witness Systems repeats and realleges the allegations and averments set

forth in paragraphs 104 through 109.

117.    NICE seeks in this action to enforce the '371 patent which, upon

information and belief, NICE knows was fraudulently obtained from the U.S. Patent and

Trademark Office, to maintain monopoly power or in an attempt to monopolize the

relevant market and interfere with Witness Systems' interstate business.

118.    Upon information and belief, NICE knew of the fraud perpetrated on the

U.S. Patent and Trademark Office in obtaining the '371 patent before initiating this

litigation.

119.    Upon information and belief, NICE knew that one or more individuals

associated with the filing and prosecution of the application that led to the '371 patent

knew of a public use, offer for sale, or sale in the United States of at least one audio

logger or at least one publication disclosing at least one audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, more than one year prior to the priority date of the '371 patent.

120.    Upon information and belief, NICE knew that this public use, offer for sale, or sale in the United States and/or publications disclosing the Rapidax product included all the elements of at least one claim of the '371 patent, and that this information was material to the patentability of the claims of the '371 patent and non-cumulative.

121.    Upon information and belief, NICE knew that one or more of the individuals associated with the filing and prosecution of the application that led to the '371 patent knew of this information prior to filing the application and/or issuance of the '371 patent, but intentionally failed to disclose this information to the U.S. Patent and Trademark Office.

122.    As a result of the above fraudulent conduct, the U.S. Patent and Trademark Office issued the '317 patent.  Without this fraudulent conduct, claims of the '371 patent would not have issued.

123.    NICE and Witness compete in a relevant product market of call center products, including those products accused by NICE of infringing the '371 patent and products that compete with the accused products, and including the relevant geographic market of the United States.

124.    NICE is one of the major competitors in the relevant product and geographic market, and has substantial market share.  Due to its existing market share and the structure of the market, a dangerous probability exists that NICE will succeed in

maintaining or achieving market power and monopolizing the relevant market due to its anti-competitive conduct.

125.    NICE's anti-competitive conduct and/or use of the '371 patent illegally allows NICE to exert or to attempt to exert monopoly power in the relevant market.

126.    NICE's anti-competitive conduct creates a dangerous probability of NICE maintaining or achieving an illegal monopoly to the detriment of competition, Witness Systems, consumers, and others in the relevant market.

127.    As a direct consequence of NICE's unlawful assertion of this fraudulently procured patent and its related anti-competitive conduct, Witness Systems has suffered harm, including monetary loss and attorney fees for defending this lawsuit, and injury to its business, customer relationships, and business reputation.

128.    Witness Systems is entitled to judgment in its favor and against NICE with an award of damages, including treble damages, costs, attorneys fees, and such other relief as this Court deems just and proper.

## COUNT IV – VIOLATION OF § 2 OF THE SHERMAN ANTITRUST ACT (SHAM LITIGATION)

129.    Witness Systems repeats and realleges the allegations and averments set forth in paragraphs 104 through 109 and 116 through 128.

130.    In this action, NICE seeks to enforce the '371 patent which, upon information and belief, NICE knows was fraudulently obtained from the U.S. Patent and Trademark Office and/or is invalid, to maintain monopoly power or in an attempt to monopolize the relevant market and interfere with Witness Systems' interstate business.

131.    Upon information and belief, NICE knew of the fraud perpetrated on the U.S. Patent and Trademark Office in obtaining the '371 patent and/or that the '371 patent is invalid before initiating this litigation.

132.    Upon information and belief, NICE knew that a public use, offer for sale, or sale in the United States of at least one audio logger or at least one publication disclosing at least one audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, occurred more than one year prior to the priority date of the '371 patent and that this public use, offer for sale, or sale in the United States and/or publications disclosing the Rapidax product, included all the elements of claims of the '371 patent, including at least claims 1-8.

133.    NICE's infringement claim for the '371 patent is objectively baseless and NICE cannot realistically expect to succeed knowing that the '371 patent is invalid and/or unenforceable.

134.    NICE was subjectively motivated to allege infringement of the '371 patent due to its intent to interfere with Witness Systems' business relations through the use of governmental process and the courts as anticompetitive weapons.

135.    NICE and Witness compete in a relevant product market of call center products, including those products accused by NICE of infringing the '371 patent and products that compete with the accused products, and including the relevant geographic market of the United States.

136.    NICE is one of the major competitors in the relevant product and geographic market, and has substantial market share.  Due to its existing market share and the structure of the market, a dangerous probability exists that NICE will succeed in

maintaining or achieving market power and monopolizing the relevant market due to its anti-competitive conduct.

137.    NICE's anti-competitive conduct and/or use of the '371 patent illegally allows NICE to exert or to attempt to exert monopoly power in the relevant market.

138.    NICE's anti-competitive conduct creates a dangerous probability of NICE maintaining or achieving an illegal monopoly to the detriment of competition, Witness Systems, consumers, and others in the relevant market.

139.    As a direct consequence of NICE's unlawful assertion of this fraudulently procured patent and its related anti-competitive conduct, Witness Systems has suffered harm, including monetary loss and attorney fees for defending this lawsuit, and injury to its business, customer relationships, and business reputation.

140.    Witness Systems is entitled to judgment in its favor and against NICE with an award of damages, including treble damages, costs, attorneys fees, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Witness Systems prays for a declaration and judgment against Plaintiffs and Counterclaim Defendants NICE Systems, Inc. and NICE Systems Ltd. as follows:

(a)    That NICE's Complaint be dismissed with prejudice;

(b)    That NICE be denied any and all relief it has requested in the Complaint;

(c)    That the Court deny any preliminary or permanent injunctive relief in favor of NICE and against Witness Systems;

(d)    That the Court find and declare that Witness Systems has not infringed and does not currently infringe any valid claim of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents, directly or indirectly, literally or by the doctrine of equivalents;

(e)    That the Court find and declare that the claims of the '738, '371, '005, '570, '345, '372, '370, '920, '079 and '109 patents are invalid;

(f)    That the Court find that the '371 patent is unenforceable;

(g)    That the Court find that this case is an exceptional case under 35 U.S.C. § 285, and that NICE be required to pay costs of suit that Witness Systems has incurred, including attorneys' fees and costs;

(h)    That the Court award treble damages to Witness, the costs of this action, a reasonable attorneys' fee, and prejudgment interest pursuant to the Sherman and Clayton Act, including 15 U.S.C. § 15;

[(h)]    (i)    That Witness Systems be granted such other and further relief as this Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Witness Systems demands a trial by jury on all claims, defenses, and counterclaims.

Dated:  [January 18] <u>February 7</u>, 2007      FISH & RICHARDSON P.C.

By:  _____
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
John D. Hamann (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005

Attorneys for Defendant and Counterclaim Plaintiff
Witness Systems, Inc.