# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

        *Plaintiffs and Counterclaim*
        *Defendants*,

    v.

WITNESS SYSTEMS, INC.,

        *Defendant and Counterclaim*
        *Plaintiff.*

C.A. No. 06-311-JJF

---

## WITNESS SYSTEMS, INC.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE ITS
## SECOND AMENDED ANSWER, DEFENSES, AND COUNTERCLAIMS

**FISH & RICHARDSON P.C.**
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
John D. Hamann (*pro hac vice*)
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005

Attorneys for Defendant
WITNESS SYSTEMS, INC.

DATED: March 21, 2007

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.    NATURE AND STAGE OF THE PROCEEDINGS ..............................................1

II.   SUMMARY OF THE ARGUMENT ..................................................................2

III.  STATEMENT OF FACTS ..............................................................................4

IV.  ARGUMENT ....................................................................................................6

       A.     Witness Systems Should Be Permitted To Amend Its
             First Amended Answer, Defenses, And Counterclaims ..............................6

       B.     The Filing Of This Motion Should Relate Back To
             February 7, 2007 ....................................................................................7

V.    CONCLUSION ................................................................................................9

i

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006)....................................................................................6

*Enzo Life Sciences v. Digene Corp.*,
    270 F. Supp. 2d 484 (D. Del. 2003)........................................................................9

*United States v. Teeven,*
    Civ. A. No. 92-418 LON, 1992 WL 683682 (D. Del. Oct. 27, 1992) .................7

## FEDERAL STATUTES

Fed. R. Civ. P. 15....................................................................................................7, 9

Fed. R. Civ. P. 15(a) ..................................................................................................6

Fed. R. Civ. P. 15.1 ...................................................................................................9

Fed. R. Civ. P. 16(b) ...............................................................................................8, 9

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs NICE Systems Ltd. and NICE Systems, Inc. (collectively, "NICE") filed a Complaint initiating this litigation against Defendant Witness Systems, Inc. ("Witness Systems") on May 10, 2006.  D.I. No. 1.  Witness Systems filed its initial Answer to NICE's Complaint on June 30, 2006.  D.I. No. 17.  The Court entered its Rule 16 Scheduling Order governing discovery in this case on October 31, 2006.  D.I. No. 46.  Paragraph 5 of the Scheduling Order set February 7, 2007 as the deadline for motions to amend pleadings.  Witness Systems filed an unopposed Motion to amend its initial Answer and add invalidity and non-infringement counterclaims on January 18, 2007.[1] D.I. No. 61.  The Court granted that Motion, and Witness Systems' First Amended Answer, Defenses, and Counterclaims was deemed filed and served on January 30, 2007.  D.I. No. 63.

On February 7, 2007, Witness Systems filed and served a Motion for Leave to File Its Second Amended Answer, Defenses, and Counterclaims to add counterclaims in light of additional documents discovered in NICE's recent production.  D.I. No. 68.  Witness Systems also attached copies of the Second Amended Answer, Defenses, and Counterclaims as amended to the filed and served documents.  That Motion was served within the deadline for motions to amend the pleadings set by Paragraph 5 of the Court's Scheduling Order.

On February 12, 2007, Witness Systems learned from the Court that its Motion for Leave to File its Second Amended Answer, Defenses and Counterclaims had been

---

[1]    Witness Systems filed a Motion to Transfer this case to the Northern District of Georgia on June 29, 2006.  D.I. No. 13.  The Court denied that motion on October 12, 2006.  D.I. No. 39.  Witness Systems sought to amend its original Answer to include counterclaims that were omitted due to the then-pending Motion to Transfer.

struck for failure to follow procedures for filing non-case dispositive motions in patent cases set forth in the Court's Order dated December 15, 2006.[2]  Specifically, Witness Systems was told that it failed to file an accompanying Notice of Motion with its Motion for Leave to Amend.

On February 16, 2007 Witness Systems again filed and served its Motion for Leave to File its Second Amended Answer, Defenses and Counterclaims, including a Notice of Motion, in accordance with the procedures set forth in the Court's Order dated December 15, 2006.  D.I. 71.  On February 20, 2007, Witness Systems learned that its Motion had been struck again, this time because the Motion was filed too late to be heard during the Court's March 2, 2007 Motion Day, but too early to be heard during the Court's April 13, 2007 Motion Day.

Witness Systems hereby respectfully moves the Court to enter an Order (1) deeming Witness Systems' Motion for Leave to Amend Its First Amended Answer, Defenses, and Counterclaims as filed on February 7, 2007, (2) granting Witness Systems leave to amend its First Amended Answer, Defenses, and Counterclaims, and (3) deeming Witness Systems' Second Amended Answer, Defenses, and Counterclaims (attached hereto as Exhibit "A") filed and served as of the date the Court enters its Order.

## II.    SUMMARY OF THE ARGUMENT

1.    Leave of Court to amend pleadings is typically granted where justice so requires.  Witness Systems seeks to amend its First Amended Answer to include counterclaims that could not have been asserted earlier.  Witness Systems only recently

---

[2]    Witness Systems mistakenly read language in the Court's December 15 Order stating that "this procedure . . . shall be used in lieu of the discovery dispute procedure in all existing Scheduling Orders" as limiting the applicability of the procedure to discovery disputes.

learned of factual matters underlying those counterclaims through discovery. Witness Systems originally filed this Motion within the period prescribed in the scheduling order, and justice requires that Witness Systems be permitted to assert counterclaims for which it has a legal basis.

2.     The Court possesses inherent authority to manage its docket to promote efficiency and achieve justice. Witness Systems originally filed its Motion seeking leave to amend its First Amended Answer on February 7, 2007, the deadline under the Scheduling Order for filing motions to amend pleadings. Witness Systems also placed NICE on notice of its intent to amend its First Amended Answer, as well as the substance of the proposed amendments, by seeking NICE's consent to the motion beforehand, and by serving NICE with the original Motion and all related papers on February 7, 2007. Although Witness Systems' February 7, 2007 Motion was struck for non-compliance with technical filing requirements, the Court should exercise its inherent authority to relate the filing of this Motion back to February 7, 2007. Such relation back will promote justice, but will not prejudice NICE.

Alternatively, the Court should modify the scheduling order for good cause shown to permit Witness Systems to amend its First Amended Answer, Defenses, and Counterclaims. The facts upon which Witness Systems' additional counterclaims are based were only recently discovered through review of documents produced by NICE — NICE's original interrogatory responses suggested the facts were different from what these documents establish. Witness Systems has not unduly delayed seeking leave to add its additional counterclaims to its pleadings. NICE has been on notice of Witness

Systems' additional counterclaims since at least February 7, 2007, and will not be

prejudiced by amendment of Witness Systems' pleadings to include those counterclaims.

## III.    STATEMENT OF FACTS

Witness Systems' First Amended Answer, Defenses, and Counterclaims added

invalidity and non-infringement counterclaims, which were already asserted as defenses

in this case, but which were not initially pled as counterclaims due to a then-pending

motion to transfer.  NICE did not oppose this first amended pleading.

Witness Systems now seeks to amend its pleading a second time based on

information Witness Systems first discovered in NICE documents only days before the

February 7, 2007 deadline for amending pleadings.  Witness Systems' Second Amended

Answer, Defenses, and Counterclaims asserts antitrust counterclaims for violations of § 2

of the Sherman Act.  Specifically, Witness Systems now seeks to allege (1) a *Walker

Process* counterclaim based on NICE knowingly asserting U.S. Patent No. 5,396,371 (the

"'371 patent") which issued due to the intentional withholding of material prior art (Racal

Recorders' Rapidax product) from the U.S. Patent Office, and (2) a sham litigation claim

based on NICE knowingly asserting an objectively invalid patent to interfere with

Witness Systems' business.[3]

Witness Systems knew that Dictaphone previously brought suit against NICE,

alleging infringement of some of the patents-in-suit, including the '371 patent ("the

Dictaphone Litigation").  Witness Systems, however, only had general knowledge of the

suit and many documents relating to the suit are either not publicly available or have

limited public accessibility.  The detailed factual bases for Witness Systems'

---

[3]    Upon information and belief, Racal Recorders became part of NICE in 2003, after
NICE obtained  expert reports opining that the '371 patent was unenforceable and
invalid in light of the Rapidax product.

counterclaims only became known to Witness Systems from documents produced by

NICE for the first time in mid-January 2007.

Witness Systems attempted to discover facts concerning the '371 patent and

NICE's assertion in the Dictaphone Litigation that the '371 patent was unenforceable by

propounding Interrogatory No. 11 to NICE in September 2006.  NICE's response,

however, suggested its unenforceability defense lacked factual support:

> **INTERROGATORY NO. 11:**
> Identify all facts relied upon in alleging NICE's affirmative
> defense in the Dictaphone/NICE litigation that U.S. Patent
> No. 5,396,371 is unenforceable.
>
> **OBJECTIONS AND RESPONSE TO**
> **INTERROGATORY NO. 11:**
>
> NICE objects to Interrogatory No. 11 to the extent that it
> seeks information which is protected by the attorney-client
> privilege, which consists of attorney work-product, or which
> is otherwise protected from disclosure.
>
> Subject to these Specific Objections and the above-listed
> General Objections, NICE responds that documents from
> which such information may be derived or ascertained will be
> produced to Defendant in response to its request for
> production of documents.  During NICE's production of bates
> numbered documents in response to Defendant's request for
> production of documents, NICE intends to supplement this
> response to identify the bates numbers of documents
> responsive to Interrogatory No. 11. Further, NICE'S
> contention of inequitable conduct during the prosecution of
> U.S. Patent 5,396,371 was ultimately unsupported by the facts
> of the Dictaphone v. NICE litigation.[4]

NICE provided no further detail, and to this day NICE has not pointed to any

documents to support this assertion.

---

[4]    NICE obtained the '371 patent and seven others of the patents-in-suit from
       Dictaphone after the Dictaphone Litigation concluded.

Witness Systems, however, discovered numerous documents in NICE's production detailing the factual bases for NICE's charges of unenforceability and invalidity of the '371 patent in the Dictaphone Litigation. These documents include, *inter alia*, expert reports NICE obtained during its defense of the Dictaphone infringement suit in which one NICE expert opined that the '371 patent is unenforceable due to the intentional failure to disclose the Rapidax product, and another NICE expert opined that the '371 patent is invalid in light of the Rapidax product. Based on this newly discovered evidence, and NICE's failure to identify these expert reports in response to Interrogatory No. 11, justice requires that Witness Systems be allowed to amend its pleading to assert counterclaims for *Walker Process* fraud and sham litigation.

## IV.    ARGUMENT

### A.    Witness Systems Should Be Permitted To Amend Its First Amended Answer, Defenses, And Counterclaims

Federal Rule of Civil Procedure 15 "embodies a liberal approach to pleading," and "leave of court [to amend]. . . 'shall be freely given when justice so requires.'" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). The Court should allow Witness Systems to amend its pleading so it may assert these counterclaims because (1) Witness Systems discovered the factual bases for these claims, including NICE's own expert reports, only days before the February 7, 2007 deadline for amending pleadings, despite earlier efforts to discover this information and despite NICE's failure to identify the documents earlier, (2) Witness Systems filed this Motion within the period prescribed in the scheduling order, and (3) justice so requires.

- 6 -

**B.**    **The Filing Of This Motion Should Relate Back To February 7, 2007**

District Courts possess inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *United States v. Teeven*, Civ. A. No. 92-418 LON, 1992 WL 683682, at *11 (D. Del. Oct. 27, 1992) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).  Courts' inherent powers may be exercised to "promote efficiency in their courtrooms and to achieve justice in their results."  *Id.* (quoting *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 564 (3d Cir. 1985)). Witness Systems originally filed its Motion for Leave to Amend its First Amended Answer, Defenses, and Counterclaims on February 7, 2007, within the timeframe set forth in the Rule 16 Scheduling Order entered in this case for filing motions to amend pleadings.  Witness Systems served that Motion and the accompanying papers on NICE on the same date, having previously requested NICE's consent to the motion, which was denied.  Witness Systems' February 7, 2007 Motion was struck on February 12, 2007 for non-compliance with technical filing requirements set forth in a Court Order issued only two months earlier, on December 15, 2006.  Although Witness Systems attempted to rectify its non-compliance by re-filing its Motion on February 16, 2007, that Motion was also struck on February 20, 2007.

This Motion is filed to correct the technical deficiencies of the February 7, 2007 filing.  Although this Motion is now being filed after the February 7 deadline for motions to amend pleadings, the court should exercise its inherent authority to relate the filing of this Motion back to February 7 when the Motion was first filed.  Consistent with that relation back, the Court should consider this Motion under the "liberal approach to pleading" embodied by Rule 15, under which leave of court to amend is freely granted.

- 7 -

This is the standard under which Witness Systems' original February 7 Motion would have been considered, as it was timely filed within the deadline set by the Court's Scheduling Order.[5]  Further, although Witness Systems' February 7 filing was technically defective, Witness Systems served NICE with its Motion and all accompanying papers on February 7.  Thus, NICE was effectively put on notice of Witness Systems' Motion to Amend and the substance of Witness Systems' proposed counterclaims by at least February 7, and NICE will not be unfairly surprised or otherwise prejudiced by grant of this Motion now.  To achieve a just result, the Court should exercise its inherent powers to relate the filing date of this Motion back to February 7, 2007.

Alternatively, the Court should amend the Scheduling Order, permitting Witness Systems to timely file this Motion, pursuant to Federal Rule of Civil Procedure 16(b). Rule 16(b) permits the Court to amend a scheduling order for good cause shown. Witness Systems had no basis for asserting its proposed additional counterclaims until it learned of facts supporting those counterclaims through discovery.  Those facts were discovered only shortly before the February 7 deadline for amending pleadings, and Witness Systems did not delay in attempting to amend its pleadings to add those counterclaims.  Indeed, Witness Systems filed its initial Motion seeking leave to amend within the timeframe set forth in the Scheduling Order.  NICE was on notice of Witness Systems' intent to amend its pleadings and the substance of the proposed additional counterclaims at least by February 7, 2007, and thus NICE will not be prejudiced by addition of those counterclaims.

---

[5]   Witness Systems acknowledges its failure to comply with procedures set forth in the Court's December 15, 2006 Order, but respectfully requests that it not be forced to meet a higher standard to amend its pleading simply because its filings did not conform with new technical requirements.

Although Witness Systems believes that its Motion to Amend should be considered under the liberal standards of Rule 15, Witness Systems has also shown good cause under Rule 16(b) for amendment of the Scheduling Order, and accordingly, the Court should grant Witness Systems' Motion to Amend its pleadings. *See Enzo Life Sciences v. Digene Corp.*, 270 F.Supp.2d 484, 489-90 (D. Del. 2003) (granting defendant's motion to amend answer and counterclaims where facts supporting amendment were recently discovered, defendant did not unreasonably delay filing its amendment, and plaintiff would not be prejudiced by the amendment).

## V.    CONCLUSION

Witness Systems respectfully requests that the Court grant its motion to amend and deem Witness Systems' Second Amended Answer, Defenses, and Counterclaims filed and served. Witness Systems also requests that the Court relate the date of filing this Motion back to February 7, 2007. In accordance with Local Rule 15.1, Witness Systems' Second Amended Answer, Defenses and Counterclaims, and a black-lined comparison to the First Amended Answer Defenses and Counterclaims to Plaintiffs' Complaint are attached hereto as Exhibits "A" and "B," respectively.

/

/

/

/

/

/

Dated:  March 21, 2007                    FISH & RICHARDSON P.C.


By:  */s/ Kyle Wagner Compton*
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     919 N. Market Street, Suite 1100
     P. O. Box 1114
     Wilmington, DE  19899-1114
     Tel:  (302) 652-5070

     Nagendra Setty (*pro hac vice*)
     Daniel A. Kent (*pro hac vice*)
     John D. Hamann (*pro hac vice*)
     1180 Peachtree Street, NE
     21st Floor
     Atlanta, GA 30309
     Tel: (404) 892-5005

Attorneys for Defendant
Witness Systems, Inc.

- 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2007, I electronically filed with the Clerk of

Court "WITNESS SYSTEMS, INC.'S OPENING BRIEF IN SUPPORT OF ITS

MOTION FOR LEAVE TO FILE ITS SECOND AMENDED ANSWER, DEFENSES,

AND COUNTERCLAIMS" using CM/ECF which will send notification of such filing(s)

to the below-listed Delaware counsel.  In addition, the filing will also be sent via hand

delivery to:

Josy W. Ingersoll                          *Attorneys for Plaintiffs*
Melanie K. Sharp                           *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I hereby certify that on March 21, 2007, I have emailed and sent via United States

Postal Service, the document(s) to the following non-registered participants:

Scott G. Lindvall                          *Attorneys for Plaintiffs*
Daniel DiNapoli                            *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


          */s/ Kyle Wagner Compton*
          Kyle Wagner Compton