**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>  *Plaintiffs*,<br><br>  v.<br><br>WITNESS SYSTEMS, INC.,<br><br>  *Defendant*. | Civil Action No. 06-311-JJF |

**NOTICE OF DEPOSITION OF BLUE CROSS BLUE SHIELD OF GEORGIA**

  PLEASE TAKE NOTICE that, pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure, Defendant Witness Systems, Inc. ("Witness Systems") will take the deposition of Blue Cross Blue Shield of Georgia ("BCBS of GA") at the offices of Fish & Richardson P.C., 1180 Peachtree St., NE, 21st Floor, Atlanta, GA 30030, on May 21, 2007, at 10:00 a.m., or at such other time and place as the parties may agree. The deposition will be taken under the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, for the purpose of discovery, for use at trial and for such other purposes as are permitted at law.

  This notice requires BCBS of GA to designate one or more persons to testify on its behalf regarding the matters set forth in Exhibit B attached hereto. In accordance with the Federal Rules, the District of Delaware Local Court Rules, and any order of the Court, this deposition will be recorded by videographic and/or ordinary stenographic methods, before a Notary Public or other person authorized to administer oaths, and it shall continue from day to day until concluded. You are invited to attend and examine the witness(es).

  By May 17, 2007, BCBS of GA is further requested to provide the undersigned counsel with a list of proposed witness(es) for each topic identified in Exhibit B.

Dated: April 16, 2007                FISH & RICHARDSON P.C.


                                     By: */s/Kyle Wagner Compton*
                                         William J. Marsden, Jr. (#2247)
                                         Kyle Wagner Compton (#4693)
                                         919 N. Market Street, Suite 1100
                                         P. O. Box 1114
                                         Wilmington, Delaware 19899-1114
                                         Telephone: (302) 652-5070

                                         Nagendra Setty (*pro hac vice*)
                                         Daniel A. Kent (*pro hac vice*)
                                         John D. Hamann (*pro hac vice*)
                                         Noah C. Graubart (*pro hac vice*)
                                         1180 Peachtree Street, NE, 21st Floor
                                         Atlanta, GA 30309
                                         Telephone: (404) 892-5005

                                         ATTORNEYS FOR DEFENDANT
                                         WITNESS SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2007, I electronically filed with the Clerk of Court the foregoing **NOTICE OF DEPOSITION OF BLUE CROSS BLUE SHIELD OF GEORGIA** using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery.

Josy W. Ingersoll  *Attorneys for Plaintiffs*
Melanie K. Sharp  *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I also certify that on April 16, 2007, I have sent by electronic mail and U.S. Class Mail, the document(s) to the following non-registered participants:

Scott G. Lindvall  *Attorneys for Plaintiffs*
Daniel DiNapoli  *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

/s/Kyle Wagner Compton
Kyle Wagner Compton

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | GEORGIA |

NICE SYSTEMS, INC.,
and NICE SYSTEMS LTD.,

      Plaintiffs,

        v.

WITNESS SYSTEMS, INC.,

      Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] C.A. No. 06-311-JJF (D. Del.)

TO: Blue Cross Blue Shield of Georgia
c/o CT Corporation System
1201 Peachtree St., NE
Atlanta, GA 30361

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.<br>1180 Peachtree St., NE<br>21st Floor<br>Atlanta, GA 30309 | May 21, 2007<br>at 10:00 a.m.. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at The place, date and time specified below (list documents or objects):
See Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.<br>1180 Peachtree St., NE<br>21st Floor<br>Atlanta, GA 30309 | May 1, 2007<br>at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant Witness Systems, Inc. | April 16, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Noah C. Graubart, Fish & Richardson P.C., 1180 Peachtree St., NE, 21st Floor, Atlanta, GA 30309
Ph: (404) 892-5005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE                    SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **EXHIBIT A – DOCUMENT REQUESTS**

## **DEFINITIONS**

These topics incorporate the following definitions and instructions, without limiting the scope of the Federal Rules of Civil Procedure.

A. If you do withhold from production any document or thing because of a claim of privilege or other protection, the claim shall be made expressly and shall describe the nature of the document or thing not disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection, as required by Rule 45(d)(2).

B. "Document" encompasses any recording of information in tangible or recoverable form, including all written, typed, printed, recorded or graphic matter, photographic matter and tapes, computer databases, electronic mail, voicemail records, computer tapes and discs, word processing files, or any other devices or tangible objects upon which words or other information are affixed or recorded, that is in your actual or constructive possession, custody or control, including all prior drafts and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made. It includes, but is not limited to, letters, memoranda, reports, evaluations, inventor notebooks, agreements, invoices, checks, ledgers, handwritten notes, periodicals, computer printouts, notes or records of meetings, printers' galleys, books, papers, speeches, advertising, materials filed with government agencies, office or employee manuals, and any other written matter.

C. As used herein, the terms "you," "your" and "BCBS of GA" mean Blue Cross Blue Shield of Georgia, the recipient of this subpoena.

D. "Witness Systems" means Witness Systems, Inc. and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Witness Systems' behalf, including Eyretel.

E. "Eyretel" means Eyretel Plc and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Eyretel's behalf.

F. "Seltronics" means Seltronics, Inc. or Seltronics Eyretel, Inc. and their directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Seltronic's behalf.

G. "Dictaphone" means Dictaphone Corporation, its directors, officers, consultants, agents, representatives, predecessors in interest, successors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Dictaphone's behalf.

H. "NICE" means NICE Systems Ltd., NICE Systems, Inc., and any of their directors, officers, consultants, agents, representatives, predecessors in interest, parents, subsidiaries, assignees, licensees, employees, and attorneys of either, and any other persons acting on NICE's behalf.

I. As used herein, the term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

- 2 -

J. "Person" means any natural person or any business, legal or governmental entity or association, including, but not limited to, private and public partnerships, associations, corporations, joint ventures, sole proprietorships, firms and governments.

K. "Concerning" means relating to, referring to, describing, evidencing or constituting.

12014097.DOC

## DOCUMENT REQUESTS

### REQUEST NO. 1

All documents, hardware, and/or software concerning the sale, offer for sale, installation and/or implementation of any call center product, or component(s) thereof, including any implementation of e1000, Unify, eWare, or Eclipse, at any BCBS of GA facility in or about 1997.

### REQUEST NO. 2

All documents concerning the sale, offer for sale, installation, implementation, maintenance, or upgrade of any Witness Systems, Eyretel, or Seltronics hardware or software product or service, or any component(s) thereof, including without limitation, manuals, invoices, and/or proposals at any BCBS of GA facility.

### REQUEST NO. 3

All software and/or hardware concerning any Witness Systems, Eyretel, or Seltronics product or service or any component(s) thereof.

### REQUEST NO. 4

All documents concerning Witness Systems, Eyretel, Seltronics, NICE or Dictaphone.