IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and NICE SYSTEMS LTD,<br><br>     Plaintiffs,<br><br>     v.<br><br>WITNESS SYSTEMS, INC.<br><br>     Defendant. | 1:06-cv-00311 |

**DEFENDANT WITNESS SYSTEMS, INC.'S NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFFS
NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD.**

To:   Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd., by and through their counsel of record:

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Witness Systems, inc. ("Witness Systems"), by and through its attorneys of record, will take the deposition of defendants NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE"), by one or more officers, directors, or managing agents, or other person designated to testify on their behalf, respecting the subjects identified in Attachment A.  The deposition will commence on Thursday, May 24, 2007 at 9:00 a.m. and continue from day-to-day thereafter until completed, the offices of Fish & Richardson P.C., Citigroup Center – 52nd Floor, 153 East 53rd Street, New York, NY 10022-4611.   The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure, before an officer duly authorized by law to administer oaths and record testimony.  Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape.  Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NICE is obligated to designate one or more of its officers, directors, or managing agents, or other persons who consent to testify on their behalf concerning the matters set forth in Attachment A. NICE is requested to set forth, for each person designated, the matters on which the person will testify.

Documents requested in connection with this notice are to be produced on Thursday, May 17, 2007 to the following location: Fish & Richardson P.C., Citigroup Center – 52nd Floor, 153 East 53rd Street, New York, NY 10022-4611, (212) 765-5070 (Tel.), (212) 258-2291 (Fax).

This deposition is noticed, and will be taken, without prejudice to Witness Systems' right to depose this witness in the future. The deposition may be used for any purpose including evidence at trial.

You are invited to attend and examine the witness.


Dated: April 20, 2007                FISH & RICHARDSON P.C.


                                     By: */s/ Kyle Wagner Compton*
                                         William J. Marsden, Jr. (#2247)
                                         Kyle Wagner Compton (#4693)
                                         919 N. Market Street, Suite 1100
                                         P. O. Box 1114
                                         Wilmington, DE  19899-1114
                                         Tel:  (302) 652-5070

                                         Nagendra Setty (*pro hac vice*)
                                         Daniel A. Kent (*pro hac vice*)
                                         1180 Peachtree Street, NE, 21st Floor
                                         Atlanta, GA 30309
                                         Tel: (404) 892-5005

                                     Attorneys for Defendant and Counterclaim Plaintiff
                                     Witness Systems, Inc.

## ATTACHMENT A

## **DEFINITIONS**

1. "Defendant," or "Witness" means Witness Systems, Inc. and includes without limitation all of its corporate locations, and all predecessors, parents, subsidiaries, divisions, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Witness and others acting on behalf of Witness.

2. "Plaintiff," "NICE," "you," and "your" mean, collectively, NICE Systems, Inc. and NICE Systems, Ltd., including without limitation all corporate locations, and all predecessors, parents, subsidiaries, divisions, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relations with NICE and others acting on behalf of NICE.

3. "Dictaphone" means Dictaphone Corporation, its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Dictaphone's behalf, and includes any portion of Dictaphone Corporation or any assets of Dictaphone Corporation, including but not limited to intellectual property assets, acquired by NICE, as defined in Definition No. 2 above.

4. "Person" means any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity, or its divisions, departments, or other units thereof, and its agents and employees, and any other non-natural person of whatever nature.

5.   Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

6.   The term "the '738 Patent" refers to U.S. Patent No. 5,274,738.

7.   The term "the '371 Patent" refers to U.S. Patent No. 5,396,371.

8.   The term "the '005 Patent" refers to U.S. Patent No. 5,819,005.

9.   The term "the '570 Patent" refers to U.S. Patent No. 6,249,570.

10.  The term "the '345 Patent" refers to U.S. Patent No. 6,728,345.

11.  The term "the '372 Patent" refers to U.S. Patent No. 6,775,372.

12.  The term "the '370 Patent" refers to U.S. Patent No. 6,785,370.

13.  The term "the '920 Patent" refers to U.S. Patent No. 6,870,920.

14.  The term "the '079 Patent" refers to U.S. Patent No. 6,959,079.

15.  The term "the '109 Patent" refers to U.S. Patent No. 7,010,109.

16.  The term "patents-in-suit" refers collectively to U.S. Patent No. 5,274,738, U.S. Patent No. 5,396,371, U.S. Patent No. 5,819,005, U.S. Patent No. 6,249,570, U.S. Patent No. 6,728,345, U.S. Patent No. 6,775,372, U.S. Patent No. 6,785,370, U.S. Patent No. 6,870,920, U.S. Patent No. 6,959,079, and U.S. Patent No. 7,010,109.

17.  "Related patents and applications" means all patents and applications, whether U.S. or foreign, the priority for which is based in whole or in part on any application from which the patents-in-suit also claim priority in whole or in part. This phrase also includes all patents and applications, whether U.S. or foreign, that claim priority in whole or in part to the patents-in-suit.

18. "Foreign counterparts" shall be interpreted broadly and includes any foreign patent or application that is based in whole or in part on, or which claims priority from or to, the patents-in-suit or any related patents and applications. This phrase also includes any foreign patent or application from or to which the patents-in-suit claim priority.

19. "Communication" or any variant thereof means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document, the transmittal of information by any means , and any oral contact such as face-to-face meetings or telephone conversations.

20. "Relating to" and "relate to" include, but are not limited to, the following meanings (including all variants thereof): pertaining to; discussing; mentioning; containing; comprising; concerning; reflecting; evidencing; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

22. The words "any" and "all" should be given their most inclusive meaning and should be construed to mean "any and all."

23. The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all facts, documents, things, or communications that might otherwise be construed as outside the scope of these requests.

24.     The tense of each verb shall be construed broadly to include the past tense, the present tense, and where appropriate, the future tense, irrespective of the tense used.

## INSTRUCTIONS

A.      You are to produce all documents identified below under the heading "Documents To Be Produced," that are within your possession, custody, or control, or otherwise available to You. You are also to make yourself available for the purpose of giving testimony at a deposition about each of the subjects identified below under the headings "Deposition Topics."

B.      All documents that respond, in whole or in pat, to any portion of this notice are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto. To the extent these documents are maintained in both hard copy and electronic form, provide both forms.

C.      All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

D.      If any document requested has existed but has been lost, destroyed, or is no longer within Your possession, custody or control, identify those documents and describe the documents, its author(s), the recipient (s) or addressee(s), the subject matter and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known

custodian of the document and each person who has knowledge of the loss or destruction of any such document.

E. If you decline to disclose information based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

    (a) to disclose the facts upon which you rely in asserting your claim;

    (b) to permit the grounds and the reasons for withholding the information to be identified unambiguously;

    (c) to permit the information withheld to be identified unambiguously; and

    (d) to identify all persons having knowledge of any facts relating to the claim of privilege.

If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim does not apply.

F. If subsequent to the date You produce documents responsive to this notice You discover or receive documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

G. Each document is to be produce along with all drafts, without abbreviation or redaction.

## **DOCUMENTS TO BE PRODUCED**

1. All documents that You consulted, reviewed, or referred to in preparing to testify (unless the document has already been produced).

## DEPOSITION TOPICS

1. NICE's allegations of infringement of the patents-in-suit, including the circumstances under which NICE first became aware the Witness Systems was allegedly infringing claims of the patents-in-suit.

2. The basis for all allegations underling NICE's Complaint and Answer to Witness Systems' Counterclaims.

3. Activities by NICE to enforce rights under the patents-in-suit against others, including any letters or other communications with third parties concerning potential infringement of the patents or allegations of infringement of the patents.

4. Activities by Dictaphone to enforce rights under the patents-in-suit against others, including any letters or other communications with third parties concerning potential infringement of the patents or allegations of infringement of the patents.

5. NICE's organizational structure with respect to research, development, conception, design, and reduction to practice of the technology covered by each of the patents-in-suit.

6. Dictaphone's organizational structure with respect to research, development, conception, design, and reduction to practice of the technology covered by each of the patents-in-suit.

7. The conception and reduction to practice of the technology allegedly covered by each of the patents-in-suit, including the activities conducted, and the exercise of diligence, by each person involved in such conception and reduction to practice.

8. NICE's relationship with Dictaphone, including, but not limited to, the history of that relationship, NICE's past litigation with Dictaphone, NICE's subsequent

acquisition of all or some portion of Dictaphone, NICE's acquisition of intellectual property or other assets from Dictaphone, and the rationale for any acquisition of or from Dictaphone.

9.   Any opinions of counsel that NICE or Dictaphone obtained or received related to or concerning the patents-in-suit.

10.  NICE's policies and practices with respect to the filing, storage, retention, backup, and destruction of documents, including e-mail, from 1995 to present.

11.  Dictaphone's policies and practices with respect to the filing, storage, retention, backup, and destruction of documents, including e-mail, from 1995 to present.

12.  NICE's intellectual property policies and procedures, including without limitation any policies or procedures relating to patenting technologies.

13.  Dictaphone's intellectual property policies and procedures, including without limitation any policies or procedures relating to patenting technologies.

14.  The prosecution of the applications leading to the patents-in-suit, including the substance of all interactions with patent prosecution counsel.

15.  NICE products that embody or practice the claims of the patents-in-suit, including without limitation how the products practice the claims, and the information contained in the technical specifications, design documents, schematics, and other technical documents addressing the development, function, and use of such products.

16.  Dictaphone products that embody, or practice the claims of the patents-in-suit, including without limitation how the products practice the claims, and the information contained in the technical specifications, design documents, schematics, and

other technical documents addressing the development, function, and use of such products.

17. Any and all commercialization, marketing, promotion announcement, publicity, or documentation of the subject matter of the patents-in-suit by NICE.

18. Any and all commercialization, marketing, promotion announcement, publicity, or documentation of the subject matter of the patents-in-suit by Dictaphone.

19. Any and all disclosures made to individuals or entities outside of NICE and/or Dictaphone concerning the subject matter of the patents-in-suit prior to each patent's filing date.

20. NICE's manufacture, use, sale or offer for sale of any product incorporating any subject matter of the patents-in-suit.

21. Dictaphone's manufacture, use, sale or offer for sale of any product incorporating any subject matter of the patents-in-suit.

22. Any objective evidence of nonobviousness to be relied upon by NICE, including any evidence that tends to support or undermine any secondary considerations.

23. NICE's marking practices concerning the patents-in-suit, including the extent to which any products incorporating any subject matter of any of the patents-in-suit were marked with the patent number of any of the patents-in-suit.

24. Dictaphone's marking practices concerning patents-in-suit, including the extent to which any products incorporating any subject matter of any of the patents-in-suit were marked with the patent number of any of the patents-in-suit.

25. Any agreements involving the patents-in-suit or the subject matter claimed by the patents-in-suit, including any licenses or assignments to such patents or subject matter.

26. The quantity of NICE products that embody or practice the claims of the patents-in-suit made, used, sold, or offered for sale by NICE from December 31, 1990 to the present, and the revenues (in U.S. dollars), costs (in U.S. dollars), and profits (in U.S. dollars) resulting from such manufacture, use, sale, and offer for sale. This topic includes any and all forecasts and projections of such use, sales or offers for sale.

27. The quantity of Dictaphone products that embody or practice the claims of the patents-in-suit made, used, sold, or offered for sale by NICE from December 31, 1990 to the present, and the revenues (in U.S. dollars), costs (in U.S. dollars), and profits (in U.S. dollars) resulting from such manufacture, use, sale, and offer for sale. This topic includes any and all forecasts and projections of such use, sales or offers for sale.

28. NICE's accounting practices, methods, and understandings, including but not limited to NICE's methods of accounting for revenues, costs and profits; methods of depreciation; allocation of expenses; inventory measurements; profit allocation; and losses and assignments of debt.

29. Dictaphone's accounting practices, methods, and understandings, including but not limited to Dictaphone's methods of accounting for revenues, costs and profits; methods of depreciation; allocation of expenses; inventory measurements; profit allocation; and losses and assignments of debt.

30. Any earnings or valuation (including but not limited to projected earnings or valuation)of any technology that embodies or practices the claims of the patents-in-suit.

31. The commercial success (or lack thereof) of all NICE and Dictaphone products that embody or practice the claims of the patents-in-suit, including, but not limited to revenues, costs, and/or profits from any such NICE and/or Dictaphone products; profit margins of any such NICE and/or Dictaphone products; and any comparison of the commercial success of such products to other products.

32. The facts surrounding any and all sales NICE contends it lost as a result of the alleged infringement in this case.

33. The facts surrounding any and all profits NICE contends it lost as a result of the alleged infringement in this case.

34. The facts surrounding any alleged communication between NICE or Dictaphone on the one hand, and Witness Systems on the other, concerning the patents in suit before the filing if this action.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2007, I electronically filed with the Clerk of Court DEFENDANT WITNESS SYSTEMS, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFFS NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD. using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

| | |
|---|---|
| Scott G. Lindvall<br>Daniel P. DiNapoli<br>Joseph M. Drayton<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY 10022-3598 | Attorneys for Plaintiffs<br>NICE Systems, Inc. and NICE Systems, LTD |
| Josy W. Ingersoll (#1088)<br>Melanie Sharp (#2501)<br>Karen Keller (#4489)<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE  19899-0391 | Attorneys for Plaintiffs<br>NICE Systems, Inc. and NICE Systems, LTD |

I hereby certify that on April 20, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

I hereby certify that on April 20, 2007, I have emailed and sent via United States Postal Service, the document(s) to the following non-registered participants:

Scott G. Lindvall
Daniel DiNapoli
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

*/s/ Kyle Wagner Compton*
Kyle W. Compton
Fish & Richardson P.C. (Delaware)
Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware 19899-1114
(302) 652-5070
KCompton@fr.com