IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>WITNESS SYSTEMS, INC.,<br><br>    *Defendant*. | Civil Action No. 06-311-JJF |

## NOTICE OF DEPOSITION OF JOHN HENITS

PLEASE TAKE NOTICE that, pursuant to subpoena and Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, Defendant Witness Systems, Inc. ("Witness Systems") will take the deposition of John Henits at the offices of Fish & Richardson P.C., Citigroup Center – 52nd Floor, 153 East 53rd Street, New York, NY 10022-4611, on Monday, May 21, 2007, beginning at 9:30 a.m., and continuing thereafter until completed.

The deposition will be conducted under the Federal Rules of Civil Procedure and the Local Rules for the District of Delaware, for the purpose of discovery, for use at trial and for such other purposes as are permitted at law.  This deposition will be recorded by videographic and/or ordinary stenographic methods, before a Notary Public or other person duly authorized by law to administer oaths.

Dated: April 20, 2007   FISH & RICHARDSON P.C.


By: */s/Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware 19899-1114
Telephone: (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
John D. Hamann (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2007, I electronically filed with the Clerk of Court "NOTICE OF DEPOSITION OF JOHN HENITS" using CM/ECF which will send notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery to:

Josy W. Ingersoll
Melanie K. Sharp
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899 *Attorneys for Plaintiffs*
*Nice Systems Ltd. and Nice Systems, Inc.*

I hereby certify that on April 20, 2007, I have emailed and sent via United States Postal Service, the document(s) to the following non-registered participants:

Scott G. Lindvall
Daniel DiNapoli
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022 *Attorneys for Plaintiffs*
*Nice Systems Ltd. and Nice Systems, Inc.*

/s/ Kyle Wagner Compton
Kyle Wagner Compton

# Issued by the
# UNITED STATES DISTRICT COURT

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

NICE SYSTEMS, INC. and NICE SYSTEMS LTD,

    Plaintiffs,

v.

WITNESS SYSTEMS, INC.

    Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:[1] 06-311

Pending in the United States District Court for the District of Delaware

TO: John Henits
c/o Scott G. Lindvall, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

☐ YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a stenographic and videotaped deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Fish & Richardson P.C.<br>Citigroup Center – 52nd Floor<br>153 East 53rd Street<br>New York, NY 10022-4611 | May 21, 2007 at<br>9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]<br>Attorney for Defendant Witness Systems, Inc. | 4/20/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kyle Wagner Compton, Fish & Richardson P.C., 919 N. Market Street, Suite 1100, Wilmington, DE 19899
Tel: 302-652-5070

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret of other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.