REDACTED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC., a Delaware Corporation, and )
NICE SYSTEMS, LTD., an Israeli Corporation, )
                                             )
                      Plaintiffs, )
                      )    Civil Action No. 06-311-JJF
             v. )
                      )
WITNESS SYSTEMS, INC, a Delaware Corporation, )    CONFIDENTIAL –
                      )       FILED UNDER SEAL
                  Defendant. )
                      )

## PLAINTIFFS' EXPEDITED MOTION TO COMPEL DISCOVERY RELATING TO CERTAIN DOCUMENTS PRODUCED BY DEFENDANT WITNESS SYSTEMS, INC.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.*

Dated: May 30, 2007

## PRELIMINARY STATEMENT

Pursuant to Fed. R. Civ. P. 37(a) and paragraph 22 of the January 9, 2007, Consent Protective Order ("Protective Order"), Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively "NICE") hereby move for an order to compel Defendant Witness Systems, Inc. ("Witness") for discovery relating to certain documents. The parties have been unable to resolve their dispute on this issue.

The two disputed documents, which were produced by Witness on February 26, 2007, were marked, without objection, as exhibits by NICE's counsel during the deposition of John Bourne, an employee of Witness, on May 23, 2007. The deponent was questioned extensively about the documents, also without objection. After this extensive questioning, Witness' counsel blocked any further discovery on the documents on the basis that they contained privileged communications. NICE brings this motion to compel discovery because Witness has failed to demonstrate that the documents, which bear no indicia of privilege on their face, should be protected by the attorney-client privilege. Moreover, even if the documents contain privileged communications – which they do not – Witness has waived that privilege by its failure to take any reasonable steps to preserve the privilege.

NICE respectfully requests that the Court consider this motion on an expedited basis. NICE only received the rough transcript of the deposition last Friday on May 25, 2007. The documents contain important information further discovery of which is required.

## REDACTED

## REDACTED

For the foregoing reasons, which are discussed in further detail

---

[1] Despite good faith efforts, not all depositions could be scheduled by May 30, 2007, as contemplated by the Scheduling Order, but by agreement of counsel will be completed shortly thereafter.

065251.1001

below, NICE respectfully requests that the Court consider its motion on an expedited basis and grant this Motion to Compel.

STATEMENT OF FACTS

On May 23, 2007, counsel for NICE conducted a deposition of John Bourne.[2]  During the deposition, NICE's counsel marked two documents produced by Witness as exhibits – Plaintiffs' Exhibit 315 (WSDEPROD2458277-281) and Plaintiffs' Exhibit 316 (WSDEPROD2458301-304).[3]

**REDACTED**

**REDACTED**

At Mr. Bourne's deposition, NICE's counsel provided copies of the exhibits to opposing counsel at the deposition and questioned Mr. Bourne about those meetings for approximately ten minutes.  *See* Rough Transcript of May 23, 2007, Deposition of John Bourne at 139-152, attached as Exhibit A. During NICE's questioning on Exhibit 315, Witness' counsel (one of three in attendance) asserted only objections to the form of questions, and counsel did not make any objections based on attorney-client privilege.

After extensive questioning regarding Exhibit 315 was completed, and near the end of questioning regarding Exhibit 316, Witness' counsel, after leaving the deposition but without consulting with Mr. Bourne, asserted for the first time that both documents "were undoubtedly inadvertently produced" and constitute "attorney-client privileged communications."  (Bourne Tr. at 153, Ex. A.)  When asked to explain the basis for asserting the privilege, Witness' counsel *refused* to elaborate.  Instead, Witness' counsel maintained that "I owe you no further explanation other than an assurance that these are privileged communications, that a privilege log

---

[2]  John Bourne serves as Senior Vice President of Global Channels and Alliances for Witness.
[3]  Pursuant to agreement of counsel, Plaintiffs' Exhibits 315 and 316 were retained by Witness' counsel until this dispute is resolved.

2

will accurately reflect the nature of the privilege as would be appropriate." (Bourne Tr. at 154-155, Ex. A.)

NICE's counsel, preserving its objections, discontinued questioning on the two exhibits, but reserved the right to call back Mr. Bourne to complete his deposition until a decision could be made as to whether the documents contain privileged information. (Bourne Tr. at 158, 204-05, Ex. A.) NICE now seeks the Court's assistance to compel discovery on the two documents at issue, Plaintiffs' Exhibits 315 and 316.

**ARGUMENT**

**I.     The Exhibits at Issue Are Not Protected By the Attorney-Client Privilege.**

Attorney-client privilege "must be strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Grand Jury Investigation*, 599 F.2d 1224, 1235 (3d Cir. 1979). On the face of the two documents, there is absolutely nothing that suggests or supports that they should be protected by the attorney-client privilege.[4]

**REDACTED**

---

[4]   Indeed, both documents were produced by Witness on February 26, 2007. To date, Witness has not given *any* written notice to NICE, as the Protective Order requires, that the documents are deemed privileged and that the return of the documents is requested. *See* Protective Order, at 18-19. Also, the documents have not been designated as privileged on any privilege log to Witness' document production.

DB02:6009956.1                                                              065251.1001

**REDACTED**

**REDACTED** That Witness' counsel was unable to articulate any basis for privilege speaks for itself. *See* Bourne Tr. at 154-55.

It is well-established that "a party resisting discovery on the ground of the attorney-client privilege must by affidavit show sufficient facts as to bring the identified and described document within the narrow confines of the privilege." *International Paper Co. v. Fiberboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974); *see also Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1443 (D. Del. 1989) ("the party asserting the attorney-client privilege bears the burden of proof"). In this case, Witness has not met its burden because it has not and cannot demonstrate any basis for asserting the privilege during the deposition. As a result, the Court should grant NICE's Motion to Compel.

## II. Even If the Exhibits Contain Privileged Communications From An Attorney, Witness Has Waived That Privilege.

Even if the exhibits at issue contain privileged communications, the facts clearly demonstrate that Witness, by failing to take reasonable steps to preserve the privilege, waived any attorney-client privilege that may have covered the two exhibits.

First, the Protective Order requires Witness to make a written request to NICE to return any privileged documents it believes were inadvertently disclosed. Witness has already, on a number of occasions, requested that NICE return a significant number of allegedly privileged

_____

**REDACTED**

4

documents, and NICE has fully complied with Witness' requests.[7]  Despite Witness' conduct in allowing many privileged documents to be produced, Witness had never requested the return of these two particular documents prior to the deposition.  Even more telling is the fact that even after Mr. Bourne's deposition, Witness has still failed to give any written notice to NICE, as the Protective Order requires, that the documents are privileged and that the return of the documents is requested.[8]

Second, Witness' counsel permitted Mr. Bourne to testify extensively regarding both documents.  Mr. Bourne gave approximately ten minutes of testimony during his deposition regarding the two documents without a single objection of attorney-client privilege.  In fact, counsel for NICE even read into the record substantial portions of both documents without Witness' counsel raising any privilege-based objections.  *See* Bourne Tr. at 143-48, 151-152, Ex. A.  Witness' failure to make timely objections to such disclosures waives any attorney-client privilege that may have protected the documents.  *See, e.g., Texaco, Inc. v. Phoenix Steel Corp.*, 264 A.2d 523, 525 (Del. Ch. 1970) (attorney-client privilege for a document was waived when deposition testimony was given without objections); *U.S. v. Fisher*, 692 F. Supp. 488, 494 (E.D. Pa. 1988) ("a failure to object to questioning that may have implicated the privilege resulted in a waiver of the attorney-client privilege").[9]

---

[7]  *See, e.g.*, Letter from D. Kent to J. Drayton, dated April 17, 2007, Ex. B; Letter from D. Kent to J. Drayton, dated May 15, 2007, Ex. C; Letter from C. Green to J. Drayton, dated May 18, 2007, Ex. D; Letter from J. Frank to D. Kent, dated May 8, 2007, Ex. E.

[8]  Notwithstanding Witness' failure to abide by the Protective Order's written demand requirement, NICE has destroyed all copies of the two exhibits.

[9]  *See also Tsai-Son Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999) ("Excel did not object to all questions designed to elicit information about confidential communications, and Excel did not halt the executives' responses to all such questions. . . . Excel waived the attorney-client privilege by its failure to assert the privilege."); *U.S. v. Gurtner*, 474 F.2d 297, 299 (9th Cir. 1973) ("[T]he failure to assert the privilege when the evidence was first presented constituted a voluntary waiver of the right. . . . Once the subject matter is disclosed by a knowing failure to object there is nothing left to protect from disclosure."); *Daniels v. Hadley Mem. Hosp.*, 68 F.R.D. 583, 587 (D.D.C. 1975) ("[T]estifying in examination before trial is a waiver of the privilege as to the communications disclosed.").

Third, even after Witness' counsel asserted the attorney-client privilege, they failed to take reasonable measures to protect the allegedly privileged materials. For example, Witness' counsel did not, either at the deposition or at a later time, ask the court reporter to redact or otherwise seal the relevant portions of the deposition transcript. Furthermore, as explained above, Witness also failed to give written notice to NICE to return the two documents.

If the two documents now claimed to be inadvertently produced do contain privileged information, then Witness should have taken "all precautions against disclosure that could reasonably have been expected." *See Helman v. Murry's Steaks, Inc.*, 728 F. Supp. 1099, 1104 (D. Del. 1990). Witness has simply failed to take such precautions. Quite to the contrary, Witness' counsel has consistently failed to take even minimal care to prevent the disclosure of allegedly privileged documents. As such, any attorney-client privilege that may have attached has therefore been waived with respect to the two deposition exhibits.

## CONCLUSION

For the foregoing reasons, NICE respectfully requests that the Court grant Plaintiffs' Expedited Motion to Compel Discovery Relating to Certain Documents Produced by Defendant Witness Systems, Inc.

DB02:6009956.1                                                                065251.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc.
and Nice Systems, Ltd.*

Dated: May 30, 2007

7

065251.1001

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC., a Delaware Corporation, and )
NICE SYSTEMS, LTD., an Israeli Corporation,       )
                                                  )
                          Plaintiffs,             )
                                                  )
            v.                                    )    Civil Action No. 06-311-JJF
                                                  )
WITNESS SYSTEMS, INC, a Delaware Corporation,     )
                                                  )
                          Defendant.              )

**ORDER**

AND NOW, this _____ day of _____, 2007, Plaintiffs' Expedited Motion

To Compel Discovery Relating to Certain Documents Produced by Defendant Witness Systems,

Inc. is hereby GRANTED.


_____
United States District Judge

065251.1001

# EXHIBIT A

REDACTED

# EXHIBIT B

REDACTED

# EXHIBIT C

**REDACTED**

# EXHIBIT D

# REDACTED

# EXHIBIT E

# KAYE SCHOLER LLP

Jason P. Frank
212 836-7337
Fax 212 836-6746
Jfrank@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

May 8, 2007

_**Via Electronic Mail**_
Daniel A. Kent, Esq.
Fish & Richardson P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

Re:     *NICE Sys., Inc. & NICE Sys., Ltd. v. Witness Sys., Inc.,*
        <u>Civil Action No. 1:06-CV-0311-JJF (D. Del.)</u>

Dear Dan:

    Pursuant to your request, and in accordance with the Protective Order, we have deleted all of the documents identified in your April 17, 2007 letter. These documents were marked for deletion and removed from our network and databases immediately upon receiving your request.

Very truly yours,

Jason P. Frank

31468596.WPD

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on May 30, 2007, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Expedited Motion to Compel Discovery Relating to Certain Documents Produced by Defendant Witness Systems, Inc., with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE  19899-1114

I further certify that on May 30, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> Noah C. Graubart (graubart@fr.com)
> Nagendra Setty (setty@fr.com)
> Daniel A. Kent (kent@fr.com)
> Christopher O. Green (green@fr.com)
> Fish & Richardson, P.C.
> 1180 Peachtree Street, NE
> 21st Floor
> Atlanta, GA  30309

> *Mary F. Dugan*
> Mary F. Dugan (No. 4704)
> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE  19801
>
> P.O. Box 391
> Wilmington, Delaware  19899-0391
> (302) 571-5028
> mdugan@ycst.com

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on June 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document, Redacted Version of Plaintiffs' Expedited Motion to Compel Discovery Relating to Certain Documents Produced by Defendant Witness Systems, Inc., with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>William J. Marsden, Jr., Esquire
>Kyle Wagner Compton, Esquire
>Fish & Richardson, P.C.
>919 North Market Street, Suite 1100
>P.O. Box 1114
>Wilmington, DE  19899-1114

I further certify that on May 30, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY E-MAIL**
>Noah C. Graubart (graubart@fr.com)
>Nagendra Setty (setty@fr.com)
>Daniel A. Kent (kent@fr.com)
>Christopher O. Green (green@fr.com)
>Fish & Richardson, P.C.
>1180 Peachtree Street, NE
>21st Floor
>Atlanta, GA  30309

Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE  19801

P.O. Box 391
Wilmington, Delaware  19899-0391
(302) 571-5028
mdugan@ycst.com