REDACTED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., a Delaware Corporation, and<br>NICE SYSTEMS, LTD., an Israeli Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-311-JJF |
| | ) | |
| WITNESS SYSTEMS, INC, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION[1] TO COMPEL CERTAIN DOCUMENTS PRODUCED BY DEFENDANT WITNESS SYSTEMS, INC.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP

Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: June 5, 2007

---

[1] Counsel have agreed to delay the deposition requiring expedited decision on this motion in order to permit the motion to be heard on July 13, 2007.

## PRELIMINARY STATEMENT

In its opposition brief, Witness still fails to meet its burden to demonstrate the basis for asserting the attorney-client privilege, as the case law and Fed. R. Civ. P. 26(b)(5)(A) require.  After realizing that they failed to properly explain the basis for asserting the privilege, Witness for the first time submitted a supporting declaration from Loren Wimpfheimer with its opposition brief.  However, this declaration only makes unsupported, conclusory statements about the nature of the Technology Advisory Council ("TAC") and its meetings, and does not contain any sufficient details or facts to allow NICE to assess the applicability of the attorney-client privilege.

## REDACTED

In addition, Witness has declined (tellingly) to submit the two exhibits to the Court for *in camera* review.  Presumably, Witness is aware that even a cursory review of the exhibits makes plain that they do not reflect or contain any privileged communications or legal advice.

Even if the Court were to determine that the documents are privileged, it is clear that Witness has failed to take reasonable steps to preserve any privilege, thus waiving it. Witness is simply unable to dispute the essential facts underlying this discovery dispute. Witness' counsel permitted Mr. Bourne to testify extensively regarding both documents without a single objection of attorney-client privilege.  NICE's counsel even read into the record substantial portions of both documents without Witness' counsel raising *any*

privilege-based objections. The first objection based on attorney-client privilege was asserted only at the end of questioning on the two documents. When asked to explain the basis for asserting privilege, Witness' counsel refused. In addition, to date, Witness still has failed to take reasonable steps to protect against disclosure of allegedly privileged documents. Witness has provided a deficient privilege log and has failed to ask the court reporter to redact or otherwise seal the relevant portions of the deposition transcript.

For the foregoing reasons, which are discussed in further detail below, and for the reasons stated in its opening brief, NICE respectfully requests that the Court grant this Motion to Compel.[2]

## ARGUMENT

I.    **Witness Still Fails To Meet the Burden of Proof Required From a Party Asserting the Attorney-Client Privilege.**

Fed. R. Civ. P. 26(b)(5)(A) requires that "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged. . . , the party. . . shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that  . . . will enable other parties to assess the applicability of the privilege or protection." It is also well-established that the party asserting the attorney-client privilege bears this burden of proof. *See Willemijn Houdstermaatschaapij BV v.*

---

[2] Witness complains that NICE failed to confer with counsel to resolve the dispute. (Witness Br. at 6.) However, the deposition transcript clearly demonstrates that the parties attempted to resolve the dispute but could not reach an agreement. (Bourne Tr. at 152-63, 204-06, Ex. A.) It was NICE who first proposed delaying Mr. Hegebarth's June 7 deposition and Witness who could not initially, because of his unavailability, timely communicate alternate later dates. NICE immediately agreed to defer the deposition until after July 13 when Witness confirmed it would make Mr. Hegebarth available then. NICE disputes Witness's representations to the contrary. *See* June 5, 2007, Sharp letter to Judge Farnan. [DI 164, Ex. A] However, when this motion was filed on May 30, NICE's only options were to either request the Court to consider this motion on an expedited basis or to file the motion at the earliest on June 13, 2007, after Mr. Hegebarth's deposition, for the Court's consideration the next hearing date on July 13, 2007.

*Apollo Computer, Inc.*, 707 F.Supp. 1429, 1443 (D. Del. 1989).[3]  Witness has failed to meet its burden of proof to demonstrate that the two exhibits are privileged documents.[4]

First, only after the filing of NICE's motion to compel and realizing that it failed to articulate any justifiable basis for asserting the privilege at the deposition, Witness submitted a declaration by Loren Wimpfheimer on which it relies to bring the two exhibits within the narrow confines of the attorney-client privilege.  But Mr. Wimpfheimer's declaration fails to demonstrate that the two exhibits are privileged.  Rather, the declaration presents only unsupported, conclusory statements about the nature of the TAC and its meetings.

## REDACTED

But the record in this case proves otherwise.

When asked at his deposition what the TAC is,

## REDACTED

---

[3] Witness misconstrues the law by asserting that the Court should presume that the privilege exists and should be preserved.  Witness Br. at 11.

[4] Witness has also failed to establish that the TAC minutes are protected as attorney work product, because the minutes do not reflect the mental impressions of any attorney.

**REDACTED**

In addition, Mr. Wimpfheimer also does not provide any specific facts to establish that he or any attorney rendered legal advice during the TAC meetings. In fact, Mr. Wimpfheimer did not even attend the first TAC meeting in question. Even if he were in attendance at one of the TAC meetings in question, he was merely present at the TAC meeting in a business capacity, not a legal capacity.

**REDACTED**

In response to NICE's motion to compel, on May 31, 2007, Witness produced a privilege log for the two documents, more than a week after the May 23 deposition. However, the privilege log is defective under Fed. R. Civ. P. 26(b)(5)(A) for

**REDACTED**

---

[*] Although Witness asserts that it is "simply false" that it refused to explain the basis for assertion of the privilege, Witness is unable to cite to any portion of the deposition transcript where its counsel articulated any basis for asserting the privilege. (Witness Br. at 5, n.9.)

failing to "enable [the] other part[y] to assess the applicability of the privilege." For example, the description of the document bearing production numbers WSDEPROD2458277-2458281 (which was marked as Plaintiffs' Exhibit 315) states that it reflects "a meeting of the Technology Advisory Council, *which includes in-house counsel.*" (Witness Ex. D) (emphasis added). In-house counsel was not at the meeting. Mr. Wimpfheimer admits that he was *not* in attendance at the June 6, 2005, meeting. (Witness Ex. A at ¶¶ 13-14.) Witness also acknowledges that while Mr. Wimpfheimer attended the second TAC meeting, his only connection to the first TAC meeting on June 6, 2005, was that his "first name was observed on the third page of the first TAC Minutes document." (Witness Br. at 5.) Witness' privilege log does not disclose the identity of the individuals who rendered legal advice at the TAC meetings, because no one at the meetings had provided any such privileged advice.

Lastly, that Witness has elected not to submit the two exhibits to the Court for *in camera* review is most telling of all. Witness is well aware that the documents on their face do not support the assertion of privilege. Even a cursory review of the exhibits will reveal that the meeting minutes do not reflect or contain any privileged communications or legal advice given by Mr. Wimpfheimer or any other attorney. In fact, no attorneys were present at the June 6, 2005, TAC meeting, and Mr. Wimpfheimer's presence at the July 21, 2005, TAC meeting was in a non-legal, business capacity. As explained in NICE's opening brief (NICE Br. at 5), NICE's counsel even read into the record substantial portions of both documents without Witness' counsel raising any privileged-based objections. If the documents reflected privileged communications with attorneys, then surely one of the three attorneys attending Mr. Bourne's deposition would have

raised a privilege-based objection before permitting at least ten minutes of extensive

testimony regarding the documents.

## II.    Even If the Exhibits Contain Privileged Communications From An Attorney, Witness Has Waived That Privilege By Failing To Take Precautions Against Disclosure.

Even if the exhibits at issue contain privileged communications, the facts clearly

demonstrate that Witness, by failing to take reasonable steps to preserve the privilege,

waived any attorney-client privilege that may have covered the two exhibits.  Since the

filing of this motion, Witness has finally given written notice to NICE, as the Protective

Order requires, that the documents are privileged and that the return of documents is

requested. [7]  (Witness Ex. D.)  However, Witness cannot dispute that it failed to take even

minimal care to prevent the disclosure of allegedly privileged documents.

Although Witness calls NICE's description of the relevant events of the Bourne

deposition "disingenuous," (Witness Br. at 4, n. 7) it is simply unable to dispute the basic

facts underlying this discovery dispute.   First, the document bearing production numbers

WSDEPROD2458277-281 was marked as Plaintiffs' Exhibit 315 without any objection.

(Bourne Tr. at 139, Ex. A.)  Then, during NICE's extensive questioning on Exhibit 315,

Witness' counsel asserted only objections to the form of questions, and counsel did not

make *any* objections based on attorney-client privilege.  (Bourne Tr. at 139-150, Ex. A.)

Next, after completion of questioning on Exhibit 315, the document bearing production

numbers WSDEPROD2458301-304 was marked as Plaintiff' Exhibit 316 without any

objection. (Bourne Tr. at 150, Ex. A.)  During questioning on Exhibit 316, Witness'

counsel again asserted only objections to the form of questions, and no objection based

on attorney-client privilege was made until near the end of questioning on this document.

---

[7] Even before receiving Witness' written notice of such, NICE had destroyed copies of the two exhibits.

(Bourne Tr. at 150-153, Ex. A.)  In sum, it is beyond dispute that Witness' counsel permitted Mr. Bourne to testify extensively regarding both documents without a single objection of attorney-client privilege.  Moreover, NICE's counsel even read into the record substantial portions of both documents without Witness' counsel raising any privilege-based objections.  (Bourne Tr. at 143-48, 151-52, Ex. A.)

In fact, Witness to date continues to fail to take even the most reasonable measures to prevent disclosure.  For example, Witness has still failed to ask the court reporter to redact or otherwise seal the relevant portions of the deposition transcript.  In addition, as explained above, although Witness has produced a privilege log for the two documents, the privilege log is defective under  Fed. R. Civ. P. 26(b)(5)(A) for failing to "enable [the] other part[y] to assess the applicability of the privilege."

## CONCLUSION

For the foregoing reasons and those stated in its opening brief, NICE respectfully requests that the Court grant Plaintiffs' Expedited Motion to Compel Discovery Relating to Certain Documents Produced by Defendant Witness Systems, Inc.

7

Dated: June 5, 2007      YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and
NICE Systems, Ltd.*

8

Exhibit A

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

| | | | |
|---|---|---|---|
| BEN T. CASTLE | JANET Z. CHARLTON | THE BRANDYWINE BUILDING | JOSEPH M. BARRY |
| SHELDON N. SANDLER | ROBERT S. BRADY | 1000 WEST STREET, 17TH FLOOR | SEAN M. BEACH |
| RICHARD A. LEVINE | JOEL A. WAITE | WILMINGTON, DELAWARE 19801 | SANJAY BHATNAGAR |
| RICHARD A. ZAPPA | BRENT C. SHAFFER | | DONALD J. BOWMAN, JR. |
| FREDERICK W. IOBST | DANIEL P. JOHNSON | P.O. BOX 391 | JEFFREY T. CASTELLANO |
| RICHARD H. MORSE | CRAIG D. GREAR | WILMINGTON, DELAWARE 19899-0391 | KARA HAMMOND COYLE |
| DAVID C. MCBRIDE | TIMOTHY JAY HOUSEAL | | KRISTEN SALVATORE DEPALMA |
| JOSEPH M. NICHOLSON | MARTIN S. LESSNER | (302) 571-6600 | MARGARET M. DIBIANCA |
| CRAIG A. KARSNITZ | PAULINE K. MORGAN | (800) 253-2234 (DE ONLY) | MARY F. DUGAN |
| BARRY M. WILLOUGHBY | C. BARR FLINN | FAX: (302) 571-1253 | ERIN EDWARDS |
| JOSY W. INGERSOLL | NATALIE WOLF | | KENNETH J. ENOS |
| ANTHONY G. FLYNN | LISA B. GOODMAN | | IAN S. FREDERICKS |
| JEROME K. GROSSMAN | JOHN W. SHAW | 110 WEST PINE STREET | JAMES J. GALLAGHER |
| EUGENE A. DIPRINZIO | JAMES P. HUGHES, JR. | P.O. BOX 594 | SEAN T. GREECHER |
| JAMES L. PATTON, JR. | EDWIN J. HARRON | GEORGETOWN, DELAWARE 19947 | STEPHANIE L. HANSEN |
| ROBERT L. THOMAS | MICHAEL R. NESTOR | (302) 856-3571 | DAWN M. JONES |
| WILLIAM D. JOHNSTON | MAUREEN D. LUKE | (800) 255-2234 (DE ONLY) | KAREN E. KELLER |
| TIMOTHY J. SNYDER | ROLIN P. BISSELL | FAX: (302) 856-9338 | JENNIFER M. KINKUS |
| BRUCE L. SILVERSTEIN | SCOTT A. HOLT | | EDWARD J. KOSMOWSKI |
| WILLIAM W. BOWSER | JOHN T. DORSEY | WWW.YOUNGCONAWAY.COM | JOHN C. KUFFEL |
| LARRY J. TARABICOS | M. BLAKE CLEARY | | KAREN LANTZ |
| RICHARD A. DILIBERTO, JR. | CHRISTIAN DOUGLAS WRIGHT | DIRECT DIAL: 302-571-6681 | TIMOTHY E. LENGKEEK |
| MELANIE K. SHARP | DANIELLE GIBBS | DIRECT FAX: 302-576-3333 | ANDREW A. LUNDGREN |
| CASSANDRA F. ROBERTS | JOHN J. PASCHETTO | msharp@ycst.com | |
| RICHARD J.A. POPPER | NORMAN M. POWELL | | |
| TERESA A. CHEEK | ELENA C. NORMAN | | |
| NEILLI MULLEN WALSH | | | |

| | |
|---|---|
| MATTHEW B. LUNN | |
| JOSEPH A. MALFITANO | |
| ADRIA B. MARTINELLI | |
| MICHAEL W. MCDERMOTT | |
| TAMMY L. MERCER | |
| MARIBETH L. MINELLA | |
| EDMON L. MORTON | |
| D. FON MUTTAMARA-WALKER | |
| JENNIFER R. NOEL | |
| ADAM W. POFF | |
| SETH J. REIDENBERG | |
| SARA BETH A. REYBURN | |
| CHERYL A. SANTANIELLO | |
| (NJ & PA ONLY) | |
| MICHELE SHERRETTA | |
| MONTÉ T. SQUIRE | |
| MICHAEL P. STAFFORD | |
| CHAD S.C. STOVER | |
| JOHN E. TRACEY | |
| TRAVIS N. TURNER | |
| MARGARET B. WHITEMAN | |
| SHARON M. ZIEG | |

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

June 5, 2007

BY E-FILE AND HAND DELIVERY

The Honorable Joseph J. Farnan, Jr.
United States District Court, District of Delaware
844 North King Street
Wilmington, DE 19801

Re:    *NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc.*
       C.A. No. 06-311

Dear Judge Farnan:

We represent Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "Nice") and write concerning Nice's Expedited Motion to Compel Discovery Relating to Certain Documents Produced by Defendant Witness Systems, Inc. [DI 160].

Counsel have reached an agreement which obviates the need for expedited resolution and allows the motion to be heard at the next regularly scheduled discovery hearing on July 13, 2007. The need for expedited consideration was driven by the deposition of Mr. Hegebarth which was scheduled for June 7. Counsel have today agreed to delay the deposition until the second half of July, after Your Honor's next regularly scheduled hearing of discovery motions on July 13.

By way of brief background, counsel for both parties were trying to avoid imposing on Your Honor with a request for expedited resolution. The deponent apparently was away and, as a result, unavailable to confirm alternative dates. Defendant Witness today

DB02:6021911.1                                                065251.1001

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Joseph J. Farnan, Jr.
June 5, 2007
Page 2

communicated proposed alternative dates for its witness, and counsel readily reached the
agreement described above.  Nice disagrees with any suggestion to the contrary in Witness's
Opposition but nonetheless apologizes for any inconvenience to Your Honor.

Respectfully,

Melanie K. Sharp (No. 2501)

MKS:ch
cc:     William J. Marsden Jr., Esquire (by hand)
        Scott G. Lindvall, Esquire (by email)

DB02:6021911.1                                                  065251.1001

Exhibit B

# REDACTED

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on June 5, 2007, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Reply in Support of its Motion to Compel Certain Documents Produced by Defendant Witness Systems, Inc., with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on June 5, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> Noah C. Graubart (graubart@fr.com)
> Nagendra Setty (setty@fr.com)
> Daniel A. Kent (kent@fr.com)
> Christopher O. Green (green@fr.com)
> Fish & Richardson, P.C.
> 1180 Peachtree Street, NE
> 21st Floor
> Atlanta, GA 30309

Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-5028
mdugan@ycst.com

DB02:6022001.1                                                                065251.1001

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on June 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document, Redacted Version of Plaintiffs' Reply in Support of its Motion to Compel Certain Documents Produced by Defendant Witness Systems, Inc. with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on June 21, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY E-MAIL**
> Noah C. Graubart (graubart@fr.com)
> Nagendra Setty (setty@fr.com)
> Daniel A. Kent (kent@fr.com)
> Christopher O. Green (green@fr.com)
> Fish & Richardson, P.C.
> 1180 Peachtree Street, NE
> 21st Floor
> Atlanta, GA 30309

> Mary F. Dugan (No. 4704)
> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
>
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-5028
> mdugan@ycst.com