**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**REDACTED**

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>    *Plaintiff*,<br><br>v.<br><br>WITNESS SYSTEMS, INC.,<br><br>    *Defendant*. | <br><br><br><br><br>C.A. No. 06-311-JJF<br><br><br>**CONFIDENTIAL**<br>**FILED UNDER SEAL** |

**WITNESS SYSTEMS, INC'S BRIEF IN SUPPORT OF ITS MOTION TO
COMPEL NICE SYSTEMS, INC. AND NICE SYSTEMS LTD.
TO PRODUCE DOCUMENTS AND RULE 30(b)(6) TESTIMONY**

**I.    NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiffs NICE Systems Ltd. and NICE Systems, Inc. (collectively, "NICE") have withheld documents responsive to Defendant Witness Systems, Inc.'s ("Witness Systems") document requests and failed to produce witnesses to testify concerning the vast majority of topics included in Witness Systems' Rule 30(b)(6) deposition notice. The date by which fact discovery was to be completed (May 30, 2007)[1] has passed, and Witness Systems is increasingly prejudiced by NICE's failure to comply with its discovery obligations. Witness Systems now moves the Court for an Order compelling NICE to produce all documents responsive to Witness Systems' document requests, and to produce one or more witnesses to testify concerning each of Witness Systems' propounded 30(b)(6) topics.

---

[1] *See* Rule 16 Scheduling Order, D.I. 46.

NICE successfully sought an expedited discovery and trial schedule for this case, but has failed to satisfy its discovery obligations to allow the case to remain on pace. NICE is asserting infringement of ten (10) different patents and *seventy (70) different claims*, and NICE continues to refuse Witness Systems' reasonable request that NICE limit the scope of the case for trial—a step which may have allowed for discovery to have been completed within the expedited schedule NICE requested.  Nevertheless, Witness Systems has fulfilled its discovery obligations consistent with the Court's Rule 16 Scheduling Order.  Witness Systems requests that the Court order NICE to do the same.

## II.    SUMMARY OF THE ARGUMENT

1.    In violation of Federal Rule of Civil Procedure 30(b)(6), NICE has refused to produce a witness to testify about virtually all of the topics included in Witness Systems' Rule 30(b)(6) Notice of Deposition.  The witness NICE did designate to testify proved woefully incapable of providing meaningful testimony, even after NICE significantly limited the topics to be covered late in the afternoon before the deposition. Witness Systems respectfully requests that the Court issue an Order compelling NICE to produce a witness capable of testifying with respect to the numerous topics on which NICE has yet to provide meaningful testimony.

2.    In violation of Federal Rule of Civil Procedure 34, NICE has failed to produce documents plainly responsive to Witness Systems' Requests for Production of Documents.  For example, despite NICE's admitted use of e-mail within its organization, NICE has produced virtually no e-mail documents.  Witness Systems respectfully requests that the Court issue an Order compelling NICE to produce all documents responsive to Witness Systems' Requests for Production of Documents, including

12023658.DOC

electronically stored information, such as e-mails.

### III. STATEMENT OF FACTS

Witness Systems served NICE with a First Set of Requests for Production of Documents and Things on September 29, 2006, and a Second Set of Requests for Production of Documents and Things on January 31, 2007 (collectively "Witness Systems' Document Requests").[2] On April 20, 2007, Witness Systems served NICE with a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6),[3] which included thirty-four topics for which NICE was asked to designate witnesses to testify on its behalf.

#### A. NICE Refuses to Provide Deposition Testimony.

NICE subsequently designated Mr. John Henits to testify on two (2) of the noticed topics and further promised that (with the exception of topics 1 and 2, to which NICE objected):

> "[*I*]*t is our present intention to produce one or more witnesses to cover the remaining topics the week May 27* [sic]. I am still attempting to sort out the scheduling. My goal is to confirm the date(s) on Monday."[4]

The following Monday, NICE informed Witness Systems that:

> Eyal Rudnik will serve as NICE's 30(b)(6) deposition designee. He is available on May 30, 2007 for deposition.[5]

Due to scheduling conflicts created by NICE's attempt to take (29) depositions in the last eighteen (18) business days of the discovery period,[6] Witness Systems was unable to take

---

[2] (Exs. 1-2.) Citations to exhibits herein refer to the exhibits attached to the Declaration of Kyle Wagner Compton in Support of this Motion, filed contemporaneously.
[3] (Ex. 3.)
[4] (Ex. 4, J. Drayton correspondence to D. Kent dated May 18, 2007 (emphasis added).)
[5] (Ex. 5, J. Drayton correspondence to D. Kent dated May 21, 2007.)
[6] (Ex. 6, D. Kent correspondence to S. Lindvall dated June 6, 2007.)

12023658.DOC

Mr. Rudnik's deposition on May 30, and the parties agreed to schedule the deposition for June 13, 2007.[7]

Late in the afternoon of June 12, however, while Witness Systems' counsel was en route to New York for the deposition, NICE began to backpedal. First, NICE threatened to cancel the deposition, arguing that Witness Systems' refusal to schedule an additional fourteen (14) depositions outside of the discovery period freed NICE from its obligation to provide a witness for this previously scheduled Rule 30(b)(6) deposition. NICE changed its mind an hour later when confronted with the threat of sanctions.[8] In addition, NICE suddenly informed Witness Systems' counsel that Mr. Rudnik would be designated for only some of the remaining Rule 30(b)(6) topics, not all of them as previously designated.[9]

---

[7] (Ex. 7, D. Kent correspondence to J. Drayton dated May 22, 2007 ("[W]e have requested additional dates for NICE's Rule 30b6 designee, Mr. Rudnick, given the scheduling constraints surrounding your recently proposed date of May 30."); Ex. 8, J. Frank correspondence to D. Kent dated May 23, 2007 ("NICE's 30(b)(6) designee is available to be deposed any day between Tuesday June 12 and Friday June 15."); Ex. 9, D. Kent correspondence to J. Frank dated May 23, 2007 ("We will take the deposition of NICE's Rule 30b6 designee on June 13 in our New York office.").)

[8] (Ex. 10, J. Drayton correspondence to D. Kent dated June 12, 1007 ("Consistent with your present position regarding depositions after May 30, Witness is not entitled to take this deposition."); Ex. 11, D. Kent correspondence to J. Drayton dated June 12, 2007 ("I am en route to New York now. The deposition will proceed as previously agreed tomorrow, or we will seek costs, fees and sanctions for your refusal to make the witness available as agreed."); Ex. 12, J. Drayton correspondence to D. Kent dated June 12, 2007 ("Consistent with our understanding of the parties' position on the taking of depositions in this matter, we intend to go forward with tomorrow's deposition as planned.").)

[9] (*Compare* Ex. 4 ("With the exception of topics one and two, it is our present intention to produce one or more witnesses to cover the remaining topics the week May 27.") *and* Ex. 5 ("Eyal Rudnik will serve as NICE's 30(b)(6) deposition designee."), *with* Ex. 13, J. Drayton correspondence to D. Kent dated June 12, 2007 ("Mr. Rudnik is prepared to testify on the following [thirteen (13)] topics: . . . .").)

Of the thirty-four (34) topics Witness Systems identified in its Rule 30(b)(6) deposition notice:

- NICE produced Mr. John Henits to testify about topics 8 and 16;

- NICE explicitly refused to provide testimony about topics 1 and 2;[10]

- NICE has yet to provide any witness designated to testify about topics 4, 6, 9, 11, 13, 18, 21, 24, 26-34—a total of seventeen (17) topics; and

- NICE designated Mr. Rudnik to testify about thirteen (13) topics (topics 3, 5, 7, 10, 12, 14, 15, 17, 19, 20, 22, 23, and 25).[11]

Standing alone, NICE's refusal to provide any testimony on the majority of the topics identified in the Rule 30(b)(6) deposition notice would warrant an Order from the Court compelling NICE to provide competent testimony. However, upon beginning Mr. Rudnik's deposition on June 13, it became apparent that NICE had no intention of providing *any meaningful testimony on nearly all of the noticed topics.*

Mr. Rudnik unambiguously testified that he possessed no knowledge concerning the vast majority of the topics for which he was NICE's designated deponent. For example, Topic 3 calls for testimony about enforcement efforts concerning the patents-in-suit. Despite being designated to testify about Topic 3, Mr. Rudnik knew nothing about it:

**REDACTED**

---

[10] (Ex. 4 ("In light of NICE's general objections to Witness's 30(b)(6) notice, NICE will not be providing a witness to testify with regard to topics one and two of Witness's 30(b)(6) deposition notice.").)

[11] (Ex. 13.)

**REDACTED**

This refrain was echoed time and again, throughout the deposition. Mr. Rudnik was also designated to testify about topics 5 and 7, which both relate to "the conception and reduction to practice of the technology allegedly covered by each of the patents-in-suit . . . ." Yet, Mr. Rudnik testified (a) he would only testify regarding two of the ten patents-in-suit,[13] and (b) even with respect to the remaining two patents, he knew nothing about the topic[14]—indeed, he did not even understand the meaning of the topic.[15]

The pattern continued. Although Mr. Rudnik claimed he was prepared to testify about topic 10 (NICE's document retention policies, including e-mail), Mr. Rudnik explained that he knew nothing about NICE's e-mail system, except how to send an e-mail,[16] nor did he have any idea of whether NICE had any document retention policies at

---

**REDACTED**

- 7 -

all.[17]  Mr. Rudnik was also designated to testify about evidence of secondary considerations and non-obviousness to be relied upon by NICE, yet he had not the slightest inkling of the topic's meaning.[18]  Mr. Rudnik was supposedly prepared to testify about NICE's patent marking practices (topic 23), yet he knew neither the date when NICE began marking its products, nor had he endeavored to find out.[19]  Mr. Rudnik claimed to be prepared to testify about agreements involving the patents-in-suit (topic 25), yet he knew virtually nothing, nor had he spoken to anyone at NICE about this topic; he simply relied on the representation of NICE's outside counsel that there were no agreements relating to two of the patents, and knew nothing of the remaining eight patents.[20]

By the conclusion of the deposition, it had become apparent that Mr. Rudnik was only prepared to testify about perhaps three of the topics for which he was designated

**REDACTED**

(topics 15, 17, and 20). Thus, even when combined with the two topics on which Mr. Henits testified (topics 8 and 16), NICE has simply failed to provide any testimony, whatsoever, on *twenty-nine (29) of the noticed topics*.

For his part, Mr. Rudnik's lack of knowledge is not surprising. Mr. Rudnik is a low-level employee, whose job responsibilities consist of supporting a particular team of direct sales staff with marketing assistance.[21] In contrast to Witness Systems, which has offered top executives to testify on its behalf (*e.g.,* Mr. Daniel Spohrer, Director of Engineering, and Ms. Nancy Treaster, Senior Vice President of Global Marketing—one level below the CEO), Mr. Rudnik testified that neither he nor his direct superior have sufficiently central roles within NICE even to be displayed on its organizational chart.[22] Indeed, Mr. Rudnik does not even work for NICE Systems Ltd.—the entity at which all research, development, and finance functions are centralized—he is an employee of the U.S. sales arm, NICE Systems, Inc. Mr. Rudnik's only attempt to educate himself about the meaning of the deposition topics was "an hour or two" conversation with Mr. Moty Cory, NICE's "director of IP rights," the morning of the deposition. Mr. Rudnik testified, however, that he did not discuss with Mr. Cory most of the designated topics.

**REDACTED**

- 9 -

At the close of Mr. Rudnik's deposition, Witness Systems notified NICE's counsel of Witness Systems' demand for testimony on the remaining topics and asked for a prompt response, in hopes of avoiding the present motion.[23]  NICE has not responded.

### B. NICE Refuses to Produce Documents.

During his deposition, Mr. Rudnik testified that NICE uses e-mail and that NICE likely backs up o its e-mail server.  NICE, however, has not produced any such documents responsive to Witness Systems' Document Requests.  Virtually no e-mails can be found in the millions of pages NICE has produced.  Mr. Rudnik testified specifically that

**REDACTED**

.[24]  Despite previous requests, NICE has never supplemented its production to include responsive e-mails.  As a result, at the conclusion of the deposition, Witness Systems again requested "production of all responsive e-mail from within NICE that should have been produced long ago in this case."[25]  Again, NICE has not responded.

Mr. Rudnik also testified

**REDACTED**

Mr. Rudnik testified that these presentations were circulated to meeting attendees via e-mail.  To date, however, no such presentations can

**REDACTED**

be found in NICE's production, though they are plainly responsive to Witness Systems' Requests for Production of Documents. At the close of Mr. Rudnik's deposition, Witness Systems again requested production of these materials and requested a prompt response to avoid filing this motion. NICE has not responded.

Witness Systems also served the inventors of the patents-in-suit, including Messrs. Salvatore Morlando, Daniel Daly, and John Henits with document subpoenas, deposition subpoenas, and notices of deposition. Witness Systems deposed Mr. Morlando on May 15, 2007. During his deposition, Mr. Morlando testified that he was in possession of e-mail communications responsive to Witness Systems' document subpoena, but that he did not produce those documents.[27] Witness Systems deposed Mr. Daly on May 22, 2007. During his deposition, Mr. Daly testified that he was also in possession of e-mail communications responsive to Request No. 4 of Witness Systems' document subpoena, but that he did not produce those documents.[28] Witness Systems requested that the identified responsive documents be immediately produced.[29] Witness Systems deposed Mr. Henits on May 24, 2007. During his deposition, Mr. Henits also testified that he was in possession of e-mail communications responsive to Witness Systems' document subpoena, but that he did not produce those documents, and Witness Systems requested that the identified responsive documents be immediately produced.[30] Witness Systems reiterated its requests that the responsive documents identified by

---

**REDACTED**

Messrs. Morlando and Daly be immediately produced in a follow-up letter to counsel dated May 24, 2007,[31] but NICE has not produced those requested documents.

Documents in the possession of these named inventors and former employees are within NICE's control and should be produced immediately. Both Mr. Morlando and Mr. Daly are represented by NICE's counsel in this litigation, Kaye Scholer LLP. Kaye Scholer LLP agreed to accept service of Witness Systems' subpoenas and notices of deposition on behalf of Mr. Morlando and Mr. Daly, and Mr. Henits even served as NICE's Rule 30(b)(6) designee for two topics.

## IV.    ARGUMENT

The Federal Rules of Civil Procedure require NICE to provide the discovery Witness Systems seeks in this Motion. Under Rule 30(b)(6),

> "A party may . . . name as the deponent a public or private corporation. . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more . . . persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

FED. R. CIV. P. 30(b)(6). *See Jurimex Kommerz Transit GMBH. v. Case Corp.*, No. 00-083-JJF, 2005 WL 440621, *2-*3 (D. Del. Feb. 18, 2005) (compelling the production of one or more witnesses for deposition where party refused to designate a witness for noticed topics).

Likewise, Rule 34 requires a party to produce "documents or *electronically stored information* . . . which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is

---

[31] (Ex. 18., K. W. Compton correspondence to J. Drayton dated May 24, 2007.)

12023658.DOC

served; . . . ." FED. R. CIV. P. 34(a) (emphasis added). *See Tulip Computers Int'l B.V. v. Dell Computer Corp.*, No. 00-981-RRM, 2002 WL 818061, *7 (D. Del. Apr. 30, 2002) (granting motion to compel where party refused to produce responsive e-mail).

## IV.   CONCLUSION

NICE has failed to provide competent witnesses to testify on its behalf concerning numerous topics on which Witness Systems requested deposition testimony pursuant to Federal Rule of Civil Procedure 30(b)(6).  Moreover, Witness Systems has learned that NICE is in possession of e-mails and documents admittedly within the scope of Witness Systems' Document Requests, but that NICE has not produced them.  Likewise, Witness Systems has learned that inventors Morlando, Daly, and Henits possess documents in the control of NICE that are responsive to document subpoenas served on them by Witness Systems, but those identified responsive documents have not been produced.  The date by which fact discovery was to be completed in this litigation has passed, and Witness Systems is increasingly prejudiced by NICE's failure to comply with its discovery obligations.

Accordingly, Witness Systems respectfully requests the Court to compel NICE (a) to produce all documents responsive to Witness Systems' document requests, and (b) to produce a witness or witnesses to testify concerning each of Witness Systems' propounded 30(b)(6) topics for which NICE has not yet produced a competent designee. Moreover, Witness Systems requests the Court to enter an Order requiring NICE to pay the costs, attorneys' fees, and expenses relating to taking the deposition of Mr. Rudnik and associated with this motion.

- 13 -

Dated: June 15, 2007　　　　　　　　　　　FISH & RICHARDSON P.C.

　　　　　　　　　　　　　　　　　　By: */s/ Kyle Wagner Compton*
　　　　　　　　　　　　　　　　　　William J. Marsden, Jr. (#2247)
　　　　　　　　　　　　　　　　　　Kyle Wagner Compton (#4693)
　　　　　　　　　　　　　　　　　　919 N. Market Street, Suite 1100
　　　　　　　　　　　　　　　　　　P. O. Box 1114
　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899-1114
　　　　　　　　　　　　　　　　　　Telephone: (302) 652-5070

　　　　　　　　　　　　　　　　　　Nagendra Setty (*pro hac vice*)
　　　　　　　　　　　　　　　　　　Daniel A. Kent (*pro hac vice*)
　　　　　　　　　　　　　　　　　　1180 Peachtree Street, NE, 21st Floor
　　　　　　　　　　　　　　　　　　Atlanta, GA 30309
　　　　　　　　　　　　　　　　　　Telephone: (404) 892-5005

　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT
　　　　　　　　　　　　　　　　　　WITNESS SYSTEMS, INC.

12023658.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically filed with the Clerk of Court the foregoing REDACTED version of WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD. TO PRODUCE DOCUMENTS AND RULE 30(b)(6) TESTIMONY using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery.

Josy W. Ingersoll  
Melanie K. Sharp  
Karen E. Keller  
Young, Conaway, Stargatt & Taylor, LLP  
1000 West Street, 17th Floor  
P.O. Box 391  
Wilmington, DE 19899  

*Attorneys for Plaintiffs*  
*Nice Systems Ltd. and Nice Systems, Inc.*

I also certify that on July 2, 2007, I have sent by electronic mail and U.S. First Class Mail, the document(s) to the following non-registered participants:

Scott G. Lindvall  
Daniel DiNapoli  
Joseph M. Drayton  
Robert R. Laurenzi  
Jason Frank  
Steven Chin  
Kaye Scholer LLP  
425 Park Avenue  
New York, NY 10022  

*Attorneys for Plaintiffs*  
*Nice Systems Ltd. and Nice Systems, Inc.*

/s/Kyle Wagner Compton  
Kyle Wagner Compton

80046394.doc