REDACTED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

    Plaintiffs,

       v.

WITNESS SYSTEMS, INC.

    Defendant.

Civil Action No. 06-311-JJF

**CONFIDENTIAL
FILED UNDER SEAL**

## DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF
## WITNESS SYSTEMS, INC.'S MOTION TO COMPEL
## NICE SYSTEMS, INC. AND NICE SYSTEMS LTD. TO PRODUCE
## DOCUMENTS AND RULE 30(b)(6) TESTIMONY

I, Kyle Wagner Compton, declare as follows:

1.    I am an Associate with Fish & Richardson P.C., counsel for Defendant Witness Systems, Inc. I make the following statements based on personal knowledge, except where noted.

2.    Attached hereto as Exhibit 1 is a true and correct copy of Witness Systems' First Set of Requests for the Production of Documents, dated September 29, 2006.

3.    Attached hereto as Exhibit 2 is a true and correct copy of Witness Systems' Second Set of Requests for the Production of Documents, dated January 31, 2007.

4.    Attached hereto as Exhibit 3 is a true and correct copy of Witness Systems' Rule 30(b)(6) Notice of Deposition of NICE Systems Ltd. and NICE Systems, Inc, dated April 20, 2007.

5.    Attached hereto as Exhibit 4 is a true and correct copy of correspondence from Mr. Joseph Drayton to Mr. Daniel Kent dated May 18, 2007.

6.      Attached hereto as Exhibit 5 is a true and correct copy of correspondence from Mr. Joseph Drayton to Mr. Daniel Kent dated May 21, 2007.

7.      Attached hereto as Exhibit 6 is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Scott Lindvall dated June 6, 2007.

8.      Attached hereto as Exhibit 7 is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Joseph Drayton dated May 22, 2007.

9.      Attached hereto as Exhibit 8 is a true and correct copy of correspondence from Mr. Jason Frank to Mr. Daniel Kent dated May 23, 2007.

10.      Attached hereto as Exhibit 9 is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Jason Frank dated May 23, 2007

11.      Attached hereto as Exhibit 10 is a true and correct copy of correspondence from Mr. Joseph Drayton to Mr. Daniel Kent dated June 12, 2007.

12.      Attached hereto as Exhibit 11 is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Joseph Drayton dated June 12, 2007.

13.      Attached hereto as Exhibit 12 is a true and correct copy of correspondence from Mr. Joseph Drayton to Mr. Daniel Kent dated June 12, 2007.

14.      Attached hereto as Exhibit 13 is a true and correct copy of correspondence from Mr. Joseph Drayton to Mr. Daniel Kent dated June 12, 2007.

15.      Attached hereto as Exhibit 14 is a true and correct copy of excerpts of the rough draft transcript of the Deposition of Mr. Eyal Rudnik taken June 13, 2007.

16.      Attached hereto as Exhibit 15 is a true and correct copy of excerpts of the transcript of the Deposition of Mr. Salvatore Morlando taken May 15, 2007.

17.      Attached hereto as Exhibit 16 is a true and correct copy of excerpts of the transcript of the Deposition of Mr. Daniel Daly taken May 22, 2007.

18.      Attached hereto as Exhibit 17 is a true and correct copy of excerpts of the transcript of the Deposition of Mr. John Henits taken May 24, 2007.

19.     Attached hereto as Exhibit 18 is a true and correct copy of correspondence from Mr. Kyle Wagner Compton to Mr. Joseph Drayton dated May 24, 2007.


I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.


Executed on  June 15, 2007.

                                        */s/ Kyle Wagner Compton*
                                        Kyle Wagner Compton (#4693)

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically filed with the

Clerk of Court the foregoing REDACTED DECLARATION OF KYLE WAGNER

COMPTON IN SUPPORT OF WITNESS SYSTEMS, INC.'S MOTION TO COMPEL

NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD. TO PRODUCE DOCUMENTS

AND RULE 30(b)(6) TESTIMONY using CM/ECF which will send electronic

notification of such filing(s) to the below-listed Delaware counsel.  In addition, the filing

will also be sent via hand delivery.

Josy W. Ingersoll                          *Attorneys for Plaintiffs*
Melanie K. Sharp                          *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I also certify that on July 2, 2007, I have sent by electronic mail and U.S. First

Class Mail, the document(s) to the following non-registered participants:

Scott G. Lindvall                          *Attorneys for Plaintiffs*
Daniel DiNapoli                           *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

*/s/Kyle Wagner Compton*
Kyle Wagner Compton

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE SYSTEMS, INC., and NICE SYSTEMS LTD. | |
| *Plaintiffs*, | |
| v. | Civil Action No. 06-311-JJF |
| WITNESS SYSTEMS, INC. | |
| *Defendant*. | |

**DEFENDANT WITNESS SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local

Rules of the District of Delaware, Defendant Witness Systems, Inc. ("Witness") requests

that Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively, "NICE")

produce the following documents and things at the offices of Fish & Richardson P.C.,

1230 Peachtree Street N.E., 19th Floor, Atlanta, Georgia 30309,[1] within thirty (30) days

of service of this request.

**DEFINITIONS AND INSTRUCTIONS**

These requests incorporate, without limiting the scope of the Federal Rules of

Civil Procedure, the following definitions and instructions:

A.  If you do withhold from production any document or thing because of a claim

of privilege or other protection, the claim shall be made expressly and shall describe the

nature of the document or thing not disclosed in a manner that, without revealing

---

[1] If production takes place on or after October 16, 2006, Witness requests that the documents and things be produced at 1180 Peachtree St., N.E., 21st Floor, Atlanta, GA 30309.

information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection, as required by Rule 26(b)(5).

B.  "Document" encompasses any recording of information in tangible or recoverable form, including all written, typed, printed, recorded or graphic matter, photographic matter and tapes, records, tape recordings or other sound or visual reproduction materials, computer databases, database records, electronic mail, instant message records, voicemail records, computer tapes and discs, word processing files, discs, diskettes, or "floppies," or any other devices or tangible objects however produced, reproduced or stored, upon which words or other information are affixed or recorded or from which, by appropriate transcription, written matter or a tangible thing may be produced, that is in your actual or constructive possession, custody or control, all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made.  It includes, but is not limited to, letters, memoranda, reports, evaluations, inventor notebooks, correspondence, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with government agencies, office manuals, employee manuals or office rules and regulations, reports of experts, and any other written matter.  A draft or nonidentical copy is a separate document.

80037546.DOC

C.  The term "Complaint" means the complaint NICE filed against Witness Systems, Inc. in Civil Action No. 06-311-JJF, pending in the United States District Court for the District of Delaware.

D.  "NICE" "you," and "your" mean NICE Systems Ltd., NICE Systems, Inc., and any of their directors, officers, consultants, agents, representatives, predecessors in interest, parents, subsidiaries, assignees, licensees, employees, and attorneys of either, and any other persons acting on NICE's behalf.

E.  "Witness" means Witness Systems, Inc. and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Witness' behalf, including without limitation Eyretel Plc.

F.  "Patents-in-Suit" means, collectively, U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109; each, individually, is a "Patent-in-Suit."

G.  The term "Accused Products" includes any and all of the following Products that NICE alleges infringe the Patents-in-Suit:

1.  Contactstore;

2.  Contactstore for Communication Manager;

3.  Quality for Communication Manager;

4.  Contactstore for IP;

5.  Eyretel's ContactStore;

6.  Eyretel's Mediastore;

7.  Eyretel's Contact 7000;

8.  eQuality ContactStore;

- 3 -

9.   ContactStore;

10. Witness ContactStore of Communication Manager;

11. Witness Quality for Communication Manager;

12. Impact 360;

13. eQuality Balance; and

14. eQuality Contactstore for IP.

H.   "Prior Art" shall mean any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention relating to the subject matter of the Patents-in-Suit that is dated or may have occurred prior to the earliest claimed priority date for the affected Patent-in-Suit.

I.   "Art" shall mean any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, invention or document relating to the subject matter of the Patents-in-Suit referenced by the particular request.

J.   These requests call for production of all requested documents in the possession, custody or control of NICE, including but not limited to research and development records, regulatory compliance records, production records and all records of sales, marketing, administration, management, patent and legal departments.

K.   "Related Applications" shall mean any and all applications related to the Patents-in-Suit, including any (1) continuations, (2) continuations-in-part, (3) divisions, (4) interferences, (5) reexaminations, (6) reissues, (7) related patents, (8) parents, (9) foreign counterpart applications to any of the Patents-in-Suit or foreign counterparts to any of items "1" through "11" , (10) any other applications disclosing, describing or claiming any invention disclosed, described or claimed in any of the Patents-in-Suit, or

- 4 -

(11) any other applications claiming the benefit of the filing date of any application whose benefit is claimed in any of the Patents-in-Suit, whether or not abandoned and whether or not issued.

L.   "NICE Product" means any product, process or service of NICE that (a) when used or made, incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-in-Suit or (b) that NICE contends is covered by one or more claims of the Patents-in-Suit.

M.   "Dictaphone" means Dictaphone Corporation, its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Dictaphone's behalf.

N.   "Mercom Litigation" means *Dictaphone Corporation v. Mercom Systems, Inc.*, Civil Action No. 1:04-CV-05844-MBM, filed in the United States District Court for the Southern District of New York.

O.   "Voice Print Litigation" means *Dictaphone Corporation v. Voice Print International, Inc.*, Civil Action No. 2:04-CV-06160-ER-RC, filed in the United States District Court for the Central District of California.

P.   "Dictaphone/NICE Litigation" means *Dictaphone Corp. v. NICE Systems Ltd.*, Civil Action No. 3:00-CV-1143, filed in the United States District Court for the District of Connecticut.

Q.   As used herein, the term "communication" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

R.   As used herein, the term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

S.   The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

T.   The use of the singular form of any word includes the plural and vice versa.

U.   If any document which is the subject of these requests was at one time in existence but was subsequently lost, discarded or destroyed, identify such document as completely as possible, including the following information: (a) the type of document; (b) the date of the document; (c) the date when the document became lost, discarded or destroyed; and (d) the identity of all persons having knowledge of the contents of the document.

V.   Unless otherwise indicated, these requests cover the period prior to the conception of the alleged inventions claimed in each of the Patents-in-Suit until the date on which these requests are answered.  NICE is reminded of its continuing duty to supplement its responses under the rules cited above.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents and things identified, consulted or referred to in answering any interrogatory posed to NICE in this litigation.

### REQUEST NO. 2

All documents and things identified, consulted or referred to in composing or drafting the Complaint in this litigation.

### REQUEST NO. 3

All documents and things identified, consulted or referred to in composing or drafting the Initial Disclosures in this litigation.

- 6 -

### REQUEST NO. 4

Documents sufficient to show the corporate structure of NICE, any related companies, and any affiliates, subsidiaries, parents, or entities associated in any way with NICE, or that had an association with NICE at any time since the filing of the Patents-in-Suit, including the relationship and organization between such entities.

### REQUEST NO. 5

Documents sufficient to show NICE's document retention policies, document disposal policies and document destruction policies, if any, from the time of its formation to the present.

### REQUEST NO. 6

Notes and minutes of NICE's board or committee meetings at which any perceived or alleged patent infringement by Witness was discussed.

### REQUEST NO. 7

Documents sufficient to identify dealers, distributors, resellers, licensees, lessees, customers or partners doing business with NICE or having done business with NICE concerning any NICE Product.

### REQUEST NO. 8

All documents and things concerning any extrinsic evidence which NICE contends is relevant to construing any of the claims of any of the Patents-in-Suit.

### REQUEST NO. 9

All documents concerning the conception of any of the purported inventions of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 10**

All documents concerning the reduction to practice of any of the purported inventions of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 11**

All documents concerning the contributions of each person involved in the conception and/or reduction to practice of the subject matter of any claim of any of the Patents-in-Suit and/or Related Applications, or the subject matter of any claim that was pending during the prosecution of the Patents-in-Suit and/or Related Applications, including all files of each person generated or kept prior to the application for any of the Patents-in-Suit and/or Related Applications that pertains in any way to the subject matter disclosed in the Patents-in-Suit.

**REQUEST NO. 12**

All documents concerning determination of inventorship with respect to the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 13**

All documents concerning the inventors' beliefs as to the best mode of carrying out the purported inventions claimed in the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 14**

All documents concerning the inventors' beliefs as to the preferred embodiments of the purported invention(s) claimed in the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 15**

All documents concerning works, including without limitation any Art and/or any inventor notebooks, that the alleged inventors of the Patents-in-Suit relied upon,

consulted, or utilized in conceiving and reducing to practice any of the subject matter
claimed in any of the Patents-in-Suit and/or Related Applications.

## REQUEST NO. 16

All documents concerning any papers, patents, interviews, presentations, or
publications authored, edited, or given by any of the alleged inventors of the Patents-in-
Suit and/or Related Applications that relate to the subject matter claimed or disclosed in
the Patents-in-Suit and/or Related Applications.

## REQUEST NO. 17

All documents and things, including without limitation communications,
concerning the preparation, filing, and/or prosecution of any application leading to the
issuance of the Patents-in-Suit and/or Related Applications.

## REQUEST NO. 18

All documents concerning any reasonable diligence during the time period
between conception and actual or constructive reduction to practice of the purported
inventions claimed in the Patents-in-Suit and/or Related Applications.

## REQUEST NO. 19

The prosecution histories for the Patents-in-Suit and all Related Applications,
foreign or domestic.

## REQUEST NO. 20

The prosecution histories for any pending applications relating to the subject
matter of any Witness products and/or services.

**REQUEST NO. 21**

All communications to or from the United States Patent & Trademark Office ("USPTO") concerning the Patents-in-Suit, any Related Applications, or any pending applications relating to the subject matter of any Witness products and/or services.

**REQUEST NO. 22**

All source code, specifications, schematics, flow charts, artwork, formulas, structured software diagrams, engineering drawings, block diagrams, and other documents showing the operation or composition of any NICE Product, regardless of whether the product or system has been sold, offered for sale or otherwise publicly disclosed, produced in native format.

**REQUEST NO. 23**

All technical documents concerning any NICE Products, including without limitation user's manuals, service manuals, product data sheets, brochures, white papers, website content and other technical documentation.

**REQUEST NO. 24**

All documents concerning any marketing, advertising, promotional efforts, or any other efforts by NICE or any other entity, including without limitation Dictaphone, to promote the use and/or sales of any NICE Product.

**REQUEST NO. 25**

All documents concerning or constituting communications concerning the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 26**

All documents concerning or constituting communications concerning allegations of infringement of any of the Patents-in-Suit and/or Related Applications by Witness or by any third party(ies).

**REQUEST NO. 27**

All documents concerning or constituting communications concerning Witness or its products and/or services.

**REQUEST NO. 28**

All documents concerning or constituting communications with Witness.

**REQUEST NO. 29**

All documents concerning any comparison, study, analysis, testing, or evaluation of the design, structure, function, or operation of any product, device, technology, or system against (a) the specification or any claim(s) of any of the Patents-in-Suit and/or Related Applications, or (b) against any NICE Product.

**REQUEST NO. 30**

All documents concerning any comparison, study, analysis, testing, or evaluation of the Accused Products and/or Related Applications.

**REQUEST NO. 31**

All documents concerning any current or past ownership of any right, title, or interest in any of the Patents-in-Suit and/or Related Applications, including without limitation any assignments, transfers, security agreements, or title reports and all exhibits, amendments, attachments, schedules, or appendices thereto.

### REQUEST NO. 32

All documents concerning any license(s) granted to any entity under any of the Patents-in-Suit and/or Related Applications.

### REQUEST NO. 33

All documents concerning any effort to license or any license of any right, title, privilege, or interest concerning any of the Patents-in-Suit and/or Related Applications, including but not limited to documents and things concerning any licensing negotiations, notice letters, draft licenses, redlines, demand letters, cease and desist letters, exhibits, amendments, attachments, schedules or appendices thereto.

### REQUEST NO. 34

All documents concerning or constituting patent licenses to which NICE is a party.

### REQUEST NO. 35

All agreements (other than licenses) concerning any of the Patents-in-Suit and/or Related Applications, including assignments, development agreements, funding agreements, covenants not to sue, agreements not to assert, and agreements concerning immunity from suit and all exhibits, amendments, attachments, schedules, or appendices thereto.

### REQUEST NO. 36

All documents concerning the payment of maintenance fees for the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 37**

All documents relating to agreements with the named inventors of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 38**

All documents concerning or constituting communications with the inventors of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 39**

All documents, including without limitation employment files, relating to the employment of the named inventors of the Patents-in-Suit from the period of conception of the purported inventions of the Patents-in-Suit and/or any Related Applications through the present.

**REQUEST NO. 40**

All documents concerning any alleged non-obviousness of the subject matter described or claimed in the Patents-in-Suit and/or Related Applications, including commercial success, long-felt but unmet need, copying by others, unexpected result achieved by the subject matter described or claimed in the Patents-in-Suit and/or Related Applications, attempts by others to solve the problem addressed by the Patents-in-Suit and/or Related Applications, and acceptance in the industry and/or by the public of the alleged inventions.

**REQUEST NO. 41**

All documents and things concerning the date NICE's alleged damages based on alleged infringement of any of the Patents-in-Suit began to accrue and/or ceased accruing under 35 U.S.C. § 154(d).

- 13 -

**REQUEST NO. 42**

All documents and things concerning NICE's belief that Witness had actual notice of the Patents-in-Suit or the published applications that matured into the Patents-in-Suit.

**REQUEST NO. 43**

All documents and things concerning NICE's alleged right to recover a reasonable royalty based on substantially identical inventions under 35 U.S.C. § 154(d)(2).

**REQUEST NO. 44**

All documents concerning any damages NICE alleges or intends to allege it sustained due to alleged patent infringement by Witness.

**REQUEST NO. 45**

All documents concerning any of NICE's contentions, positions, or assertions made or to be made concerning NICE's damage theories in this litigation, including but not limited to contentions, positions, or assertions made or to be made concerning the theories of price erosion, lost profits, reasonable royalty, established royalty and lost sales, and any other basis for alleged compensation under 35 U.S.C. § 284.

**REQUEST NO. 46**

All documents tending to support or refute NICE's claim for injunctive relief in this case.

**REQUEST NO. 47**

All documents tending to support or refute any claim by NICE that it has suffered, or will continue to suffer, irreparable injury caused by the alleged infringement in this case.

- 14 -

**REQUEST NO. 48**

All documents tending to support or refute any claim by NICE that the remedies at law available to NICE are inadequate to compensate for any irreparable injury alleged in this action.

**REQUEST NO. 49**

All documents tending to support or refute any claim by NICE that a remedy in equity is warranted, considering the balance of hardships between the parties in this case.

**REQUEST NO. 50**

All documents tending to support or refute any claim by NICE that the public interest would not be disserved by a permanent injunction in this case.

**REQUEST NO. 51**

All documents and things concerning the novelty, patentability, validity, enforceability, or scope of any of the claims of any of the Patents-in-Suit and/or Related Applications or concerning any Prior Art, including but not limited to documents produced or provided to NICE by any person or entity and asserted or suggested by such person or entity to be relevant to the novelty, patentability, validity, enforceability, or scope of any of the Patents-in-Suit.

**REQUEST NO. 52**

All documents concerning or constituting Art that has been alleged to be, is believed to be, or may be material to any of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 53**

Any documents concerning or constituting Art that was considered to be submitted to any patent office concerning any of the Patents-in-Suit or any Related Application, including any foreign counterparts.

**REQUEST NO. 54**

All documents concerning any first sale, offer for sale, use, or public disclosure of any product, process, or service covered by any of the claims of any of the Patents-in-Suit and/or Related Applications or covered by any claims that were pending during the prosecution of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 55**

All Prior Art, including all documents concerning such Prior Art or any search for Prior Art, concerning the subject matter of the Patents-in-Suit.

**REQUEST NO. 56**

All documents and things concerning the patentability of the alleged inventions claimed in any of the Patents-in-Suit and/or Related Applications, including but not limited to alleged novelty, usefulness, utility and/or non-obviousness of the claimed invention(s).

**REQUEST NO. 57**

All documents concerning NICE's awareness of any Witness activities that form the basis for the accusation of infringement of the Patents-in-Suit.

**REQUEST NO. 58**

All documents concerning any competitive or marketing analysis of any Witness product accused of infringement of the Patents-in-Suit.

**REQUEST NO. 59**

All licenses for patents, technology or other know-how incorporated into any NICE Product.

**REQUEST NO. 60**

All documents and things referring to, relating to, summarizing, or projecting sales, revenues, costs and profitability information about all NICE Products made, used, sold, or offered for sale, both inside and outside the United States.

**REQUEST NO. 61**

All documents concerning the capabilities, operation, or performance of any NICE Products, including marketing collateral, documents provided to distributors, sales personnel, customers, and prospective customers.

**REQUEST NO. 62**

All documents and things referring or relating to experimental testing relative to the subject matter of the Patents-in-Suit and/or Related Applications performed by NICE or others known to NICE prior to the issuance of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 63**

All documents and things referring or relating to all design proposals or alternatives considered or known by NICE at the time of filing the application leading to the Patents-in-Suit and/or Related Applications for carrying out any of the subject matter claimed in the Patents-in-Suit and/or Related Applications, or any particular function recited in the claims.

- 17 -

**REQUEST NO. 64**

All documents concerning NICE's capacity to supply NICE Products to customers in the United States.

**REQUEST NO. 65**

All documents and things referring and relating to all activities undertaken by NICE or Dictaphone to assure compliance with the marking requirements of 35 U.S.C. § 287.

**REQUEST NO. 66**

All documents relating to the Mercom Litigation concerning or constituting any Art that has been alleged to be or is believed to be or may be material to any of the Patents-in-Suit and/or Related Applications.

**REQUEST NO. 67**

All documents relating to the Mercom Litigation concerning how any party asserted any patent claim term should be construed.

**REQUEST NO. 68**

All documents relating to the Mercom Litigation concerning any allegation that any of the patents at issue in the Mercom Litigation were invalid or unenforceable.

**REQUEST NO. 69**

All documents relating to the Voice Print Litigation concerning or constituting any Art that has been alleged to be or is believed to be or may be material to any of the Patents-in-Suit.

**REQUEST NO. 70**

All documents relating to the Voice Print Litigation concerning how any party asserted any patent claim term should be construed.

**REQUEST NO. 71**

All documents relating to the Voice Print Litigation concerning any allegation that any of the patents at issue in the Voice Print Litigation were invalid or unenforceable.

**REQUEST NO. 72**

All documents concerning or constituting agreements between NICE and Dictaphone relating to the Patents-in-Suit or related to the Mercom Litigation, the Dictaphone/NICE Litigation, and/or the Voice Print Litigation.

**REQUEST NO. 73**

Documents sufficient to identify any litigation concerning the Patents-in-Suit other than the current litigation, the Mercom Litigation, the Dictaphone/NICE Litigation, and the Voice Print Litigation.

**REQUEST NO. 74**

All documents relating to the Dictaphone/NICE Litigation concerning or constituting any Art that has been alleged to be or is believed to be or may be material to any of the Patents-in-Suit.

**REQUEST NO. 75**

All documents relating to the Dictaphone/NICE Litigation concerning how any party asserted any patent claim term should be construed.

- 19 -

**REQUEST NO. 76**

All documents relating to the Dictaphone/NICE Litigation concerning any allegation that any of the patents at issue in the Dictaphone/NICE Litigation were invalid or unenforceable, including without limitation all documents supporting NICE's allegation in the Dictaphone/NICE Litigation that U.S. Patent No. 5,396,371 is unenforceable.

**REQUEST NO. 77**

All documents concerning or constituting any opinion that any product does or does not infringe any of the Patents-in-Suit.

**REQUEST NO. 78**

All documents concerning or constituting any opinion that any of the Patents-in-Suit are invalid or unenforceable.

**REQUEST NO. 79**

All documents concerning NICE's compliance with its duties and obligations under Federal Rule of Civil Procedure 11 for all claims, defenses, allegations, and other factual or legal contentions asserted in this action, including all documents concerning the function or operation of any Accused Product that were in NICE's possession prior to the filing of this action.

**REQUEST NO. 80**

All documents reviewed, studied, examined or analyzed as part of any effort by NICE to satisfy its pre-filing obligations under Federal Rule of Civil Procedure 11.

**REQUEST NO. 81**

All documents concerning the allegation made in Paragraphs 13, 21, 29, 37, 46, 54, 63, 72, 81, and 90 of the Complaint that "Witness' infringing activities are deliberate and willful."

**REQUEST NO. 82**

All other documents on which NICE intends to rely, in any way, to support any of its claims and defenses in this action.

Dated:  September 29, 2006          FISH & RICHARDSON P.C.

By:  */s/ William J. Marsden, Jr.*
        William J. Marsden, Jr. (#2247)
        Kyle Wagner Compton (#4693)
        919 N. Market Street, Suite 1100
        P. O. Box 1114
        Wilmington, Delaware  19899-1114
        Telephone:  (302) 652-5070

        Nagendra Setty
        Daniel A. Kent
        John D. Hamann
        1230 Peachtree Street, NE, 19th Floor
        Atlanta, GA 30309
        Tel: (404) 892-5005

        ATTORNEYS FOR DEFENDANT
        WITNESS SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of September, 2006, I caused a copy of

DEFENDANT WITNESS SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR

PRODUCTION OF DOCUMENTS AND THINGS to be served on the following

counsel of record in the manner indicated below:

## <u>VIA ELECTRONIC & FIRST CLASS MAIL:</u>

| | |
|---|---|
| Josy W. Ingersoll | *Attorneys for Plaintiffs* |
| Karen L. Pascale | *Nice Systems Ltd. and Nice Systems, Inc.* |
| Young, Conoway, Stargatt & Taylor, LLP | |
| 1000 West Street, 17th Floor | |
| P.O. Box 391 | |
| Wilmington, DE  19899 | |

| | |
|---|---|
| Scott G. Lindvall | *Attorneys for Plaintiffs* |
| Daniel DiNapoli | *Nice Systems Ltd. and Nice Systems, Inc.* |
| Joseph M. Drayton | |
| Robert R. Laurenzi | |
| Jason Frank | |
| Steven Chin | |
| Kaye Scholer LLP | |
| 425 Park Avenue | |
| New York, NY  10022 | |

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE  DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS LTD.<br><br>     *Plaintiffs*,<br><br>     v.<br><br>WITNESS SYSTEMS, INC.<br><br>     *Defendant*. | Civil Action No. 06-311-JJF |

**DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS AND THINGS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local

Rules of the District of Delaware, Defendant Witness Systems, Inc. ("Witness") requests

that Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively, "NICE")

produce the following documents and things at the offices of Fish & Richardson P.C.,

1180 Peachtree St., N.E., 21st Floor, Atlanta, GA 30309, within thirty (30) days of

service of this request.

**DEFINITIONS AND INSTRUCTIONS**

These requests incorporate, without limiting the scope of the Federal Rules of

Civil Procedure, the following definitions and instructions:

A.  If you do withhold from production any document or thing because of a claim

of privilege or other protection, the claim shall be made expressly and shall describe the

nature of the document or thing not disclosed in a manner that, without revealing

information itself privileged or protected, will enable other parties to assess the

applicability of the privilege or protection, as required by Rule 26(b)(5).

B.  "Document" encompasses any recording of information in tangible or recoverable form, including all written, typed, printed, recorded or graphic matter, photographic matter and tapes, records, tape recordings or other sound or visual reproduction materials, computer databases, database records, electronic mail, instant message records, voicemail records, computer tapes and discs, word processing files, discs, diskettes, or "floppies," or any other devices or tangible objects however produced, reproduced or stored, upon which words or other information are affixed or recorded or from which, by appropriate transcription, written matter or a tangible thing may be produced, that is in your actual or constructive possession, custody or control, all prior drafts of the foregoing, and copies of the foregoing on which any mark, alteration, writing, or other change from the original has been made.  It includes, but is not limited to, letters, memoranda, reports, evaluations, inventor notebooks, correspondence, communications, agreements, contracts, invoices, checks, journals, ledgers, telegrams, telexes, handwritten notes, periodicals, pamphlets, computer or business machine printouts, accountants' work papers, accountants' statements and writings, notations or records of meetings, printers' galleys, books, papers, speeches, public relations issues, advertising, materials filed with government agencies, office manuals, employee manuals or office rules and regulations, reports of experts, and any other written matter.  A draft or nonidentical copy is a separate document.

C.  The term "Complaint" means the complaint NICE filed against Witness Systems, Inc. in Civil Action No. 06-311-JJF, pending in the United States District Court for the District of Delaware.

D.  "NICE" "you," and "your" mean NICE Systems Ltd., NICE Systems, Inc. and any of their directors, officers, consultants, agents, representatives, predecessors in interest, parents, subsidiaries, assignees, licensees, employees, and attorneys of either, and any other persons acting on NICE's behalf.

E.  "Witness" means Witness Systems, Inc. and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Witness' behalf, including without limitation Eyretel Plc.

F.  "Patents-in-Suit" means, collectively, U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109; each, individually, is a "Patent-in-Suit."

G.   The term "Accused Products" includes any and all of the following Products that NICE alleges infringe the Patents-in-Suit:

1.  Contactstore;

2.  Contactstore for Communication Manager;

3.  Quality for Communication Manager;

4.  Contactstore for IP;

5.  Eyretel's ContactStore;

6.  Eyretel's Mediastore;

7.  Eyretel's Contact 7000;

8.  eQuality ContactStore;

9.  ContactStore;

10. Witness ContactStore of Communication Manager;

11. Witness Quality for Communication Manager;

- 3 -

12. Impact 360;

13. eQuality Balance; and

14. eQuality Contactstore for IP.

H. "Prior Art" shall mean any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, or invention relating to the subject matter of the Patents-in-Suit that is dated or may have occurred prior to the earliest claimed priority date for the affected Patent-in-Suit.

I. "Art" shall mean any patent, published patent application, publication, reference, apparatus, device, system, public knowledge, public use, sale, offer of sale, invention or document relating to the subject matter of the Patents-in-Suit referenced by the particular request.

J. These requests call for production of all requested documents in the possession, custody or control of NICE, including but not limited to research and development records, regulatory compliance records, production records and all records of sales, marketing, administration, management, patent and legal departments.

K. "Related Applications" shall mean any and all applications related to the Patents-in-Suit, including any (1) continuations, (2) continuations-in-part, (3) divisions, (4) interferences, (5) reexaminations, (6) reissues, (7) related patents, (8) parents, (9) foreign counterpart applications to any of the Patents-in-Suit or foreign counterparts to any of items "1" through "11" , (10) any other applications disclosing, describing or claiming any invention disclosed, described or claimed in any of the Patents-in-Suit, or (11) any other applications claiming the benefit of the filing date of any application whose benefit is claimed in any of the Patents-in-Suit, whether or not abandoned and whether or not issued.

L.  "NICE Product" means any product, process or service of NICE that (a) when used or made, incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-in-Suit or (b) that NICE contends is covered by one or more claims of the Patents-in-Suit.

M.  "Dictaphone" means Dictaphone Corporation, its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Dictaphone's behalf.

N.  "Mercom Litigation" means *Dictaphone Corporation v. Mercom Systems, Inc.*, Civil Action No. 1:04-CV-05844-MBM, filed in the United States District Court for the Southern District of New York.

O.  "Voice Print Litigation" means *Dictaphone Corporation v. Voice Print International, Inc.*, Civil Action No. 2:04-CV-06160-ER-RC, filed in the United States District Court for the Central District of California.

P.  "Dictaphone/NICE Litigation" means *Dictaphone Corp. v. NICE Systems Ltd.*, Civil Action No. 3:00-CV-1143, filed in the United States District Court for the District of Connecticut.

Q.  As used herein, the term "communication" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

R.  As used herein, the term "all" shall be construed as all and each, and the term "each" shall be construed as all and each.

S.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

- 5 -

T.  The use of the singular form of any word includes the plural and vice versa.

U.  If any document which is the subject of these requests was at one time in existence but was subsequently lost, discarded or destroyed, identify such document as completely as possible, including the following information: (a) the type of document; (b) the date of the document; (c) the date when the document became lost, discarded or destroyed; and (d) the identity of all persons having knowledge of the contents of the document.

V.  Unless otherwise indicated, these requests cover the period prior to the conception of the alleged inventions claimed in each of the Patents-in-Suit until the date on which these requests are answered.  NICE is reminded of its continuing duty to supplement its responses under the rules cited above.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 83

All documents concerning the promotion or marketing of any products that NICE believes are within the scope of any of the claims of any of the Patents-in-Suit or that compete with any products that NICE believes are within the scope of any of the claims of any of the Patents-in-Suit.

### REQUEST NO. 84

All documents concerning the conception, design, development, implementation, installation or operation of any NICE product or any product that competes with any of the Accused Products or any NICE Product.

**REQUEST NO. 85**

All technical documents concerning any product that competes with any of the Accused Products, including, user's manuals, service manuals, product data sheets, brochures, website content and other technical documentation.

**REQUEST NO. 86**

All documents concerning the capabilities or performance of any product that competes with any of the Accused Products or any NICE Product, including documents provided to distributors, sales personnel, customers and prospective customers.

**REQUEST NO. 87**

All documents concerning the manufacture, purchase, sale, offer for sale, distribution or lease of any NICE product or any product that competes with any of the Accused Products.

**REQUEST NO. 88**

All agreements, in which NICE is a party, concerning the manufacture, distribution, sale or service of any NICE Product.

**REQUEST NO. 89**

All documents concerning or constituting any design around or efforts to design around any of the claims of any of the Patents-in-Suit.

**REQUEST NO. 90**

Documents sufficient to show the quantity of units, customers, and the annual sales of all NICE Products.

**REQUEST NO. 91**

All documents concerning NICE's quarterly and annual gross and net profits, on an aggregate and per unit basis, from sales of each of the NICE Products, including information such as quantities sold, revenues, direct and indirect costs, including but not limited to, costs of goods sold or leased, manufacturing costs, general, selling, administrative and marketing expenses.

**REQUEST NO. 92**

All documents concerning marketing and/or financial analyses, projections and/or performance by or on behalf of NICE for NICE Products or any products that compete with any of the Accused Products, including analyses and projections of sales, leases, or other transfers, costs, gross and net profits, budgets, forecasts, estimates and predictions, prices or price lists, business and marketing plans, market research, market share and documents provided to NICE's sales, leasing or licensing representatives.

**REQUEST NO. 93**

All documents concerning the profitability and the method of calculating profitability of NICE Products or any products that compete with any of the Accused Products made, used, sold, marketed or imported into the United States by NICE, including documents showing net revenues, direct materials and labor costs, marketing, shipping and distribution costs, and all overhead or allocated costs.

**REQUEST NO. 94**

All documents upon which NICE relies to support its position that NICE is entitled to a permanent injunction in this action.

**REQUEST NO. 95**

All documents concerning the hardships NICE would experience if a permanent injunction precluding Witness from marketing, offering to sell, selling, offering to license and/or licensing any of the Accused Products was not entered.

**REQUEST NO. 96**

All documents concerning any person whom NICE expects to call as an expert witness at trial, or on whose testimony, written or oral, NICE intends to rely at any other stage of this action.

**REQUEST NO. 97**

All documents concerning any agreement, contract, or other arrangement providing for consultant or expert assistance to NICE in connection with this litigation.

**REQUEST NO. 98**

Documents sufficient to show which products acquired from Dictaphone NICE currently sells or offers for sale.

**REQUEST NO. 99**

All documents relating to any advantage or improvement purported to be provided by the claimed inventions of the Patents-in-Suit.

**REQUEST NO. 100**

All documents and tangible things relating to research, development or design of any of the inventions claimed in the Patents-in-Suit or any products that NICE contends are within the scope of any of the claims of any of the Patents-in-Suit.

**REQUEST NO. 101**

All documents and tangible things relating to the modification, improvement, upgrade, construction, manufacture, assembly or testing of any of the inventions claimed in the Patents-in-Suit.

**REQUEST NO. 102**

All documents relating to the Patents-in-Suit.

**REQUEST NO. 103**

All documents and things relating to the demand in the United States for products using or embodying any invention described, disclosed, or claimed in any of the Patents-in-Suit, from the filing dates of the Patents-in-Suit to the present.

**REQUEST NO. 104**

All documents and things relating to acceptable or unacceptable substitutes in the United States for the Accused Products or for any NICE Product, whether infringing or not, from the filing dates of the Patents-in-Suit to the present.

**REQUEST NO. 105**

All documents relating to the ability of NICE, Witness, or any other person to develop, produce, license, market, distribute or sell any product covered by any of the claims of any of the Patents-in-Suit.

**REQUEST NO. 106**

All documents relating to the past, present or anticipated or projected cost, pricing or profitability of any products covered by any of the claims of any of the Patents-in-Suit sold or marketed by NICE, Witness, or any other person.

## REQUEST NO. 107

All documents relating to any person's past, present, or future plans, strategies or objectives relating to any products covered by any of the claims of any of the Patents-in-Suit, including but not limited to:

     (a)      Research and development plans;

     (b)      Creation, commercialization, or licensing plans;

     (c)      Short term or long range projects, strategies and objectives;

     (d)      Business, marketing or strategic plans;

     (e)      Expansion or retrenchment plans;

     (f)      The abandonment, termination of work, or placement in the public domain, of any technology; or

     (g)      The expansion of existing research and development activities.

## REQUEST NO. 108

All documents relating to the actual, potential or projected market for the Accused Products, products that compete with the Accused Products, or for any products covered by any of the claims of any of the Patents-in-Suit.

## REQUEST NO. 109

All documents relating to the nature, characteristics or definitions of what NICE contends is the relevant product market for the Accused Products or any products covered by any of the Patents-in-Suit, including but not limited to any documents that specify or estimate, or attempt to specify or estimate, the actual, potential or projected market share of each market participant.

**REQUEST NO. 110**

All documents relating to current, future or possible competition in the development, manufacturer, licensing, marketing, distribution or sale of any of the Accused Products or call center products, including the market studies, presentations, forecasts and surveys, and all documents relating to:

(c)     The market share or competitive position of NICE or any of its competitors;

(d)     The market share or competitive position of Witness or any of its competitors;

(e)     Supply and demand conditions;

(f)     The importance or benefit of long-term relationships between customers and suppliers of any call center product;

(g)     Attempts to win customers from other companies and losses of customers to other companies (including any sales persons' call or trip reports);

(h)     Allegations by any person that any other person that manufacturers, develops, or sells any call center product is not behaving in a competitive manner, including but not limited to customer and competitors complaints and threatened, pending, or completed lawsuits, and including all documents relating to allegations by any person concerning patent abuse, monopolization, or cartel activity; and

(i)     The relationship between the supply, demand, costs, or price of any call center product and any product that competes or has competed with any call center product, including documents relating to the characteristics and uses of any such product,

the interchangeability of such products, and the ability of customers to switch among such products.

### REQUEST NO. 111

All documents relating to the likely new entrants into the creation, development, production, distribution or sale of any call center products, including any relevant requirements, such as costs and scale requirements, for entry.

### REQUEST NO. 112

All documents relating to the advantages, disadvantages or interchangeability of NICE's or Witness' products relative to other call center products, including documents that compare one type of call center product to another.

### REQUEST NO. 113

All documents relating to any information submitted to or received from, or relating to any communications or dealings with, any industry analyst, industry consultants, market analysis or market consultants relating to the development, manufacturing or sale of any call center product.

### REQUEST NO. 114

All documents relating to any communication with the United States Department of Justice, the Federal Trade Commission, any state attorney general's office, or any other federal, state or foreign governmental entity, agency or official that regulates competition or polices anticompetitive conduct, relating to any NICE Product.

### REQUEST NO. 115

All documents that NICE contends evidence the level of ordinary skill in the art pertaining to the inventions of each of the Patents-in-Suit.

**REQUEST NO. 116**

All documents and things concerning or constituting the reduction to practice of any of the inventions claimed in each of the Patents-in-Suit.

**REQUEST NO. 117**

All documents relating to any litigation, arbitration, mediation, or administrative or other proceeding, in the United States or any foreign country, relating to any of the Patents-in-Suit, Related Applications, or any foreign counterparts or in which any of the Patents-in-Suit, Related Applications, or any foreign counterparts were, currently are or may be in issue, including all documents filed or lodged with the court, written discovery, produced documents, testimony (including deposition transcripts, trial transcripts, hearing transcripts, declarations and affidavits), expert reports, analyses, and correspondence.

**REQUEST NO. 118**

All documents relating to the structure, operation, theory of operation, operating characteristics, function or performance of each NICE Product.

**REQUEST NO. 119**

All documents, including publications and articles, relating to NICE, its technology, or its products.

**REQUEST NO. 120**

All source code created by anyone at NICE or Dictaphone.

**REQUEST NO. 121**

All source code created by any of the inventors of the Patents-in-Suit.

**REQUEST NO. 122**

All documents relating to the cost to manufacture any NICE product.

**REQUEST NO. 123**

All documents relating to NICE's marketing or sales capacity.

**REQUEST NO. 124**

All documents that report, indicate or summarize the net profits of NICE, including documents indicating how net profit was calculated.

**REQUEST NO. 125**

All NICE annual reports, annual financial statements, Securities and Exchange Commission Form 10-K filings, income statements, balance sheets, financial filings, statements of operations, cash flow statements, and other earning or financial statements, whether audited or unaudited and whether for external or internal purposes.

**REQUEST NO. 126**

All documents and tangible things relating to the anticipated or actual profitability, industry acceptance, commercial success, or popularity of each NICE Product including any marketing forecasts, business plans, profit plans, or other documents that include or reflect a projection or prediction of sales of, or profit therefrom, and including documents in which the anticipated or actual profitability, industry acceptance, commercial success, or popularity of any NICE Product is compared or contrasted with the anticipated or actual profitability, industry acceptance, commercial success, or popularity of one or more other products.

**REQUEST NO. 127**

All documents and things relating to marketing of any NICE Product, including market requirements statements, marketing reports, marketing feedback reports, market studies, market forecasts, market surveys, competitive analysis, market share data,

customer need studies, advertising materials, promotional materials, trade show materials, brochures, price lists, product press releases, and product descriptive literature.

**REQUEST NO. 128**

All documents and things relating to sales or offers for sale of any NICE Product, including sales reports, sales forecasts, strategic plans, budgeting documents, pricing policies, lost business reports, lost sale reports, sales training materials, requests for quotations, quotes, purchase orders, invoices, shipping orders, guarantees, and warranties.

**REQUEST NO. 129**

All documents and tangible things that relate to wholesale and retail prices charged, or to be charged, for any NICE product.

**REQUEST NO. 130**

All documents that NICE has provided to any expert who will testify in this litigation.

**REQUEST NO. 131**

All documents reviewed or considered by any expert who will testify in this litigation.

**REQUEST NO. 132**

All documents relating to any acquisition, merger, spin-off, purchase or sale of assets or any other combination contemplated or concluded by NICE relating to the call center product industry.

**REQUEST NO. 133**

All documents and tangible things relating to any communication relating to Witness or this litigation made by a NICE employee to an actual or potential customer of NICE or Witness.

**REQUEST NO. 134**

All documents, including communications, relating to this litigation, including to the purpose of this litigation, and the predicted, likely or actual effects on Witness, its technology, its products, its patents, its pending lawsuits, or its stock price.

**REQUEST NO. 135**

All documents and things relating to any communications with any third party concerning Witness' or NICE's market share or market power.

**REQUEST NO. 136**

All documents and things relating to the market share of any NICE Product.

**REQUEST NO. 137**

All documents and things relating to the competitive positioning of NICE or any NICE Product.

**REQUEST NO. 138**

All documents concerning Bulova Technologies EMS LLC, including all documents concerning any relationship that NICE or Dictaphone has or had with Bulova Technologies EMS LLC or concerning any products or services that Bulova Technologies EMS LLC provided to NICE or on NICE's behalf.

### REQUEST NO. 139

All documents or things concerning Racal Recorders or Thales Contact Solutions, including all documents or things concerning any products manufactured, sold, or offered for sale by Racal Recorders or Thales Contact Solutions.

### REQUEST NO. 140

All documents concerning NICE's acquisition of Racal Recorders and/or Thales Contact Solutions, including all documents related to any negotiations, agreements, terms of sale, or understandings.

### REQUEST NO. 141

All documents or things concerning any litigation involving any of the Patents-in-Suit, including all documents served or filed by or on any party, all documents and things produced by or on any party, and all correspondence with, between or amongst any party.

### REQUEST NO. 142

All documents concerning or constituting the costs and attorneys' fees that NICE has incurred or expects to incur in this litigation, including all documents concerning the costs and attorneys' fees that NICE has incurred in pursuing its claims and/or defending against Witness' defenses and/or counterclaims, including all billing records, invoices and receipts.

/

/

/

/

/

Dated:  January 31, 2007         FISH & RICHARDSON P.C.


By:  */s/ Kyle Wagner Compton*
    William J. Marsden, Jr. (#2247)
    Kyle Wagner Compton (#4693)
    919 N. Market Street, Suite 1100
    P. O. Box 1114
    Wilmington, Delaware  19899-1114
    Telephone:  (302) 652-5070


    Nagendra Setty (*pro hac vice*)
    Daniel A. Kent (*pro hac vice*)
    John D. Hamann (*pro hac vice*)
    1180 Peachtree Street, N.E.
    21st Floor
    Atlanta, GA 30309
    Tel: (404) 892-5005

    ATTORNEYS FOR DEFENDANT
    WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2007, I caused a copy of

DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF REQUESTS FOR

PRODUCTION OF DOCUMENTS AND THINGS to be served on the following

counsel of record in the manner indicated below:

### VIA ELECTRONIC MAIL AND HAND DELIVERY:

Josy W. Ingersoll                             *Attorneys for Plaintiffs*
Melanie K. Sharp                              *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conoway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

### VIA ELECTRONIC MAIL AND
### FIRST CLASS MAIL

Scott G. Lindvall                             *Attorneys for Plaintiffs*
Daniel DiNapoli                               *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and NICE
SYSTEMS LTD,

     Plaintiffs,

     v.

WITNESS SYSTEMS, INC.

     Defendant.

1:06-cv-00311

**DEFENDANT WITNESS SYSTEMS, INC.'S NOTICE OF DEPOSITION
PURSUANT TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFFS
NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD.**

     To:    Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd., by and through their counsel of record:

     PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Witness Systems, inc. ("Witness Systems"), by and through its attorneys of record, will take the deposition of defendants NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE"), by one or more officers, directors, or managing agents, or other person designated to testify on their behalf, respecting the subjects identified in Attachment A.  The deposition will commence on Thursday, May 24, 2007 at 9:00 a.m. and continue from day-to-day thereafter until completed, the offices of Fish & Richardson P.C., Citigroup Center – 52nd Floor, 153 East 53rd Street, New York, NY 10022-4611.   The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure, before an officer duly authorized by law to administer oaths and record testimony.  Some or all of the deposition testimony may be recorded stenographically and may be recorded by videotape.  Some or all of the deposition testimony may involve real-time computer connection between the deposition taker and stenographer using software such as "LiveNote."

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, NICE is obligated to designate one or more of its officers, directors, or managing agents, or other persons who consent to testify on their behalf concerning the matters set forth in Attachment A. NICE is requested to set forth, for each person designated, the matters on which the person will testify.

Documents requested in connection with this notice are to be produced on Thursday, May 17, 2007 to the following location: Fish & Richardson P.C., Citigroup Center – 52nd Floor, 153 East 53rd Street, New York, NY 10022-4611, (212) 765-5070 (Tel.), (212) 258-2291 (Fax).

This deposition is noticed, and will be taken, without prejudice to Witness Systems' right to depose this witness in the future. The deposition may be used for any purpose including evidence at trial.

You are invited to attend and examine the witness.

Dated: April 20, 2007        FISH & RICHARDSON P.C.

By: */s/ Kyle Wagner Compton*
    William J. Marsden, Jr. (#2247)
    Kyle Wagner Compton (#4693)
    919 N. Market Street, Suite 1100
    P. O. Box 1114
    Wilmington, DE 19899-1114
    Tel: (302) 652-5070

    Nagendra Setty (*pro hac vice*)
    Daniel A. Kent (*pro hac vice*)
    1180 Peachtree Street, NE, 21st Floor
    Atlanta, GA 30309
    Tel: (404) 892-5005

Attorneys for Defendant and Counterclaim Plaintiff Witness Systems, Inc.

## ATTACHMENT A

### DEFINITIONS

1.      "Defendant," or "Witness" means Witness Systems, Inc. and includes without limitation all of its corporate locations, and all predecessors, parents, subsidiaries, divisions, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relationships with Witness and others acting on behalf of Witness.

2.      "Plaintiff," "NICE," "you," and "your" mean, collectively, NICE Systems, Inc. and NICE Systems, Ltd., including without limitation all corporate locations, and all predecessors, parents, subsidiaries, divisions, and affiliates, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, entities acting in joint-venture or partnership relations with NICE and others acting on behalf of NICE.

3.      "Dictaphone" means Dictaphone Corporation, its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Dictaphone's behalf, and includes any portion of Dictaphone Corporation or any assets of Dictaphone Corporation, including but not limited to intellectual property assets, acquired by NICE, as defined in Definition No. 2 above.

4.      "Person" means any natural person or individual as well as any firm, association, organization, joint venture, trust, partnership, corporation, or other organization or entity, or its divisions, departments, or other units thereof, and its agents and employees, and any other non-natural person of whatever nature.

5.      Any reference to any individual person, either singularly or as a part of a defined group, includes that individual person's employees, agents, successors, assignees, heirs, and representatives.

6.      The term "the '738 Patent" refers to U.S. Patent No. 5,274,738.

7.      The term "the '371 Patent" refers to U.S. Patent No. 5,396,371.

8.      The term "the '005 Patent" refers to U.S. Patent No. 5,819,005.

9.      The term "the '570 Patent" refers to U.S. Patent No. 6,249,570.

10.     The term "the '345 Patent" refers to U.S. Patent No. 6,728,345.

11.     The term "the '372 Patent" refers to U.S. Patent No. 6,775,372.

12.     The term "the '370 Patent" refers to U.S. Patent No. 6,785,370.

13.     The term "the '920 Patent" refers to U.S. Patent No. 6,870,920.

14.     The term "the '079 Patent" refers to U.S. Patent No. 6,959,079.

15.     The term "the '109 Patent" refers to U.S. Patent No. 7,010,109.

16.     The term "patents-in-suit" refers collectively to U.S. Patent No. 5,274,738, U.S. Patent No. 5,396,371, U.S. Patent No. 5,819,005, U.S. Patent No. 6,249,570, U.S. Patent No. 6,728,345, U.S. Patent No. 6,775,372, U.S. Patent No. 6,785,370, U.S. Patent No. 6,870,920, U.S. Patent No. 6,959,079, and U.S. Patent No. 7,010,109.

17.     "Related patents and applications" means all patents and applications, whether U.S. or foreign, the priority for which is based in whole or in part on any application from which the patents-in-suit also claim priority in whole or in part.  This phrase also includes all patents and applications, whether U.S. or foreign, that claim priority in whole or in part to the patents-in-suit.

18.     "Foreign counterparts" shall be interpreted broadly and includes any foreign patent or application that is based in whole or in part on, or which claims priority from or to, the patents-in-suit or any related patents and applications.  This phrase also includes any foreign patent or application from or to which the patents-in-suit claim priority.

19.     "Communication" or any variant thereof means any contact between two or more persons and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telecopies, telexes, e-mail, or any other document, the transmittal of information by any means , and any oral contact such as face-to-face meetings or telephone conversations.

20.     "Relating to" and "relate to" include, but are not limited to, the following meanings (including all variants thereof): pertaining to; discussing; mentioning; containing; comprising; concerning; reflecting; evidencing; describing; displaying; showing; identifying; proving; disproving; consisting of; supporting; contradicting; in any way legally, logically, factually connected with the matters referenced; or having a tendency to prove or disprove any matter referenced.

22.     The words "any" and "all" should be given their most inclusive meaning and should be construed to mean "any and all."

23.     The words "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all facts, documents, things, or communications that might otherwise be construed as outside the scope of these requests.

24.     The tense of each verb shall be construed broadly to include the past tense, the present tense, and where appropriate, the future tense, irrespective of the tense used.

**<u>INSTRUCTIONS</u>**

A.     You are to produce all documents identified below under the heading "Documents To Be Produced," that are within your possession, custody, or control, or otherwise available to You.  You are also to make yourself available for the purpose of giving testimony at a deposition about each of the subjects identified below under the headings "Deposition Topics."

B.     All documents that respond, in whole or in pat, to any portion of this notice are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.  To the extent these documents are maintained in both hard copy and electronic form, provide both forms.

C.     All documents shall be produced either in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this subpoena.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

D.     If any document requested has existed but has been lost, destroyed, or is no longer within Your possession, custody or control, identify those documents and describe the documents, its author(s), the recipient (s) or addressee(s), the subject matter and content.  Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known

custodian of the document and each person who has knowledge of the loss or destruction of any such document.

E.      If you decline to disclose information based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient:

(a)      to disclose the facts upon which you rely in asserting your claim;

(b)      to permit the grounds and the reasons for withholding the information to be identified unambiguously;

(c)      to permit the information withheld to be identified unambiguously; and

(d)      to identify all persons having knowledge of any facts relating to the claim of privilege.

If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim does not apply.

F.      If subsequent to the date You produce documents responsive to this notice You discover or receive documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the District Court.

G.      Each document is to be produce along with all drafts, without abbreviation or redaction.

## DOCUMENTS TO BE PRODUCED

1.      All documents that You consulted, reviewed, or referred to in preparing to testify (unless the document has already been produced).

## DEPOSITION TOPICS

1.      NICE's allegations of infringement of the patents-in-suit, including the circumstances under which NICE first became aware the Witness Systems was allegedly infringing claims of the patents-in-suit.

2.      The basis for all allegations underling NICE's Complaint and Answer to Witness Systems' Counterclaims.

3.      Activities by NICE to enforce rights under the patents-in-suit against others, including any letters or other communications with third parties concerning potential infringement of the patents or allegations of infringement of the patents.

4.      Activities by Dictaphone to enforce rights under the patents-in-suit against others, including any letters or other communications with third parties concerning potential infringement of the patents or allegations of infringement of the patents.

5.      NICE's organizational structure with respect to research, development, conception, design, and reduction to practice of the technology covered by each of the patents-in-suit.

6.      Dictaphone's organizational structure with respect to research, development, conception, design, and reduction to practice of the technology covered by each of the patents-in-suit.

7.      The conception and reduction to practice of the technology allegedly covered by each of the patents-in-suit, including the activities conducted, and the exercise of diligence, by each person involved in such conception and reduction to practice.

8.      NICE's relationship with Dictaphone, including, but not limited to, the history of that relationship, NICE's past litigation with Dictaphone, NICE's subsequent

acquisition of all or some portion of Dictaphone, NICE's acquisition of intellectual property or other assets from Dictaphone, and the rationale for any acquisition of or from Dictaphone.

9.      Any opinions of counsel that NICE or Dictaphone obtained or received related to or concerning the patents-in-suit.

10.      NICE's policies and practices with respect to the filing, storage, retention, backup, and destruction of documents, including e-mail, from 1995 to present.

11.      Dictaphone's policies and practices with respect to the filing, storage, retention, backup, and destruction of documents, including e-mail, from 1995 to present.

12.      NICE's intellectual property policies and procedures, including without limitation any policies or procedures relating to patenting technologies.

13.      Dictaphone's intellectual property policies and procedures, including without limitation any policies or procedures relating to patenting technologies.

14.      The prosecution of the applications leading to the patents-in-suit, including the substance of all interactions with patent prosecution counsel.

15.      NICE products that embody or practice the claims of the patents-in-suit, including without limitation how the products practice the claims, and the information contained in the technical specifications, design documents, schematics, and other technical documents addressing the development, function, and use of such products.

16.      Dictaphone products that embody, or practice the claims of the patents-in-suit, including without limitation how the products practice the claims, and the information contained in the technical specifications, design documents, schematics, and

other technical documents addressing the development, function, and use of such products.

17.     Any and all commercialization, marketing, promotion announcement, publicity, or documentation of the subject matter of the patents-in-suit by NICE.

18.     Any and all commercialization, marketing, promotion announcement, publicity, or documentation of the subject matter of the patents-in-suit by Dictaphone.

19.     Any and all disclosures made to individuals or entities outside of NICE and/or Dictaphone concerning  the subject matter of the patents-in-suit prior to each patent's filing date.

20.     NICE's manufacture, use, sale or offer for sale of any product incorporating any subject matter of the patents-in-suit.

21.     Dictaphone's manufacture, use, sale or offer for sale of any product incorporating any subject matter of the patents-in-suit.

22.     Any objective evidence of nonobviousness to be relied upon by NICE, including any evidence that tends to support or undermine any secondary considerations.

23.     NICE's marking practices concerning the patents-in-suit, including the extent to which any products incorporating any subject matter of any of the patents-in-suit were marked with the patent number of any of the patents-in-suit.

24.     Dictaphone's marking practices concerning patents-in-suit, including the extent to which any products incorporating any subject matter of any of the patents-in-suit were marked with the patent number of any of the patents-in-suit.

25.   Any agreements involving the patents-in-suit or the subject matter claimed by the patents-in-suit, including any licenses or assignments to such patents or subject matter.

26.   The quantity of NICE products that embody or practice the claims of the patents-in-suit made, used, sold, or offered for sale by NICE from December 31, 1990 to the present,  and the revenues (in U.S. dollars), costs (in U.S. dollars), and profits (in U.S. dollars) resulting from such manufacture, use, sale, and offer for sale.  This topic includes any and all forecasts and projections of such use, sales or offers for sale.

27.   The quantity of Dictaphone products that embody or practice the claims of the patents-in-suit made, used, sold, or offered for sale by NICE from December 31, 1990 to the present,  and the revenues (in U.S. dollars), costs (in U.S. dollars), and profits (in U.S. dollars) resulting from such manufacture, use, sale, and offer for sale.  This topic includes any and all forecasts and projections of such use, sales or offers for sale.

28.   NICE's accounting practices, methods, and understandings, including but not limited to NICE's methods of accounting for revenues, costs and profits; methods of depreciation; allocation of expenses; inventory measurements; profit allocation; and losses and assignments of debt.

29.   Dictaphone's accounting practices, methods, and understandings, including but not limited to Dictaphone's methods of accounting for revenues, costs and profits; methods of depreciation; allocation of expenses; inventory measurements; profit allocation; and losses and assignments of debt.

30.    Any earnings or valuation (including but not limited to projected earnings or valuation)of any technology  that embodies or practices the claims of the patents-in-suit.

31.    The commercial success (or lack thereof) of all NICE and Dictaphone products that embody or practice the claims of the patents-in-suit, including, but not limited to revenues, costs, and/or profits from any such NICE and/or Dictaphone products; profit margins of any such NICE and/or Dictaphone products; and any comparison of the commercial success of such products to other products.

32.    The facts surrounding any and all sales NICE contends it lost as a result of the alleged infringement in this case.

33.    The facts surrounding any and all profits NICE contends it lost as a result of the alleged infringement in this case.

34.    The facts surrounding any alleged communication between NICE or Dictaphone on the one hand, and Witness Systems on the other, concerning the patents in suit before the filing if this action.

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2007, I electronically filed with the Clerk of Court DEFENDANT WITNESS SYSTEMS, INC.'S NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6) TO PLAINTIFFS NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD. using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.  In addition, the filing will also be sent via hand delivery:

Scott G. Lindvall                                 Attorneys for Plaintiffs
Daniel P. DiNapoli                               NICE Systems, Inc. and NICE Systems,
Joseph M. Drayton                               LTD
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598


Josy W. Ingersoll (#1088)                     Attorneys for Plaintiffs
Melanie Sharp (#2501)                          NICE Systems, Inc. and NICE Systems,
Karen Keller (#4489)                            LTD
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

I hereby certify that on April 20, 2007, I have mailed by United States Postal Service, the document(s) to the following non-registered participants:

I hereby certify that on April 20, 2007, I have emailed and sent via United States Postal Service, the document(s) to the following non-registered participants:

Scott G. Lindvall
Daniel DiNapoli
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022

_/s/ Kyle Wagner Compton_
Kyle W. Compton
Fish & Richardson P.C. (Delaware)
Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware 19899-1114
(302) 652-5070
KCompton@fr.com

# Exhibit 4

**Noah Graubart**

**From:**   JDrayton@kayescholer.com
**Sent:**   Friday, May 18, 2007 8:13 PM
**To:**   Daniel A. Kent
**Cc:**   SLindvall@kayescholer.com
**Subject:** NICE v. Witness: Deposition Scheduling

Dan,

John Henits' deposition will go forward on May 24, 2006. He will also serve as NICE's 30(b)(6) designee for topics 8 and 16 of your deposition notice. If your office cannot complete his deposition and the NICE 30(b)(6) deposition in the same day, Mr. Henits will be available to complete the NICE 30(b)(6) deposition on May 25, 2006.

I will attempt to confirm from Verint's counsel whether they intend to produce a witness on May 25, 2007. Given Witness's relationship with Verint, you may be able to learn from Verint's counsel whether they intend to comply with our subpoena as served.

In light of NICE's general objections to Witness's 30(b)(6) notice, NICE will not be providing a witness to testify with regard to topics one and two of Witness's 30(b)(6) deposition notice. With the exception of topics one and two, it is our present intention to produce one or more witnesses to cover the remaining topics the week May 27. I am still attempting to sort out the scheduling. My goal is to confirm the date(s) on Monday.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)
"Daniel A. Kent" <dak@fr.com>

| | | |
|---|---|---|
| **"Daniel A. Kent"** <br> **<dak@fr.com>** <br><br> 05/18/2007 06:52 PM | To | <JDrayton@kayescholer.com> |
| | cc | |
| | Subject | RE: WS/DE - Deposition Scheduling - Callahan and Hegebarth |

Where do we stand re 30b6, Henits and Verint next week?

---

**From:** JDrayton@kayescholer.com [mailto:JDrayton@kayescholer.com]
**Sent:** Friday, May 18, 2007 6:51 PM
**To:** Daniel A. Kent
**Subject:** RE: WS/DE - Deposition Scheduling - Callahan and Hegebarth

Dan,

Thanks. We will want to take Hegebarth on June 7.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

5/15/2007

"Daniel A. Kent" <dak@fr.com>

| | |
|---|---|
| **"Daniel A. Kent"** <dak@fr.com> | To  <JDrayton@kayescholer.com> |
| | cc |
| 05/18/2007 04:38 PM | Subject  RE: WS/DE - Deposition Scheduling - Callahan and Hegebarth |

Joe: We may have a potential issue with Callahan, who is to be coming back from Brazil just before the deposition, but may not be able to make it back in time. As soon as we get confirmation, I will let you know.

Dan

**From:** JDrayton@kayescholer.com [mailto:JDrayton@kayescholer.com]
**Sent:** Thursday, May 17, 2007 6:40 PM
**To:** Daniel A. Kent
**Subject:** Re: WS/DE - Deposition Scheduling - Callahan and Hegebarth

Thanks. I will let you know about Hedgebarth tomorrow.

----- Original Message -----
**From:** "Daniel A. Kent" [dak@fr.com]
**Sent:** 05/17/2007 06:09 PM
**To:** Joseph Drayton
**Subject:** RE: WS/DE - Deposition Scheduling - Callahan and Hegebarth

Joe,

Mr. Callahan can be available for deposition on May 30 in Atlanta. Mr. Hegebarth remains available June 6 or 7. June 8 does not work for him.

Dan

**From:** JDrayton@kayescholer.com [mailto:JDrayton@kayescholer.com]
**Sent:** Thursday, May 17, 2007 2:57 AM
**To:** Daniel A. Kent
**Subject:** Re: WS/DE - Deposition Scheduling

Dan,

I would like to schedule the deposition of Marc Callahan on May 30, 2007. Can you check to see if Keith Hedgebarth is available on Friday, June 8.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)
"Daniel A. Kent" <dak@fr.com>

"Daniel A. Kent" <dak@fr.com>

05/10/2007
03:13 PM

Sub

Joe:

This confirms that we will take the following depositions next week at the Marriott Residence Inn, Shelton, CT:

May 14 10:30 am Constantine Messologitis
May 15 9:30 am Salvatore Morlando
May 16 9:30 am Robert Swick
May 17 9:30 am David Glowny

We will retain the services of a court reporter and videographer for these depositions, and will bring with us their witness fee/expense checks. We will hold for now the previously noticed depositions of Mark Harris, Mark Sekas and Shamla Sharma, in hopes of getting what we need from the four deponents next week instead. We will also make a decision on Daniel Daly's deposition in Boston May 22 after the above depositions are completed.

We understand that you will take the deposition of Dr. Chris Blair on May 16 in the offices of your Atlanta local counsel, Ashe Rafuse, beginning at 9:30. You are considering whether or not you will proceed with the deposition of Jamie Williams on May 17, so please let me know as soon as possible if you plan to proceed with Mr. Williams' deposition.

This also confirms that you will take the depositions of the following at the London (UK) offices of Kay Scholer during the week of May 21-25, one witness for each day:

Phil Dawes
Damian Smith
Tim Hannah
Duane Wright
Dave Williams

We will confirm the specific date for each witness as soon as possible, but the likely order is as listed above. We understand you are not proceeding with the depositions of Andy Davies and Tim Holland at this time, although you may want to revisit that after the above depositions are complete.

We understand that Mr. Henits will serve as NICE's Rule 30b6 designee for a number of topics, and that Mr. Yosef will not serve as a Rule 30b6 designee for NICE in this case. You will attempt to schedule the deposition of NICE's Rule 30b6 designees (including Mr. Henits-- individually and as Rule 30b6 designee) April 23-25 in New York. We are reviewing your proposal concerning Mr. Yosef's deposition taking place in Israel on May 30 or 31 (or perhaps telephonically), and we will get back to you shortly about that.

Mr. Hegebarth is currently available to be deposed on June 6 or 7. Mr. Callahan is currently flexible after May 18. Both will be deposed in Atlanta. Mr. Warfield is currently available for deposition May 23-24, or 30-31. His deposition will likely need to take place in Maryland. Please let me know which of these dates you want to take these depositions and we

will try to accommodate you.

Please give me a call if you have any questions about these arrangements.

Dan

Daniel A. Kent / Principal / ~ **Fish & Richardson P.C. /** 1180 Peachtree Street, NE / 21st Floor / Atlanta, GA 30309
Main: 404.892.5005 / Direct: 404-724-2828 / Fx: 404.892.5002 / Mobile: 678-457-3545 / Email: kent@fr.com / Web: http://www.fr.com

*****************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*****************************************************************

                                                    *    *    *
   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance
with Treasury Department regulations, we inform you
that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not
intended or written to be used, and cannot be used for
the purpose of (i) avoiding penalties that may be

imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

* * *

*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

* * * *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

* * * *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform

# Exhibit 5

| | |
|---|---|
| **From:** | JDrayton@kayescholer.com |
| **Sent:** | Monday, May 21, 2007 4:16 PM |
| **To:** | Daniel A. Kent |
| **Cc:** | Christopher O. Green; SLindvall@kayescholer.com |
| **Subject:** | NICE: 30(b)(6) Designee |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

Dan,

Eyal Rudnik will serve as NICE's 30(b)(6) deposition designee. He is available on May 30, 2007 for deposition. Please confirm whether you intend to take his deposition on that date.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

\*  \*  \*  \*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform

# Exhibit 6

# Fish & Richardson p.c.

1180 Peachtree Street
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

Daniel A. Kent
404 724-2828

Email
kent@fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

<u>VIA E-MAIL</u>

June 6, 2007

Scott Lindvall, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598



Re:    *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
       <u>U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF</u>

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Scott:

This responds to Mr. Drayton's e-mail communications to me of June 4 and May 29, seeking to schedule as many as 12 additional depositions outside the May 30, 2007 close of the discovery period prescribed in this case.  To put this request in context, a quick review of the facts is in order.

NICE's first deposition notices in this case were dated April 19, and delivered on April 20, a full 7 weeks after the 12½ week deposition discovery period began on March 2.  At that time, NICE served 17 deposition notices.  On April 23, NICE served an additional deposition notice, bringing the total to 18.   On April 24 and 25, I notified your team by letter that we were not authorized to accept service on behalf of seven of the noticed individuals who reside outside the United States, but that we would work to try to schedule appropriate witnesses before the close of discovery on May 30.  We even identified additional individuals more likely to have discoverable information than those NICE noticed, and offered to schedule their depositions instead.

On April 27 and May 2 NICE served two additional deposition notices on third parties Adtech and Kevin Hegebarth, respectively.  On May 3, NICE served eight more deposition notices, and on May 8, NICE served another deposition notice on third party Verint, bringing the total number of deposition notices served by NICE in this case to 29.  Adding Witness Systems' earlier 11 deposition notices, a total of 40 deposition notices awaited scheduling, with only 18 business days remaining before the close of discovery.

Recognizing the impossibility of scheduling 40 depositions in 18 days, we selected the deponents we most needed to depose and asked NICE to do the same.  Those selected depositions were scheduled and taken during the discovery period, except the

12022674.doc

FISH & RICHARDSON P.C.

Scott Lindvall, Esq.
June 6, 2007
Page 2

following four depositions that were scheduled outside the discovery period because of witness unavailability:  Mr. Warfield (deposed by NICE on May 31), Mr. Hegebarth (a third party originally scheduled for June 7, now postponed pending resolution of NICE's motion to compel), Witness Systems' remaining Rule 30(b)(6) designee, Ms. Treaster (originally scheduled for May 29, but postpone until June 29 due to a scheduling confict), and NICE's remaining Rule 30(b)(6) designee, Mr. Rudnick (scheduled for June 13 due to his prior unavailability).  In all our discussions about deposition scheduling, we consistently made clear our position that all depositions must be completed by the close of discovery on May 30, except for isolated exceptions like those noted above.

Following the above procedures, NICE has deposed eleven witnesses to date.[1] Witness Systems took eight depositions, including the first of NICE's Rule 30(b)(6) designees, Mr. Henits.  Three depositions remain:  (a) Mr. Hegebarth, (b) Witness Systems' second Rule 30(b)(6) designee, Ms. Treaster, and (c) NICE's second Rule 30(b)(6) designee, Mr. Rudnick.

Through Mr. Drayton's emails NICE now seeks to schedule twelve additional depositions, not including the previously noticed depositions of third-parties Avaya and Verint.  These fourteen total depositions all would necessarily take place outside the discovery period, which closed on May 30.

We do not believe NICE is entitled to enlarge the court's discovery period unilaterally merely by issuing an unrealistically large number of deposition notices near the close of the period in hopes of rescheduling the depositions later.  Consistent with the position we took during our prior scheduling discussions, our position remains that discovery closed in this case on May 30, and that the only depositions left to be taken are those that were previously scheduled:  Mr. Hegebarth, and the parties' two remaining Rule 30(b)(6) witnesses, Ms. Treaster and Mr. Rudnick.  The fourteen depositions NICE now seeks to take outside the discovery period would require substantial modification to the current case schedule.  If you would like to discuss such modifications, please contact me directly.  Otherwise, we believe discovery is closed except for the three depositions listed above.

Very truly yours,

Daniel A. Kent

---

[1] C. Blair; J. Williams; D. Smith; T. Hannah; J. Bourne; D. Wright; D. Spohrer (30(b)(6)); D. Williams; P. Dawes; Adtech (30(b)(6)); and C. Warfield.

12022674.doc

# Exhibit 7

## Noah Graubart

**From:**  Daniel A. Kent
**Sent:**  Tuesday, May 22, 2007 10:06 AM
**To:**  JDrayton@kayescholer.com
**Cc:**  SLindvall@kayescholer.com
**Subject:** WS/DE - Remaining Deposition Schedule

Joe:

According to our calendar, the following depositions are currently confirmed:

May 23:  John Bourne (Ashe, Rafuse - Atlanta)
         Duane Wright (KS - London)

May 24:  Dave Williams (KS - London)
         Dan Spohrer/30b6 (Ashe Rafuse - Atlanta)
         John Henits/30b6 (FR NYC)

May 25:  Phil Dawes (KS - London)
         (continuation of Henits, if necessary)

May 29:  Nancy Treaster/30b6 (Ashe Rafuse - Atlanta)

May 30:  Adtech (Ashe Rafuse - Atlanta)

May 31:  Ilyan Yosef (Sanford T. Colb & Co - Israel (by telephone))
         Carel Warfield (Ashe Rafuse - Atlanta)

June 7:  Kevin Hegebarth (Ashe Rafuse - Atlanta)


We are still working on getting dates for you for Mark Callahan, and will let you know as soon as we get his availability.  From my email yesterday, we have requested additional dates for NICE's Rule 30b6 designee, Mr. Rudnick, given the scheduling constraints surrounding your recently proposed date of May 30.  Once we see those alternatives, we will decide how to proceed.

Daniel A. Kent / Principal / 🐟 Fish & Richardson P.C. / 1180 Peachtree Street, NE / 21st Floor / Atlanta, GA 30309
Main: 404.892.5005 / Direct: 404-724-2828 / Fx: 404.892.5002 / Mobile: 678-457-3545 / Email: kent@fr.com / Web:  http://www.fr.com

*********************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter

addressed herein.

*******************************************************************************

# Exhibit 8

**Noah Graubart**

| | |
|---|---|
| **From:** | JFrank@kayescholer.com |
| **Sent:** | Wednesday, May 23, 2007 11:05 AM |
| **To:** | Daniel A. Kent |
| **Subject:** | NICE v. Witness, 06-311; NICE 30(b)(6) |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Dan,

NICE's 30(b)(6) designee is available to be deposed any day between Tuesday June 12 and Friday June 15. Please let me know which of these dates work for you so that I can confirm the deposition.

Thank you,

Jason P. Frank, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Phone: (212) 836-7337
Fax: (212) 836-6746
email: jfrank@kayescholer.com
-------------------------------------------------
                                        *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department re

6/15/2007

# Exhibit 9

**Noah Graubart**

**From:** Daniel A. Kent
**Sent:** Wednesday, May 23, 2007 4:31 PM
**To:** JFrank@kayescholer.com
**Subject:** RE: NICE v. Witness, 06-311; NICE 30(b)(6)

We will take the deposition of NICE's Rule 30b6 designee on June 13 in our New York office.  Will Mr. Rudnik be covering all topics not covered by Mr. Henits tomorrow and Friday?

---

**From:** JFrank@kayescholer.com [mailto:JFrank@kayescholer.com]
**Sent:** Wednesday, May 23, 2007 11:05 AM
**To:** Daniel A. Kent
**Subject:** NICE v. Witness, 06-311; NICE 30(b)(6)

Dan,

NICE's 30(b)(6) designee is available to be deposed any day between Tuesday June 12 and Friday June 15. Please let me know which of these dates work for you so that I can confirm the deposition.

Thank you,

Jason P. Frank, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Phone: (212) 836-7337
Fax: (212) 836-6746
email: jfrank@kayescholer.com
--------------------------------------------------

                                          *   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department re

# Exhibit 10

## Noah Graubart

**From:**    JDrayton@kayescholer.com
**Sent:**    Tuesday, June 12, 2007 3:35 PM
**To:**    Daniel A. Kent
**Cc:**    SLindvall@kayescholer.com; Melanie Sharp
**Subject:** NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

On May 17, we provided you notice that we would provide NICE's 30(b)(6) deposition in the week of May 28. At your insistence, we provided a witness prior to May 31 and informed you on May 21 of Mr. Rudnik's availability for deposition on May 30. Your office decided not to go forward with the 30(b)(6) deposition on May 30 but instead requested the deposition go forward after May 30. Unaware of your present position set forth in your letters dated June 6 and June 11, we scheduled the deposition of Eyal Rudnik as 30(b)(6) Designee on June 13. Consistent with your present position regarding depositions after May 30, Witness is not entitled to take this deposition. Please inform me if you would like to go forward contrary to your present position. If so, we are prepared to start at 9:30 a.m. tomorrow.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

                                        *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department re

# Exhibit 11

**Noah Graubart**

| | |
|---|---|
| **From:** | Daniel A. Kent |
| **Sent:** | Tuesday, June 12, 2007 4:27 PM |
| **To:** | 'JDrayton@kayescholer.com' |
| **Cc:** | William Marsden; 'msharp@ycst.com'; Nick Setty; 'slindvall@kayescholer.com'; Noah Graubart |
| **Subject:** | Re: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee |

I am en route to New York now.   The deposition will proceed as previously agreed tomorrow, or we will seek costs, fees and sanctions for your refusal to make the witness available as agreed.

Rudnik was rescheduled from May 30 because other depositions on and around that date made it impossible to take him then, as you know.   This was caused by NICE's failure to seek depositions sooner during discovery.   With Callahan, NICE never agreed to a date within discovery.   That is a different situation.

--------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: JDrayton@kayescholer.com <JDrayton@kayescholer.com>
To: Daniel A. Kent
Cc: William Marsden; Melanie Sharp <msharp@ycst.com>; Nick Setty; SLindvall@kayescholer.com <SLindvall@kayescholer.com>
Sent: Tue Jun 12 16:11:20 2007
Subject: RE: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

You are mistaken on several fronts. Both Nancy Treaster and Kevin Hegebarth's deposition were scheduled prior to May 30 and NICE's attorneys were ready and able to take those depositions prior to May 30. Those depositions did not go forward because your office rescheduled them for dates after May 30.

This deposition certainly should not go forward under your present position regarding deposition after May 30. For example, in your email to me of May 17, you confirmed Marc Callahan's availability for deposition on May 30. At that point, we mutually agreed on the date of the Callahan deposition. Afterwards, you informed us that he was not available on May 30 and now refuse to schedule the deposition.

Unlike the scheduling of Mr. Callahan's deposition, your office had an opportunity to take his deposition on May 30 but decided to schedule it in June. Given your current position, there is no basis to move forward with NICE's 30(b)(6) deposition since Mr. Rudnik was ready and available to go forward on May 30.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)
"Daniel A. Kent" <dak@fr.com>

1

"Daniel A. Kent" <dak@fr.com>

06/12/2007 03:53 PM

To

<JDrayton@kayescholer.com>

cc

<SLindvall@kayescholer.com>; "Melanie Sharp" <msharp@ycst.com>; "William Marsden" <marsden@fr.com>; "Nick Setty" <Setty@fr.com>

Subject

RE: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Mr. Rudnik's deposition will proceed tomorrow, June 13, as previously agreed. We will begin at 9:30 am in our New York office. As you know, this date was previously agreed to by the parties, and our proceeding with his deposition is completely consistent with our position all along that this deposition and those of Ms. Treaster (Rule 30b6) and Mr. Hegebarth may proceed outside the discovery period based on the parties' prior agreements, but that the other depositions NICE now seeks may not proceed absent significant alteration of the case schedule. We assume you still plan to go forward with Ms. Treaster's Rule 30b6 deposition, and Mr. Hegebarth's deposition, also as previously agreed. Our position has not changed. Your implication to the contrary, and your claim you were ever "unaware" of our position, are both disingenuous at best. We will see you in the morning.

Daniel A. Kent / Principal / ~ Fish & Richardson P.C. / 1180 Peachtree Street, NE / 21st Floor / Atlanta, GA 30309
Main: 404.892.5005 / Direct: 404-724-2828 / Fx: 404.892.5002 / Mobile: 678-457-3545 / Email: kent@fr.com <mailto:kent@fr.com> / Web: http://www.fr.com <http://www.fr.com/>

**********************************************************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**********************************************************************************************************************

_____

From: JDrayton@kayescholer.com [mailto:JDrayton@kayescholer.com]
Sent: Tuesday, June 12, 2007 3:35 PM
To: Daniel A. Kent
Cc: SLindvall@kayescholer.com; Melanie Sharp
Subject: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

On May 17, we provided you notice that we would provide NICE's 30(b)(6) deposition in the week of May 28. At your insistence, we provided a witness prior to May 31 and informed you on May 21 of Mr. Rudnik's availability for deposition on May 30. Your office decided not to go forward with the 30(b)(6) deposition on May 30 but instead requested the deposition go forward after May 30. Unaware of your present position set forth in your letters dated June 6 and June 11, we scheduled the deposition of Eyal Rudnik as 30(b)(6) Designee on June 13. Consistent with your present position regarding depositions after May 30, Witness is not entitled to take this deposition. Please inform me if you would like to go forward contrary to your present position. If so, we are prepared to start at 9:30 a.m. tomorrow.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

*   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Exhibit 12

## Noah Graubart

**From:**    JDrayton@kayescholer.com

**Sent:**    Tuesday, June 12, 2007 4:47 PM

**To:**    Daniel A. Kent

**Cc:**    Noah Graubart; William Marsden; msharp@ycst.com; Nick Setty; slindvall@kayescholer.com

**Subject:** Re: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

Consistent with our understanding of the parties' position on the taking of depositions in this matter, we intend to go forward with tomorrow's deposition as planned.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

"Daniel A. Kent" <dak@fr.com>

| | |
|---|---|
| **"Daniel A. Kent" <dak@fr.com>** | To<JDrayton@kayescholer.com> |
| | cc"William Marsden" <marsden@fr.com>; <msharp@ycst.com>; "Nick Setty" <Setty@fr.com>; <slindvall@kayescholer.com>; "Noah Graubart" <graubart@fr.com> |
| 06/12/2007 04:27 PM | SubjectRe: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee |

I am en route to New York now.  The deposition will proceed as previously
agreed tomorrow, or we will seek costs, fees and sanctions for your refusal
to make the witness available as agreed.

Rudnik was rescheduled from May 30 because other depositions on and around
that date made it impossible to take him then, as you know.  This was caused
by NICE's failure to seek depositions sooner during discovery.  With
Callahan, NICE never agreed to a date within discovery.  That is a different
situation.

-------------------------
Sent from my BlackBerry Wireless Handheld


----- Original Message -----
From: JDrayton@kayescholer.com <JDrayton@kayescholer.com>
To: Daniel A. Kent
Cc: William Marsden; Melanie Sharp <msharp@ycst.com>; Nick Setty;
SLindvall@kayescholer.com <SLindvall@kayescholer.com>
Sent: Tue Jun 12 16:11:20 2007
Subject: RE: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

You are mistaken on several fronts. Both Nancy Treaster and Kevin Hegebarth's deposition were scheduled prior to May 30 and NICE's attorneys were ready and able to take those depositions prior to May 30. Those depositions did not go forward because your office rescheduled them for dates after May 30.

This deposition certainly should not go forward under your present position regarding deposition after May 30. For example, in your email to me of May 17, you confirmed Marc Callahan's availability for deposition on May 30. At that point, we mutually agreed on the date of the Callahan deposition. Afterwards, you informed us that he was not available on May 30 and now refuse to schedule the deposition.

Unlike the scheduling of Mr. Callahan's deposition, your office had an opportunity to take his deposition on May 30 but decided to schedule it in June. Given your current position, there is no basis to move forward with NICE's 30(b)(6) deposition since Mr. Rudnik was ready and available to go forward on May 30.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)
"Daniel A. Kent" <dak@fr.com>

"Daniel A. Kent" <dak@fr.com>

06/12/2007 03:53 PM

To

<JDrayton@kayescholer.com>

cc

<SLindvall@kayescholer.com>; "Melanie Sharp" <msharp@ycst.com>; "William Marsden" <marsden@fr.com>; "Nick Setty" <Setty@fr.com>

Subject

RE: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Mr. Rudnik's deposition will proceed tomorrow, June 13, as previously agreed. We will begin at 9:30 am in our New York office. As you know, this date was previously agreed to by the parties, and our proceeding with his deposition

is completely consistent with our position all along that this deposition and those of Ms. Treaster (Rule 30b6) and Mr. Hegebarth may proceed outside the discovery period based on the parties' prior agreements, but that the other depositions NICE now seeks may not proceed absent significant alteration of the case schedule. We assume you still plan to go forward with Ms. Treaster's Rule 30b6 deposition, and Mr. Hegebarth's deposition, also as previously agreed. Our position has not changed. Your implication to the contrary, and your claim you were ever "unaware" of our position, are both disingenuous at best. We will see you in the morning.

Daniel A. Kent / Principal / ~ Fish & Richardson P.C. / 1180 Peachtree Street, NE / 21st Floor / Atlanta, GA 30309
Main: 404.892.5005 / Direct: 404-724-2828 / Fx: 404.892.5002 / Mobile: 678-457-3545 / Email: kent@fr.com <mailto:kent@fr.com>  / Web: http://www.fr.com <http://www.fr.com/>

*****************************************************************************

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

IRS CIRCULAR 230 DISCLOSURE: Any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*****************************************************************************

_____

From: JDrayton@kayescholer.com [mailto:JDrayton@kayescholer.com]
Sent: Tuesday, June 12, 2007 3:35 PM
To: Daniel A. Kent
Cc: SLindvall@kayescholer.com; Melanie Sharp
Subject: NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

On May 17, we provided you notice that we would provide NICE's 30(b)(6) deposition in the week of May 28. At your insistence, we provided a witness prior to May 31 and informed you on May 21 of Mr. Rudnik's availability for deposition on May 30. Your office decided not to go forward with the 30(b)(6) deposition on May 30 but instead requested the deposition go forward after May 30. Unaware of your present position set forth in your letters dated June 6 and June 11, we scheduled the deposition of Eyal Rudnik as 30(b)(6) Designee on June 13. Consistent with your present position regarding depositions after May 30, Witness is not entitled to take this deposition. Please inform me if you would like to go forward contrary to your present

position. If so, we are prepared to start at 9:30 a.m. tomorrow.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

                                    *   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may
be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.


                                    *   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may
be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing
or recommending to another party any transaction or matter addressed herein.


                                    *   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department re

# Exhibit 13

## Noah Graubart

**From:** JDrayton@kayescholer.com
**Sent:** Tuesday, June 12, 2007 3:50 PM
**To:** Daniel A. Kent
**Cc:** SLindvall@kayescholer.com; Melanie Sharp
**Subject:** NICE v. Witness: Eyal Rudnik, 30(b)(6) Designee

Dan,

Subject to NICE's objections to Witness's deposition notice, we confirm that Mr. Rudnik is prepared to testify on the following topics: 3, 5, 7, 10, 12, 14, 15, 17, 19, 20 , 22, 23 and 25. Additionally, Mr. Eyal Rudnik, Daniel DiNapoli and Silvia Jordan are prepared to attend tomorrow. Again, please confirm if you intend to go forward with the deposition tomorrow despite your current position on depositions after May 30, 2007.

Joseph M. Drayton
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
(212) 836-7177
(212) 836-6576 (fax)

*    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department re

6/15/2007

# Exhibit 14

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# Exhibit 15

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# Exhibit 16

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# Exhibit 17

THIS EXHIBIT HAS BEEN
REDACTED IN ITS ENTIRETY

# Exhibit 18

# Fish & Richardson p.c.

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

<u>VIA EMAIL</u>

May 24, 2007

Joseph M. Drayton, Esquire
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:    *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
       <u>U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF</u>



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Joe,

At the recent depositions of Mr. Morlando and Mr. Daly, the witnesses identified non-privileged documents that they agreed were responsive to the document subpoenas issued to them, but were nonetheless not produced. See, for example, Morlando deposition transcript at 31:21-32:2. Mr. Daly also identified correspondence with Mr. Henits that he agreed was responsive to Request No. 4 of his document subpoena. As a result, Mr. Kodish was forced to keep those depositions open. Mr. Kodish made specific requests on the deposition record for the immediate production of those documents, yet to date, we have not received them. Please produce the documents immediately so as not to further prejudice Witness Systems' interests in this litigation.

Very truly yours,

*/s/ Kyle Wagner Compton*

Kyle Wagner Compton

cc:    Jason P. Frank, Esquire
       Gerald C. Wang, Esquire
       Scott G. Lindvall, Esquire