## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

      Plaintiffs,

        v.

WITNESS SYSTEMS, INC.

      Defendant.

**REDACTED**

Civil Action No. 06-311-JJF

**CONFIDENTIAL –**

**FILED UNDER SEAL**

---

### DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF
### WITNESS SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS'
### MOTION TO COMPEL DEPOSITIONS

Dated:  July 3, 2007

FISH & RICHARDSON P.C.

William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware  19899-1114
Telephone:  (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone:  (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

      Plaintiffs,

      v.

WITNESS SYSTEMS, INC.

      Defendant.

**REDACTED**

Civil Action No. 06-311-JJF

**CONFIDENTIAL –**

**FILED UNDER SEAL**

**DECLARATION OF KYLE WAGNER COMPTON IN SUPPORT OF**
**WITNESS SYSTEMS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS'**
**MOTION TO COMPEL DEPOSITIONS**

I, Kyle Wagner Compton, declare as follows:

1.      I am an Associate with Fish & Richardson P.C., counsel for Defendant Witness Systems, Inc.  I make the following statements based on personal knowledge, except where noted.

2.      Attached hereto as Exhibit A is a true and correct copy of the Court's Rule 16 Scheduling Order (D.I. 46), dated October 30, 2006.

3.      Attached hereto as Exhibit B is a true and correct copy of Scheduling Conference Transcript (D.I. 47), dated October 12, 2006.

4.      Attached hereto as Exhibit C is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Joseph Drayton, dated April 25, 2007.

5.      Attached hereto as Exhibit D is a true and correct copy of correspondence from Mr. Joseph Drayton to Mr. Daniel Kent, dated April 26, 2007.

6.      Attached hereto as Exhibit E is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Joseph Drayton, dated April 27, 2007.

7.      Attached hereto as Exhibit F is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Scott Lindvall, dated June 15, 2007.

8.    Attached hereto as Exhibit G is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Scott Lindvall, dated June 6, 2007.

9.    Attached hereto as Exhibit H is a true and correct copy of the rough deposition transcript of Nancy Treaster, dated June 29, 2007.

10.    Attached hereto as Exhibit I is a true and correct copy of correspondence from Mr. Daniel Kent to Mr. Joseph Drayton dated April 24, 2007

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Executed on  July 3, 2007.

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton (#4693)

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of July, 2007, I electronically filed with the

Clerk of Court the foregoing DECLARATION OF KYLE WAGNER COMPTON IN

SUPPORT OF WITNESS SYSTEMS, INC.'S MOTION TO COMPEL

NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD. TO PRODUCE DOCUMENTS

AND RULE 30(b)(6) TESTIMONY using CM/ECF which will send electronic

notification of such filing(s) to the below-listed Delaware counsel.  In addition, the filing

will also be sent via hand delivery.


Josy W. Ingersoll                     *Attorneys for Plaintiffs*
Melanie K. Sharp                      *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


I also certify that on July 3, 2007, I have sent by electronic mail and U.S. First

Class Mail, the document(s) to the following non-registered participants:


Scott G. Lindvall                     *Attorneys for Plaintiffs*
Daniel DiNapoli                       *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


*/s/Kyle Wagner Compton*
Kyle Wagner Compton

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of July, 2007, I electronically filed with the

Clerk of Court the foregoing REDACTED DECLARATION OF KYLE WAGNER

COMPTON IN SUPPORT OF WITNESS SYSTEMS, INC.'S MOTION TO COMPEL

NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD. TO PRODUCE DOCUMENTS

AND RULE 30(b)(6) TESTIMONY using CM/ECF which will send electronic

notification of such filing(s) to the below-listed Delaware counsel:


Josy W. Ingersoll                         *Attorneys for Plaintiffs*
Melanie K. Sharp                          *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


I also certify that on July 11, 2007, I have sent by electronic mail, the document(s)

to the following non-registered participants:


Scott G. Lindvall                         *Attorneys for Plaintiffs*
Daniel DiNapoli                           *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


                                          */s/Kyle Wagner Compton*
                                          Kyle Wagner Compton

# EXHIBIT A

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```
NICE SYSTEMS, INC.                                    :

NICE SYSTEMS LTD.                                     :    C.A. No.:  1:06-CV-00311 (JJF)

                    Plaintiffs,           :

        v.                                              :

WITNESS SYSTEMS, INC.                                 :

                    Defendant.            :
```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## PROPOSED RULE 16 SCHEDULING ORDER

    The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

    IT IS ORDERED that:

    1.    **Pre-Discovery Disclosures.**  The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

    2.    **Joinder of other Parties.**  All motions to join other parties shall be filed on or before January 3, 2007.

    3.    **Discovery.**

        (a)    Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by March 2, 2007.

        (b)    Maximum of 50 interrogatories, including contention interrogatories, for each side.

        (c)    Maximum of 20 requests for admission by each side.

(d)     Maximum of <u>25</u> depositions by all plaintiffs and by <u>25</u> defendant, excluding expert depositions.  Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed.  Fact discovery will be completed on or before <u>May 30, 2007.</u>

(e)     Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party having the burden of proof by <u>August 24, 2007.  Reply reports are due by September 24 , 2007.</u>

(f)     Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

4.     **Discovery Disputes.**

(a)     A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1.  Said motion shall not exceed a total of four (4) pages and must specify that the filing is pursuant to the Discovery Dispute procedures provided in this paragraph.  An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion.  No reply is permitted.

(b)     All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c)     Upon receipt of the Answer, the movant shall notify Chambers by e-mail at jjf_civil@ded.uscourts.gov that the dispute is ready for decision.

(d)     Upon receipt of the movant's e-mail, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.    **Amendment of the Pleadings.**  All motions to amend the pleadings shall be filed on or before <u>February 7, 2007</u>.

6.    **Case Dispositive Motions**.  Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before <u>November 2, 2007</u>.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.  The Court will issue a separate Order regarding procedures for filing summary judgment motions.

7.    **Markman.**

A Markman hearing will be held on <u>June 2̶6̶, 2007</u>. 10:00 AM  Briefing on the claim construction issues shall be completed at least ten (10) business days prior to the hearing.  The Court, after reviewing the briefing, will allocate time to the parties for the hearing.

If the Court is amenable, the parties propose a schedule for claim construction and related briefing prior to the Markman hearing:

The parties shall, on or before <u>March 9, 2007</u>, exchange a list of those claim term(s)/phrase(s) that they believe need construction.  The parties shall exchange proposed constructions for terms in dispute on or before <u>March 30, 2007</u>.  These exchanges shall not be filed with the Court.  Subsequent to making the exchanges, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted to the Court.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) at issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) at issue and those portions of the intrinsic record and/or and extrinsic

evidence relied upon are to be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. The Joint Claim Construction Chart shall be submitted to the Court on <u>April 18 , 2007</u>. Issues of claim construction shall be submitted to the Court by each party filing an opening brief on <u>May 4, 2007,</u> and a responsive brief on <u>June 6. 2007</u>.

## 8.    Applications by Motion.

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

9.    **Pretrial Conference and Trial.** The pretrial conference will take place on December ____ 6 ____, 2007. *2:00 PM* Trial is scheduled to begin on January ____ 14 ____, 2008, *9:30 AM* and last 5 days.

____ 10 | 30 | 06 ____
DATE

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - -

NICE SYSTEMS, INC., a        :
Delaware Corporation, and    :
NICE SYSTEMS, LTD., an       :
Israeli Corporation,         :
                             :
           Plaintiffs,       : C.A. No. 1:06-CV-00311
                             :                    JJF
      v.                     :
                             :
WITNESS SYSTEMS, INC., a     :
Delaware Corporation,        :
                             :
           Defendant.        :

United States District Court
844 King Street
Wilmington, Delaware

**Thursday, October 12, 2006**
1:02 p.m.

Scheduling Conference

BEFORE:  THE HONORABLE JOSEPH J. FARNAN, JR.
         United States District Court Judge


A P P E A R A N C E S:

        MELANIE K. SHARP, ESQ.
          YOUNG CONAWAY STARGATT & TAYLOR
            **and**
        SCOTT G. LINDVALL, ESQ.
          KAYE SCHOLER LLP
            on behalf of Plaintiffs

        KYLE WAGNER COMPTON, ESQ. (Delaware)
        NAGENDRA SETTY, ESQ. (Georgia)
          FISH & RICHARDSON, P.A.
            on behalf of Defendant

1                    There is a factor which counteracts

2    their argument that they have all these witnesses is

3    that as they said in their own Briefs and the Transfer

4    Motion, there's a lot of document exchange that's

5    already occurred in some other cases on the same

6    products, maybe different features but the same

7    products, so I think that the parties have been used

8    to dealing with one another.

9                    We already have systems in place where

10   we exchange documents electronically and coordinate

11   Discovery, so I think from that standpoint that we can

12   maintain this schedule without much difficulty, the

13   one that's proposed by Plaintiffs.

14                    THE COURT:  Are you personally involved

15   in the Northern District of Georgia three cases?

16                    MR. LINDVALL:  I am, Your Honor.

17                    THE COURT:  Tell me a little about it.

18   I didn't find them to be significant in the context of

19   analyzing the Transfer Motion --

20                    MR. LINDVALL:  Yes.

21                    THE COURT:  -- because I understood

22   they're separately assigned and I talk about that a

23   little bit, but tell me what's going on there and when

24   your trial dates there are.

1          So the earliest I think we would get to

2    trial on this is Q3 or Q4 of next year, and that's in

3    NICE I.  And then we'd have to go through a similar

4    analysis on NICE II once we get the report and

5    recommendation from Judge McKelvie in that case.  So I

6    think that if you're talking about the earliest we get

7    a trial date here is in Q1 or Q2 --

8          THE COURT:  No, no.  Your trial date

9    will be -- I mean, there will be lot of confusion,

10   because I'm a strong opponent of specific patent rules

11   so you can get the cases ready for trial.  The one

12   thing that we're pretty good at here, at least me, I'm

13   not real good at Summary Judgment, I'm good at the

14   trial date.  So when you get the trial date, you know

15   it's gonna happen unless you both come to me and say,

16   you know, something personal happened in your life and

17   it's bad, or you both agree or something like that,

18   that, you know, the pressures of the cases require

19   another few months or six months.  I'm gonna set a

20   trial date in this case.  I'm not going to look at the

21   other dates.  I'm gonna set a trial date in January to

22   February of '08 and then let you backfill the date and

23   I'll work --

24          Unlike the criminal docket, our big

# EXHIBIT C

# FISH & RICHARDSON P.C.

1180 PEACHTREE STREET
ATLANTA, GEORGIA
30309

TELEPHONE
404 892-5005

FACSIMILE
404 892-5002

WEB SITE
WWW.FR.COM

DANIEL A. KENT
404 724-2828

EMAIL
KENT@FR.COM

FREDERICK P. FISH
1855-1930

W.K. RICHARDSON
1859-1951

**FR**

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

<u>VIA EMAIL</u>

April 25, 2007

Joseph M. Drayton, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:     NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.
        <u>U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF</u>

Dear Joe:

This letter is further to my letter of April 24, and responds to my telephone conversation today with you and Melanie Sharp, and your email of earlier this evening.  To correct one point in your e-mail, we did not receive any of NICE's notices or subpoenas until Friday, April 20, 2007.  The e-mail attachments were apparently too large to be accepted by our server on the 19th, and were not re-sent and received until the 20th.

Consistent with the parties' practice in the STS and Becket cases currently pending between our clients, and without waiving any rights or objections, we will accept service of NICE's subpoenas issued to the following individuals currently employed by Witness Systems and residing in the United States:

> Nancy Treaster
> John Bourne
> Dan Spohrer
> Nathan George
> Bill Evans
> Joe Watson
> Ed Murray
> Jeff Iannone
> Ryan Hollenbeck

We object to the stated dates, times and places set forth in the subpoenas and notices for these depositions.  We will work with you to re-schedule them at mutually agreeable dates, times and places, subject to our further discussions about the

12019323

FISH & RICHARDSON P.C.

Joseph M. Drayton, Esq.
April 25, 2007
Page 2


appropriateness of each individual being deposed, and without waiving our objection to any individual's deposition. Nothing in this acceptance of service should be construed to waive any objection to any individual's subpoena or notice, or any question that might be asked in any subsequent deposition, all such objections being expressly reserved.

In contrast, the individuals listed below reside outside the United States:

> Nick Discomb (UK)
> Scott Bluman (India)
> Dr. Chris Blair (UK)
> Duane Wright (UK)
> Jamie Williams (UK)
> Phil Dawes (UK)
> Andy Davies (UK)

We are not currently authorized (on three business days' notice) to accept on their behalf service of a United States subpoena, issued to them in their individual capacities, and demanding appearance at a deposition in the United States in the next 30 days. As we have done in the STS and Beckett cases, however, we will attempt to work with you and the witnesses in an effort to make them available for you to depose at mutually agreeable times and places, subject to our further discussions with you about the appropriateness of each individual's deposition, and our rights to object. This approach has allowed NICE to depose the individuals it wanted to depose in those cases, and we expect the same approach will work well here also. If you would like to discuss this issue further, we suggest that Mr. Lindvall be on the call, since he was directly involved in the other cases.

Separately, one of the issues we need to discuss is that a number of the 18 individuals you have subpoenaed have little or no knowledge of or involvement in issues relevant to this case. For example, many individuals can provide more complete and detailed, relevant information than can Mr. Discomb, Witness Systems' CEO. If you can tell us the sort of information you seek, we will work with you to identify an appropriate individual or individuals who can better address it.

We look forward to hearing from you.

Very truly yours,

Daniel A. Kent

12019323

FISH & RICHARDSON P.C.

Joseph M. Drayton, Esq.
April 25, 2007
Page 3


cc:     Scott Lindvall, Esq.
        Melanie Sharp, Esq.
        William Marsden, Esq.
        Nagendra Setty, Esq.

12019323

# EXHIBIT D

# KAYE SCHOLER LLP

Joseph M. Drayton
212 836–7177
Fax 212 836–6576
jdrayton@kayescholer.com

425 Park Avenue
New York, New York 10022–3598
212 836–8000
Fax 212 836–8689
www.kayescholer.com

April 26, 2007

**VIA EMAIL**

Daniel A. Kent, Esq.
FISH & RICHARDSON, P.C.
1180 Peachtree Street, N.E.
19th Floor
Atlanta, Georgia 30309

Re:    *NICE v. Witness,* Civil Action No. 06-311-JJF (D. Del.)

Dear Dan:

I am writing to follow-up on your letter dated April 25, 2007 concerning the subpoenas issued by NICE on April 19, 2007 as well as our conversation of today.

It is my understanding that both parties are taking steps to attempt to schedule all noticed depositions prior to May 30, 2007 and that we will meet and confer to discuss scheduling as soon as your office has more information. With regard to the scheduling of those depositions, we request that you attempt to schedule the depositions of the employees in the United Kingdom before the depositions of employees in the United States in light of Verint Systems, Inc.'s pending acquisition of Witness Systems, Inc. ("Witness"). I propose that we speak on Monday, April 30, 2007 at 11 a.m. to provide each other with an update on scheduling.

31462845.WPD

New York    Chicago    Los Angeles    Washington, D.C.    West Palm Beach    Frankfurt    London    Shanghai

# KAYE SCHOLER llp

It is also my understanding that Witness intends to make all of the employees referred to in your April 25 letter available for deposition unless the Court issues a protective order or the parties mutually agree that certain depositions are not necessary. NICE intends to do so for the employees your office noticed for deposition on April 20. As such, NICE is willing to have the depositions of certain corporate officers such as Nick Discombe near the close of discovery so that the parties can properly evaluate whether the testimony of such officers are necessary. Given that both parties have corporate officers abroad, NICE requests, to the extent such depositions are postponed to determine their utility to the above reference litigation and other depositions go forward abroad, that the postponed depositions occur in either Atlanta, GA or New York, NY. In this way, the parties will not be burdened with multiple trips to, for example, the United Kingdom or Israel.

To the extent not explicitly stated above, we object to the date and times of the depositions issued by your office on April 20, 2007, but will work with you to schedule dates and time for those depositions as previously noted.

If you disagree in any respect with my understanding expressed above, please notify me immediately.

Truly yours,

/s Joseph M. Drayton

Joseph M. Drayton

# EXHIBIT E

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Daniel A. Kent
404 724-2828

Email
kent@fr.com

**VIA EMAIL**

April 27, 2007

Joseph M. Drayton, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:  *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
     U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF

Dear Joe:

This responds to your letter of April 26.  As we discussed yesterday, we are currently checking with our client to determine witness availability.  Thus far we can offer the following deposition dates and locations for the witnesses set forth below:

| Name | Date | Location |
|------|------|----------|
| John Bourne | May 9 | Atlanta |
| Chris Blair | May 16 | Atlanta |
| Jamie Williams | May 17 | Atlanta |
| Nancy Treaster | May 22 | Atlanta |
| Daniel Spohrer | May 24 | Atlanta |
| Nathan George | May 24 | Santa Clara, CA |

Fortunately, both Dr. Blair and Mr. Williams can be available in Atlanta during this time period, hopefully limiting the amount of overseas travel.  As we obtain additional information from our client, we will provide it promptly.

One matter from your April 26 letter requires correction.  In our discussion yesterday we did not agree to make all of the employees NICE has attempted to subpoena individually available for deposition absent a protective order or mutual agreement.  Our positions remains as stated in my letter of April 25, that we will

> work with you and the witnesses in an effort to make them available for you to depose at mutually agreeable times and places, subject to our further discussions with you about the appropriateness of each individual's deposition, and our rights to object.

12019445.doc

FISH & RICHARDSON P.C.

Joseph M. Drayton, Esq.
April 27, 2007
Page 2


This is the approach the parties have used in the STS and Beckett cases, and the approach we discussed on the phone yesterday.  We do, however, still need to discuss a number of the other individuals from whom you seek testimony, in hopes of avoiding much duplication and wasted time and effort.


Very truly yours,

Daniel A. Kent

# EXHIBIT F

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**Daniel A. Kent**
404 724-2828

Email
kent@fr.com

VIA E-MAIL

June 15, 2007

Scott Lindvall, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
       U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF

Dear Scott:

This responds to Mr. Drayton's letter dated June 13 concerning NICE Systems' ongoing efforts to schedule multiple depositions outside the discovery period set by the Court's scheduling order. Mr. Drayton's letter contains many false and misleading statements that are directly contradicted by the facts and record in this case. I address below only a few of those statements, and rely on the record of our previous correspondence to correct the rest.

Our position remains as it has from our very first communications about deposition scheduling: the Court's scheduling order requires discovery to be completed by May 30, 2007 (*see* my letter to Mr. Drayton of April 24). Mr. Drayton specifically acknowledged the May 30 discovery deadline in his correspondence to me dated April 26. Fully aware of the May 30 deadline, NICE made no attempt to schedule any depositions in this case (including witnesses NICE knew about at least since the exchange of initial disclosures) until the last few weeks of the discovery period. Only then did NICE attempt to schedule 29 offensive depositions in less than a month. In response, Witness Systems more than satisfied it's discovery obligations by making available numerous witnesses for NICE to depose in the United States and in the United Kingdom (including witnesses outside the subpoena power of the court). The deposition schedule was agreed upon with Mr. Drayton based on discussions with him about which depositions NICE wanted most.

Contrary to the assertions in Mr. Drayton's June 13 letter, however, Witness Systems never agreed to "phase" the scheduling of depositions, and never agreed to allow depositions to proceed outside the discovery period with the exception of a few depositions the parties agreed to schedule during the period, but could not complete

FISH & RICHARDSON P.C.

Scott Lindvall, Esq.
June 15, 2007
Page 2

by May 30 due to scheduling conflicts.[1]  Mr. Drayton's attempt to claim Witness
Systems somehow agreed to schedule depositions in "two phases" is a complete
fabrication directly contradicted by the parties' written correspondence and verbal
communications.  In response to NICE's extremely late and numerous deposition
notices, Witness Systems went to great lengths to schedule as many depositions as
could be scheduled within what little remained of the discovery period, based on
NICE's stated preferences for which witnesses it wanted to depose.  At no time did
Witness Systems ever agree to any sort of "second phase" of depositions to take place
outside the discovery period, and my April 27 letter specifically rejected Mr.
Drayton's suggestion that we agree to schedule all noticed depositions despite the
extreme tardiness of the notices.  Any attempt to suggest otherwise can only be
construed as a deliberate attempt to mislead the Court.[2]

Discovery closed in this case on May 30.  Through extraordinary efforts the parties
scheduled and took numerous depositions, all in the last few weeks of the discovery
period.  This extremely compressed schedule was entirely NICE's fault, having made
no attempt to schedule any depositions until the last few weeks of discovery.
Nonetheless, Witness Systems has agreed to make available for deposition three
additional witnesses whose depositions had previously been scheduled during the
discovery period:  Ms. Treaster (as Rule 30(b)(6) designee), Mr. Hegebarth, and Mr.
Callahan.  Given these facts, and those detailed more fully in my earlier
correspondence, NICE is not entitled to any additional depositions in this case.[3]

The current situation results entirely from NICE's own failures to pursue timely
discovery, as well as its refusal to scale back the number of patents and asserted
claims to a scope appropriate for trial.  As a result, Witness Systems must defend
against far more patents and claims than could ever be tried under the current
schedule.  If NICE truly wants to take the multiple additional depositions it now
seeks, and continues its refusal to limit the scope of this case to something

---

[1] In addition to the parties' remaining Rule 30(b)(6) deponents and Mr. Hegebarth, we have reviewed
the record of correspondence concerning Mr. Callahan, and will agree to reschedule his deposition
outside the discovery period based on the parties' earlier, short-lived agreement to schedule his
deposition for May 30, a date Mr. Callahan could not keep because of his travel schedule.  We will
provide alternative dates for Mr. Callahan's deposition shortly.

[2] Mr. Drayton's letter also suggests, falsely, that I somehow agreed to identify witnesses we did not
intend to call at trial.  As Mr. Drayton and Ms. Sharp well know, however, I made no such agreement.
I merely agreed to consider their request that we do so.  After considering the proposal, however, I
specifically rejected their request in my letter of June 11 based in part on NICE's failure to limit the
scope of the case appropriately.  Any attempt to mislead the court on this issue will similarly be treated
with the utmost seriousness.

[3] This contrasts sharply with NICE's ongoing failure to produce a Rule 30(b)(6) witness capable of
testifying about numerous topics.

F I S H   &   R I C H A R D S O N   P.C.

Scott Lindvall, Esq.
June 15, 2007
Page 3


appropriate for trial, significant adjustments to the case schedule and trial date will be
required.  If NICE is prepared to discuss either limiting the number of patents and
claims at issue, or significant adjustments to the case schedule and trial date, we
remain prepared to do so.


Very truly yours,


Daniel A. Kent

# EXHIBIT G

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Frederick P. Fish
1855-1930

Telephone
404 892-5005

W.K. Richardson
1859-1951

Facsimile
404 892-5002

Web Site
www.fr.com

VIA E-MAIL

June 6, 2007

Daniel A. Kent
404 724-2828

Scott Lindvall, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Email
kent@fr.com



Re:    *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
        U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF

ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Scott:

This responds to Mr. Drayton's e-mail communications to me of June 4 and May 29, seeking to schedule as many as 12 additional depositions outside the May 30, 2007 close of the discovery period prescribed in this case.  To put this request in context, a quick review of the facts is in order.

NICE's first deposition notices in this case were dated April 19, and delivered on April 20, a full 7 weeks after the 12½ week deposition discovery period began on March 2.  At that time, NICE served 17 deposition notices.  On April 23, NICE served an additional deposition notice, bringing the total to 18.   On April 24 and 25, I notified your team by letter that we were not authorized to accept service on behalf of seven of the noticed individuals who reside outside the United States, but that we would work to try to schedule appropriate witnesses before the close of discovery on May 30.  We even identified additional individuals more likely to have discoverable information than those NICE noticed, and offered to schedule their depositions instead.

On April 27 and May 2 NICE served two additional deposition notices on third parties Adtech and Kevin Hegebarth, respectively.  On May 3, NICE served eight more deposition notices, and on May 8, NICE served another deposition notice on third party Verint, bringing the total number of deposition notices served by NICE in this case to 29.  Adding Witness Systems' earlier 11 deposition notices, a total of 40 deposition notices awaited scheduling, with only 18 business days remaining before the close of discovery.

Recognizing the impossibility of scheduling 40 depositions in 18 days, we selected the deponents we most needed to depose and asked NICE to do the same.  Those selected depositions were scheduled and taken during the discovery period, except the

12022674.doc

FISH & RICHARDSON P.C.

Scott Lindvall, Esq.
June 6, 2007
Page 2

following four depositions that were scheduled outside the discovery period because of witness unavailability:  Mr. Warfield (deposed by NICE on May 31), Mr. Hegebarth (a third party originally scheduled for June 7, now postponed pending resolution of NICE's motion to compel), Witness Systems' remaining Rule 30(b)(6) designee, Ms. Treaster (originally scheduled for May 29, but postpone until June 29 due to a scheduling confict), and NICE's remaining Rule 30(b)(6) designee, Mr. Rudnick (scheduled for June 13 due to his prior unavailability).  In all our discussions about deposition scheduling, we consistently made clear our position that all depositions must be completed by the close of discovery on May 30, except for isolated exceptions like those noted above.

Following the above procedures, NICE has deposed eleven witnesses to date.[1] Witness Systems took eight depositions, including the first of NICE's Rule 30(b)(6) designees, Mr. Henits.  Three depositions remain:  (a) Mr. Hegebarth, (b) Witness Systems' second Rule 30(b)(6) designee, Ms. Treaster, and (c) NICE's second Rule 30(b)(6) designee, Mr. Rudnick.

Through Mr. Drayton's emails NICE now seeks to schedule twelve additional depositions, not including the previously noticed depositions of third-parties Avaya and Verint.  These fourteen total depositions all would necessarily take place outside the discovery period, which closed on May 30.

We do not believe NICE is entitled to enlarge the court's discovery period unilaterally merely by issuing an unrealistically large number of deposition notices near the close of the period in hopes of rescheduling the depositions later.  Consistent with the position we took during our prior scheduling discussions, our position remains that discovery closed in this case on May 30, and that the only depositions left to be taken are those that were previously scheduled:  Mr. Hegebarth, and the parties' two remaining Rule 30(b)(6) witnesses, Ms. Treaster and Mr. Rudnick.  The fourteen depositions NICE now seeks to take outside the discovery period would require substantial modification to the current case schedule.  If you would like to discuss such modifications, please contact me directly.  Otherwise, we believe discovery is closed except for the three depositions listed above.

Very truly yours,

Daniel A. Kent

---

[1] C. Blair; J. Williams; D. Smith; T. Hannah; J. Bourne; D. Wright; D. Spohrer (30(b)(6)); D. Williams; P. Dawes; Adtech (30(b)(6)); and C. Warfield.

**EXHIBIT H**

**THIS DOCUMENT
REDACTED IN ITS ENTIRETY**

# EXHIBIT I

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**Daniel A. Kent**
404 724-2828

Email
kent@fr.com



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

<u>VIA EMAIL</u>

April 24 2007

Joseph M. Drayton, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:     *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
        <u>U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF</u>

Dear Joseph:

This responds to the numerous deposition notices and subpoenas we received from you on Friday, April 20, and Monday, April 23.

Mr. Hegebarth and Mr. Heap are not currently employed by Witness Systems, and we are not authorized to accept service of a subpoena on either individual's behalf.

The other individuals include at least 10 citizens of the UK. We are not authorized to accept service on their behalf, but will check to see what we can do to schedule their depositions before the May 30 deposition deadline.

In addition, a number of the individuals noticed have little or no connection to the issues in this case. We suggest a meet and confer to discuss the outstanding deposition notices and related scheduling issues. Please let me know your availability for such a call this week.

Very truly yours,

Daniel A. Kent

12019257.doc