## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

    *Plaintiff*,

    v.

WITNESS SYSTEMS, INC.,

    *Defendant*.

Civil Action No. 06-311-JJF

---

**WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' SECOND AND THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WITNESS SYSTEMS, INC.'S INTERROGATORY NOS. 17 AND 18 AND TO PRECLUDE PLAINTIFFS' USE OF EVIDENCE RELATED THERETO**

DATED:  September 7, 2007

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel:  (302) 652-5070
kcompton@fr.com

Nagendra Setty (pro hac vice)
Daniel A. Kent (pro hac vice)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005

Attorneys for Defendant
Witness Systems, Inc.

# TABLE OF CONTENTS

**Page**

I.  NATURE AND STAGE OF THE PROCEEDINGS ................................................1

II.  SUMMARY OF THE ARGUMENT ......................................................................1

III.  STATEMENT OF FACTS ...................................................................................2

      **A.**    The Court's Rule 16 Scheduling Order.......................................................2

      **B.**    Witness Systems' Interrogatories...............................................................3

      **C.**    NICE Failed to Provide Any Dates Earlier than the Filing Priority
          Dates Apparent on the Face of the Patents. ................................................3

      **D.**    NICE Asserts New Dates .............................................................................5

      **E.**    NICE Has Always Been in Possession of All Relevant Evidence...............6

IV.  ARGUMENT.......................................................................................................7

      **A.**    Governing Law ...........................................................................................7

             **1.**    Prejudice (Meyers Factors One, Two, and Three) ...........................8

             **2.**    NICE's Conduct (Meyers Factors Four and Five) ...........................9

V.  CONCLUSION....................................................................................................12

# TABLE OF AUTHORITIES

**Page**

CASES

*Bridgestone Sports Co. Ltd. V. Acushnet Co., No. Civ. A. 05-132-JJF,*
   2007 WL 521894 (d. Del. Feb. 15, 2007)…………………………………………8

*Meyers v. Pennypack Woods Home Ownership Association,*
   559 F.2d 894 (3d Cir. 1977), overruled on other grounds by Goodman v.
   *Lukens Steel Co.,* 777 F.2d 113 (3d Cir. 1985)………..………………………....7

*Parrish v. Freightliner, LLC,*
   471 F. Supp. 2d 1262 (M.D. Fla. 2006)...…………………….…..………………7

*Phillips Electrics N. America Corp. v. Contec Corp.,*
   C.A. No. 02-123-KAJ, 2004 WL 769371 (D. Del. Apr. 5, 2004)..………..….......11

*Praxair, Inc. v. ATMI, Inc.,*
   445 F. Supp. 2d 460 (D. Del. 2006)……………………………………………..7

STATUTES

Fed. R. Civ. P. 37(b)(2)………………………………………………………………..6

## I.     NATURE AND STAGE OF THE PROCEEDINGS

More than five (5) months after the deadline for responding to contention interrogatories set by the Court's Scheduling Order, Plaintiffs NICE Systems Ltd. and NICE Systems, Inc. (collectively, "NICE") seek to radically alter NICE's contentions regarding the dates of conception and reduction to practice of the inventions claimed in the patents-in-suit.  This belated and drastic departure from NICE's earlier contentions is highly prejudicial to Defendant Witness Systems, Inc. ("Witness Systems"), as Witness Systems relied on NICE's previous contentions in framing various aspects of its defense and discovery.  Because it is now too late to cure the prejudice that would result from allowing NICE's new contentions, Witness Systems moves the Court for an order (a) striking NICE's supplemental responses to interrogatories (served on August 2 and August 10, 2007) and (b) precluding NICE from presenting at trial any evidence seeking to establish conception and reduction to practice dates prior to the filing priority dates of each of the patents-in-suit.

## II.     SUMMARY OF THE ARGUMENT

1.     Until five months after the time required by the Scheduling Order, NICE never contended that the inventions claimed in the patents-in-suit were conceived or reduced to practice prior to the patents' respective filing priority dates.  Witness Systems' Interrogatory No. 18 (timely served on November 17, 2006) explicitly sought "the date(s) NICE contends each alleged invention was conceived and actually reduced to practice."  In its amended response to Interrogatory 18, served on March 2, 2007, NICE contended:

> [E]ach of the patents at issue was conceived on its respective priority date provided in response to Interrogatory No. 18 [sic[1]] and reduced to practice upon

---

[1] *See* n.3, *infra*.

their date of issuance.  NICE relies on the each [sic] of the patents at issue to corroborate the aforementioned dates of conception and reduction to practice.

(Ex. A, NICE's Am. Obj. & Resp. to Witness Systems' Second Set of Interrogatories, served Mar. 2, 2007.)  Although NICE supplemented various responses to contention interrogatories in both April and May, it was not until August 2 and August 10 that NICE suddenly asserted new dates of conception for several of the patents-in-suit.  NICE's August supplemental responses also imply that NICE may yet try to assert earlier reduction to practice dates.

2.    NICE's departure from its earlier contentions inflicts significant prejudice on Witness Systems.  Witness Systems has been preparing its case for trial based on NICE's repeated contention that none of the patents-in-suit was entitled to conception or reduction to practice dates prior to their respective filing priority dates.  Witness Systems' reliance on NICE's contentions impacted at least (1) the scope of Witness Systems' prior art searches, (2) Witness Systems' invalidity contentions, (3) the questions posed to various deponents (including the inventors of the patents-in-suit), and (4) Witness Systems' identification and argument of claim construction disputes.  Moreover, NICE's belated changes come on the eve of expert reporting on invalidity and attempt to establish invention priority earlier than a number of key prior art references previously identified by Witness Systems in its discovery responses.

## III.    STATEMENT OF FACTS

### A.    The Court's Rule 16 Scheduling Order

On October 30, 2006, the Court entered a Rule 16 Scheduling Order establishing a two-phase fact discovery period.  (D.I. 46.)  For the first phase, the Court ordered the parties to complete all document production and respond to all contention interrogatories by March 2, 2007.  (D.I. 46 at ¶ 3(a).)  Upon completion of the first phase, the Order required the parties to

complete all fact discovery, including all depositions of fact witnesses, on or before May 30,

2007. (*Id.* at ¶ 3(d).)

### B.    Witness Systems' Interrogatories

Witness Systems served its Second Set of Interrogatories on November 17, 2006,

including Interrogatory No. 18, which sought NICE's contentions regarding conception and

reduction to practice dates:

> For each claim of the Patents-in-Suit, identify all facts and circumstances
> surrounding the conception and reduction to practice and/or development of the
> alleged invention, including an identification of all persons involved with and/or
> who have knowledge about the conception, reduction to practice and/or
> development; ***the date(s) NICE contends each alleged invention was conceived
> and actually reduced to practice***; and an identification of all documents, things,
> and individuals NICE contends can corroborate each such date of conception and
> actual reduction to practice.

(Ex. B at No. 18, Witness Systems' Second Set of Interrogatories, served. Nov. 17, 2006

(emphasis added).)

### C.    NICE Failed to Provide Any Dates Earlier than the Filing Priority Dates
### Apparent on the Face of the Patents.

NICE initially responded to Interrogatory No. 18 on December 27, 2006 by relying solely

on filing priority dates[2] as the date on which the claimed inventions were conceived and reduced

to practice:

> Presently, NICE states, subject to continued investigation, that each of the patents
> at issue was conceived on its respective priority date provided in response to
> Interrogatory No. 18 [sic[3]] and reduced to practice upon their date of issuance.

---

[2] For each patent, the filing priority date is either (a) the date its patent application was filed, or (b) the date
a previous patent application on which the relevant patent relies was filed.

[3] Confusingly, NICE's initial response to Interrogatory 18 references the patents' "respective priority
date[s] provided in response to Interrogatory ***No. 18***." (Ex. C (emphasis added).) Likely, NICE intended
to reference its response to Interrogatory ***No. 17***, which sought NICE's contentions regarding the priority
dates for any patents "that claim[] priority to an earlier application." (*Id.* at No. 17.) Indeed, NICE later
amended its response to Interrogatory No. 18 (on May 11, 2007) to reference the "priority date provided in

(Ex. C at No. 18, NICE's Obj. and Answers to Witness Systems' Second Set of Interrogatories, served Dec. 27, 2006.)

As the period for depositions of fact witnesses approached, Witness Systems grew concerned that NICE would disavow its sole reliance on filing priority dates. To that end, Witness Systems wrote to NICE regarding a number of discovery deficiencies, including NICE's response to Interrogatory No. 18:

> NICE also provide[s] none of the detailed information sought by Interrogatory No. 18 concerning conception and reduction to practice. Witness Systems will seek to preclude NICE from establishing a conception date prior to the priority date for each patent, unless NICE immediately supplements its response.

(Ex. D at 3, D. Kent letter to J. Drayton dated Feb. 13, 2007.)

Soon thereafter, NICE updated its responses to Witness Systems' Second Set of Interrogatories, but again failed to provide any dates for conception or reduction to practice prior to the patents' respective filing dates. (Ex. A at No. 18, NICE's Am. Obj. & Resp. to Witness Systems' Second Set of Interrogatories, served Mar. 2, 2007.)

On April 6, NICE again supplemented its responses to Witness Systems' interrogatories, but still failed to provide any alleged conception dates prior to the filing priority dates, nor did NICE provide any reduction to practice dates prior to the filing date of each patent. (Ex. E at No. 18, NICE's Supp. Obj. & Resp. to Witness Systems' Second Set of Interrogatories, served Apr. 6, 2007.)

NICE supplemented its response to Interrogatory No. 18 yet again on May 11, 2007—after inventor depositions and claim construction were well underway—once more sticking to its initial story:

---

response to Interrogatory *No. 17* . . . ." (Ex. F at No. 18, NICE's Supp. Obj. & Resp. to Witness Systems Second Set of Interrogatories, served May 11, 2007 (emphasis added).)

> Presently, NICE states, subject to continued investigation, that each of the patents
> at issue was conceived on its respective priority date provided in response to
> Interrogatory No. 17 and constructively reduced to practice upon the date of their
> filing.

(Ex. F, NICE's Supp. Obj. and Resp. to Witness Systems' Second Set of Interrogatories, served

May 11, 2007.)

Thus, by the Court's May 30, 2007 deadline for the completion of all fact discovery,

NICE repeatedly and steadfastly maintained its contention that none of the inventions claimed in

any of the patents-in-suit were conceived prior to their respective filing priority dates, and none

had been reduced to practice until the filing of each patent's respective application.  At that point,

Witness Systems had already submitted its opening claim construction brief, completed its search

for prior art, provided its invalidity contentions, and completed virtually all depositions of fact

witnesses.

### D.    NICE Asserts New Dates

On August 2, 2007, NICE served its Second Supplemental Objections and Responses to

Defendant Witness Systems' Interrogatory Nos. 17 and 18.[4]  In its August 2 response to

Interrogatory No. 18, NICE asserts:

> Presently, NICE states, subject to continued investigation, that the conception
> dates for the inventions claimed in the patents at issue are as follows:
>
> U.S. Patent No. 5,274,738: on or before April 21, 1989
> U.S. Patent No. 5,396,371: on or before April 19, 1991
> U.S. Patent No. 5,819,005: on or before April 19, 1991
> U.S. Patent No. 6,249,570: on or before July 9, 1997
> U.S. Patent No. 6,728,345: on or before July 9, 1997
> U.S. Patent No. 6,775,372: on or before April 4, 1997
> U.S. Patent No. 6,785,370: on or before July 9, 1997
> U.S. Patent No. 6,870,920: on or before April 4, 1997

---

[4] In reality, this was not the second, but the fourth supplementation to NICE's responses.

U.S. Patent No. 6,959,079: on or before February 14, 2000
U.S. Patent No. 7,010,109: on or before August 28, 2000

(Ex. G, NICE's Second Supp. Obj. & Resp. to Witness Systems' Interrogatory Nos. 17 and 18, served Aug. 2, 2007.)  NICE also identified for the first time numerous documents that allegedly support not only NICE's newfound conception dates, but also the "subsequent reduction to practice" of the inventions.  (*Id.*)

Eight days later, NICE made two more changes.  First, NICE again revised its response to Interrogatory No. 18, changing the claimed conception date for the '738 patent to April 4, 1989, which is more than two (2) weeks earlier than the date offered in NICE's August 2 response, and ***more than two and a half years earlier*** than the date previously disclosed in response to Interrogatory No. 18.  (*Compare* Ex. H, NICE's Third Supp. Obj. & Resp. to Witness Systems' Interrogatory No. 18, served Aug. 10, 2007, *with* Ex. A (relying solely on filing date of Dec. 31, 1991).)  Second, although NICE's August 10 response purported to identify new documents in support of its conception dates, NICE makes no contention regarding reduction to practice dates.  Thus, Witness Systems is left to wonder whether (a) NICE has reverted to its original contention that the inventions were reduced to practice upon the patents' filing, (b) NICE inadvertently omitted its August 2 contention that the claimed inventions were reduced to practice at some point "subsequent" to their conception, or (c) NICE will again elect to change the playing field by asserting new dates for the inventions' reduction to practice.

### E.    NICE Has Always Been in Possession of All Relevant Evidence.

NICE's new conception contentions purport to rely solely on evidence that has always been in its possession, and NICE cannot justify its delay by claiming it only recently learned of this information.  Since well before filing this lawsuit, NICE has had unfettered access to all evidence relevant to the conception and reduction to practice dates for the patents-in-suit,

including the documents it now cites.  NICE has access to virtually all of the inventors of the

patents-in-suit, indeed the vast majority of the inventors are represented by NICE's counsel, and

one of these inventors has served as NICE's Rule 30(b)(6) designee.[5]  NICE also possesses all

relevant documents retained by the original assignee of the relevant patents-in-suit, Dictaphone

Corporation.  NICE even has a contractual right to gather information from Dictaphone related to

the inventions claimed in the relevant patents "and the history thereof."  (*See* Ex. 26 to D.I. 207,

Patent Assignment Agr. dated May 31, 2005 (LOOSABLLP001538).)

## IV.    ARGUMENT

### A.    Governing Law

Where a party fails to timely disclose evidence in accordance with the schedule ordered

by the Court, and that failure causes prejudice to an opposing party, the Court may properly

exclude the evidence.  FED. R. CIV. P. 37(b)(2) (sanctions for failure to provide discovery);

*Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977),

*overruled on other grounds by Goodman v. Lukens Steel Co.,* 777 F.2d 113 (3d Cir. 1985).

Unless a party can demonstrate its failure to comply with the Court's scheduling order is

substantially justified or harmless, Rule 37 requires sanctions, including the exclusion of

evidence.  *See Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 469 (D. Del. 2006) ("[F]idelity

to the constraints of Scheduling Orders and deadlines is critical to the Court's case management

responsibilities." (citation omitted)); *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1269

(M.D. Fla. 2006) (allowing the plaintiff to untimely supplement interrogatory responses was not

harmless because it prejudiced defendant's ability to conduct discovery regarding plaintiff's new

---

[5] More specifically, NICE's counsel represents every inventor that Witness Systems deposed.  The only
inventors not deposed (and thus not represented by NICE's counsel) were those Witness Systems was

theory).  Accordingly, this Court has sanctioned parties that fail to comply with the Court's

deadline for providing the parties' respective contentions by excluding evidence relating to the

belated contention.  *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, No. Civ. A. 05-132-JJF, 2007

WL 521894, *4-*5 (D. Del. Feb. 15, 2007) (excluding belatedly disclosed prior art references not

initially included in invalidity contentions required by the scheduling order).

       In the Third Circuit, a limited set of factors must guide a district court's discretion to

exclude evidence under such circumstances ("the *Meyers* factors"):

> (1) the prejudice or surprise to a party against whom the evidence is offered; (2)
> the ability of the injured party to cure the prejudice; (3) the likelihood of
> disruption to the trial schedule; (4) bad faith or willfulness involved in not
> complying with the disclosure rules; and (5) the importance of the evidence to the
> party offering it.

*Bridgestone*, 2007 WL 521894 at *4 (citing *Meyers,*559 F.2d at 905).

## 1.    Prejudice (*Meyers* Factors One, Two, and Three)

       The first two *Meyers* factors relate to the prejudice a party would suffer from the use of

the belatedly disclosed evidence and the possibility of curing that prejudice; the third factor

relates to the impact on the Court's schedule that would result from the introduction of the new

evidence.

       As described above, Witness Systems would be highly prejudiced if the Court allows

NICE to proceed to trial with contentions of conception and reduction to practice dates it failed

to disclose by the deadline set by the Court.  The contentions NICE originally served during the

discovery period have already impacted at least (1) the scope of Witness Systems' searches for

relevant prior art, (2) Witness Systems' invalidity contentions, (3) the deposition questions posed

to the inventors of the patents-in-suit and other fact witnesses, and (4) Witness Systems' choice

---

either unable to locate or unable to serve with a *subpoena*.

of claim construction issues and positions submitted to the Court for resolution.  Moving

forward, NICE's belated change of course comes on the eve of expert reporting on invalidity,

further prejudicing Witness Systems' ability to advance its invalidity case as it had been

understood throughout the discovery period.  Moreover, Witness Systems has been forced to

reinitiate its prior art search to identify references that pre-date NICE's newly asserted

conception dates.  Witness Systems intends to supplement its previous invalidity contentions to

identify the prior art references on which it will rely should the Court allow NICE's August

supplemental responses to stand.

However, the only practical way to cure all of the prejudice to Witness Systems is for the

Court to strike NICE's August 2 and August 10 supplemental responses to Witness Systems'

contention interrogatories, as NICE's original contentions have impacted the entirety of the case

to date.  Absent such a striking, the only way to avoid prejudice to Witness Systems would be to

begin discovery in the case all over again, including re-taking numerous depositions, re-briefing

and arguing claim construction, and postponing the trial sufficiently to allow all that to happen—

an unrealistic course of action.

### 2. NICE's Conduct (*Meyers* Factors Four and Five)

The fourth *Meyers* factor asks the Court to consider the "bad faith or willfulness" of the

withholding party.  Here, the facts speak for themselves.  Since before filing this lawsuit, NICE

has possessed all of the documents it now relies upon in its attempt to show earlier conception

dates.  *See* Section III.E., *supra*.  NICE's lawyers represent or employ as a consultant numerous

inventors of the patents at issue.  NICE had in its possession or control all the same information

it now relies upon, yet failed to disclose its newfound conception contentions until now, after

discovery and claim construction—beyond the point where Witness Systems can take NICE's belated contentions into account.

Immediately after receiving NICE's untimely August 2 revisions, Witness Systems notified NICE of Witness Systems' objections thereto and requested that NICE withdraw its new contentions. (Ex. I, N. Graubart letter to J. Drayton dated Aug. 6, 2007.)

In response, NICE attempted to justify its untimely supplementations by denying any change occurred at all. According to NICE, the conception dates provided on August 2 were previously provided in NICE's May 11 supplement. (Ex. J, J. Drayton letter to D. Kent. dated Aug. 15, 2007.) However, NICE then admits that the dates were in fact not provided in response to Interrogatory No. 18—which inquires about conception and reduction to practice dates—but were "inadvertently" provided as NICE's response to an entirely different interrogatory. (*Id.*)

This explanation is (1) partially incorrect and (2) entirely irrelevant. First, NICE is incorrect that all of the dates were previously disclosed. NICE's August 10 iteration of its response to Interrogatory No. 18 claims, in part, that (a) the inventions claimed in the '738 patent were conceived on or before April 4, 1989; (b) the inventions claimed in the '372 patent were conceived on or before April 4, 1997; and (c) the inventions claimed in the '920 patent were conceived on or before April 4, 1997. (Ex. H.) ***These dates are entirely new***. Nowhere in its prior responses to interrogatories did NICE ever associate the '738, '372 or '920 patents with the dates on which it now asserts those inventions were conceived. Those dates cannot be found linked to those patents in NICE's earlier responses to Interrogatory No. 18, nor can they be found in NICE's earlier response to any other interrogatory. These dates were not "inadvertently identified" as filing priority dates in response to Interrogatory No. 17. The new dates for the '372

and '920 patents were never disclosed until August 2, and the alleged date of conception for the '738 patent was not disclosed until August 10.[6]

Second, NICE's *post hoc* rationalization that its "May 11 Supplement inadvertently identified the conception dates in response to Interrogatory No. 17, which actually relates to the [filing] priority dates of the patents" is irrelevant, as it does not cure the prejudice Witness Systems has suffered from NICE's failures.  (Ex. J.)  Witness Systems should not be required to scour NICE's various responses to ascertain whether they contain latent errors that NICE itself apparently did not notice and certainly did not elect to fix for another three months.  "That is not how civil litigation works.  Discovery is not a game of 'blind man's bluff,' or 'hide the ball.'" *Parrish*, 471 F. Supp. 2d at 1270 (citations omitted); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.,* C.A. No. 02-123-KAJ, 2004 WL 769371, *1 (D. Del. Apr. 5, 2004) ("[A]n 'A' for effort does not excuse [defendant's] failure to abide by its disclosure obligations. . . .  Since [defendant] has not shown that its failure to properly and timely produce the evidence in question is harmless, the evidence will not be permitted at trial.").

Moreover, even NICE's May 11 supplement was sufficiently late as to have already prejudiced Witness Systems.  (D.I. 46 at ¶ 3(a).)  By May 11, Witness Systems had conducted its prior art searches based on NICE's asserted conception dates, identified prior art in discovery, identified the disputed claim terms necessary for the Court to construe, and had begun taking the depositions of the patents' inventors.  For example, NICE claims that its May 11 Supplement inadvertently listed what it now claims are conception dates for the '570, '370, and '345 patents as the filing priority dates for those patents. But, by that day, Witness Systems had already

_____

[6] NICE still asserts that the '079 and '109 patents were conceived as of their filing priority dates.  Thus, NICE's "explanation" can only apply to five patents: the '371, '005, '570, '345, and '370 patents.

deposed two of the three inventors of those patents and would depose the third inventor just days later.

NICE's conduct also demonstrates that the fifth *Meyers* factor (importance of the evidence) weighs in favor of excluding NICE's new contentions. Given that NICE was in possession of the relevant evidence for the entire duration of the lawsuit, but either chose to withhold its contentions or simply failed to correct its errors until August 2007, NICE can hardly claim that the evidence is of paramount importance to its case.

## V.    CONCLUSION

For the foregoing reasons, Witness Systems respectfully requests the Court (a) strike NICE's Second and Third Supplemental Objections and Responses to Witness Systems, Inc.'s Interrogatory Nos. 17 and 18 (served August 2 and August 10, 2007, respectively); and (b) preclude NICE from presenting at trial any evidence seeking to establish conception and reduction to practice dates prior to the filing priority dates of each of the patents-in-suit.

Dated:  September 7, 2007                    Respectfully submitted,
                                             FISH & RICHARDSON P.C.


                                             By: */s/ Kyle Wagner Compton*
                                                    William J. Marsden, Jr.(#2247)
                                                    Kyle Wagner Compton (#4693)
                                                    919 N. Market Street, Suite 1100
                                                    P.O. Box 1114
                                                    Wilmington, Delaware 19899-1114
                                                    Telephone: (302) 652-5070
                                                    kcompton@fr.com

                                                    Nagendra Setty (pro hac vice)
                                                    Daniel A. Kent (pro hac vice)
                                                    1180 Peachtree Street, NE, 21st Floor
                                                    Atlanta, GA  30309
                                                    Telephone:  (404) 892-5005

                                                    Attorneys for Defendant
                                                    Witness Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of September, 2007, I electronically filed with the Clerk of Court the foregoing **WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' SECOND AND THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO WITNESS SYSTEMS, INC.'S INTERROGATORY NOS. 17 AND 18 AND TO PRECLUDE PLAINTIFFS' USE OF EVIDENCE RELATED THERETO** using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery.

Josy W. Ingersoll                                    *Attorneys for Plaintiffs*
Melanie K. Sharp                                    *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899

I also certify that on September 7, 2007, I have sent by electronic mail and U.S. First Class Mail, the document(s) to the following non-registered participants:

Scott G. Lindvall                                    *Attorneys for Plaintiffs*
Daniel DiNapoli                                      *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

*/s/Kyle Wagner Compton*
Kyle Wagner Compton

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC., and           :

NICE SYSTEMS LTD.,           :

                  Plaintiffs,     :     Civil Action No. 06-311-JJF

              v.           :

WITNESS SYSTEMS, INC.,         :

                  Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following amended responses to Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories").

### GENERAL OBJECTIONS

1.      NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceeds the bounds of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

2.     NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

3.     NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain.  Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought.  NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances, communications or persons falling within particular categories, because such demand will cause

undue burden and expense.  NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9.    NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing.  NICE is not limited by its responses herein.  If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10.    NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11.    NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12.    NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 13:

Identify each patent claim(s) in each of the Patents-in-Suit NICE contends Witness infringes or has infringed, specifying for each claim which Witness product(s) and/or method(s) NICE contends infringe or have infringed, including whether NICE's contention is based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

NICE objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client or work product privileges.  NICE also objects to this interrogatory as premature as discovery is in its infancy stages.  NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the claims at issue and the theories of infringement that NICE may assert in this action are subject to modification and further development as Witness has yet to produce any

documents or relevant source code. Moreover, NICE is still investigating the facts concerning

Witness' infringement of the claims at issue, including Witness' sales through its channel

partners such as Avaya and Nortel. Notwithstanding, NICE refers Witness to NICE's

Preliminary Infringement Contentions attached as Exhibit A hereto. NICE anticipates reducing

the number of claims presently asserted and will do so after the conclusion of document and/or

deposition discovery. NICE further responds that its Preliminary Infringement Contentions are

subject to modification and/or supplementation as Witness has yet to produce any documents or

relevant source code. NICE's infringement analysis as well as the accused products list in

Exhibit A are also subject to modification in light of claim constructions agreed to by the parties

or ultimately adopted by the Court. NICE has narrowed the claims asserted in this litigation to

the following: claim 1 of the '738 Patent, claims 1, 5 and 8 of the '371 Patent; claims 1, 3, 4, 6,

11, 13, 15, 20 and 21 of the '005 Patent; claims 6 and 7 of the '570 Patent; claims 14, 15, 21, 22,

23, 24, 25, 26, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, and 52 of the '345 Patent; claims 1, 6,

14, 15, 17, 19, 33, 34 and 44 of the '372 Patent, claims 1, 5, 6, 8, 9, 11, 12, and 27 of the '370

Patent; claims 1, 3, 6, 16, 18 and 21 of the '920 Patent; Claim 6 of the '079 Patent; and claims 1,

3, 4, 6, 8, 15, 16, 18, 22, 24 and 29 of the '109 Patent. NICE reserves its right to amend this

response.

**INTERROGATORY NO. 14:**

For each patent claim and product or method identified in response to

Interrogatory No. 13, identify where each limitation of each claim is found within each accused

Witness product(s) or method(s) by providing in the form of a claim chart a limitation-by-

limitation comparison of each claim limitation with each accused Witness product(s) or

method(s), including a description of the function, way and result for each limitation NICE

contends is infringed under the doctrine of equivalents, and an identification of all facts, circumstances, documents, and evidence that NICE contends supports or undermines NICE's contentions.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

NICE objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE refers Witness to Exhibit A. NICE reserves its right to amend this response.

**INTERROGATORY NO. 15:**

Identify all limitations in each of the claims identified in Interrogatory No. 13, that NICE contends should be interpreted under 35 U.S.C. § 112, ¶ 6, specifying for each identified limitation all disclosures in the relevant patent's specification of the structure, material or act that NICE contends corresponds to such limitations and equivalents thereof; all references from the prosecution history or extrinsic evidence that NICE relies upon to support its contentions; and a detailed description of each alleged occurrence of such § 112, ¶ 6 claim limitation (or equivalents thereto) in any Witness product or activity that NICE contends infringes or has infringed the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

NICE objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory on the

grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 9, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 16:**

Identify all claim terms, phrases, or limitations of the Patents-in-Suit that NICE contends should be construed by the Court, providing for each term, phrase, or limitation NICE's proposed construction and an identification of all intrinsic and extrinsic evidence NICE contends supports or undermines its proposed construction.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

NICE objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client or work product privilege. NICE additionally objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 30, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 17:**

For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

NICE objects to Interrogatory Number 17 to the extent it seeks information which is protected by the attorney-client or work product privileges. Subject to, and without waiving, the foregoing General and Specific Objections, NICE states, subject to continued due diligence and investigation, that the priority dates for the patents at issue are as follows:

U.S. Patent No. 5,274,738:  December 31, 1991

U.S. Patent No. 5,396,371:  December 21, 1993

U.S. Patent No. 5,819,005:  August 3, 1993

U.S. Patent No. 6,249,570:  June 8, 1999

U.S. Patent No. 6,728,345:  June 8, 1999

U.S. Patent No. 6,775,372:  June 2, 1999

U.S. Patent No. 6,785,370:  June 8, 1999

U.S. Patent No. 6,870,920:  June 2, 1999

U.S. Patent No. 6,959,079:  February 14, 2000

U.S. Patent No. 7,010,109:  August 28, 2000

NICE reserves its right to amend this response.

**INTERROGATORY NO. 18:**

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege. NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5. In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions. Presently, NICE states, subject to continued investigation, that each of the patents at issue was conceived on its respective priority date provided in response to Interrogatory No. 18 and reduced to practice upon their date of issuance. NICE relies on the each of the patents at issue to corroborate the aforementioned dates of conception and reduction to practice. NICE reserves its right to amend this response.

## INTERROGATORY NO. 19:

Identify each instance of marking NICE contends is or was sufficient to provide notice to Witness under 35 U.S.C. §287 for each of the Patents-in-Suit, including an identification of each product NICE contends is or was marked with one or more of the patent numbers of the Patents-in-Suit; the date(s) during which NICE contends each instance or

marking took place; the details concerning how and where on each product such marking is or was placed; and all of the facts, circumstances, documents, and evidence (including knowledgeable witness) regarding such marking.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:

NICE objects to Interrogatory No. 19 to the extent it seeks information that is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that NICE is still investigating the facts relating to the marking of Dictaphone products it acquired in 2005. NICE intends to provide all relevant, non-privileged information regarding the patent marking of those products upon the completion of its investigation. With regard to its products, NICE responds as follows:

| Product | Patents listed on Product Marking | Dates of Product Marking |
|---------|-----------------------------------|--------------------------|
| Voice Over IP Logger, NICE Log | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent No. 7,010,109 | March 2006 to present |
| NICE Perform Compliance Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109 | March 2006 to present |

In addition to the above response, NICE refers Witness to documents bates numbered STS017145-46 and NSDE 004120-004122 which are copies of product markings. Nothing in this response should be deemed an admission that prior markings do not exist. If NICE becomes aware of prior markings, it will produce or identify such markings. NICE reserves its right to amend this response.

Dated: March 2, 2007

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (#1088)
Melanie K. Sharp (#2501)
Karen E. Keller (#4489)

OF COUNSEL:
Scott G. Lindvall
Daniel P. DiNapoli
Joseph M. Drayton
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022
(212) 836-8000

The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 1899-0391
(302) 571-6600
kkeller@ycst.com

*Attorneys for NICE Systems, Inc. and NICE Systems Ltd.*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 2, 2007, I caused copies of the foregoing document to be served by hand delivery and electronic mail upon the following counsel of record:

>William J. Marsden, Jr., Esquire (marsden@fr.com)
>Kyle Wagner Compton, Esquire (kcompton@fr.com)
>Fish & Richardson, PC
>919 N. Market Street, Suite 1100
>Wilmington, DE 19801

I further certify that on March 2, 2007, I caused a copy of the foregoing document to be served upon the following in the manner indicated:

>**BY ELECTRONIC MAIL**
>Noah C. Graubart, Esquire (graubart@fr.com)
>Nagendra Setty, Esquire (nsetty@fr.com)
>Daniel A. Kent, Esquire (kent@fr.com)
>Christopher O. Green, Esquire (green@fr.com)
>John Hamann, Esquire (hamann@fr.com)
>Fish & Richardson, PC
>1180 Peachtree Street, NE, 21st Floor
>Atlanta, GA 30309

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>/s/ KAREN E. KELLER
>Karen E. Keller (No. 4489)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19899-0391
>(302) 571-6600
>kkeller@ycst.com

>*Attorneys for NICE Systems, Inc. and NICE Systems Ltd.*

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

        *Plaintiffs*,

   v.

WITNESS SYSTEMS, INC.,

        *Defendant*.

C.A. No. 06-311-JJF

**DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF
INTERROGATORIES TO PLAINTIFFS
NICE SYSTEMS, INC. AND NICE SYSTEMS LTD.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant

Witness Systems, Inc. ("Witness") requests that Plaintiffs NICE Systems, Inc. and NICE

Systems Ltd. ("NICE") answer the following interrogatories separately and fully, in

writing, under oath and within thirty (30) days of service.  These interrogatories are

governed by the following Definitions and Instructions:

**<u>DEFINITIONS AND INSTRUCTIONS</u>**

These interrogatories incorporate, without limiting the scope of the Federal Rules

of Civil Procedure or the Local Rules for the U.S. District of Delaware, the following

definitions and instructions:

A.      "NICE," "you," and "your" refer to NICE Systems Ltd., NICE Systems,

Inc., and any of their directors, officers, consultants, agents, representatives, predecessors

in interest, parents, subsidiaries, assignees, licensees, employees, and attorneys of either,

and any other persons acting on NICE's behalf.

B.      "Witness" means Witness Systems, Inc. and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Witness' behalf, including without limitation Eyretel Plc.

C.      "Patents-in-Suit" means, collectively, U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109; each, individually, is a "Patent-in-Suit."

D.      "Related Applications" shall mean any and all applications related to the Patents-in-Suit, including any (1) continuations, (2) continuations-in-part, (3) divisions, (4) interferences, (5) reexaminations, (6) reissues, (7) related patents, (8) parents, (9) foreign counterpart applications to any of the Patents-in-Suit or foreign counterparts to any of items "1" through "11," (10) any other applications disclosing, describing or claiming any invention disclosed, described or claimed in any of the Patents-in-Suit, or (11) any other applications claiming the benefit of the filing date of any application whose benefit is claimed in any of the Patents-in-Suit, whether or not abandoned and whether or not issued.

E.      "NICE Product" means any product, process, or service of NICE that (a) when used or made, incorporates, performs, or embodies the subject matter of any of the alleged inventions described or claimed in the Patents-in-Suit, (b) that NICE contends is covered by one or more claims of the Patents-in-Suit, or (c) that is marked or has been marked with the patent number of any of the Patents-in-Suit.

F.      "Witness Product" means any product, process, or service of Witness (a) that when used or made, incorporates, performs, or embodies the subject matter of any

of the alleged inventions described or claimed in the Patents-in-Suit or (b) that NICE contends is covered by one or more claims of the Patents-in-Suit.

G.    "Dictaphone" means Dictaphone Corporation, its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Dictaphone's behalf.

H.    "Mercom Litigation" means *Dictaphone Corporation v. Mercom Systems, Inc.*, Civil Action No. 1:04-CV-05844-MBM, filed in the United States District Court for the Southern District of New York.

I.    "Voice Print Litigation" means *Dictaphone Corporation v. Voice Print International, Inc.*, Civil Action No. 2:04-CV-06160-ER-RC, filed in the United States District Court for the Central District of California.

J.    "Dictaphone/NICE Litigation" means *Dictaphone Corp. v. NICE Systems Ltd.*, Civil Action No. 3:00-CV-1143, filed in the United States District Court for the District of Connecticut.

K.    As used herein, the term "person" means any natural person or any business, legal, or governmental or other entity or association.

L.    As used herein, the term "communication" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

M.    As used herein, the terms "identify" or "identification" when used in reference to:

        a.    a person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a

- 3 -

person has been identified in full, only the name of that person need be
listed in response to subsequent discovery requests requesting
identification of that person;

b.  an event or activity, means to give the date, participants, and nature of
the activity or event;

c.  documents, means to give, to the extent known, the (i) type of
document; (ii) general subject matter; (iii) date of the document; and
(iv) author(s), address(es), and recipient(s);

d.  things other than documents means to give, to the extent known, a
description of the thing requested including any and all product names
(both those used internally within NICE and those used externally in
sales, marketing, and other commercial activities), and any and all
product numbers or codes related to such things and an explanation of
each such number or code.

N.    The connectives "and" and "or" shall be construed either disjunctively or
conjunctively as necessary to bring within the scope of the discovery request all
responses that might otherwise be construed to be outside of its scope.

O.    The use of the singular form of any word includes the plural and vice
versa.

P.    In the event that NICE refuses to answer an interrogatory on the basis that
the requested information is privileged, subject to work product immunity, or otherwise
excludable from discovery, NICE is requested to state the following:

a. the nature of the privilege, including work product, which is being claimed;

b. the type of information;

c. the general subject matter of the requested information;

d. the date(s) associated with the requested information; and

e. such other information as is sufficient to identify the information, including without limitation the persons involved in communications regarding the requested information, the author of the information, and recipients of the information.

Q. The term "Complaint" means the complaint NICE filed against Witness Systems, Inc. in Civil Action No. 06-311-JJF, pending in the United States District Court for the District of Delaware.

R. These interrogatories are continuing so as to require supplemental responses by NICE in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

## INTERROGATORY NO. 13

Identify each patent claim(s) in each of the Patents-in-Suit NICE contends Witness infringes or has infringed, specifying for each claim which Witness product(s) and/or method(s) NICE contends infringe or have infringed, including whether NICE's contention is based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement.

**INTERROGATORY NO. 14**

For each patent claim and product or method identified in response to Interrogatory No. 13, identify where each limitation of each claim is found within each accused Witness product(s) or method(s) by providing in the form of a claim chart a limitation-by-limitation comparison of each claim limitation with each accused Witness product(s) or method(s), including a description of the function, way and result for each limitation NICE contends is infringed under the doctrine of equivalents, and an identification of all facts, circumstances, documents, and evidence that NICE contends supports or undermines NICE's contentions.

**INTERROGATORY NO. 15**

Identify all limitations in each of the claims identified in Interrogatory No. 13 that NICE contends should be interpreted under 35 U.S.C. §112, ¶ 6, specifying for each identified limitation all disclosures in the relevant patent's specification of the structure, material or act that NICE contends corresponds to such limitations and equivalents thereof; all references from the prosecution history or extrinsic evidence that NICE relies upon to support its contentions; and a detailed description of each alleged occurrence of such § 112, ¶ 6 claim limitation (or equivalents thereto) in any Witness product or activity that NICE contends infringes or has infringed the Patents-in-Suit.

**INTERROGATORY NO. 16**

Identify all claim terms, phrases, or limitations of the Patents-in-Suit that NICE contends should be construed by the Court, providing for each term, phrase, or limitation NICE's proposed construction and an identification of all intrinsic and extrinsic evidence NICE contends supports or undermines its proposed construction.

**INTERROGATORY NO. 17**

For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

**INTERROGATORY NO. 18**

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

**INTERROGATORY NO. 19**

Identify each instance of marking NICE contends is or was sufficient to provide notice to Witness under 35 U.S.C. § 287 for each of the Patents-in-Suit, including an identification of each product NICE contends is or was marked with one or more of the patent numbers of the Patents-in-Suit; the date(s) during which NICE contends each instance of marking took place; the details concerning how and where on each product such marking is or was placed; and all of the facts, circumstances, documents, and evidence (including knowledgeable witness) regarding such marking.

Dated:  November 17, 2006          FISH & RICHARDSON P.C.


                                    By:  */s/ Kyle Wagner Compton*
                                         William J. Marsden, Jr. (#2247)
                                         Kyle Wagner Compton (#4693)
                                         919 N. Market Street, Suite 1100
                                         P. O. Box 1114
                                         Wilmington, Delaware  19899-1114
                                         Telephone:  (302) 652-5070


                                         Nagendra Setty
                                         Daniel A. Kent
                                         John D. Hamann
                                         1180 Peachtree Street, N.E.
                                         21st Floor
                                         Atlanta, GA 30309
                                         Telephone:  (404) 892-5005

                                         ATTORNEYS FOR DEFENDANT
                                         WITNESS SYSTEMS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of November, 2006, I caused a copy of

DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF

INTERROGATORIES TO PLAINTIFFS NICE SYSTEMS, INC. AND NICE

SYSTEMS LTD. to be served on the following counsel of record in the manner indicated

below:


**VIA ELECTRONIC MAIL &**
**HAND DELIVERY:**

Josy W. Ingersoll                          *Attorneys for Plaintiffs*
Melanie K. Sharp                           *Nice Systems Ltd. and Nice Systems, Inc.*
Karen L. Pascale
Young, Conoway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


**VIA ELECTRONIC &**
**FIRST CLASS U.S. MAIL:**

Scott G. Lindvall                          *Attorneys for Plaintiffs*
Daniel DiNapoli                            *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


                                        */s/ Kyle Wagner Compton*
                                        Kyle Wagner Compton

# Exhibit C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC., a Delaware Corporation, and
NICE SYSTEMS, LTD., an Israeli Corporation,

                         Plaintiffs,

              v.

WITNESS SYSTEMS, INC, a Delaware Corporation,

                       Defendant.

)
)
)
)
)
)
)
)
)

Civil Action No. 06-311-JJF

## PLAINTIFFS' OBJECTIONS AND ANSWERS TO DEFENDANT
## WITNESS SYSTEMS, INC.'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following objections and answers to Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories").

### GENERAL OBJECTIONS

1.     NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceeds the bounds of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

                                             

2.      NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

3.      NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain.  Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought.  NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances, communications or persons falling within particular categories, because such demand will cause

undue burden and expense. NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9.    NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing. NICE is not limited by its responses herein. If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10.    NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11.    NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12.    NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND ANSWERS

### INTERROGATORY NO. 13:

Identify each patent claim(s) in each of the Patents-in-Suit NICE contends Witness infringes or has infringed, specifying for each claim which Witness product(s) and/or method(s) NICE contends infringe or have infringed, including whether NICE's contention is based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement.

### OBJECTIONS AND ANSWER TO INTERROGATORY NO. 13:

NICE objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client or work product privileges.  NICE also objects to this interrogatory as premature as discovery is in its infancy stages.  NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the claims at issue and the theories of infringement that NICE may assert in this action are subject to modification and further development as Witness has yet to produce any

documents or relevant source code. Moreover, NICE is still investigating the facts concerning Witness' infringement of the claims at issue, including Witness' sales through its channel partners such as Avaya and Nortel. Notwithstanding, NICE refers Witness to NICE's Preliminary Infringement Contentions attached as Exhibit A hereto. NICE anticipates reducing the number of claims presently asserted and will do so after the conclusion of document and/or deposition discovery. NICE further responds that its Preliminary Infringement Contentions are subject to modification and/or supplementation as Witness has yet to produce any documents or relevant source code. NICE's infringement analysis as well as the accused products list in Exhibit A are also subject to modification in light of claim constructions agreed to by the parties or ultimately adopted by the Court. NICE reserves its right to amend this response.

**INTERROGATORY NO. 14:**

For each patent claim and product or method identified in response to Interrogatory No. 13, identify where each limitation of each claim is found within each accused Witness product(s) or method(s) by providing in the form of a claim chart a limitation-by-limitation comparison of each claim limitation with each accused Witness product(s) or method(s), including a description of the function, way and result for each limitation NICE contends is infringed under the doctrine of equivalents, and an identification of all facts, circumstances, documents, and evidence that NICE contends supports or undermines NICE's contentions.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 14:**

NICE objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds

that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE refers Witness to Exhibit A. NICE reserves its right to amend this response.

**INTERROGATORY NO. 15:**

Identify all limitations in each of the claims identified in Interrogatory No. 13, that NICE contends should be interpreted under 35 U.S.C. § 112, ¶ 6, specifying for each identified limitation all disclosures in the relevant patent's specification of the structure, material or act that NICE contends corresponds to such limitations and equivalents thereof; all references from the prosecution history or extrinsic evidence that NICE relies upon to support its contentions; and a detailed description of each alleged occurrence of such § 112, ¶ 6 claim limitation (or equivalents thereto) in any Witness product or activity that NICE contends infringes or has infringed the Patents-in-Suit.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 15:**

NICE objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 9, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 16:**

Identify all claim terms, phrases, or limitations of the Patents-in-Suit that NICE contends should be construed by the Court, providing for each term, phrase, or limitation NICE's proposed construction and an identification of all intrinsic and extrinsic evidence NICE contends supports or undermines its proposed construction.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 16:**

NICE objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client or work product privilege. NICE additionally objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 30, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 17:**

For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 17:**

NICE objects to Interrogatory Number 17 to the extent it seeks information which is protected by the attorney-client or work product privileges. Subject to, and without waiving, the foregoing General and Specific Objections, NICE states, subject to continued due diligence and investigation, that the priority dates for the patents at issue are as follows:

U.S. Patent No. 5,274,738: December 31, 1991

U.S. Patent No. 5,396,371: December 21, 1993

U.S. Patent No. 5,819,005:  August 3, 1993

U.S. Patent No. 6,249,570:  June 8, 1999

U.S. Patent No. 6,728,345:  June 8, 1999

U.S. Patent No. 6,775,372:  June 2, 1999

U.S. Patent No. 6,785,370:  June 8, 1999

U.S. Patent No. 6,870,920:  June 2, 1999

U.S. Patent No. 6,959,079:  February 14, 2000

U.S. Patent No. 7,010,109:  June 24, 2002

NICE reserves its right to amend this response.

## INTERROGATORY NO. 18:

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

## OBJECTIONS AND ANSWER TO INTERROGATORY NO. 18:

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege.  NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5. In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions. Presently, NICE states, subject to continued investigation, that each of the patents at issue was conceived on its respective priority date provided in response to Interrogatory No. 18 and reduced to practice upon their date of issuance. NICE relies on the each of the patents at issue to corroborate the aforementioned dates of conception and reduction to practice. NICE reserves its right to amend this response.

**INTERROGATORY NO. 19:**

Identify each instance of marking NICE contends is or was sufficient to provide notice to Witness under 35 U.S.C. §287 for each of the Patents-in-Suit, including an identification of each product NICE contends is or was marked with one or more of the patent numbers of the Patents-in-Suit; the date(s) during which NICE contends each instance or marking took place; the details concerning how and where on each product such marking is or was placed; and all of the facts, circumstances, documents, and evidence (including knowledgeable witness) regarding such marking.

**OBJECTIONS AND ANSWER TO INTERROGATORY NO. 19:**

NICE objects to Interrogatory No. 19 to the extent it seeks information that is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that NICE is still investigating the facts relating to the marking of Dictaphone products it acquired in 2005. NICE intends to provide all relevant, non-privileged information regarding the patent marking of those products upon the completion of its investigation. With regard to its products, NICE responds as follows:

| Product | Patents listed on Product Marking | Dates of Product Marking |
|---------|-----------------------------------|--------------------------|
| Voice Over IP Logger, NICE Log | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent No. 7,010,109 | March 2006 to present |
| NICE Perform Compliance Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109 | March 2006 to present |

In addition to the above response, NICE refers Witness to documents bates numbered STS017145-46 and NSDE 004120-004122 which are copies of product markings. Nothing in this response should be deemed an admission that prior markings do not exist. If NICE becomes

aware of prior markings, it will produce or identify such markings.  NICE reserves its right to amend this response.

Dated: December 27, 2006

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Josy W. Ingersoll (No. 1088)
Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Daniel P. DiNapoli
Joseph M. Drayton
Sarah Welbourne Saunders
425 Park Avenue
New York, NY  10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on December 27, 2006, I caused two copies of the foregoing, Plaintiffs' Objections and Answers to Defendant Witness Systems, Inc.'s Second Set of Interrogatories, to be served by hand delivery and electronic mail upon the following counsel of record:

William J. Marsden, Jr., Esquire (marsden@fr.com)
Kyle Wagner Compton, Esquire (kcompton@fr.com)
Fish & Richardson, PC
919 N. Market Street, Suite 1100
Wilmington, DE 19801

I further certify that on December 27, 2006, I caused a copy of Plaintiffs' Objections and Answers to Defendant Witness Systems, Inc.'s Second Set of Interrogatories to be served upon the following in the manner indicated:

**BY ELECTRONIC MAIL**
Noah C. Graubart, Esquire (graubart@fr.com)
Nagendra Setty, Esquire (nsetty@fr.com)
Daniel A. Kent, Esquire (kent@fr.com)
Christopher O. Green, Esquire (green@fr.com)
John Hamann, Esquire (hamann@fr.com)
Fish & Richardson, PC
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30309

Melanie K. Sharp (No. 2501)

# Exhibit D

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

<u>VIA EMAIL</u>

February 13, 2007

Joseph M. Drayton, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**Daniel A. Kent**
404 724-2828

Email
kent@fr.com



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:    *NICE Systems Inc. & NICE Systems, Ltd. v.*
       *Witness Systems, Inc.*
       <u>USDC-D. Del. – 1:06-cv-00311</u>

Dear Joseph:

This responds to your January 31, 2007 letter concerning Witness Systems' responses to NICE's First Set of Interrogatories.

***Interrogatories 1 and 2***

Contrary to your assertions, Witness Systems responded fully to NICE's Interrogatory No. 1 by identifying, on a claim-by-claim basis, each claim limitation Witness Systems contends is not met by the "Accused Products," as NICE defined that term. Your letter mischaracterizes NICE's Interrogatory No. 1, and seeks, for the first time, an identification of "each product separately," and an explanation of "why the infringement contentions identified in NICE's response to [Witness Systems'] Interrogatory No. 13 do not demonstrate infringement of the accused products." Interrogatory No. 1, however, contained neither of these requests.

Moreover, NICE still has not identified specific products and versions it accuses of infringing the patents in suit, despite many requests to do so. NICE's Complaint and discovery responses to date provide only a list of suite names and/or non-existent products, and fail to map each accused product to each asserted claim element. NICE also failed to specify whether the alleged infringement is (1) direct or indirect or (2) literal or under the doctrine of equivalents, as Witness Systems requested. Witness Systems cannot provide a more detailed response to NICE's Interrogatory No. 1 until NICE specifies which products and versions NICE contends infringe each asserted patent claim, and maps each product to each asserted claim element.

Witness Systems likewise responded fully to NICE's Interrogatory No. 2 by identifying which aspects of 35 U.S.C. § 112 Witness Systems contends the Patent-in-Suit do not meet, and identifying every document, tangible item and item of information Witness Systems intends to reply upon. Your letter mischaracterizes Interrogatory No. 2 as well, and seeks, for the first time, (1) an explanation of "how

F I S H   &   R I C H A R D S O N   P.C.

Joseph M. Drayton, Esq.
February 13, 2007
Page 2

the claims of the patents fail to satisfy § 112," (2) an identification of "each prior art reference that [Witness Systems] alleges invalidates each patent at issue under 35 U.S.C. § 102 and the disclosure in each prior art reference of each limitation of the asserted claims in the respective patent at issue," and (3) a detailed identification of "each combination of prior art references that [Witness Systems] alleges invalidates each patent at issue under 35 U.S.C. § 103, the motivation to combine those references and the disclosure of each prior art reference of each limitation of the asserted claims in the respective patent at issue."  As with Interrogatory No. 1, Interrogatory No. 2 contains no such requests.

Also contrary to your letter's assertions, new Interrogatories "1(a)" and "2(a)" are not "duplicative" of NICE's Interrogatory Nos. 1 and 2.  Instead, these interrogatories seek more of the information NICE now claims it intended to seek in Interrogatories 1 and 2.  Witness Systems will respond and object to NICE's Second Interrogatories, including items "1(a)" and "2(a)," within the time allowed by the Federal and Local Rules, which will provide most if not all of the additional information sought in your letter, subject to objection.  Because Interrogatories "1(a)" and "2(a)" are **not** duplicative, and in fact seek additional and different information that that sought by NICE's previous interrogatories,  Interrogatories "1(a)" and "2(a)" count as separate interrogatories for purposes of counting toward the total interrogatory limit set by the Court.

### Interrogatory 3

Witness Systems likewise responded fully to NICE's Interrogatory No. 3.  Witness Systems identified fully every document, tangible item and item of information of which it is aware and upon which Witness Systems has relied or intends to rely.  Until the parties identify disputed claim terms and constructions, however, the issue of estoppel is premature.  The framing of claim construction issues will drive the extent to which prosecution history estoppel will impact this case, and the specific portions of the prosecution history relevant to each such dispute.  Until that time, Witness Systems identifies all originally-filed applications, amendments and remarks related to the prior art filed by the patentee in the prosecution histories and applications referenced in Witness Systems' Response to Interrogatory No. 3.  These identified documents, tangible items, and information may have resulted in disclaimer of claim scope and/or prosecution history estoppel, depending on the claim construction positions NICE attempts to take in this litigation.

### Interrogatories 5 and 7

Witness Systems also responded fully to NICE's Interrogatories 5 and 7.  Witness Systems, however, intends to supplement its response to these interrogatories based upon more specific and detailed information currently being produced evidencing

FISH & RICHARDSON P.C.

Joseph M. Drayton, Esq.
February 13, 2007
Page 3

NICE's misconduct as described in Witness Systems' pending Second Amended
Answer. NICE's anti-competitive behavior, including its knowing assertion of at
least one unenforceable and invalid patent, results in NICE's claims being barred.
Because this misconduct bears an immediate and necessary relation to the other
Patents-in-Suit, the doctrine of unclean hands renders them unenforceable as well.

### Interrogatory 8

Witness Systems responded fully to NICE's Interrogatory No. 8. The factual basis
for NICE's alleged damages being limited includes the fact that Witness Systems
knows of no facts suggesting NICE and/or Dictaphone satisfied the marking
requirements of 35 U.S.C. § 287. Also, NICE bears the burden of proving marking
under the statute, and thus far NICE has come forward with no evidence to suggest
marking.

In addition, Witness Systems' investigation of this matter is ongoing, and Witness
Systems specifically reserves the right to supplement and/or amend its interrogatory
responses as its investigation continues, pursuant to the Federal Rules of Civil
Procedure.

### NICE's Deficiencies

Separately, NICE has not yet responded to our November 22, 2006 letter detailing the
many deficiencies in NICE's responses to Witness Systems' First Set of
Interrogatories. NICE also has not provided complete responses to Witness Systems'
Second Set of Interrogatories. For example, NICE's responses to Interrogatories 13
and 14 fail to cure the problems described above created by NICE's ongoing failures
to identify with specificity the Witness Systems products accused of infringing.
NICE also provide none of the detailed information sought by Interrogatory No. 18
concerning conception and reduction to practice. Witness Systems will seek to
preclude NICE from establishing a conception date prior to the priority date for each
patent, unless NICE immediately supplements its response.

To address these and any other outstanding issues, Witness Systems proposes a
teleconference for Tuesday, February 20, 2007 at 2:00p.m. EST. Please confirm your
availability.

Very truly yours,

Daniel A. Kent

# Exhibit E

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC., a Delaware Corporation, and )
NICE SYSTEMS, LTD., an Israeli Corporation, )
)
     Plaintiffs, )
)
    v. )  Civil Action No. 06-311-JJF
)
WITNESS SYSTEMS, INC, a Delaware Corporation, )
)
     Defendant. )

## PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF INTERROGATORIES

    Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following supplemental responses to Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories"). These supplemental responses supersede NICE's prior objections and responses to Witness's Second Set of Interrogatories.

## GENERAL OBJECTIONS

    1.  NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceeds the bounds of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.  The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

2.      NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

3.      NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain. Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought. NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances, communications or persons falling within particular categories, because such demand will cause

undue burden and expense. NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8. To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9. NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing. NICE is not limited by its responses herein. If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10. NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11. NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12. NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

13. NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 13:

Identify each patent claim(s) in each of the Patents-in-Suit NICE contends Witness infringes or has infringed, specifying for each claim which Witness product(s) and/or method(s) NICE contends infringe or have infringed, including whether NICE's contention is based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

NICE objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the claims at issue and the theories of infringement that NICE may assert in this action are subject to modification and further development as Witness has yet to produce any

documents or relevant source code. Moreover, NICE is still investigating the facts concerning Witness' infringement of the claims at issue, including Witness' sales through its channel partners such as Avaya and Nortel. Notwithstanding, NICE refers Witness to NICE's Preliminary Infringement Contentions attached as Exhibit A hereto. NICE anticipates reducing the number of claims presently asserted and will do so after the conclusion of document and/or deposition discovery. NICE further responds that its Preliminary Infringement Contentions are subject to modification and/or supplementation as Witness has yet to produce any documents or relevant source code. NICE's infringement analysis as well as the accused products list in Exhibit A are also subject to modification in light of claim constructions agreed to by the parties or ultimately adopted by the Court. NICE has narrowed the claims asserted in this litigation to the following: claim 1 of the '738 Patent, claims 1, 5 and 8 of the '371 Patent; claims 1, 3, 4, 6, 11, 13, 15, 20 and 21 of the '005 Patent; claims 6 and 7 of the '570 Patent; claims 14, 15, 21, 22, 23, 24, 25, 26, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, and 52 of the '345 Patent; claims 1, 6, 14, 15, 17, 19, 33, 34 and 44 of the '372 Patent, claims 1, 5, 6, 8, 9, 11, 12, and 27 of the '370 Patent; claims 1, 3, 6, 16, 18 and 21 of the '920 Patent; Claim 6 of the '079 Patent; and claims 1, 3, 4, 6, 8, 15, 16, 18, 22, 24 and 29 of the '109 Patent. NICE reserves its right to amend this response.

NICE further responds that it is in the process of reviewing the more than 5 million pages that Witness produced in this litigation. To the extent Witness can provide bates ranges of the relevant technical documents for each version of the Accused Products, NICE will be able to accelerate any supplementation of this Interrogatory response. NICE further responds that Witness's infringing products include, but are not limited to, all versions of the following: the Accused Products; Avaya Communication Manager; Cisco IP Contact Center (integration project

with Witness); ContactStore for Communication Manager 7.1 and 7.2; ContactStore IP 7.1 and 7.2; eQuality Analysis version 3.0; eQuality Balance versions 5.x, 5.2, 6.x, 6.0, 6.3.1, 6.4, 6.5, 6.5.5 and R6; eQuality Call Miner; eQuality ContactStore; eQuality ContactStore PLUS; eQuality Discover; eQuality Evaluation; eQuality Focus; eQuality Now versions 3.1, 3.2, 3.3 and 4.0; eQuality Producer 2.0; eQuality Vision; Eyretel Contact Archive; Eyretel IP Recording Suite; Eyretel MediaStore; Eyretel MediaStore IP; Eyretel MediaStore IP 3.1; Quality for Communication Manager 5.3; Toolbook 8.0; Witness ContactStore for Communication Manager; and, Witness Quality for Communication Manager 5.4.

## INTERROGATORY NO. 14:

For each patent claim and product or method identified in response to Interrogatory No. 13, identify where each limitation of each claim is found within each accused Witness product(s) or method(s) by providing in the form of a claim chart a limitation-by-limitation comparison of each claim limitation with each accused Witness product(s) or method(s), including a description of the function, way and result for each limitation NICE contends is infringed under the doctrine of equivalents, and an identification of all facts, circumstances, documents, and evidence that NICE contends supports or undermines NICE's contentions.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:

NICE objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE refers Witness to Exhibit A. NICE reserves its right to amend this response.

## INTERROGATORY NO. 15:

Identify all limitations in each of the claims identified in Interrogatory No. 13, that NICE contends should be interpreted under 35 U.S.C. § 112, ¶ 6, specifying for each identified limitation all disclosures in the relevant patent's specification of the structure, material or act that NICE contends corresponds to such limitations and equivalents thereof; all references from the prosecution history or extrinsic evidence that NICE relies upon to support its contentions; and a detailed description of each alleged occurrence of such § 112, ¶ 6 claim limitation (or equivalents thereto) in any Witness product or activity that NICE contends infringes or has infringed the Patents-in-Suit.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:

NICE objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 9, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 16:**

       Identify all claim terms, phrases, or limitations of the Patents-in-Suit that NICE contends should be construed by the Court, providing for each term, phrase, or limitation NICE's proposed construction and an identification of all intrinsic and extrinsic evidence NICE contends supports or undermines its proposed construction.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

       NICE objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client or work product privilege. NICE additionally objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 30, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 17:**

       For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

       NICE objects to Interrogatory Number 17 to the extent it seeks information which is protected by the attorney-client or work product privileges. Subject to, and without waiving, the foregoing General and Specific Objections, NICE states, subject to continued due diligence and investigation, that the priority dates for the patents at issue are as follows:

       U.S. Patent No. 5,274,738:  December 31, 1991

       U.S. Patent No. 5,396,371:  December 21, 1993

U.S. Patent No. 5,819,005:  August 3, 1993

U.S. Patent No. 6,249,570:  June 8, 1999

U.S. Patent No. 6,728,345:  June 8, 1999

U.S. Patent No. 6,775,372:  June 2, 1999

U.S. Patent No. 6,785,370:  June 8, 1999

U.S. Patent No. 6,870,920:  June 2, 1999

U.S. Patent No. 6,959,079:  February 14, 2000

U.S. Patent No. 7,010,109:  August 28, 2000

NICE reserves its right to amend this response.

## INTERROGATORY NO. 18:

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege.  NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5. In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions. Presently, NICE states, subject to continued investigation, that each of the patents at issue was conceived on its respective priority date provided in response to Interrogatory No. 18 and constructively reduced to practice upon the date of their filing. NICE relies on the each of the patents at issue to corroborate the aforementioned dates of conception and reduction to practice. NICE reserves its right to amend this response.

**INTERROGATORY NO. 19:**

Identify each instance of marking NICE contends is or was sufficient to provide notice to Witness under 35 U.S.C. §287 for each of the Patents-in-Suit, including an identification of each product NICE contends is or was marked with one or more of the patent numbers of the Patents-in-Suit; the date(s) during which NICE contends each instance or marking took place; the details concerning how and where on each product such marking is or was placed; and all of the facts, circumstances, documents, and evidence (including knowledgeable witness) regarding such marking.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:

NICE objects to Interrogatory No. 19 to the extent it seeks information that is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that NICE is still investigating the facts relating to the marking of Dictaphone products it acquired in 2005. NICE intends to provide all relevant, non-privileged information regarding the patent marking of those products upon the completion of its investigation. With regard to its products, NICE responds as follows:

| Product | Patents listed on Product Marking | Dates of Product Marking |
|---|---|---|
| Voice Over IP Logger, NICE Log | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent No. 7,010,109 | March 2006 to present |
| NICE Perform Compliance Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109 | March 2006 to present |

In addition to the above response, NICE refers Witness to documents bates numbered STS017145-46 and NSDE 004120-004122 which are copies of product markings. Nothing in this response should be deemed an admission that prior markings do not exist. If NICE becomes

aware of prior markings, it will produce or identify such markings.  NICE reserves its right to amend this response.

Dated: April 6, 2007                          YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY  10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and
Nice Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on April 6, 2007, I caused a copy of Plaintiffs' Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories to be served on the following counsel of record in the manner indicated below:

### BY HAND DELIVERY E-MAIL

William J. Marsden, Jr., Esquire
Kyle Wagner Compton, Esquire
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

### BY E-MAIL

Noah C. Graubart (graubart@fr.com)
Nagendra Setty (setty@fr.com)
John Hamann (haman@fr.com)
Daniel A. Kent (kent@fr.com)
Christopher O. Green (green@fr.com)
Fish & Richardson, P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30309

Melanie K. Sharp (No. 2501)

# Exhibit F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC., a Delaware Corporation, and )
NICE SYSTEMS, LTD., an Israeli Corporation, )
                                          )
                     Plaintiffs, )
                                      )
                      v. )      Civil Action No. 06-311-JJF
                                      )
WITNESS SYSTEMS, INC, a Delaware Corporation, )
                                      )
                  Defendant. )

## PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF INTERROGATORIES

         Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following supplemental responses to Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories"). These supplemental responses supersede NICE's prior objections and responses to Witness's Second Set of Interrogatories.

## GENERAL OBJECTIONS

       1.      NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceeds the bounds of the Local Rules of the District of Delaware

and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

2.    NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

3.    NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain. Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought. NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances,

communications or persons falling within particular categories, because such demand will cause undue burden and expense. NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8.      To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9.      NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing. NICE is not limited by its responses herein. If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10.      NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11.      NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12.      NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 13:

Identify each patent claim(s) in each of the Patents-in-Suit NICE contends Witness infringes or has infringed, specifying for each claim which Witness product(s) and/or method(s) NICE contends infringe or have infringed, including whether NICE's contention is based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

NICE objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client or work product privileges.  NICE also objects to this interrogatory as premature as discovery is in its infancy stages.  NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the claims at issue and the theories of infringement that NICE may assert in this action are subject to modification and further development as Witness has yet to produce any

documents or relevant source code. Moreover, NICE is still investigating the facts concerning Witness' infringement of the claims at issue, including Witness' sales through its channel partners such as Avaya and Nortel. Notwithstanding, NICE refers Witness to NICE's Preliminary Infringement Contentions attached as Exhibit A hereto. NICE anticipates reducing the number of claims presently asserted and will do so after the conclusion of document and/or deposition discovery. NICE further responds that its Preliminary Infringement Contentions are subject to modification and/or supplementation as Witness has yet to produce any documents or relevant source code. NICE's infringement analysis as well as the accused products list in Exhibit A are also subject to modification in light of claim constructions agreed to by the parties or ultimately adopted by the Court. NICE has narrowed the claims asserted in this litigation to the following: claim 1 of the '738 Patent, claims 1, 5 and 8 of the '371 Patent; claims 1, 3, 4, 6, 11, 13, 15, 20 and 21 of the '005 Patent; claims 6 and 7 of the '570 Patent; claims 14, 15, 21, 22, 23, 24, 25, 26, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, and 52 of the '345 Patent; claims 1, 6, 14, 15, 17, 19, 33, 34 and 44 of the '372 Patent, claims 1, 5, 6, 8, 9, 11, 12, and 27 of the '370 Patent; claims 1, 3, 6, 16, 18 and 21 of the '920 Patent; Claim 6 of the '079 Patent; and claims 1, 3, 4, 6, 8, 15, 16, 18, 22, 24 and 29 of the '109 Patent. NICE reserves its right to amend this response.

NICE further responds that it is in the process of reviewing the more than 5 million pages that Witness produced in this litigation. To the extent Witness can provide bates ranges of the relevant technical documents for each version of the Accused Products, NICE will be able to accelerate any supplementation of this Interrogatory response. NICE further responds that Witness's infringing products include, but are not limited to, all versions of the following: the Accused Products; Avaya Communication Manager; Cisco IP Contact Center (integration project

with Witness); ContactStore for Communication Manager 7.1 and 7.2; ContactStore IP 7.1 and 7.2; eQuality Analysis version 3.0; eQuality Balance versions 5.x, 5.2, 6.x, 6.0, 6.3.1, 6.4, 6.5, 6.5.5 and R6; eQuality Call Miner; eQuality ContactStore; eQuality ContactStore PLUS; eQuality Discover; eQuality Evaluation; eQuality Focus; eQuality Now versions 3.1, 3.2, 3.3 and 4.0; eQuality Producer 2.0; eQuality Vision; Eyretel Contact Archive; Eyretel IP Recording Suite; Eyretel MediaStore; Eyretel MediaStore IP; Eyretel MediaStore IP 3.1; Quality for Communication Manager 5.3; Toolbook 8.0; Witness ContactStore for Communication Manager; and, Witness Quality for Communication Manager 5.4.

## INTERROGATORY NO. 14:

For each patent claim and product or method identified in response to Interrogatory No. 13, identify where each limitation of each claim is found within each accused Witness product(s) or method(s) by providing in the form of a claim chart a limitation-by-limitation comparison of each claim limitation with each accused Witness product(s) or method(s), including a description of the function, way and result for each limitation NICE contends is infringed under the doctrine of equivalents, and an identification of all facts, circumstances, documents, and evidence that NICE contends supports or undermines NICE's contentions.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:

NICE objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE refers Witness to Exhibit A. NICE reserves its right to amend this response.

## INTERROGATORY NO. 15:

Identify all limitations in each of the claims identified in Interrogatory No. 13, that NICE contends should be interpreted under 35 U.S.C. § 112, ¶ 6, specifying for each identified limitation all disclosures in the relevant patent's specification of the structure, material or act that NICE contends corresponds to such limitations and equivalents thereof; all references from the prosecution history or extrinsic evidence that NICE relies upon to support its contentions; and a detailed description of each alleged occurrence of such § 112, ¶ 6 claim limitation (or equivalents thereto) in any Witness product or activity that NICE contends infringes or has infringed the Patents-in-Suit.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:

NICE objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 9, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 16:**

Identify all claim terms, phrases, or limitations of the Patents-in-Suit that NICE contends should be construed by the Court, providing for each term, phrase, or limitation NICE's proposed construction and an identification of all intrinsic and extrinsic evidence NICE contends supports or undermines its proposed construction.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

NICE objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client or work product privilege. NICE additionally objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 30, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 17:**

For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

NICE objects to Interrogatory Number 17 to the extent it seeks information which is protected by the attorney-client or work product privileges. Subject to, and without waiving, the foregoing General and Specific Objections, NICE states, subject to continued due diligence and investigation, that the priority dates for the patents at issue are as follows:

U.S. Patent No. 5,274,738: on or before April 21, 1989

U.S. Patent No. 5,396,371: on or before April 19, 1991

U.S. Patent No. 5,819,005:  on or before April 19, 1991

U.S. Patent No. 6,249,570:  on or before July 9, 1997

U.S. Patent No. 6,728,345:  on or before July 9, 1997

U.S. Patent No. 6,775,372:  on or before November 5, 1997

U.S. Patent No. 6,785,370:  on or before July 9, 1997

U.S. Patent No. 6,870,920:  on or before November 5, 1997

U.S. Patent No. 6,959,079:  on or before February 14, 2000

U.S. Patent No. 7,010,109:  on or before August 28, 2000

NICE reserves its right to amend this response.

## INTERROGATORY NO. 18:

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege.  NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5. In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions. Presently, NICE states, subject to continued investigation, that each of the patents at issue was conceived on its respective priority date provided in response to Interrogatory No. 17 and constructively reduced to practice upon the date of their filing. NICE relies on the following documents to support its of the aforementioned dates of conception: NSDE471405-423 as well as other documents in box 118; NSDE294780-834 as well as other documents in boxes 325 and 341; NSDE097535-629 as well as other documents in boxes 36 and 193; and NSDE409563-584 as well as other documents in box 333. NICE relies on the each of the patents at issue to corroborate the aforementioned dates of reduction to practice. NICE reserves its right to amend this response.

**INTERROGATORY NO. 19:**

Identify each instance of marking NICE contends is or was sufficient to provide notice to Witness under 35 U.S.C. §287 for each of the Patents-in-Suit, including an identification of each product NICE contends is or was marked with one or more of the patent numbers of the Patents-in-Suit; the date(s) during which NICE contends each instance or marking took place; the details concerning how and where on each product such marking is or

was placed; and all of the facts, circumstances, documents, and evidence (including knowledgeable witness) regarding such marking.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:

NICE objects to Interrogatory No. 19 to the extent it seeks information that is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that NICE is still investigating the facts relating to the marking of Dictaphone products it acquired in 2005. NICE intends to provide all relevant, non-privileged information regarding the patent marking of those products upon the completion of its investigation. With regard to its products, NICE responds as follows:

| Product | Patents listed on Product Marking | Dates of Product Marking |
|---|---|---|
| Voice Over IP Logger, NICE Log | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent No. 7,010,109 | March 2006 to present |
| NICE Perform Compliance Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109 | March 2006 to present |

In addition to the above response, NICE refers Witness to documents bates numbered STS017145-46 and NSDE 004120-004122 which are copies of product markings. Nothing in

this response should be deemed an admission that prior markings do not exist.  If NICE becomes

aware of prior markings, it will produce or identify such markings.  NICE reserves its right to

amend this response.


Dated: May 11, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*Mary F. Dugan*

Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY  10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and
Nice Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Mary F. Dugan, Esquire, hereby certify that on May 11, 2007, I caused a true and correct copy of PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S SECOND SET OF INTERROGATORIES to be served by hand delivery on the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on May 11, 2007, I caused a copy of the foregoing document to be served by email by agreement of counsel on the following non-registered participants:

> **BY E-MAIL**
> Noah C. Graubart (graubart@fr.com)
> Nagendra Setty (setty@fr.com)
> Daniel A. Kent (kent@fr.com)
> Christopher O. Green (green@fr.com)
> Fish & Richardson, P.C.
> 1180 Peachtree Street, NE
> 21st Floor
> Atlanta, GA 30309

Mary F. Dugan (No. 4704)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-5028
mdugan@ycst.com

065251.1001

# Exhibit G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., a Delaware Corporation, and<br>NICE SYSTEMS, LTD., an Israeli Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WITNESS SYSTEMS, INC., a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-311-JJF |

## PLAINTIFFS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S INTERROGATORY NOS. 17 AND 18

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following supplemental responses to Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories"). These supplemental responses supersede NICE's prior objections and responses to Witness's Second Set of Interrogatories.

### GENERAL OBJECTIONS

1.     NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceeds the bounds of the Local Rules of the District of Delaware

and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

      2.    NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

      3.    NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

      4.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

      5.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain. Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

      6.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

      7.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought. NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances,

2

communications or persons falling within particular categories, because such demand will cause undue burden and expense. NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9.    NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing. NICE is not limited by its responses herein. If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10.    NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11.    NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12.    NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

3

13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 17:

For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:

NICE objects to Interrogatory Number 17 to the extent it seeks information which is protected by the attorney-client or work product privileges. Subject to, and without waiving, the foregoing General and Specific Objections, NICE states, subject to continued due diligence and investigation, that the priority dates for the patents at issue that claim priority to an earlier filed application are as follows:

U.S. Patent No. 5,819,005:  August 3, 1993

U.S. Patent No. 6,728,345:  June 8, 1999

U.S. Patent No. 6,785,370:  June 8, 1999

U.S. Patent No. 6,870,920:  June 2, 1999

U.S. Patent No. 6,959,079:  February 14, 2000

U.S. Patent No. 7,010,109:  August 28, 2000

4

NICE reserves its right to amend this response.

## INTERROGATORY NO. 18:

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege.   NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.  NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5.  In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions.

5

Presently, NICE states, subject to continued investigation, that the conception dates for the inventions claimed in the patents at issue are as follows:

U.S. Patent No. 5,274,738:  on or before April 21, 1989

U.S. Patent No. 5,396,371:  on or before April 19, 1991

U.S. Patent No. 5,819,005:  on or before April 19, 1991

U.S. Patent No. 6,249,570:  on or before July 9, 1997

U.S. Patent No. 6,728,345:  on or before July 9, 1997

U.S. Patent No. 6,775,372:  on or before April 4, 1997

U.S. Patent No. 6,785,370:  on or before July 9, 1997

U.S. Patent No. 6,870,920:  on or before April 4, 1997

U.S. Patent No. 6,959,079:  on or before February 14, 2000

U.S. Patent No. 7,010,109:  on or before August 28, 2000

NICE relies on the following documents and the patents at issue themselves to corroborate the aforementioned dates of conception and subsequent reduction to practice: NSDE349273-9316; NSDE294780-834 as well as other documents in boxes 325 and 341; NSDE471405-423 as well as other documents in box 118; NSDE409563-584 as well as other documents in box 333; and NSDE097535-629 as well as other documents in boxes 36 and 193.

NICE reserves its right to amend this response.

DB02:6143118.1                                                                065251.1001

Dated: August 2, 2007          YOUNG CONAWAY STARGATT & TAYLOR, LLP

_(signature)_

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and
NICE Systems, Ltd.*

7

# Exhibit H

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC., and                                    :

NICE SYSTEMS LTD.,                                         :

                          Plaintiffs,          :    Civil Action No. 06-311-JJF

                v.                                       :

WITNESS SYSTEMS, INC.,                                    :

                        Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFFS' THIRD SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S INTERROGATORY NO. 18

        Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following supplemental responses to Interrogatory 18 of Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories"). These supplemental responses supersede NICE's prior objections and responses to Interrogatory 18 of Witness's Second Set of Interrogatories.

### GENERAL OBJECTIONS

        1.    NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceeds the bounds of the Local Rules of the District of Delaware

                                       

and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

2.     NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or Federal Rules of Civil Procedure.

3.     NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain. Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought. NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances,

communications or persons falling within particular categories, because such demand will cause undue burden and expense. NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9.     NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing. NICE is not limited by its responses herein. If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10.     NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11.     NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12.     NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 18:**

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege. NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5. In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions.

Presently, NICE states, subject to continued investigation, that the conception dates for the inventions claimed in the patents at issue are as follows (with supporting documents, which were produced for inspection on or about January 25, 2007,[1] identified):

U.S. Patent No. 5,274,738: on or before April 4, 1989 (NICE_DE_01137643-661 and NSDE471405-423)

U.S. Patent No. 5,396,371: on or before April 19, 1991 (NICE_DE_01137662-679 and NSDE097535-629)

U.S. Patent No. 5,819,005: on or before April 19, 1991 (NICE_DE_01137662-679 and NSDE097535-629)

U.S. Patent No. 6,249,570: on or before July 9, 1997 (NSDE409563-584, NSDE292189-217, NSDE912796-805, NSDE912806-814, NSDE912821-882, NSDE409914-938, NSDE409487-546, NSDE785690-706 and the "da Vinci Liability Product Requirements Specification, Version 1.0, October 9, 1998" 84-page document)[2]

U.S. Patent No. 6,728,345: on or before July 9, 1997 (same as supporting documents identified for U.S. Patent No. 6,249,570)

---

[1]  On or about January 25, 2007, Plaintiffs made available at the offices of Kay Scholer, LLP  483 boxes of documents for review by Witness.  Witness sent a. total of 476 boxes to its chosen vendor, World Copy, to process for production. .

[2]  Witness' vendor appears to have failed to scan and bates number an 84-page confidential document titled "da Vinci Liability Product Requirements Specification, Version 1.0, October 9, 1998," which was located in box number 348 produced by Plaintiffs to Witness on or about January 25, 2007.  A copy of the confidential document is attached to this response as a courtesy and a bates-numbered version will be provided on Monday, August 13, 2007.

U.S. Patent No. 6,785,370:  on or before July 9, 1997 (same as supporting documents identified for U.S. Patent No. 6,249,570)

U.S. Patent No. 6,775,372:  on or before April 4, 1997 (NSDE6012514-534, NSDE6012879-911, NSDE349247-9316, NSDE223928-935, NICE_DE_00241079-1143, NSDE912796-805, NSDE294780-834, and the "da Vinci Liability Product Requirements Specification, Version 1.0, October 9, 1998" 84-page document)

U.S. Patent No. 6,870,920:  on or before April 4, 1997 (same as supporting documents identified for U.S. Patent No. 6,775,372)

U.S. Patent No. 6,959,079:  on or before February 14, 2000 (Priority date on the face of the patent)

U.S. Patent No. 7,010,109:  on or before August 28, 2000 (Priority date on the face of the patent)

NICE reserves its right to amend this response.


Dated:  August 10. 2007                    YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                           ____/s/ Melanie K. Sharp_____
                                           Melanie K. Sharp (No. 2501)
                                           Mary F. Dugan (No. 4704)
                                           The Brandywine Building
                                           1000 West Street, 17th Floor
                                           Wilmington, DE  19801

                                           P.O. Box 391
                                           Wilmington, DE 19899
                                           (302)571-6681
                                           msharp@ycst.com

                                           KAYE SCHOLER LLP
                                           Scott G. Lindvall
                                           Daniel P. DiNapoli
                                           Joseph M. Drayton
                                           425 Park Avenue
                                           New York, NY  10022
                                           (212)836-8000

                                           *Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on August 10, 2007, I caused a true and correct copy of the foregoing document, Plaintiffs' Third Supplemental Objections And Responses To Defendant Witness Systems, Inc.'s Interrogatory No. 18 (and confidential document), to be served by hand on the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on August 10, 2007, I caused a courtesy copy of the foregoing to be served by electronic mail on the above-listed counsel of record and on the following individuals:

> **BY E-MAIL**
> Noah C. Graubart (graubart@fr.com)
> Nagendra Setty (setty@fr.com)
> Daniel A. Kent (kent@fr.com)
> Christopher O. Green (cgreen@fr.com)
> Fish & Richardson, P.C.
> 1180 Peachtree Street, NE
> 21st Floor
> Atlanta, GA 30309

> _____/s/ Melanie K. Sharp_____
> Melanie K. Sharp (No. 2501)
> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
> P.O. Box 391
> Wilmington, Delaware 19899-0391
> (302) 571-6681
> msharp@ycst.com

# Exhibit I

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

Telephone
404 892-5005

Facsimile
404 892-5002

Web Site
www.fr.com

**Noah Graubart**
404 724-2820

Email
Graubart@fr.com

<u>**VIA EMAIL**</u>

August 6, 2007

Joseph M. Drayton, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:    *NICE Systems, Inc. & NICE Systems Ltd. v. Witness Systems, Inc.*
      <u>U.S.D.C. (D. Del.) – Civil Action No. 1:06-CV-00311-JJF</u>



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Dear Joe:

We are in receipt of Plaintiffs' Second Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Interrogatory Nos. 17 and 18, served August 2, 2007 ("NICE's August 2 Supplement").

NICE's August 2 Supplement, in which NICE suddenly asserts new dates of conception and reduction to practice for several of the patents-in-suit, is untimely, highly prejudicial to Witness Systems, and improper.

Under the Court's Rule 16 Scheduling Order of October 30, 2006, "Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced ***so as to be completed by March 2. 2007***." (D.I. 46 (emphasis added).)

As you are aware, on February 13, 2007, Mr. Dan Kent wrote to you to address numerous deficiencies in NICE's responses to Witness Systems' Interrogatories. Specifically, Mr. Kent noted that "NICE also provide[s] none of the detailed information sought by Interrogatory No. 18 concerning conception and reduction to practice. ***Witness Systems will seek to preclude NICE from establishing a conception date prior to the priority date for each patent, unless NICE immediately supplements its response.***" (D. Kent letter to J. Drayton dated Feb. 13, 2007 (emphasis added).)   Nevertheless, for almost six months, NICE failed to provide any additional detail regarding the dates of the conception and reduction to practice of the purported inventions claimed in the patents-in-suit.

Instead, NICE forced Witness Systems to complete virtually all discovery (including invalidity contentions and individual depositions) in reliance on NICE's assertion that the purported inventions claimed in the patents-in-suit were conceived and reduced to practice as of the date of the patents' filing.  To wit, "Presently, NICE states, subject to continued investigation, that each of the patents at issue was conceived on its

12030409.doc

F I S H   &   R I C H A R D S O N   P.C.

Joseph M. Drayton, Esq.
August 6, 2007
Page 2

respective priority date provided in response to Interrogatory No. 18 and
constructively reduced to practice upon the date of their filing."  (Plaintiffs'
Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s
Second Set of Interrogatories, served Apr. 6, 2007.)

Throughout this litigation (initiated by NICE over fifteen months ago), NICE has had
unfettered access to the inventors of the patents-in-suit (indeed the vast majority of
the inventors are represented by NICE's counsel).  NICE also has been in possession
of all relevant documents retained by the original assignee of the relevant patents-in-
suit, Dictaphone Corporation.  NICE even has a contractual right to gather
information from Dictaphone related to the inventions claimed in the relevant patents
"and the history thereof."  (*See* Patent Assignment Agr. dated May 31, 2005
(LOOSABLLP001538).)

In light of these facts, NICE's attempt to assert an earlier invention date for three
patents, five (5) full months after the Court's deadline to do so, creates overwhelming
prejudice to Witness Systems and is highly improper.

Accordingly, we expect NICE to withdraw its August 2 Supplemental Responses to
Interrogatories 17 and 18 no later than August 10, 2007.  To the extent NICE fails to
do so, Witness Systems intends to seek all appropriate relief from the Court,
including an Order prohibiting NICE from presenting evidence at trial suggesting an
invention date for any patent-in-suit earlier than the dates disclosed by NICE during
the discovery period.

Please contact me should you have any questions regarding any of the foregoing.

Very truly yours,

Noah C. Graubart

cc:    Scott G. Lindvall, Esq.
       Melanie K. Sharp, Esq.

# Exhibit J

# KAYE SCHOLER LLP

Joseph M. Drayton
212 836-7177
Fax 212 836-6576
JDrayton@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

August 15, 2007

Daniel A. Kent, Esq.
Fish & Richardson, P.C.
1180 Peachtree Street, N.E.
19th Floor
Atlanta, Georgia  30309

Re:    *NICE Systems, Inc. & NICE Systems Ltd. v. Witness*
       *Systems, Inc.*  – Civil Action No. 1:06-CV-00311-JJF

Dear Dan:

Your August 6, 2007 letter regarding Plaintiffs' Second Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Interrogatory Nos. 17 and 18, served on August 2, 2007 ("August 2 Supplement"), incorrectly suggests that NICE has "suddenly" asserted dates of conception that are not priority dates in the August 2 Supplement.

Dates of conception (as opposed to priority dates) for the patents in suit were previously identified in Plaintiffs' Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories, served on May 11, 2007 ("May 11 Supplement"). However, the May 11 Supplement inadvertently identified the conception dates in response to Interrogatory No. 17, which actually relates to the priority dates of the patents, instead of in response to Interrogatory 18, which relates to conception dates. As is readily apparent from the May 11 Supplement's responses to Interrogatory Nos. 17 and 18, the dates identified were conception dates and not priority dates since they are not the filing dates of earlier filed applications. The August 2 Supplement corrected that inadvertent error and clarified and updated the earlier responses to Interrogatory Nos. 17 and 18.

Sincerely,

*/s Joseph M. Drayton*

Joseph M. Drayton

cc:    Scott G. Lindvall, Esq.
       Melanie K. Sharp, Esq