IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., a Delaware Corporation, and<br>NICE SYSTEMS, LTD., an Israeli Corporation,<br><br>                Plaintiffs,<br>     v.<br><br>WITNESS SYSTEMS, INC., a Delaware Corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-311-JJF<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO RESTORE TO THE
SCHEDULING ORDER DATES CERTAIN FOR THE
<u>EXCHANGE OF EXPERT REPORTS</u>**

YOUNG CONAWAY STARGATT TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: November 2, 2007

## Summary

Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd. (collectively, "NICE"), seek by their motion to preserve – not disrupt or delay – the most critical component of the scheduling order established more than a year ago in this case: the trial date of January 14, 2008. This case is ready for trial, but for expert discovery. Fact discovery has been complete for more than two months and NICE's proposed pretrial order will be circulated on November 6, 2007, as contemplated by the case scheduling order. Defendant Witness, through its opposition to standard expert disclosures, relentlessly persists in its efforts to avoid adjudication on the merits by delaying the firm trial date.

NICE has voluntarily, and before the time anticipated by the scheduling order as recently modified, substantially narrowed the claims for trial. A modest thirteen independent claims remain for construction and trial; the rest are dependent claims. All can readily be presented in the one week jury trial scheduled. In addition, Witness's attempt to characterize the case as unmanageably complex is nothing more than mathematical histrionics. Worse still, the characterization is belied by its own admissions, in sworn statements filed in this Court, that the numerous products and versions Witness attempts here to use as a multiplier are nothing more than re-branding. Finally, more than 2 ½ months remain before trial, during which expert discovery can readily be completed by the experienced patent counsel and sophisticated parties involved in this litigation.

At bottom, Witness simply seeks by its inaction to exploit the status of claim construction into that which the Court made plain from the outset that it will not permit – a continuance of trial.

## FACTS

A firm January 14, 2008 trial date in this case was ordered at the Rule 16 Scheduling Conference on October 12, 2006, despite Witness' pleas, in their earliest incarnation, to delay trial. (Tr. at 24, 27-28, 29; DI 47) When setting the date a year ago, the Court made plain that the trial date is firm:

> So when you get the trial date, you know it's gonna happen unless you both come to me and say, you know, something personal happened in your life and it's bad, or you both agree or something like that, that, you know, the pressures of the cases require another few months or six months. I'm gonna set a trial date in this case. I'm not going to look at the other dates. I'm gonna set a trial date in January to February of '08 . . . I'm going to work to make sure the trial date occurs.

(*Id.* at 27-28).

Witness' steadfast commitment to disrupting the trial date has been readily apparent throughout this litigation. For example, Witness delayed depositions and attempted to parlay that delay into an extension of the trial date. (NICE's Motion to Compel Depositions Noticed During the Period for Fact Discovery at 8, DI 176) Again at hearing on discovery motions on July 13, 2007, when Witness was attempting to position itself for a delay of trial, the Court again made clear that this case would remain on track for trial:

> We're going to be in trial in January. . .everything I do is in the context of what's going to occur in January . . . .

(*Id.* at 43).

It was only in aid of keeping the case on track for a January 14, 2008 trial that the amendments to the scheduling order relating to expert identification were implemented. (*Id.* at 43, 50). They were the product of discussion among the Court and the parties about keeping this case on track for trial; they were not, contrary to Witness' claims, the product of rigorous negotiation. (*Id.*)

3

NICE has substantially narrowed the number of claims in this case, as directed by the Court, and has done so before the time anticipated. By letter dated September 28, 2007 (DI 230), subsequently implemented by order (DI 237), NICE substantially narrowed the claims. Remaining for trial are thirteen independent claims, and fourteen dependent claims, the majority of which relate to patents involving the recorder used to record customer service calls. The claims as voluntarily and timely narrowed by NICE can readily be handled in the scheduled one week jury trial.

In addition, the number of products at issue in this case is essentially five. (June 29, 2006 Declaration of Kevin Hegebarth at ¶ 13, Exhibit 39 to Declaration of Kyle Wagner Compton in Support of Defendant Witness Systems, Inc.'s Motion for Transfer, D.I. 18; August 9, 2007 Hegebarth Deposition at August 9, 2007 at 85:25-87:6; 87:13-89:2) These five products have been renamed for re-branding and product integration purposes by Witness and are new products in name only. Witness so represented in the affidavit of its Director of Strategic Analysis, which Witness submitted in this Court when it sought to transfer this case. Mr. Hegebarth reconfirmed the foregoing at his deposition less than three months ago. (*Id.* at 85:25-87:6; 87:13-92) As a result, the multiplication exercise contained in Witness' opposition and request to continue trial is at best meaningless arm flailing, flatly contradicted by Witness' initial and recent admissions.

## ARGUMENT

**Preservation of the Trial Date in the Original Scheduling Order Requires Restoration of Dates Certain for Expert Identification**

The trial date, of all dates in the Scheduling Order, is the date of paramount importance to both the parties and the Court. It is well known to all practitioners in the District of Delaware, which includes lead counsel for Witness, that trial dates here are firm absent extraordinary circumstances. To avoid any misconception, Your Honor made that clear from the outset and in each subsequent hearing, as detailed above. While Witness cites no authority for the proposition that restoration of dates certain, or clarification of dates certain, in a scheduling order is subject to a good cause standard, keeping a case on track for a firm trial date known to all for more than a year is good cause.

In contrast, good cause is unquestionably required for Witness' request to delay trial and is unquestionably absent. "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Gonzalez v. Comcast Corp.*, 2004 U.S. Dist. LEXIS 17896 at *2-3 (D. Del. Aug. 25, 2004). Witness cites no authority for the implicit proposition that claim construction is necessary before expert discovery. Expert reports are commonly written without a claims construction order and are structured, if necessary, in the alternative. Doing so neither wastes the resources of the parties, especially sophisticated parties involved in multiple litigations in various districts, nor the Court. Moreover, Witness prematurely asserts the issues for trial are expansive. The issues are not now and will be further narrowed and crystallized through expert discovery. The two and one-half months to produce expert reports and take expert depositions is more than adequate time, given the sophistication, litigation experience and resources of the parties and their counsel.

## CONCLUSION

For the foregoing reasons, dates certain for the exchange of expert reports and for completion of expert depositions should be restored to the scheduling order, by means of entry of the attached order, to keep this case on track for trial on January 14, 2008.

Dated: November 2, 2007         YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Melanie K. Sharp*
_____
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

**CERTIFICATE OF SERVICE**

I, Melanie K. Sharp, Esquire, hereby certify that on November 2, 2007, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Reply in Support its Motion to Restore to the Scheduling Order Dates Certain for the Exchange of Expert Reports, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>William J. Marsden, Jr., Esquire
>Kyle Wagner Compton, Esquire
>Fish & Richardson, P.C.
>919 North Market Street, Suite 1100
>P.O. Box 1114
>Wilmington, DE 19899-1114

I further certify that on November 2, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

>**BY E-MAIL**
>Noah C. Graubart (graubart@fr.com)
>Nagendra Setty (setty@fr.com)
>Daniel A. Kent (kent@fr.com)
>Christopher O. Green (cgreen@fr.com)
>Fish & Richardson, P.C.
>1180 Peachtree Street, NE
>21st Floor
>Atlanta, GA 30309

>_/s/ Melanie K. Sharp_
>Melanie K. Sharp (No. 2501)
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building, 17th Floor
>1000 West Street
>Wilmington, DE 19801
>
>P.O. Box 391
>Wilmington, Delaware 19899-0391
>(302) 571-6681
>msharp@ycst.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., a Delaware Corporation, and<br>NICE SYSTEMS, LTD., an Israeli Corporation,<br><br>　　　　　　　　　Plaintiffs,<br>　　　v.<br><br>WITNESS SYSTEMS, INC., a Delaware Corporation,<br><br>　　　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 06-311-JJF<br>)<br>)<br>)<br>) |

## ORDER AMENDING SCHEDULING ORDER

AND NOW, this _____ day of _____, 2007, Plaintiffs' Motion to Restore Dates Certain for the Exchange of Expert Reports and Defendant's Opposition thereto having been presented to and considered by this Court,

Plaintiffs' Motion is hereby GRANTED, and Section 2 (a) of the Amended Scheduling Order, which amended Section 3(e) of the Scheduling Order, is hereby amended to **restore** dates certain for the exchange of expert reports as follows:

> Reports from retained experts required by Fed.R.Civ.P. 26(a)(2) are due from the party having the burden of proof on or before **November 9, 2007.** Reply reports are due on or before **November 26, 2007.**

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J.