### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD,<br><br>　　*Plaintiffs*,<br><br>　　v.<br><br>WITNESS SYSTEMS, INC.<br><br>　　*Defendant*. | Civil Action No. 06-311-JJF |

### DEFENDANT WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS
### <u>MOTION FOR PARTIAL SUMMARY JUDGMENT ON LACHES</u>

DATED: November 2, 2007

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware  19899-1114
Telephone:  (302) 652-5070

Nagendra Setty (pro hac vice)
Daniel A. Kent (pro hac vice)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone:  (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS SYSTEMS, INC.

**TABLE OF CONTENTS**         **Page(s)**

I. INTRODUCTION ...................................................................................................1

II. NATURE AND STAGE OF THE PROCEEDINGS ............................................1

III. SUMMARY OF ARGUMENT ..............................................................................2

IV. STATEMENT OF UNDISPUTED FACTS .........................................................3

V. ARGUMENT...........................................................................................................4

    A. An Entry of Partial Summary Judgment on the Affirmative Defense of Laches Is Appropriate ................................................................................4

    B. Under the Doctrine of Laches, NICE's Delay in Filing Suit Bars It From Seeking Relief As To The Products Sold Prior to This Suit That Allegedly Infringe the '371 and '005 Patents ............................................................6

        1. The Delay Period for Laches Began in April of 1999 Because Dictaphone's Dilatory Conduct Is Imputed to NICE ..................................................................................................6

        2. NICE's Seven Year Delay in Bringing Suit Presumptively Bars Recovery Under the Doctrine of Laches ..................................................................................................7

        3. Even Without the Presumption, NICE's Delay In Fact Was Unreasonable, Inexcusable, and Prejudicial .........................8

            a. NICE's Delay Was Unreasonable.....................................8

            b. NICE's Delay Resulted in Material Prejudice to Witness Systems ................................................................9

VI. CONCLUSION.....................................................................................................12

**TABLE OF AUTHORITIES**               **Page(s)**

**Cases**

A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020 (Fed. Cir. 1992) .................................................................................................... 4, 5, 8

ABB Robotics Inc. v. GMFanuc Robotics Corp., 828 F. Supp. 1386 (E.D. Wis. 1993), aff'd, 52 F.3d 1062 (Fed. Cir. 1995), cert. denied, 516 U.S. 916 (1995) ............................................................................................................. 10

Adelberg Laboratories, Inc. v. Miles, Inc., 921 F.2d 1267 (Fed. Cir. 1990) ............................... 10

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) ......................................................................... 4, 5

Continental Coatings Corp. v. Metco, Inc., 464 F.2d 1375 (7th Cir. 1972) .................................. 6

Crown Packaging Tech., Inc. v. Rexam Bev. Can Co., 498 F. Supp. 2d 718 (D. Del. 2007) .................................................................................................................. 7, 9

Dewey Electronics Corp. v. Montage, Inc., 117 F.R.D. 73 (M.D. Pa. 1987) ................................ 5

Dymo Indus., Inc. v. Monarch Marking Sys., Inc., 474 F. Supp. 412 (N.D. Tex. 1979) ............................................................................................................................. 10

Eastman Kodak Co. v. Goodyear Tire & Rubber Co., 114 F.3d 1547 (Fed. Cir. 1997) ............................................................................................................................... 6

GilIons v. Shell Co. of California, 86 F.2d 600 (9th Cir. 1936), cert. denied, 302 U.S. 689 (1937) ............................................................................................... 11

Hall v. Aqua Queen Mfg., 93 F.3d 1548 1553 (Fed. Cir. 1996) .................................................... 5

Izumi Prods Co. v. Koninklijke Philips Elecs. N.V., 315 F. Supp. 2d 5 (D. Del. 2004) ................................................................................................................................ 5

Jamesbury Corp. v. Litton Industrial Products, Inc., 839 F.2d 1544 (Fed. Cir. 1988) ................................................................................................................................ 9

Joint Stock Soc'y v. UDV N. Am., Inc., 53 F. Supp. 2d 692 (D. Del. 1999) ............................... 11

Lane & Bodley Co. v. Locke, 150 U.S. 193 (1893) ....................................................................... 6

Leinoff v. Louis Milona & Sons, Inc., 726 F.2d 734 (Fed. Cir. 1984) .......................................... 7

McKesson Information Solutions LLC v. Trizetto Group, Inc., 426 F. Supp. 2d 203 (D. Del. 2006) ............................................................................................... 7

Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259 (Fed. Cir. 1999) ...................................... 5, 6

Schering Corp. v. Amgen Inc., 969 F. Supp. 258 (D. Del. 1997) .................................................. 5

Sun Studs, Inc. v. ATA Equipment Leasing, Inc., 872 F.2d 978 (Fed. Cir. 1989), modified, 872 F.2d 978 (Fed. Cir. 1989) .............................................................. 10

Tenneco Auto. Operating Co. v. Visteon Corp., 375 F. Supp. 2d 375 (D. Del. 2005) ........................................................................................................................ 5, 8

Tristrata Technology, Inc. v. Cardinal Health, Inc., No. 02-1290-JJF, 2004 WL 97655 (D. Del. Jan. 16, 2004) .................................................................................... 7

Wanlass v. GE, 148 F.3d 1334 (Fed. Cir. 1998) ..................................................................... 5, 11

**Statutes**

35 U.S.C. § 282 ............................................................................................................................ 5

**Other Authorities**

Fed. R. Civ. P. 56(e) ..................................................................................................................... 5

DONALD S. CHISUM, PATENTS, § 19.05[2][a][i] (2007) ...……………………..……………………….7

I.  **INTRODUCTION**

In 1999, Dictaphone Corporation ("Dictaphone") sent Eyretel Plc ("Eyretel") a series of letters alleging infringement of two of Dictaphone's patents. Eyretel vigorously denied infringement of these patents. After these letters were exchanged, Dictaphone took no steps to enforce the patents that were the subject of those letters against Eyretel or its successors in interest. In the interim, plaintiff NICE Systems, Inc. and NICE Systems Ltd. (together, referred to as "NICE") became the successor in interest to the patents that were the subject of the letters from Dictaphone to Eyretel, and defendant Witness Systems, Inc. ("Witness Systems") purchased Eyrtel. Witness Systems respectfully requests that this Court grant its motion for partial summary judgment on the issue of laches as to two of the patents at issue in this suit, U.S. Patent Nos. 5,396371 (the "'371 Patent") and 5,819,005 (the "'005 Patent").

II. **NATURE AND STAGE OF THE PROCEEDINGS**

On May 10, 2006, NICE filed this action alleging that a wide range of Witness Systems products infringe ten NICE patents. The parties have engaged in extensive discovery, including document exchanges approaching ten million pages by March 2, 2007. Fact discovery closed on May 30, 2007. A claim construction hearing was held on June 26, 2007, and the Court's ruling is pending. NICE filed a motion to change the scheduling order concerning the exchange of expert reports on October 12, 2007, which motion is scheduled to be heard on November 9, 2007. All dispositive motions are due by November 2, 2007. The pre-trial conference is currently set for December 6, 2007, and trial is scheduled for January 14, 2008, subject to the Court's ruling on NICE's pending motion to change the scheduling order.

**III.    SUMMARY OF ARGUMENT**

1. An infringement suit is barred on the basis of laches when the plaintiff's neglect or delay in bringing suit causes prejudice to the adverse party. Laches is presumed in this case because NICE waited more than six years to bring suit after learning about the allegedly infringing products.

2. In determining the date to use in calculating the period of delay for laches, the dilatory conduct of immediate and remote transferors is imputed to the transferee of the patent. In June of 2005, NICE bought the '371 and '005 Patents from Dictaphone. Dictaphone's prior knowledge of the allegedly infringing products is therefore imputed to NICE.

3. Dictaphone knew of the allegedly infringing products at least as early as April of 1999. At that time, Dictaphone sent to Eyretel (later acquired by Witness Systems), a letter threatening to sue for infringement of the '371 and '005 Patents. Dictaphone, however, never pursued its original threat.

4. Not until June 2006, seven years after the April 1999 letter, did NICE (as Dictaphone's successor in interest) initiate this lawsuit against Witness Systems (Eyretel's successor in interest), accusing many of the same products accused by Dictaphone in 1999 of infringing the '371 and '005 Patents.

5. NICE's seven-year delay in bringing suit raises a presumption of laches and bars recovery for infringement as to the products sold prior to this suit, and NICE cannot overcome this presumption.

6. Even if NICE could produce evidence sufficient to rebut the presumption of laches, it cannot produce evidence sufficient to avoid summary judgment on the issue of laches. First, NICE's delay was unreasonable. NICE waited seven years to file suit, and even took the

position in litigation against Dictaphone that the '371 Patent was invalid and unenforceable. Second, Witness Systems suffered evidentiary and economic prejudice as a result of the delay. During this delay Eyretel and Witness Systems both invested significant resources in developing and marketing the accused products and both NICE and Witness Systems have been involved in significant corporate acquisitions and restructuring, hindering Witness Systems' ability to conduct meaningful discovery and defend against NICE's claims.

7. As a result, the Court should bar NICE's claims for relief under the '371 and '005 Patents on the basis of laches.

## IV. STATEMENT OF UNDISPUTED FACTS

In April of 1999, Dictaphone sent Eyretel an undated letter informing it that Dictaphone believed Eyretel was infringing the '371 and '005 Patents[1], which Dictaphone owned at the time.[2] (Exhibit A[3]). In that letter, Dictaphone claimed it was "willing to license the proprietary technology which is the subject matter of the aforementioned patents to Eyretel."

In a series of seven subsequently exchanged letters [4] (together with the initial undated April 1999 letter, collectively referred to as the "the 1999 Letters"), Dictaphone and Eyretel corresponded about the infringement claim and the possibility of Eyretel licensing the technology covered by the '371 and '005 Patents. In the 1999 Letters, Dictaphone identified specific Eyretel products (E-1000, E-500, and Mediastore series communications logging

---

[1] The letter also claimed infringement of U.S. Patent Nos. 4,827,461; 5,339,203; 5,446,603; and 5,448,420, which are not at issue in this suit.

[2] Subsequently, Dictaphone sold its Communication Recording System division, which owned the '371 and '005 Patents, to NICE.

[3] Unless otherwise noted, all Exhibits are attached to the Declaration of Kyle Wagner Compton, filed concurrently herewith.

[4] (*See* Exhibits B – H).

devices) that Dictaphone believed infringed the '371 and '005 Patents. (*See* Exhibits A, C, and G.) Eyretel responded by denying Dictaphone's allegations in a detailed response. (*See* Exhibit F.) Finally, on August 9, 1999, Eyretel sent a letter to Dictaphone rejecting a request by Dictaphone to have a meeting concerning the '371 and '005 Patents and informing Dictaphone that Eyretel "shall consider the matter closed." (*See* Exhibit H.) From that point on, Dictaphone neglected to pursue the matter.

In the second quarter of 2003, Witness Systems acquired Eyretel, including the products accused in the 1999 Letters. (Exhibit I at page 3). Two years later, in June of 2005, NICE acquired the assets of Dictaphone's Communication Recording System ("CRS") business, which included the '371 and '005 Patents. (Exhibit J at page 37).

Not until seven years after the 1999 Letters, did NICE file this action on May 10, 2006 alleging, *inter alia*, that the very same Eyretel products accused of infringement in the 1999 Letters infringe the '371 and '005 Patents. In the time between the 1999 Letters and the initiation of this suit, Witness Systems invested heavily in research and development and increased revenues from products and services by tenfold. (Exhibit K at page F-8).

V. **ARGUMENT AND CITATIONS OF AUTHORITIES**

    A. <u>**An Entry of Partial Summary Judgment on the Affirmative Defense of Laches Is Appropriate**</u>

The Court can and should grant this motion for partial summary judgment on the affirmative defense of laches. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986); *U.S. Gypsum Co. v. Nat'l Gypsum Co.*, 74 f.3d 1209, 1212 (Fed. Cir. 1996); *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992); *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d

375, 380 (D. Del. 2005);  *Izumi Prods Co. v. Koninklijke Philips Elecs. N.V.*, 315 F. Supp. 2d 5 (D. Del. 2004) ; FED. R. CIV. P. 56(e).

"A genuine issue of fact precluding summary judgment is shown to exist only where the nonmovant presents evidence such that, if the trial record were the same as the summary judgment record, a fact finder could reasonably find in the nonmovant's favor." *Hall v. Aqua Queen Mfg.*, 93 F.3d 1548, 1553, n.3 (Fed. Cir. 1996).  It is important to note that "the burden on the moving party may be discharged . . . by pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.  If the moving party has demonstrates an absence of material fact, the nonmoving party then must come forward with specific facts showing that there is a genuine issue for trial.  *See id.*  However, "the mere existence of some evidence in support of the nonmoving party is still not sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a fact finder to reasonably find for the nonmoving party on that issue." *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 380 (D. Del. 2005);  *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Laches is an affirmative defense to patent infringement and falls within the Court's equitable powers under 35 U.S.C. §282.  *A.C. Aukerman,* 960 F.2d at 1028.  An action in equity is not triable by jury, and laches is therefore properly dealt with on  summary judgment.  *See Wanlass v. GE*, 148 F.3d 1334, 1337 (Fed. Cir. 1998); *see also Odetics, Inc. v. Storage Tech. Corp.,* 185 F.3d 1259, 1272 (Fed. Cir. 1999); *Schering Corp. v. Amgen Inc.*, 969 F. Supp. 258, 269 (D. Del. 1997). *Dewey Electronics Corp. v. Montage, Inc.*, 117 F.R.D. 73, 74 (M.D. Pa. 1987).

> **B.    Under the Doctrine of Laches, NICE's Delay in Filing Suit Bars It From Seeking Relief As To The Products Sold Prior to This Suit That Allegedly Infringe the '371 and '005 Patents**

"Courts of equity . . . will not assist one who has slept upon his rights, and shows no excuse for his laches in asserting them." *Lane & Bodley Co. v. Locke*, 150 U.S. 193, 201 (1893) (applying the defense of laches in a patent infringement case). Laches completely abrogates prefiling damages and the "right to exclude any infringing products sold prior to the filing of the complaint." *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1273 (Fed. Cir. 1999).

This Court should bar all relief as to the products sold prior to the filing of the complaint that NICE alleges infringe the '371 and '005 Patents because (1) Dictaphone knew of the allegedly infringing products at least as early as April of 1999, and that knowledge is imputed to NICE through its purchase of the patents from Dictaphone and (2) seven years passed between Dictaphone's knowledge and this lawsuit. NICE's seven year delay raises a presumption of laches that NICE cannot overcome. But even without the presumption, NICE can not produce evidence sufficient for a fact finder to reasonably find in its favor on the issue of laches because NICE's delay was unreasonable and Witness Systems was prejudiced as a result.

> **1.    The Delay Period for Laches Began in April of 1999 Because Dictaphone's Dilatory Conduct Is Imputed to NICE**

In determining the length of delay for laches, a transferee of a patent accepts the consequences of the dilatory conduct of immediate and remote transferors. *Eastman Kodak Co. v. Goodyear Tire & Rubber Co.*, 114 F.3d 1547, 1559 (Fed. Cir. 1997) ("A patentee cannot avoid the consequences of his laches by transferring the patent"); *Continental Coatings Corp. v. Metco, Inc.*, 464 F.2d 1375 (7th Cir. 1972) ("As an assignee of [patentee], plaintiff must accept the consequences of [patentee's] dilatory conduct"); 6 DONALD S. CHISUM, PATENTS, § 19.05[2][a][i] at 19-573 n.52 (2007) (citing over twenty cases). This includes any charges of

infringement or threats of suit made by a predecessor. *Id.* at 19-573. Such conduct demonstrates actual knowledge of the products accused of infringing.

Dictaphone threatened to sue Eyretel on the '371 and '005 Patents in the 1999 Letters. In the interim, NICE purchased the assets of Dictaphone's CRS business, which included the '371 and '005 Patents. Through this acquisition, NICE accepted the consequences of Dictaphone's dilatory conduct and actual knowledge as of April of 1999. Since that time, Witness Systems continued to sell the allegedly infringing products, the E-1000, E-500, the Mediastore series of communication loggers, and other similar products, all without any further threats from Dictaphone or NICE.

### 2. NICE's Seven Year Delay in Bringing Suit Presumptively Bars Recovery Under the Doctrine of Laches

A delay of six years or more raises a presumption of laches. *Leinoff v. Louis Milona & Sons, Inc.*, 726 F.2d 734, 741 (Fed. Cir. 1984). "[T]he underlying critical factors of laches are presumed upon proof that the patentee delayed filing suit for more than six years after actual or constructive knowledge of the defendant's alleged infringing activity." *Tristrata Technology, Inc. v. Cardinal Health, Inc.*, 2004 WL 97655 at *2 (D. Del. Jan. 16, 2004) (Farnan, J.); *Leinoff*, 726 F.2d at 741 (Fed. Cir. 1984) ("[A] 6- year delay is presumptively an unreasonable one for filing a patent infringement suit . . . . A delay exceeding 6 years is, furthermore, presumptively injurious to the infringer. The infringer does not need . . . to produce any additional evidence of prejudice."); *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co.*, 498 F. Supp. 2d 718, 726 (D. Del. 2007) ("A delay of six years or more raises a presumption that the delay is unreasonable, inexcusable, and prejudicial." *McKesson Information Solutions LLC v. Trizetto Group, Inc.*, 426 F.Supp.2d 203, 209 (D. Del. 2006).

NICE's seven year delay in filing suit therefore raises the presumption that laches abrogates all rights to exclude any allegedly infringing products sold prior to the filing of the complaint. To rebut this presumption, NICE must show sufficient evidence to generate a genuine issue of fact. In other words, NICE has the burden of coming forward with evidence that the delay was reasonable or excusable and that it was not prejudicial. *See A.C. Aukerman*, 960 F.2d at 1035.[5] The record here contains no such evidence. NICE waited *seven years* to bring suit, and can offer no reasonable excuse for doing so.

### 3. Even Without the Presumption, NICE's Delay In Fact Was Unreasonable, Inexcusable, and Prejudicial

Even if the presumption did not exist, the delay was so unreasonable and prejudicial such that the court must grant summary judgment in Witness System's favor on the issue of laches. Laches bars relief as to the allegedly infringing products sold prior to the suit if the patentee evinced (a) an unreasonable delay in filing suit coupled with (b) material prejudice to the alleged infringer. *A.C. Aukerman*, 960 F.2d at 1028.

#### a. NICE's Delay Was Unreasonable

NICE's seven year delay in filing suit is unreasonable and inexcusable. Justifications that courts have accepted as excuses for delay include: other litigation; negotiations with the accused; poverty and illness (under limited circumstances); wartime conditions; extent of infringement; and dispute over ownership of the patent. *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 380-81 (D. Del. 2005).

---

[5] Although the burden of persuasion never shifts to the nonmovant, a burden of production is raised with the presumption of laches. *A.C. Aukerman*, 960 F.2d at 1039.

NICE has no such excuse. Although Dictaphone may have filed a small number of other suits involving the '371 Patent (including against NICE, which claimed the patent was invalid[6]), neither Dictaphone nor its successors in interest sued Witness Systems until the filing of this action. Further, neither NICE nor Dictaphone notified Witness Systems or Eyretel that it was foregoing an infringement suit against Witness Systems because of other litigation, or that it intended to enforce its patents against Witness Systems upon the conclusion of any such litigation. *See Jamesbury Corp. v. Litton Industrial Products, Inc.*, 839 F.2d 1544, 1553 (Fed. Cir. 1988) ("[I]n order to excuse delay based on other litigation, the patentee must give notice to the alleged infringer of the existence of the other litigation and of an intent to enforce its rights against the infringer at the conclusion of the other litigation.") (overruled on other grounds).

This action was not initiated until May of 2006. NICE has produced no evidence sufficient to explain its delay. Consequently, the seven year delay in filing suit was unreasonable and inexcusable.

### b. NICE's Delay Resulted in Material Prejudice to Witness Systems

As a result of NICE's unreasonable and inexcusable delay, Witness Systems has suffered material prejudice. Material prejudice in the context of laches is defined as either i) economic prejudice or ii) evidentiary prejudice. *Crown Packaging Tech.*, 498 F. Supp. 2d at 725-26. Only one type of prejudice need be demonstrated. *Id.* Witness Systems has suffered both.

Economic prejudice arises when an infringer made heavy capital investment into building its business, by increasing sales, or by incurring damages it could have avoided by modifying its business. *Crown Packaging Tech.*, 498 F. Supp. 2d at 725-26; *see Adelberg Laboratories, Inc.*

---

[6] Dictaphone and NICE settled their lawsuit in 2003.

*v. Miles, Inc.*, 921 F.2d 1267, 1272 (Fed. Cir. 1990) ("Making heavy capital investment and increasing production can constitute prejudice."); *Sun Studs, Inc. v. ATA Equipment Leasing, Inc.*, 872 F.2d 978, 993 (Fed. Cir. 1989), modified, 872 F.2d 978 (Fed. Cir. 1989) (discerning no error in the following jury instruction: "Prejudice arises where on account of delay, the alleged infringer made a substantial investment in building up its business or where the accused infringer would have avoided the alleged infringing conduct by modifying its business."); *ABB Robotics Inc. v. GMFanuc Robotics Corp.*, 828 F. Supp. 1386, 1394 (E.D. Wis. 1993), *aff'd*, 52 F.3d 1062 (Fed. Cir. 1995), *cert. denied*, 516 U.S. 916 (1995) ("the Court finds as a matter of law that increasing sales without additional evidence of capital investments may constitute economic prejudice").

By increasing its sales and devoting substantial resources to the development and manufacture of the E-1000, E-500, and Mediastore products and similar products, Witness Systems has materially changed its economic position since the exchange of the 1999 Letters. *C.f., Dymo Indus., Inc. v. Monarch Marking Sys., Inc.*, 474 F. Supp. 412, 418 (N.D. Tex. 1979). Witness Systems spent a total of $33.3 million in research and development in 2006 (*See* Exhibit K, page F-8.) compared to $5.7 million in 1999 (*See* Exhibit L, page 16.). Moreover, total revenues from products and services was $221.7 million in 2006 (*See* Exhibit K, page F-8.) as compared to $22.9 million in 1999 (*See* Exhibit L, page 16.). That is a tenfold increase during the seven years NICE neglected its rights.

Additionally, during the period of delay Witness Systems introduced new communication loggers into the marketplace without needing to worry about litigation. *C.f.,* Dymo, 474 F. Supp. at 418. Witness Systems acquired Eyretel in the interim. (See Exhibit I.) *C.f*. *Dymo*, 474 F. Supp. at 418. If an infringement suit had been imminent, that purchase may not have occurred,

- 10 -

or at the least, the valuation of Eyretel may have been adjusted. Since no such litigation had been initiated, such adjustments were not incorporated. As a result, Witness Systems has been prejudiced economically by NICE's unwarranted delay in bringing suit.

NICE has also suffered evidentiary prejudice. Evidentiary prejudice arises when the infringer cannot put on a fair defense because of the loss of records, death of witnesses, or the dimming of memories. *Dymo*, 474 F. Supp. at 418; *Wanlass v. General Elec. Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998); *see also Joint Stock Soc'y v. UDV N. Am., Inc.*, 53 F. Supp. 2d 692, 717 (D. Del. 1999) ("Evidentiary prejudice arises when a defendant cannot 'present a full and fair defense on the merits due to the loss of records, the death of witnesses, or the unreliability of memories of long past events.'"); *Gillons v. Shell Co. of California*, 86 F.2d 600, 608-09 (9th Cir. 1936), *cert. denied*, 302 U.S. 689 (1937) ("It is precisely because equity recognizes this frailty of human memory that she has launched her canon against unreasonable delay in bringing suit.")

As a consequence of NICE's delay, Witness Systems is at a serious disadvantage in preparing this case for trial. In the time since the 1999 Letters were exchanged, Eyretel was acquired by Witness Systems, and Witness Systems was acquired by Verint. Consequently, employees have come and gone, corporate branding has changed, customers have forgotten details of installations, and documents have been misplaced. Witness Systems' disadvantage is directly attributable to NICE's delay, and if Witness Systems had not been lulled into believing NICE (and before that, Dictaphone) did not intend to assert these patents, Witness Systems would be in a substantially better position to defend itself in this lawsuit.

## VI. CONCLUSION

Witness Systems, therefore, respectfully requests that the Court grant this motion for partial summary judgment to bar to the fullest extent of the law NICE from obtaining relief for the alleged infringement of the '371 and '005 Patents under the doctrine of laches.


Dated: November 02, 2007                                FISH & RICHARDSON P.C.

By: */s/Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware 19899-1114
Telephone: (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of November, 2007, I electronically filed with the Clerk of Court the **DEFENDANT WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON LACHES** using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery.

| | |
|---|---|
| Josy W. Ingersoll | *Attorneys for Plaintiffs* |
| Melanie K. Sharp | *Nice Systems Ltd. and Nice Systems, Inc.* |
| Karen E. Keller | |
| Mary Dugan | |
| Young, Conaway, Stargatt & Taylor, LLP | |
| 1000 West Street, 17th Floor | |
| P.O. Box 391 | |
| Wilmington, DE 19899 | |

      I also certify that on November 2, 2007, I have sent by electronic mail and U.S.

First Class Mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Scott G. Lindvall | *Attorneys for Plaintiffs* |
| Daniel DiNapoli | *Nice Systems Ltd. and Nice Systems, Inc.* |
| Joseph M. Drayton | |
| Robert R. Laurenzi | |
| Jason Frank | |
| Steven Chin | |
| Kaye Scholer LLP | |
| 425 Park Avenue | |
| New York, NY 10022 | |

                                          */s/Kyle Wagner Compton*
                                          Kyle Wagner Compton (#4693)