**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

    *Plaintiffs*,

     v.

WITNESS SYSTEMS, INC.

    *Defendant*.

Civil Action No. 06-311-JJF

---

**DEFENDANT WITNESS SYSTEMS, INC.'S MEMORANDUM
IN SUPPORT OF ITS MOTION  FOR PARTIAL SUMMARY JUDGMENT
ON LACK OF WILLFUL INFRINGEMENT**

DATED:  November 2, 2007

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware  19899-1114
Telephone:  (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone:  (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION.................................................................................................... 1

II.  NATURE AND STAGE OF THE PROCEEDINGS ............................................ 1

III. SUMMARY OF ARGUMENT ............................................................................. 2

IV.  STATEMENT OF FACTS.................................................................................... 3

V.   ARGUMENT ........................................................................................................ 4

    **A.**    **Under the Applicable Summary Judgment Standard, NICE Must Produce Evidence of Willfulness.** ...................................................... 4

    **B.**    **Willfulness Requires a Showing of Objective Recklessness.**.......................... 4

    **C.**    **No Reasonable Jury Could Find, by Clear and Convincing Evidence, that Witness Systems Willfully Infringed the Patents in Suit by Acting with Objective Recklessness**....................................................... 6

        **1.**    **Witness Systems Has Sound and Reasonable Defenses to NICE's Claims, as Set Forth in Witness Systems' Proposed Claim Constructions, Invalidity Contentions, and Noninfringement Contentions**.............................................. 6

        **2.**    **Witness Systems Did Not Act with Objective Reckless Because Genuine Issues of Material Fact Exist as to Infringement and Validity**.............................................................................. 7

        **3.**    **NICE Has Failed to Produce Any Evidence Supporting Its Claim for Willfulness, Relying Instead Solely on General Allegations and Conclusory Statements**........................................... 8

    **D.**    **NICE Cannot Recover Post-Filing Enhanced Damages Based on Willful Infringement Because It Failed to Move for a Preliminary Injunction.** ..................................................................................... 8

VI.  CONCLUSION ..................................................................................................... 9

## TABLE OF CITATIONS

**Pages**

### Cases

Anderson v. Liberty Lobby,
   477 U.S. 242 (1986) ............................................................................................... 4, 7

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986) ................................................................................................... 4

Cohesive Tech., Inc. v. Waters Corp.,
   No. 98-12308-DPW, 2007 WL 2746805 (D. Mass. Aug. 31, 2007) ......................... 7

Comark Commc'ns, Inc. v. Harris Corp.,
   156 F.3d 1182 (Fed. Cir. 1998) ................................................................................. 4

Golden Blount, Inc. v. Robert H. Peterson Co.,
   438 F.3d 1354 (Fed. Cir. 2006) ................................................................................. 4

In re Seagate, 497 F.3d 1360, 1385 (Fed. Cir. 2007) ....................................... 2, 4, 5, 8

Intel Corp. v. VIA Tech., Inc.,
   319 F.3d 1357 (Fed. Cir. 2003) ................................................................................. 8

McElmurry v. Ark. Power & Light Co.,
   995 F.2d 1576 (Fed. Cir. 1993) ................................................................................. 8

Norian Corp. v. Stryker Corp.,
   363 F.3d 1321 (Fed. Cir. 2004) ................................................................................. 7

Safeco Ins. Co. of Am. v. Burr,
   127 S. Ct. 2201 (2007) ...................................................................................... 5, 6, 7

Underwater Devices Inc. v. Morrison-Knudsen Co.,
   717 F.2d 1380 (Fed. Cir. 1983) ................................................................................. 4

## I.    INTRODUCTION

In this lawsuit, plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE") accuse defendant Witness Systems, Inc. ("Witness Systems") of willful patent infringement.  D.I. 1 at ¶¶ 7-91. On August 20, 2007 the Federal Circuit announced a significant change in the law of willful infringement.  Willfulness now requires a showing of objective and subjective reckless by clear and convincing evidence.  In addition, to establish willfulness for conduct occurring after filing suit, the plaintiff must move for a preliminary injunction.  NICE cannot prove willful infringement under the Federal Circuit's new standard and as a result, the Court should enter partial summary judgment dismissing NICE's claim for pre and post-filing enhanced damages based on alleged willful infringement.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On May 10, 2006, NICE filed this action alleging that a wide range of Witness Systems products infringe ten NICE patents.[1]  The parties have engaged in extensive discovery, including document production approaching ten million pages by March 2, 2007.  Fact discovery closed on May 30, 2007.  A claim construction hearing was held on June 26, 2007, and the Court's ruling is pending.  NICE filed a motion to change the scheduling order concerning the exchange of expert reports on October 12, 2007, which motion is scheduled to be heard on November 9, 2007.  All dispositive motions are due by November 2, 2007.  The pre-trial conference is currently set for December 6, 2007, and trial is scheduled for January 14, 2008, subject to the Court's ruling on NICE's pending motion to change the scheduling order.

---

[1] U.S. Patent No. 6,249,570 (" the '570 Patent" ); U.S. Patent No. 6,728,345 (" the '345 Patent" ); U.S. Patent No. 6,785,370 (" the '370 Patent" ); U.S. Patent No. 5,396,371 (" the '371 Patent" ); U.S. Patent No. 5,274,738 (" the '738 Patent" ); U.S. Patent No. 5,819,005 (" the '005 Patent" ); U.S. Patent No. 6,775,372 (" the '372 Patent" ); U.S. Patent No. 6,870,920 (" the '920 Patent" ); U.S. Patent No. 6,959,079 (" the '079 Patent" ); and U.S. Patent No. 7,010,109 (" the '109 Patent" ).

III.     **SUMMARY OF ARGUMENT**

1.     NICE cannot prove, by clear and convincing evidence, that Witness Systems willfully infringed the patents in suit by acting with objective recklessness, as required by *In re Seagate*.

2.     Witness Systems did not act with objective recklessness.  Witness Systems has sound and reasonable defenses to NICE's claims, as set forth in Witness Systems' proposed claim constructions, invalidity contentions, and noninfringement contentions.

a.     Witness Systems' claim construction positions are based on the patent, the prosecution history, inventor testimony, and knowledge of one skilled in the art.

b.     Witness Systems' noninfringement positions set forth sound and reasonable explanations as to why Witness Systems' products do not infringe.

c.     Witness Systems' invalidity contentions identify over fifty prior art references that, alone or in combination, render the assert claims invalid.

3.     Witness Systems' claim construction, noninfringement, and invalidity positions, at a minimum, create genuine issues of material fact as to the alleged infringement and validity of the patents in suit, thus eliminating any possibility that Witness Systems could be shown to have acted with the objectively reckless conduct required for willfulness.

4.     Thus far, NICE has failed to produce any evidence supporting its claim for willfulness, relying instead solely on general allegations and conclusory statements.

5.     After *In re Seagate*, the only way for a plaintiff to recover enhanced damages for post-filing conduct is to move for a preliminary injunction.  Since NICE failed to move for a preliminary injunction, it may not recover enhanced damages for any post-filing conduct.

## IV.     STATEMENT OF FACTS

NICE accused Witness Systems of willful infringement of ten patents.  (Compl., D.I. 1,

¶¶ 7–91).  During fact discovery Witness Systems asked NICE to specify with particularity its

basis for alleging willfulness.  (Ex. A[2] at 6 (Interrogatory No. 4)).  In response, NICE said only:

> Witness has prior knowledge of the patents in suit prior to the filing of the Complaint in
> the present action.  Moreover, Witness continues [sic] market and sell the Accused
> Products throughout the United States without regard to the patents.

(Ex. B (Obj. & Resp. to Interrogatory No. 4)).  This response failed to identify any evidence

sufficient to establish by clear and convincing evidence that Witness Systems acted with

objective recklessness concerning the patents in suit.  (*Id.*)   NICE has not subsequently amended

its Response to Witness Systems' Interrogatory No. 4.  In addition, NICE failed to move for a

preliminary injunction to stop Witness Systems' alleged willful infringement.

In response to NICE's allegations, Witness Systems has defended itself vigorously.  (D.I.

85, ¶¶ 7–115).  Witness Systems provided NICE with charts showing in detail the

noninfringement of each asserted claim on an element-by-element basis.  (Ex. C at 5 (Resp. to

Interrogatory No. 1)).  Witness Systems' invalidity contentions identify over fifty prior art

references and the accompanying charts establish, in detail, the invalidity of each asserted claim

on an element-by-element basis.  (Ex. C at 6 (Resp to Interrogatory No. 2); Ex. D).  Witness

Systems also provided the Court with a list of patent claim terms to construe (D.I. 149), and

Witness Systems' interpretation and construction of the claims based on the prosecution history,

inventor testimony, patent specification, and knowledge of one skilled in the art (*Id.*).

---

[2] Unless otherwise noted, all Exhibits are attached to the Declaration of Kyle Wagner Compton, filed concurrently
herewith.

## V.    ARGUMENT

### A.    Under the Applicable Summary Judgment Standard, NICE Must Produce Evidence of Willfulness.

Where the opponent of a motion for summary judgment has the burden of proof at trial, the "burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The patentee bears the burden of persuasion and must prove willful infringement by clear and convincing evidence." *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354 (Fed. Cir. 2006) (citing *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1190 (Fed. Cir. 1998)). The Court must consider the clear and convincing standard when ruling on summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

### B.    Willfulness Requires a Showing of Objective Recklessness.

Earlier this year, the Federal Circuit overturned twenty-four years of willfulness precedent by overruling *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380 (Fed. Cir. 1983) in an effort to "alleviate the disproportionate burdens" that *Underwater Devices* "has placed on otherwise law-abiding commercial enterprises." *In re Seagate*, 497 F.3d 1360, 1385 (Fed. Cir. 2007) (Newman, J., concurring). As the court explained, the duty of care announced in *Underwater Devices* "sets a lower threshold for willful infringement" that "fails to comport with the general understanding of willfulness in the civil context." *Id.* at 1371.

*Seagate* announced a new, higher standard to determine willful infringement. A patentee must show **both** objective and subjective recklessness to prevail on a willful infringement claim. *Seagate*, 497 F.3d at 1371.[3] To prove objective recklessness, the patentee must show by clear

---

[3] For purposes of dismissing NICE's claim for willfulness, it is sufficient to show that there is no genuine issue of material fact as to whether Witness Systems acted with objective recklessness. However, NICE has not put forth

and convincing evidence that the accused infringer "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371. Importantly, "the state of mind of the accused infringer is not relevant to this objective inquiry." *Id.*

The objective recklessness standard was adopted by the Federal Circuit to harmonize its jurisprudence with *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007). In *Safeco*, the Supreme Court addressed the meaning of willfulness as a statutory condition of civil liability for punitive damages. *Safeco*, 127 S. Ct. at 2205; *Seagate*, 497 F.3d at 1370. The case was brought under the Fair Credit Report Act (FCRA), which provides for civil liability to consumers if anyone "willfully fails" to provide notice of any adverse action based on information contained in a consumer credit report. *Safeco*, 127 S. Ct. at 2205. The appellants, two large insurance companies, were accused of willfully failing to comply with notice obligations under the Act. *Id.* The Court held that while one appellant (Safeco) may have violated the statute, it did not act with objective recklessness. *Id.* at 2215–16.

In reaching its holding, the Court focused on Safeco's interpretation of the FCRA. *Safeco*, 127 S. Ct. at 2215. Safeco made a business decision to read the FCRA in a particular manner, and although that interpretation was "erroneous," it did not rise to the level of objective recklessness. *Id.* at 2216. The Court noted that Safeco acted in a consistent manner with its interpretation, and Safeco's "reading has a ***foundation*** in the statutory text . . . and sufficiently convincing justification . . ." *Id.* (emphasis added). As the Court explained, "it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator." *Id.* at n.20.

---

any evidence to show Witness Systems acted with subjective recklessness. This provides an independent basis to dismiss NICE's willfulness claim.

C.    **No Reasonable Jury Could Find, by Clear and Convincing Evidence, that Witness Systems Willfully Infringed the Patents in Suit by Acting with Objective Recklessness.**

1.    **Witness Systems Has Sound and Reasonable Defenses to NICE's Claims, as Set Forth in Witness Systems' Proposed Claim Constructions, Invalidity Contentions, and Noninfringement Contentions.**

Witness Systems cannot be said to have acted with objective recklessness because it has and has asserted reasonable interpretations of the claims in the patents in suit, and provided reasonable and comprehensive noninfringement and invalidity positions. (*See* D.I. 149; Ex. C at 5 (Resp. to Interrogatory No. 1)). Witness Systems' interpretation and construction of the patent claims find their basis in the prosecution history, inventor testimony, patent specification, and knowledge of one skilled in the art. (D.I. 149). Witness Systems' noninfringement positions set forth sound and reasonable explanations as to why Witness Systems' products do not infringe. (Ex. C at 5 (Resp. to Interrogatory No. 1)). Although both NICE and Witness Systems have different interpretations of the claims and noninfringement positions, for the purposes of determining willful infringement it is immaterial which side ultimately prevails. Similar to *Safeco*, the fact that Witness Systems has reasonable interpretations of the claims and reasonable noninfringement positions, means that Witness Systems could not have acted with objective recklessness.

Witness Systems' invalidity contentions consist of over fifty prior art references establishing the invalidity of the patents in suit. (Ex. C at 6 (Resp to Interrogatory No. 2); Ex. D). Witness Systems also detailed the invalidity of each asserted claim on an element-by-element basis in the pages of charts accompanying its contentions. (*Id.*). Given the number of prior art references and detailed invalidity analysis, NICE cannot establish the requisite "objectively high likelihood" that the patents in suit are valid. Whether Witness Systems

ultimately carries its burden to show that the patents are invalid is, again, immaterial to the question of willful infringement. Similar to *Safeco*, because Witness Systems has reasonable invalidity positions concerning the patents in suit, Witness Systems could not have acted with objective recklessness.

> **2.    Witness Systems Did Not Act with Objective Reckless Because Genuine Issues of Material Fact Exist as to Infringement and Validity.**

The existence of genuine issues of material fact on any issue that would absolve the accused infringer of liability precludes a finding of willful infringement. *See Cohesive Tech., Inc. v. Waters Corp.*, No. 98-12308-DPW, 2007 WL 2746805, at *18 (D. Mass. Aug. 31, 2007). A genuine issue of material fact exists if a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. If a jury could return a verdict for an accused infringer, facts sufficient to support a finding of noninfringement or invalidity of the patent must exist. *See, e.g.*, *Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1326–27 (Fed. Cir. 2004) (upholding jury finding on invalidity because "there was substantial evidence to support findings of fact necessary to establish invalidity"). Therefore, if a genuine issue of material fact exists for either infringement or invalidity, Witness Systems cannot be held to have willfully infringed the patents under the objective recklessness standard.

At a minimum in this case, genuine issues of material fact exist on the issues of noninfringement and invalidity, either of which would absolve Witness Systems from liability. Since a reasonable jury could find for Witness Systems on either noninfringement or invalidity of the patents in suit, Witness Systems cannot have acted with objective recklessness.

>        **3.      NICE Has Failed to Produce Any Evidence Supporting Its
>                 Claim for Willfulness, Relying Instead Solely on General
>                 Allegations and Conclusory Statements.**

NICE has failed to identify any evidence of willful infringement under the new *Seagate*

standard.  (Ex. B (Obj. & Resp. to Interrogatory No. 4)).  According to NICE's interrogatory

answer, its assertion of willful infringement is based solely on general allegations and conclusory

statements.  (*Id.*)

> Witness has prior knowledge of the patents in suit prior to the filing of the Complaint in
> the present action. Moreover, Witness continues [sic] market and sell the Accused
> Products throughout the United States without regard to the patents.

(*Id.*)  Such self-serving statements do not rise to the level of clear and convincing evidence.  *See,*

*e.g.*, *Intel Corp. v. VIA Tech., Inc.*, 319 F.3d 1357, 1367 (Fed. Cir. 2003) (conclusory statements

are not enough to satisfy the clear and convincing evidence burden); *McElmurry v. Ark. Power &*

*Light Co.*, 995 F.2d 1576, 1578 (Fed. Cir. 1993) ("Mere denials and conclusory statements,

however, are not sufficient to establish a genuine issue of material fact.").

>        **D.      NICE Cannot Recover Post-Filing Enhanced Damages Based on
>                 Willful Infringement Because It Failed to Move for a Preliminary
>                 Injunction.**

*Seagate* provided a clear, simple rule for courts to apply when a patentee claims

enhanced damages based on alleged willful infringement occurring after suit is filed.  A plaintiff

must move for a preliminary injunction or it will lose any claim to post-filing enhanced damages

based on willful infringement.  *Seagate*, 497 F.3d at 1374.  Specifically, "[a] patentee who does

not attempt to stop an accused infringer's activities [by moving for a preliminary injunction]

should not be allowed to accrue enhanced damages based solely on the infringer's post-filing

conduct."  *Id.*  In this case NICE failed to move for a preliminary injunction, and NICE therefore

may not recover enhanced damages based on any alleged willful infringement occurring after this lawsuit was filed.

## VI.     <u>CONCLUSION</u>

For the foregoing reasons, Witness Systems respectfully requests that the Court enter partial summary judgment dismissing NICE's claims for both pre and post-filing enhanced damages based on alleged willful infringement.

Dated:  November 2, 2007                FISH & RICHARDSON P.C.


By:  */s/ Kyle Wagner Compton*
       William J. Marsden, Jr. (#2247)
       Kyle Wagner Compton (#4693)
       919 N. Market Street, Suite 1100
       P. O. Box 1114
       Wilmington, Delaware  19899-1114
       Telephone:  (302) 652-5070

       Nagendra Setty (*pro hac vice*)
       Daniel A. Kent (*pro hac vice*)
       1180 Peachtree Street, NE, 21st Floor
       Atlanta, GA 30309
       Telephone:  (404) 892-5005

       ATTORNEYS FOR DEFENDANT
       WITNESS SYSTEMS, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 2nd day of November, 2007, I electronically filed with the

Clerk of Court the foregoing **DEFENDANT WITNESS SYSTEMS, INC.'S**

**MEMORANDUM IN SUPPORT OF ITS MOTION  FOR PARTIAL SUMMARY**

**JUDGMENT ON LACK OF WILLFUL INFRINGEMENT** using CM/ECF which will send

electronic notification of such filing(s) to the below-listed Delaware counsel.  In addition, the

filing will also be sent via hand delivery.


Josy W. Ingersoll                                 *Attorneys for Plaintiffs*
Melanie K. Sharp                                *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I also certify that on November 2, 2007, I have sent by electronic mail and U.S. First

Class Mail, the document(s) to the following non-registered participants:

Scott G. Lindvall                                 *Attorneys for Plaintiffs*
Daniel DiNapoli                                  *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


                                        */s/Kyle Wagner Compton*
                                        Kyle Wagner Compton

1