**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

     *Plaintiffs*,

       v.

WITNESS SYSTEMS, INC.

     *Defendant*.

Civil Action No. 06-311-JJF

**DEFENDANT WITNESS SYSTEMS, INC.'S REPLY TO PLAINTIFFS'
COUNTER STATEMENT OF GENUINE ISSUES OF MATERIAL FACT FOR
WITNESS SYSTEMS' MOTION  FOR PARTIAL SUMMARY JUDGMENT
ON LACK OF WILLFUL INFRINGEMENT**

DATED:  November 29, 2007

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel:  (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone:  (404) 892-5005

Attorneys for Defendant
Witness Systems, Inc.

## TABLE OF CONTENTS

I.      NICE HAS FAILED TO PROVIDE ANY EVIDENCE OF
        OBJECTIVE RECKLESSNESS……………………………………………...…2

II.     NICE'S ALLEGED FACTS FOR SUBJECTIVE RECKLESSNESS ARE
        IMMATERIAL AND ARE NOT SUPPORTED BY THE CITED
        EVIDENCE…………………………………………………………………4

III.    CONCLUSION…………………………………………………………...5

## <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

*In re Seagate Tech.,*
    497 F.3d 1360 (Fed. Cir. 2007)……………………………………1,2,3,4.5


*Celotex Corp. v. Catrett*..................................................................................2,4
    477 U.S. 317, (1986)

*Cohesive Tech., Inc. v. Waters Corp*...............................................................3
    2007 WL 2746805 (D. Mass. August 31, 2007)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

　　　*Plaintiffs*,

　　　　v.

WITNESS SYSTEMS, INC.

　　　*Defendant*.

Civil Action No. 06-311-JJF

**DEFENDANT WITNESS SYSTEMS, INC.'S REPLY TO PLAINTIFFS'**
**COUNTER STATEMENT OF GENUINE ISSUES OF MATERIAL FACT FOR**
**WITNESS SYSTEMS' MOTION  FOR PARTIAL SUMMARY JUDGMENT**
**ON LACK OF WILLFUL INFRINGEMENT**

　　　Witness Systems moved for summary judgment for lack of willfulness because NICE has not and cannot show any evidence of objective recklessness, the first prong of the two-prong analysis under *In re Seagate Tech*., 497 F.3d 1360 (Fed. Cir. 2007).  NICE's counter statement of facts reinforces Witness Systems' contention.  NICE has failed to fulfill its obligations under the Federal Rules and controlling Supreme Court precedent because it has failed to put forth any evidence that shows Witness Systems acted with objective recklessness.

　　　NICE asserts that Paragraphs 1 through 11 of its Counter Statement create a genuine issue of material fact on the issue of objective recklessness.  However, NICE fails to cite any evidence in Paragraphs 1 through 11.  These paragraphs contain mere denials and conclusory statements, which do not create genuine issues of material fact.  In some cases, NICE's "facts" merely reinforce Witness Systems' contention that it did not act with objective recklessness.

　　　By NICE's own admission, Paragraphs 12 through 21 of its Counter Statement deal with the issue of subjective recklessness, which is the second prong of the *Seagate* analysis  As such,

these paragraphs are immaterial because Witness Systems did not base its motion on the subjective recklessness prong of *Seagate*. For this Court to grant summary judgment for lack of willfulness, Witness Systems need only show that NICE failed to provide any evidence of objective recklessness. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *Seagate*, 497 F.3d at 1371. Moreover, many of the "facts" NICE purports to rely on are not supported by the evidence cited.

At a minimum, NICE has failed to put forth any facts sufficient to create genuine issues of material fact as to post-filing enhanced damages. According to *Seagate*, a patentee cannot receive enhanced damages based on alleged post-filing willfulness if the patentee fails to move for a preliminary injunction. *Seagate*, 497 F.3d at 1374. NICE failed to move for a preliminary injunction in this case (a fact NICE does not dispute) and therefore cannot receive post-filing enhanced damages.

## I.    NICE HAS FAILED TO PROVIDE ANY EVIDENCE OF OBJECTIVE RECKLESSNESS

In paragraph 1 of its Counter Statement, NICE misapprehends *Seagate*. NICE maintains that "a record has not yet been developed in this case," and therefore objective recklessness cannot be determined. The discovery period in this case expired long ago, with millions of pages of documents exchanged and dozens of depositions taken. NICE bears the burden of proving objective recklessness. Despite the extensive volume of discovery completed in this case, NICE still cannot carry its burden, and Witness Systems is entitled to judgment as a matter of law that it did not act with objective recklessness. *See Celotex*, 477 U.S. at 325.

In paragraph 2, 3, 6, 7, 8, and 11, NICE asserts that the Court has not had an opportunity to assess the relative merits of the infringement or invalidity contentions. Whether the Court has

2

had an opportunity to assess the relative merits of NICE and Witness Systems' infringement, invalidity, or unenforceability contentions misses the point.  As stated in Witness Systems' summary judgment brief, even if the Court ultimately rules in NICE's favor on infringement,[1] invalidity and enforceability, NICE still must prove that Witness Systems acted with objective recklessness.  By asserting here and throughout its Counter Statement that the issues of non-infringement, invalidity, and unenforceability are sufficiently in dispute that they require determination by a trier of fact, NICE concedes that Witness Systems could not have acted with sufficient objective recklessness to satisfy the standard in *Seagate*.  *See Cohesive Tech., Inc. v. Waters Corp.*, No. 98-12308-DPW, 2007 WL 2746805, at *18 (D. Mass. Aug. 31, 2007) (The existence of genuine issues of material fact on any issue that would absolve the accused infringer of liability precludes a finding of willful infringement.).

In paragraph 4 and 5 of its Counter Statement, NICE asserts that Witness Systems must move for summary judgment of non-infringement, invalidity, or unenforceability to defeat a claim of willfulness.  NICE cites no authority for this novel theory, which runs contrary to the principles of *Seagate*.  Under *Seagate*, a patentee must show by clear and convincing evidence that the alleged infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid, enforceable patent.  *Seagate*, 497 F.3d at 1371.  A patentee must also establish that this objectively defined risk was either known or so obvious that it should have been known to the accused infringer.  *Id.  Seagate* does not contemplate or require an alleged infringer to move for summary judgment to avoid willfulness.  Moreover, it is NICE's burden as

---

[1] Even under the old, lower standard of willfulness, mere infringement was not enough to establish willfulness. *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1368 (Fed. Cir. 2006) ("Willful infringement is not established by the simple fact of infringement, even where the accused has knowledge of the patents.") (internal quotations omitted).

the patentee to prove willfulness by clear and convincing evidence. *See Celotex*, 477 U.S. at 325; *Seagate*, 497 F.3d at 1371.

In paragraphs 9 and 10, NICE asserts that expert reports have not been exchanged and expert depositions have not been taken. Nothing the experts say in their reports or depositions, however, could have any impact on whether NICE can prove objective recklessness. Under *Seagate*, the standard is whether an alleged infringer, at the time of infringement, acted with objective recklessness. *See Seagate*, 497 F.3d at 1371. An expert's opinion on whether Witness Systems infringes the patents in suit is not sufficient to establish objective recklessness.

## II.  NICE'S ALLEGED FACTS FOR SUBJECTIVE RECKLESSNESS ARE IMMATERIAL AND ARE NOT SUPPORTED BY THE CITED EVIDENCE

Witness Systems' motion is based solely on the first prong of *Seagate*: objective recklessness. Witness Systems did not base its motion on *Seagate*'s subjective recklessness prong. As a result, the evidence NICE cites in paragraphs 12 to 21, which by NICE's own admission addresses subjective recklessness, is immaterial to Witness Systems' motion.

Even if Witness Systems had based its motion on subjective recklessness, NICE's evidence would not raise genuine issues of material fact. NICE's exclusive focus on when Witness Systems was aware of the patents in suit misses the point. Under *Seagate*, awareness of the patents is merely a threshold inquiry. *See Seagate*, 497 F.3d at 1371. The patentee must further show that the accused infringer was aware of an objectively defined risk that it was infringing a valid patent. *Id.* None of NICE's asserted "facts" are sufficient to support such a showing, and many of NICE's asserted "facts" are not even supported by the evidence NICE cites. For example, Witness Systems' alleged knowledge of the patents and the NICE versus Dictaphone litigation is not sufficient to establish subjective recklessness under *Seagate* because

4

it fails show Witness Systems' awareness of an objectively defined risk of a high likelihood of infringement of a valid, enforceable patent.  *See Seagate*, 497 F.3d at 1371.

**III.    <u>CONCLUSION</u>**

For the foregoing reasons, NICE has failed to establish any issues of genuine material fact.  Furthermore, NICE has failed to provide any evidence that Witness Systems acted with objective recklessness, and therefore summary judgment on the issue of lack of willfulness should be granted.

Dated:  November 29, 2007                  FISH & RICHARDSON P.C.


By:  */s/ Kyle Wagner Compton*
_____
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     919 N. Market Street, Suite 1100
     P. O. Box 1114
     Wilmington, Delaware  19899-1114
     Telephone:  (302) 652-5070

     Nagendra Setty (*pro hac vice*)
     Daniel A. Kent (*pro hac vice*)
     1180 Peachtree Street, NE, 21st Floor
     Atlanta, GA 30309
     Telephone:  (404) 892-5005

     ATTORNEYS FOR DEFENDANT
     WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of November, 2007, I electronically filed with the

Clerk of Court **DEFENDANT WITNESS SYSTEMS, INC.'S REPLY TO PLAINTIFFS'**

**COUNTER STATEMENT OF GENUINE ISSUES OF MATERIAL FACT FOR**

**WITNESS SYSTEMS' MOTION  FOR PARTIAL SUMMARY JUDGMENT ON LACK**

**OF WILLFUL INFRINGEMENT** using CM/ECF which will send electronic notification of

such filing(s) to the below-listed Delaware counsel.  In addition, the filing will also be sent via

hand delivery.


Josy W. Ingersoll                              *Attorneys for Plaintiffs*
Melanie K. Sharp                             *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Mary Dugan
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

I also certify that on November 29, 2007, I have sent by electronic mail and U.S.

First Class Mail, the document(s) to the following non-registered participants:


Scott G. Lindvall                              *Attorneys for Plaintiffs*
Daniel DiNapoli                               *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


                                        */s/Kyle Wagner Compton*
                                        Kyle Wagner Compton

80052259.doc