IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., and | ) | |
| NICE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-311-JJF |
| | ) | |
| WITNESS SYSTEMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **PLAINTIFFS' PROPOSED PRELIMINARY JURY INSTRUCTIONS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: December 3, 2007

*The parties are exploring the use of a videotape prepared by The Federal Judicial Center to introduce the jury to the patent system. If the parties reach agreement on the use of the videotape, Plaintiffs reserve the right to supplement or amend their proposed preliminary instructions.*

## INTRODUCTION

Ladies and gentlemen, now that you have been selected and sworn as jurors in this case, I need to discuss with you some things about the trial and the law that you will apply to evaluate the evidence that you will hear. I will also give you detailed instructions on the law at the end of the trial. All of my instructions are important, and you should consider them together as a whole. Please listen carefully to everything I say.

This is a case about patent infringement. As noted earlier, when we were selecting the jury, the parties are NICE Systems, Inc. and NICE Systems, Ltd., referred to as NICE who are the plaintiffs and Witness Systems, Inc. who is the defendant. NICE owns United States Patents which are referred to by the last three numbers of the patent as a kind of shorthand reference: '371, '005, '570, 345, '372, '370, '921, and '109. Alternatively you may hear the lawyers and witnesses refer to these as the Henits, Daly, Glowny and Gritzer patents, using the first named inventor on each patent. NICE contends that Witness Systems infringed each of these patents. The parties may also sometimes refer to these patents as the "patents in suit."

## CONSTITUTIONAL BASIS FOR PATENT GRANT

The United States Constitution, Article I, Section 8, grants the Congress of the United States the power to enact laws "to promote the progress of science and useful arts, by securing for limited times to authors and inventors the exclusive right to their respective writings and discoveries." With this power, Congress enacted the patent laws.

## EXCLUSIONARY RIGHT AND TERM OF A PATENT

Whenever a patent is issued by the United States Patent and Trademark Office, the patent law gives the patent owner, here NICE, the right to exclude others from making, using and selling the invention throughout the United States for a period of **20 years** from the date the patent application is filed.

## THE PARTS OF A PATENT

I will next briefly describe the parts of a patent and some of the procedures followed by those attempting to obtain patents. For an invention to be patentable, it must be new, useful, and, at the time the invention was made, must not have been obvious to a person having ordinary skill in the art to which the subject matter pertains.

Under the Patent Laws, the Patent and Trademark Office examines patent applications and issues patents. A person applying for a patent must include a number of matters in his or her application, including the following: (1) a detailed description of the invention in terms sufficiently full, clear, concise and exact to enable any person skilled in the art to which the invention pertains to be able to make and use the invention; and (2) a disclosure of the best mode of carrying out the invention known to the inventor at the time of filing.

The application includes a written description of the invention called a "specification" and may include drawings that illustrate the invention. The specification concludes with one or more claims that particularly and distinctly define the subject matter that the inventor regards as his or her invention. When a patent application is received at the Patent and Trademark Office, it is assigned to an examiner, who examines the application, including the claims, to ascertain whether the application complies with the requirements of the U.S. Patent Laws. The examiner reviews files of prior work of others in the form of voluminous files of patents and publications. This type of material is called "prior art." Documents found in the search of prior art are called "references." In conducting the search of prior art, the examiner notes in writing on the file the classes or subclasses of art searched. The compilation of the

3

papers concerning the proceedings before the Patent Office is called the "prosecution history" or "file wrapper."

If, after reviewing the prior art maintained at the U.S. Patent and Trademark Office, the examiner concludes that the claims presented by the applicant patentably define the applicant's claimed invention over the most relevant known prior art, the application is granted as a U.S. Patent. A patent gives its owner the right to exclude others from making, using or selling the patented invention. A person who, without the patentee's authority uses a process or product that is covered by one or more claims of a valid patent, infringes that patent.

## SUMMARY OF THE PATENT ISSUES

In this case, you must decide several things according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. The primary issue that you must decide is whether the Witness products infringe any asserted claim of the NICE patents.

You will hear many of the terms I used in this description during the trial. They are summarized in a "Glossary of Patent Terms," which will be given to you.

Authorities: Federal Circuit Bar Ass'n Model Patent Jury Instructions, 2.2, 2.3 (2007); D. Del. Uniform Instruction, Preliminary Jury Instructions (1993).

## DUTIES AS JURORS

Now a word about your duties as jurors. Trial by jury is on of the cornerstones of our free society. Faithful performance by you of your duties is vital to the administration of justice.

You have two main duties as jurors. The first is to decide what the facts are based on the evidence that you will see and hear in court. Deciding what the facts are is your job, not mine, and nothing that I will say or do should influence your determination of the facts in any way. In deciding what the facts are, you must not engage in guesswork or speculation. You must not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case. Each side is entitled to the same fair and impartial consideration.

Your second duty is to take the principles of law that I explain to you and apply them to the facts in reaching your verdict. It is my job to instruct you about the law, and you are bound by the oath you just took to follow my instructions, even if you personally disagree with them. This includes these instructions and the instructions that I will give you during and after the trial.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authorities: D. Del. Uniform Instruction, 1.2 Juror's Duties (1993); Final Jury Instructions, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371 JJF (D. Del. 2006)

DB02:6347330.1

065251.1001

## BURDEN OF PROOF

NICE has the burden to prove patent infringement by what is called a preponderance of the evidence.  That means NICE has to produce evidence that, when considered in light of all of the facts, leads you to believe that what NICE claims is more likely true than not.  To put it differently, if you were to put NICE's and Witness Systems' evidence on the opposite sides of a scale, the evidence supporting NICE's claims would have to make the scales tip somewhat to its side.

In this case, Witness Systems argues that NICE's patents are not valid.  A patent, however, is presumed to be valid unless proven otherwise.  Accordingly, Witness Systems has the burden to prove the patents-in-suit is not valid by clear and convincing evidence.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable.  The burden to prove a fact by clear and convincing evidence is a heavier burden than the burden to prove the fact by a preponderance of the evidence.

Those of you who are familiar with criminal cases may have heard the phrase "proof beyond a reasonable doubt."  That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one.  You should therefore not consider it in this case.

Authorities: Federal Circuit Bar Ass'n Model Patent Jury Instructions, 1.1 (2007); D. Del. Uniform Instruction, Preliminary Jury Instructions, 1.3: Burdens of Proof (1993); Final Jury Instructions, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371 JJF (D. Del. 2006).

## EVIDENCE

The evidence you will consider consists of the sworn testimony of witnesses, the exhibits admitted into evidence, and any facts the parties admit or agree to. Some of the witnesses may not appear personally but may have their testimony presented through a transcript or videotape of prior sworn testimony, called a deposition. Now, only the testimony of witnesses, the exhibits that are received, and any stipulated facts are evidence. Nothing besides those things is evidence. The lawyers' statements and arguments are not evidence; their questions and objections are not evidence. My comments or questions are not evidence. Rulings on evidentiary objections are not evidence. Nothing you see or hear outside the courtroom is evidence.

From time to time it may be the duty of the attorneys to make objections to evidence that should not be presented at this trial under the rules of evidence. It is my duty as the judge to rule on those objections and decide whether you can consider the evidence in question. My decisions about the admission of evidence are governed by rules of law. You must not be influenced by any objection or by my reasons for making an evidentiary ruling. If I sustain an objection or order evidence stricken from the trial record, do not speculate about what a witness might have said or what an exhibit might have shown. You must not consider that evidence.

Use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decisions about the trial based only on the evidence, as I have defined it here, and nothing else.

Authorities: D. Del. Uniform Instruction, 1.4: Evidence Defined, 1.5: Consideration of Evidence (1993); Final Jury Instructions, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371 JJF (D. Del. 2006).

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

In this trial, the parties may present "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness that, if you believe the testimony, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authorities: D. Del. Uniform Instruction, 1.6: Direct and Circumstantial Evidence (1993); Final Jury Instructions, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371 JJF (D. Del. 2006).

DB02:6347330.1                                                                    065251.1001

## EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training, education, or experience in that technical field – a person called an expert witness – is permitted to state his opinion on those technical matters.

You are not required, however, to accept that opinion. As with any other witness, it is up to you to decide how much weight to give the opinion in light of all the evidence in the case.

You should take into account the expert's actual experience in the field, such as whether he has worked in the technology area to which he is testifying. Even though the person rendering the opinion may have been admitted as an expert, you may weigh his level of expertise in determining the reliability of his opinion.

Authorities: D. Del. Uniform Instruction, 1.9: Expert Witnesses (1993); Final Jury Instructions, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371 JJF (D. Del. 2006); Final Jury Instructions - Validity Trial, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371 JJF (D. Del. 2007).

DB02:6347330.1                                                                                     065251.1001

## GENERAL INSTRUCTION

Until this case is submitted, to you for your deliberation, you are to keep an open mind and not decide any issue in this case. You also must not discuss this case with anyone, remain within hearing of anyone discussing it, or read, watch, or listen to any discussion of the case in any news or entertainment media. After this case has been submitted to you, you must discuss this case only in the jury room when all members of the jury are present.

It is important that you wait until all the evidence is received and you have heard my instructions on the applicable rules of law before you deliberate among yourselves. The only evidence you may consider will be the evidence presented at trial. Because of this, and the need to base any decision only on what happens in courtroom, you should not attempt to gather any information on your own that you think might be helpful. Do not do any outside reading on this case and do not in any other way try to learn about the case outside the courtroom.

The reason for these rules, as I am certain you will understand, is that you must decide this case solely on the evidence in the case.

**Instructions On Taking Notes**

If you wish to, you may take notes during the evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. And remember that they are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. However, you should not assume that the transcripts will be available for you review during your deliberations. Nor should you consider notes that you or

065251.1001

your fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

1.      Note-taking is permitted, not required. Each of you may take notes. No one is required to take notes.

2.      Be brief. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Over-indulgence in note-taking may be distracting. You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing his or her credibility. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation itself.

3.      Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a stimulant to your memory. Your memory is what you should be relying on when it comes to deliberate and render your verdict in this case._You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

4.      Do not take your notes away from court. I repeat, at the end of each day, please leave your notes in the jury room. At the conclusion of the case, after you have used your

065251.1001

notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

**Some Logistical Information**

1.      Temperature – dress in layers.  It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building.  That is particularly true when the seasons are changing and the temperature outside can be erratic.  So bring a sweater or jacket you can wear if it is too cool but which you can take off if it gets too warm.

2.      Jury Stickers – Please wear the stickers you've been given that identify you as jurors.  We don't have specialized access for you to the elevators or other common areas in the building.  You will be sharing those with the representatives of the parties and others who have business with the Court.  Everyone wants to help you maintain the appropriate detachment you must have in order to avoid being influenced by things outside the courtroom.  By wearing your stickers, you help the parties and others to preserve the detachment.

And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish or avoid you when you see them in the elevators or elsewhere in the building.  Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

3.      Security System and Timeliness – You'll recall that when you came into the building today, you had to go through a security screening system.  If you had a cell phone, you had to check that in with one of the Court Security Officers.  Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you t be in the jury room before 9:00 a.m. each day of trial so that you can all come in and be seated together in the

jury box promptly at 9:00. I should note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient. Likewise, if I am required to deal with other proceedings, I ask you indulgence. Neither the Court nor the parties mean you any disrespect by a delay. On the contrary, you willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

4.    Schedule – A few additional words about the daily schedule: as I mentioned, we will begin taking testimony each day at 9:00 a.m. We will plan to have a break at mid-morning (at about 10:30), to recess for a one-hour lunch at approximately 12:30, to have a mid-afternoon break (at about 3:00), and to conclude the taking of testimony by 4:30 p.m. sharp. You can plan that you will able to leave court each day by 4:30.

**Course Of The Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what the party intends to prove, and is presented to help you follow the evidence as it is offered.

DB02:6347330.1

065251.1001

After the opening statements, the plaintiffs will present their witnesses, and defendants may cross-examine them. Then the defendants will present their witnesses, and plaintiffs may cross-examine them. Both sides may offer documents in evidence.

When all the evidence is in, the attorneys will make their closing arguments to summarize and interpret the evidence for you and I will give you instructions on the law at the end of the case. You will then retire to deliberate on your verdict.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Melanie K. Sharp

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

Dated: December 3, 2007

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

DB02:6347330.1                                                        065251.1001