IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and NICE SYSTEMS LTD,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>WITNESS SYSTEMS, INC.<br><br>    *Defendant*. | C.A. No. 06-311-JJF |

**<u>DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS</u>**

DATED:  December 3, 2007

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
Telephone:  (302) 652-5070


Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone:  (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

## **INTRODUCTION**

Ladies and gentlemen, now that you have been selected and sworn as jurors in this case, I need to discuss with you some things about the trial and the law that you will apply to evaluate the evidence that you will hear. I will also give you detailed instructions on the law at the end of the trial. All of my instructions are important, and you should consider them together as a whole. Please listen carefully to everything I say.

This is a case about patent infringement. As noted earlier, when we were selecting the jury, the parties are NICE Systems, Inc. and NICE Systems, LTD., referred to as NICE who are the plaintiffs and Witness Systems, Inc., referred to as Witness Systems, who is the defendant. NICE owns United States Patents which are referred to by the last three numbers of the patent as a kind of shorthand reference: '371, '005, '570, 345, '372, '370, '921,'109, '738, and '079. The parties may also sometimes refer to these patents as the "patents in suit."

NICE contends that Witness Systems infringed each of these patents. Witness Systems denies that it infringes the patents in suit. It also contends the patents in suit are invalid and unenforceable.

I will now show you a short video entitled "An Introduction to the Patent System" that will provide you with some background about the patent issues in this case. [Show the Federal Judicial Center Video].

## **DUTIES AS JURORS**

Now a word about your duties as jurors. Trial by jury is on of the cornerstones of our free society. Faithful performance by you of your duties is vital to the administration of justice.

You have two main duties as jurors. The first is to decide what the facts are based on the evidence that you will see and hear in court. Deciding what the facts are is your job, not mine, and nothing that I will say or do should influence your determination of the facts in any way. In deciding what the facts are, you must not engage in guesswork or speculation. You must not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case. Each side is entitled to the same fair and impartial consideration.

Your second duty is to take the principles of law that I explain to you and apply them to the facts in reaching your verdict. It is my job to instruct you about the law, and you are bound by the oath you just took to follow my instructions, even if you personally disagree with them. This includes these instructions and the instructions that I will give you during and after the trial.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

## **BURDEN OF PROOF**

NICE has the burden to prove patent infringement by what is called a preponderance of the evidence. That means NICE has to produce evidence that, when considered in light of all of the facts, leads you to believe that what NICE claims is more likely true than not. To put it differently, if you were to put NICE's and Witness Systems' evidence on the opposite sides of a scale, the evidence supporting NICE's claims would have to make the scales tip somewhat to its side.

In this case, Witness Systems argues that NICE's patents are not valid. A patent, however, is presumed to be valid unless proven otherwise. Accordingly, Witness Systems has the burden to prove the patents-in-suit are not valid by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a fact is highly probable. The burden to prove a fact by clear and convincing evidence is a heavier burden that the burden to prove the fact by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

**EVIDENCE**

The evidence you will consider consists of the sworn testimony of witnesses, the exhibits admitted into evidence, and any facts the parties admit or agree to. Some of the witnesses may not appear personally but may have their testimony presented through a transcript or videotape of prior sworn testimony, called a deposition. Now, only the testimony of witnesses, the exhibits that are received, and any stipulated facts are evidence. Nothing besides those things is evidence. The lawyers statements and arguments are not evidence; their questions and objections are not evidence. My comments or questions are not evidence. Rulings on evidentiary objections are not evidence. Nothing you see or hear outside the courtroom is evidence.

From time to time it may be the duty of the attorneys to make objections to evidence that should not be presented at this trial under the rules of evidence. It is my duty as the judge to rule on those objections and decide whether you can consider the evidence in question. My decisions about the admission of evidence are governed by rules of law. You must not be influenced by any objection or by my reasons for making an evidentiary ruling. If I sustain an objection or order evidence stricken from the trial record, do not speculate about what a witness might have said or what an exhibit might have shown. You must not consider that evidence.

Use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If you experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Make your decisions about the trial based only on the evidence, as I have defined it here, and nothing else.

## **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

In this trial, the parties may present "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness that, if you believe the testimony, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of facts and circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

The law makes no distinction between direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**EXPERT WITNESS**

When scientific, technical or other specialized knowledge may be helpful to the jury, a person who has special knowledge, skill, education, training or experience in that technical field, called an expert witness, is permitted to state an opinion on those matters.

The value of this kind of testimony depends upon the qualifications and skill of the witness, the sources of the witness's information, and the reasons supplied for any opinions given. You should consider this kind of testimony like all other testimony you hear and weight it by the same tests. However, as with any other witness, you are not required to accept expert's opinions. It will be up to you to decide whether to rely upon them.

## **GENERAL INSTRUCTIONS**

Until this case is submitted to you for your deliberation, you are to keep an open mind and not decide any issue in this case. You also must not discuss this case with anyone, remain within hearing of anyone discussing it, or read, watch, or listen to any discussion of the case in any news or entertainment media. After this case has been submitted to you, you must discuss this case only in the jury room when all members of the jury are present.

It is important that you wait until all the evidence is received and you have heard my instructions on the applicable rules of law before you deliberate among yourselves. The only evidence you may consider will be the evidence presented at trial. Because of this, and the need to base decision only on what happens in the courtroom, you should not attempt to gather any information on your own that you think might be helpful. Do not do any outside reading on this case and do not in any other way try to learn about the case outside the courtroom.

The reason for these rules, as I am certain you will understand, is that you must decide this case solely on the evidence in the case.

**Instructions on Taking Notes**

If you wish to, you may take notes during the evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. And remember that they are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. However, you should not assume that the transcripts will be

available for you review during your deliberations. Nor should you consider notes that your or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of the testimony during your deliberations. Here are some other specific points to keep in mind about note taking:

      1.    <u>Note-taking is permitted, not required</u>. Each of you may take notes. No one is required to take notes.

      2.    <u>Be brief</u>. Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Over-indulgence in note-taking may be distracting. You, the jurors, must pass on the credibility of witnesses; hence, you must observe the demeanor and appearance of each person on the witness stand to assist you in passing his or her credibility. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation itself.

      3.    <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors</u>. In your deliberations, give no more and no less weight to the views of a fellow juror just because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights in the trial. They are valuable, if at all, only as a stimulant to your memory. Your memory is what you should be relying on when it comes to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial.

    4. <u>Do not take your notes away from court</u>.  I repeat, at the end of each day, please leave your notes in the jury room.  At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations.

**<u>Some Logistical Information</u>**

    1. Temperature – dress in layers.  It is difficult for our landlord, the Government Services Administration, to maintain a constant temperature in the building.  That is particularly true when the seasons are changing and the temperature outside can be erratic.  So bring a sweater or jacket you can wear if it is too cool but which you can take off if it gets too warm.

    2. Jury Stickers – Please wear the stickers you've been given that identify you as jurors.  We don't have specialized access for you to the elevators or other common areas in the building.  You will be sharing those with the representatives of the parties and others who have business with the Court.  Everyone wants to help you maintain the appropriate detachment you must have in order to avoid being influenced by things outside the courtroom.  By wearing your stickers, you help the parties and others to preserve the detachment.

    And please, do not be offended if the attorneys or court personnel or others involved in the trial seem stand-offish or avoid you when you see them in the elevators or elsewhere in the building.  Again, they are not trying to be unfriendly, but they are obligated to avoid contact with you outside the context of the presentations in the courtroom.

    3. Security System and Timeliness – You'll recall that when you came into the building today, you had to go through a security screening system.  If you had a cell phone,

you had to check that in with one of the Court Security Officers. Such screening can cause delays, so please plan your arrival time at court in a manner that will allow you t be in the jury room before 9:00 a.m. each day of trial so that you can all come in and be seated together in the jury box promptly at 9:00. I should note that, sometimes, the other participants in this proceeding may cause you to wait. You will have done your part and arrived in the morning or after a break so that we can begin on time and yet you will be left in the jury room. I promise that I will do my utmost to hold such delays to the absolute minimum. We may be able to eliminate them entirely, but there are times during the course of a trial when matters arise which could not reasonably have been anticipated and which require the Court's attention. For example, the attorneys may have a legal issue which they need help resolving and in which it would not be appropriate to have you involved. If we have to deal with matters outside your presence, please be patient. Likewise, if I am required to deal with other proceedings, I ask you indulgence. Neither the Court nor the parties mean you any disrespect by a delay. On the contrary, you willingness to serve and the sacrifice of your time is deeply appreciated by all of us involved in these proceedings.

   4.  Schedule – A few additional words about the daily schedule: as I mentioned, we will begin taking testimony each day at 9:00 a.m. We will plan to have a break at mid-morning (at about 10:30), to recess for a one-hour lunch at approximately 12:30, to have a mid-afternoon break (at about 3:00), and to conclude the taking of testimony by 4:30 p.m. sharp. You can plan that you will able to leave court each day by 4:30.

**Course of the Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what the party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, the plaintiffs will present their witnesses, and defendants may cross-examine them. Then the defendants will present their witnesses, and plaintiffs may cross-examine them. Both sides may offer documents in evidence.

When all the evidence is in, the attorneys will make their closing arguments to summarize and interpret the evidence for you and I will give you instructions on the law at the end of the case. You will then retire to deliberate on your verdict.

Dated: December 3, 2007              FISH & RICHARDSON P.C.


By: */s/Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114
Tel:  (302) 652-5070

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005

Attorneys for Defendant
Witness Systems, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2007, I electronically filed with the Clerk of Court the **DEFENDANT'S PROPOSED PRELIMINARY JURY INSTRUCTIONS** using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel. In addition, the filing will also be sent via hand delivery.

| | |
|---|---|
| Josy W. Ingersoll | *Attorneys for Plaintiffs* |
| Melanie K. Sharp | *Nice Systems Ltd. and Nice Systems, Inc.* |
| Karen E. Keller | |
| Mary Dugan | |
| Young, Conaway, Stargatt & Taylor, LLP | |
| 1000 West Street, 17th Floor | |
| P.O. Box 391 | |
| Wilmington, DE 19899 | |

I also certify that on December 3, 2007, I have sent by electronic mail and U.S. First Class Mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Scott G. Lindvall | *Attorneys for Plaintiffs* |
| Daniel DiNapoli | *Nice Systems Ltd. and Nice Systems, Inc.* |
| Joseph M. Drayton | |
| Robert R. Laurenzi | |
| Kaye Scholer LLP | |
| 425 Park Avenue | |
| New York, NY 10022 | |

        */s/Kyle Wagner Compton*
        Kyle Wagner Compton (#4693)

80052436.DOC