# FISH & RICHARDSON P.C.

Suite 1100
919 N. Market Street
P.O. Box 1114
Wilmington, Delaware
19899-1114

Telephone
302 652-5070

Facsimile
302 652-0607

Web Site
www.fr.com

Frederick P. Fish
1855-1930

W.K. Richardson
1859-1951

**BY ELECTRONIC FILING**

December 12, 2007

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801



ATLANTA
AUSTIN
BOSTON
DALLAS
DELAWARE
MUNICH
NEW YORK
SAN DIEGO
SILICON VALLEY
TWIN CITIES
WASHINGTON, DC

Re:   NICE Systems, Inc. & NICE Systems, Ltd. v. Witness Systems, Inc.
       USDC-D. Del. - Civil Action No. 06-311

Dear Judge Farnan:

We have met and conferred with counsel for NICE but have been unable to reach agreement on appropriate narrowing of this case or the particulars of the schedule for completing pretrial preparations.  This letter addresses the outstanding issues that we will ask the Court to resolve at the conference with the Court on Friday, December 14 at 12:30 p.m.

Narrowing of the Case

Despite numerous requests from Witness Systems asking NICE for meaningful narrowing of the case for trial, as presently advised, we understand that NICE still plans to assert fifteen (15) claims from six (6) patents against seventy six (76) accused products--products which have never been properly compared, element-by-element to the asserted claims.  Because the Court has indicated that claim construction will not take place until the charge conference after the close of the evidence, the parties must present evidence in the alternative for each asserted claim, in order to cover all of the possible claim construction scenarios for each claim.  As a result, Witness Systems respectfully requests that the Court require NICE to narrow further the claims to be asserted at trial to a more realistic number that can be presented to and comprehended by a jury during this 5-day trial.

Schedule for Expert Reports

The parties have also been unable to agree to a precise schedule for exchanging technical expert reports over the coming holidays.[1]  Witness Systems proposed a

---

[1] The parties were able to agree to a schedule for exchanging damages expert reports, with NICE's report due on December 17, and Witness Systems' report due on December 28.

The Honorable Joseph J. Farnan, Jr.
December 12, 2007
Page 2

schedule that takes into account the Court's specific instruction during the December 6 hearing requiring NICE to serve its infringement report before Witness Systems must serve its invalidity report, and allows both parties equivalent times to file responsive reports thereafter. Witness Systems' proposed schedule also takes into account the limited availability of its experts during the holidays, and is set forth below:

| | |
|---|---|
| Dec 14: | Asserted claims narrowed by the Court |
| Dec 15: | NICE serves its infringement expert report |
| Dec 22: | Witness Systems serves its invalidity expert reports |
| Jan 2: | Both parties serve responsive expert reports |
| Jan 3-11: | Expert depositions take place |
| Jan 14-18: | Trial |

NICE has objected to this proposal, arguing that NICE has less time to respond to NICE's invalidity report than Witness Systems has to respond to NICE's infringement report. NICE's argument, however, ignores the fact that Witness Systems must complete two reports (invalidity and noninfringement) during its time period, while NICE must only complete one report (validity). Compressing the time for Witness Systems to prepare its response to NICE's infringement report would undo the sequence the Court ordered at the December 6 hearing. In any event, Witness Systems' proposed schedule allows both parties to complete expert reports before depositions, despite the intervening holidays, while NICE's proposed schedule unfairly compresses the time during which Witness Systems must complete two reports. As a result, Witness Systems respectfully requests that the Court adopt its proposed schedule, with both parties' responsive expert reports due on the same day, January 2, 2008.

Schedule for Expert Depositions

The parties have been unable to agree to a schedule for taking expert depositions. Witness Systems has proposed dates certain from January 8-11 for each of its three experts (two technical and one financial) to be deposed between the completion of their respective expert reports and trial. These dates represent the only dates these experts are available for deposition between their final reports and trial. NICE rejected that proposal, arguing instead that these experts should be required to cancel longstanding family and travel (including international travel) obligations merely so NICE can depose them a few days earlier, during January 3-7. NICE's position ignores the fact that until Thursday of last week (December 6), the Scheduling Order in this case called for expert depositions to take place over a period of approximately ninety (90) days after the Court entered its claim construction ruling, and also ignores the fact that the current schedule already requires substantial difficulty completing

The Honorable Joseph J. Farnan, Jr.
December 12, 2007
Page 3

two rounds of expert reports over the Christmas and New Years holidays. NICE's position notwithstanding, Witness Systems has provided dates on which NICE may depose all of Witness Systems' experts after their reports are completed and before trial, and has done so on extremely short notice. NICE's rejection of the proposed deposition dates before trial, and insistence on dates when the experts are not available, is not reasonable. As a result, NICE should be required to take the depositions of Witness Systems' experts when they are available, from January 8-11 as previously offered.

We look forward to discussing these issues with the Court on Friday.

Respectfully,

William J. Marsden, Jr.

WJM/db

80052824.doc