IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., and ) <br> NICE SYSTEMS, LTD., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> WITNESS SYSTEMS, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 06-311-JJF |

**PLAINTIFFS' MOTIONS *IN LIMINE* TO PRECLUDE ADMISSION OF EVIDENCE
RELATED TO THE *DICTAPHONE v. NICE* LITIGATION AND
<u>RELATED TO LACHES AND EQUITABLE ESTOPPEL</u>**

| | |
|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP <br> Melanie K. Sharp (No. 2501) <br> Mary F. Dugan (No. 4704) <br> Monté T. Squire (No. 4764) <br> The Brandywine Building <br> 1000 West Street, 17th Floor <br> Wilmington, DE  19801 <br><br> P.O. Box 391 <br> Wilmington, DE 19899 <br> (302) 571-6681 <br> msharp@ycst.com | KAYE SCHOLER LLP <br> Scott G. Lindvall <br> Joseph M. Drayton <br> 425 Park Avenue <br> New York, NY  10022 <br> (212) 836-8000 |

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: December 19, 2007

I.   **Plaintiffs' Motion *In Limine* to Preclude Admission of Evidence Related to the *Dictaphone v. NICE* Litigation, the Settlement of That Litigation, and Attorney Scott Lindvall's Involvement in That Litigation**[1]

**INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402, 403, and 408 NICE hereby moves *in limine* to preclude Defendant Witness Systems, Inc. ("Witness") from referencing or presenting to the jury evidence related to the *Dictaphone v. NICE* litigation, including the settlement of that litigation, Mr. Scott Lindvall's involvement and representation of NICE in that litigation and the fact that during that litigation, NICE challenged the validity of U.S. Patent 5,396,371 (the "'371 Patent") (one of the patents in suit in the present case) and asserted that it was unenforceable due to inequitable conduct. That NICE once challenged the validity and enforceability of the '371 Patent is entirely irrelevant to any issue in this litigation. Moreover, such information is highly prejudicial and would confuse and mislead the jury in its determination of the infringement and validity of the '371 Patent. Similarly, evidence regarding the settlement of the *Dictaphone v. NICE* litigation is inadmissible and entirely irrelevant to the issues before the jury in this case.

**BACKGROUND**

In 2000, NICE was sued by the Dictaphone Corporation ("Dictaphone") for infringement of two Dictaphone patents, including the '371 Patent at issue in this litigation between NICE and Witness. NICE's lead trial counsel in this action, Scott Lindvall, was also NICE's lead trial counsel in the *Dictaphone v. NICE* litigation (although Mr. Lindvall was then with a different law firm). NICE and Mr. Lindvall vigorously defended against Dictaphone's infringement claims, asserting that the '371 patent was not infringed, and was invalid and unenforceable due to inequitable conduct. The *Dictaphone v. NICE* litigation settled in 2003, before any decision

---

[1] The parties have reserved their right to file additional motions *in limine* to the extent a need arises for such motions in connection with expert discovery.

by the court on claim construction or the parties' pending summary judgment motions relating to infringement, validity, and inequitable conduct.

In May 2005, NICE bought Dictaphone's Communication Recording Systems business unit, which included the '371 Patent and other Dictaphone patents also in suit in this litigation. In May 2006, NICE commenced this action against Witness for infringement of ten U.S. patents, including the '371 patent. (D.I. 1).

**ARGUMENT**

**A.     NICE's Prior Challenge to the '371 Patent Is Irrelevant to This Litigation**

Witness contends that it does not infringe the '371 Patent and that the '371 Patent is invalid and not enforceable. The merits of Witness's non-equitable defenses can be fully assessed by the jury based on admissible evidence relating to whether Witness's products infringe the claims of the '371 Patent and/or whether Witness has presented clear and convincing evidence that the claims of the '371 Patent fail to meet the requirements of the Patent Laws. The evidence (*i.e.*, the teachings of the prior art) either proves Witness's case or it does not, without regard to any position NICE may have taken in the prior *Dictaphone v. NICE* litigation. The fact that NICE in a prior litigation asserted that NICE's products did not infringe the '371 Patent and that the '371 patent was invalid and unenforceable has absolutely no relevance the issues to be tried in this litigation. While Witness is free to take advantage of the arguments NICE may have taken in the prior litigation (*i.e.*, assert the same prior art references NICE may have raised), Witness should not be permitted to inform the jury that NICE and Mr. Lindvall, as NICE's attorney, once attacked the '371 Patent. Such information has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Moreover, because NICE and Dictaphone settled their dispute prior to any decisions on the merits, the doctrine of judicial estoppel does not apply. *See United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) ("Judicial estoppel's sole valid use . . . is to remedy an affront to the court's integrity . . . judicial estoppel is not appropriate where the initial claim was never accepted or adopted by a court or agency.").[2] Witness should be precluded from introducing evidence related to the *Dictaphone v. NICE* litigation and Mr. Lindvall's involvement in that litigation.

B. **Evidence Regarding NICE's Settlement with Dictaphone is Inadmissible and Irrelevant in This Litigation**

Evidence of compromise of a claim which was previously disputed, as well as evidence of conduct or statements made in compromise negotiations "is not admissible to prove liability for or invalidity of the claim or its amount." Fed. R. Evid. 408. The settlement of the *Dictaphone v. NICE* litigation was a compromise between the parties to that dispute, and as such, evidence related to that compromise, including the settlement agreement and settlement discussions is inadmissible to show liability or invalidity of the claims in this matter. Moreover, evidence related to the settlement of that prior litigation is irrelevant to any other issues before the jury and thus, Witness should be precluded from introducing such evidence or referring to the settlement before the jury. Fed. R. Evid. 402.

C. **Any Relevance of NICE's Prior Challenge to the '371 Patent Is Clearly Outweighed By Unfair Prejudice to NICE, Confusion of the Issues, and Misleading the Jury**

Even, assuming *arguendo*, that NICE's prior challenge to the '371 Patent, or Mr. Lindvall's role as NICE's trial counsel in that prior action, had some marginal relevance to the

---

[2] Nor do the doctrines of *res judicata* or collateral estoppel apply based on the prior *Dictaphone v. NICE* litigation that would preclude NICE from asserting any claim or litigating any issue in this action.

issues to be tried to the jury in this litigation, such evidence should be excluded under Rule 403 because it would unfairly prejudice NICE and confused and mislead the jury.

Whether Witness will prevail in proving the '371 Patent invalid will depend on whether it can show by clear and convincing evidence that the '371 Patent fails to meet a statutory requirement of the Patent Laws. The merit of that argument is independent of the identity of the party advocating the position. By seeking to inform the jury that NICE itself once asserted that the '371 Patent was invalid, Witness will attempt to unfairly prejudice NICE's ability to rebut Witness's attacks by sowing seeds of doubt in the jurors' minds as to the integrity of NICE's position. Certainly such evidence carries a high likelihood of confusing jurors who may not understand how NICE could take a position in this litigation that may be contrary to the one taken in the prior *Dictaphone v. NICE* litigation. *See Wall v. Lotwick*, No. 1:04-CV-238, 2006 U.S. Dist. LEXIS 34113, at *4 (M.D. Pa. May 23, 2006) (court did not permit plaintiff to introduce statements or evidence that reference dismissed claims in prior litigation because they would be irrelevant, prejudicial to defendant and misleading to the jury). Introduction of such irrelevant evidence will only complicate the trial, confuse the jury and prejudice NICE.

Similarly, the fact that Mr. Lindvall as NICE's trial counsel is advocating a different position in this litigation compared with the *Dictaphone v. NICE* litigation, besides being irrelevant, can only serve to prejudice NICE and confuse and mislead the jury. While members of the bar accept and expect that they may have to advocate contrary positions in different cases, jurors are likely to find this in conflict with their own perception of the role of counsel. Certainly it will be highly improper and prejudicial for NICE's trial counsel to have to in any way explain any difference in the positions he is advocating in this litigation as compared with the prior *Dictaphone v. NICE* litigation.

The prejudice to NICE described above is heightened with respect to Witness's inequitable conduct defense, which involves potentially inflammatory allegations of deceptive intent in the procurement by Dictaphone of the '371 Patent, an issue which will be tried to the Court and not to the jury.

**CONCLUSION**

For the foregoing reasons, Witness should be precluded from referencing or presenting to the jury evidence related to the *Dictaphone v. NICE* litigation, including the settlement of that litigation, Mr. Lindvall's involvement in that litigation and the fact that during that litigation, both NICE and Mr. Lindvall challenged the validity of the '371 Patent and asserted that it was unenforceable due to inequitable conduct.

II.  **Plaintiffs' Motion *In Limine* to Preclude Admission of Evidence Related to Laches and Equitable Estoppel**

**INTRODUCTION**

Pursuant to Federal Rules of Evidence 401, 402 and 403, NICE hereby moves *in limine* to preclude Witness from referencing or presenting evidence to the jury related to Witness's allegations of laches and equitable estoppel. These equitable defenses and the facts related to them are irrelevant to the issues to be decided by the jury trial. Moreover, equitable defenses are issues for the court to decide, and presenting to the jury irrelevant evidence related to such issues would lead to unfair prejudice, confusion of issues, and would be misleading to the jury.

**BACKGROUND**

Witness contends that the defense of laches "bars NICE's claims of patent infringement." (D.I. 261-19). Witness contends that NICE or its predecessor, Dictaphone, delayed in bringing a lawsuit "for an unreasonable and inexcusable length of time after it knew or should have known of the potential infringement, resulting in material prejudice or injury to Witness Systems." (*Id*.).

Furthermore, Witness argues that equitable estoppel bars NICE's claims of patent infringement. (*Id*.) Witness suggests that NICE or Dictaphone "created, through words, conduct or silence, a misleading inference that it did not intend to press an infringement claim against Witness Systems and/or Eyretel Plc;" that Witness and Eyretel relied on NICE's misleading conduct; and that Witness "will suffer material economic or evidentiary prejudice if NICE is permitted to proceed with its infringement claim." (*Id*.).

**ARGUMENT**

**A.    The Equitable Defenses Are Irrelevant to the Issues Before the Jury**

Any evidence related to Witness's allegations of laches and equitable estoppel is irrelevant to the issues actually before the jury in this litigation. Such evidence has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The jury in this case will make determinations on infringement and validity of NICE's patents, and evidence related to Witness's equitable defenses has no bearing on these determinations. As it is irrelevant, evidence related to Witness's equitable defenses is inadmissible in the jury trial. Fed. R. Evid. 402; *see e.g.*, *In re TMI Litig.*, 193 F.3d 613, 714 n.170 (3d Cir. 1999) (finding evidence "inadmissible because it was irrelevant under Rule 402").

**B.    Any Relevance of the Equitable Defenses Is Clearly Outweighed by Unfair Prejudice to NICE, Confusion of Issues and Misleading the Jury**

Even assuming *arguendo* that the evidence related to Witness's equitable defenses has some marginal relevance to the issues to be tried by the jury in this litigation, such evidence should be excluded because it would unfairly prejudice NICE and confuse and mislead the jury. Federal Rule of Evidence 403 gives the Court broad discretion to exclude relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see, e.g.*, *Betterbox Comms. Ltd. v. BB Techs., Inc.*, 300 F.3d 325, 330 (3d Cir. 2002) (emphasizing the district court's broad discretion when ruling on a Rule 403 request). Witness's evidence concerning laches and equitable estoppel falls squarely within the subset of evidence which may be excluded from presentation to the jury under Rule 403.

The defenses of laches and equitable estoppel are equitable in nature and such "[e]quitable determinations are generally reserved to the courts." *In re Bogese*, 303 F.3d 1362, 1370 (Fed. Cir. 2002); *Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp.*, 398 F. Supp. 2d 305, 309 (D. Del. 2005) (defendant asserted "equitable defenses of unclean hands and [equitable] estoppel); *Bayer AG v. Sony Elecs.*, 229 F. Supp. 2d 332, 366 (D. Del. 2002) ("Laches is an equitable defense to a claim of patent infringement."). Since the Court, and not the jury, will make the determinations on Witness's allegations of laches and equitable estoppel, evidence related to these allegations, if presented to the jury, would only create unfair prejudice and confusion, and would mislead the jury. To support its allegations, Witness would be required to show evidence of NICE's alleged unreasonable delay and alleged misleading conduct, both of which would highly prejudice NICE on other issues properly before the jury. This prejudice to NICE and confusion of the jury would substantially outweigh the probative value, if any, of the evidence related to laches and equitable estoppel and thus, Witness should be precluded from presenting such evidence to the jury.

Moreover, excluding Witness's evidence of laches and equitable estoppel from the jury trial will cause no prejudice to Witness. Witness will be able to assert any information that properly establishes invalidity and non-infringement (issues that are actually being tried by the

jury) and has no need to refer to its allegations of laches or equitable estoppel to do so effectively.

Finally, evidence which has no relevance to the issues to be decided by the jury at best wastes time and at worst risks confusion in an already complex case. Evidence of laches and equitable estoppel would not help the jury make its determinations on issues such as invalidity and infringement, and thus, has little probative value in the context of the matters actually before the jury. Witness can show invalidity and non-infringement of NICE's patents through evidence which is significantly less prejudicial to NICE.

**CONCLUSION**

For the foregoing reasons, Witness should be precluded from referencing or presenting evidence related to Witness's allegations of laches and equitable estoppel before the jury in this action.

    Respectfully submitted,

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    */s/ Melanie K. Sharp*

    _____
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

Dated: December 19, 2007

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS, LTD.,<br><br>        Plaintiffs,<br>   v.<br><br>WITNESS SYSTEMS, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   Civil Action No. 06-311-JJF<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

At Wilmington, this ____ day of _____, 200___, having considered Plaintiffs' Motion *In Limine* to Preclude Admission of Evidence Related to the *Dictaphone v. NICE* Litigation, the Settlement of That Litigation and Attorney Scott Lindvall's Involvement in That Litigation, and having considered the parties' arguments with regard to that motion, rules as follows:

IT IS SO ORDERED that Plaintiffs' Motion *In Limine* to Preclude Admission of Evidence Related to the *Dictaphone v. NICE* Litigation, the Settlement of That Litigation and Attorney Scott Lindvall's Involvement in That Litigation is hereby GRANTED.

_____
United States District Court Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS, LTD.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>WITNESS SYSTEMS, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)　Civil Action No. 06-311-JJF<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

At Wilmington, this ____ day of _____, 200___, having considered Plaintiffs' Motion *In Limine* to Preclude Admission of Evidence Related to Laches and Equitable Estoppel, and having considered the parties' arguments with regard to that motion, rules as follows:

IT IS SO ORDERED that Plaintiffs' Motion *In Limine* to Preclude Admission of Evidence Related to Laches and Equitable Estoppel is hereby GRANTED.

_____
United States District Court Judge