### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC. and           :
NICE SYSTEMS LTD.,

                           :       Civil Action No. 06-311-JJF

             Plaintiffs,

                          :

         v.                     :

WITNESS SYSTEMS, INC.,         :

            Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PROPOSED PRE-TRIAL ORDER

On January 9, 2008, at 1:00 p.m., counsel for plaintiffs NICE Systems, Inc. and NICE

Systems, Ltd. ("NICE") and counsel for defendant Witness Systems, Inc. (also known as

Verint Americas Inc. and hereinafter referred to as "Witness Systems") shall attend a final pre-

trial conference before this Court. The following matters as to the trial currently scheduled to

begin on January 14, 2008 are hereby ordered by the Court.

### I.    NATURE OF THE ACTION AND PLEADINGS

1. On May 10, 2006, NICE filed suit against Witness Systems, alleging in its

complaint that Witness Systems has been and is infringing one or more claims of U.S. Patent

Nos. 5,274,738 ("the '738 patent"), 5,396,371 ("the '371 patent"), 5,819,005 ("the '005

patent"), 6,249,570 ("the '570 patent"), 6,728,345 ("the '345 patent"), 6,775,372 ("the '372

patent"), 6,785,370 ("the '370 patent"), 6,870,920 ("the '920 patent"), 6,959,079 ("the '079

patent"), and 7,010,109 ("the '109 patent") within the United States by manufacturing, using,

selling and offering for sale products including, but not limited to, ContactStore, ContactStore

for IP, ContactStore for Communication Manager, Quality for Communication Manager,

Impact 360 and eQuality Balance, and that Witness Systems' infringement is willful and deliberate. [D.I. 1].

2.    On May 24, 2006, the parties jointly stipulated to an extension of time for Witness Systems to file responsive pleadings to NICE's Complaint. [D.I. 6]. The Court granted the extension of time to plead in response to the Complaint on May 30, 2006.

3.    On June 29, 2006, Witness Systems filed a Motion to Transfer the case to the Northern District of Georgia. [D.I. 13]. The Court entered a stipulated order to extend the time for remaining briefing with regards to Witness Systems' Motion to Transfer on July 18, 2006. On July 28, 2006, NICE filed its Opposition to Witness Systems' Motion to Transfer. [D.I. 24]. On August 11, 2006, Witness Systems filed its Reply to the Motion to Transfer. [D.I. 32]. The Court denied Witness Systems' Motion to Transfer on October 12, 2006. [D.I. 39].

4.    On June 30, 2006, Witness Systems filed an Answer to the Complaint. [D.I. 17].

5.    A scheduling conference was held on October 12, 2006. A Joint Proposed Scheduling Order was executed by the Court on October 30, 2006. [D.I. 46].

6.    On January 30, 2007, Witness Systems filed an Amended Answer to NICE's Complaint and a Counterclaims against NICE for declaratory judgments of noninfringement and invalidity. [D.I. 64].

7.    On February 21, 2007, NICE filed its Reply to Witness Systems' Amended Answer and Counterclaim. [D.I. 73].

8.    On March 21, 2007, Witness Systems moved for leave to file its Second Amended Answer, Defenses, and Counterclaims. [D.I. 85].

9. On April 13, 2007, the Court granted Witness Systems motion for leave to file its Second Amended Answer, Defenses, and Counterclaims. [D.I. 96]. By that same Order, the Court "separate[d] and stay[ed] all proceedings related to the antitrust claim until the pending claims are tried."

10. On June 26, 2007, this Court held a Markman hearing on claim construction issues, the transcript of which was filed on July 25, 2007. [D.I. 216]. The Court accepted a Stipulation Regarding Agreed Claim Construction Terms on June 29, 2007.

11. On October 17, 2007, this Court signed an Order formalizing NICE's notice on September 28, 2007 [D.I. 233] of withdrawal of 29 claims at issue. [D.I. 237]. On November 5, 2007, this Court signed an Order formalizing NICE's withdrawal of an additional 17 claims at issue, which resulted in the elimination of the '738 and '079 patents from this action. [D.I. 251]. On December 13, 2007, NICE withdrew an additional 14 claims at issue. [D.I. 275]. In its December 14, 2007 Memorandum Order, this Court stated "that Plaintiff has sufficiently narrowed its case to be understandable and manageable for a jury trial." [D.I. 280]. NICE is further withdrawing claims 14 and 48 of the '345 patent, which results in the elimination of the '345 patent from this action. Presently, eleven (11) claims from the five patents-in-suit remain for trial. NICE asserts that Witness Systems' products and software infringe, literally and under the doctrine of equivalents, the following claims:

- claims 1 and 8 of the '371 patent;

- claim 6 of the '570 patent;

- claims 1, 15 and 33 of the '372 patent;

- claims 1, 16 and 21 of the '920 patent; and

- claims 1 and 6 of the '109 patent.

12. On December 6, 2007, this Court held a pre-trial conference at which the Court bifurcated the issues of inequitable conduct and unclean hands from the jury trial. In doing so, the Court stated:

> I agree with you, that plaintiff wants to have willfulness, damages, everything done at once. So there typically is overlapping evidence, particularly when you have all of the patent issues tried in one trial. And I understand that's what plaintiff wants, and that's what they're getting. You get what I would call the advantage of that decision, because although they don't want a lot of that inequitable conduct, unclean hands evidence to go before the jury, it's going to get there by virtue of their desire to have all patent issues tried to the jury at once. You get the second advantage, if there's some discrete evidence that you're not going to be able to convince me is overlapping to a patent issue, being tried to the jury, I'll give you the chance to have a couple hours to put that witness on, and I'll hear it.

[D.I. 278].

13. On December 17, 2007, Nice filed an Identification of Witness' Core Recording Products Accused of Infringement. In short, those four core products are (i) Balance, (ii) Contact Store (including certain Nortel products), (iii) ContactStore for IP (including certain Nortel Products)and (iv) ContactStore for Communication Manager . Witness contends that NICE identified multiple versions of at least fourteen distinct Witness Systems products. [D.I. 281]. NICE disagrees with Witness' contention that there are fourteen distinct Witness Systems products accused of infringement and contends that, even if fourteen distinct Witness Systems products are accused of infringement, they can be represented as four core products.

## II.    BASIS FOR FEDERAL JURISDICTION

1. NICE's action for infringement arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over NICE's infringement claims pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

2.  Witness Systems' counterclaims for declaratory judgment arise under the patent laws of the United States, Title 35 of the United States Code.  Witness Systems' counterclaims for antitrust violations arise under Title 15 of the United States Code.  The Court has subject matter jurisdiction over Witness Systems' counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201; and 15 U.S.C. §§ 15 and 26.

3.  Neither party contests this Court's personal jurisdiction over the litigants.

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## III.   STATEMENT OF ADMITTED FACTS

1.  The parties' Joint Statement of Admitted Facts is attached as Exhibit 1.

## IV.   STATEMENT OF ISSUES OF FACT

1.  NICE's Statement of Issues of Fact that remain to be litigated is attached as Exhibit 2.

2.  Witness Systems' Statement of Issues of Fact that remain to be litigated is attached as Exhibit 3.

## V.   STATEMENT OF ISSUES OF LAW

1.  NICE's Statement of Issues of Law that remain to be litigated is attached as Exhibit 4.

2.  Witness Systems' Statement of Issues of Law that remain to be litigated is attached as Exhibit 5.

## VI.   EXHIBITS

1.  The parties will offer as exhibits at trial one or more of the exhibits set forth on their respective exhibit lists.  These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit, *i.e.*, by production number, deposition exhibit number, or other means.  Witness Systems objects that many of the exhibits listed on NICE's

exhibit list either have not been produced to Witness Systems or are not described with sufficient particularity to identify the exhibit, *e.g.,* Ex. 651, "www.tmcnet.com". In such instances, Witness Systems reserves the right to provide objections to those exhibits once the parties exchange final exhibits with final exhibit labels.

2.    Any party may use an exhibit on the other party's list, to the same effect as though it was on its own list, subject to all evidentiary objections. That is, a party placing an exhibit on its exhibit list shall not be deemed to concede that it is admissible if used by the opposing party, and shall preserve all evidentiary objections thereto. Any exhibit, once admitted, may be used equally by either party.

3.    The parties have agreed to the admissibility of the patents-in-suit.

4.    NICE's list of exhibits (with Witness Systems' objections and NICE's stated bases for admission) is attached as Exhibit 6. NICE reserves its right to list additional trial exhibits based on the deposition testimony of the parties' technical and damages experts; exhibits needed for rebuttal and impeachment purposes; exhibits responsive to Witness Systems' exhibit list; and exhibits used at recently taken depositions. NICE also reserves its right to generally supplement its exhibit list prior to the pre-trial conference. Witness Systems' objections to specific documents are noted thereon, except as to relevance.

5.    Witness Systems' list of exhibits (with NICE's objections) is attached as Exhibit 7. As of June 30, 2007, the Local Rules of this Court were amended, deleting the requirement that the Proposed Pretrial Order include a recitation of "the Federal Rule[s] of Evidence relied upon by the proponent of the exhibits." L.R. 16.3(c)(6) (as amended June 30, 2007). Moreover, as NICE did not provide Witness Systems with its objections to Witness Systems' proposed trial exhibit until late in the day that the parties filed the Proposed Pretrial Order, providing bases

for admission in response to NICE's objections was logistically impossible. To the extent the Court requires Witness Systems' stated bases for admission before the start of trial, Witness Systems will provide them in a timely manner. Witness Systems reserves its right to list additional trial exhibits based on the deposition testimony of the parties' technical and damages experts; exhibits needed for rebuttal and impeachment purposes; exhibits responsive to NICE's exhibit list; and exhibits used at recently taken depositions. Witness Systems also reserves its right generally to supplement, and/or reorder its exhibit list prior to the pre-trial conference. NICE's objections to specific documents are noted thereon, except as to relevance.

6.    Each party shall exchange with the other party, no later than 7:00 p.m. on January 10, 2008, copies of its final exhibits with final exhibit labels.

7.    The parties disagree on exhibit exchange on the evening before their expected use at trial.

NICE proposes the following procedure:

The parties shall exchange demonstrative exhibits in electronic form and identify any anticipated evidence that is the source of the information in the demonstrative exhibits, labeled with the demonstrative exhibit number to be used at trial, by 7:00 p.m. the day before they are intended to be used. The parties' respective objections to the demonstrative exhibits, if any, shall be raised with the opposing party by 9:30 p.m. the day before they are intended to be used. If the parties cannot, in good faith, resolve any objections to the demonstrative exhibits, the objections shall be raised with the Court prior to the start of the following trial day

and prior to any testimony or argument pertaining to the particular
exhibit.

NICE is concerned that a more expansive exchange, if not interpreted
and implemented similarly by the parties and if not subject to an
enforcement mechanism, will not accomplish the intended objective of
streamlining case presentation, but rather may prejudice a cooperative
party and confer unfair advantage onto a non-cooperative party.

Witness Systems proposes the following procedure:

Unless agreed to otherwise, each party will provide to the other party a
written list of exhibits (and a copy of any demonstrative exhibits), by
exhibit number and witness(es) for whom the exhibit will be used, that it
intends to use on direct examination in court, by 7:00 p.m. on the trial
day preceding the day on which the exhibits and/or demonstratives are
intended to be used and the witnesses are intended to be called. The
parties will meet and confer on any objections by 9:30 p.m. that evening
and will present any unresolved issues to the Court the morning of the
proposed use of the disputed exhibit and/or demonstrative. The parties
hereby agree that, once confirmed, the exhibits and demonstratives to be
used in direct examination may not change absent good cause.

8.   Any exhibit identified in any party's exhibit list and not objected to at the time of
this Order (except as described in this paragraph) may be admitted and entered in evidence,
except over an objection of relevance. Each party herein expressly reserves the right to object
to the relevancy of any evidence offered by the other party, at the time such evidence is

8

offered, in view of the specific context in which such evidence is offered. To the extent any

party supplemented its exhibit list prior to the entry of this Order, the opposing party shall have

3 days to provide objections (other than as to relevance) to any newly added exhibits.

9. With regard to authentication and admissibility of NICE trial exhibits, NICE's

position is that any document, that on its face appears to have been authored by an employee or

officer of NICE at the time the employee or officer was employed by NICE, shall be deemed

authentic, subject to the right of the party against whom such a document is offered to adduce

evidence to the contrary. It is also NICE's position that any document, that on its face appears

to have been authored by an employee or officer of Dictaphone, Inc. at the time the employee

or officer was employed by Dictaphone, Inc. shall be deemed authentic, subject to the right of

the party against whom such a document is offered to adduce evidence to the contrary.

10. With regard to the authenticity of Witness' trial exhibits, it is NICE's position that

to the extent it seeks to admit a document produced in this litigation, it can rely on, among

other things, Witness admissions made in response to discovery requests. Witness admitted, in

its Response to NICE's First Set of Requests for Admission dated March 5, 2007, that

"documents that were produced by it in this litigation and which were created by Witness are

presumptively authentic" and that "the documents it produced from its business files

presumptively constitute business records within F.R.E. 803(6)."

11. With regard to authentication and admissibility of all trial exhibits, Witness

Systems' position is that any document that on its face appears to have been authored by an

employee, officer, consultant or agent of a party or its predecessor-in-interest (including

Dictaphone and/or Eyretel) shall be deemed authentic, subject to the right of the party against

whom such a document is offered to adduce evidence to the contrary. It is also Witness

Systems' position that any document, that on its face appears to have been authored by employee, officer, consultant or agent of a party or its predecessor-in-interest (including Dictaphone and/or Eyretel) shall be deemed to presumptively constitute records of regularly conducted business activity within F.R.E. 803(6), subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

12. Legible photocopies of United States and foreign patents and publications and the contents of U.S. Patent Office file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of such copies. The dates of filing and issuance and the identity of the inventors of record shall be deemed to be shown on the face of each such patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

13. Legible copies of documents may be offered and received in lieu of originals thereof, subject to all other objections which might be made to the admissibility of such originals, and subject to the right of either party to inspect an original on request. Each such document shall be deemed to have been created on the date it bears (if any), subject to the right of the party against whom it is offered to adduce evidence to the contrary.

## VII.    WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1. NICE's list of witnesses that it may call in person at trial and a brief statement of the subject matter of each expert witness's testimony is attached hereto as Exhibit 8. To the extent Witness Systems objects to NICE calling any individual on NICE's list of witnesses, Witness Systems reserves those objections for motions in limine.

2. Witness Systems' list of witnesses that it may call in person at trial is attached hereto as Exhibit 9. To the extent NICE objects to Witness Systems calling any individual on Witness Systems' list of witnesses, NICE reserves those objections for motions in limine.

3.   The parties' lists of deposition designations that they may offer at trial (other than in the course of cross-examining a witness) are attached hereto as Exhibits 10 (NICE's designations) and 11 (Witness Systems' designations).  Deposition testimony is designated by deponent, litigation, date, and page and line number on which the testimony which the designating party wishes to introduce appears.

4.   Each party will provide the other party with a list, in order of presentation, of witnesses whom it intends to call on direct examination by 7:00 p.m. two nights before those witnesses are intended to testify in court (designating whether each is live or by designation). Each party will provide a final list of witnesses (again designating whether live or by designation) that it intends to call to testify by 7:00 p.m. the trial day before the day the witness is expected to testify.

5.   As described in Section VI, above, the parties disagree on the procedure for identifying exhibits and demonstratives to be used at trial. For live witnesses, NICE proposes that the notice shall only include a list of demonstratives as provided in Section VI, above. Witness Systems proposes that the notice shall include a list of exhibits and demonstratives to be used with each witness.  Both parties propose that, under either proposal, no deviations from this notice shall be permitted except by agreement of the parties or for good cause shown.

6.   No witness called by a party shall be permitted to testify unless identified in this Order.

7.   The courtroom deputy will keep a running total of trial time used by counsel.

8.   The parties have also agreed to reserve all objections to the deposition designations for trial and that attorney objections and colloquy will not be read at trial.

9. The parties shall prior to the beginning of trial endeavor to arrive at a mutually agreeable procedure for the handling of highly confidential documents and sensitive source code, produced in the course of discovery.

## VIII. STATEMENT OF INTENDED PROOFS

1. In support of its claims, in addition to the facts not in dispute, NICE expects to offer the proofs set forth in Exhibit 12.

2. In support of its claims, in addition to the facts not in dispute, Witness Systems expects to offer the proofs set forth in Exhibit 13.

## IX. MISCELLANEOUS

1. The parties' joint submission regarding jury instructions will be filed separately pursuant to Local Rule 51.1(a).

2. NICE's Statement of Miscellaneous Issues to Be Addressed at the Pre-Trial Conference is attached as Exhibit 14 hereto.

3. Witness Systems' Statement of Miscellaneous Issues to Be Addressed at the Pre-Trial Conference is attached as Exhibit 15 hereto.

4. The parties' Proposed Special Verdict Forms will be filed separately pursuant to Local Rule 51.1(c).

5. The parties' proposed voir dire will be filed separately consistent with Local Rule 47.1(a)(2).

6. Witness proposes:

If at any time during trial a juror wishes for particular questions to be posed to a witness during the witness' testimony, the juror may write his/her questions on a slip of paper and immediately hand the questions to the jury foreperson, who will then immediately pass the questions to

the Court. The Court will then review the question and decide whether to ask the question, and may (at the Court's discretion) either (a) ask the question or a modification of it at a time of the Court's choosing, and/or (b) pass the question to each parties' counsel.

NICE objects:

NICE objects to Witness Systems' proposed procedure as it will be disruptive to the administration of the trial.

## X.     CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

1.   The parties certify that they have engaged in a good faith effort to explore the resolution of the controversy by settlement.

## XI.     ORDER TO CONTROL COURSE OF ACTION

1.   As required by Local Rule 16.3(d)(4), this Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

13

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

FISH & RICHARDSON, P.C.

/s/ Kyle Wagner Compton

Melanie K. Sharp (No. 2501)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

William J. Marsden, Jr. (No. 2247)
Kyle Wagner Compton (No. 4693)
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114
(302) 778-8401
marsden@fr.com

P.O. Box 391
Wilmington, DE  19899
(302) 571-6681
msharp@ycst.com

Nagendra Setty (pro hac vice)
Daniel A. Kent (pro hac vice)
Noah Graubart (pro hac vice)
1180 Peachtree, Street, N.E., 21st Floor
Atlanta, GA  30309
(404) 892-5005

Scott G. Lindvall (pro hac vice)
Daniel DiNapoli (pro hac vice)
Joseph M. Drayton (pro hac vice)
KAYE SCHOLER LLP
425 Park Avenue
New York, NY  10022
(212) 836-8000

Attorneys for Defendant Witness Systems, Inc.

Attorneys for Plaintiffs NICE Systems, Inc. and
NICE Systems, Ltd.

Dated:  January 7, 2008

SO ORDERED THIS _____ day of _____, 2008.

_____
United States District Judge

## EXHIBITS TO PROPOSED PRE-TRIAL ORDER

| EXHIBIT | DESCRIPTION | LOCAL RULE |
|---|---|---|
| 1 | Statement of Undisputed Facts | 16.3 (c)(3) |
| 2 | NICE's Statement of Issues of Fact | 16.3 (c)(4) |
| 3 | Witness' Statement of Issues of Fact | 16.3 (c)(4) |
| 4 | NICE's Statement of Issues of Law | 16.3 (c)(5) |
| 5 | Witness' Statement of Issues of Law | 16.3 (c)(5) |
| 6 | NICE's Trial Exhibit List (with Witness' objections and NICE's bases for admission) | 16.3 (c)(6) |
| 7 | Witness' Trial Exhibit List (with NICE's objections and Witness' bases for admission) | 16.3 (c)(6) |
| 8 | NICE's Witness List | 16.3 (c)(7) |
| 9 | Witness' Witness List | 16.3 (c)(7) |
| 10 | NICE's Designation of Deposition Testimony (with Witness' Counter-Designations) | |
| 11 | Witness' Designation of Deposition Testimony (with NICE's Counter-Designations) | |
| 12 | NICE's Statement of Intended Proofs | 16.3 (c)(8) |
| 13 | Witness' Statement of Intended Proofs | 16.3 (c)(9) |
| 14 | NICE's Statement of Miscellaneous Issues to be Addressed at the Pre-Trial Conference | |
| 15 | Witness' Statement of Miscellaneous Issues to be Addressed at the Pre-Trial Conference | |

## EXHIBIT NO. 1 TO THE JOINT PRE-TRIAL ORDER

## STATEMENT OF ADMITTED FACTS

1.  Witness Systems, Inc. acquired a controlling interest in Eyretel plc ("Eyretel"), a United Kingdom company located in Leatherhead, United Kingdom, in 2003.

2.  On February 12, 2007, Verint Systems, Inc. and Witness Systems, Inc. entered into an agreement under which Verint Systems, Inc. would acquire Witness Systems.

3.  On May 25, 2007, Witness Systems, Inc. filed a Certificate of Amendment to its Sixth Amended and Restated Certificate of Incorporation, changing its corporate name to "Verint Americas Inc."

4.  Verint Systems, Inc. completed its acquisition of Witness Systems, Inc., now known as Verint Americas Inc., on May 29, 2007.

5.  Verint Americas Inc. is a wholly owned subsidiary of Verint Systems, Inc.

6.  NICE Systems, Inc. is a wholly owned subsidiary of NICE Systems, Ltd.

7.  In June 2005, NICE Systems, Inc. acquired the assets (including its product lines and patents) of and assumed the liabilities of Dictaphone Corporation's ("Dictaphone") Communication Recording Systems business.

8.  On March 7, 1995, U.S. Patent No. 5,396,371, entitled "Endless Loop Voice Data Storage and Retrievable Apparatus and Method Thereof" ("the '371 patent") was issued. Dictaphone was the assignee of the inventors John Henits, Robert B. Swick, Constantine P. Messologitis, and Christopher S. Goane. On May 31, 2005, Dictaphone assigned the '371 patent to NICE Systems, Inc.

9.  On June 19, 2001, U.S. Patent No. 6,249,570, entitled "System and Method for Recording and Storing Telephone Call Information" ("the '570 patent") was issued. Dictaphone

was the assignee of the inventors David A. Glowny, Phil Min Ni, and John E. Richter.  On

May 31, 2005, Dictaphone assigned the '570 patent to NICE Systems, Inc.

10. On August 10, 2004, U.S. Patent No. 6,775,372, entitled "System and Method for

Multi-Stage Data Logging" ("the '372 patent") was issued.  Dictaphone Corporation was the

assignee of the inventor John Henits.  On May 31, 2005, Dictaphone assigned the '372 patent to

NICE Systems, Inc.

11. On March 22, 2005, U.S. Patent No. 6,870,920, entitled "System and Method for

Multi-Stage Data Logging" ("the '920 patent") was issued.  Dictaphone was the assignee of the

inventor John Henits.  On May 31, 2005, Dictaphone assigned the '920 patent to NICE Systems,

Inc.

12. On March 7, 2006, U.S. Patent No. 7,010,109, entitled "Digital Recording of IP

Based Distributed Switching Platform" ("the '109 patent") was issued.  NICE Systems, Ltd. was

the assignee of the inventors Hagay Gritzer, Ilan Freedman, Ilan Yosef, and Danny Shporer.

13. In or around October 2004, Witness Systems, Inc. became aware of the `570 and `372

patents.

14. In or around April 1999, Eyretel became aware of the `371 patent.

15. Witness Systems Inc. had knowledge of the `920 patent and `109 patents on May 10,

2006 and thereafter.

16. In January 2006, NICE began marking its Voice Over IP Logger, NICE Log, and

NICE Perform Application Suite with the U.S. Patent number of the '371 patent, the '570 patent,

the '372 patent, the '370 patent, or the '920 patent.  In March 2006, NICE began marking its

NICE Perform Compliance Suite with the U.S. Patent number of the '371 patent, the '570 patent,

the '372 patent, the '370 patent, or the '920 patent.

2

17. In March 2006, NICE began marking NICE Perform Applications Suite and NICE

Perform Compliance Suite with the U.S. Patent number of the '109 patent.

**EXHIBIT NO. 2 TO THE JOINT PRE-TRIAL ORDER**

**NICE'S STATEMENT OF ISSUES OF FACT**

Except where indicated otherwise, the following issues are submitted as issues for the jury. To the extent that any issues of law set forth in Exhibit 4 of the Joint Pre-Trial Order may be considered issues of fact, NICE hereby incorporates those portions of Exhibit 4 herein by reference. NICE also incorporates by reference those portions of Exhibit 14 that may be considered to raise issues of fact.

## I.    INFRINGEMENT

1.     Whether Witness' manufacturing, using, selling and offering for sale of products identified in NICE's Identification of Witness' Core Recording Products Accused of Infringement, filed on December 17, 2007, (in short, those four core products are (i) Balance, (ii) Contact Store (including certain Nortel products), (iii) ContactSore for IP (including certain Nortel Products) and (iv) ContactStore for Communication Manager) in the United States infringes claims 1 and 8 of the '371 patent, claim 6 of the '570 patent, claims 1, 15 and 33 of the '372 patent, claims 1, 16 and 21 of the '920 patent, and claims 1 and 6 of the '109 patent, whether literally or under the doctrine of equivalents.

2.     Whether with knowledge of the NICE patents, Witness, through, in part, its configuration of the products identified by NICE in NICE's Identification of Witness' Core Recording Products Accused of Infringement filed on December 17, 2007 (in short, those four core products are (i) Balance, (ii) Contact Store (including certain Nortel products), (iii) ContactSore for IP (including certain Nortel Products) and (iv) ContactStore for Communication Manager) its sales, offers for sale, manufacture, distribution, and maintenance and services of such products for these purposes, as well as its advertisements, promotions, demonstrations, sales efforts, sales, training, publication and distribution of product specifications, brochures,

1

catalogues, owner's and user's manuals, and other activities, contributed to infringement of the asserted claims of NICE's patents, or actively induced others to infringe, or itself contributed to the infringement of the asserted claims of NICE's patents.

## II.    RELIEF AND DAMAGES

1.    Whether NICE is entitled to lost profits damages based on lost sales and present and future price erosion suffered by NICE as a result of Witness' infringing sales of products and the amount of such damages.

2.    Whether NICE is entitled to reasonable royalty damages based on Witness' infringing sales of products  and the amount of such damages.

3.    Whether Witness willfully infringed NICE's patents, and if so, whether increased damages should be awarded pursuant to 35 U.S.C. §§ 284, 285 and 287.

## III.    Validity

1.    Whether Witness has proven by clear and convincing evidence that claims 1 or  8 of the '371 patent, claim 6 of the '570 patent, claims 1, 15 or 33 of the '372 patent, claims 1, 16 or 21 of the '920 patent, or claims 1 or 6 of the '109 patent, are invalid as anticipated or obvious.

## EXHIBIT NO. 3 TO THE JOINT PRE-TRIAL ORDER

*Witness Systems' Statement of Issues of Fact Remaining to be Litigated Regarding Witness Systems' Defenses and Counterclaims*

Witness Systems intends to present the below listed issues of fact at trial. Except where indicated otherwise, the following issues are submitted as issues for the jury. To the extent that any issues of law set forth in Exhibit 5 of the Joint Pre-Trial Order may be considered issues of fact, Witness Systems hereby incorporates those portions of Exhibit 5 herein by reference.

## I.    NON-INFRINGEMENT

The following factual issues with respect to infringement remain to be determined at trial:

1.    Whether NICE proved by a preponderance of the evidence that Witness Systems literally infringes the asserted claims of the patents-in-suit.

2.    Whether NICE proved by a preponderance of the evidence that Witness Systems has contributed to the infringement of the asserted claims of the patents-in-suit.

3.    Whether NICE proved by a preponderance of the evidence that Witness Systems has induced infringement of the asserted claims of the patents-in-suit.

4.    Whether NICE is precluded from claiming infringement of under the doctrine of equivalents by the doctrine of prosecution history estoppel.

5.    Whether NICE proved by a preponderance of the evidence that Witness Systems infringes any of the asserted claims of the patents-in-suit under the doctrine of equivalents, if applicable.

6.    Whether NICE proved by clear and convincing evidence that Witness Systems' infringement of any of the patents-in-suit, if any, was willful.

## II.    INVALIDITY OF NICE'S PATENTS

The following factual issues with respect to the validity of NICE's patents remain to be determined at trial:

1.    Whether any of the claims of the patents-in-suit are anticipated by the prior art under 35 U.S.C. § 102.

2.    The level of ordinary skill in the relevant art at the time of the invention of each of the Patents-in-Suit.

3.    Whether the prior art asserted by Witness Systems renders any of the asserted claims of the patents-in-suit obvious under 35 U.S.C. § 103.

## III.    INEQUITABLE CONDUCT

The following factual issues with respect to inequitable conduct remain to be determined at trial:

1.    Whether one or more persons associated with the filing and prosecution of the application that led to the '371 patent intentionally failed to disclose to the United States Patent & Trademark Office ("USPTO"), during prosecution, information of which they were aware that is material to the examination of the application, in violation of the duties of candor and good faith required under 37 C.F.R. 1.56.

## IV.    UNCLEAN HANDS

The following factual issues with respect to unclean hands remain to be determined at trial:

1.    Whether NICE is barred from enforcing the patents-in-suit against Witness Systems because it (or its predecessor) acted inequitably, unfairly, or deceitfully towards Witness Systems, the Court, and/or the USPTO in a way that has immediate and necessary relation to the relief NICE seeks in this lawsuit.

## V.    LACHES

The following factual issues with respect to laches remain to be determined at trial:

1.    Whether NICE (and/or its predecessor, Dictaphone Corp. ("Dictaphone")) delayed in bringing a lawsuit for an unreasonable and inexcusable length of time after it knew or should have known of the potential infringement, resulting in material prejudice or injury to Witness Systems.

## VI.    <u>EQUITABLE ESTOPPEL</u>

The following factual issues with respect to equitable estoppel remain to be

determined at trial:

1.    Whether NICE (and/or Dictaphone) created, through words, conduct, or silence, a misleading inference that it did not intend to press an infringement claim against Witness Systems and/or its predecessor, Eyretel Plc.

2.    Whether Witness Systems and/or its predecessor, Eyretel Plc, substantially relied upon NICE's and/or Dictaphone's misleading conduct.

3.    Whether Witness Systems will suffer material economic or evidentiary prejudice if NICE is permitted to proceed with its infringement claim.

## VII.    <u>DAMAGES AND OTHER RELIEF</u>

The following factual issues with respect to the damages and other relief NICE

seeks for the alleged infringement of the patents-in-suit remain to be determined at trial:

1.    Whether NICE was damaged by any alleged infringement by Witness Systems.

2.    What is the proper measure of any damages due to NICE as a result of Witness Systems' alleged infringement.

3.    Whether lost profits is an appropriate measure of damages in this case.

4.    Whether acceptable non-infringing substitutes for the patented inventions exist(ed).

## EXHIBIT 4 TO THE JOINT PRE-TRIAL ORDER
## NICE'S STATEMENT OF ISSUES OF LAW

To the extent that any issues of fact set forth in Exhibit 2 of the Joint Pre-Trial Order may be considered issues of law, NICE hereby incorporates those portions of Exhibit 2 herein by reference.

I.  **ISSUES ON WHICH NICE BEARS THE BURDEN OF PROOF AT TRIAL**

    A.  **Infringement**

    1.  **Direct Literal Infringement**

A patent confers onto a patentee the right to exclude others from utilizing an invention. Specifically, 35 U.S.C. § 271(a) provides:

> Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

The patentee has the burden of proving infringement by a preponderance of the evidence. Centricut, LLC v. Esab Group, Inc., 390 F.3d 1361, 1367 (Fed. Cir. 2004). An infringement analysis is a two step process -- "[f]irst, the meaning and scope of the asserted patent claims is determined, and then the properly construed claims are compared to the accused product or process." Ranbaxy Pharms., Inc. v. Apotex. Inc., 350 F.3d 1235, 1239-40 (Fed. Cir. 2003). Step one, the claim construction, is a question of law, while step two, the comparison of the claims to the accused device, is a question of fact. Id. at 1240.

"It is axiomatic that the claims mark the outer boundaries of the patent right to exclude." Astrazeneca AB v. Mut. Pharm. Co., 384 F.3d 1333, 1336 (Fed. Cir. 2004). Thus, infringement "is determined by comparing an accused product not with a preferred embodiment described in the specification, or with a commercialized embodiment of the patentee, but with the properly

and previously construed claims in suit." Ccs Fitness v. Brunswick Corp., 288 F.3d 1359, 1370 (Fed. Cir. 2002) (citing SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107 (Fed. Cir. 1985)). If accused matter falls within the boundaries of the claims, infringement occurs.

Literal infringement requires that each limitation of a properly interpreted claim be present in the accused product or process. Frank's Casing Crew & Rental Tools, Inc. v. Weatherford Int'l Inc., 389 F.3d 1370, 1378 (Fed. Cir. 2004). If each element recited in a claim is found in the accused product or process, a party may not avoid infringement merely by adding additional features. See Free Motion Fitness, Inc. v. Cybex Int'l, 423 F.3d 1343, 1353 (Fed. Cir. 2005) ("Basic patent law holds that a party may not avoid infringement of a patent claim . . . by adding additional elements.").

A means-plus-function element is a claim element that claims a means for performing a specified function. In order to show that a means-plus-function claim is literally infringed, three things must be established. First, the accused device must perform the specified function. See WMS Gaming Inc. v. International Game Tech., 184 F.3d 1339, 1350 (Fed. Cir. 1999). Second, if the accused product does perform the required function, the patentee must identify the structure in the accused product that actually performs this function. Id. Finally, the patentee must show that the accused structure is the same as or equivalent to the corresponding structure identified in the patent for performing the required function. Id.

## 2.    Inducement of Infringement

35 U.S.C. § 271(b) states:

> Whoever actively induces infringement of a patent shall be liable
> as an infringer.

Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.

MGM Studios Inc. v. Grokster, Ltd., 125 S. Ct. 2764, 2780 (2005). The "plaintiff has the burden of showing that the alleged infringer's actions induced infringing acts and that he knew or should have known his actions would induce actual infringements." DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1304 (Fed. Cir. 2006). The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he or she knew of the patent. See Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1364 n.4 (Fed. Cir. 2006).

### 3.    Contributory Infringement

35 U.S.C. § 271(c) states, in pertinent part:

> Whoever sells a component of . . . manufacture . . . or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringement use, shall be liable as a contributory infringer.

Under 35 U.S.C. § 271(c), the plaintiff must show "that an alleged contributory infringer knew that the combination for which his components were especially made was both patented and infringing." Preemption Devices v. Minnesota Min. & Mfg. Co., 803 F.2d 1170, 1174 (Fed. Cir. 1986).

The plaintiff must also show that the alleged contributory infringer's component "is not a staple article suitable for substantial noninfringing use." Id. "A non-staple article is one which was designed to carry out the patented process. A staple article of commerce is one that was not specifically designed for use with a patented process and has substantial, efficient and feasible uses outside of the patent." Polysius Corp. v. Fuller Co., 709 F. Supp. 560, 576 (E.D. Pa. 1989).

"Proof of contributory infringement may be based on circumstantial evidence." Lucas Aerospace, Lt. v. Unison Indus., L.P., 899 F. Supp. 1268, 1286 (D. Del. 1995).

The doctrine of contributory infringement serves "to protect patent rights from subversion by those who, without directly infringing the patent themselves, engage in acts designed to facilitate infringement by others." Dawson Chem. Co. v. Rohn & Haas Co., 448 U.S. 176, 188 (1980).

### 4.    Infringement Under the Doctrine of Equivalents

Under the doctrine of equivalents, "a product or process that does not literally infringe upon express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997); see also Deputy Spine, Inc. v. Medtronic Sofamor Danek. Inc., 469 F.3d 1005, 1016 (Fed. Cir. 2006). Equivalence is found where there are "insubstantial" differences between the elements of the accused product or process and the elements of the patent claims, as determined by one of ordinary skill in the art. Eagle Comtronics, Inc. v. Arrow Commun. Labs.. Inc., 305 F.3d 1303, 1315 (Fed. Cir. 2002). Intent plays no role in the application of the doctrine of equivalents. Warner-Jenkinson, 520 U.S. at 36. "The proper time for evaluating equivalence . . . is at the time of infringement, not at the time that the patent was issued." Id. at 37.

"The doctrine of equivalents might come into play to determine infringement of a means-plus-function claim element if the accused device features technology that has arisen since the time of patent issuance." Ishida Co. v. Taylor, 221 F.3d 1310, 1317 (Fed. Cir. 2000). In that instance, the doctrine of equivalents reduces to whether or not there is an "insubstantial difference" between the limitation's corresponding structure and any after-invented technology found in the infringing device. Id.

5.    **Willful Infringement**

Willfulness is a question of fact. Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d

1354, 1367-8 (Fed. Cir. 2006). Proof of willful infringement requires "at least a showing of

objective recklessness." In re Seagate Tech.. LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007). To

establish objective recklessness, "a patentee must show by clear and convincing evidence that the

infringer acted despite an objectively high likelihood that its actions constituted infringement of

invalid patent." Id. "The state of mind of the accused infringer is not relevant to this objective

inquiry." Id.

If the patentee meets this objective requirement, the patentee must also demonstrate that

the objectively high risk was "either known or so obvious that it should have been known to the

accused infringer." Id.

B.    **Remedies**

1.    **Damages**

In relevant part, 35 U.S.C. § 284 provides:

> Upon finding for the claimant the court shall award the claimant
> damages adequate to compensate for the infringement, but in no
> event less than a reasonable royalty for the use made of the
> invention by the infringer, together with interest and costs as fixed
> by the court.

Under Section 284, upon a finding of infringement, NICE is entitled to recover damages

"adequate to compensate for the infringement." 35 U.S.C. § 284. Moreover, the statute

guarantees that a reasonable royalty is the floor below which damages for infringement may not

fall. Riles v. Shell Exploration & Prod. Co., 298 F.3d 1302, 1313 (Fed. Cir. 2002).

NICE may recover for infringement of its patents regardless of the type of harm that

results from the infringement. See King Instruments Corp. v. Perego, 65 F.3d 941, 947

(Fed. Cir. 1995). Damages may be awarded for any injury as long as it resulted from

infringement. Id. Congress sought to ensure that the patent owner would in fact receive full, compensation for any damages he suffered as a result of the infringement. Id. at 948.

NICE bears the burden of proving the amount of damages by a preponderance of the evidence. See Union Carbide Chems. & Plastics Tech. Corp. v. Shell Oil Co., 425 F.3d 1366, 1372 (Fed. Cir. 2005) (noting that "the amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence"). The determination of a damage award "is not an exact science, and the methodology of assessing and computing damages is committed to the sound discretion of the district court." Ferguson Beauregard/Logic Controls, Division of Dover Res, Inc. v. Mega Systems, LLC, 350 F.3d 1327, 1345 (Fed. Cir. 2003). If "the amount of damages cannot be ascertained with precision, any doubts regarding the amount must be resolved against the infringer." Wechsler v. Macke Int'l Trade, Inc., 486 F.3d 1286, 1299 (Fed. Cir. 2007) (internal citation omitted).

An award of damages may be split between lost profits as actual damages to the extent that they are proven and a reasonable royalty for the remainder. See, e.g., Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, 246 F.3d 1336 (Fed. Cir. 2001).

The court may use the entire market value rule when calculating damages. See Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1361 (Fed. Cir. 2001). This approach allows courts to base the recovery of damages on the value of the patentee's entire apparatus, even though only one feature is patented. See id.

**a.    Lost Profits**

NICE may recover lost profit damages if there is a reasonable probability that "but for" the infringement, it would have made Witness' sales. Micro Chem. v. Lextron, Inc., 318 F.3d 1119, 1122 (Fed. Cir. 2003). That is, NICE must show "a causal relation between the infringement and its loss of profits." See Crystal Semiconductor Corp. v. Tritech

6

Microelectronics Intl', Inc., 246 F.3d 1336, 1353 (Fed. Cir. 2001). The burden of proving lost profit damages rests on NICE. See id. at 1353-54. NICE, however, need not negate all possibilities that a purchaser might have bought a different product or might have foregone the purchase altogether. State Indus., Inc. v. Mor-Flo Indus., Inc., 883 F.2d 1573, 1577 (Fed. Cir. 1989). Rather, NICE need show only that there is a "reasonable probability" of its entitlement to the lost profits "but" for the infringement. Micro Chem., 318 F.3d at 1122. Any doubts concerning the computation of NICE's lost profits "must be resolved against the infringer." Wechsler v. Macke Int'l Trade, Inc., 486 F.3d 1286, 1299 (Fed. Cir. 2007).

A four-part test, first articulated in Panduit Corp. v. Stahlin Bros. Fibre Works, Inc., 575 F.2d 1152 (6th Cir. 1978), is commonly used to determine whether lost profit damages are appropriate. Golden Blount, Inc. v. Robert H. Peterson Co., 438 F.3d 1354, 1371 (Fed. Cir. 2006). The Federal Circuit has described this test as a "useful, but non-exclusive, way for a patentee to prove entitlement to lost profits." Tate Access Floors v. Maxcess Techs., 222 F.3d 958, 971 (Fed. Cir. 2000). Under the Panduit test, NICE must show: (1) demand for its products, (2) absence of acceptable non-infringing substitutes, (3) manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit it would have made. Id. at 1371-72.

(1)    Demand for the patented product can be proved by significant sales of NICE's products or by significant sales of the accused infringer's infringing products. See Gyromat Corp. v. Champion Spark Plug, Co., 735 F.2d 549, 555 (Fed. Cir 1984).

(2)    An acceptable non-infringing substitute has all the advantages of the patented product. See Stryker Corp. v. Intermedics Orthopedics, Inc., 96 F.3d 1409, 1418 (Fed. Cir. 1996). The mere existence of a non-infringing device does not necessarily make the device an

acceptable substitute to the patented device. A competing product which lacks the advantages of the patented product is not a substitute that is acceptable to a customer who wants those advantages. Thus, if customers are motivated to purchase because of particular features available only from the patented product, products without those features, even if otherwise competing in the marketplace, are not acceptable non-infringing substitutes. See Tate Access Floors v. Maxcess Techs., 222 F.3d 958, 971 (Fed. Cir. 2000); Standard Havens Prods., Inc. v. Gencor Indust., Inc., 935 F.2d 1360, 1373 (Fed. Cir. 1991). The test is whether there were non-infringing substitutes acceptable to the actual purchasers of the accused infringer's infringing products. Standard Havens, 935 F.2d at 1373.

(3) NICE must prove that it would have had the ability to manufacture and the capability to sell the amount of product for which it is now claiming lost profits. See Gyromat, 735 F.2d at 554.

(4) Lost profit on lost sales may be calculated using the incremental income approach. See Paper Converting Mach. Co. v. Magna-Graphics Corp., 745 F.2d 11, 22 (Fed. Cir. 1984). This calculation is performed by computing the lost net sales for its patented product and deducting from that figure the amount of additional costs that it would have incurred making those sales. Id. Certain fixed costs such as property taxes, insurance, rent and administrative overhead, may not vary with increases in production or sales. Id. Any such costs which do not vary with increased production or sales should not be considered when determining damages. Id.

In addition to actual lost profits, NICE may also recover projected future lost profits. See Oiness v. Walgreen Co., 88 F.3d 1025, 1031 (Fed. Cir. 1996). Although future lost profit

calculations necessarily contain speculative elements, a patentee may nonetheless recover estimated future losses that are based on sound economic models and not guesswork. Id.

Lost profits as a result of price erosion are compensable damages that stand on the same ground as damages caused by lost sales. See Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, 246 F.3d 1336, 1360 (Fed. Cir. 2001). To establish price erosion damages, NICE must show that but for infringement, it would have been able to charge higher prices. Id. at 1357. NICE must also present evidence of the "amount of product the [it] would have sold at the higher price". Id. Price erosion, though it cannot be based on pure speculation, "need not be proven with unerring precision" either. Del Mar Avionics, Inc. v. Quinton Instrument, Co., 836 F.2d 1320, 1327 (Fed. Cir. 1987).

**b.     Reasonable Royalty**

NICE may receive a reasonable royalty for any of the infringer's sales not included in the lost profits calculation. Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, 246 F.3d 1336, 1354 (Fed. Cir. 2001). "Calculation of a reasonable royalty depends on the particular facts of each case." Mahurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1579 (Fed. Cir. 1996).

In the absence of an established royalty, a "reasonable royalty" is calculated based on "the amount of money that would be agreed to in a hypothetical arms length negotiation taking place at the time infringement began between the owner of the patent rights and the infringer, with both operating under the assumption that the negotiated patent is not invalid or infringed." Johns Hopkins Univ. v. Cellpro, 894 F. Supp. 819, 838 (D. Del. 1995); see also Applied Med. Res. Corp. v. United States Surgical Corp., 435 F.3d 1356, 1361 (Fed. Cir. 2006).

Factors which may be considered when determining the reasonable royalty include:

a.    the royalties received by the patentee for the licensing of others under the patent in suit and the rates paid by the licensees for the use of other patents comparable to the patent in suit;

b.    the nature and scope of the license, as exclusive or non-exclusive, or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold;

c.    the licensor's established policy and marketing program to maintain its patent exclusivity by not licensing others to use the invention or by granting licenses under special conditions designed to preserve exclusivity;

d.    the commercial relationship between the licensor and licensee, such as whether they are competitors in the same territory in the same line of business, or whether they are inventors or promoters;

e.    the effect of selling the patented specialty in promoting sales of other products of the licensee, the existing value of the invention to the licensor as a generator of sales of its non-patented items, and the extent of such derivative or convoyed sales;

f.    the duration of the patent and the term of licenses;

g.    the established profitability of the product made under the patent, its commercial success, and its current popularity;

h.    the utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results;

i.    the nature of the patented indention, the character of the commercial embodiment of it as owned and produced by the licensor, and the benefits to those who have used the invention;

j.      the extent to which the infringer has made use of the invention, and any evidence probative of the value of that use;

k.      the portion of the profit or of the selling price that may be customary in the particular business or in comparable business to allow for the use of the invention or analogous inventions;

l.      the portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer;

m.      the opinion testimony of qualified experts; and

n.      any other economic factor that a normally prudent businessman would, under similar circumstances, take into consideration in negotiating the hypothetical license.

See. e.g., Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1109 (Fed. Cir. 1996); Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1554-55 (Fed. Cir. 1995) (en banc); Johns Hopkins, 894 F. Supp. at 838 (D.Del. 1995); Georgia Pac. Corp. v. United States Plywood Corp., 318 F. Supp. 116, 1120 (S.D.N.Y. 1970).  Licenses relating to products entirely distinct from NICE's patented products are insufficient to establish an industry standard of what is a reasonable royalty.  See Railroad Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1518 (Fed. Cir. 1991).

A reasonable royalty may be a lump sum amount, based on evidence supporting that amount, or a running royalty.  See Interactive Pictures Corp. v. Infinite Pictures, Inc., 274 F.3d 1371, 1384 (Fed. Cir. 2001); Stickle v. Heulein, 716 F.2d 1550, 1563 (Fed. Cir. 1983).  A reasonable royalty may also be higher than the infringer's net profits on its sales of the infringing products.  See Golight. Inc. v. Wal-Mart Stores, Inc., 355 F.3d 1327, 1338 (Fed. Cir. 2004).

The accused infringer, Witness, bears the burden of keeping records necessary to compute a royalty award. See Beatrice Foods Co. v. New England Printing & Lithographing Co., 923 F.2d 1576, 1579 (Fed. Cir. 1991). If Witness fails to keep complete and accurate records, such that a court is prevented from accurately determining the number of infringing units involved, any uncertainty must be resolved against the infringer. See id.

### c.    Prejudgment Interest

A court must award prejudgment interest to afford NICE full compensation for infringement, "absent some justification for withholding such award." In re Seagate Tech., LLC, 497 F.3d 1360, 1380 (Fed. Cir. 2007). Prejudgment interest, however, can only be applied to the actual damage portion and not to the enhanced portion. See Underwater Devices, Inc. v. Morrison Knudsen Co., 717 F.2d 1380, 1389 (Fed. Cir. 1983).

The court has the discretion to fix the interest rate and select an award at the prime rate. See Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1066 (Fed. Cir. 1983). The district court may also fix the interest at a higher rate if the patentee has affirmatively demonstrated that a higher rate should be used. Id. The determination whether to award simple or compound interest is within the discretion of the court. See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1555 (Fed. Cir. 1995). Prejudgment interest should be computed from the date of infringement to the date of judgment. See Nickson Indus., Inc v. Rol Mfg. Co., Ltd., 847 F.2d 795, 800-01 (Fed. Cir. 1988).

### d.    Increased Damages

A district court may increase actual compensatory damages by up to three times upon a finding of willful infringement. See 35 U.S.C. § 284 (2007); see also In re Seagate Tech., LLC, 497 F.3d 1360, 1368 & n.3 (Fed. Cir. 2007). The Federal Circuit has interpreted the increased damages portion of the statute as requiring a two step process. See Jurgens v. CBK, Ltd., 80

F.3d 1566, 1571-72 (Fed. Cir. 1996). First, the fact-finder must determine whether an infringer willfully infringed the patent. Id. Upon a finding of willfulness, the Court then determines whether, and to what extent, to increase the damages award, given the totality of the circumstances. See id.

Under the second element of the increased damages inquiry, the court determines the extent to increase the damage award based on the egregiousness of the defendant's conduct based on all the facts and circumstances of the case. Id. The Federal Circuit has identified a number of factors which may be considered in determining the egregiousness of the infringer's conduct. These factors include:

(1)    evidence whether the infringer deliberately copied the ideas or designs of the patentee;

(2)    evidence whether the infringer, when he knew of the other's patent, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed;

(3)    evidence of the infringer's behavior as a party to the litigation;

(4)    evidence of the infringer's size and financial condition;

(5)    evidence as to the closeness of the case;

(6)    evidence regarding the duration of the infringer's conduct;

(7)    evidence showing remedial action by the defendant;

(8)    evidence regarding the defendant's motivation for harm; and

(9)    evidence as to whether the defendant attempted to conceal its misconduct.

See <u>GNB Battery Tech, Inc. v. Exide Corp.</u>, 886 F. Supp. 420, 440-442 (D. Del. 1995) (citing)

<u>Read Corp. v. Portec, Inc.</u>, 970 F.2d 816, 826-29 (Fed. Cir. 1992) aff'd 78 F.3d 605 (Fed. Cir.

1996); <u>Thorn EMI North Am., Inc. v. Micron Tech., Inc.</u>, 837 F. Supp. 616, 620 (D. Del. 1993).

Treble damages may be awarded to NICE upon a finding that Witness' infringement was

willful. See <u>Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.</u>, 383 F.3d 1337,

1342 (Fed. Cir. 2004).

### e.    Exceptional Case - Attorneys' Fees

A district court may also award attorneys' fees to the prevailing party in exceptional

cases. 35 U.S.C. § 285 (2007); <u>Fort James Corp. v. Solo Cup Co.</u>, 412 F.3d 1340 n.3 (Fed. Cir.

2005). "The criteria' for declaring a case exceptional include willful infringement, misconduct

and unprofessional behavior." <u>Imonex Servs. v. W.H. Munzprufer Dietmar Trenner GmbH</u>, 408

F.3d 1374; 1378 (Fed. Cir. 2005). The court has broad discretion in the criteria it uses to

determine whether to award attorney fees. <u>Id</u>.

### 2.    Injunctive Relief

The patent statute provides that courts may grant injunctions in accordance with the

principles of equity to prevent the violation of any right secured by a patent, on such terms as the

court deems just. 35 U.S.C. § 283. "According to well-established principles of equity, a

plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant

such relief." <u>eBay Inc. v. MercExchange, L.L.C.</u>, 126 S. Ct. 1837, 1839 (2006). To get an

injunction, the plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that

remedies available at law, such as monetary damages, are inadequate to compensate for that

injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a

remedy in equity is warranted; and (4) that the public interest would not be disserved by a

permanent injunction." <u>Id</u>. Irreparable injury can arise from circumstances such as "irreversible

14

price erosion, loss of good will, [and] potential lay-offs of [the patent holder's] employees."

Sanofi-Synthelabo v. Apotex. Inc., 470 F.3d 1368, 1381 (Fed. Cir. 2006).

## II.     ISSUES ON WHICH <u>WITNESS</u> BEARS THE BURDEN OF PROOF AT TRIAL

### A.     Validity

In relevant part, 35 U.S.C. § 282 states:

> A patent shall be presumed valid. Each claim of a patent (whether
> in independent, dependent, or multiple dependent form) shall be
> presumed valid independently of the validity of other claims;
> dependent or multiple dependent claims shall be presumed valid
> even though dependent upon an invalid claim . . . The burden of
> establishing invalidity of a patent or any claim thereof shall rest on
> the party asserting such invalidity.

A party challenging a patent's validity "bears the burden of proving the factual elements

of invalidity by clear and convincing evidence." Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348,

1359 (Fed. Cir. 2007); see also BOC Health Care, Inc. v. Nellcor, Inc., 892 F. Supp. 598, 602 (D.

Del. 1995). Clear and convincing evidence has been described as evidence which proves in the

mind of the trier of fact "an abiding conviction that the truth of [the] factual contentions are

highly probable." Intel Corp. v. U.S. Intern. Trade Com'n, 946 F.2d 821, 830 (Fed. Cir. 1991).

"The burden of persuasion is and always rests upon the party asserting invalidity."

Magnivision, Inc. v. The Bonneau Co., 115 F.3d 956, 957 (Fed. Cir. 1997). "That burden of

proof never shifts to the patentee to prove validity." Hybritech Inc. v. Monoclonal Antibodies,

Inc., 802 F.2d 1367, 1375 (Fed. Cir. 1986). The presumption of validity is never weakened.

ACS Hosp. Sys., Inc. v. Montefiore Hospital, 732 F.2d 1572, 1574-75 (Fed. Cir. 1984).

Deference is due to the Patent Office, which is a "qualified government agency presumed

to have properly done its job, which includes one or more examiners who are assumed to have

some expertise in interpreting the references and to be familiar from their work with the level of

skill in the art and whose duty it is to issue only valid patents." American Hoist & Derrick Co. v.

Sowa & Sons, 725 F.2d 1350, 1358 (Fed. Cir. 1984), cert. denied, 496 U.S. 821 (1984); see also McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1353 (Fed. Cir. 2001); Ultra-Tex Surfaces, Inc. v. Hill Bros. Chem. Co., 204 F.3d 1360, 1367 (Fed. Cir. 2000).

The burden of proving invalidity is heightened when the accused infringer attempts to rely on prior art that was before the examiner of the Patent and Trademark Office during prosecution of the patent at issue. Am. Hoist & Derrick Co. v. Sowa & Sons, Inc., 725 F.2d 1350, 1360 (Fed. Cir. 1984). When the prior art was already before the examiner during prosecution of the patent and the examiner granted the patent, part of the accused infringer's burden is to show the examiner was wrong in his/her decision to grant the patent. See Glaxo Group Ltd. v. Apotex, Inc., 376 F.3d 1339, 1348 (Fed. Cir. 2004).

### 1.    Anticipation

Pursuant to 35 U.S.C. § 102, an invention lacks novelty, or is statutorily barred, if it is "anticipated" by the prior art. An invention is anticipated if it is described or disclosed in a single prior art reference which falls under one or more of the categories set forth in 35 U.S.C. 102 (a)-(g). See Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1375 (Fed. Cir. 2005). "Anticipation is a question of fact." Eli Lilly & Co. v. Zenith Goldline Pharms., Inc., 471 F.3d 1369, 1375 (Fed. Cir. 2006). "To anticipate a claim, a reference must disclose every element of the challenged claim and enable one skilled in the art to make the anticipating subject matter." PPG Indus., Inc. v. Guardian Indus. Corp., 75 F.3d 1558, 1566 (Fed. Cir. 1996); see also Elan Pharms., Inc. v. Mayo Found., 346 F.3d 1051, 1054 (Fed. Cir. 2003). Before any publication can amount to a statutory bar to the grant of a patent, its disclosure must be such that a skilled artisan could take its teachings in combination with his own knowledge of the particular art and be in possession of the invention. In re Legrice, 301 F.2d 929, 936 (C.C.P.A. 1962); see also In re Elsner, 381 F.3d 1125, 1128 (Fed. Cir. 2004). To be anticipating, a prior art reference must

describe the claimed invention sufficiently to have placed it in possession of a person of ordinary skill in the field of the invention. <u>Helifix Ltd. v. Blok-Lok, Ltd.</u>, 208 F.3d 1339, 1346 (Fed. Cir. 2000). That is, a prior art disclosure must "be enabling, such that one of ordinary skill in the art could practice the invention without undue experimentation." <u>Novo Nordisk Pharm., Inc. v. Bio-Technology Gen. Corp.</u>, 424 F.3d 1347, 1355 (Fed. Cir. 2005).

Under 35 U.S.C. §102(b), a person is not entitled to a patent if the invention was on sale in this country more than one year prior to the date of the application for the patent in the United States. "An accused infringer, challenging a presumptively valid patent must demonstrate by clear and convincing evidence that there was a definite sale or offer to sell more than one year before the application for the subject patent, and that the subject matter of the sale or offer to sell fully anticipated the claimed invention." <u>Group One, Ltd. v. Hallmark Cards, Inc.</u>, 254 F.3d 1041, 1045. A commercial offer for sale occurs when an offer can be accepted in order to make a binding contract. <u>Id.</u> Determining if a commercial offer has been made requires looking closely at the language in the proposal itself and the interactions between the parties. <u>See Id.</u> at 1045-1048.

2.    **Obviousness**

In relevant part, 35 U.S.C. § 103 states:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title [35 U.S.C. § 102], if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

"The test for obviousness focuses on how one skilled in the art would view the prior art at the time of the invention." GNB Battery Tech, Inc. v. Exide Corp., 886 F. Supp. 420, 440-442 (D. Del. 1995).

While the ultimate judgment of obviousness is a legal determination, that determination is necessarily based on underlying factual inquiries. Winner Int'l Royalty Corp. v. Wang, 202 F.3d 1340, 1348 (Fed. Cir. 2000). The underlying factual inquiries in an obviousness analysis include:

(1)     the scope and content of the prior art

(2)     the level of ordinary skill in the prior art

(3)     the differences between the claimed invention and the prior art; and

(4)     objective evidence of nonobviousness.

See KSR Intern. Co. v. Teleflex Inc., 127 S. Ct. 1727, 1734 (2007).

Secondary considerations, such as commercial success, long felt but unsolved needs, and the failure of others may also be utilized in the obviousness analysis "to give light to the circumstances surrounding the origin of the subject matter sought to be patented." Id. "The commercial response to an invention is significant to determinations of obviousness, and is entitled to fair weight." Biacore v. Thermo Bioanalysis Corp., 79 F. Supp 422, 465 (D. Del. 1999).

In addition, the obviousness analysis must include "interrelated teachings of multiple patents; the effect of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." KSR., 127 S. Ct. at 1740-41.

Invalidity based on obviousness of a duly issued patent must be established by clear and convincing evidence. <u>Glaverbel Societe Anonyme v. Northlake Marketing</u>, 45 F.3d 1550, 1555 (Fed. Cir. 1995).

"35 U.S.C. 103 requires that obviousness be determined with respect to the invention as a whole. This is essential for combination inventions, for generally all combinations are of known elements." <u>Interconnect Planning Corp. v. Feil</u>, 774 F. 2d 1132, 1143 (Fed. Cir. 1985). An invention composed of several elements is not obvious simply because each of the claimed elements was, independently, known in the prior art. <u>KSR</u>, 127 S. Ct. at 1741.

## EXHIBIT NO. 5 TO THE JOINT PRE-TRIAL ORDER

### *Witness Systems' Statement of Issues of Law*

To the extent that any issues of fact set forth in Exhibit No. 3 of the Joint Pre-Trial Order

may be considered issues of law, Witness Systems hereby incorporates those portions of Exhibit

No. 3 herein by reference.  The authority cited in this exhibit is not meant to be an exhaustive

list.  Witness Systems reserves the right to cite additional authority if necessary, including but

not limited to authority cited in the proposed jury instructions.

### A.  Validity of NICE's Patents

1. Whether the asserted claims of U.S. Patent No. U.S. Patent No. 6,249,570, U.S. Patent

No. 6,728,345, U.S. Patent No. 6,775,372, U.S. Patent No. 7,010,109, U.S. Patent No. 6,870,920,

and U.S. Patent No. 5,396,371 (collectively the "patents in suit") are invalid under 35 U.S.C. §

102, 103 as anticipated or obvious in light of the prior art.  Authority:

- 35 U.S.C. § 102, 103
- *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (Apr. 30, 2007)
- *Graham v. John Deere Co.*, 383 U.S. 1 (1966)
- *Apotex U.S.A., Inc. v. Merck & Co.*, 254 F.3d 1031, 1035 (Fed. Cir. 2001)

2. Whether the patents in suit are invalid because the prior art shows others invented the

invention before NICE did.  Authority:

- *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 252 F.3d 1306 (Fed. Cir. 2001)
- *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co.*, 266 F.3d 1358, 1363 (Fed. Cir. 2001)
- *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572 (Fed. Cir. 1996).

### B.  Enforceability of Patents

1. Whether U.S. Patent No. 5,396,371 is invalid and unenforceable because the patentee

committed inequitable conduct.  Authority:

- *Digital Control Inc. v. Charles Machine Works*, 437 F.3d 1309 (Fed. Cir. 2006)

- *Ferring B.V. v. Barr Laboratories, Inc.*, 437 F.3d 1181 (Fed. Cir. 2006)

    2. Whether the patents in suit are unenforceable because of laches.  Authority:

- *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc)
- *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770 (Fed. Cir. 1995)

    3. Whether the patents in suit are unenforceable because of equitable estoppel.

Authority:

- *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (en banc)
- *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770 (Fed. Cir. 1995)

    4. Whether the patents in suit are unenforceable due to unclean hands.  Authority:

- *Precision Instrument Mfg. Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806 (1945)
- *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240 (1933)
- *Consolidated Aluminum Corp. v. Foseco Intern. Ltd.*, 910 F.2d 804 (Fed. Cir. 1990)

**C.  Declaratory Judgments**

    1. Whether Witness Systems is entitled to declaratory judgment of invalidity on the

patents in suit.  Authority:

- 28 U.S.C. § 2201
- See cases cited above in invalidity section

    2. Whether Witness Systems is entitled to declaratory judgment on noninfringement of

the patents in suit: Authority:

- 28 U.S.C. § 2201
- See cases cited below in noninfringement section

**D.  Noninfringement**

    1. Whether the Accused Products do not literally infringe the patents in suit.  Authority

- 35 U.S.C. § 271
- *Netword, LLC v. Centraal Corp.*, 242 F.3d 1347 (Fed. Cir. 2001)
- *Wenger Mfg., Inc. v. Coating Mach. Sys., Inc.*, 239 F.3d 1225 (Fed. Cir. 2001)

- *Cole v. Kimberly-Clark Corp.*, 102 F.3d 524 (Fed. Cir. 1996).

2. Whether the Accused Products do not infringe the patents in suit under the doctrine of equivalents. Authority:

- *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997)
- *Johnson & Johnson Assoc. v. R.E. Service Co.*, 285 F.3d 1046 (Fed. Cir. 2002) (en banc)

3. Whether NICE is prohibited from using the doctrine of equivalents to show infringement of the asserted claims because of prosecution history estoppel. Authority:

- *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.*, 344 F.3d 1359 (Fed. Cir. 2003) (en banc)

4. Whether Witness Systems actively induced infringement of a valid patent. Authority:

- 35 U.S.C. § 271
- *Ferguson Beauregard/Logic Controls, Division of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3d 1327 (Fed. Cir. 2003)
- *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348 (Fed. Cir. 2003)

5. Whether Witness Systems committed contributory infringement of a valid patent. Authority:

- 35 U.S.C. § 271
- *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964)
- *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 244 F.3d 1365 (Fed. Cir. 2001)
- *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469 (Fed. Cir. 1990)

6. Whether Witness Systems' conduct rises to the level of willful infringement. Authority:

- *Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201 (2007)
- *In re Seagate Tech., LLC*, 497. F.3d 1360 (Fed. Cir. 2007)

## E. NICE Damages

1. Whether NICE is entitled to any relief requested, including but not limited to prejudgment interest, attorney fees, damages, enhanced damages, and injunctive relief. Authority:

- *eBay Inc v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006)

- *Golight, Inc., v. Wal-Mart Stores, Inc.*, 355 F.3d 1327 (Fed. Cir. 2004)
- *Grain Processing Corp. v. American Maize-Prod. Co.*, 185 F.3d 1341 (Fed. Cir. 1999)
- *Panduit Corp. v Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978)
- *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970)

2. Whether and when NICE adequately marked its products. Authority:

- 35 U.S.C. § 287
- *Nike Inc. v. Wal-Mart Stores*, 138 F.3d 1437 (Fed. Cir. 1998)

**F.  Witness Systems Damages**

1. Whether this case is an exceptional case under 35 U.S.C. § 285 and that NICE be required to pay costs of suit that Witness Systems has incurred, including attorneys fees and costs. Authority:

- 35 U.S.C. § 285

# United States District Court

_____ DISTRICT OF DELAWARE _____

### NICE's TRIAL EXHIBIT LIST
### NICE Systems, Inc. et al. v. Witness Systems, Inc.
### CASE NUMBER:  06-311-JJF

| PRESIDING JUDGE | PLAINTIFF'S ATTORNEY | DEFENDANT'S ATTORNEY |
|---|---|---|
| Judge Joseph J. Farnan, Jr. | Melanie K. Sharp, Esq.<br>Young Conaway Stargatt & Taylor, LLP<br><br>Scott Lindvall, Esq.<br>Kaye Scholer LLP | Nagendra Setty, Esq.<br>Fish & Richardson P.C. |
| TRIAL DATE(S)  January 14, 2008 | COURT REPORTER | COURTROOM DEPUTY |

| EX. NO. | DATE OFFERED | MARKED | ADMITTED | DEP. EX. NO. | NICE TRIAL EX. NO | DESCRIPTION OF EXHIBITS | OBJECTION | BASIS FOR ADMISSION (FRE) |
|---|---|---|---|---|---|---|---|---|
| 1 | | | | Nice - P006;Nice - SwickD005;Nice - DalyD009;Nice - HenitsD043;Nice - HenitsD005;Nice - D002 | | United States Patent Number 5,396,371 (Henits) -  Endless Loop Voice Data Storage and Retrievable Apparatus  and Method Thereof, dated 03/071995 | | |
| 2 | | | | | | United States Patent Number 5,396,371 - Application File History # 08/171,296, dated 12/21/1993 (NSDE 715633-742) | | |
| 3 | | | | Nice - P008; Nice - D004; Nice - DalyD002; Nice - MorlandoD010; Nice - SwickD006;Nice - HenitsD044;Nice - HenitsD024;Nice - RodenD016 | | United States Patent Number 5,819,005 (Daly) -  Modular Digital Recording Logger, dated 10/6/1998 (WSNSDE0008925-8932)  &(V001192-99) | | |
| 4 | | | | | | United States Patent Number 5,819,005 - Application File History # 08/623,671, dated 3/29/1996 (WSNSDE 0008700-8924) | | |

Exhibit 6.wpd

1

| 5 | | | | | United States Patent Number 5,819,005 - Continuation of Application File History # 08/100,944, dated 6/3/1993 (NSDE 715743-857) | | |
| 6 | | | Nice - P009;Nice - HenitsD056;Nice - GlownyD004;Nice - RichterD006 | | United States Patent Number 6,249,570 (Glowny) - System and Method for Recording and Storing Telephone Call Information, dated 6/19/2001 (WSNSDE0009192-254 & DICT 000064-126) | | |
| 7 | | | | | United States Patent Number 6,249,570 - Application File History # 09/328,299, dated 6/8/1999 (WSNSDE 0008933-9191) | | |
| 8 | | | Nice - P010;Nice - Richter - D008 | | United States Patent Number 6,728,345 B2(Glowny) - System and Method for Recording and Storing Telephone Call Information   Retained, dated 4/27/2004 | | |
| 9 | | | | | United States Patent Number 6,728,345 - Application File History # 09/876,979, dated 6/8/2001 (NSDE 715858-716093) | | |
| 10 | | | Nice - HenitsD053; Nice - RodenD015 | | United States Patent Number: 6,775,372 B1 Henits - System and Method for Multi-stage Data Logging, dated 8/10/2004 (WSNSDE0009798-813) & (V001328-343) | | |
| 11 | | | Nice - P011;Nice - HenitsD026; Nice - HenitsD053 | | United States Patent Number 6,775,372 B2 (Henits) - System and Method for Multi-stage Data Logging, dated 8/10/2004 (WSNSDE0009798-813) | | |
| 12 | | | | | U.S. Patent 6,775,372 B1- Application File History # 09/324,459 (NSDE 716094-332) | | |
| 13 | | | Nice - P012;Nice - RichterD007 | | United States Patent Number 6,785,370 B2 (Glowny) - System and Method for Integrating Call Record Information, dated 8/31/2004 (WSNSDE0010104-168) | | |
| 14 | | | | | United States Patent Number 6,785,370 B2 - Application File History # 09/876,958, dated 6/8/2001 (WSNSDE 0009814-10103) | | |

Exhibit 6.wpd                    2

| 15 | | | | Nice - P013;Nice - HenitsD028 | | United States Patent Number 6,870,920 B2 (Henits) - System and Method for Multi-stage Data Logging, dated 3/22/2005 (WSNSDE0010348-363) | | |
|----|--|--|--|--|--|--|--|--|
| 16 | | | | | | United States Patent Number 6,870,920 - Application File History # 10/187,865, dated 7/2/2002 (WSNSDE 0010169-10347) | | |
| 17 | | | | Nice - P015 | | United States Patent Number 7,010,109 (Gritzer) - Digital Recording of IP Based Distributed Switching Platform, dated 3/7/2006 | | |
| 18 | | | | | | United States Patent Number 7,010,109 - Provisional Application No.: 60/228,124, dated 8/28/2000 (WSNSDE 0051300-322) | | |
| 19 | | | | | | United States Patent Number 7,010,109 - Application File History # 10/906,962, dated 3/14/2005 (NSDE 716333-490) | | |
| 20 | | | | EvansD101 | | Employee Hierarchy Chart (WSDE PROD 0245696-702) | | |
| 21 | | | | EvansD102 | | Form entitled 8K Verint Systems, Inc. | | |
| 22 | | | | EvansD113; EvansD115 | | Document (WSNB 010739-744) | 401, 402, 403 | |
| 23 | | | | EvansD114 | | Document (WSNB 010745-750) | 401, 402, 403 | |
| 24 | | | | EvansD119 | | Document (WSNB 013055 -059) | 401, 402, 403 | |
| 25 | | | | EvansD120 | | Document (WSNB 013060-064) | 401, 402, 403 | |
| 26 | | | | EvansD121 | | Document (WSNB 013065-069) | 401, 402, 403 | |
| 27 | | | | EvansD122 | | Document (WSNB 013070-080) | 401, 402, 403 | |
| 28 | | | | EvansD123 | | Key Performance Metrics (WSNB0260568-577) | | |
| 29 | | | | EvansD124 | | Document (WSNB 004363-389) | 401, 402, 403 | |
| 30 | | | | EvansD125 | | Document (WSNB 004390-4416) | 401, 402, 403 | |
| 31 | | | | EvansD126 | | Document (WSNB 004417-443) | 401, 402, 403 | |
| 32 | | | | EvansD127 | | Document (WSNB 004444-470) | 401, 402, 403 | |

Exhibit 6.wpd                                          3

| 33 |  |  | EvansD128 |  | Document (WSNB 004471-484) | 401, 402, 403 |  |
| 34 |  |  | EvansD129 |  | Document (WSNB 004485 -498) | 401, 402, 403 |  |
| 35 |  |  | EvansD130 |  | Document (WSNB 010047) | 401, 402, 403 |  |
| 36 |  |  | EvansD132 |  | Document (WSDEPROD 0101252-255 ) |  |  |
| 37 |  |  | EvansD133 |  | Document (WSDEPROD 3082418-419) |  |  |
| 38 |  |  | EvansD134 |  | Document (WSDE PROD 3081879-883) |  |  |
| 39 |  |  | EvansD135 |  | Document (WSDEPROD 3081863-867) |  |  |
| 40 |  |  | Nice - DalyD006 |  | Objectives, Daniel F. Daly , dated 00/00/1993 (NSDE 266948-956) |  |  |
| 41 |  |  | Nice - GlownyD013; Nice - HenitsD055 |  | Dictaphone: DOS EQUIS - CTI Server Design Version 0.2, dated 7/9/1997 (NSDE 409563-584) |  |  |
| 42 |  |  | Nice - GlownyD014 |  | Da Vinci - Awards Document, One Page | 401, 402, 403 |  |
| 43 |  |  | Nice - HenitsD045 |  | Logger Architecture Assignment, dated 4/19/1991 (NSDE 097535-629) | 106, 802*, 901, 1002 |  |
| 44 |  |  | Nice - HenitsD046 |  | Monthly Progress Report, dated 2/00/1992 (NICE_DE_01137634-642) |  |  |
| 45 |  |  | Nice - HenitsD047 |  | Invention Disclosure, dated 6/10/1992 (NICE_DE_01137675-679) | 802*, 901* |  |
| 46 |  |  | Nice - HenitsD048 |  | Modular Digital System, dated 4/21/1989 (NSDE 471405-423) |  |  |
| 47 |  |  | Nice - HenitsD051 |  | Invention Disclosure form, dated 6/10/1992 (NICE_DE_01137663-674) | 802*, 901* |  |
| 48 |  |  | Nice - HenitsD052 |  | CRS Next Generation, dated 1/13/1997 (NSDE 6012514-536) |  |  |
| 49 |  |  | Nice - HenitsD054 |  | Low End Recording System 1000 System Requirements, dated 11/5/1997 (NSDE 294780-834) |  |  |
| 50 |  |  | Nice - HenitsD061 |  | Letter to J. Drayton from D. Kent re Interrogatory No. 14 |  |  |
| 51 |  |  | Nice - HenitsD063 |  | LE Series Marketing Plan (NSDE 750318-373) |  |  |
| 52 |  |  | Nice - HenitsD065 |  | ContactCenterWorld.com: Dictaphone Freedom Recording System Named Product of the Year (NICE_DE_01140064-65) | 401, 402, 403 |  |
| 53 |  |  | Nice - P023 |  | Voice Over IP (VoIP Recording and Analysis) Dr. Chris Blair, Chief Technology Officer |  |  |

Exhibit 6.wpd                                                      4

| 54 | | | Nice - P024;Nice - P718 | | Declaration of Kevin Hegebarth in Support of Witness Systems Inc.'s Motion For Transfer (Filed June 29, 2006, NICE v. Witness, Civil Action Number 06-311 - JJF (D. Del.) | | |
| 55 | | | Nice - P025 | | Witness Instructor's Guide - Compliance 7.7 (WSDEPROD0832664-995) | | |
| 56 | | | Nice - P026 | | eQuality ContactStore (NSDE 000011-52) | | |
| 57 | | | Nice - P027 | | Record/Replay Card top-Level Circuit Diagram | 901 | |
| 58 | | | Nice - P028 | | Eyretel the e-Ware Network Solution (WSNSDE0050001-71) | | |
| 59 | | | Nice - P029 | | Eyretel Voice Recording System (WSNSDE0049744 -756) | | |
| 60 | | | Nice - P030 | | Voice Over IP, (VoIP) Product Proposal Document (WSDEPROD5122120-142) | | |
| 61 | | | Nice - P031 | | Eyretel Technical Note ETN340 for E.Ware Search Manager Sub-System (WSDEPROD1284294-327) | | |
| 62 | | | Nice - P032 | | Witness V6 Architecture v E.Ware V6 Architecture (WSDEPROD1552021-29) | | |
| 63 | | | Nice - P033 | | Analog/Digital E1, T1 Megalink and Max Card Position Configuration Diagram | 901 | |
| 64 | | | Nice - P034 | | Cable Layout, Mediastore, Micro MKII Analog | 901 | |
| 65 | | | Nice - P035 | | Analog Line Interface Card | 901 | |
| 66 | | | Nice - P036 | | Analog/Digital Mediastore Card Position Configuration Diagram | 901 | |
| 67 | | | Nice - P037 | | WLN, ContactStore / ContactStore PIUS Installation for Engineers (WSDEPROD0108294-8587) | | |
| 68 | | | Nice - P038 | | WLN, Instructor Guide, Quality Monitoring, Server and System Administration, 7.7.0 (WSDEPROD3261279-1558) | | |
| 69 | | | Nice - P039 | | NICE_DE_01128314-8578) Retained | | |
| 70 | | | Nice - P040 | | Witness Contact Store for Communication Manger, Release 7.3 (NSDE 001501-167) | | |
| 71 | | | Nice - P041 | | Instructor Guide Compliance Recorder 7.7 (WSDEPROD4475147-5249) | | |

Exhibit 6.wpd

5

| 72 | | | | Nice - P042 | | eQuality ContactStore Administration (WSDEPROD0103377-3618) | | |
|----|--|--|--|-------------|--|----------------------------------------------------------------------|--|--|
| 73 | | | | Nice - P043 | | ContactStore for Communication Mangers, 7.1 for Engineers (WSDEPROD0107010-163) | | |
| 74 | | | | Nice - P044 | | Witness Systems Advanced WorkForce Optimization Proposal for Travelsphere via BT (WSDEPROD0840875-894) | | |
| 75 | | | | Nice - P045 | | Viewer User Guide, Release 7.7.1, dated July 2006 (WSDEPROD2474397-478) | | |
| 76 | | | | Nice - P046 | | PR-WJ-1004 Archive Support for Post Call Tagging, Supplementary Specifications, dated 10/28/2004 | | |
| 77 | | | | Nice - P047 | | WOODY: Use Case UC-40014: Consolidate A Recording, dated 11/8/2004 (WSDEPROD3175762-766) | | |
| 78 | | | | Nice - P048 | | FreeDroopy Recorder, Use Case Model, dated 11/15/2005 (WSDEPROD2527621-666) | | |
| 79 | | | | Nice - P049 | | WOODY: White Paper/High Level Design PR-WY-1011: ContactStore IP high Availability topology Guidelines, dated 5/8/2005 (WSDEPROD1123255-314) | | |
| 80 | | | | Nice - P050 | | FreeDroopy Recorder Software Architecture Document, dated 11/16/2005 (WSDEPROD1126614-675) | | |
| 81 | | | | Nice - P051 | | ContactStore CSIP, dated 8/2/2005 (WSDEPROD1954542-576) | | |
| 82 | | | | Nice - P052 | | WOODY: PR-WY-1016 Mixed Protocol Support High Level Design Document, dated 2/1/2005 | | |
| 83 | | | | Nice - P053 | | WOODY: Use Case UC-50014:Preprocess IP Packets, dated 10/12/2004 (WSDEPROD3177201-206) | | |
| 84 | | | | Nice - P054 | | WOODY: Supplementary Specifications, dated 10/11/2004 (WSDEPROD0579094-9101) | | |
| 85 | | | | Nice - P055;Nice - P702 | | Witness Systems Software Architecture dated 12/24/2004 Version 1.0 Author Duane Wright - System Architect Recording System, dated 12/24/2004 (WSDEPROD0579244-302) | | |
| 86 | | | | Nice - P056 | | Architecture Core Team - Eyretel As Is (WSDEPROD1122456-468) | | |

Exhibit 6.wpd                                                                6



| 87 | | | | Nice - P057 | | Contact Store SRS (WSDEPROD0531359-419) | | |
|---|---|---|---|---|---|---|---|---|
| 88 | | | | Nice - P058 | | FreeDroopy RB-0025/36 Performance and Sizing Supplementary Specifications, dated 1/26/2006 (WSDEPROD1126864-891) | | |
| 89 | | | | Nice - P059 | | Cisco Technology Development Program Interoperability Verification Testing (IVT) Questionnaire for WS Impact360 Recorder with Cisco Unified CallManager 5.X(x) (WSDEPROD1127381-438) | | |
| 90 | | | | Nice - P060 | | Marketing Document | | |
| 91 | | | | Nice - P129 | | Project Picasso, Nortel Contact Recording & Quality Monitoring, v6.0.2, Vision (WSDEPROD0310086-98) | | |
| 92 | | | | Nice - P140 | | Notice of Deposition of Adtech-GSI, LLC | | |
| 93 | | | | Nice - P141 | | AGS Listens. Understands. Executes. (ADTECH000001-27) | 802 | |
| 94 | | | | Nice - P145 | | Witness Systems Agreement, dated 1/28/2004 (ADTECH000160-178) | 802 | |
| 95 | | | | Nice - P203 | | Letter to G. Wright (Senior VP of Blue Cross Blue Shield of Georgia) from G. Humphrey, dated 9/24/1998 (WSNSDE0047194-195 | | |
| 96 | | | | Nice - P208 | | Letter to G. Humphrey from G. Wright re Eyretel Issues List, dated 9/10/1998 (WSNSDE0047196) | | |
| 97 | | | | Nice - P209 | | BlueCross BlueShield of Georgia - Eyretel Issue list (WSNSDE0047080-82) | | |
| 98 | | | | Nice - P210 | | Letter from Kent to Drayton re Interrogatory Number 14, dated 5/4/2007 | | |
| 99 | | | | Nice - P233 | | Witness VoIP Solutions (WSDEPROD0310435-437) | | |
| 100 | | | | Nice - P234 | | Exhibit A - Witness Systems Enterprise Mid-Market Express and ContactStore  Backsell Price List (WSNICE6800-814) | | |
| 101 | | | | Nice - P235 | | Witness - Form 8-K, dated 2/15/2007 | | |
| 102 | | | | Nice - P236 | | Witness - Form PreM -14A, dated 3/14/2007 | | |

Exhibit 6.wpd                    7

| 103 | | | | Nice - P237 | | Marketing Document (WSDEPROD0101816-820) | | |
|---|---|---|---|---|---|---|---|---|
| 104 | | | | Nice - P238 | | Marketing Document (WSDEPROD0100641-645) | | |
| 105 | | | | Nice - P239 | | Marketing Document (WSDEPROD0101046-1051) | | |
| 106 | | | | Nice - P240 | | Witness ContactStore for Communication Manager, Last Updated 12-21-05, 3 Pages | | |
| 107 | | | | Nice - P241 | | Witness ContactStore for Communication Manager, Last Updated 3-27-06, 5 Pages (WITSDE 0002525-529) | | |
| 108 | | | | Nice - P242 | | Document Comparing Witness Systems to NICE Systems, 4 Pages (STS 023330-333) | | |
| 109 | | | | Nice - P243 | | Witness Systems Competitive Position v NICE Perform, dated 7/28/2006 (WITSDE 0002465-473) | | |
| 110 | | | | Nice - P244 | | Competitor Playbooks about NICE Systems, dated 7/28/2006 (WITSDE 0002445-457) | | |
| 111 | | | | Nice - P245 | | Competitor Playbooks about NICE Systems, dated 3/27/2006 (WSISTS057858-869) | | |
| 112 | | | | Nice - P246 | | Competitor Playbooks about NICE Systems, dated 12/21/2005 | | |
| 113 | | | | Nice - P247 | | Competitor Playbook about NICE Systems, dated 6/282005 (WITSDE 0067063-073) | | |
| 114 | | | | Nice - P248 | | NICE-Witness IP Comparison (WSDEPROD0222103-104) | | |
| 115 | | | | Nice - P250 | | NICE-Witness Competitive Mid-Market Analysis (WSDEPROD0225620-624) | | |
| 116 | | | | Nice - P251 | | Witness-Eyretel Competitive Analysis (WSDEPROD0225116-126) | | |
| 117 | | | | Nice - P252 | | NICE-Verint-eTalk Competitive Matrix Multi-media InterAction Recording Vendors (WITSDE 0002423-438) | | |
| 118 | | | | Nice - P253 | | Witness: Speech Recognition Competitive Analysis (WSNB003973-975) | | |
| 119 | | | | Nice - P254 | | Competitive Landscape (WSDEPROD0213744-758) | | |
| 120 | | | | Nice - P255 | | NICE - Competitive Analysis, dated 09/00/2001 (WSDEPROD0005367-380) | | |

Exhibit 6.wpd                                                                                        8

| 121 | | | | Nice - P256 | | Competitive Landscape (WSDEPROD0213469-479) | | |
|-----|---|---|---|---|---|---|---|---|
| 122 | | | | Nice - P257 | | E-mail String re Seed Questionings for your Briefing, dated 8/30/2004 (WSNB008401-404) | | |
| 123 | | | | Nice - P258 | | immix Group: Technology RePresentation | | |
| 124 | | | | Nice - P259 | | Witness Systems Annual Report for 2000 | | |
| 125 | | | | Nice - P700;Nice - P714 | | Technology Advisory Council : Meeting Minutes dated 6/6/2005 (WSDEPROD2458277-281) | | |
| 126 | | | | Nice - P701 | | Impact 360 Product Suite : Record & Replay System Architecture (WSDEPROD0536527-548) | | |
| 127 | | | | Nice - P703 | | Instructor Guide Compliance Recorder 7.7 Installation and Administration Course Module 1: Overview and Infrastructure (WSDEPROD2475147-250) | | |
| 128 | | | | Nice - P704 | | Witness ContactStore 7.7 for Avaya Communication Manager (CSCM) Technical Note: CSCM 7.7. for Quality Monitoring 7.7.1 (formerly eQuality Balance) | | |
| 129 | | | | Nice - P705 | | Impact 360 Architectural Roadmap - August 2006 (WSDEPROD1521018-1028) | | |
| 130 | | | | Nice - P706 | | 7.8 Recorder - Secure Data in Transit with SSL- Software Architecture (WSDEPROD3182549-579) | | |
| 131 | | | | Nice - P709 | | Second Declaration of Kevin Hegebarth, dated 10/13/2004 (STS v Witness) | | |
| 132 | | | | Nice - P711 | | Agenda for Upcoming Technical Advisory Council, Conference Call - Week of March 21, 2005 (WSNB013949-951) | 802 | |
| 133 | | | | Nice - P712 | | Technical Advisory Council Charter, dated 05/00/2005 (WSDEPROD2458323-325) | | |
| 134 | | | | Nice - P713 | | Technical Advisory Council Minutes, dated 6/6/2005 (WSNSDE061093-1101) | | |
| 135 | | | | Nice - P715 | | Technical Advisory Council Meeting Minutes, dated 7/21/2005 (WSDEPROD2458301-304) | | |

Exhibit 6.wpd

| 136 | | | Nice - P716 | | Patent Status Update Presentation Made by Technical Advisory Council Meeting, dated 7/21/2005 (WSNB013977-991) | | |
|---|---|---|---|---|---|---|---|
| 137 | | | Nice - P717 | | Technical Advisory Council, dated 10/20/2005 (WSNSDE061086-1092) | | |
| 138 | | | Nice - P719 | | E-mail from Competitive HIT Committee, dated 6/18/2004 (WSDEPROD1540176-0176) | | |
| 139 | | | Nice - P727;EvansD109 | | E-mail Chain from Discombe to Mr. Evans, dated 10/10/2005 (WSNB009900-902) | 802 | |
| 140 | | | Nice - P728:EvansD111 | | E-mail Chain from Ms. Patton to Sales & Marketing, dated 1/16/2006 (WSNB010250-253) | 802 | |
| 141 | | | Nice - P729 | | Witness Systems: Avaya Relationship Introduction (WSDEPROD0011200-217) | | |
| 142 | | | Nice - RozenblatD007 | | DaVinci by Dictaphone Industry Awards 1998, dated 00/00/1998 (NICE_DE_00408245) | 401, 402, 403 | |
| 143 | | | Nice - RozenblatD008 | | Lost Opportunities 2006 ESI Chart, dated 00/00/2006 (NICE_DE_01136604-607) | | |
| 144 | | | Nice - RudnickD016; Nice - RozenblatD006 | | United States Industry Awards, dated 6/13/2007 (NICE_DE_01138059-061) | | |
| 145 | | | Nice - SwickD002 | | Group Objectives for 1991, dated 00/00/1991(NSDE 119958-961) | | |
| 146 | | | STS - Blair P013 | | Declaration of Christopher D. Blair, Ph.D., dated 5/26/2006 | | |
| 147 | | | STS - P003; Witness - D081 | | Avaya: Witness Contact Store and Witness Quality for Communication Manager (STS 002976-998) | | |
| 148 | | | STS - P004; Witness - D077 | | Avaya: the Future of Call Recording in Converged Networks, dated 2/1/2004 (AVAYA012293-307) | | |
| 149 | | | STS - P005 | | Avaya: Witness ContactStore for Communication Manager, Release 7.3, dated 9/1/2005 (STS 024158-324) | | |
| 150 | | | STS - P009 | | Chart re Avaya & Witness Comparison | 802*, 901* | |
| 151 | | | STS - P010 | | Software Development Agreement between Witness Systems and Blair Necessities, dated 12/4/2003 (WSISTS057891-934) | | |

Exhibit 6.wpd

| 152 | | | | STS - P011 | | Nortel Contact Recording, Product Overview, dated 7/5/2005 (WSISTS026004-6019) | 401, 402, 403 | |
|-----|--|--|--|------------|--|------------------------------------------------------------------------------------|----------------|--|
| 153 | | | | STS - P012 | | Nortel Call Recording and Quality Monitoring (WSISTS054796-803) | 401, 402, 403 | |
| 154 | | | | STS - P013 | | Evolution of Voice Recording | | |
| 155 | | | | STS - P014 | | Application Note for the Witness Systems Compliance Package with Avaya Communication Manager and Avaya Application Enablement Services - Issue 1.0, dated 5/25/2006 | | |
| 156 | | | | STS - P015 | | IP Capture Engine Design, Draft 1.0 (WSISTS007038-7056) | | |
| 157 | | | | STS - P016 | | Application Note for Eyretel IP Recording Suite, dated 1/23/2003 (STS 001331-404) | | |
| 158 | | | | STS - P017 | | ContactStore IP 7.4: Installation Guide, dated 7/1/2005 (WSISTS053893-986) | | |
| 159 | | | | STS - P018 | | Pre-Sales Solution Suite Overview, dated 10/25/2004 (STS 010144-262) | | |
| 160 | | | | STS - P020 | | Voice Over IP Recording Analysis, dated 1/1/2001 (WSISTS007328-346) | | |
| 161 | | | | STS - P022 | | Key Performance Metrics, dated 6/27/2005 (WSISTS047415) | | |
| 162 | | | | STS - P023 | | Key Performance Metrics, dated 6/28/2005 (WSISTS065436) | | |
| 163 | | | | STS - P024 | | Chart (WSISTS065756) | | |
| 164 | | | | STS - P025 | | Witness Systems Announces Record Quarterly Results, dated 1/22/2004 | | |
| 165 | | | | STS - P026 | | Optimizing the VoIP-Enabled Contact Center and Enterprise, dated 3/1/2004 | | |
| 166 | | | | STS - P027 | | Witness Systems Emerges as the IP Recording Company, dated 7/13/2004 | | |
| 167 | | | | STS - P028 | | Witness Systems Furthers Support of Virtual Contact Centers Through Its IP Recording Solution, dated 7/13/2005 | | |
| 168 | | | | STS - P029 | | Your Money's Worth: the Business Value of VoIP Recording, dated 9/1/2005 | | |
| 169 | | | | STS - P030 | | Witness Systems Reports Second Quarter Results, dated 7/27/2006 | | |

Exhibit 6.wpd

11

| 170 | | | | STS - P031 | | Addendum Number 8 to Non-Exclusive Master License Agreement, dated 9/19/2005 (WSISTS065757-771) | | |
|-----|--|--|--|------------|--|-----------------------------------------------------------------------------------------------------|--|--|
| 171 | | | | STS - P032 | | Addendum Number 9 to Non-Exclusive Master License Agreement, dated 6/20/2006 (WSISTS065772-777) | | |
| 172 | | | | STS - P-033 | | Software License Agreement between Nortel Networks and Witness Systems, dated 6/1/2005 (WSISTS047455-501) | | |
| 173 | | | | STS - P034 | | Key Performance Metrics, dated 6/28/2005 (WSNICE027829-833) | | |
| 174 | | | | STS - P035 | | Avaya: Witness ContactStore for Communication Manager, Release 7.7, dated 11/1/2006 (WSISTS063087-359) | | |
| 175 | | | | STS - P066 | | Voice Over IP Recording with MediaStore, dated 4/5/1999 (WSISTS006427-438) | | |
| 176 | | | | STS - P067 | | VoIP Update - Brain Dump following Cisco Meeting 5/7 and Call 6/7 (WSISTS004392-399) | 802 | |
| 177 | | | | STS - P068 | | VoIP Recorder Product Proposal Document, dated 8/8/2000 (WSISTS005107-129) | | |
| 178 | | | | STS - P069 | | Witness V6 Architecture v eWare V6.1 Architecture: An Eyretel View of the Hype! (WSISTS006990-998) | | |
| 179 | | | | STS - P070 | | VoIP Recording and Analysis by Dr. Chris Blair (WSISTS004824-853) | | |
| 180 | | | | STS - P071 | | VoIP Recording for DG-teleservices (WSISTS002436-458) | | |
| 181 | | | | STS - P072 | | MediaStoreIP Technical Guide (WSISTS008221-251) | | |
| 182 | | | | STS - P073 | | Recording & Analysis Solutions for CallManager & IPCC (WSISTS001875-926) | | |
| 183 | | | | STS - P074 | | CTO to Product Management Brain-Dump, dated 8/3/2001 (WSISTS002260-71) | | |
| 184 | | | | STS - P075 | | Engineering Requirements Specifications ERS096: MediaStoreIP 3.1, dated 9/20/2001 (WSISTS007777-7795) | | |
| 185 | | | | STS - P076 | | Engineering Technical Note ETN592: OEM Integration Guide, dated 12/31/2001 (WSISTS002993-3020) | | |

Exhibit 6.wpd                                                                    12

| 186 | | | | STS - P077 | | Engineering Technical Note ETN658: Core Script Design, dated 3/27/2002 (WSISTS007897-7948) | | |
|-----|--|--|--|------------|--|---------------------------------------------------------------------------------------------------------------|--|--|
| 187 | | | | STS - P078 | | Developer's Guide ETN543: Unify Scripts for NGA, dated 6/17/2002 (WSISTS007816) | | |
| 188 | | | | STS - P079 | | Compliance Recording: System Administration Guide, dated 9/1/2006 | | |
| 189 | | | | STS - P080 | | Witness ContactStore for Communication Manager Release 7.7, dated 6/1/2006 | | |
| 190 | | | | STS - P081 | | Knowledge Transfer Kit, Nortel Contact Recording and Quality Monitoring (STS 022500-510) | 401, 402, 403 | |
| 191 | | | | STS - P100 | | Declaration of Christopher Blair (STS v Witness), dated 5/26/2006 | | |
| 192 | | | | STS - P110 | | Document Entitled "Witness Systems, Inc.'s Fourth Supplemental L.P. RS 4.3 Disclosures" dated March 22, 2007 | | |
| 193 | | | | STS - P111 | | Document reflecting Source Code | | |
| 194 | | | | STS - P112 | | Document reflecting Source Code | | |
| 195 | | | | STS - P113 | | Document reflecting Source Code | | |
| 196 | | | | STS - P114 | | Document reflecting Source Code | | |
| 197 | | | | STS - P115 | | Document reflecting Source Code | | |
| 198 | | | | STS - P116 | | Document reflecting Source Code | | |
| 199 | | | | STS - P117 | | Document reflecting Source Code | | |
| 200 | | | | STS - P118 | | Document reflecting Source Code | | |
| 201 | | | | STS - P119 | | Document reflecting Source Code | | |
| 202 | | | | Witness - D001 | | Notice of Rule 30(b)(6) Deposition of Witness Systems, Inc., dated 1/16/2007 | | |
| 203 | | | | Witness - D009 | | "News Release Entitled ""Witness Systems Introduces Faster, More Efficient Data Monitoring Architecture"" (WSNICE000092-93)" | | |
| 204 | | | | Witness - D010 | | Document Entitled "Superior Sales and Customer Service through Advanced Quality Monitoring Technology" (WSNICE000094-99) | | |
| 205 | | | | Witness - D015 | | Website Printout Entitled "History of Witness, the Witness Story - Part 1," by Jim Judson (WSNICE027834-838 | | |
| 206 | | | | Witness - D016 | | Witness Call Monitoring System Manual (NICE 19435-546) | | |

Exhibit 6.wpd

| 207 | | | | Witness - D017 | | Witness Call Monitoring System User Manual (NICE 18728-754) | | |
|-----|---|---|---|-----------------|---|---------------------------------------------------------------------------------------------------------------------|---|---|
| 208 | | | | Witness - D019 | | Key Performance Mertics Document (WSNICE027829-833) | | |
| 209 | | | | Witness - D020 | | Witness Systems Customer List (WSNICE027761-828) | | |
| 210 | | | | Witness - D021; STS - P021 | | Witness Systems Customer List (WSISTS065344-435) | | |
| 211 | | | | Witness - D022 | | Organiazational Charts (WSISTS011368-397) | | |
| 212 | | | | Witness - D023 | | Document Entitled "Witness revenues" (WSNICE026150) | | |
| 213 | | | | Witness - D024 | | Impact 360 Overview/brochure | | |
| 214 | | | | Witness - D029;STS - P045 | | Impact 360 Competitive Differentiators, dated 10/14/2005 (WSNICE19255-58) | | |
| 215 | | | | Witness - D030;STS - P048 | | Advanced Quality Monitoring Package Features Overview G31Release 7.6, 12/00/2005 (WSNICE19090-179) | | |
| 216 | | | | Witness - D031 | | License and Support Agreement between Witness Systems and United HealthCare Services, dated 9/30/2002 (WSNICE024911-927) | | |
| 217 | | | | Witness - D032 | | License and Support Agreement between Witness Systems and Target Corporation, dated 9/9/2000 (WSNICE024733-749) | | |
| 218 | | | | Witness - D033 | | Competitive Matrix of Multi-Media InterAction Recording Vendors (WSNICE21016-31) | | |
| 219 | | | | Witness - D034 | | Competitor playbook for NICE Systems, Last Updated February 15, 2005 (WSNICE003429-38) | | |
| 220 | | | | Witness - D035 | | Competitor playbook for NICE Systems, Last Updated March 27, 2006 (WSNICE21097-108) | | |
| 221 | | | | Witness - D036;STS - P044 | | Witness ContactStore for Communication Manager: Comparison with NICE Systems CMAPI-Based Recorder, dated 3/27/2006 (WSNICE21118-22) | | |
| 222 | | | | Witness - D037 | | Products Comparison Chart (WSNICE21037-38) | | |
| 223 | | | | Witness - D038 | | Document Entitled "Data Capture Benchmarking Exercise" (WSNICE003242) | | |
| 224 | | | | Witness - D039 | | Witness Competitive Pocket Guide re Eyretel (WSNICE003421-426) | | |
| 225 | | | | Witness - D040 | | Minutes of the Pricing Committee of Witness Systems Signed in May of 2005 (WSNICE006703-6711) | | |

Exhibit 6.wpd                                          14

| 226 | | | | Witness - D087 | | Press Release from Witness Systems | | |
|-----|--|--|--|-----------------|--|-----------------------------------|--|--|
| 227 | | | | Witness - Napper 1 | | Mr. Napper's Original Expert Report, dated 4/11/2007 | | |
| 228 | | | | Witness - Napper 2 | | Mr. Napper's Revised Schedules | | |
| 229 | | | | Witness - Napper 3 | | Mr. Napper's Rebuttal Report, dated 6/7/2007 | | |
| 230 | | | | Witness - Napper 5 | | Advanced Quality Monitoring Package: Overview Guide, dated 12/00/2005 (WSNICE 19096-179) | | |
| 231 | | | | Witness - Napper 6 | | License Agreement between Netopia and NIC , dated 2/25/2003 (NICE 331 -351) | | |
| 232 | | | | Witness - Napper 7 | | License Agreement between Funk and Dictaphone, dated 12/15/1997 (NICE 25288-315) | | |
| 233 | | | | Witness - Napper 8 | | Letter to J. Judson from C. Messologitis, dated 1/15/1997 (NICE 25325-26) | | |
| 234 | | | | Witness - Napper 9 | | Letter to R. Tacelli from C. Messologitis, dated 6/30/1997 (NICE 25323-24) | | |
| 235 | | | | | | NICE_DE_01148912 | | |
| 236 | | | | | | NICE_DE_01444965 | | |
| 237 | | | | | | WSNSDE061292-394 | | |
| 238 | | | | | | VOIP Total Analysis 5/10/06 (STS023521-798) | | |
| 239 | | | | | | NICE Perform and NICE Universe Analysis (STS032005 (same as NICE45575)) | | |
| 240 | | | | | | STS039968 | | |
| 241 | | | | | | VoIP Total Analysis (STS039969-40063) | | |
| 242 | | | | | | WSNB021130-45 | | |
| 243 | | | | | | NS101183 | | |
| 244 | | | | | | Multiple Products (NSDE 000053 - 000062) | 901, 1002 | |
| 245 | | | | | | Impact 360/eQuality Balance (NSDE 000063 - 000260) | | |
| 246 | | | | | | Impact 360/eQuality Balance (NSDE 000261 - 000476) | | |
| 247 | | | | | | Impact 360/eQuality Balance (NSDE 000477 - 000666) | | |
| 248 | | | | | | eQuality ContactStore for IP (NSDE 000667 - 000730) | | |
| 249 | | | | | | eQuality ContactStore (NSDE 000731 - 000732) | | |
| 250 | | | | | | Impact 360/eQuality Balance (NSDE 000733 - 000846) | | |

Exhibit 6.wpd                                                                          15

| 251 | | | | | eQuality ContactStore (NSDE 000847 - 000966) | | |
| 252 | | | | | eQuality ContactStore for IP (NSDE 000967 - 1138) | | |
| 253 | | | | | Impact 360/eQuality Balance (NSDE 001139 - 001350) | | |
| 254 | | | | | Impact 360/eQuality Balance (NSDE 001351 - 001495) | | |
| 255 | | | | | Impact 360/eQuality Balance (NSDE 001496 - 001500) | | |
| 256 | | | | | Witness ContactStore for Communication Manager (NSDE 001501 - 001668) | | |
| 257 | | | | | Impact 360/eQuality Balance (NSDE 001669 - 001772) | | |
| 258 | | | | | Impact 360/eQuality Balance (NSDE 001773 - 001844) | | |
| 259 | | | | | Impact 360/eQuality Balance (NSDE 001845 - 001881) | | |
| 260 | | | | | Impact 360/eQuality Balance (NSDE 001882 - 001910) | | |
| 261 | | | | | eQuality ContactStore (NSDE 001911 - 001964) | | |
| 262 | | | | | Witness ContactStore for Communication Manager (NSDE 001965 - 001978) | | |
| 263 | | | | | Impact 360/eQuality Balance (NSDE 001979 - 001999) | | |
| 264 | | | | | Impact 360/eQuality Balance (NSDE 002000 - 002008) | | |
| 265 | | | | | eQuality ContactStore for IP (NSDE 002009 - 002022) | | |
| 266 | | | | | Witness ContactStore for Communication Manager (NSDE 002023 - 002052) | | |
| 267 | | | | | Witness Quality for Communication Manager (NSDE 002053 - 002214) | | |
| 268 | | | | | Witness ContactStore for Communication Manager (NSDE 002215 - 002296) | | |
| 269 | | | | | Impact 360/eQuality Balance (NSDE 002297 - 002378) | | |
| 270 | | | | | eQuality ContactStore for IP (NSDE 002379 - 002447) | | |
| 271 | | | | | eQuality ContactStore for IP (NSDE 002448 - 002623) | | |
| 272 | | | | | Impact 360/eQuality Balance (NSDE 002624 - 002769) | | |
| 273 | | | | | Witness ContactStore for Communication Manager (NSDE 002770 - 002849) | | |

Exhibit 6.wpd

16

| 274 | | | | | | Witness Quality for Communication Manager (NSDE 002850 - 002901) | | |
|-----|--|--|--|--|--|----------------------------------------------------------|--|--|
| 275 | | | | | | Impact 360/eQuality Balance (NSDE 002902 - 002935) | | |
| 276 | | | | | | eQuality ContactStore for IP (NSDE 002936 - 002940) | | |
| 277 | | | | | | eQuality ContactStore for IP (NSDE 002941 - 003103) | | |
| 278 | | | | | | eQuality ContactStore for IP (NSDE 003104 - 003275) | | |
| 279 | | | | | | Impact 360/eQuality Balance (NSDE 003276 - 003471) | | |
| 280 | | | | | | Witness Quality for Communication Manager (NSDE 003472 - 003591) | | |
| 281 | | | | | | Impact 360/eQuality Balance (NSDE 003592 - 003785) | | |
| 282 | | | | | | Witness Quality for Communication Manager (NSDE 003786 - 003915) | | |
| 283 | | | | | | Impact 360/eQuality Balance (NSDE 003916 - 004016) | | |
| 284 | | | | | | eQuality ContactStore for IP (NSDE 004017 - 004021) | | |
| 285 | | | | | | eQuality ContactStore for IP (NSDE 004022 - 004082) | | |
| 286 | | | | | | eQuality ContactStore for IP (NSDE 004083 - 004092) | | |
| 287 | | | | | | eQuality ContactStore for IP (NSDE 004093 - 004119) | | |
| 288 | | | | | | Witness Systems v. NICE Systems: Competitive Analysis (STS 020848-860) | | |
| 289 | | | | | | WSNB008833-924 | | |
| 290 | | | | | | NICE's Preliminary Infringement Contentions, dated 4/19/2007 | | |
| 291 | | | | | | Witness' Objections and Responses to NICE's 1st Set of Interrogatories, dated 1/18/2007 | | |
| 292 | | | | | | Witness' Objections and Responses to NICE's 2nd Set of Interrogatories, dated 3/2/2007 | | |
| 293 | | | | | | Witness' Supplemental Response to Interrogatories 1a, 2 and 2a, dated 4/30/2007 | | |
| 294 | | | | | | Witness' Supplemental Response to NICE's Interrogatory 2 and 2(a), dated 5/30/2007 | | |
| 295 | | | | | | Witness' 3rd Supplemental Responses to NICE Interrogatory 2 and 2(a), dated 7/10/2007 | | |

Exhibit 6.wpd                                                                 17

| 296 | | | | | | Witness' 4th Supplemental Response to NICE's Interrogatory 2 and 2(a), dated 9/10/2007 | | |
| 297 | | | | | | Recorded assignment for the 5,396,371 (Henits) - Endless Loop Voice Data Storage and Retrievable Apparatus and Method Thereof patent (NSDE 1013723-835) | | |
| 298 | | | | | | Recorded assignment for the 5,819,005 (Daly) - Modular Digital Recording Logger patent (NSDE 101836-867) | | |
| 299 | | | | | | Recorded assignment for the 6,249,570 (Glowny) - System and Method for Recording and Storing Telephone Call Information patent (NSDE 1013868-921) | | |
| 300 | | | | | | Recorded assignment for the 6,728,345 B2(Glowny) - System and Method for Recording and Storing Telephone Call Information Retained patent (NSDE 1013922-956) | | |
| 301 | | | | | | Recorded assignment for the 6,775,372 B1 Henits - System and Method for Multi-stage Data Logging patent (NSDE 1013957-981) | | |
| 302 | | | | | | Recorded assignment for the 6,785,370 B2 (Glowny) - System and Method for Integrating Call Record Information patent (NSDE 1013982-4028) | | |
| 303 | | | | | | Recorded assignment for the 6,870,920 B2 (Henits) - System and Method for Multi-stage Data Logging patent (NSDE 1014029-4060) | | |
| 304 | | | | | | Recorded assignment for the 7,010,109 (Gritzer) - Digital Recording of IP Based Distributed Switching Platform patent (NSDE 1014061-4062) | | |
| 305 | | | | | | Logger Architecture Assignment, dated 4/19/1991 (NSDE 097535-629) | 106, 802*, 901, 1002 | |
| 306 | | | | | | Dan Daly Invention Disclosure - Modular Digital System (NICE DE 01137643-661) | | |

Exhibit 6.wpd                                        18

| 307 | | | | | | Symphony CTI Product Description Engineering Overview Version 1.2 (NSDE 292189-217) | | |
|-----|--|--|--|--|--|---|--|--|
| 308 | | | | | | Da Vinci Presentation (NSDE 912796-805) | 802*, 901* | |
| 309 | | | | | | Da Vinci Presentation (NSDE 912806-814) | | |
| 310 | | | | | | da Vinci Monitoring System Funtional Requirements dates 09/09/98 (NSDE 912821-882) | | |
| 311 | | | | | | Dos Equis Workstation Introduction (NSDE 409914-938) | | |
| 312 | | | | | | Dos Equis Database Server Operations (NSDE 409487-546) | | |
| 313 | | | | | | Dos Equis Screen Data Capture Design (NSDE 785690-706) | | |
| 314 | | | | | | CRS Next Generation Product Specification (NSDE6012879-911) | | |
| 315 | | | | | | LE Functional Specification (NSDE 349247-9316) | | |
| 316 | | | | | | DRM Playback Use Cases for 32 Bit Clients (NSDE 223928-935) | | |
| 317 | | | | | | Dos Equis Requirements Model (NICE_DE_00241079-1143) | | |
| 318 | | | | | | da Vinci Liability Product Requirement Specification (NSDE 6133156-239) | 802*, 901* | |
| 319 | | | | | | Da Vinci Hardware Specifications (NSDE 35011-240) | 106, 401, 402, 403, 802, 901, 1002 | |
| 320 | | | | | | Request for Proposal - Communications Recording System (NICE_DE_00354283-294) | 401, 402, 403, 802, 901 | |
| 321 | | | | | | NS003900-4010 | | |
| 322 | | | | | | NiceLog High Density Logger Hardware Guide (NS004920-5164) | | |
| 323 | | | | | | NICE Perform Architecture Overview (NS000093-112) | | |
| 324 | | | | | | NiceLog Provides Enhanced Voice & Screen Recording (NICEINC.0024027-028) | | |
| 325 | | | | | | NICE Perform Solution Brief (NS000256-269) | | |
| 326 | | | | | | Business Performance Management (NS017035-047) | | |
| 327 | | | | | | NICE Perform Brochure (NS016953-958) | | |

Exhibit 6.wpd

| 328 | | | | | | NiceCLS Processor HDL Suite (NICE_DE_1120679-727) | | |
|---|---|---|---|---|---|---|---|---|
| 329 | | | | | | NICE Perform Release II Quick Reference (NS000392-417) | | |
| 330 | | | | | | Solutions for Financial Markets Presentation (NS017175-272) | | |
| 331 | | | | | | NICE Perform Release II: Applications and Playback Servers Setup Guide (S003692-765) | | |
| 332 | | | | | | NICE CEM Integration with Avaya CMAPI Connector Server (STS 015593-695) | | |
| 333 | | | | | | Recording In the Avaya Communication Manager Environement (STS 016004-024) | | |
| 334 | | | | | | Avaya-NICE IP600 (STS 016254-261) | | |
| 335 | | | | | | NICE Presentation - CMAPI (STS 016547-617) | | |
| 336 | | | | | | NICE Perform Integration with Avaya CVLAN (NS006011-139) | | |
| 337 | | | | | | Letters from Dictaphone Corp. ("Dictaphone") to Eyretel PC ("Eyretel") (WSNSDE 061242 - WSNSDE061252) | 802*, 901* | |
| 338 | | | | | | Witness Systems Inc.'s Form 10-k as filed with the U.S. Securities and Exchange Commission on March 14, 2003 for the period ending December 31, 2002 | Not Produced or not sufficiently identified | |
| 339 | | | | | | Witness Systems Inc.'s Form 10-k as filed with the U.S. Securities and Exchange Commission on March 14, 2004 for the period ending December 31, 2003 | Not Produced or not sufficiently identified | |
| 341 | | | | | | Witness Systems Inc.'s Form 10-k as filed with the U.S. Securities and Exchange Commission on April 2, 2007 for the period ending December 31, 2006 | Not Produced or not sufficiently identified | |
| 343 | | | | | | ContactStore for IP "Droopy" Vision dated August 2, 2005 (WSDEPROD 1954542) | 802 | |
| 346 | | | | | | Dictaphone Communication Recording Systems Management Presentation, dated October 2005 (NSDE006163) | 802*, 901* | |

Exhibit 6.wpd

20

| 349 |  |  |  |  |  | NICE Systems Ltd.'s Form 20-F as filed with the U.S. Securities and Exchange Commission on May 17, 2006 | Not Produced or not sufficiently identified |  |
|---|---|---|---|---|---|---|---|---|
| 350 |  |  |  |  |  | Exhibits B-12 and B-13 to Witness Systems Inc.'s Objections and Responses to NICE's Second Set of Interrogatories dated March 2, 2007 |  |  |
| 351 |  |  |  |  |  | Email from Daniel A. Kent, counsel for Witness Systems to Joseph M. Drayton, counsel for NICE dated December 21, 2006 | 401, 402, 403, 802 |  |
| 352 |  |  |  |  |  | Letter from Daniel A. Kent to Joseph Drayton without attachments, dated 5/4/2007 | 401, 402, 403, 802 |  |
| 353 |  |  |  |  |  | Letter from Daniel A. Kent to Joseph Drayton without attachments, dated 8/8/2007 | 401, 402, 403, 802 |  |
| 357 |  |  |  |  |  | eQuality Contact Store Plus, Overview Guide, Version 6.5.5 dated July 2005 (WSNICE009833 & WSNICE009894) |  |  |
| 359 |  |  |  |  |  | Impact 360 Quality Monitoring Server Infrastructure Guide, Version 7.7.0, dated April 2006 (WSDEPROD1338979-9068) |  |  |
| 360 |  |  |  |  |  | Quality Monitoring with 100% Recording, Version 7.6.1 - Overview Guide, dated January 2006 (WSDEPROD1338540-8601) |  |  |
| 361 |  |  |  |  |  | Response ro USCIS NCSC, Quality Monitoring RF{ 05 2005, Pearson Government Solutions, dated May 2004 (WSDEPROD3346618-6735) | 802, 901 |  |
| 362 |  |  |  |  |  | Witness ContactStore for Communication Manager Search and Replay Help, dated January 2005 (NICE_DE_01127158-171 or NICE_DE_01126761-6774) | 802 |  |
| 363 |  |  |  | Nice -P324 |  | Witness Systems eQuality Balance R6.4 System Architecture Overview, dated March 2004 (WSDEPROD0536266-6343) |  |  |
| 364 |  |  |  |  |  | Witness Systems - The eQuality Suite, Pre-Sales Solution Suite Overview Presentation, dated October 2005 (NICE_DE_00815912-6037) |  |  |

Exhibit 6.wpd                    21

| 365 | | | | | | eQuality ContactStore Archive and Adapter Installation and Configuration (WSDEPROD0130158-249) | | |
|-----|--|--|--|--|--|--------------------------------------|--|--|
| 366 | | | | Nice -P309 | | eQuality ContactStoreIP System Guide (NICE_DE_01134674-4845) | | |
| 367 | | | | Nice -P320 | | Impact 360 Archive Installation and Administration Guide, Release 7.7.1, dated September 2006 (NICE_DE_01127176-7465) | | |
| 368 | | | | Nice - P300 | | Nortel TDM Recorder System Administration Guide, Product Release 6.0, dated July 2006 | | |
| 369 | | | | | | Optimizing Agent Performance with eQuality at Nissan Motor Acceptance Corp., dated February 2002 (WSDEPROD1062202-2325) | | |
| 370 | | | | | | Impact 360 Compliance Package from Witness Systems - Powered by Avaya, dated 2006 (NICE_DE_00812909-912) | 802 | |
| 371 | | | | | | Avaya-Witness Quality for CM Brochure (WSDEPROD001251-565) | 802 | |
| 372 | | | | | | Avaya Brochure- QCM now Impact 360 Quality Monitoring Package | 802 | |
| 377 | | | | | | Nortel Contact Recording, Nortel Quality Monitoring Sales Engineering Technical Overview, dated February 2006 (WSDEPROD0317200-249) | 401, 402, 403, 802 | |
| 378 | | | | | | Vision Document - Nortel Contact Recording & Quality Monitoring v6.1 and v6.2, dated 03/07/2006 (WSDEPROD0309370-384) | 401, 402, 403, 802 | |
| 381 | | | | | | Unity Solution Installation and Support Guide-ContactStoreIP Plus (WSDEPROD0762476-480) | | |
| 382 | | | | | | Nortel Sales and Marketing Bulletin Announcing the Introduction of Nortel Contact Recording 6.0 and Nortel Quality Monitoring 6.0 for IP Configuration and Controlled Availability, dated 01/30/2006 (WSDEPROD0317257-276) | 401, 402, 403, 802 | |

Exhibit 6.wpd

22

| 383 |  |  |  |  |  | Quality Monitoring Installation Guide, Version 7.7, dated April 2006 (WSDEPROD0186272-497) |  |  |
|---|---|---|---|---|---|---|---|---|
| 384 |  |  |  |  |  | Impact 360 Operational Package Hardware Sizing Guidelines Verison 7.7.1, dated 10/05/2006 (WSDEPROD2772467-566) |  |  |
| 385 |  |  |  |  |  | Optimizing Agent Performance with eQuality United Stationers Supply Co., dated 06/17/2002 (WSDEPROD1936548-593) |  |  |
| 386 |  |  |  |  |  | Avaya Quality Assurance Solutions-Witness Call Recording Solutions "Powered by Avaya", dated 10/15/2003 (WSDEPROD0011271-304) | 802 |  |
| 387 |  |  |  |  |  | eQuality Balance 6.4 Server Infrastructure Guide for System Administrators, dated 2004 (WSDEPROD0112126-243) |  |  |
| 388 |  |  |  |  |  | Witness ContactStore for Communication Manager Release 7.7 Planning, Installation and Administration Guide, dated October 2006 (WSDEPROD0264074-339) | 802 |  |
| 389 |  |  |  |  |  | Witness Nortel Contact Recording Planning Installation and Administration Guide (WSDEPROD0582260-475) | 401, 402, 403, 802 |  |
| 390 |  |  |  |  |  | Eyretel Contact Archive 7.1 Installation Guide (WSDEPROD1303653-713) |  |  |
| 391 |  |  |  |  |  | Witness Archive Installation Guide (WSDEPROD1532258-305) |  |  |
| 392 |  |  |  |  |  | Impact 360 Advanced Package Hardware Sizing Guidelines Version 7.7.1 (WSDEPROD2772365-466) |  |  |
| 393 |  |  |  |  |  | Witness ContactStore 7.2 for Communication Manager Offer Definition, dated 10/20/2004 (WSISTS017246-290) | 802 |  |
| 394 |  |  |  |  |  | Eyretel Engineering Technical Note ETN658, Core Script Design, dated 2002 (WSISTS003036-87) |  |  |
| 395 |  |  |  |  |  | Selling eQuality ContactStoreIP Plus (WSDEPROD1858124-71) |  |  |
| 396 |  |  |  |  |  | Eyretel Integration Specifications, LGE Louisville/Lexington (WSDEPROD316917-26) |  |  |

Exhibit 6.wpd

| 397 | | | | | | Witness Systems Response to Coral Racing vie BT, Business Process and Requirements capture Telephone Recording and Quality Assurance, Version 1.1 Status: Final, dated 05/25/2005 (WSDEPROD0428662-770) | | |
|---|---|---|---|---|---|---|---|---|
| 398 | | | | | | ContactStoreIP Implementation Document for Vodafone CTS, dated 06//01/2004 (WSDEPROD2514206-21) | | |
| 399 | | | | | | Statement of Work - The Hartford APL UCID Project, dated 06/31/2003 (WSDEPROD0607440-71) | | |
| 400 | | | | | | Land Rover LRUC905 Search and Replay Contacts from Viewer, dated 03/08/2005 (WSDEPROD1517850-861) | | |
| 401 | | | | | | Land Rover HLD Development Task 27.1: Unify Integration, dated 10/12/2004 (WSDEPROD1515555-5586) | | |
| 402 | | | | | | Eyretel eWare Version 7.1 Technical Guide, dated 2003 (WSDEPROD1313300-131410) | | |
| 403 | | | | | | Witness Contact Model Draft 5, dated 12/06/2005 (WSDEPROD0735534-559) | | |
| 404 | | | | | | Eyretel eWare Technical Guide, dated 2001 (WSDEPROD1310869-971) | | |
| 405 | | | | | | eQuality Balance Contact Attribute Data Model Design Specification Revision 1.0, dated 08/16/2002 (WSDEPROD4299692-709) | | |
| 406 | | | | | | Witness ContactStore 7.7 for Avaya Communication Manager (CSCM) Technical Note: CSCM 7.7 for Quality Monitoring 7.7 (Formerly eQuality Balance), dated 2006 (WSDEPROD3561108-117) | | |
| 407 | | | | | | Witness Contact Recording (WCR) 7.7 for Avaya Communication Manager (CM) Technical Note: WCR for Quality Monitoring 7.7 (Formerly eQuality Balance), dated 2006 (WSDEPROD3561159-168) | | |
| 408 | | | | | | Eyretel PLC - Contact Unify Script Solution (source code) (WSDEPROD2057826-878) | | |

Exhibit 6.wpd

| 409 | | | | | ADTECH010495-545 | 802, 901 | |
| 410 | | | | | ADTECH014207 | 802, 901 | |
| 411 | | | | | NET000001-23 | 802, 901 | |
| 412 | | | | | NET000056-76 | 802, 901 | |
| 413 | | | | | NICE 00011-112 | | |
| 414 | | | | | NICE 00148-259 | | |
| 415 | | | | | NICE 00279-354 | | |
| 416 | | | | | NICE 00356-357 | | |
| 417 | | | | | NICE 00359-363 | | |
| 418 | | | | | NICE 00372-374 | | |
| 419 | | | | | NICE 00396 | | |
| 420 | | | | | NICE 00422-455 | | |
| 421 | | | | | NICE 00472-516 | | |
| 422 | | | | | NICE 00671-672 | | |
| 423 | | | | | NICE 00698-708 | | |
| 424 | | | | | NICE 00712-736 | | |
| 425 | | | | | NICE 00741-749 | | |
| 426 | | | | | NICE 00932-953 | | |
| 427 | | | | | NICE 00965-1178 | | |
| 428 | | | | | NICE 01213-14 | | |
| 429 | | | | | NICE 01281-84 | | |
| 430 | | | | | NICE 01581-1602 | | |
| 431 | | | | | NICE 01860-882 | | |
| 432 | | | | | NICE 02002-2150 | | |
| 433 | | | | | NICE 02176-255 | | |
| 434 | | | | | NICE 02437-653 | | |
| 435 | | | | | NICE 02677-680 | | |
| 436 | | | | | NICE 02723-25 | | |
| 437 | | | | | NICE 02835-3103 | | |
| 438 | | | | | NICE 03554-3741 | | |
| 439 | | | | | NICE 03782-3944 | | |
| 440 | | | | | NICE 04120-31 | | |
| 441 | | | | | NICE 04229-240 | | |
| 442 | | | | | NICE 04660-4732 | | |
| 443 | | | | | NICE 04825-916 | | |
| 444 | | | | | NICE 05053-5171 | | |
| 445 | | | | | NICE 07508-7654 | | |
| 446 | | | | | NICE 07656-82 | | |
| 447 | | | | | NICE 07750-68 | | |
| 448 | | | | | NICE 11429 | 802, 901, 1006 | |
| 449 | | | | | NICE 11450-628 | | |
| 450 | | | | | NICE 15393-571 | | |
| 451 | | | | | NICE 16214-836 | | |
| 452 | | | | | NICE 17510-867 | | |
| 453 | | | | | NICE 17879-932 | | |
| 454 | | | | | NICE 18847-851 | | |
| 455 | | | | | NICE 18904-954 | | |

Exhibit 6.wpd                                                                 25

| 456 |  |  |  |  | NICE 18955-975 |  |  |
|---|---|---|---|---|---|---|---|
| 457 |  |  |  |  | NICE 19163 |  |  |
| 458 |  |  |  |  | NICE 19695-818 |  |  |
| 459 |  |  |  |  | NICE 19879-894 | 802, 901, 1002 |  |
| 460 |  |  |  |  | NICE 20607-663 |  |  |
| 461 |  |  |  |  | NICE 21060-445 |  |  |
| 462 |  |  |  |  | NICE 21207-333 |  |  |
| 463 |  |  |  |  | NICE 22753-754 |  |  |
| 464 |  |  |  |  | NICE 22760-809 |  |  |
| 465 |  |  |  |  | NICE 25080-123 |  |  |
| 466 |  |  |  |  | NICE 25287-315 |  |  |
| 467 |  |  |  |  | NICE 25323-327 |  |  |
| 468 |  |  |  |  | NICE 31006-014 |  |  |
| 469 |  |  |  |  | NICE 31046-231 |  |  |
| 470 |  |  |  |  | NICE 31275-320 |  |  |
| 471 |  |  |  |  | NICE 31713-743 |  |  |
| 472 |  |  |  |  | NICE 34056-65 |  |  |
| 473 |  |  |  |  | NICE 34095-155 |  |  |
| 474 |  |  |  |  | NICE 34190-217 |  |  |
| 475 |  |  |  |  | NICE 34248-298 |  |  |
| 476 |  |  |  |  | NICE 34552-613 |  |  |
| 477 |  |  |  |  | NICE 24789-918 |  |  |
| 478 |  |  |  |  | NICE 35195-271 |  |  |
| 479 |  |  |  |  | NICE 38062-65 |  |  |
| 480 |  |  |  |  | NICE INC 002816-40 |  |  |
| 481 |  |  |  |  | NICE INC 002845-48 |  |  |
| 482 |  |  |  |  | NICE INC 005692-751 | 401, 402, 403 |  |
| 483 |  |  |  |  | NICE INC 009047-51 |  |  |
| 484 |  |  |  |  | NICE INC 009082-84 | 106, 1002 |  |
| 485 |  |  |  |  | NICE INC 009103-106 | 106, 1002 |  |
| 486 |  |  |  |  | NICE INC 009138-139 | 106, 1002 |  |
| 487 |  |  |  |  | NICE INC 009145-47 | 106, 1002 |  |
| 488 |  |  |  |  | NICE INC 009180-90 | 106, 1002 |  |
| 489 |  |  |  |  | NICE INC 009248-54 |  |  |
| 490 |  |  |  |  | NICE INC 009991-95 |  |  |
| 491 |  |  |  |  | NICE INC 010698-700 |  |  |
| 492 |  |  |  |  | NICE INC 011567-594 |  |  |
| 493 |  |  |  |  | NICE INC 011726-730 | 802*, 901* |  |
| 494 |  |  |  |  | NICE INC 011844-851 |  |  |
| 495 |  |  |  |  | NICE INC 011998-2002 |  |  |
| 496 |  |  |  |  | NICE INC 012030-52 | 802*, 901* |  |
| 497 |  |  |  |  | NICE INC 012061-83 | 802*, 901* |  |
| 498 |  |  |  |  | NICE INC 012365-374 | 802*, 901* |  |
| 499 |  |  |  |  | NICE INC 023591-93 | 802*, 901* |  |
| 500 |  |  |  |  | NICE INC 025115-206 | 802*, 901* |  |
| 501 |  |  |  |  | NICE INC 025377-450 | 802*, 901* |  |
| 502 |  |  |  |  | NICE INC 025884-933 | 802*, 901* |  |
| 503 |  |  |  |  | NICE INC 025976-6127 | 802*, 901* |  |

Exhibit 6.wpd                                                                 26

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 504 | | | | | NICE INC 026509-596 | 802*, 901* | |
| 505 | | | | | NICE INC 026619-673 | 802*, 901* | |
| 506 | | | | | NICE INC 026933-991 | 802*, 901* | |
| 507 | | | | | NICE INC 027072-123 | 802*, 901* | |
| 508 | | | | | NICE INC027174-250 | 802*, 901* | |
| 509 | | | | | NICE INC 027310-27378 | 802*, 901* | |
| 510 | | | | | NICE INC 029792-803 | 802*, 901* | |
| 511 | | | | | NICE INC 030054 | 802*, 901* | |
| 512 | | | | | NICE INC 032335-344 | 802*, 901* | |
| 513 | | | | | NICE INC 033190-229 | 802*, 901* | |
| 514 | | | | | NICE_DE_00794829-945 | | |
| 515 | | | | | NS000188-213 | | |
| 516 | | | | | NS001422-41 | | |
| 517 | | | | | NS002443-2502 | | |
| 518 | | | | | NS003010- 99 | | |
| 519 | | | | | NS004063-92 | | |
| 520 | | | | | NS004517-55 | | |
| 521 | | | | | NS008476-8521 | 802 | |
| 522 | | | | | NS017052-294 | | |
| 523 | | | | | NS017389-645 | | |
| 524 | | | | | NS017824-896 | | |
| 525 | | | | | NS018301-401 | | |
| 526 | | | | | NS018466-480 | | |
| 527 | | | | | NS018539-572 | 835 | |
| 528 | | | | | NS018628-642 | | |
| 529 | | | | | NS018685-696 | | |
| 530 | | | | | NS018847-866 | | |
| 531 | | | | | NS019248-265 | | |
| 532 | | | | | NS019832-875 | | |
| 533 | | | | | NSDE6042616- 18 | | |
| 534 | | | | | NSDE6042687-57 | | |
| 535 | | | | | NSDE6050842-58 | 802 | |
| 536 | | | | | NSDE6057531-60 | | |
| 537 | | | | | NSDE6061501-598 | | |
| 538 | | | | | NSDE6069581-9686 | | |
| 539 | | | | | NSDE6079299-9319 | 802, 901* | |
| 540 | | | | | STS 00966-001011 | | |
| 541 | | | | | STS 01028-30 | | |
| 542 | | | | | STS 008906-39 | | |
| 543 | | | | | WITSDE 0010191-199 | | |
| 544 | | | | | WITSDE 0010210-236 | | |
| 545 | | | | | WITSDE 0010458-497 | | |
| 546 | | | | | WITSDE 0010884-891 | | |
| 547 | | | | | WSISTS 047594-98 | | |
| 548 | | | | | WSISTS 048316-534 | | |
| 549 | | | | | WSISTS 049022-108 | | |
| 550 | | | | | WSISTS 049885-988 | | |
| 551 | | | | | WSISTS 065780-88 | | |
| 552 | | | | | WSISTS 091779-869 | | |

Exhibit 6.wpd                                                                27

| 553 | | | | | | WSNB 000001-9 | 401, 402, 403 | |
| 554 | | | | | | WSNB 000543-596 | | |
| 555 | | | | | | WSNB 000633-746 | | |
| 556 | | | | | | WSNB 000785-811 | | |
| 557 | | | | | | WSNB 005116-5123 | 401, 402, 403 | |
| 558 | | | | | | WSNB 010068-70 | 401, 402, 403 | |
| 559 | | | | | | WSNB 010604-643 | | |
| 560 | | | | | | WSNB 010660-663 | 401, 402, 403 | |
| 561 | | | | | | WSNB 010712-16 | 401, 402, 403 | |
| 562 | | | | | | WSNB 011053-54 | 401, 402, 403 | |
| 563 | | | | | | WSNB 011344 | 401, 402, 403 | |
| 564 | | | | | | WSNSDE064740 | | |
| 565 | | | | | | WSNICE 000071-80 | | |
| 566 | | | | | | WSNICE 002000-2012 | | |
| 567 | | | | | | WSNICE 002024-40 | | |
| 568 | | | | | | WSNICE 003243-68 | | |
| 569 | | | | | | WSNICE 003307-71 | 802 | |
| 570 | | | | | | WSNICE 003427-94 | | |
| 571 | | | | | | WSNICE 003552-57 | 802, 901 | |
| 572 | | | | | | WSNICE 003845-4001 | | |
| 573 | | | | | | WSNICE 009970-10022 | | |
| 574 | | | | | | WSNICE 010025 | | |
| 575 | | | | | | WSNICE 010027-40 | | |
| 576 | | | | | | WSNICE 019255-58 | | |
| 577 | | | | | | WSNICE 021032-36 | | |
| 578 | | | | | | WSNICE 021130-31 | | |
| 579 | | | | | | WSNICE 023208-16 | | |
| 580 | | | | | | WSNICE 025705 | 106, 1002 | |
| 581 | | | | | | WSNICE 026252-302 | | |
| 582 | | | | | | WSNICE 026577-27044 | | |
| 583 | | | | | | WSNICE 027051 | 106, 1002 | |
| 584 | | | | | | WSNICE 027157-347 | | |
| 585 | | | | | | WSNICE 027375-620 | | |
| 586 | | | | | | WSNICE 028850-911 | | |
| 587 | | | | | | WSNSDE 060872-061168 | | |
| 590 | | | | | | Americas Regional Review EIS (Yochai Jacob).ppt (NICE_DE_01140078-99) | Not produced or not sufficiently identified | |

Exhibit 6.wpd                                        28

| 591 | | | | | | Americas Regional Review PS (Chris W.).ppt (NICE_DE_01140233-388) | Not produced or not sufficiently identified | |
|-----|--|--|--|--|--|------------------------------------------------|--------------------------------------------|--|
| 593 | | | | | | Americas Regional Review Q4 06.ppt (NICE_DE_01140233-388) | Not produced or not sufficiently identified | |
| 594 | | | | | | Avaya Update GBU Review March 2007 (John).ppt (NICE_DE_01140389-392) | Not produced or not sufficiently identified | |
| 598 | | | | | | EIS GBU Review Cisco June 2007 Eli Eldan.ppt (NICE_DE_01140393-400) | Not produced or not sufficiently identified | |
| 599 | | | | | | EIS GBU Review Q1 07 - Zvi.ppt (NICE_DE_0110410-449) | Not produced or not sufficiently identified | |
| 627 | | | | | | Complaint, 05/10/06 | | |
| 628 | | | | | | Dictaphone Corporation v. Mercom Systems, Inc., Complaint | | |
| 629 | | | | | | Plaintiff's Objections and Responses to Defendant Witness systems, Inc.'s First Set of Interrogatories, 11/01/06 | | |
| 630 | | | | | | Plaintiff's Amended Objections and Responses to Defendant Witness Systems, Inc.'s First Set of Interrogatories, 03/02/07 | | |
| 631 | | | | | | Plaintiff's Amended Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories, 03/02/07 | | |
| 632 | | | | | | Plaintiff's Objections and Responses to Defendant Witness Systems, Inc.'s Third Set of Interrogatories, 03/05/07 | | |
| 633 | | | | | | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s First Set of Interrogatories, 04/06/07 | | |

Exhibit 6.wpd                                                                 29

| 634 | | | | | | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories, 04/06/07 | | |
|-----|--|--|--|--|--|--------------------------------------------------------------------------------------------------------------------------------------|--|--|
| 635 | | | | | | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Third Set of Interrogatories, 04/06/07 | | |
| 636 | | | | | | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories, 05/11/07 | | |
| 637 | | | | | | Defendant Witness Systems, Inc.'s Objections to Plaintiff's Notice of Rule 30(b)(6) Deposition of Witness Systems, Inc. | | |
| 638 | | | | | | Plaintiff's Second Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Interrogatory 13, 06/28/07 | | |
| 639 | | | | | | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories, 06/28/07 | | |
| 640 | | | | | | Plaintiff's Second Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Interrogatory Nos. 17 and 18, 08/02/07 | | |
| 641 | | | | | | Plaintiff's Third Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Interrogatory No. 18, 08/10/07 | | |
| 643 | | | | | | U.S. Patent 5,274,738 | | |
| 644 | | | | | | U.S. Patent 6,404,857 | | |
| 645 | | | | | | U.S. Patent 6,959,079 | | |
| 654 | | | | | | Grain Processing Corporation v. American Maize-Products Company, 185 F. 3d 1341 (Court of Appeals Federal Circuit 1999) | 401, 402, 403 | |
| 655 | | | | | | Georgia-Pacific Corp. v. U.S. Plywood Corp., 318 F. Supp. 1116 (S.D.N.Y. 1970), modified and affirmed, 446 F. 2d 295 (2nd Circuit 1971), cert. denied, 404 US 870 (1971) | 401, 402, 403 | |

Exhibit 6.wpd                                                                     30

| 656 | | | | | | Hughes Aircraft Co. v. United States, 35 USPQ 2d 1243 (Ct. CL 1994) and 39 USPQ 2d 1015 (Fed. Cir. 1996). | 401, 402, 403 | |
|---|---|---|---|---|---|---|---|---|
| 657 | | | | | | Panduit Corp., v. Stahlin Bros. Fibre Works, Inc., 575 F. 2d 1152, 197 USPQ 726 (6th Cir. 1978) | 401, 402, 403 | |
| 658 | | | | | | Rite-Hite Corp. v. Kelley Company, 56 F. 3d 1538, 1554-55 (Fed. Cir. 1995) (en banc) | 401, 402, 403 | |
| 659 | | | | | | State Industries, Inc. v. Mor-Flo Industries, Inc. 883 F. 2d 1573, 1579, 13 USPQ 2d 1026 (Fed. Cir. 1989) cert. denied, 493 US 1022 (1990) | 401, 402, 403 | |
| 660 | | | | | | Expert Report of Brian Napper, dated April 11, 2007 | | |
| 661 | | | | | | Revised attachments to Expert Report of Brian W. Napper dated April 11, 2007 | | |
| 662 | | | | | | Rebuttal Expert Report of Brian W. Napper dated June 7, 2007 | | |
| 663 | | | | | | Expert Report of Brian W. Napper dated November 6, 2007 | | |
| 664 | | | | | | Expert Report in matter of Witness Systems Inc. v. Nice Systems, Submitted by Dr. Aaron Bobick, dated April 11, 2007 | | |
| 684 | | | | | | Trends2006: Contact Centers, Elizabeth Herrell, January 25, 2006 (NICE_DE_00982330-2332) | Not produced or not sufficiently identified | |
| 687 | | | | | | Dictaphone Freedom and Freedom Family Applications (NSDE6058185-192) | Not produced or not sufficiently identified | |
| 690 | | | | | | Nice's Supplemental Preliminary Infringement Contentions, dated 06/28/2007 | | |
| 691 | | | | | | MediaStore IP - Ver 1 -- 2001 (WSDEPROD0009185) | | |
| 692 | | | | | | WSNSDE0008567-618 | | |
| 693 | | | | | | Initial Disclosure of Nice Systems, Ltd., dated 10/17/2006 | | |
| 694 | | | | | | Initial Disclosure of Witness Systems, Inc., dated 10/17/2006 | | |
| 695 | | | | | | Management Organizational Chart (NICE 18683-86) | | |
| 696 | | | | | | Notice of Deposition of Shlomo Shamir, dated 08/14/2007 | | |

Exhibit 6.wpd

| 697 | | | | | | Subpoena of Shlomo Shamir, dated 07/27/2006 | | |
| 698 | | | | | | Exhibit A to Nice's Objections and Answers to Witness' Second Set of Interrogatories, dated 12/27/2006 | | |
| 700 | | | | | | Expert Report of John Henits, dated 12/17/2007 | | |
| 701 | | | | | | Nice's Objections and Responses to Witness' Third Set of Interrogatories, dated March 2, 2007 | | |
| 702 | | | | | | E-mail from Shlomo Shamir to Avi Baum, Ilan Yosef and Barak Eilam, dated 04/18/2005 (NICE_DE_01376916-17) | 802 | |
| 703 | | | | | | E-mail from Shlomo Shamir to Avi Baum, Ilan Yosef and Barak Eilam, dated 04/20/2005 (NICE_DE_01377054-55) | 802 | |
| 704 | | | | | | E-mail from Shlomo Shamir to Avi Baum, Ilan Yosef and Barak Eilam, dated 10/21/2007 (NICE_DE_01441000-02) | 401, 402, 403, 802 | |
| 705 | | | | | | E-mail from Shlomo Shamir to Dale Pacetti, Deborah Blackburn, Eran Gorev, Jacob Fox, Aviad Abiri, Zvi Baum and Ilan Yosef, dated 04/22/2005 (NICE_DE_01441283-85) | 802 | |
| 706 | | | | | | E-mail from Shlomo Shamir to Zvi Baum, dated 03/06/2005 (NICE_DE_01441885-86) | 802 | |
| 707 | | | | | | STS Software, Ltd.'s Initial Disclosures, dated 10/22/2004 in STS Software Systems, Ltd. & Nice Systems, Ltd. vs Witness Systems, Inc., Civ. No. 1:04-CV2111 (N.D. Ga.) (RWS) | | |
| 708 | | | | | | Initial Disclosures of Nice System, Ltd. and Supplemental Disclosures of Nice Systems, Inc., dated 05/10/2005 in Witness Systems, Inc. v. Nice Systems, Inc and Nice Systems, Ltd., Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP) | | |
| 721 | | | | Nice - P317 | | Viewer 7.1 Quick Reference Guide | | |
| 724 | | | | | | Certification Program - Section Content (WSDEPROD3250351-365) | | |

Exhibit 6.wpd

| 725 | - | | | | | Integration Specification: The Hartford (WSDEPROD3159213-266) | | |
| 726 | | | | | | Integration Specification for: The Hartford BI/PI (WSDEPROD3162975-3013) | | |
| 727 | | | | | | Call Recording Design Document - Phase 1 (WSDEPROD5098887-8957) | | |
| 728 | | | | | | Witness Systems' Response to Intel 06/23/06 (WSDEPROD1759525-9672) | | |
| 729 | | | | | | Integration Specification for: The Hartford BI/PI 10/28/03 (WSDEPROD3159174-212) | | |
| 730 | | | | | | Avaya Application Solutions: IP Telephony Deployment Guide (WSNSDE036972-37463) | 802 | |
| 731 | | | | | | Rcal Operator's Manual, dated July 1993 (NSDE305200-305381) | | |
| 732 | | | | | | Racal Maintenece Manual, dated March 1994 (NSDE304758-305012) | | |
| 733 | | | | Britven - 7 | | Witness and NICE Historical Margin Analysis 1998-2006 | | |
| 734 | | | | Britven - 8 | | Effective Royalty of $50 Million over Life of the Patents Witness' Revenues for March 23, 2003 through 2022 | | |
| 735 | | | | Britven - 9 | | Estimated Witness Royalties Over Life of Patent (Assumed No Growth in Revenues) June 1, 2005 through 2022 | | |
| 736 | | | | Britven - 10 | | Lost Profits Due NICE Secnario: No Upfront Payment | | |
| 737 | | | | Britven - 11 | | Effective Royalty Rate Paid for '203 and '371 Patents in Connection with Dictaphone-NICE Settlement Agreement | | |
| 738 | | | | Britven - 12 | | Reconcile Napper's and Britven's Damage Models (Delaware) | | |
| 739 | | | | Britven - 13 | | Witness and NICE Ratio Comparison of Service Revenue to Prodcut Revenue | | |
| 740 | | | | Nice - DalyD021 | | Declaration and Power of Attorney, dated 7/26/1993 (WSNSDE008725-8894) | | |
| 741 | | | | Nice - GlownyD005 | | Dos Equis Document (FG00010497 -545) | *802, 901* | |
| 742 | | | | Nice - GlownyD006 | | DaVinci and Cool Technology (DICT 0118296 -317) | | |

Exhibit 6.wpd                                                      33

| 743 | | | | Nice - GlownyD007 | | Johnson Controls, Inc. (NSDE 372186-334) | | |
|---|---|---|---|---|---|---|---|---|
| 744 | | | | Nice - GlownyD008 | | DaVinci Document (NSDE 6015030) | | |
| 745 | | | | Nice - HenitsD011 | | Memorandum from C. Malone re Forth Worth 911, dated 9/17/1992 (NSDE 501413-414) | 802*, 901* | |
| 746 | | | | Nice - HenitsD012 | | Diagram (Jones Day 0054036) | 802*, 901* | |
| 747 | | | | Nice - HenitsD015 | | Dictaphone Product Development, dated 9/12/1990 (Jones Day 0054591-635) | | |
| 748 | | | | Nice - HenitsD016 | | Logger Architecture Assignment, dated 4/19/1991 (Jones Day 0054637-707) | | |
| 749 | | | | Nice - HenitsD017 | | Monthly Progress Report, dated 10/00/1991 (Jones Day 0054708) | | |
| 750 | | | | Nice - HenitsD018 | | Monthly Progress Report, dated 02/00/1992 (Jones Day 0054722) | | |
| 751 | | | | Nice - HenitsD019 | | MDL phase 1 Document, dated 3/24/1992 (Jones Day 0054737-745) | 802*, 901* | |
| 752 | | | | Witness - P079 | | NICE Universe Version 4.2, Users Manual, November 1999" (NICE INC. 020783-890) | | |
| 753 | | | | Nice - HenitsD020 | | Memorandum from L. Haelsen re CRS RVP Meeting Summary, dated 11/23/1992 (Jones Day 0054754-765) | | |
| 754 | | | | Nice - HenitsD021 | | Memorandum from M. Greene re MDL LCD Product Specification, dated 2/18/1993 (Jones Day 0054766-835) | | |
| 755 | | | | Nice - HenitsD022 | | MDL First Released Specification Revision 2.2, dated 4/5/1993 (Jones Day 0054836-788) | | |
| 756 | | | | Nice - HenitsD023 | | Series of Questions, dated 7/16/1993 (Jones Day 0054889-895) | 106, 403, 1002 | |
| 757 | | | | Nice - HenitsD032 | | Asset Purchase and Sale Agreement between Dictaphone and NICE, dated 4/11/2005 (NICE_DE_01135435-435) | | |
| 758 | | | | Nice - HenitsD036 | | Patent Assignment Execution Copy, dated 05/31/2005 (LOOSABLLP 001538-544) | | |
| 759 | | | | Nice - MorlandoD003 | | ProLog Software resources Document (DICT 0018678-680) | | |

Exhibit 6.wpd                 34

| 760 | | | | Nice - MorlandoD004 | | Memorandum from Daly to Chamberlin re ProLog Development Team, dated 7/26/1993 (DICT 0053483-486) | | |
|-----|--|--|--|---------------------|--|-------------------------------------------------------------------------------------------------------|--|--|
| 761 | | | | Nice - MorlandoD005 | | ProLog Software re Sources Document (NSDE 860590-599) | | |
| 762 | | | | Nice - MorlandoD006 | | Monthly Progress Report, dated 6/00/1992 (NSDE 154552-553) | 802*, 901* | |
| 763 | | | | Nice - MorlandoD007 | | Monthly Report (NSDE 865049-053) | | |
| 764 | | | | Nice - MorlandoD012 | | Memorandum from L. Bergeron re DX7000 Development Activity & Schedules, dated 3/28/1990 (NSDE 011734-767) | | |
| 765 | | | | Nice - P080 | | Witness ContactStore for Communication Manager, Release 7.7, Planning, Installation and Administration Guide (Issue 2 November, 2006) (WSIST063087-359) | | |
| 766 | | | | Nice - P081 | | Witness ContactStore for Communication Manager (CSCM) 7.3, Features for Consideration (WSDEPROD3535276-283) | | |
| 767 | | | | Nice - P082 | | Witness Systems ContactStore for Communication Manager 7.3 Product Bulletin (WSDEPROD0535020-5033) | | |
| 768 | | | | Nice - P083 | | Global Mktg (includes Product Mgmt) - Organizational Chart (WITSDE 0073671-672) | | |
| 769 | | | | Nice - P084 | | Witness Systems Quality for Communication Manager 5.4 Product Bulletin (WSDEPROD0535034-045) | | |
| 770 | | | | Nice - P085 | | Witness ContactStore for Communication Manager (CSCM) 7.3, Functionality Update (WSDEPROD3535198-235) | | |
| 771 | | | | Nice - P086 | | Eyretel Application Note EAN 001, Call Stitching (WSDEPROD1277119-124) | | |
| 772 | | | | Nice - P087 | | CSIP + JTAPI Follow-the-Call Playback of a Follow-the-Call Use Case (WSDEPROD0767792-797) | | |
| 773 | | | | Nice - P088 | | Witness 7.7. Supplementary Specification: PR 20081 - Support Follow the Call in a CSIP + JTAPI Environment (WSDEPROD0767780-784) | | |
| 774 | | | | Nice - P089 | | 7.7 IP JTAPI Unify Script (Presentation) (WSDEPROD1521033-1041) | | |

Exhibit 6.wpd    35

| 775 | | | | Nice - P090 | | Witness Systems eQuality Contact Store  Plus Proposal White Paper Version 3.0 (WSDEPROD3294395-4403) | | |
|-----|--|--|--|-------------|--|---|--|--|
| 776 | | | | Nice - P091 | | Project Michelangelo, Nortel Contact Recording & Quality Monitoring v6.0.1, Vision (baselined July 17, 2006) (WSDEPROD0310076-0085) | | |
| 777 | | | | Nice - P092 | | Eyretel Presentation (WSDEPROD5126432-449) | | |
| 778 | | | | Nice - P093 | | "Fiat" Portal, Vision (WSDEPROD0534906-939) | | |
| 779 | | | | Nice - P094 | | Internationalised Quality Monitoring Solution for Compliance Recorders, Vision (WSDEPROD0535448-454) | | |
| 780 | | | | Nice - P095 | | Impact 360 major Feature Enhancements to Quality Monitoring by Version (WITSDE 0073111-3120) | | |
| 781 | | | | Nice - P096 | | Vision for Quality Monitoring for Witness 7.8 (WSDEPROD0535386-409) | | |
| 782 | | | | Nice - P097 | | Eyretel the Strategic Role of Customer InterAction Recording & Analysis (WSDEPROD1549080-9148) | | |
| 783 | | | | Nice - P098 | | Witness Systems eQuality Solution Guide, Multi-media Recording & Evaluation (WSDEPROD0042727-761) | | |
| 784 | | | | Nice - P099 | | Solution Guide, Operational Compliance Traditional (WSDEPROD0043724-751) | | |
| 785 | | | | Nice - P100 | | Viewer Installation Guide Release 7.7.1 (July, 2006) (WSDEPROD3308759-908) | | |
| 786 | | | | Nice - P101 | | Impact Solutions Guide, Operational Compliance: Traditional Telephony (WSDEPROD0044736-752) | | |
| 787 | | | | Nice - P122 | | Project Scorpio Witness/Avaya Contact Recorder 7.8, Vision (WSDEPROD5120231-250) | | |
| 788 | | | | Nice - RosnerD002 | | Excel File - Margin Report by Order - Maintenance, dated 8/13/2007 | | |
| 789 | | | | Nice - RosnerD003 | | Excel File - Margin Report by Order , dated 8/13/2007 | | |

Exhibit 6.wpd

| 790 | | | Nice - RosnerD004 | | Excel File - Margin Report by Order - Maintenance, dated 8/13/2007 | | |
|---|---|---|---|---|---|---|---|
| 791 | | | Nice - RosnerD005 | | Excel File - Margin Report by Order - Maintenance, dated 6/13/2007 | | |
| 792 | | | Nice - RosnerD006 | | Excel File - Margin Report by Order, dated 8/7/2007 | | |
| 793 | | | Nice - RosnerD007 | | Excel File - Margin Report by Order - Default, dated 8/13/2007 | | |
| 794 | | | Nice - RosnerD008 | | Excel File - Margin Report by Order, dated 8/13/2007 | | |
| 795 | | | Nice - RosnerD009 | | Excel File - Total Shipments | | |
| 796 | | | Nice - RosnerD010 | | Basic Assumption | | |
| 797 | | | Nice - RosnerD011 | | United States Revenue COGS and Allocated Expenses/Profit from Sales of NICEPerform, Universe and CRS | | |
| 798 | | | Nice - RosnerD012 | | EIS Main Veisio Summary Sheet | | |
| 799 | | | Nice - RosnerD013 | | EIS Main Veisio Summary Sheet | | |
| 800 | | | Nice - RosnerD014 | | Spreadsheet | | |
| 801 | | | Nice - RosnerD015 | | NICE Perform Bookings USA, dated 5/8/2007 | | |
| 802 | | | Nice - RosnerD016 | | NICE Perform USA Product Bookings, dated 4/7/2007 | | |
| 803 | | | Nice - RosnerD017 | | NICE Perform USA Services. Main Bookings, dated 4/7/2007 | | |
| 804 | | | Nice - RosnerD018 | | Summary Deals without NU USA, dated 08/00/2007 | | |
| 805 | | | Nice - RosnerD019 | | Margin Analysis, dated 8/15/2007 | | |
| 806 | | | Nice - RosnerD020 | | Summary Deals without NU USA, dated 02/00/2007 | | |
| 807 | | | Nice - RosnerD021 | | Margin Analysis | | |
| 808 | | | Nice - RosnerD022 | | N.UniverseTotal Analysis USA - Product Only, dated 7/4/2007 | | |
| 809 | | | Nice - RosnerD023 | | Deals without NU - USA, dated 6/8/2007 | | |
| 810 | | | Nice - RosnerD024 | | NICE Consolidated Books | | |
| 811 | | | Nice - RosnerD025 | | Spreadsheet | | |
| 812 | | | Nice - RosnerD026 | | Spreadsheet | | |
| 813 | | | Nice - RosnerD027 | | Spreadsheet | | |

Exhibit 6.wpd

37

| 814 | | | | Nice - RosnerD029 | | World Wide Voice Loggers Market Table | | |
|-----|---|---|---|---|---|---|---|---|
| 815 | | | | Nice - RosnerD030 | | Main Point 1997, dated 00/00/1997 | | |
| 816 | | | | Nice - RosnerD031 | | Gross Margin Reports, dated 02/00/1998 | | |
| 817 | | | | Nice - RosnerD032 | | Analysis Report, dated 00/00/1998 | | |
| 818 | | | | Nice - RosnerD033 | | NICE Form-20F, dated 5/17/2006 | | |
| 819 | | | | Nice - RosnerD034 | | Chart | | |
| 820 | | | | Nice - RosnerD035 | | Spreadsheet | 106, 802 | |
| 821 | | | | STS - P036 | | Eyretel Announces VoIP Agreement with Cisco for Customer Contact Recording Solutions, dated 3/14/2001 (WSISTS010993-994) | | |
| 822 | | | | STS - P037 | | PTP028 Media StoreIP First GA Release, dated 6/18/2001 (WSISTS008936-948) | | |
| 823 | | | | STS - P038 | | MediaStoreIP 3.1: Market Requirements Document (MRD005), dated 5/11/2001 (WSISTS008193-216) | | |
| 824 | | | | STS - P039 | | MediaStoreIP System Administration Guide, dated 5/1/2001 (WSISTS008252-315) | | |
| 825 | | | | STS - P040 | | MediaStoreIP 3.1 System Administration Guide: For MediaStoreIP, MicroIP, ExecRecord and Observer Server Based Systems, dated 11/1/2001 (WSISTS008740-8914) | | |
| 826 | | | | STS - P041 | | CSIP 7.2 New Features (WSISTS011030-1037) | | |
| 827 | | | | STS - P042 | | Avaya: Witness Recording Solutions for Avaya Communication Manager, dated 6/24/1905 | | |
| 828 | | | | STS - P043 | | Non-Exclusive OEM Master License Agreement between Witness Systems and Avaya Inc. (WSISTS047502-7540) | | |
| 829 | | | | STS - P046 | | Impact 360: Solutions Guide, Operational Compliance IP Telephony, dated 6/27/2005 (WSNICE18798-819) | | |

Exhibit 6.wpd                                                                 38

| 830 | | | | STS - P047 | | Impact 360: Solutions Guide, Operational Quality Monitoring, dated 6/27/2005 | | |
|---|---|---|---|---|---|---|---|---|
| 831 | | | | STS - P049 | | Business Organization Chart, dated 6/13/2005 (WSISTS011368-397) | | |
| 832 | | | | STS - P050 | | Requirements of next Version of the CotactStoreIP Product, dated 5/26/2004 (WSISTS009925-89) | | |
| 833 | | | | STS - P082 | | Subpoena of Nortel Networks Inc. c/o Donald L. Powers, Esq., dated 2/1/2007 | 401, 402, 403 | |
| 834 | | | | STS - P083 | | Nortel Contact Recording, Nortel Quality Monitoring (Nortel 0037-56) | 401, 402, 403, 802 | |
| 835 | | | | STS - P084 | | Nortel Contact Recording, Nortel Quality Monitoring (Nortel 0001-33) | 401, 402, 403, 802 | |
| 836 | | | | STS - P085 | | E-mail from David Murray to Lloyd Ferraro Jr, re: Harrison OEM Draft - Complete Internal Review Prior to Monday Negotiation - background on NICE/Witness Legal Issues, dated 2/25/2005 (Nortel 0057-66) | | |
| 837 | | | | STS - P086 | | Nortel Announcement of Witness Systems OEM Relationship (Nortel 0034-36) | 401, 402, 403, 802 | |
| 838 | | | | STS - P087 | | Nortel NICELog & NICEUniverse VoIP Recording Using Duplicate Media Stream by NICE Systems Limited, dated 4/6/2007 | 401, 402, 403, 802 | |
| 839 | | | | STS - P088 | | Nortel Contact Recording and Nortel Quality Monitoring: Complete and Fully-Integrated Recording and Quality Monitoring Solutions -- all from Nortel | 401, 402, 403, 802 | |
| 840 | | | | STS - P089 | | Nortel Networks IP Contact Center Solutions: Capitalize on IP telephony to improve Costs, Productivity, and performance-- without Overhauling the Communications infrastructure | 401, 402, 403, 802 | |
| 841 | | | | Witness - P005 | | NICE INC. 002903-2925 | | |
| 842 | | | | Witness - P010 | | NICE INC. 004426-36 | | |
| 843 | | | | Witness - P012 | | NICE Systems Limited Rule 20-F Filing | | |
| 844 | | | | Witness - P020 | | NICE 02818-821 | | |
| 845 | | | | Witness - P021 | | NICE 023168-88 | | |
| 846 | | | | Witness - P022 | | NICE 023591 -593 | | |
| 847 | | | | Witness - P023 | | NICE 029937-952 | | |
| 848 | | | | Witness - P024 | | NICE 032335-344 | | |

Exhibit 6.wpd                                         39

| 849 | | | | Witness - P025 | | NICE 064600-629 | | |
|-----|---|---|---|---------------|---|-----------------|---|---|
| 850 | | | | Witness - P026 | | NICE 00969-1001 | | |
| 851 | | | | Witness - P027 | | NICE 023484-487 | | |
| 852 | | | | Witness - P028 | | NICE 024143-170 | | |
| 853 | | | | Witness - P029 | | NICE 009740-41 | | |
| 854 | | | | STS - D026 | | NICE VoIP for Cisco AVVID (STS 001002-1003) | | |
| 855 | | | | STS - D028 | | NICE and Cisco ICM/IPCC Integration (STS 001006-1008) | | |
| 856 | | | | | | NICE_DE_001136430-441 | | |
| 857 | | | | | | NICE_DE_01136409-18 | | |
| 858 | | | | | | NICE_DE_01136610-01136689 | | |
| 859 | | | | | | NICE_DE_01136422-28 | | |
| 860 | | | | | | NICE_DE_01136448-460 | | |
| 861 | | | | | | NICE_DE_01136469-474 | | |
| 862 | | | | | | NICE_DE_00981548-1783 | | |
| 863 | | | | | | Complaint (NICE v Witness 1:06-cv-0311), dated 5/10/2006 | | |
| 864 | | | | | | Complaint seeking Declaratory Judgment , 1:2006-cv-3122 (NDGA)-TCB, dated 12/27/2006 | 401, 402, 403 | |
| 865 | | | | | | Witness' 1st Amended Answer & Counterclaim to Complaint seeking Declaratory Judgment, dated 1/10/2007 | | |
| 866 | | | | | | Witness' 1st Amended Answer, Defenses, and Counterclaims, dated 1/30/2007 | | |
| 867 | | | | | | Witness' Answer and Defenses to Complaint, dated 6/30/2006 | | |
| 868 | | | | | | NICE's 1st Set (1a) of Requests for Admission to Defendant Witness, dated 1/31/2007 | | |
| 869 | | | | | | Witness' Objections and Responses to NICE's 1st Set Request for Admissions, dated 3/2/2007 | | |
| 870 | | | | | | Witness' 1st Set of Requests for Admission to NICE, dated 1/31/2007 | | |
| 871 | | | | | | NICE's Objections and Responses to Defendant Witness Systems, Inc.'s First Set of Requests for Admissions, dated 3/2/2007 | | |
| 872 | | | | | | Declaration of Loren Wimpfheimer, dated 6/4/2007 | | |

Exhibit 6.wpd                                                                 40

| 873 | | | | | | Declaration of Peter D Fante, Esq. in Support of Non-party Verint Systems Inc's Motion to Quash Subpoena w/ Exhibits, dated 4/6/2007 | | |
|---|---|---|---|---|---|---|---|---|
| 874 | | | | Witness - P076 | | "NICE VoIP Product Data Sheet" (NICE INC. 024266-67) | | |
| 875 | | | | Witness - P079 | | NICE Universe Version 4.2, Users Manual, November 1999" (NICE INC. 020783-890) | | |
| 876 | | | | Witness - P088 | | Invoices (NICE 18281-547) | | |
| 877 | | | | Witness - P089 | | Document bearing Service and Maintenance Item (NICE 17933-18280) | | |
| 878 | | | | Witness - P095 | | Price List from 2000  (NICE INC. 031703-730) | | |
| 879 | | | | Witness - P096 | | MFG Report (NICE 18620-45) | | |
| 880 | | | | Witness - P097 | | MFG Report (NICE 18646-58) | | |
| 881 | | | | Witness - P098 | | MFG Report (NICE 18659-70) | | |
| 882 | | | | Witness - P099 | | MFG Report (NICE 18671-82) | | |
| 883 | | | | Witness - P102 | | Report (NICE 17868-78) | | |
| 884 | | | | Witness - P111 | | Source Code File titled "LoggerPBAPI" | | |
| 885 | | | | Nice - HenitsD058 | | United States Patent Number 6,785,378 dated 8/31/2004 (WSNSDE0010104-168) | | |
| 886 | | | | Nice - HenitsD059 | | Various Agreements, dated 1/22/1997 (NSDE 727858-908) | | |
| 887 | | | | Nice - P104 | | MediaStore Logger Photo (front panel 1) | 901, 1002 | |
| 888 | | | | Nice - P105 | | MediaStore Logger Photo (front panel 2) | 901, 1002 | |
| 889 | | | | Nice - P106 | | MediaStore Logger Photo  (card 1 – MediaStore Digital Line Interface Card) | 901, 1002 | |
| 890 | | | | Nice - P107 | | MediaStore Logger Photo (card 2) | 901, 1002 | |
| 891 | | | | Nice - P108 | | Mediastore Logger Photo (inside of housing) | 901, 1002 | |
| 892 | | | | Nice - P109 | | MediaStore Logger Photo (card 3) | 802, 901, 1002 | |
| 893 | | | | Nice - P110 | | MediaStore Logger Photo (card 4 – Analogue Line Input Card) | 901, 1002 | |
| 894 | | | | Nice - P111 | | MediaStore Logger Photo (card 5) | 802, 901, 1002 | |
| 895 | | | | Nice - P112 | | MediaStore Logger Photo (card 6) | 802, 901, 1002 | |
| 896 | | | | Nice - P113 | | MediaStore Logger Photo (card 7) | 901, 1002 | |
| 897 | | | | Nice - P114 | | MediaStore Logger Photo (back panel) | 901, 1002 | |

Exhibit 6.wpd                                                                41

| 898 | | | | STS - D067 | | Research and Development Agreement between NICE Systems, Ltd. and NICE Systems, Inc. (STS 05435-440) | | |
|-----|--|--|--|------------|--|-----------------------------------------------------------------------------------------------------------------|--|--|
| 899 | | | | STS - D069 | | Services and Cost Sharing Agreement between NICE Systems, Ltd. and NICE Systems, Inc., dated 7/15/2003 (STS 035441-446) | | |
| 900 | | | | STS - D072 | | DeveloperConnection Program for Independent Software/Hardware Developers Agreement between Avaya and NICE Systems, Ltd., dated 3/11/2005 (STS 017491-494) | | |
| 901 | | | | STS - D074 | | Amendment One between Avaya and NICE Systems, Inc., dated 4/10/2007 (STS 032006-25) | | |
| 902 | | | | STS - D075 | | Developer services Program Agreement between Cisco and NICE Systems, Ltd., dated 9/30/2005 (STS 017496-506) | | |
| 903 | | | | STS - P001 | | Notice of Supplemental and Amended Rule 30(B)(6) Deposition of Witness Systems, Inc., dated 1/5/2007 | | |
| 904 | | | | STS - P002 | | Notice of Second Supplemental and Amended Rule 30(B)(6) Deposition of Witness Systems, Inc., dated 2/12/2007 | | |
| 905 | | | | | | Complaint dated June 19, 2000 filed in Dictaphone Corp. v. NICE Systems Ltd. & NICE Systems, Inc. Civ. No. 00-1143 (CFD) (D. Conn.) | Not Produced or not sufficiently identified | |
| 906 | | | | Witness - D070 | | Product Note by Damian Smith, dated 4/10/2002 (WSNICE2985-97) | | |
| 907 | | | | Witness - D074 | | OEM Agreement between Witness Systems and Avaya (WSISTS47502 -540) | | |
| 908 | | | | Witness - D075 | | Agreement between Witness Systems and Nortel Networks , dated 6/6/2005 (WSISTS47455-7501) | 401, 402, 403 | |
| 909 | | | | Witness - D076 | | Press Release from Witness Systems titled, "Nortel Selects Witness Systems for Enhanced Contact Center Capabilities," dated 9/20/2005 (STS 019769-770) | | |

Exhibit 6.wpd                                                                42

| 910 | | | | Witness - D078 | | Document titled, "Presale Solutions Suite Overview of the Witness Systems eQuality Suite.", dated 10/25/2004 (STS 10144-262) | | |
|-----|--|--|--|--|--|--|--|--|
| 911 | | | | Witness - D079 | | Avaya Promotional Collateral | | |
| 912 | | | | Witness - D080 | | Document titled, "Witness Recording Solutions for Avaya Communication Manager." | | |
| 913 | | | | Witness - D082 | | Screen shot from the Avaya Website | | |
| 914 | | | | Witness - D083 | | Witness ContactStore for Communication Manager Release 7.3 System Administration Guide (STS 24158-324) | | |
| 915 | | | | Nice - P707 | | Press Release "Witness Systems Extends VoIP Recording Capabilities" (WSDEPROD0100427-429) | | |
| 916 | | | | Nice - P708 | | Engineering Research Work (WSDEPROD1650584-592) | | |
| 917 | | | | Nice - P720 | | NICE System 2Q04 Earnings Conference Notes, dated 7/28/2004 (WSDEPROD1553455-3473) | | |
| 918 | | | | Nice - P721 | | Webinar Slides for Recording Products (WSDEPROD1552179-2215) | | |
| 919 | | | | Nice - P722 | | 1Q05 Competitive Intelligence Update (WSDEPROD0043256-299) | | |
| 920 | | | | Nice - P723 | | Witness Systems Competitive Edge, dated 10/20/2006 (WSDEPROD316613-655) | | |
| 921 | | | | Nice - P724 | | E-mail from Hegebarth to Discombe, dated 9/30/2004 (WSNB008557-558) | 802 | |
| 922 | | | | Nice - P725 | | E-mail Chain from Dr. Bourne to Mr. McLean, dated 11/12/2004 (WSNB009011-9013) | 802 | |
| 923 | | | | Nice - P726 | | E-mail Chain from Hegebarth to Avaya Core Team, dated 6/29/2005 (WSNB009743-745) | 802 | |
| 924 | | | | Nice - P142 | | Adtech Solutions (WSDEPROD0042369-381) | 802 | |
| 925 | | | | Nice - P143 | | Witness General Business an Adtech Partner Program | 802 | |
| 926 | | | | Nice - P144 | | Chart (ADTECH000322-352) | 802 | |

Exhibit 6.wpd                                    43

| 927 | | | | Nice - P146 | | Participation Agreement By and between Witness Systems Limited and Adtech International Limited to the Master Distributor Agreement, dated 1/28/2004 (ADTECH000150-159) | 802 | |
| 928 | | | | Nice - P147 | | Supply Agreement (ADTECH000123-149) | 802 | |
| 929 | | | | Nice - P148 | | Adtech Global Solutions Channel Partner Agreement Packet (ADTECH000232-244) | 802 | |
| 930 | | | | Nice - P149 | | Witness Services Agreement, dated 7/11/2005 (WSDEPROD3457732 -736) | 802 | |
| 931 | | | | Nice - P150 | | Channel Partner Guide (ADTECH000028-122) | 802 | |
| 932 | | | | Nice - P151 | | Invoice, dated 6/14/2006 (ADTECH008362-366) | 802 | |
| 933 | | | | Nice - P152 | | Agreement between Adtech and Alnon, dated 6/22/206 (ADTECH000253-260) | 802 | |
| 934 | | | | Nice - P153 | | Letter from Susan England (Witness) (ADTECH010687-712) | 802 | |
| 935 | | | | Nice - P154 | | Certification Program, dated 5/6/2002 (ADTECH010713-69) | 802 | |
| 936 | | | | Nice - P155 | | Reseller Program Guide for Witness Systems (WSDEPROD0011063 -69) | 802 | |
| 937 | | | | Nice - P156 | | Witness Systems Express Turnkey Hardware Package (WSDEPROD0045017 -19) | 802 | |
| 938 | | | | Nice - P157 | | Witness Systems Express Turnkey Hardware Package (WSDEPROD0045014 -016) | 802 | |
| 939 | | | | Nice - P158 | | Witness Systems Mid-Market Turnkey Hardware Package (WSDEPROD0020379 -384) | 802 | |
| 940 | | | | Nice - P159 | | Witness Systems Mid-Market Turnkey Hardware Package (WSDEPROD0020382-384) | 802 | |
| 941 | | | | Nice - P160 | | Witness Systems Lucent Turnkey Hardware Package (WSDEPROD0045020 -22) | 802 | |
| 942 | | | | Nice - P161 | | Witness Systems Mid Market Turnkey Hardware Package (WSDEPROD0020391 -393) | 802 | |
| 943 | | | | Nice - P162 | | Witness Systems Express PLUS States Turnkey Hardware Package (WSDEPROD0020549-551) | 802 | |

Exhibit 6.wpd                    44

| 944 | | | | Nice - P163 | | Witness Systems Express Turnkey Hardware Package (WSDEPROD0041756 -758) | 802 | |
|---|---|---|---|---|---|---|---|---|
| 945 | | | | Nice - P164 | | Quote, dated 12/2/2005 (ADTECH007898 -905) | 802 | |
| 946 | | | | Nice - P165 | | Quote, dated 12/2/2005 (ADTECH007606-613) | 802 | |
| 947 | | | | Nice - P166 | | Quote, dated 6/29/2006 (ADTECH004068-070) | 802 | |
| 948 | | | | Nice - P167 | | Quote, dated 2/13/2004 (WSDEPROD0340479-81) | 802 | |
| 949 | | | | Nice - P168 | | Quote, dated 3/4/2004 (WSDEPROD0098311-314) | 802 | |
| 950 | | | | Nice - P169 | | Quote, dated 3/31/2004 (WSDEPROD0098459-462) | 802 | |
| 951 | | | | Nice - P170 | | Inventory Sale and Facilities Agreement, dated 4/1/2003 (WSDEPROD3335233-255) | 802 | |
| 952 | | | | Nice - P172 | | System Order Number 22521, dated 11/30/2004 (WSDEPROD3354129-130) | 802 | |
| 953 | | | | Nice - P710;STS - P065 | | STS v Witness Issues Summary-Avaya (AVAYA011161-63) | | |
| 954 | | | | STS - P052 | | Subpoena of Avaya Inc. c/o Pamela F. Graven, Senior VP, dated 6/20/2005 | | |
| 955 | | | | STS - P053 | | Avaya Communication Manager API, Overview, dated 12/1/2003 | | |
| 956 | | | | STS - P054 | | Avaya Communication Manager API, Java Programmer's Guide, dated 12/1/2003 (STS 003191-270) | | |
| 957 | | | | STS - P055 | | Design Considerations for AE Services Service (Communication Manager API) and Avaya Communication Manager for Call Recording Solutions | | |
| 958 | | | | STS - P056 | | Avaya IP Voice Quality Network Requirements, dated 4/1/2006 | | |
| 959 | | | | STS - P057 | | Avaya IP Telephony Implementation Guide, dated 5/1/2006 | | |
| 960 | | | | STS - P058 | | Impact 360: Compliance Recorder, System Infrastructure Guide, dated 3/1/2006 | | |
| 961 | | | | STS - P059 | | Avaya Product Transition from Witness ContactStore for Communication Manager 7.1, 7.2, 7.3 to Witness CSCM 7.7, dated 2/2/2007 | | |
| 962 | | | | STS - P060 | | Chart | 802*, 901 | |

Exhibit 6.wpd                                          45

| 963 | | | STS - P061 | | Avaya Witness ContactStore Website, Overview, dated 4/20/2006 | | |
|---|---|---|---|---|---|---|---|
| 964 | | | STS - P062 | | Avaya Witness ContactStore Website, Description, dated 4/20/2006 | | |
| 965 | | | STS - P063 | | Avaya Witness ContactStore Website, Technical, dated 4/20/2006 | | |
| 966 | | | STS - P064 | | E-mail from Bill Schneider to Michael B Wallace, Subject: NICE Lawsuit, dated 8/4/2004 (AVAYA011165) | | |
| 967 | | | Nice - P211 | | Engineering Org Chart (WITSDE 0073664-668) | | |
| 968 | | | Nice - P212 | | Integration Engineering Skills Matrix, dated 2/25/2003 (WSDEPROD0710987-995) | | |
| 969 | | | Nice - P213 | | Draft Document Created for Planning (WSDEPROD3288949-8954) | | |
| 970 | | | Nice - P214 | | Witness - 7.8 Recorder - Secure Data in Transit with SSL-Software Architecture (WSDEPROD3182698-2731) | | |
| 971 | | | Nice - P215 | | Eyretel Protocol Specification ETN784, dated 11/13/2006 (WSDEPROD1945560-5604) | | |
| 972 | | | Nice - P216 | | Rough draft of Integration Framework Component 7.8, dated 12/142005 (WSDEPROD1700186-229) | | |
| 973 | | | Nice - WatsonD758 | | 7.8 Technical Stack (WSDEPROD2559967-974) | | |
| 974 | | | | | WSISTS003036-3087 | | |
| 975 | | | | | NSDE0911814-0912044 | | |
| 976 | | | | | NSDE0912045-0912264 | | |
| 977 | | | | | NSDE044699-0044934 | | |
| 978 | | | | | NSDE0912265-0912404 | | |
| 979 | | | | | NSDE6045275-6045283 | | |
| 981 | | | | | NICE_DE_01357260-740 | | |
| 982 | | | | | NICE_DE_00990946-00991021 | | |
| 983 | | | | | NICE_DE_01302136-01302214 | | |
| 984 | | | | | NICE_DE_00828216-00828268 | 802, 901 | |
| 987 | | | | | NICEINC0024027-0024028 | | |
| 988 | | | | | NS000105-000155 | 106, 401, 402, 403, 1002 | |
| 989 | | | | | NS003629-003765 | | |
| 990 | | | | | STS015593-015695 | | |

Exhibit 6.wpd

| 991 | | | | | NICE_DE_00062423-444 | | |
| 992 | | | | | NICE_DE_00165888-939 | | |
| 993 | | | | | NICE_DE_00166474-521 | | |
| 994 | | | | | NICE_DE_00066311-506 | | |
| 995 | | | | | NICE_DE_00161963-981 | | |
| 996 | | | | | NICE_DE_00639487-488 | | |
| 997 | | | | | NS000049-86 | | |
| 998 | | | | | NS016971-972 | | |
| 999 | | | | | NS000941-972 | | |
| 1000 | | | | | NICE 00367-368 | | |
| 1001 | | | | | NS016745-754 | | |
| 1002 | | | | | NS000226-253 | | |
| 1003 | | | | | NS000043-48 | | |
| 1004 | | | | Nice - P102 | Media Store Schematics | 901 | |
| 1005 | | | | Nice - P116 | MediaStore Schematic (E1/T1/ J1 Interface Module | 901 | |
| 1006 | | | | Nice - P117 | Global Crossing Presentation (WSDEPROD5129574-599) | | |
| 1007 | | | | Nice - P118 | Witness Systems Design Specification EDS229, Express E1T1 (WSDEPROD1279982-989) | | |
| 1008 | | | | Nice - P119 | Eyretel Technical Note ETN671, EMCC/NGR Device Driver and Hardware API (WSDEPROD1287704-23) | | |
| 1009 | | | | Nice - P120 | Eyretel Engineering Technical Note (ETN-401) – Using Unify Script (WSDEPROD1284962-5082) | | |
| 1010 | | | | Nice - RudnickD011 | NICE Perform Application Suite (NSDE 004120-122) | | |
| 1011 | | | | Nice - RudnickD012 | Label NICELog (STS 017145) | | |
| 1012 | | | | Nice - RudnickD013 | Worldwide Voice Loggers Markets (NICE 133202-281) | | |
| 1013 | | | | Nice - P132 | Witness Systems Engineering Technical Note ETN789 - ContactStore IP 3.1 to 7.x Upgrade Procedure, 2003, dated 6/25/1905 (WSDEPROD1543023-67) | | |
| 1014 | | | | Nice - P134 | Eyretel Technical Note ETN239 - Future MediaStore Operation System, 1999, dated 6/21/1905 (v-962) | | |
| 1015 | | | | Nice - P135 | Eyretel Technical Note ETN367 - MediaStore Micro Way Forward, 1999, dated 6/21/1905 (WSDEPROD1284497-4513) | | |
| 1016 | | | | Nice - P136 | Eyretel Product Development Needs (WSDEPROD1546516-6540) | | |

Exhibit 6.wpd

| 1017 | | | | Nice - P137 | EMEA Senior Management Team, dated 07/002006 (WSDEPROD0245691-694) | | |
|------|--|--|--|-------------|-------------------------------------------------------------------------------|--|--|
| 1018 | | | | Nice - P138 | General Business Ops Channel, dated 04/00/2005 (WSISTS01136-1197) | | |
| 1019 | | | | Nice - P139 | Avaya Sales Training Witness ContactStore and Quality for Communication Manager, dated 03/00/2004 (WSDEPROD0012O73-2204) | | |
| 1020 | | | | Nice - RodenD002 | Project Washington - Publication List, dated 1/16/2007 (V000102) | | |
| 1021 | | | | Nice - RodenD003 | Impact 360 License Orders % of Total License Orders 2005-2006 (V000103) | | |
| 1022 | | | | Nice - RodenD004 | Impact 360 License Orders % of Total License Orders 2005-2006 (V000108) | | |
| 1023 | | | | Nice - RodenD005 | Breakdown of Witness Revenue between indirect and OEM orders | | |
| 1024 | | | | Nice - RodenD006 | Indirect Orders 2005-2007 (V000109) | | |
| 1025 | | | | Nice - RodenD007 | New Customer and % License Revenue from New Customers 2004-2006 (V000106) | | |
| 1026 | | | | Nice - RodenD008 | New Customer and % License Revenue from New Customers 2004-2006 (V000110) | | |
| 1027 | | | | Nice - RodenD009 | Revenue by Customer, top 20 Customers 2005-2006 (V000107) | | |
| 1028 | | | | Nice - RodenD010 | Revenue by Customer, Top 20 Customers 2005-2006 (V000111) | | |
| 1029 | | | | Nice - RodenD011 | E-mail to L. Drucker from W. Silverio, dated 2/8/2007 (V001459-508) | 802 | |
| 1030 | | | | Nice - RodenD012 | AVAYA: Witness Recording Solutions for Communication Manager - Overview (V000519-530) | | |
| 1031 | | | | Nice - RodenD013 | AVAYA: Witness Contact Store for Communication Manager (V000472-494) | | |
| 1032 | | | | Nice - RodenD014 | Project White Presentation, dated 2/11/2007(V000015-50) | | |
| 1033 | | | | STS - D052 | Product tag of NICE Systems' Voice Over IP Logger (STS 017149) | | |

Exhibit 6.wpd                                                        48

| 1034 | | | | STS - D053 | | United States PTO Notice of Recordation of Assignment Document, dated 12/11/2003 (STS 008906-939) | | |
|------|--|--|--|-----------|--|----------------------------------------------------------------------------------------------------------|--|--|
| 1035 | | | | STS - D056 | | NICE "Insights from InterActions" Promotional Material, Descriptions of Technical Aspects of VoIP | | |
| 1036 | | | | STS - D057 | | NICE Systems Presentation for Cisco Systems: "NICE Systems Recording Solutions Overview", dated 7/24/2001 (WSISTS053377-425) | | |
| 1037 | | | | STS - D058 | | NICE VoIP Recording Overview, dated 4/1/2003 (WSISTS053427-484) | | |
| 1038 | | | | STS - D059 | | NICE Promotional Material, Descriptions of Technical Aspects of VoIP | | |
| 1039 | | | | | | Repeat Document (NS000150-155) | | |
| 1041 | | | | Nice - P121 | | Project Gemini CSCM 7.7, Vision (WSDEPROD5119998-20013) | | |
| 1042 | | | | Nice - P123 | | ContactStore for Communication Manager CSCM 7.3.1, Vision (WSDEPROD5119747-759) | | |
| 1043 | | | | Nice - P124 | | PR-WY-1044 Archive Support for Post Call Tagging, Supplementary Specification (WSDEPROD0579201-206) | | |
| 1044 | | | | Nice - P125 | | Witness Systems, Inc. IP Capture Engine Design Draft 1.0 (WSDEPROD1541655-673) | | |
| 1045 | | | | Nice - P126 | | Meeting of the Minutes (Attendees Gary Duke, Duane Wright), dated 11/18/2004 (WSDEPROD0747426-427) | | |
| 1046 | | | | Nice - P127 | | Woody, Use Case Model (WSDEPROD1123034-085) | | |
| 1047 | | | | Nice - P128 | | Woody/Land Rover, HDL-Robust Consolidation (WSDEPROD3175874-922) | | |
| 1048 | | | | | | Laptop Computer containing Source Code produced by Witness Systems | | |
| 1049 | | | | | | Source Code produced by Witness Systems (WSNSDE 011248-016705) | | |
| 1050 | | | | | | Source Code produced by NICE Systems | | |
| 1051 | | | | | | Earnings Spreadsheets (WSNSDE054369) | | |

Exhibit 6.wpd                                                                                     49

| 1052 | | | | STS - P120 | | Cisco Systems/ Eyretel Overview (STS 3046-50) | | |
|------|--|--|--|------------|--|--------------------------------------------------|--|--|
| 1053 | | | | | | WSDEPROD011271-304 | | |
| 1054 | | | | | | WSDEPROD0735534-559 | | |
| 1055 | | | | | | WSDEPROD0186272-497 | | |
| 1056 | | | | | | C:\eyretel\cscm_7_7_1\docs\src\System Administration Guide, Directory within Source Code Laptop produced by Witness Systems | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

*Where a citation to a particular Federal Rule of Evidence is accompanied by an "*", Witness Systems' objections apply to the inclusion of certain notes and/or marginalia found in the proposed exhibit.  The objections do not necessarily relate to the entire exhibit.

**Witness Systems reserves the right to object to any exhibit on the basis of relevance.  Witness Systems further reserves the right to revise its objections to the extent any subsequent rulings of the Court affect the relevance and admissibility of any of NICE's proposed exhibits.

***Witness Systems reserves all objections to any of NICE's proposed exhibits to the extent that any exhibit either was not produced to Witness Systems or was not sufficiently identified by production number or by deposition exhibit number to allow Witness Systems the ability to ascertain the content of those proposed exhibits.

Exhibit 6.wpd                                                50

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 1 | 1 | 4/4/2007 | May 2000 Review Priority Responsibilities and Objectives | NSDE0457264 | NSDE0457267 | 802 |
| 2 | 2 | 4/4/2007 | Letter/Agreement re separation of employment | RICHTER0019 | RICHTER0024 | 401, 402, 802 |
| 3 | 3 | 4/4/2007 | Letter from Jonathan Lori to John Ives and Susann Fitzgerald re daVinci Testing & Software | NSDE0229241 | NSDE0229241 | 802 |
| 4 | 4 | 4/4/2007 | Internal memo from Nick D'Agosto re CRS VoIP Team Meeting - 08/24/2005 11:00am | NICE_DE_00172697 | NICE_DE_00172699 | 802 |
| 5 | 5 | 4/4/2007 | Marketing material for 10 Reasons to Join the Nice User Group | NSDE0030427 | NSDE0030429 | 802 |
| 6 | 8 | 4/4/2007 | U.S. Patent No. 6,728,345 | WSNSDE0009547 | WSNSDE009611 | |
| 7 | 9 | 4/4/2007 | Notice of Deposition of John Richter | N/A | N/A | 401, 402 |
| 8 | 1 | 5/14/2007 | Subpoena | N/A | N/A | 401, 402 |
| 9 | 3 | 5/14/2007 | Racal Recorders Marketing Material | NSDE008303 | NSDE008303 | 401, 402, 901, 802 |
| 10 | 1 | 5/15/2007 | Notice of Deposition of Salvatore J. Morlando | N/A | N/A | 401, 402 |
| 11 | 2 | 5/15/2007 | Subpoena | N/A | NA | 401, 402 |
| 12 | 3 | 5/15/2007 | ProLog Software Resources (Pie graphs) | N/A | N/A | |
| 13 | 4 | 5/15/2007 | ProLog Development Team Data | DICT0053483 | DICT0053486 | |
| 14 | 5 | 5/15/2007 | ProLog Software Resources | NSDE0860590 | NSDE0860599 | |
| 15 | 6 | 5/15/2007 | Monthly Progress Report for June 1992 prepared by Morlando | NSDE0154552 | NSDE0154553 | |
| 16 | 7 | 5/15/2007 | Monthly Report prepared by Sal Morlando | NSDE0865049 | NSDE0865053 | |
| 17 | 11 | 5/15/2007 | Memo from Linda Dilauro re competitive Information | NSDE0473438 | NSDE0473441 | 802 |
| 18 | 12 | 5/15/2007 | Letter from L.E. Bergeron re DX7000 Development Activity & Schedules | NSDE011734 | NSDE011766 | |
| 19 | 13 | 5/15/2007 | U.S. Patent No. 5,274,738 | N/A | NA | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 20 | 14 | 5/15/2007 | Declaration and Power of Attorney USPTO communication (Modular Digital Voice Processing System) | WSNSDE0008586 | WSNSDE0008589 | |
| 21 | 15 | 5/15/2007 | Award Program for Henits and Swick | NSDE0687032 | NSDE0687032 | |
| 22 | 1 | 5/16/2007 | Subpoena | N/A | N/A | 401, 402 |
| 23 | 3 | 5/16/2007 | List of New Hires for Feb - Dec 1985 | NSDE0458560 | NSDE0458560 | 802 |
| 24 | 4 | 5/16/2007 | Robert Swick Deposition | NSDE0015665 | NSDE0015752 | 401, 402, 403, 701, 802 |
| 25 | 6 | 5/16/2007 | U.S. Patent No. 5,819,005 | WSNSDE0008925 | WSNSDE0008932 | |
| 26 | 8 | 5/16/2007 | USPTO search result list for Robert Swick | N/A | N/A | |
| 27 | 1 | 5/17/2007 | Notice of Deposition of David Glowny | N/A | N/A | 401, 402 |
| 28 | 2 | 5/17/2007 | Notice of Deposition of David Glowny | N/A | N/A | 401, 402, 403 |
| 29 | 3 | 5/17/2007 | Subpoena | N/A | N/A | 401, 402 |
| 30 | 4 | 5/17/2007 | U.S. Patent No. 6,249,570 | DICT000064 | DICT000126 | |
| 31 | 5 | 5/17/2007 | DOS Equis Call Record Generator Design Version 0.7 (manual) prepared by John Richter | FG00010497 | FG00010545 | |
| 32 | 6 | 5/17/2007 | Presentation entitled daVinci and Cool Technology | DICT0118296 | DICT0118318 | |
| 33 | 7 | 5/17/2007 | daVinci proposal documents for Johnson Controls, Inc. Quality Monitoring Tool | NSDE0372186 | NSDE0372334 | |
| 34 | 8 | 5/17/2007 | daVinci by Dictaphone Presentation | NSDE06015030 | NSDE0615091 | |
| 35 | 9 | 5/17/2007 | USPTO communication re transmittal of Declaration and Power of Attorney | WSNSDE0009133 | NSDE0009135 | 106 |
| 36 | 10 | 5/17/2007 | Declaration and Power of Attorney | WSNSDE0009986 | WSNSDE0009987 | 106 |
| 37 | 11 | 5/17/2007 | Declaration and Power of Attorney | WSNSDE0009423 | WSNSDE0009424 | 106 |
| 38 | 12 | 5/17/2007 | NICE separation letter/agreement | GLOWNY0018 | GLOWNY0023 | 401, 402, 403 |
| 39 | 13 | 5/17/2007 | Dos Equis CTI Server Design Version 0.2 prepared by David Glowny | NSDE0409563 | NSDE0409584 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 40 | 14 | 5/17/2007 | daVinci - Awards | N/A | N/A | |
| 41 | 14 | 5/17/2007 | daVinci - Awards | N/A | N/A | |
| 42 | 3 | 5/22/2007 | Subpoena (Dan Daly) dated 12/15/2006 | N/A | N/A | 401, 402 |
| 43 | 4 | 5/22/2007 | Notice of Deposition of Daniel F. Daly | N/A | N/A | 401, 402 |
| 44 | 5 | 5/22/2007 | VTC Meeting Agenda | NSDE0791796 | NSDE0791815 | 802 |
| 45 | 6 | 5/22/2007 | 1993 Objectives by Daniel Daly | NSDE0266948 | NSDE0266956 | |
| 46 | 7 | 5/22/2007 | Progress Report by David B. Chamberlin | NSDE0566819 | NSDE0566832 | 802 |
| 47 | 8 | 5/22/2007 | Memo re Product Test System | NSDE0307245 | NSDE0307252 | 802 |
| 48 | 10 | 5/22/2007 | IO Ltr re CRS RVP Meeting Summary | NSDE0763707 | NSDE0763717 | 802 |
| 49 | 11 | 5/22/2007 | IO ltr re MAGNASYNC DVL 1000 | NSDE0473509 | NSDE0473511 | 802 |
| 50 | 12 | 5/22/2007 | MDL Product Plan Overview and Comparison | NSDE0500866 | NSDE050086 | 802 |
| 51 | 13 | 5/22/2007 | IO ltr from Bob Paulson re Guardian Phase 2 Specification, Revision 2.4 | NSDE0695637 | NSDE0695726 | 802 |
| 52 | 14 | 5/22/2007 | Memo re Eyretel User's Manual (attached) | NSDE899672 | NSDE0899754 | 802 |
| 53 | 15 | 5/22/2007 | Memo re Competitive Information Update | NSDE0473367 | NSDE0473425 | 802 |
| 54 | 16 | 5/22/2007 | Sel-Tronics E1000 D24 Hardware Evalution Report | NSDE813499 | NSDE813511 | 802 |
| 55 | 18 | 5/22/2007 | IO ltr from Mats Ericson re European CRS Report | NSDE0559058 | NSDE0559073 | 802 |
| 56 | 19 | 5/22/2007 | IO ltr from Dan Daly re CeBit show | NSDE0634899 | NSD0634902 | 802 |
| 57 | 22 | 5/22/2007 | Memo from Linda Dilauro re Competitive Information | NSDE0473553 | NSDE0473562 | 802 |
| 58 | 5A | 5/22/2007 | Group Objectives for 1991 Dan Daly | NSDE0119958 | NSDE0119961 | |
| 59 | 319 | 5/23/2007 | Witness Systems' Response to Intel submitted by WS, Inc. | WSDEPROD1759525 | WSDEPROD1759672 | |
| 60 | 320 | 5/23/2007 | Witness Systems, Inc. - Impact 360 - Archive Installation and Administration | N/A | N/A | 802 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| | | | Guide Release 7.7.1 | | | |
| 61 | 1 | 5/24/2007 | Subpoena | N/A | N/A | 401, 402 |
| 62 | 2 | 5/24/2007 | Notice of Deposition of John Henits | N/A | N/A | 401, 402 |
| 63 | 3 | 5/24/2007 | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s First Set of Interrogatories | N/A | N/A | |
| 64 | 5 | 5/24/2007 | U.S. Patent No. 5,396,371 | WSNSDE0008692 | WSNSDE0008932 | |
| 65 | 6 | 5/24/2007 | Declaration and Power of Attorney for Endless Loop Voice Data Storage and Retrievable Apparatus and Method Thereof | WSNSDE0008648 | WSNSDE0008650 | 106 |
| 66 | 7 | 5/24/2007 | Racal Recorders Marketing Material | JONESDAY0054896 | JONESDAY0054898 | 802, 901 |
| 67 | 8 | 5/24/2007 | Press Release: Racal's Rapidax Voice Logging Recorder Offers Instant Message Recall of Multichannel Calls, Transmissions | JONESDAY0054899 | JONESDAY0054902 | 802, 901 |
| 68 | 9 | 5/24/2007 | Memo from Bob Paulson re APCO Convention: Tulsa - 08/91 | JONESDAY0054747 | JONESDAY0054748 | 802, 901 |
| 69 | 10 | 5/24/2007 | Memo from John Gibson re CRS Financial Markets | JONESDAY0054750 | JONESDAY0054753 | 802 |
| 70 | 11 | 5/24/2007 | Memo from Charlen Malone re Ft. Worth 911 Account Background | NSDE501413 | NSDE501414 | 802 |
| 71 | 12 | 5/24/2007 | Handwritten notes regarding data buffer | JONESDAY0054036 | JONESDAY0054036 | 802, 901 |
| 72 | 13 | 5/24/2007 | Memo from Linda Haelsen re CRS RVP Meeting Summary | NSDE763708 | NSDE763717 | 802 |
| 73 | 14 | 5/24/2007 | Memo from Linda Dilauro re competitive information | NSDE0453687 | NSDE0453702 | 802 |
| 74 | 15 | 5/24/2007 | Dictaphone Product Development | JONESDAY0054591 | JONESDAY0054635 | |
| 75 | 16 | 5/24/2007 | Logger Architecture Assignments | JONESDAY0054637 | JONESDAY0054707 | |
| 76 | 17 | 5/24/2007 | Monthly Progress Report by Dan Daly | JONESDAY0054708 | JONESDAY0054721 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 77 | 18 | 5/24/2007 | Monthly Progress Report by Dan Daly | JONESDAY0054722 | JONESDAY0054731 | |
| 78 | 19 | 5/24/2007 | MDL Phase I | JONESDAY0054738 | JONESDAY0054745 | |
| 79 | 20 | 5/24/2007 | Memo from Linda Haelsen re CRS RVP Meeting Summary | JONESDAY0054754 | JONESDAY0054765 | |
| 80 | 21 | 5/24/2007 | Memo from Meg Greene re MDL LCD Product Specification | JONESDAY0054766 | JONESDAY0054835 | |
| 81 | 22 | 5/24/2007 | MDL 1st Release Specification Revision 2.2 | JONESDAY0054836 | JONESDAY0054888 | |
| 82 | 23 | 5/24/2007 | Part 18 from MDL 1st Release Specification Revision 2.2 | JONESDAY0054889 | JONESDAY0054895 | |
| 83 | 25 | 5/24/2007 | Declaration and Power of Attorney for Modular Digital Recording Logger | WSNSDE0008725 | WSNSDE0008728 | |
| 84 | 26 | 5/24/2007 | U.S. Patent No. 6,775,372 | N/A | N/A | |
| 85 | 27 | 5/24/2007 | Declaration and Power of Attorney for System and Method for Multi-Stage Data Logging | WSNSDE0009659 | WSNSDE0009660 | 106 |
| 86 | 28 | 5/24/2007 | U.S. Patent No. 6,870,920 | WSNSDE0010348 | WSNSDE0010363 | |
| 87 | 29 | 5/24/2007 | Declaration and Power of Attorney for System and Method for Multi-Stage Data Logging | WSNSDE0010216 | WSNSDE0010217 | 106 |
| 88 | 30 | 5/24/2007 | Defendant Witness Systems Inc.'s Notice of Deposition Pursuant to Fed. R. Civ.P.30(b)(6) to Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. | N/A | N/A | 401, 402, 403 |
| 89 | 31 | 5/24/2007 | Settlement Agreement between Dictaphone and NICE Systems | NICE00422 | NICE00455 | 403, 408 |
| 90 | 32 | 5/24/2007 | Asset Purchase and Sale Agreement between Dictaphone Corporation and NICE Systems Inc. | NICE_DE_01135435 | NICE_DE_01135510 | 401, 402, 403 |
| 91 | 33 | 5/24/2007 | Disclosure Schedule Section 3.8 - Litigation | NICE_DE_01136265 | NICE_DE_01136266 | |
| 92 | 34 | 5/24/2007 | Disclosure Schedule Section 3.18(b0 - Material Claims Against Validity or Ownership of Business Intellectual Property | NICE_DE_01136276 | NICE_DE_01136289 | 401, 402, 403 |
| 93 | 35 | 5/24/2007 | Annex 2.2 - Excluded Assets | NICE_DE_01136107 | NICE_DE_01136114 | 401, 402, 403 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 94 | 36 | 5/24/2007 | Patent Assignment between Dictaphone Corporation and NICE Systems, Inc. | LOOSABLLP001538 | LOOSABLLP001544 | |
| 95 | 37 | 5/24/2007 | Settlement Termination and Litigation Transfer Agreement | LOOSABLLP001432 | LOOSABLLP001438 | 401, 402, 403 |
| 96 | 38 | 5/24/2007 | Plaintiffs' Objections and Responses to Defendant Witness Systems, Inc.'s Third Set of Interrogatories | N/A | N/A | |
| 97 | 39 | 5/24/2007 | Plaintiffs' Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Third Set of Interrogatories | N/A | N/A | |
| 98 | 140 | 5/30/2007 | Notice of Deposition of Adtech - GESI, LLC | N/A | N/A | 401, 402, 403 |
| 99 | 141 | 5/30/2007 | Company Overview/Profile Marketing Materials | ADTECH000001 | ADTECH000027 | |
| 100 | 142 | 5/30/2007 | Adtech Solutions PowerPoint Presentation - Company background | WSDEPROD004369 | WSDEPROD0042382 | |
| 101 | 145 | 5/30/2007 | Executed Master Distributor Agreement between Witness Systems, Inc. and Adtech | ADTECH000160 | ADTECH000178 | |
| 102 | 149 | 5/30/2007 | Witness Services Agreement made between Witness Systems Ltd. And Adtech International (Executed) | WSDEPROD3457732 | WSDEPROD3457736 | |
| 103 | 151 | 5/30/2007 | Adtech Quote for Homeland Security prepared by Michael Ackerman | ADTECH008362 | ADTECH8366 | |
| 104 | 155 | 5/30/2007 | Adtech Solutions Reseller Program Guide for Witness Systems | WSDEPROD0011063 | WSDEPROD0011069 | |
| 105 | 156 | 5/30/2007 | Witness Systems Express Turnkey Hardware Package ($9,989) Lucent G3 Analog Package (12 ports) | WSDEPROD0045017 | WSDEPROD0045019 | |
| 106 | 164 | 5/30/2007 | ADTECH Solutions Quote for HP - 1000 seats prepared by Carol Carter/Michael Ackerman ($320,523) | ADTECH007898 | ADTECH007905 | |
| 107 | 165 | 5/30/2007 | ADTECH Solutions Quote for Verizon prepared by Carol Carter | ADTECH007606 | ADTECH007613 | |
| 108 | 166 | 5/30/2007 | ADTECH Solutions Quote for Verizon/MCI prepared by Kevin Sullivan ($19,470) | ADTECH004068 | ADTECH004070 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 109 | 169 | 5/30/2007 | ADTECH Solutions Budgetary Quote for TCL prepared by Yvonne Lee ($36,655) | WSDEPROD0098459 | WSDEPROD0098462 | |
| 110 | 170 | 5/30/2007 | Executed Inventory Sales and Facilities Agreement between Witness Systems, Inc. and ADTECH Solutions | WSDEPROD3335233 | WSDEPROD0005255 | |
| 111 | 1 | 5/31/2007 | Subpoena | N/A | N/A | 401, 402 |
| 112 | 2 | 5/31/2007 | U.S. Patent No. 7,010,109 | WSNSDE0010653 | WSNSDE0010667 | |
| 113 | 3 | 5/31/2007 | Provisional Application for Systems & Methods of Recording by Conferencing | WSNSDE051300 | WSNSDE051322 | |
| 114 | 4 | 5/31/2007 | USPTO BIBDATA Sheet for Digital Recording of IP Based Distributed Switching Platform | WSNSDE0010499 | WSNSDE0040549 | |
| 115 | 1 | 6/13/2007 | Defendant Witness Systems Inc.'s Notice of Deposition Pursuant to Red. R. Civ.P.30(b)(6) to Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. | N/A | N/A | 401, 402 |
| 116 | 2 | 6/13/2007 | NICE Systems, Inc. and NICE Systems, Ltd.'s Objections to Witness Systems, Inc.'s Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) to Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. | N/A | N/A | |
| 117 | 3 | 6/13/2007 | E-mail to Daniel Kent re NICE v. Witness: Eyal Rudnik 30(b)(6) Designee | N/A | N/A | 401, 402, 403 |
| 118 | 5 | 6/13/2007 | NICE Patent Policy & Conduct Guidelines | NICE_DE_01137983 | NICE_DE_01137999 | 401, 402, 403 |
| 119 | 7 | 6/13/2007 | Control of Documents Procedure | N/A | N/A | 401, 402, 403 |
| 120 | 9 | 6/13/2007 | NICE Presentation - Intellectual Property A leverage for business in the high tech industry prepared by Moty Cory | NICE_DE_01138012 | NICE_DE_01138039 | 802 |
| 121 | 10 | 6/13/2007 | NICE Presentation - Roles of Intellectual property Director prepared by Moty Cory | NICE_DE_01138040 | NICE_DE_01138058 | 802 |
| 122 | 11 | 6/13/2007 | Color slides of NICE Perform Applications Suite Version 9.0, NICE Perform Compliance Suite version 9.0 | NSDE004120 | NSDE004122 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 123 | 12 | 6/13/2007 | and NICE Perform Applications Suite Version 9.10<br>Label Product: Voice Over IP Logger Trade Name: NiceLog Model: NL-2000 | STS017145 | STS017145 | |
| 124 | 13 | 6/13/2007 | Table/Graphical data re World-wide Voice Loggers Markets | NSDE133202 | NSDE133281 | |
| 125 | 16 | 6/13/2007 | NICE Systems Industry Awards | NICE_DE_01138059 | NICE_DE_01138061 | |
| 126 | 259 | 6/29/2007 | 2000 Witness Systems Annual Report - Optimizing Customer Relationships | WSDEPROD1970598 | WSDEPROD1970660 | 802 |
| 127 | 41 | 8/21/2007 | Plaintiff's Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories | N/A | N/A | |
| 128 | 42 | 8/21/2007 | Plaintiff's Third Supplemental Objections and Response to Defendants Witness System, Inc.'s Interrogatory No. 18 | N/A | N/A | |
| 129 | 43 | 8/21/2007 | U.S. Patent No. 5,396,371 | WSNSDE0008692 | WSNSDE0008699 | |
| 130 | 45 | 8/21/2007 | Logger Architecture Assignments | NSDE097535 | NSDE097629 | |
| 131 | 46 | 8/21/2007 | Monthly Progress Report by D. Daly | NICE_DE_01137634 (DICT0058179) | NICE_DE_01137642 (DICT0058187) | |
| 132 | 47 | 8/21/2007 | Invention Disclosure - Modular Digital Logger - Record/Play System Design | NICE_DE_01137675 | NICE_DE_01137679 | |
| 133 | 48 | 8/21/2007 | Modular Digital System (MDS) Architectural Design Review | NSDE471405 | NSDE471423 | |
| 134 | 49 | 8/21/2007 | Dictaphone Invention Disclosure for Modular Digital System | NICE_DE_01137643 | NICE_DE_01137643 | |
| 135 | 50 | 8/21/2007 | U.S. Patent No. 5,274,738 | WSNSDE0008620 | WSNSDE0008625 | |
| 136 | 51 | 8/21/2007 | Dictaphone Invention Disclosure for Modular Digital Logger - Digital Audio Tape Format | NICE_DE_01137663 | NICE_DE_01137674 | |
| 137 | 52 | 8/21/2007 | Dictaphone CRS Next Generation: Architecture Required for Networked Communications Recording Systems | NSDE6012514 | NSDE6012536 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| | | | **Version 1.0** | | | |
| 138 | 54 | 8/21/2007 | Low End Recording System 1000 System Requirements Functional Specification Company Confidential Revision 1.0 | NSDE294780 | NSDE294834 | |
| 139 | 55 | 8/21/2007 | DOS EQUIS - CTI Server Design Version 0.2 prepared by David Glowny | NSDE409563 | NSDE409584 | |
| 140 | 56 | 8/21/2007 | U.S. Patent No. 6,249,570 | WSNSDE0009192 | WSNSDE0009254 | |
| 141 | 57 | 8/21/2007 | Letter from Chanah Brenenson to Ognjan Shentov enclosing NICE's mediation memorandum | JONESDAY0021192 | JONESDAY0021212 | 401, 402, 403, 802 |
| 142 | 58 | 8/21/2007 | U.S. Patent No. 6,785,370 | WSNSDE0010104 | WSNSDE0010168 | |
| 143 | 59 | 8/21/2007 | Second Amendment to License Agreement between Dictaphone Corporation and Witness Systems, Inc. | NSDE727858 | NSDE727908 | |
| 144 | 60 | 8/21/2007 | Research Note entitled "Dictaphone Good Channels; struggling with QA Products" | JONESDAY0014803 NICE245475 | JONESDAY0014804 NICE245476 | 401, 402, 403 |
| 145 | 61 | 8/21/2007 | Letter from DAKent to Drayton re additional response to Interrogatory No. 14 | N/A | N/A | |
| 146 | 62 | 8/21/2007 | Agenda - Growth Development Strategy | DICT0100706 | DICT0100809 | 802 |
| 147 | 63 | 8/21/2007 | Dictaphone CRS Marketing the LF Series commercial name "Galileo" Marketing Plan prepared by John Cibulay | NSDE750318 | NSDE750373 | |
| 148 | 65 | 8/21/2007 | Press Release: "Dictaphone Freedom Recording System Named Product of the Year" (Contactcenterworld.com web page) | NICE_DE_01140064 | NICE_DE_00140065 | |
| 149 | 1 | 9/20/2007 | Defendant Witness Systems Inc.'s Notice of Deposition Pursuant to Red. R. Civ.P.30(b)(6) to Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. | N/A | N/A | 401, 402, 403 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 150 | 2 | 9/20/2007 | Letter from Drayton to Kent re production of electronically stored financial data and designations of Rosner and Rozenblat for deposition on financial topics | N/A | N/A | 401, 402, 403 |
| 151 | 3 | 9/20/2007 | NICE Systems Ltd. Control of Records Procedure | NICE00407 | NICE00410 | 401, 402, 403 |
| 152 | 4 | 9/20/2007 | NICE Systems Ltd. Record Retention Policy Authored by L. Hanover 04/2004 | NICE_DE_01138009 | NICE_DE_01138011 | 401, 402, 403 |
| 153 | 5 | 9/20/2007 | NICE Systems Ltd. Control of Records Procedure | NICE_DE_01138005 | NICE_DE_01138008 | 401, 402, 403 |
| 154 | 7 | 9/20/2007 | NICE Systems - Industry Awards | NICE_DE_00408245 | NICE_DE_00408245 | |
| 155 | 8 | 9/20/2007 | (NICE Financial Data) Chart identifying NICE lost opportunities | NICE_DE_01136604 | NICE_DE_01138061 | |
| 156 | 1 | 9/21/2007 | Letter from Graubart to Drayton re production of relevant NICE financial data | N/A | N/A | 401, 402, 403 |
| 157 | 28 | 9/21/2007 | Rebuttal Expert Report of Thomas W. Britven | N/A | N/A | 401, 402, 403, 702, 802 |
| 158 | 30 | 9/21/2007 | (Financial) Main Points 1997 | NSDE132042 | NSDE132068 | 802 |
| 159 | 31 | 9/21/2007 | Gross Margin Reports - Q2/98 NiceLog, NiceCall & NiceCLS for Q2/97-Q2/98 | NSDE131980 | NSDE131966 | 802 |
| 160 | 32 | 9/21/2007 | 1998 Analysis Reports - CTI Sales | NSDE132087 | NSDE132115 | 802 |
| 161 | 33 | 9/21/2007 | Form 20-F Nice Systems, Ltd - NICE (period: December 31, 2005) | STS033196 | STS033479 | 802 |
| 162 | 34 | 9/21/2007 | Bar graph identifying forecasting data | NICE_DE_00982360 | NICE_DE_00982365 | 802 |
| 163 | 36 | 9/21/2007 | PowerPoint identifying Sales for VoIP Logger | STS026592 | STS026614 | 802 |
| 164 | DX 6 | 8/28/2007 | License Agreement between Netopia, Inc and Nice Systems, Ltd. | NICE00331 (NET000067) | NICE00351 | |
| 165 | DX 7 | 8/28/2007 | Draft Software License Agreement between Funk Software and Dictaphone | NICE25288 | NICE25315 | 802, 901 |
| 166 | DX 44 | 12/14/2006 | Amendment to License Agreement between NICE and Netopia dated 2/25/04 | NET000001 | NET000023 | 401, 402, 403, 701, 802 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 167 | | | NICE's Response to Witness 1st Set of Interrogatories | N/A | N/A | 802, 901 |
| 168 | | | Witness Systems' Responses to NICE's First Set of Interrogatories | N/A | N/A | 802, 901 |
| 169 | | | Deposition of Kenneth C. Pohlmann 10/29/02 (in Dictaphone v. NICE) | NSDE 017262 | NSDE 017345 | 802, 901 |
| 170 | | | Expert Report of John T. Goolkasian (in Dictaphone v. NICE) | NSDE008487 | NSDE008505 | 802, 901 |
| 171 | | | J. Saltzman dated February 1992 that specifically mentioned Racal Rapidax and its use of hard drives | JONESDAY0054749 | JONESDAY0054753 | 802, 901 |
| 172 | | | Dictaphone memorandum titled "CRS RVP meeting summary" dated Nov. 1992 | JONESDAY0054754 | JONESDAY0054765 | 802, 901 |
| 173 | | | NICE's 2nd Amd Answer and Counterclaims and  (in Dictaphone v. NICE) | NSDE 020485 | NSDE020492 | 802, 901 |
| 174 | | | April 1999, Dictaphone to Eyretel undated letter re Infringement of the '371 Patent | WSNSDE061242 | WSNSDE061242 | 802, 901 |
| 175 | | | Seven letters, Dictaphone and Eyretel correspondence re infringement claims and the possibility of Eyretel licensing Dictaphone technology covered by the '371 and '005 Patents | WSNSDE061243 | WSNSDE061252 | 401, 402, 403, 702, 802 |
| 176 | | | Witness Systems, Inc. Form 10-K filed Mar. 15, 2004 | N/A | N/A | 802 |
| 177 | | | NICE 2nd Supp. Obj. and Resp. to WS Rog. 13 6/28/07 | N/A | N/A | 802 |
| 178 | | | Witness Systems, Inc., Form 10-K filed Apr. 02, 2007 | N/A | N/A | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 179 | | | U.S. Patent No. 5,440,624, priority date of Nov. 10, 1992, and issue date of Aug. 8, 1995 | WSNSDE0004554 | WSNSDE0004570 | |
| 180 | | | U.S. Patent No. 6,298,129, priority date of Mar. 11, 1998, and issue date of Oct. 2, 2001 | WSNSDE0006185 | WSNSDE0006195 | 802 |
| 181 | | | U.S. Patent No. 6,668,044 priority date of Jul. 19, 2000, and issue date of Dec. 23, 2003 | WSNSDE0006789 | WSNSDE0006803 | |
| 182 | | | PCT WO99/46702, priority date of Mar. 13, 1998, and publication date of Sep. 16, 1999 | WSNSDE0008501 | WSNSDE0008540 | |
| 183 | | | U.S. Patent Pub. No. 2001/0043697, priority date of May 11, 1998, and publication date of Nov. 22, 2001 | WSNSDE0000860 | WSNSDE0000873 | |
| 184 | | | U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991 | WSNSDE0003251 | WSNSDE0003272 | |
| 185 | | | U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999 | WSNSDE0005882 | WSNSDE0005925 | |
| 186 | | | U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996 | WSNSDE0004992 | WSNSDE0005027 | 802 |
| 187 | | | U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999 | WSNSDE0005823 | WSNSDE0005837 | 802, 901 |
| 188 | | | Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999 | | | |
| 189 | | | "Blue Cross Blue Shield User Guide" dated January 29, 1998 | WSNSDE0012983 | WSNSDE0012992 | 802, 901 |
| 190 | | | "Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design" dated November 25, 1997 | WSNSDE0012967 | WSNSDE0012982 | 802 |
| 191 | | | "Tracking Agent Id through Inter-Site Call Transfers" | WSNSDE0012993 | WSNSDE0012994 | 802 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 192 | | | "E1000 for Windows User Guide" dated July 1997 | WSNSDE0011276 | WSNSDE0011346 | 802 |
| 193 | | | Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999 | WSNSDE013106 | WSNSDE013106 | 802 |
| 194 | | | "E-Ware Replay-User Guide" dated November 1998 | WSNSDE011798 | WSNSDE011844 | 802 |
| 195 | | | "Unify System Managers Guide" dated August 1996 | WSNSDE012044 | WSNSDE012070 | 802, not produced |
| 196 | | | Cannon MediaStore/Unify/Eware Integration, sold in U.S. before June 8, 1998 | | | 802, not produced |
| 197 | | | "Proposal for a Quality Monitoring / Agent Evaluation System," dated 8/20/98 | WSNSDE013060 | WSNSDE013066 | 401, 402, 802 |
| 198 | | | "Cannon ITS Technology Services Incorporated Quality Monitoring Functionality Design," dated 11/18/98 | WSNSDE013035 | WSNSDE013059 | 403, 802 |
| 199 | | | Report to the Board of Directors, June 1997 | WSNSDEPROD4817005 | WSNSDEPROD4817007 | |
| 200 | | | "E1000/E500 Recorder: Engineer Familiarisation" | WSNSDE0015161 | WSNSDE0015198 | |
| 201 | | | Article "Digital Audio Tape For Data Storage", by Tan & Vermeuleun, IEEE Spectrum, October, 1989 | WSNSDE0010785 | WSNSDE0010789 | 802 |
| 202 | | | "Racal's 'Rapidax' Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions" | NSDE008300 | NSDE008302 | 802 |
| 203 | | | "Rapidax Access Voice Logging Recorder" | NSDE008312 | NSDE008319 | 802 |
| 204 | | | "Rapidax Instant Call Recorder" | NSDE008305 | NSDE008309 | 401, 402, 403, 802 |
| 205 | | | "Rapidax in Surveillance and Security Monitoring" | NSDE008310 | NSDE008311 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 206 | | | "Operator's Manual" (Excerpt) | NSDE008320 | NSDE008324 | |
| 207 | | | RACAL Recorders Operator's Manual | NSDE 305200 | NSDE 305381 | 401, 402, 403, 701, 802 |
| 208 | | | "System Manager's Manual" | NSDE008325 | NSDE008340 | Full version at DTX 1912 NSDE305382-799 |
| 209 | | | "Rapidax Tape Archive and System Network." | NSDE008303 | NSDE008304 | |
| 210 | | | Deposition of Andrew Jackson in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. | NSDE008273 | NSDE008299 | |
| 211 | | | Expert Report of Ken Pohlman on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143 (Dictaphone v. NICE) | NSDE008447 | NSDE008468 | |
| 212 | | | R[a]cal Recorders, Inc.; "R[a]cal Adds Remote 'Replay Over LAN' to Wordnet Voice – Logging Recorder," dated June 17, 1996 | MERC013540 | MERC013540 | 802, 901 |
| 213 | | | "Racal 'Worldnet' – Second Generation of World's Best Selling Voice-Logging Recorder," June 28, 1995. | NSDE 004715 | NSDE 004716 | 802, 901 |
| 214 | | | U.S. Patent No. 6,233,318 to Picard et al, filed Nov. 5, 1996. | WSNSDE063951 | WSNSDE063974 | |
| 215 | | | "Access Web TM, Internet Messaging Application," BostonTechnology.com, dated Dec. 27, 1996 | WSNSDE063975 | WSNSDE063977 | 401, 402, 802 |
| 216 | | | "Boston Technology Completes The Connection! Adds Internet Support To Its Public Network Services," PR Newswire, dated Nov. 30, 1995 | WSNSDE063946 | WSNSDE063950 | 401, 402, 802 |
| 217 | | | U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998 | WSNSDE0000874 | WSNSDE0000894 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 218 | | | Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997 | WSISTS065463 | WSISTS065468 | 802 |
| 219 | | | United States Patent No. 4,891,835, to Leung, filed on April 30, 1986, issued on June 2, 1990 | WSNSDE0003055 | WSNSDE0003080 | 802 |
| 220 | | | Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143 | WSNSDE057630 | WSNSDE057667 | 802 |
| 221 | | | European Patent Publication 0372894, to Koizumi, published on June 13, 1990, filed on December 5, 1989. | WSNSDE0000277 | WSNSDE0000293 | 802 |
| 222 | | | Mediation Brief, Analysis of Prior Art Which Anticipates or Renders Obvious the Claims of U.S. Patent No. 5,396,371, in Dictaphone Corporation vs. Mercom Systems, Inc., Civil Action 3:00CV1143 | LOOSABLLP 002292 | LOOSABLLP 002302 | 403, 802 |
| 223 | | | United States Patent No. 4,375,083, to Maxemchuk, issued on February 22, 1983. | LOOSABLLP 002332 | LOOSABLLP 002355 | 802 |
| 224 | | | Japanese Publication No. S62-20460, to Hirokawa, published on January 29, 1987. | LOOSABLLP 002357 | LOOSABLLP 002364 | 802 |
| 225 | | | "Memory Space Allocation of Messages in Voice-Mail," IBM Technical Disclosure Bulletin, published in July 1987 | LOOSABLLP 002366 | LOOSABLLP 002367 | 802 |
| 226 | | | "A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System," presented to the public at the 83rd AES Corporation on October 16-19, 1987. | LOOSABLLP 002381 | LOOSABLLP 002398 | 802 |
| 227 | | | "A Flexible Digital Sound-Editing Program for Minicomputer Systems," presented to the public at the 68th Convention of the Audio Engineering Society in Hamburg, German, Journal of Audio Engineering Society, on March 17-20, 1981. | NSDE008479 | NSDE008486 | 802 |

NICE Systems et al. v. Witness Systems , 06-311-JJF
Page 15 of 56

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 228 | | | NICE's Markman Brief in Dictaphone Corporation vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143 | NSDE014561 | NSDE014603 | 802 |
| 229 | | | Magnasync Digital Voice Logger, sold in the U.S. as of at least October, 1992 | JONESDAY0021219 | JONESDAY0021224 | 802 |
| 230 | | | United States Patent No. 4,841,574, issued June 20, 1989 to Pham et al., filed Oct. 11, 1985 | WSNSDE064612 | WSNSDE064623 | 802 |
| 231 | | | United States Patent No. 4,523,055, issued June 11, 1985 to Hohl et al., filed November 25, 1983. | WSNSDE064653 | WSNSDE064676 | 802 |
| 232 | | | U.S. Patent No. 6,600,821 to Chan, et al., issued July 29, 2003, filed October 26, 1999 | WSNSDE0006684 | WSNSDE0006694 | 802 |
| 233 | | | US Patent 5,396,371 | WSNSDE0008692 | WSNSDE0008699 | 802 |
| 234 | | | File History of US Patent 5,396,371 | WSNSDE0008626 | WSNSDE0008691 | 802 |
| 235 | | | File History US Patent 6249570 | WSNSDE0008933 | WSNSDE0009191 | |
| 236 | | | File History of US Patent 6,728,345 | WSNSDE0009255 | WSNSDE0009546 | |
| 237 | | | US Patent 6,775,372 | WSNSDE0009798 | WSNSDE0009813 | |
| 238 | | | File History of US Patent 6,775,372 | WSNSDE0009612 | WSNSDE0009797 | |
| 239 | | | File History of US Patent 6785370 | WSNSDE0009814 | WSNSDE0010103 | |
| 240 | | | US Patent 6,870,920 | WSNSDE0010348 | WSNSDE0010363 | |
| 241 | | | File History of US Patent 6,870,920 | WSNSDE0010169 | WSNSDE0010347 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 242 | | | US Patent 7,010,109 | WSNSDE0010653 | WSNSDE0010667 | |
| 243 | | | 09/328,299 Declaration and POA | WSNSDE009133 | WSNSDE009135 | 106 |
| 244 | | | Attachment IV - Dictaphone CRS 94 - 00 | NSDE0009107-9 | | 401, 402, 403, 702, 802 |
| 245 | | | DataMonitor Q3 1999 | NICE210665 | NICE210692 | 401, 402, 403, 702, 802 |
| 246 | | | CJ Elias-West Deposition (in Dictaphone v. NICE) | NSDE013363 | NSDE013374 | 401, 402, 403, 802 |
| 247 | | | CJ Elias-West Deposition (in Dictaphone v. NICE) 12/5/01 | FG00003439 | FG00003477 | |
| 248 | | | Letter to West from Lindvall enclosing subpoena | NSDE028482 | NSDE028485 | |
| 249 | | | Expert Report of Thomas Britven September 2002 (in Dictaphone v. NICE) | NSDE0008972 | NSDE0009089 | |
| 250 | | | Supplemental Expert Report of John C. Jarosz 7/22/02  (in Dictaphone v. NICE) | NSDE009942 | NSDE010130 | |
| 251 | | | Deposition of Victor Milenkovic 10/11/02 (in Dictaphone v. NICE) | JONESDAY0021069 | JONESDAY0021161 | |
| 252 | | | Email 9/14/05 Shamir to Yosef  RE Call Recording Options | NS098511 | NS098511 | |
| 253 | | | Redacted Business Risk Assessment | WSDEPROD0262738 | WSDEPROD0262739 | 802 |
| 254 | | | NICE Systems Press Release: NICE Systems Delivers a Record Second Quarter with 35.3% Revenue Growth | NICE WEBSITE | | 802 |
| 255 | | | NICE Systems Press Release: Record Results for Third Quarter 2006 Reported by NICE Systems - Revenues Reach 112.2 Million | NICE WEBSITE | | 802 |
| 256 | | | Eyretel Network Solutions | WSNSDE012517 | WSNSDE012536 | 802 |
| 257 | | | Memo re Competitive Analysis | NSDE473553 | NSDE473562 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 258 | | | 5th NovemberOctober 2001_Eyretel MediaStoreIP 3.1_V.Issue 1. | WSDEPROD1543259 | | |
| 259 | | | Avaya Application Solutions Deployment Guide | WSNSDE036972 | | |
| 260 | | | Avaya Search and Replay Instructions | WSISTS032169 | | |
| 261 | | | Avaya Witness Contactstore for Communication Manager R7.3 System Admin Guide | WSDEPROD1880866 | | |
| 262 | | | Avaya Witness Contactstore for Communication Manager R 7.7 Planning Installation & Admin Guide | WSDEPROD0264962 | | |
| 263 | | | Contact Manager Detailed Design Specification | WSDEPROD0538354 | | |
| 264 | | | eWare Tech Guide version 7.1 | WSDEPROD0777008 | | |
| 265 | | | Eyretel eWare Replay User Guide - | WSDEPROD4065718 | | |
| 266 | | | Eyretel eWare System Admin Guide 7.1 | WSDEPROD0777727 | | |
| 267 | | | Eyretel Technical Note ETN326 eWare 2.2 Database Structure - | WSDEPROD4038772 | | |
| 268 | | | WITS Contactstore IP System Administration Guide R 7.4 | WSDEPROD1526980 | | |
| 269 | | | WITS eQuality Balance 6.5.4 Server Infrastructure Guide | WSDEPROD0916901 | | |
| 270 | | | WITS eQuality BalanceAdministration Guide R 5.4 | WSDEPROD1605595 | | |
| 271 | | | WITS eQuality ContactStore Plus 6.5.4 Configuration Guide | WSDEPROD0916995 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 272 | | | WITS eQuality ContactStore Plus 6.5.4 Overview Guide | WSDEPROD0917117 | | |
| 273 | | | WITS eQuality ContactStore System Admin Guide | WSDEPROD0776873 | | |
| 274 | | | WITS eQuality ContactStore User Guide | WSDEPROD0776052 | | |
| 275 | | | WITS eQuality Contactstore | WSDEPROD0775907 | | |
| 276 | | | WITS VIEWER User Guide R7.7.1 - - | WSDEPROD0308365 | | |
| 277 | | | WITS VIEWER User Guide Release 7.6 - - | WSDEPROD2751845 | | |
| 278 | | | Balance 6 Database Schema | WSDEPROD0268240 | | |
| 279 | | | Technical Diagram EQB64 352 Display 1 | WSDEPROD0268468 | WSDEPROD0268474 | |
| 280 | | | Admin Guide for Avaya Comm Mngr | WSNDE026087 | WSNDE027848 | |
| 281 | | | Avaya App Solutions_IP Tele Deployment Guide | WSNDE036972 | WSNDE037463 | |
| 282 | | | BDR Server Term Definitions | WSDEPROD1514996 | WSDEPROD1514999 | |
| 283 | | | Build 19 Server Doc Catalog | WSDEPROD2698535 | WSDEPROD2698543 | |
| 284 | | | Call Mngr Architec Design Spec | WSDEPROD1515000 | WSDEPROD1515028 | |
| 285 | | | Comm Mngr Rec_Architec Summ and Opt | WSDEPROD3533230 | WSDEPROD3533256 | |
| 286 | | | Contact Attributes Usage Spec.dpf | WSDEPROD1969770 | WSDEPROD1969794 | |
| 287 | | | Contact Attributes Usage Spec_2 | WSDEPROD4299667 | WSDEPROD4299691 | |
| 288 | | | Contact Mngr Detailed Design Spec | WSDEPROD0538354 | WSDEPROD0538401 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 289 | | | EQB Release 6 Contact Recording and Replay Overview | WSDEPROD0707284 | WSDEPROD0707285 | |
| 290 | | | ContactStore and eQBalance | WSDEPROD0698206 | WSDEPROD0698219 | |
| 291 | | | ContactStore CSIP | WSDEPROD1954382 | WSDEPROD1954415 | |
| 292 | | | ContactStore IP Multiple NIC Card Supp | WSISTS5025867 | WSISTS5025877 | |
| 293 | | | Data Dic eQBalance 7.6 | WSDEPROD3247585 | WSDEPROD3247681 | |
| 294 | | | DD.01_BDR Contact Mngr Detailed Design | WSDEPROD1969687 | WSDEPROD1969727 | |
| 295 | | | Design Spec_EDS227_Call Stitching | WSDEPROD1279956 | WSDEPROD1279972 | |
| 296 | | | E1000 for Windows Sys Mngr Guide | WSNSDE014697 | WSNSDE014762 | |
| 297 | | | E1000 for Windows User Guide | WSDEPROD1298739 | WSDEPROD1298806 | |
| 298 | | | Eclipse2 Sys Mngr Guide | WSDEPROD4892698 | WSDEPROD4892773 | |
| 299 | | | Eclipse2_Sys Managers Guide | BCBS0290 | BCBS0361 | 802, 901 |
| 300 | | | Eclipse Sys Mngr Guide | WSDEPROD1299502 | WSDEPROD1299560 | 802, 901 |
| 301 | | | Engineering Design Spec EDS_207 | WSDEPROD4028277 | WSDEPROD4028300 | 802, 901 |
| 302 | | | Enhanced Screen Capture Functional Spec | WSDEPROD3294059 | WSDEPROD3294078 | 802 |
| 303 | | | eQB R5 Database Info | WSDEPROD133401 | WSDEPROD133408 | 802 |
| 304 | | | EQuality 6.x Runtime Component Deployment | WSDEPROD0535630 | WSDEPROD0535643 | 802 |
| 305 | | | eQuality Balance 6.4 Advanced Server Infrastructure | WSDEPROD0129504 | WSDEPROD0129645 | |
| 306 | | | eQuality Balance Latency Analysis | WSDEPROD0719733 | WSDEPROD0719750 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 307 | | | eQuality Balance R6.3.1 System Architecture Overview | WSDEPROD0535728 | WSDEPROD0535799 | 802 |
| 308 | | | eQuality Balance R6_4 Sys Architecture Overview | WSDEPROD0536266 | WSDEPROD0536343 | |
| 309 | | | eQuality Balance_Server Infrastructure Guide | WSDEPROD1606078 | WSDEPROD1606129 | 802 |
| 310 | | | eQuality ContactStore PLUS 2.0_Overview Guide.pdf | WSDEPROD3536017 | WSDEPROD3536026 | |
| 311 | | | eQuality Evaluations Architec Design Spec | WSDEPROD1796293 | WSDEPROD1796302 | 802 |
| 312 | | | ETN223_MediaStore Tech Spec | WSDEPROD3545459 | WSDEPROD3545468 | 403, 802 |
| 313 | | | ETN223_MediaStore Tech Spec_2 | WSDEPROD4037741 | WSDEPROD4037753 | 802 |
| 314 | | | E-Ware2 Sys Guide | WSDEPROD4064727 | WSDEPROD4064833 | 802 |
| 315 | | | e-Ware 1-0-015 Database Engineer Familiarisation | WSDEPROD1329044 | WSDEPROD1329100 | 802 |
| 316 | | | E-Ware Replay User Guide | WSDEPROD1309424 | WSDEPROD1309471 | 802 |
| 317 | | | E-Ware Replay User Guide_2 | BCBS0622 | BCBS0689 | |
| 318 | | | E-Ware Sys Admin Guide | BCBS0473 | BCBS0621 | |
| 319 | | | E-Ware Sys Manual | BCBS0383 | BCBS0472 | |
| 320 | | | eWare Tech Guide | WSDEPROD1310151 | WSDEPROD1310230 | |
| 321 | | | eWare | WSDEPROD0776261 | WSDEPROD0776428 | 802 |
| 322 | | | Eyretel App Note_EAN 001_Call Stitching | WSDEPROD1277119 | WSDEPROD1277124 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 323 | | | Eyretel eWare 6.0 Database Structure | WSDEPROD0613032 | WSDEPROD0613034 | 802 |
| 324 | | | Eyretel eWare 6.0 Database Structure | WSDEPROD0613032 | WSDEPROD0613034 | 802 |
| 325 | | | Hardware Descrip and Ref for Avaya Comm Mngr | WSNSDE036532 | WSNSDE036971 | 802 |
| 326 | | | How WEPS Works | WSDEPROD151588 | WSDEPROD1515201 | 802 |
| 327 | | | Installing and Config the Avaya S8400 Media Server | WSNSDE027849 | WSNSDE027928 | 802 |
| 328 | | | Land Rover Recorder_Revision His | WSDEPROD1953946 | WSDEPROD1953986 | 802 |
| 329 | | | Management Tool | WSDEPROD2521640 | WSDEPROD2521677 | 802 |
| 330 | | | Media Store Digi Voice Recorder_Installation Guide | WSDEPROD1313860 | WSDEPROD1313927 | 802 |
| 331 | | | Mediastore_Engineer Familiarisatin | WSDEPROD1329766 | WSDEPROD1329852 | 802 |
| 332 | | | Overview for the Avaya G250 and G350 | WSNSDE024035 | WSNSDE024110 | 802 |
| 333 | | | Overview of Avaya Comm Mngr | WSNSDE025815 | WSMSDE026086 | 802 |
| 334 | | | Planning_Installation and Admin Guide | WSDEPROD0265228 | WSDEPROD0265501 | 802 |
| 335 | | | R6_4_x Doc Catalog | WSDEPROD05355959 | WSDEPROD5355965 | 802 |
| 336 | | | Recorders and Calls | WSDEPROD2396147 | WSDEPROD2396149 | 802 |
| 337 | | | Release Doc Unit Server | WSDEPROD4014906 | WSDEPROD4014936 | |
| 338 | | | Release Doc Unit Server_2 | WSDEPROD4015113 | WSDEPROD4015143 | |
| 339 | | | Release Doc_E-Ware Replay | WSDEPROD4014871 | WSDEPROD4014888 | |
| 340 | | | Release Doc_E-Ware Replay_2 | WSNSDE062571 | WSNSDE062587 | |
| 341 | | | Revision History | WSDEPROD0534986 | WSDEPROD0535019 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 342 | | | Witness Systems Search and Replay Guide Ver 7.7 | WSDEPROD3156864 | WSDEPROD3157069 | |
| 343 | | | Software Architec Doc | WSDEPROD1126614 | WSDEPROD1126675 | |
| 344 | | | Software Architec_Revision Hist | WSDEPROD0579244 | WSDEPROD0579302 | |
| 345 | | | Software Architec_Revision Hist_2 | WSDEPROD1516434 | WSDEPROD1516497 | 802 |
| 346 | | | Software Architec_Revision Hist_3 | WSDEPROD1516606 | WSDEPROD1516669 | 802 |
| 347 | | | Software Architec_Revision Hist_4 | WSDEPROD1941012 | WSDEPROD1941034 | 802 |
| 348 | | | Successful 6.4 Startup and Recording Log | WSDEPROD1515315 | WSDEPROD1515393 | 802 |
| 349 | | | Table | WSDEPROD0268165 | WSDEPROD0268239 | 802 |
| 350 | | | Table | WSDEPROD0268342 | WSDEPROD0268395 | 802 |
| 351 | | | Table | WSDEPROD0268396 | WSDEPROD0268466 | 802 |
| 352 | | | Tech Note_ETN015_E-Ware Database Structure | WSDEPROD1282555 | WSDEPROD1282563 | 802 |
| 353 | | | Tech Note_ETN200_E-Ware 2 Database Structure | WSDEPROD3545320 | WSDEPROD3545340 | 802 |
| 354 | | | Tech Note_ETN200_E-Ware Database Structure | WSDEPROD1282764 | WSDEPROD1282785 | 802 |
| 355 | | | Tech Note_ETN581_MediaStore Disk Structure | WSDEPROD4041139 | WSDEPROD4041143 | 802 |
| 356 | | | Tech Note_ETN635_Conf Calls VoIP and eWare | WSDEPROD1287425 | WSDEPROD1287428 | 802 |
| 357 | | | Tech Note_ETN787_MediaStore Metadata | WSDEPROD1288835 | WSDEPROD1288844 | 802 |
| 358 | | | Test Plan_VoIP Call Stitching | WSDEPROD1289305 | WSDEPROD1289311 | 802 |
| 359 | | | Unify Sys Mngrs Guide | WSDEPROD1326680 | WSDEPROD1326707 | 802 |
| 360 | | | Voice Content Load Testing | WSDEPROD0204780 | WSDEPROD0204793 | 802 |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 361 | | | Witness 5.11 Data Model | WSDEPROD1650779 | WSDEPROD1650800 | |
| 362 | | | Witness Call Mngr Model | WSDEPROD1515060 | WSDEPROD1515089 | 802 |
| 363 | | | Workplace Mngr Architec Design Spec | WSDEPROD0719753 | WSDEPROD0719787 | 802 |
| 364 | | | WS Cert Prgm_Server Infrast Manual | WSDEPROD2390574 | WSDEPROD2390653 | 802 |
| 365 | | | WS Display_Main Subject Area | WSDEPROD3506291 | WSDEPROD3506291 | 802 |
| 366 | | | WS EQBalance 7.6_Database Schema | WSDEPROD3247489 | WSDEPROD3247500 | 802 |
| 367 | | | WS Quality Monitoring 7.7_Database Schema | WSDEPROD1969283 | WSDEPROD1969386 | 802 |
| 368 | | | 371 Coinventor Goane Deposition 10/15/02 Excerpt (in Dictaphone v NICE) | NSDE0021102 | | 802 |
| 369 | | | 2007-03-02 WS Resp to NICE 2nd Rogs | N/A | N/A | |
| 370 | | | 2007-03-21 WS 2nd Amended Answer | N/A | N/A | 802, 901 |
| 371 | | | 2007-05-04 Ltr to Drayton fr Kent providing addt'l info to WS prior resp Interrogatory 14 | N/A | N/A | 802, 901 |
| 372 | | | 2007-06-28 NICE 2nd Supp Objn and Response to WS Rog 13 | N/A | N/A | 802, 901 |
| 373 | | | Racal Recorders System Manager's Manual | NSDE305382 | NSDE305799 | 802, 901 |
| 374 | | | 2007-12-5 Ltr to Graubert fr Maher re Town of Arlington subpoena | ARL000001 | ARL000001 | 802 |
| 375 | | | NICE Memo Supporting LROpposition to Motion to Dismiss Unenforceability (in Dictaphone v NICE) | NSDE019838 | NSDE019842 | 802 |
| 376 | | | NICE Memo Supporting Opposition to Motion Dismiss Unenforceability | NSDE019815 | NSDE019836 | 802 |
| 377 | | | 2005 Tern Systems  voice data Recording report over 600 pages | WSISTS052049 | | 802 |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 378 | | | NICE Bid Ltr to Witness 1-24-07 | WSNSDE065707 | | 802 |
| 379 | | | U.S. Patent Application Serial No. 09/328,298 | N/A | N/A | |
| 380 | | | U.S. Patent Application Serial No.09/328,295 | N/A | N/A | |
| 381 | | | U.S. Patent Application Serial No. 09/328,294 ('370 Patent) | N/A | N/A | |
| 382 | | | U.S. Patent Application Serial No. 09/876,978 | N/A | N/A | |
| 383 | | | U.S. Patent Application Serial No. 09/867,954 | N/A | N/A | |
| 384 | | | U.S. Patent Application Serial No. 10/111,767 | N/A | N/A | |
| 385 | | | U.S. Patent Application Serial No. 60/228,124 | N/A | N/A | |
| 386 | | | File History of PCT Application Serial No. PCT/IL01/00805 | N/A | N/A | |
| 387 | | | File History of PCT Application Serial No. PCT/US00/15748 | N/A | N/A | |
| 388 | | | E1000 Digital Voice Recorder User Guide | BCBS 0160 | | |
| 389 | | | Purchase Agreement between Blue Cross Blue Shield of Georgia and Seltronics Eyretel, Inc. | WSNSDE0047302 | | 401, 402, 802 |
| 390 | | | BCBS Notes & Action Plan Points from Meeting at SEI< Landover - 11/6/97 | WSNSDE0048143 | | 401, 402 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 391 | | | Eyretel Product History - July 2001 | WSNSDE015531 | | 401, 402, 802 |
| 392 | | | Development Department Report to the Board of Directors, Feb 1998 by Damian Smith | WSDEPROD4817019 | | 401, 402, 403, 701, 802 |
| 393 | | | CTI-Server Engineer Familiarisation Training Module Issue 1.0 | WSDEPROD1331176 | | |
| 394 | | | Eyretel Digital Interface Card Issue 1 Installation Guide | BCBS 0210 | | |
| 395 | | | E-Ware Replay Help | BCBS 0362 | | |
| 396 | | | E 1000 Digital Voice Recorder User Guide | BCBS 0064 | | |
| 397 | | | NICE PPT Presentation: Winning with NICE- CMAPI | STS 021225 | STS 021283 | |
| 398 | | | 1/11/99 Letter from J. Diamante at Penny & Edmonds to K. Alexander at Comverse re licensing of Dictaphone Technology | NSDE 020901 | | |
| 399 | | | 5/26/99 Letter from J. Diamante at Penny & Edmonds to K. Rubenstein, Esq. re licensing of Dictaphone Technology | N/A | N/A | |
| 400 | | | 5/6/02 Deposition of Ron Elwell (in Dictaphone v. NICE) | JONESDAY0017248 | JONESDAY0017331 | 401, 402, 403, 701, 802 |
| 401 | | | 5/29/02 Deposition of Daniel Hart (in Dictaphone v. NICE) | JONESDAY0022077 | JONESDAY0022103 | 401, 402, 403, 701, 802 |
| 402 | | | OEM License Agreement between Witness Systems and CallMiner dated 2/2/04 | WITSDE0010405 | WITSDE0010417 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 403 | | | Technology Advisory Counsel Meeting Minutes dated 6/6/05 (PX 700) | WSDEPROD2458277 | WSDEPROD2458281 | |
| 404 | | | Impact 360 Product Suite; Record and Replay System Architecture Draft 1 (PX 701) | WSDEPROD0536527 | WSDEPROD0536548 | |
| 405 | | | Witness Systems Software Architecture dated 12/24/04 | WSDEPROD0579244 | WSDEPROD0579302 | |
| 406 | | | Witness Systems Instructor Guide Compliance Recorded 7.7 Installation and Admin Course March 01: Overview and Infrastructure (PX 703) | WSDEPROD2475147 | WSDEPROD2475250 | |
| 407 | | | Witness Contact Store 7.7 for Avaya Communication Manager CSCM Technical Note: CSCM 7.7 for Quality Monitoring 7.7.1 (formerly Equality Balance) (PX 704) | N/A | N/A | |
| 408 | | | Witness Systems Impact 360 Architectural Roadmap August 2006 Presentation by Dan Spohrer (PX 705) | WSDEPROD1521018 | WSDEPROD1521028 | |
| 409 | | | Witness Systems 7.8 Recorder Secure Data In Transit With SSL Software Architecture August 28, 2006 | WSDEPROD3182549 | WSDEPROD3182579 | |
| 410 | | | License to Use Aurix Audio Mind and Software dated 4/19/05 between Aurix and RETELL | WSDEPROD1505443 | WSDEPROD1505455 | |
| 411 | | | OEM License Agreement between Aurix and Witness Systems dated 8/3/06 | WITSDE0010114 | WITSDE0010151 | |
| 412 | | | Data Monitor Recording Industry Quarterly January 2006 (Q3 2005) | WSNICE027302 | WSNICE027347 | |
| 413 | | | Data Monitor Recording Industry Quarterly November 2005 (Q2 2005) | WSISTS049779 | WSISTS049824 | |
| 414 | | | Data Monitor Recording Industry Quarterly November 2002 (Q2 2002) | STS 019094 | STS 0191963 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 415 | | | Data Monitor Recording Industry Quarterly April 2004 (Q3 2003) | WSDEPROD0222459 | WSDEPROD0222489 | |
| 416 | | | 3/1/99 Letter from J. Dimante to P. Robinson, Esq. re Licenseing of Dictaphone Technology | JONESDAY0046540 | JONESDAY0046541 | 401, 402, 403, 802 |
| 417 | | | 3/5/99 Letter from J. Dimante, Esq. to A. J. McShane re Licensing of Dictaphone Technology | JONESDAY0052821 | JONESDAY0052822 | 401, 402, 403, 802 |
| 418 | | | NICE Presentation Competing against … Witness Systems | NICE16848 | NICE16863 | 802 |
| 419 | | | NICE Systems, Ltd. Form 20-F filed 6/29/05 for period ending 12/31/04 | N/A | N/A | 802 |
| 420 | | | NICE Systems, Ltd. Form 20-F filed 5/16/06 for period ending 12/31/05 | N/A | N/A | |
| 421 | | | 1/17/96 Dictaphone Letter to Witness Systems Attn. Kirk Knous | NICE18847 | NICE18851 | |
| 422 | | | Insight Agreement dated 3/12/96 | NICE22753 | NICE22754 | |
| 423 | | | Dictaphone Executive Summary | NICE_DE_00826791 | NICE_DE_00826805 | 802 |
| 424 | | | BCBS of GA Purchase Agreement with Seltronics Eyretel 10-3-97 | BCBS0017 | | |
| 425 | | | BCBS Invoice for Phase I | BCBS0025 | | |
| 426 | | | BCBS Invoice for Phase II | BCBS0029 | | |
| 427 | | | WI003 Use of SourceSafe | WSDEPROD1332868 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 428 | | | Development Department Report to Board Aug. 98 | WSDEPROD4816975 | | |
| 429 | | | Development Department Report to the Board Dec 97 | WSDEPROD4816978 | | |
| 430 | | | Development Department Report to the Board Feb 98 | WSDEPROD4816987 | | |
| 431 | | | Development Department Report to the Board Jan 97 | WSDEPROD4816994 | | |
| 432 | | | Development Department Report to the Board July 97 | WSDEPROD4816997 | | |
| 433 | | | Development Department report to the Board July 98 | WSDEPROD4817002 | | |
| 434 | | | Development Department report to Board June 97 160,302 | WSDEPROD4817005 | | |
| 435 | | | Development Department report to the board June 98 | WSDEPROD4817008 | | |
| 436 | | | Development Department report to the Board June 98 | WSDEPROD4817012 | | |
| 437 | | | Development Department report to the board Feb 98 | WSDEPROD4817016 | | |
| 438 | | | Development to the board Mar 98 | WSDEPROD4817023 | | |
| 439 | | | Development Department report to the Board May 98 | WSDEPROD4817026 | | |
| 440 | | | Development Department report to the Board April 98 | WSDEPROD4817029 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 441 | | | Development Department report to the Board Sept 97 | WSDEPROD4817032 | | |
| 442 | | | App Development Guide BCBS Eclipse | WSNSDE012967 | | |
| 443 | | | Eyrete BCBS User Guide | WSNSDE012983 | | |
| 444 | | | Eyretel ltr to Siemens | WSNSDE013080 | | |
| 445 | | | Eyretel Integrates to Siemens for CTI-based Digital Recording and QM BCBS | WSNSDE013160 | | |
| 446 | | | Proposal to Upgrade CTI-Server for BCBS | WSNSDE013657 | | |
| 447 | | | E1000 Digital Voice Recorder Tech Guide | WSNSDE013904 | | |
| 448 | | | E1000 Digital Voice Recorder User Guide | WSNSDE015009 | | |
| 449 | | | Browser Report | WSNSDE047042 | | |
| 450 | | | Recorder Project Status -- June 8 1998 | WSNSDE047118 | | |
| 451 | | | 2 Calls same start time | WSNSDE047127 | | |
| 452 | | | Codes for that field on the CDR records | WSNSDE047162 | | |
| 453 | | | Schedules for installing servers CTI Link Training | WSNSDE047235 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 454 | | | BCBS of GA Purchase Agreement and Seltronics Eyretel 10-3-97 | WSNSDE047302 | | |
| 455 | | | The E-Ware Network Solution | WSNSDE050000 | | |
| 456 | Blair 42 | | eQuality ContactStore Administration - Recorder 7.1, eWare 7.1, Unify 6.2, Viewer 7.1 (PX 42) | WSDEPROD010377 | | |
| 457 | | | License Agreement by and Between Phillips Speech Processing GMBH and NICE Systems, Ltd. Dated 10/30/03 | NS019850 | NS019875 | 802 |
| 458 | | | Comparison of Total Worldwide Revenue by Market Segment for Dictaphone and NICE for 1996-2001 | NSDE009116 | NSDE009117 | 802 |
| 459 | | | Competitive Play Book for NICE Systems March 27, 2006 (PX245 Treaster) | WSISTS057858 | WSISTS057869 | 802 |
| 460 | | | Witness Systems v. NICE Systems: Competitive Analysis April 2004 (PX249 Treaster) | WSDEPROD0225440 | WSDEPROD0225453 | 802 |
| 461 | | | STS v. Witness Issue Summary - Avaya (PX710) | AVAYA011161 | AVAYA011163 | 802 |
| 462 | | | Data Monitor Recording Industry Quarterly February 2003 (Q3 2002) | WSNICE026730 | WSNICE026775 | 802 |
| 463 | | | Data Monitor Recording Industry Quarterly March 2002 (Q4 2001) | WSDEPROD0006592 | WSDEPROD0006638 | 802 |
| 464 | | | Voice/Data Recording Markets, Products & Suppliers 2005 by Tern Systems, Inc. | NICE17510 | NICE17867 | 802 |
| 465 | | | World Contact Center Recording Systems Market by the Pelorus Group September 2004 | WSISTS052786 | WSISTS052905 | |
| 466 | | | 2006 World Contact Center Recording Systems Market by the Pelorus Group September 2006 | NICE15393 | NICE15548 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 467 | | | Witness Systems Form 10-K for Fiscal Year Ending 12/31/03 | N/A | N/A | |
| 468 | | | Witness Systems Form 10-K for Fiscal Year Ending 12/31/05 | N/A | N/A | |
| 469 | | | Witness Systems Form 10-K Annual Report March 16, 2005 | N/A | N/A | |
| 470 | | | Avaya VSR Amendment OEM License Agreement Between Witness Systems and CallMiner, Inc. | WITSDE0010401 | WITSDE0010404 | |
| 471 | | | Software License Agreement | WITSDE0010469 | WITSDE0010497 | |
| 472 | | | Fourth Amendment to the Terms and Conditions of Purchase between Witness Systems, Inc and Iontas Limited | WITSDE0010498 | WITSDE0010713 | |
| 473 | | | Contact Store/Contact Store Plus Installation for Engineers Component to Course WLN302 Witness Learning Network 2004 | WSDEPROD0108294 | WSDEPROD0108587 | 802 |
| 474 | | | Integrated CRM Solutions No. 6315-62 by Frost & Sullivan 2001 | WSDEPROD0225037 | WSDEPROD0225107 | 802 |
| 475 | | | Spreadsheet of Contracts Effective June 25, 2004 - October 18, 2007 | WSISTS091779 | | 802 |
| 476 | | | Spreadsheet of Contracts Effective March 28,2 003 - August 31, 2006 | WSISTS091780 | | 802 |
| 477 | | | Witness Key Performance Metrics 2003 - Quarter 2, 2007 | WSISTS091781 | | |
| 478 | | | First Amendment to Software License Agreement dated February 13, 1998 between Eyretel and Funk Software | WSNICE010001 | WSNICE010008 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 479 | | | Second Amendment to Software License Agreement dated February 13, 1998 between Eyretel and Funk Software | WSNICE010009 | WSNICE010011 | |
| 480 | | | Witness Systems Spreadsheet with Detail Product Sales | WSNSDE054369 | | |
| 481 | | | Bid Letter January 29, 2007 from Nice to Witness Systems' Board of Directors | WSNSDE065703 | | |
| 482 | | | Bid Letter January 22, 2007 from Haim Shaxxx at NICE to N. Discombe re proposal for the sale of Witness Systems | WSNSDE065706 | WSNSDE065707 | |
| 483 | | | Expert Report of Thomas C. Britven 12/17/2007 | N/A | | |
| 484 | | | 2007-12-17 D281 Identification of WS Core Recording Products Accused of Infringement | N/A | | |
| 485 | | | Deposition of Matthew Rosner 09/19/2007 | N/A | | |
| 486 | | | NICE DICTAPHONE Voice Recording Product Retirement | NICE_DE_01140041 | | |
| 487 | | | Dictaphone Voice and Data Management | NICE16901 | | |
| 488 | | | Technology License Agreement between Witness Systems, Inc. and Expert City, Inc. | WSNICE009970 | | |
| 489 | | | Correspondence from Hart to Judson re renewal term | NICE19163 | | |
| 490 | | | Software License Agreement between Funk and Eyretel | WSNSDE057668 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 491 | | | Impact 360 Quality Monitoring Server Infrastructure Guide | NICE_DE_01131432 | | |
| 492 | | | ContactStore for Communication Manager Version 7.2 Recorder Installation and Administration | WSDEPROD0119983 | | |
| 493 | | | ContactStore for Communication Manager Version 7.7 Planning Installation and Administration Guide | WSDEPROD2469536 | | |
| 494 | | | Instructor Guide Quality Monitoring Server and System Administration | WSDEPROD3261279 | | |
| 495 | | | ContactStore for Communication Manager Version 7.2 Prerequisites Guide | WSISTS013843 | | |
| 496 | | | Witness CSCM 7.3 System Admin Guide | NSDE001501 | NSDE001668 | |
| 497 | | | Witness ContactStore for Communication Manager | NICE_DE_01128314 | | |
| 498 | | | eQuality Balance R6.3.1 System Architecture Overview | NSDE0001773 | | |
| 499 | | | eQuality ContactStore IP System Guide | NSDE0003104 | | |
| 500 | | | eQuality ContactStore Plus 2.0 Overview | NSDE 5038625 | | |
| 501 | | | CSCM 7.2 System Admin Guide | WSDEPROD2399921 | WSDEPROD2399062 | |
| 502 | | | Bourne Deposition Exhibit 312 - Witness System Inc.'s 360: Compliance Recorder System Infrastructure Guide Release 7.7 | N/A | N/A | |
| 503 | | | CSCM 7.7 Planning Installation and Admin Guide | WSDEPROD0264074 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 504 | | | Blair Deposition Exhibit 26 eQuality ContactStore and ContactStore Plus Solutions Guide Multimedia Recording & Evaluation | NSDE000011 | NSDE000052 | 802 |
| 505 | | | Bourne Deposition Exhibit 300 TDM Recorder System Administrato Guide Product Release 6.0 Standard 1.0 | N/A | N/A | 802 |
| 506 | | | Bourne Deposition Exhibit 309 - Witness Systems, Inc. - eQuality ContactStore IP System Guide | N/A | N/A | 802 |
| 507 | | | Bourne Deposition Exhibit 320 - Witness Systems, Inc. - Impact 360 - Archive Installation and Administration Guide Release 7.7.1 | N/A | N/A | 802 |
| 508 | | | Williams Deposition Exhibit 58 - FREE DROOPY RB-0025/36 Performance and Sizing Supplementary Specifications by Jamie Williams | WSDEPROD1126864 | WSDEPROD1126891 | 802 |
| 509 | | | Spohrer Deposition Exhibit 703 | | | 802 |
| 510 | | | Witness Quality for CM | WSDEPROD0012562 | WSDEPROD0012565 | 802 |
| 511 | | | Optimizing Agent Performace with eQuality at Nissan | WSDEPROD1062202 | WSDEPROD1062325 | |
| 512 | | | Optimizing Agent Performace with e Quality | WSDEPROD1936548 | WSDEPROD1936593 | |
| 513 | | | PCT-US00-15419 File History | N/A | N/A | 802 |
| 514 | | | Industry Report by SalomonSmithBarney Digital Login and Quality Insurance Industry Customer Contact Centers continue to drive the industry Dated 7/5/00 | DICT0066607 | DICT0066644 | 802 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 515 | | | NICE 2004 Form 20-F | N/A | N/A | 802 |
| 516 | | | NICE Systems, Ltd. Form 20-F filed 5/16/06 for period ending 12/31/05 | N/A | N/A | |
| 517 | | | NICE Systems, Ltd. Form 20-F filed 6/29/05 for period ending 12/31/04 | N/A | N/A | 802 |
| 518 | | | Witness Contact Store 7.7 for Avaya Communication Manager CSCM Technical Note: CSCM 7.7 for Quality Monitoring 7.7.1 (formerly Equality Balance) (PX 704) | N/A | N/A | |
| 519 | | | Deposition of C. J. Elias-West dated 12/5/01 (in Dictaphone v. NICE) | NICE_DE_01144966 | NICE_DE_01145003 | |
| 520 | | | MediaStore Mk 2 Digital Voice Recorder Installation Guide | WSDEPROD0009463 | WSDEPROD0009612 | |
| 521 | | | Adtech Solutions Reseller Program Guide | WSDEPROD0011063 | WSDEPROD0011069 | |
| 522 | | | Instructor Guide eQuality ContactStore Express 7.2 Installation and Admin | WSDEPROD0011327 | WSDEPROD0011462 | |
| 523 | | | Impact 360 Product Suite: Record and Replay System Architecture Draft 1 (PX 701) | WSDEPROD0536527 | WSDEPROD0536548 | |
| 524 | | | Witness Systems Software Architecture dated 12/24/04 | WSDEPROD0579244 | WSDEPROD0579302 | |
| 525 | | | Witness Product Availbility Guide | WSDEPROD0706756 | WSDEPROD0706797 | |
| 526 | | | Witness Product Availbility Guide | WSDEPROD0765853 | WSDEPROD0765901 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 527 | | | eQuality ContactStore Installation Guide | WSDEPROD0774906 | WSDEPROD0775075 | |
| 528 | | | Compliance Recorder 7.7 Installation and Admin Course Module 3 | WSDEPROD0829511 | WSDEPROD0829842 | |
| 529 | | | Witness Systems Impact 360 Architectural Roadmap August 2006 Presentation by Dan Spohrer (PX 705) | WSDEPROD1521018 | WSDEPROD1521028 | |
| 530 | | | hardware cost | WSDEPROD178395 | WSDEPROD1783101 | |
| 531 | | | Impact 360 - TDM Recorder Operations Turnover Training Hardware | WSDEPROD2490362 | WSDEPROD2490370 | 802 |
| 532 | | | Adtech quote for misc hardware | WSDEPROD2546990 | WSDEPROD2546995 | 802 |
| 533 | | | Development Department Report to the Board March 98 | WSDEPROD4816963 | WSDEPROD4816966 | 802 |
| 534 | | | Digital Recording System Evaluation Criteria | WSNSDE0048140 | WSNSDE0048142 | 802 |
| 535 | | | Site Acceptance Plan | WSNSDE0048723 | WSNSDE0048727 | 802 |
| 536 | | | High Level Design for NGX Card Integration | WSNSDE060023 | WSNSDE060033 | 802 |
| 537 | | | Low Level Design for NGX Card Integration | WSNSDE060034 | WSNSDE060059 | 802 |
| 538 | | | Eyretel Integration Specifications - | WDEPROD3162922 | | 401, 402, 802 |
| 539 | | | E1000-E500 Recorder Engineer Familiarisation - | WSDEPRD1329437 | | 401, 402, 802 |
| 540 | | | Data Transfer from eQN to eQB - | WSDEPROD344466 | | 401, 402, 802 |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 541 | | | Data Store Manager Detailed Design Specification - | WSDEPROD0531075 | | |
| 542 | | | eQuality BDR Server 6.0 API Design Draft 05 - | WSDEPROD0535600 | | |
| 543 | | | Network Chart - W | WSDEPROD0535629 | | |
| 544 | | | Witness Call Manager Model Revision v.060 - | WSDEPROD0710937 | | |
| 545 | | | Table describing the Build 19 WENS Event attributes appeared by Call Manager during one connectionEvent - | WSDEPROD0719528 | | |
| 546 | | | Witness Service Design Specification - | WSDEPROD0719560 | | |
| 547 | | | WDLS Detailed Design Specification - | WSDEPROD0719616 | | |
| 548 | | | TDM Recorder System Infrastructure Release 7.6 2005 - | WSDEPROD0800887 | | |
| 549 | | | Witness Systems Design Specification EDS227 Call Stiching - | WSDEPROD1279966 | | |
| 550 | | | Eyretel Engineering Technical Note - ETN-215 - Eware2 Replay Release Notes - | WSDEPROD1282942 | | |
| 551 | | | Witness Systems High Volume Storage Architechtural Design Specification - | WSDEPROD1515152 | | |
| 552 | | | Witness Systems Media Channel Data Manager Detailled Design Specification - | WSDEPROD1567992 | | |
| 553 | | | Witness Systems - Content Manager Detailed Design - | WSDEPROD1943437 | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 554 | | | Witness Systems - How WEPS Works - | WSDEPROD1943466 | | |
| 555 | | | Witness Systems BDR High Volume Storage Management Detailed Design Specification - | WSDEPROD2698432 | | |
| 556 | | | Witness Systems - How AIM Works - | WSDEPROD2698516 | | |
| 557 | | | Witness EQBalance 7.6 - | WSDEPROD3247863 | | |
| 558 | | | Blue Pumkin Sales Order - | WSDEPROD3390315 | | |
| 559 | | | Contactstore for Communication Manager Version 7.2SP2 - | WSDEPROD351215 | | |
| 560 | | | Eyretel - Engineering Design Specification EDS 224 Broken Call Hanling - | WSDEPROD3530729 | | |
| 561 | | | Technical Note ETN200 E-Ware 2 Database Structure - | WSDEPROD3545325 | | |
| 562 | | | Eyretel Technical Note ETN211 E. Ware 2.0 to 2.2 Incremental Roll- Out | WSDEPROD3545417 | | |
| 563 | | | Eyretel E.Ware2 - Under the hood - | WSDEPROD3554916 | | |
| 564 | | | Eyretel Engineering Design Specification EDS 192 Stitching broken Calls - | WSDEPROD4025886 | | |
| 565 | | | Technical Note ETN200 E-Ware 2 Database Structure - | WSDEPROD4037521 | | |
| 566 | | | List | WSDEPROD4083772 | | |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 567 | | | Mediastore Engineer Familiarisation - | WSDEPROD4100743 | | |
| 568 | | | Create Procedure Add IP With Stiching - | WSDEPROD990315 | | |
| 569 | | | Contactstore and eQBalance - Feature & Function Comparison - | WSISTS021057 | | |
| 570 | | | EASaccess.Java - | WSNSDE012933 | | |
| 571 | | | Eyretel Technical Note ETN123 Call Pulling and other tricks for E1000s - | WSNSDE014395 | | |
| 572 | | | Avaya - Overview for Avaya Communication Manager - | WSNSDE025815 | | |
| 573 | | | BCBS & Seltronics Eyretel recording equipment agreement - | WSNSDE047657 | | |
| 574 | | | BCBS Notes & Action Points from Meeting at SEI, Landrover 11-6-1997 - | WSNSDE048143 | | |
| 575 | | | Eyretel Application Development Guide BCBS Eclipse Project - | WSNSDE12967 | | 802 |
| 576 | | | 5/26/99 Letter from J. Diamante at Penny & Edmonds to K. Rubenstein, Esq. re licensing of Dictaphone Technology | N/A | | 401, 402, 403, 802, not produced |
| 577 | | | NICE Sunsets Dictaphone CRS | NICE_DE_00822990 | | |
| 578 | | | NICE Literal NI Partial SJ Motion | NSDE 020090 | NSDE 020106 | 802, 901 |
| 579 | | | NICE Reply Supporting LR NI Partial SJ Motion | NSDE 010291 | NSDE 010299 | |
| 580 | | | E-ware Network Solution | WSNSDE050001 | | |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 581 | | | NICE Bid Ltr to Blue Pumpkin | WSNSDE065700 | | |
| 582 | | | Witness agreement with Dictaphone 1/22/97 | NICE22760 | NICE22809 | |
| 583 | | | Comparison of NICELog NICE Universe and da Vinci.pdf | DICT0116924 | DICT0116934 | |
| 584 | | | 9/23/98 BancBoston Digital Logging & Quality Assurance Industry | FG00003168 | FG000031220 | |
| 585 | | | 7/5/2000 Salomon Smith Barney Industry Report | DICT0066607 | DICT0066644 | |
| 586 | | | Depositon of Thomas Britven 11/8/2002 | NICE_DE_01445004 | | |
| 587 | | | NICE Systems and Dictaphone Corporation Settle Patent Litigation Press Release 12/11/03 | NA | | |
| 588 | | | 02-22-2002 Henits depo Ex 13 | JONESDAY0054747 | JONESDAY0054748 | |
| 589 | | | 02-22-2002 Henits depo Ex 14 | JONESDAY0054750 | JONESDAY0054753 | |
| 590 | | | Press Release 6/4/91 Racal's Rapidax Voice Log In Recorder Offer Instant Message Recall of Multi Channel Calls Transmissions for Emergency Services, Transportation, Financial Institutions 02-22-2002 Henits Depo Ex 20 | JONESDAY0054899 | JONESDAY0054902 | |
| 591 | | | Eyretel Installation Report for BCBS | WSNSDE047422 | | |
| 592 | | | BCBS Contract | WSNSDE047512 | WSNSDE047524 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 593 | | | E500/E1000 Engineer Familiarisation | WSDEPROD1329437 | | |
| 594 | | | CTI Server Engineer Familiarisation | WSDEPROD1331178 | | |
| 595 | | | CSCM Slides | WSDEPROD3531215 | | |
| 596 | | | Unify Script | WSDEPROD3990315 | | |
| 597 | | | E1000 For Windows User Guide | WSNSDE011276 | | |
| 598 | | | Administration for Network Connectivity for Avaya Communication Manager | WSNSDE033352 | | |
| 599 | | | BCBS Issues List | WSNSDE047080 | | |
| 600 | | | April 7 Letter from Camacho to Warfield | WSNSDE047126 | | |
| 601 | | | Reply to BCBS RFI dated 9/27/97 | WSNSDE048145 | | |
| 602 | | | BCBS Fax from Camaco to Warfield, 11/3/97 | WSNSDE048723 | | |
| 603 | | | Henits Depo in Dictaphone 022202 | N/A | | |
| 604 | | | NICE's Memo in Opp to DICT's MSJ to Dismiss NICE's Inequitable Conduct Claim | N/A | | |
| 605 | | | NICE's Opp to DICT's Claim Construction | N/A | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 606 | | | United States Patent No. 5,790,798 | N/A | | |
| 607 | | | United States Patent No. 6,404,857 | N/A | | |
| 608 | | | Standard & Poors Quantatative Sotck Report for Witness Systems, Inc. 08/14/2006 | N/A | | |
| 609 | | | Witness Systems, Inc. Form 10-K filed March 24, 2000 | N/A | | |
| 610 | | | Witness Systems Press Releases | WSNSDE 064787 | WSNSDE 065391 | |
| 611 | | | Witness Systems Awards | Various | | |
| 612A-ii | | | Witness Industry Analyst Reports 2000 through 2006 | Various | | |
| 613 | | | A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System," presented to the public at the 83rd AES Corporation on October 16-19, 1987. LOOSABLLP002381- | LOOSABLLP002381 | 2398 | |
| 614 | | | eQuality ContactStore and ContactStore Plus Solutions Guide Multimedia Recording and Evaluation | NSDE000011 | NSDE000052 | |
| 615 | | | Memorandum of Law in Support of Motion for Leave to Amend Counterclaims and Leave to Submit an Expert Report | JONESDAY0055642 | JONESDAY0055651 | |
| 616 | | | NICE Presentation - Witness PL Comparison | NICE00698 | NICE00708 | |
| 617 | | | Competitive News Update Dec. 4 | STS018045 | STS018046 | |
| 618 | | | Comparison Matrix - NICE vs Eyretel re VoIP Recording | STS018055 | STS018056 | |
| 619 | | | NICE Presentation - Eyretels VoIP recording - Competitive Analysis | STS 021091 | STS021104 | |
| | | | DEMONSTRATIVES TBD | | | |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| | | | The following documents (DTX 700-902) relate to the expert opinions of Mr. Napper and Mr. Britven regarding alleged damages. Because Witness Systems only expects to introduce a small number of these documents into evidence, and in an effort to reduce the size of the parties' respective exhibit lists, Witness Systems made the following proposal to NICE. Both parties would simply list two entries on their exhibit lists: "Documents relied upon or considered by Mr. Napper," & "Documents relied upon or considered by Mr. Britven." NICE rejected that proposal. As a result, Witness Systems separately includes the following, reduced list of documents that may be used or introduced into evidence in connection with the testimony of Mr. Napper and/or Mr. Britven. | | | |
| 700 | | | Marketing Strategy 1st Draft | DICT0066536 | DICT0066606 | |
| 701 | | | CRS Next Generation Market Requirements Document | DICT0098661 | DICT0098749 | |
| 702 | | | 3-5-1999 Ltr Pennie Edmonds to McShane re Licensing of Dictaphone Technology | DICT0099379 | DICT0099380 | |
| 703 | | | Dictaphone da Vinci Product Marketing Plan version 1.0 | DICT0116382 | DICT0116477 | |
| 704 | | | PCT Request - Digital Recordign of IP Based Distributed Switching Platform | EHR 0000517 | EHR 0000540 | |
| 705 | | | 9/23/98 BancBoston Digital Logging & Quality Assurance Industry (FG0003168-220) | FG0003168 | FG0003220 | |
| 706 | | | 7/5/2000 Salomon Smith Barney Industry Report (DICT0066607-44) | JONESDAY0039963 | JONESDAY0039987 | |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 707 | | | JONESDAY0040309 SalomonSmithBarney Industry Report 7-5-2000 (DICT0085482-516) | JONESDAY0040309 | JONESDAY0040343 | |
| 708 | | | 3/1/99 Letter from J. Dimante to P. Robinson, Esq. re Licenseing of Dictaphone Technology(DICT099379-80) | JONESDAY0046540 | JONESDAY0046541 | |
| 709 | | | 9/23/98  BancBoston Digital Logging & Quality Assurance Industry (FG0000316-220) | JONESDAY0048099 | JONESDAY0048151 | |
| 710 | | | 3/5/99 Letter from J. Dimante, Esq. to A. J. McShane re Licensing of Dictaphone Technology | JONESDAY0052819 | JONESDAY0052822 | |
| 711 | | | 4580012 Patent File Wrapper | MERC015302 | MERC016000 | |
| 712 | | | 02/25/2003 Amendment to the NICE and Netopia License Agreement | NET000001 | NET000024 | |
| 713 | | | License Agreement btw Netopia and IBS.pdf | NET000057 | NET000066 | |
| 714 | | | License Agreement btw Netopia and DEES.pdf | NET000067 | NET000076 | |
| 715 | | | Asset Purchase and Sale Agreement between Dictaphone Corporation and NICE Systems Inc. | NICE_DE_01135435 | NICE_DE_01135510 | |
| 716 | | | 1/10/2000 Dictaphone reports strong sales of its Freedom Recording System | NICE_DE_01140038 | NICE_DE_01140040 | |
| 717 | | | Call Center Magazine article must read | NICE_DE_01444805 | NICE_DE_01444810 | |
| 718 | | | Deposition of C. J. Elias-West dated 12/5/01 (in Dictaphone v. NICE) | NICE_DE_01444966 | NICE_DE_01445063 | |
| 719 | | | Settlement Agreement btw NICE and Dictaphone 12/11/2003 | NICE00422 | NICE00455 | |
| 720 | | | NICE 20-F 2001 | NICE07319 | NICE07443 | |
| 721 | | | Competing Against Witness Systems PowerPoint | NICE16839 | NICE16847 | |
| 722 | | | Recording and QM Markets Competitive LandScape 3/1/2001 | NICE16864 | NICE16900 | |
| 723 | | | Dictaphone Voice and Data | NICE16901 | NICE16916 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| | | | **Management** | | | |
| 724 | | | Compare screen capture chat btw NICE and Witness | NICE17509 | NICE17509 | |
| 725 | | | Voice/Data Recording Markets, Products & Suppliers 2005 by Tern Systems, Inc. | NICE17510 | NICE17867 | |
| 726 | | | Screen Agent Total Analysis NA - Product Only | NICE17879 | NICE17932 | |
| 727 | | | Screen agent total analysis NA - Maintenance and Services | NICE17933 | NICE18280 | |
| 728 | | | Screen Agent total analysis USA - Product Only | NICE18281 | NICE18547 | |
| 729 | | | NICE Sales SpreadSheet | NICE18671 | NICE18682 | |
| 730 | | | 1/17/96 Dictaphone Letter to Witness Systems Attn. Kirk Knous | NICE18847 | NICE18849 | |
| 731 | | | Insight 1996 Pricing | NICE18955 | NICE18970 | |
| 732 | | | Correspondence from Hart to Judson re renewal term | NICE19163 | NICE19163 | |
| 733 | | | DataMonitor Q3 1999 | NICE210665 | NICE210692 | |
| 734 | | | CFIRS File | NICE21683 | NICE21683 | |
| 735 | | | Insight Agreement dated 3/12/96 | NICE22753 | NICE22754 | |
| 736 | | | Witness agreement with Dictaphone 1/22/97 | NICE22760 | NICE22809 | |
| 737 | | | Funk Software Invoices to Dictaphone | NICE25287 | NICE25315 | |
| 738 | | | Dictaphone ltr re licensing the product from Avalan | NICE25323 | NICE25324 | |
| 739 | | | NICE Universe product brosure. | NICEINC002754 | NICEINC002805 | |
| 740 | | | Screen Capture High Level Design | NICEINC002860 | NICEINC002887 | |
| 741 | | | NICE Logger Sales Package | NS018243 | NS018267 | |
| 742 | | | License Agreement by and Between Phillips Speech Processing GMBH and NICE Systems, Ltd. Dated 10/30/03 | NS019850 | NS019878 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 743 | | | Call Center Magazine article must read | NS100919 | NS100924 | |
| 744 | | | DMG 2007 Speech Analytics Market Report | NS101401 | NS101679 | |
| 745 | | | Witness 10-K 2003 | NSDE0005392 | NSDE0005539 | |
| 746 | | | Expert Report of Thomas Britven September 2002 (in Dictaphone v. NICE) | NSDE0008972 | NSDE0009089 | |
| 747 | | | Attachment IV - Dictaphone CRS 94 - 00 | NSDE0009107 | NSDE0009109 | |
| 748 | | | OEM Agreement btw Eventide Inc and Dictaphone | NSDE0706926 | NSDE0706966 | |
| 749 | | | DataMonitor Q2 2000 | STS019049 | STS019093 | |
| 750 | | | DataMonitor Q2 2002 | STS019094 | STS019163 | |
| 751 | | | DataMonitor Q3 2004 | STS019271 | STS019313 | |
| 752 | | | NICE 20-F 2003 | TRBRS 001497 | TRBRS 001654 | |
| 753 | | | OEM License Agreement between Aurix and Witness Systems dated 8/3/06 | WITSDE0010114 | WITSDE0010151 | |
| 754 | | | VSR Amendment OEM License Agreement | WITSDE0010401 | WITSDE0010404 | |
| 755 | | | OEM License Agreement between Witness Systems and CallMiner dated 2/2/04 | WITSDE0010405 | WITSDE0010417 | |
| 756 | | | Software Licensde Agreement between Eyretel and Funk Software | WITSDE0010469 | WITSDE0010713 | |
| 757 | | | 2001 FrostandSullivan 6317 Agent Optimization and Performance Report | WSDEPROD0224940 | WSDEPROD0022499 0 | |
| 758 | | | PPT The Witness Sytems Competitive Edge | WSDEPROD0316613 | WSDEPROD0316655 | |
| 759 | | | License to Use Aurix Audio Mind and Software dated 4/19/05 between Aurix and RETELL | WSDEPROD1505443 | WSDEPROD1505455 | |
| 760 | | | Co-Marketing Agreement between Witness Systems, Inc. and CallMiner, Inc. 1/31/2003 | WSDEPROD3343494 | WSDEPROD3343496 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 761 | | | Confidentiality Agreement between Eyretel Limited and Funk Software, Inc. 12/17/1997 | WSDEPROD3546256 | WSDEPROD3546258 | |
| 762 | | | Draft Preliminary Software Agreement between Eyretel Limited and Funk Software, Inc. | WSDEPROD5125037 | WSDEPROD5125041 | |
| 763 | | | Non-Exclusive OEM Master License Agreement between Witness Systems and Avaya, Inc. | WSISTS047502 | WSISTS047540 | |
| 764 | | | 2005 November Q2 2005 Datamonitor Report | WSISTS047594 | WSISTS047598 | |
| 765 | | | Gartner Marketscope Contact Center Quality Management, 2004 Update | WSISTS049779 | WSISTS049824 | |
| 766 | | | 2004 Pelorus Group World Contact Center Recording System | WSISTS050659 | WSISTS050665 | |
| 767 | | | Addendum to Non-Exclusive Master License Agreement between Witness Systems, Inc. and Avaya, Inc. 6/20/2006 | WSISTS052786 | WSISTS052905 | |
| 768 | | | Spreadsheet of Contracts Effective March 28, 2003 - August 31, 2006 | WSISTS065772 | WSISTS065777 | |
| 769 | | | Witness Key Performance Metrics 2003 - Quarter 2, 2007 | WSISTS091780 | WSISTS091780 | |
| 770 | | | First Amendment to Software License Agreement dated February 13, 1998 between Eyretel and Funk Software | WSISTS091781 | WSISTS091781 | |
| 771 | | | Exhibit F to Software License Agreement between Funk Software, Inc. and Eyretel Limited 02/13/1998 - Resale Product Asychronous product | WSNB021504 | WSNB021514 | |
| 772 | | | United States Patent No. 5,790,798 Beckett | WSNCIE010001 | WSNCIE010011 | |
| 773 | | | Technology License Agreement between Witness Systems, Inc. and Expert City, Inc. | WSNCIE010031 | WSNCIE010031 | |
| 774 | | | Tern Systems Overview of the Voice/Data Recording Market | WSNICE001526 | WSNICE001544 | |
| 775 | | | | WSNICE009970 | WSNICE010000 | |
| 776 | | | | WSNICE025339 | WSNICE025348 | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 777 | | | 2005 DMG Consulting Quality Management/Liability Recording Product and Marketing Report | WSNICE025349 | WSNICE025567 | |
| 778 | | | Pelorus Group 2006 World Contact Center Recording Market Report | WSNICE025568 | WSNICE025723 | |
| 779 | | | Data Monitor Recording Industry Quarterly January 2006 (Q3 2005) | WSNICE027302 | WSNICE027347 | |
| 780 | | | Software License and Sales Data | WSNICE027761 | WSNICE027828 | |
| 781 | | | "Key Performance Metrics Q4 2006", produced in Excel on February 20, 2007 | WSNICE027829 | WSNICE027833 | |
| 782 | | | Witness Systems Spreadsheet with Detail Product Sales | WSNSDE0054369 | WSNSDE0054369 | |
| 783 | | | | WSNSDE0054370 | WSNSDE0050004 | |
| 784 | | | Exhibit F to Software License Agreement between Funk Software, Inc. and Eyretel Limited 02/13/1998 - Resale Product Asychronous product | WSNSDE057713 | WSNSDE057713 | |
| 785 | | | NICE Bid Ltr to Blue Pumpkin | WSNSDE065700 | WSNSDE065702 | |
| 786 | | | "IP Customer Count Q2 2007", produced in Excel on September 25, 2007 | | | |
| 787 | | | "Key Performance Metrics Q4 2006", produced in Excel on February 20, 2007 | | | |
| 788 | | | "Maint Calculations", produced in Excel on October 25, 2007 | | | |
| 789 | | | "Understanding the Benefits of Speech Analytics Solutions", published by Datamonitor, October, 2006 | | | |
| 790 | | | Audio Codes and NICE License Agreement | Need Document | | |
| 791 | | | Avaya Business Edition Orders - 25 Oct 07, produced in Excel on October 25, 2007 | | | |
| 792 | | | Comverse 1999 Form 10-K | | | |
| 793 | | | Copy of the Screen Agent Maintenance and Services.xls | | | |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 794 | | | **Defendant's Responses to Plaintiff Witness Systems, Inc.'s First Requests for Admission** | | | |
| 795 | | | Deposition of Aviad Abiri, January 28, 2005 | | | |
| 796 | | | Deposition of Barak Eilam, October 9, 2007 | | | |
| 797 | | | Deposition of Christopher Blair, October 10, 2006 | | | |
| 798 | | | Deposition of Christopher Blair, October 2, 2007 | | | |
| 799 | | | Deposition of Daniel Hart, May 29, 2002 | | | |
| 800 | | | Deposition of Daniel Spohrer, August 3, 2007 | | | |
| 801 | | | Deposition of Daniel Spohrer, February 22, 2007 | | | |
| 802 | | | Deposition of Daniel Spohrer, May 24, 2007 | | | |
| 803 | | | Deposition of Eyal Danon, December 20, 2005 | | | |
| 804 | | | Deposition of Eyal Rudnik, June 13, 2007 | | | |
| 805 | | | Deposition of Ilan Yosef, January 11, 2007 | | | |
| 806 | | | Deposition of Ilan Yosef, January 10, 2007 | | | |
| 807 | | | Deposition of Jamie Williams, May 17, 2007 | | | |
| 808 | | | Deposition of John Bourne, February 27, 2007 | | | |
| 809 | | | Deposition of John Bourne, March 7, 2007 | | | |
| 810 | | | Deposition of John Bourne, May 23, 2007 | | | |
| 811 | | | Deposition of John Bourne, October 25, 2007 | | | |
| 812 | | | Deposition of John Henits, August 21, 2007 | | | |
| 813 | | | Deposition of John Henits, May 24, 2007 | | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 814 | | | Deposition of Joseph Watson, October 4, 2007 | | | |
| 815 | | | Deposition of Joseph Watson, September 6, 2007 | | | |
| 816 | | | Deposition of Matthew Rosner, September 19, 2007 | | | |
| 817 | | | Deposition of Mordechai Nisani, September 13, 2005 | | | |
| 818 | | | Deposition of Nancy Treaster, February 22, 2007 | | | |
| 819 | | | Deposition of Nancy Treaster, June 29, 2007 | | | |
| 820 | | | Deposition of Nancy Treaster, March 2, 2007 | | | |
| 821 | | | Deposition of Stephen Beckett II, February 23, 2007 | | | |
| 822 | | | Deposition of Thomas W. Britven, November 1, 2007 | | | |
| 823 | | | Deposition of Thomas W. Britven, November 8, 2002 | | | |
| 824 | | | Deposition of William Evans, September 27, 2007 | | | |
| 825 | | | Deposition of Yochai Rozenblat, September 20, 2007 | | | |
| 826 | | | Dictaphone and Eventide License Agreement | Need Document | | |
| 827 | | | Dictaphone Corporation 1999 10-K | | | |
| 828 | | | Exhibit F - Infringement Contentions for '220 | | | |
| 829 | | | Expert Report of Brian W. Napper, April 11, 2007, and Documents Considered Therein [Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd. (1:04 CV 2531)] | | | |
| 830 | | | Expert Report of Brian W. Napper, November 30, 2007, and Documents Considered Therein [Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd. (1:06 CV-0126-TCB)] | | | |

NICE Systems et al. v. Witness Systems , 06-311-JJF

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex. No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 831 | | | Expert Report of Brian W. Napper, November 6, 2007, and Documents Considered Therein [STS Software Systems, Ltd. and NICE Systems, Ltd. v. Witness Systems, Inc. (1: 04 CV 2111 RWS)] | | | |
| 832 | | | Expert Report of Thomas W. Britven, December 17, 2007, and Documents Considered Therein (limited to documents produced by NICE and made available) | | | |
| 833 | | | Expert Report of Thomas W. Britven, September 20, 2002 [Dictaphone Corporation v. NICE Systems, Ltd. and NICE Systems, Inc. (3:00 CV 1143 CFD)] | | | |
| 834 | | | http://callcenterinfo.tmcnet.com/Analysis/articles/13658-nice-systems-the-advantages-speech-analytics-the-call.html. | | | |
| 835 | | | http://searchcrm.techtarget.com/originalContent/0,289142,sid11_gci1175661,000.html. | | | |
| 836 | | | http://www.callcentermagazine.com/shared/article/showArticle.jhtml?articleId=198700826 | | | |
| 837 | | | http://www.crmbuyer.com/story/39435.html. | | | |
| 838 | | | http://www.nice.com/news/media.php?sub=1. | | | |
| 839 | | | http://www.nice.com/news/show_pr.php?id=462. | | | |
| 840 | | | http://www.nice.com/solutions/enterprise/nice_perform.php. | | | |
| 841 | | | http://www.sec.gov/Archives/edgar/data/946734/000947871-00-000262.txt. | | | |
| 842 | | | http://www.tmcnet.com/cti/mayjune/ctinews.htm. | | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 843 | | | http://www.witness.com/content/I-360_Overview_2pp_US.pdf,p.2. | | | |
| 844 | | | http://www.witness.com/content/Impact%20360%20Workforce%20Optimization_.pdf,p.3. | | | |
| 845 | | | http://www.witness.com/content/success%20stories/Continental%20Airlines.pdf. | | | |
| 846 | | | http://www.witness.com/main.aspx?pid=96. | | | |
| 847 | | | NICE "CRS 26.3 USA - readonly" produced in Excel | | | |
| 848 | | | NICE "MC 30-08-07" produced in Excel | | | |
| 849 | | | NICE "Nice Perform Products USA" produced in Excel | | | |
| 850 | | | NICE "NICE Perform USA" produced in Excel | | | |
| 851 | | | NICE "NiceLog q12002-q22007 By Year" produced in Excel | | | |
| 852 | | | NICE "Niceperform USA - readonly" produced in Excel | | | |
| 853 | | | NICE "NP-Universe-CRS-Log P&L Analysis for Verint Case" produced in Excel | | | |
| 854 | | | NICE "NP-Universe-CRS-Log P&L Analysis for Witness Case w corrected nicelog" produced in Excel | | | |
| 855 | | | NICE "TB_2006-2002 summary NICE Consol for Witness Case - readonly" produced in Excel | | | |
| 856 | | | NICE "Universe 18.3 No Universe USA (SO Level)" produced in Excel | | | |
| 857 | | | NICE "Universe 4.7" produced in Excel | | | |
| 858 | | | NICE "Universe USA - readonly" produced in Excel | | | |
| 859 | | | NICE "VoIP Deals USA_6600853" produced in Excel on August 30, 2007 | | | |
| 860 | | | NICE Press Release: NICE Systems and Dictaphone Corporation Settle | | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| | | | **Patent Litigation, December 11, 2003** | | | |
| 861 | | | NICE Systems Ltd's and NICE Systems Inc's Identification of Witness' Core Recording Products Accused of Infringement | | | |
| 862 | | | NICE Systems, Inc.'s & LTD's Revised LPR 4.2 Response & Exhibits, June 13, 2005 | | | |
| 863 | | | NICE Systems, Ltd. 1998 20-F | | | |
| 864 | | | NICE Systems, Ltd. 1999 20-F | | | |
| 865 | | | NICE Systems, Ltd. 1999 A2 20-F | | | |
| 866 | | | NICE Systems, Ltd. 2000 20-F | | | |
| 867 | | | NICE Systems, Ltd. 2001 20-F | | | |
| 868 | | | NICE Systems, Ltd. 2002 20-F | | | |
| 869 | | | NICE Systems, Ltd. 2003 20-F | | | |
| 870 | | | NICE Systems, Ltd. 2004 20-F | | | |
| 871 | | | NICE Systems, Ltd. 2005 20-F | | | |
| 872 | | | NICE Systems, Ltd. 2006 20-F | | | |
| 873 | | | Q1 07 WW Consolidated Maintenance Renewal Rates" produced in Excel on October 24, 2007 | | | |
| 874 | | | Q2 2006 Witness Systems Earnings Conference Call – Final, July 27, 2006 | | | |
| 875 | | | Q2 2007 NICE Systems Earnings Conference Call – Final, August 1, 2007 | | | |
| 876 | | | Q4 06 Nov Royalty Report, produced in Excel | | | |
| 877 | | | QM and WFM Product Penetration Customers Only (native format) | | | |
| 878 | | | Quality Must Be Seen and Not Heard | | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 879 | | | Rebuttal Expert Report of Brian W. Napper, June 7, 2007, and Documents Considered Therein [Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd. (1:04 CV 2531)] | | | |
| 880 | | | Rebuttal Expert Report of Thomas W. Britven, May 21, 2007, and Documents Considered Therein | | | |
| 881 | | | Screen Agent Claim GM Analysis 191206.xls | | | |
| 882 | | | Screen Agent PRODUCTS (anna).xls | | | |
| 883 | | | Supplemental Expert Report of John C. Jarosz, July 22, 2002 [Dictaphone Corporation v. NICE Systems, Ltd. and NICE Systems, Inc. (3:00 CV 1143 CFD)] | | | |
| 884 | | | Trends and Technology in the Recording Industry: H1 2006, *Datamonitor* | | | |
| 885 | | | Trends and Technology in the Recording Industry: H2 2006, *Datamonitor* | | | |
| 886 | | | US Patent 5,790,798 | | | |
| 887 | | | US Patent 6,404,857 B1 | | | |
| 888 | | | Witness 2006 Preliminary Financial Results Conf Call – Final, January 3, 2007 | | | |
| 889 | | | Witness Systems 10-K/A, February 8, 2007 | | | |
| 890 | | | Witness Systems Inc. 1999 10-K | | | |
| 891 | | | Witness Systems Inc. 2000 10-K | | | |
| 892 | | | Witness Systems' Markman Brief | | | |
| 893 | | | Witness Systems, Inc. 2001 10-K | | | |
| 894 | | | Witness Systems, Inc. 2002 10-K | | | |

WITNESS SYSTEMS' TRIAL EXHIBIT LIST – Exhibit 7 to the Pretrial Order

| NEW DTX NO | Depo Ex No. | Depo Date | Description | Bates Begin | Bates End | Objection |
|---|---|---|---|---|---|---|
| 895 | | | Witness Systems, Inc. 2002 10-K | | | |
| 896 | | | Witness Systems, Inc. 2003 10-K | | | |
| 897 | | | Witness Systems, Inc. 2003 10-K | | | |
| 898 | | | Witness Systems, Inc. 2004 10-K | | | |
| 899 | | | Witness Systems, Inc. 2005 10-K/A | | | |
| 900 | | | Witness Systems, Inc. 2006 10-K | | | |
| 901 | | | www.teleformix.com | | | |
| 902 | | | www.witness.com | | | |

## EXHIBIT NO. 8 TO THE JOINT PRE-TRIAL ORDER

### NICE'S WITNESS LIST

### I.    FACT WITNESSES

Below are the fact witnesses that NICE may call in its case-in-chief. NICE may also call any witnesses listed by Witness. In addition to the witnesses listed below, NICE reserves the right to call any other Witness Systems, Inc. witnesses in the courtroom to adduce evidence of infringement and willful infringement.

NICE further reserves the right to supplement Exhibit 8 to identify additional expert witnesses whom NICE may call in person at trial after expert depositions have concluded.

The individuals whose address is given as NICE Systems, Inc. are current NICE Systems, Inc. officers, directors, or employees. Their address is:

NICE Systems, Inc.
301 Route 17
Rutherford, New Jersey 07070

The individuals whose address is given as NICE Systems, Ltd. are current NICE Systems, Ltd. officers, directors, or employees. Their address is:

NICE Systems, Ltd.
8 Hapnina Street, PO Box 690
43107 Ra'anana, Israel

The individuals whose address is given as Verint Americas Inc. are former Witness Systems, Inc. officers, directors, or employees who are now current Verint Systems, Inc. officers, directors, or employees. Their address is:

Verint Americas Inc.
330 South Service Road
Melville, New York 11747

NICE may call the following <u>fact</u> witnesses live during its case-in-chief[1]:

1.    Shlomo Shamir[2]
      NICE Systems, Ltd.

2.    Christopher Blair (as an adverse witness)
      Software Hothouse, Ltd.
      275 London Road
      Burgess Hill
      West Sussex, United Kingdom

3.    Daniel Spohrer (as an adverse witness)
      10925 South Kimball Bridge Crossing
      Alpharetta, Georgia 30022

NICE may call the following fact witnesses by deposition testimony during its case-in-chief:

1.    David Glowny
      53 Candlewood Road
      Milford, Connecticut 06461

2.    Adtech-GESI, LLC
      (By Timothy Shadburn)
      1880 McFarland Road
      Alpharetta, GA 30005

3.    John Bourne
      Verint Americas Inc.

4.    Kevin Hegebarth
      145 Millwick Cove
      Alpharetta, Georgia 30005

---

[1] Witness has informed NICE that Nancy Treaster and Christopher Blair will be available for trial. To the extent Nancy Treaster, Christopher Blair, or any other witness listed as a live witness is unavailable for trial, NICE intends to use the deposition of that witness at trial.

[2] Pending the Court's resolution of the Motions *in Limine*, should NICE be precluded from calling Shlomo Shamir as a live witness, NICE will replace Mr. Shamir with one of the following witnesses: Ilan Yosef (NICE Systems, Ltd.), Yochai Rozenblat, Matthew Rosner, Eyal Rudnik (each of which are employed by NICE Systems, Inc.).

5.      Jan Carel Warfield
        2904 South Haven Drive
        Annapolis, Maryland 21401

6.      Duane Wright
        10 Manor Road
        Guildford, United Kingdom GU2 9NE

7.      Joseph Watson
        Verint Americas Inc.

8.      Marc Calahan
        Verint Americas Inc.

9.      Jamie Williams
        Verint Americas Inc.

10.     Avaya, Inc.
        (By Scott McKechnie)
        211 Mt. Airy Road
        Basking Ridge, New Jersey 07920

## II.    **EXPERT WITNESSES**

### A.    **John Henits,** Bethel, Connecticut[3]

Mr. Henits is currently a self-employed consultant who provides engineering and design consulting services. Previously, Mr. Henits held several positions at Dictaphone Corporation, where his 14 year career has included engineering management and development of communication recording systems.

### B.    **Thomas W. Britven, CPA, CVA, CFE, ABV**, Houston, Texas

Thomas W. Britven is currently the president of Lumin Expert Group and was the Senior IP Practice Director of LECG, LLC, an economic and business consulting firm. During his career, Mr. Britven has provided valuation, auditing, and economic business strategy consulting services, and has studied claim damages issues in numerous disputed

---

[3] Mr. Henits will be testifying both as a fact witness and as an expert witness.

matters. His experience spans a number of industries, including biotechnology, computer, manufacturing, medical device, oil and gas, retail, and transportation.

**EXHIBIT NO. 9 TO THE JOINT PRE-TRIAL ORDER**

*Witness Systems' Witness List*

Below are the witnesses that Witness Systems may call either live or by deposition testimony during its case-in-chief. Witness Systems may also call any witnesses listed by NICE. In addition to the witnesses listed below, Witness Systems reserves the right to call any other witnesses in rebuttal.

Witness Systems may call the following <u>fact</u> witnesses live during its case-in-chief (the following witnesses are represented by Fish & Richardson, P.C. and should only be contacted through counsel):

1. Christopher Blair

2. William Evans

3. Daniel Spohrer

4. Nancy Treaster

5. Jamie Williams

Witness Systems may call the following fact witnesses by deposition testimony during its case-in-chief (the following individuals are not represented by Fish & Richardson, P.C.):

1. C.J. Elias-West
   NICE Systems, Inc.

2. Eran Porat
   NICE Systems Ltd.

3. Yochai Rozenblat
   NICE Systems, Inc.

4. Shlomo Shamir
   NICE Systems Ltd.

Below are the <u>expert</u> witnesses that Witness Systems may call during its case-in-chief. Witness Systems may also call any witnesses listed by NICE.  In addition to the witnesses listed below, Witness Systems reserves the right to call any other witnesses in rebuttal.

The following expert witnesses should only be contacted through counsel:

1.  Brian W. Napper

2.  John M. Strawn, Ph.D.

3.  Jeffrey S. Vitter, Ph.D.

EXHIBIT 10

**PLAINTIFF'S DEPOSITION DESIGNATIONS**
(with Defendant's objections and counter-designations)

1. **Witness Systems, Inc. v NICE Systems, Inc. and NICE Systems, Ltd.  06-CV-00126-TCB**
   **Bourne, John Richard Xavier William  October 25, 2007**
   (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 3:22-3:24 | |
| 4:4-4:6 | |
| 5:8-5:13 | |
| 5:14-5:20 | |
| 12:7-14:12 | |
| 16:19-17:22 | |
| 18:13-18:16 | |
| 18:21-19:7 | |
| 190:19-192:2 | |
| 202:17-203:24 | |
| 204:12-204:21 | |
| 206:1-206:20 | |
| 207:2-207:15 | |

| Bourne Counter Designations |
|---|
| 200:13-22 |
| 201:20-10 |
| 203:25-204:11 |
| 204:22-24 |
| 206:21-207:15 |
| 239:1-240:25 |

Exhibit 10                    1                    Civil Action No. 06-311-JJF

2.   **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
     **30 (b) (6) Witness Systems, Inc. – Calahan, Marc  June 28, 2007**
     (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 3:5-3:6 | |
| 3:21-4:4 | |
| 7:1-10:8 | |
| 11:8-11:17 | |
| 169:13-169:20 | |

| Calahan Counter Designations |
|---|
| 16:25-17:10 |
| 169:6-12 |
| 170:18-25 |

Exhibit 10                                    2                          Civil Action No. 06-311-JJF

3. **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
   **Glowny, David Andrew  May 17, 2007**
   (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 4:9-4:11 | |
| 4:16-4:21 | |
| 13:21-14:17 | |
| 14:20-15:14 | |
| 16:4-16:9 | |
| 19:18-21:24 | |
| 129:22-131:12 | |

| Glowny Counter Designation |
|---|
| 15:15-16:3 |
| 69:22-72:5 |
| 89:8-20 |
| 96:13-98 |
| 99:11-100:3 |
| 134:25-136:5 |

Exhibit 10                         3                    Civil Action No. 06-311-JJF

4. **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
   **Hegebarth, Kevin Glenn  August 9, 2007**
   (including referenced exhibits)

| Designation | Objections to Designations |
| --- | --- |
| 4:14-4:15 | |
| 4:21-5:15 | |
| 9:8-9:24 | |
| 10:6-11:3 | |
| 23:17-25:8 | |
| 37:14-38:18 | |
| 39:1-39:10 | |
| 41:23-42:15 | |
| 44:17-44:25 | |
| 46:1-46:12 | |
| 46:19-46:21 | |
| 42:25-47:8 | |
| 47:12-47:19 | |
| 47:22-48:3 | |
| 49:14-49:18 | |
| 49:25-50:2 | |
| 50:7-50:21 | |
| 53:24-54:5 | |
| 54:10-54:15 | |
| 54:18 | |
| 62:2-62:9 | |
| 62:12-62:14 | |
| 64:5-64:17 | |
| 66:3-66:13 | |
| 66:17-66:19 | |
| 66:23-66:25 | |
| 67:5-67:6 | |
| 67:11-67:16 | |
| 67:20-68:7 | |
| 68:19-68:21 | |
| 68:24-69:6 | |
| 69:8-69:16 | |
| 70:12-70:14 | |
| 70:16-70:22 | |
| 71:2-71:12 | |
| 71:17 | |
| 72:19-73:2 | |
| 73:6-73:9 | |
| 73:11-73:19 | |
| 73:22 | |
| 74:21-75:6 | |
| 75:10-75:14 | |
| 75:24-76:9 | |
| 76:12 | |
| 77:3-77:6 | |
| 77:9-77:14 | |
| 77:17-77:22 | |

Exhibit 10                    4                    Civil Action No. 06-311-JJF

| 77:25 | |
|-------|--|

| Hegebarth Counter- Designation |
|--------------------------------|
| 9:25-10:5 |
| 39:11-40:5 |
| 45:12-25 |
| 51:7-12 |
| 55:4-13 |
| 61:1-22 |
| 61:25-62:1 |
| 62:15-19 |
| 63:13-19 |
| 63:21-64:2 |
| 68:8-9 |
| 68:15-18 |
| 69:7 |
| 79:22-80:23 |
| 81:2-8 |
| 82:6-83:19 |

Exhibit 10                5                Civil Action No. 06-311-JJF

5. **STS Software Systems, Ltd v. Witness Systems, Inc. 04-CV-2111-RWS**
   **30 (B) (6) Avaya Inc. - McKechnie, Scott Franklin March 20, 2007**
   (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 4:6-4:8 | |
| 4:10-4:11 | |
| 5:1-5:7 | |
| 6:8-7:2 | |
| 7:7-7:19 | |
| 11:7-11:20 | |
| 11:21-11:25 | |
| 22:8-22:18 | |
| 22:19-23:9 | |
| 24:9-24:11 | |
| 24:14-24:16 | |
| 25:3-25:6 | |
| 25:9-26:8 | |
| 26:10-26:16 | |
| 28:16-28:20 | |
| 28:23-29:2 | |
| 29:4-29:7 | |
| 29:11-29:12 | |
| 29:15 | |
| 92:6-93:13 | |
| 116:10-117:16 | |
| 117:17-119:10 | |
| 122:25-123:13 | |
| 141:2-142:5 | |

| McKechnie Counter Designation |
|---|
| 10:20-22 |
| 12:19-13:16 |
| 14:8-22 |
| 119:11-122:24 |
| 123:15-125:17 |
| 132:24-133:14 |

Exhibit 10                    6                    Civil Action No. 06-311-JJF

6. **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
   **30(b)(6) Adtech-Gesi, LLC  Tim Shadburn  May 30, 2007**
   (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 4:23-4:24 | |
| 5:3-5:5 | |
| 5:11-5:13 | |
| 7:16-8:3 | |
| 8:5-8:13 | |
| 8:20-9:10 | |
| 18:13-18:25 | |
| 19:1-19:5 | |
| 24:4-24:7 | |
| 55:3-55:7 | |
| 55:9-55:13 | |
| 55:15-55:18 | |
| 60:7-60:9 | |
| 60:11-60:12 | |
| 60:21-60:22 | |
| 60:24-60:25 | |
| 61:1-61:2 | |
| 61:4-61:10 | |
| 61:12-61:20 | |
| 61:22-61:24 | |
| 88:21-88:25 | |
| 89:2-89:15 | |
| 101:8-101:24 | |
| 102:1-102:18 | |
| 118:17-119:2 | |
| 119:5 | |
| 159:20-160:3 | |
| 106:5 | |
| 163:14-164:21 | |
| 226:15-226:17 | |
| 226:19-226:22 | |
| 226:24-227:7 | |
| 227:9-227:12 | |
| Shadburn Counter-Designation | |
| 8:21-24 | |
| 9:11-23 | |
| 35:19-20 | |
| 35:23-24 | |
| 36:25-37:5 | |
| 37:7-9 | |
| 37:11-20 | |
| 37:22 | |
| 38:8-14 | |

Exhibit 10                    7                    Civil Action No. 06-311-JJF

7. **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
   **Spohrer, Daniel  August 3, 2007**
   (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 3:22-3:23 | |
| 3:24-4:2 | |
| 4:9-4:17 | |
| 5:17-7:13 | |
| 7:18-8:1 | |
| 112:12-113:7 | |
| 113:9-114:14 | |

Exhibit 10                                    8                          Civil Action No. 06-311-JJF

8.  NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF
    30 (B) (6) Witness Systems, Inc. - Spohrer, Daniel  May 24,2007
    (including referenced exhibits)

| Designation | Objections to Designations |
|-------------|---------------------------|
| 3:21-3:22 | |
| 3:25-4:6 | |
| 10:1-10:15 | |

Exhibit 10                              9                    Civil Action No. 06-311-JJF

9.  **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
    **Warfield, Jan Carel  May 31, 2007**
    (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 3:22-3:23 | |
| 4:1-4:3 | |
| 4:7-4:9 | |
| 15:23-16:20 | |
| 16:21-17:11 | |
| 19:15-20:5 | |
| 20:9-20:11 | |
| 21:13-22:8 | |
| 111:9-111:15 | |
| 111:25-112:9 | |
| 128:12-128:20 | |
| 158:4-159:8 | |
| 160:1-160:25 | |
| 180:20-181:7 | |
| 196:15-198:10 | |
| 202:20-204:4 | |
| 216:8-217:11 | |
| 218:1-220:25 | |

| Warfield Counter Designations |
|---|
| 13:20-14:4 |
| 17:12-23 |
| 112:10-16 |
| 112:22-113:15 |
| 129:5-13 |
| 144:3-7 |
| 144:15-145:5 |
| 159:9-11 |
| 217:14-18 |

Exhibit 10                    10                    Civil Action No. 06-311-JJF

10. **NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
    **Watson, Joseph September 6, 2007**
    (including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 3:22-3:24 | |
| 4:2-4:4 | |
| 4:8-4:10 | |
| 6:19-7:8 | |
| 7:11-7:19 | |
| 8:10-8:11 | |
| 19:2-19:15 | |
| 20:22-21:22 | |
| 25:10-25:18 | |
| 31:4-31:10 | |
| 31:15-31:17 | |
| 32:13-33:6 | |
| 34:17-35:2 | |
| 36:14-37:2 | |
| 40:14-40:16 | |
| 40:19 | |
| 43:25-44:6 | |
| 45:4-45:17 | |
| 46:11-46:14 | |
| 52:16-54:7 | |
| 54:15-54:17 | |
| 55:9-55:17 | |
| 55:21-56:6 | |
| 56:10-56:14 | |
| 56:23-57:1 | |
| 57:21-28:7 | |
| 63:14-63:15 | |
| 63:18 | |
| 69:20-69:23 | |
| 70:5-70:11 | |
| 75:9-75:13 | |
| 75:21-75:24 | |
| 76:13-76:15 | |
| 76:16-76:17 | |
| 76:18-76:19 | |
| 76:20-76:24 | |
| 80:13-80:17 | |
| 80:25-81:3 | |
| 81:8 | |
| 87:15-87:24 | |
| 90:25 | |
| 91:1-91:16 | |
| 91:19-92:19 | |
| 114:19-114:22 | |
| 115:5-116:1 | |
| 118:5-118:8 | |
| 118:24-119:2 | |

Exhibit 10                    11                    Civil Action No. 06-311-JJF

| Watson Counter- Designation |
|---|
| 25:19-26:1 |
| 40:3-5 |
| 40:12-13 |
| 57:2-3 |
| 57:9-20 |
| 58:8-59:10 |
| 63:19-24 |
| 70:12-13 |
| 119:3-13 |
| 120:1-4 |
| 120:7-18 |

Exhibit 10                    12                    Civil Action No. 06-311-JJF

**11. STS Software Systems, Ltd v. Witness Systems, Inc. 04-CV-2111-RWS**
**Wright, Duane Sherington  April 11, 2007**
(including referenced exhibits)

| Designation | Objections to Designations |
|---|---|
| 5:2-5:4 | |
| 5:7-5:14 | |
| 6:24-8:11 | |
| 8:23-10:4 | |
| 153:1-153:22 | |

| Wright Counter Designations |
|---|
| 8:12-22 |
| 152:23-25 |
| 156:23-157:1 |
| 157:3-13 |

Exhibit 10                    13                    Civil Action No. 06-311-JJF

**12. NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc. 06-CV-311-JJF**
   **Wright, Duane Sherington  May 23, 2007**

| Designation | Objections to Designations |
|---|---|
| 4:7-4:8 | |
| 4:13-4:19 | |
| 8:1-8:25 | |
| 12:19-14:16 | |
| 14:23-15:10 | |
| 244:12-244:25 | |
| 246:21-247:25 | |

| Wright Counter Designations |
|---|
| 12:1-18 |
| 245:1-246:13 |

Exhibit 10                           14                    Civil Action No. 06-311-JJF

*EXHIBIT 11*

**DEFENDANT WITNESS SYSTEM INC.'S  DEPOSITION DESIGNATIONS**
(with NICE's counter-designations)

1.    ***Dictaphone Corp. v. NICE Systems Ltd. and NICE Systems, Inc.,* No. 03-CV-
1143 (D. Conn.)**
Elias-West, C.J. Dec. 5, 2001
(including referenced exhibits)

| Elias-West Designation |
| --- |
| 5:25-6:2 |
| 6:10-15 |
| 7:3-9:7 |
| 9:12-22 |
| 13:15-14:23 |
| 16:11-24 |
| 17:4-11 |
| 18:21-19:25 |
| 20:24-22:11 |
| 23:3-13 |
| 24:1-3 |
| 24:12-23 |
| 25:1 |
| 25:10-26:7 |
| 26:12-27:3 |
| 28:17-29:2 |
| 29:6-23 |
| 30:7-31:6 |
| 32:11-18 |
| 37:5-16 |
| 37:18-39:18 |
| 39:22-40:5 |
| 41:11-21 |
| 42:5-12 |
| 42:19-25 |
| 43:1-25 |
| 44:5-45:3 |
| 45:15-20 |
| 47:9-49:16 |
| 56:24-57:13 |
| 58:7-20 |
| 60:16-19 |

| |
|---|
| 67:5-7 |
| 68:22-69:22 |
| 72:12-73:14 |
| 85:20-86:3 |
| 89:14-15 |
| 90:2-12 |
| 90:18-25 |
| 91:2-3 |
| 91:5-92:13 |
| 96:24-98:3 |

| NICE's Counter Designations for Elias-West |
|---|
| 15:10-16 |
| 16:25 |
| 17:1-3 |
| 24:24-25 |
| 26:8-11 |
| 27:16-24 |
| 28:4-8 |
| 29:3-5 |
| 32:19-21 |
| 37:17 |
| 42:13-18 |
| 44:1-4 |
| 44:11-14 |
| 45:21-23 |
| 52:1-8 |
| 52:15-25 |
| 53:1 |
| 55:15-17 |
| 56:11-22 |
| 57:14-19 |
| 57:25 |
| 58:1-6 |
| 59:3-18 |
| 60:2-15 |
| 66:20-25 |
| 67:1-4 |
| 67:8-13 |
| 69:23-25 |
| 70:1-14 |
| 71:18-21 |
| 74:12-14 |
| 74:18-24 |
| 81:11-18 |
| 85:4-19 |
| 86:4-13 |
| 88:22-25 |
| 89:1-2 |

2.  *NICE Systems, Inc. and NICE Systems Ltd. v. Witness Systems, Inc.,* **06-CV-311 JJF (D. Del)**
    Rozenblat, Yochai Sept. 20, 2007
    (including referenced exhibits)

| Rozenblat Designation |
|---|
| 4:5-4:21 |
| 5:6-5:21 |
| 12:9-13:4 |
| 13:17-13:23 |
| 20:17-22:4 |
| 29:16-30:13 |
| 38:23-39:12 |
| 39:19-41:9 |
| 54:6-54:19 |
| 55:23-56:20 |
| 58:2-58:12 |
| 202:3-202:22 |

| NICE's Counter Designations for Rozenblat |
|---|
| 54:20-25 |
| 55:1-22 |
| 56:21-25 |
| 57:1-25 |
| 58:1 |
| 58:13-20 |

3.   ***STS Software Systems Ltd. and NICE Systems Ltd. v. Witness Systems, Inc.,***
     **No. 1:04-CV-2111 (N.D. Ga.)**
     Shamir, Shlomo Sept. 20, 2007
     (including referenced exhibits)

| Shamir Designation |
| --- |
| 3:4-4:8 |
| 5:1-5:2 |
| 5:6-5:8 |
| 6:9-6:11 |
| 16:6-16:24 |
| 23:9-23:20 |
| 28:5-8 |
| 28:22-29:1 |
| 29:9-13 |
| 30:2-17 |
| 44:1-45:9 |
| 47:16-25 |
| 48:8-50:4 |
| 50:15-51:4 |
| 52:2-52:5 |
| 57:17-57:20 |
| 59:23-60: 8 |
| 60:14-60:15 |
| 70:7-72:4 |
| 74:15-75:10 |
| 75:22-76:4 |
| 76:19-77:19 |
| 80:10-24 |
| 123:22-124:15 |
| 144:1-147:25 |

| NICE's Counter Designations for Shamir |
| --- |
| 4:9-10 |
| 23:21-25 |
| 24:1-5 |
| 27:7-25 |
| 28:1-4 |
| 28:9-21 |
| 29:2-8 |
| 29:14-24 |

| |
|---|
| 43:21-25 |
| 45:10-16 |
| 47:2-15 |
| 48:1-7 |
| 48:20-25 |
| 49:1-6 |
| 50:5-14 |
| 52:6-11 |
| 57:21-24 |
| 58:19-21 |
| 59:1 |
| 72:5-25 |
| 73:1-20 |
| 74:7-14 |
| 77:20-25 |
| 78:1-25 |
| 79:1-10 |
| 80:4-9 |
| 118:25-119:20 |

4.  ***STS Software Systems Ltd. and NICE Systems Ltd. v. Witness Systems, Inc.,***
    **No. 1:04-CV-2111 (N.D. Ga.)**
    Porat, Eran Sept. 21, 2007
    (including referenced exhibits)

| Porat Designation |
| --- |
| 10:14-12:8 |
| 16:6-16:12 |
| 17:20-17:25 |
| 132:3-135:6 |
| 137:10-137:16 |
| 139:6-139:13 |
| 140:11-140:16 |
| 146:19-146:25 |
| 194:1-196:25 |

| NICE's Counter Designations for Porat |
| --- |
| 88:15-25 |
| 89:1-25 |
| 90:1-3 |
| 107:5-8 |
| 107:11-18 |
| 108:18-25 |
| 109:1-25 |
| 110:1-25 |
| 111:1-25 |
| 112:1-25 |
| 113:1-25 |
| 114:1-25 |
| 115:1-3 |
| 116:25 |

| 117:1-5 |
| 117:17-25 |
| 118:1-12 |

**EXHIBIT NO. 12 TO THE JOINT PRE-TRIAL ORDER**

**NICE'S STATEMENT OF INTENDED PROOFS**

NICE intends to prove the matters set forth below during the trial of this case.  NICE incorporates by reference the expert reports submitted by NICE.

I.    **The Parties.**

A.    **NICE Systems, Ltd. and NICE Systems, Inc.**

1.    NICE Systems, Ltd. ("NICE") is a worldwide leader in computer software and systems for recording and analyzing electronic communications, such as telephone calls. NICE Systems, Ltd., through its subsidiaries, provides products and services throughout the world for capturing, recording, quality monitoring, and analyzing customer interactions.

2.    NICE Systems, Inc. ("NICE") is a subsidiary of NICE Systems, Ltd. NICE Systems, Inc.'s customers are from a wide range of organizations, including health care companies, utility companies, financial companies and telecommunication companies.

B.    **Verint Americas Inc. (formerly Witness Systems, Inc.).**

3.    In May 2007, Verint Systems, Inc. acquired Witness Systems, Inc. for about one billion dollars ($950,000,000.00).  Witness Systems, Inc. was a provider of computer software for recording electronic communications.  Witness Systems, Inc. sold products and services similar to those provided by NICE throughout the world.  In this case, NICE originally sued Witness Systems, Inc., a Delaware corporation, for patent infringement in May 2006.  After Verint Systems, Inc. acquired Witness Systems, Inc., Verint changed Witness Systems, Inc.'s name to Verint Americas Inc. (hereinafter Witness Systems, Inc. and Verint Americas Inc. are both referred to as "Witness").  Previously, in April 2003, Witness acquired Eyretel PLC.  As a result, Witness assumed the liability for Eyretel's infringement of NICE's patents.

1

## II.    Overview of the Technology.

4.    The patents and products at issue in this case generally relate to methods and systems for monitoring and recording electronic communications, such as telephone calls.[1] Telephone call monitoring and recording systems are used in a variety of contexts, including commercial call centers. NICE's patented inventions and products allow for efficient storage and retrieval of telephone calls and other electronic communications. (The text below focuses on telephone calls, but unless specified otherwise, the discussion is applicable to electronic communications in general.)

5.    The advancements in electronic communications in the past 20 years have created both opportunities and difficulties for efficient storage and playback of telephone calls. The technology described by the NICE patents and embedded in NICE's products have taken advantage of the opportunities and overcome the difficulties in several ways. For example, the NICE patents describe and NICE's products provide recorders and recording systems that allow for playback of a stored telephone call without losing the ability to continue to record the audio of the same or another telephone call. In addition, the NICE patents describe and NICE's products provide recorders and recording systems that are modularized (that is, broken up into discrete components) and can be distributed throughout a communications network. As a final example, the NICE patents describe and NICE's products provide for recording systems and methods for recording a call by conferencing in a recorder as a participant in a call.

---

[1]    NICE sued Witness for infringement of the following patents: U.S. Patent Nos. 5,274,738 (the "'738 patent"); 5,396,371 (the "'371 patent"); 5,819,005 (the "'005 patent"); 6,249,570 (the "'570 patent"); 6,728,345 (the "'345 patent"); 6,775,372 (the "'372 patent"); 6,785,370 (the "'370 patent"); 6,870,920 (the "'920 patent"); 6,959,079 (the "'079 patent") and 7,010,109 (the "'109 patent"), collectively referred to as the "NICE patents".

III.    **The Patented Inventions.**

A.    **The NICE Patents Embrace Four Technology Areas.**

6.    The NICE patents in this case relate generally to methods and systems that are used for recording electronic communications, such as, in a call center, *i.e.*, a centralized office used to receive and process large numbers of telephone calls. These patents generally relate to four technologies. First, the '371 patent relates to methods and systems that allow audio data to be retrieved from a digital audio logger while continuing to record other audio data. Second, the '109 patent relates to methods of recording a telephone call by conferencing a recording device as an additional participant into the call. Third, the '372 and '920 patents relate to methods and systems for voice processing and recording that are modularized and can be connected to networks. Fourth, the '570 patent relates to a method and system that records, stores and reconstructs information about a telephone call, including the various participants who may enter and exit a call, such as a customer service supervisor at a call center. In other words, generally recording voice (or other information) over the lifetime of the call.

B.    **Retrieving Data While Recording Other Audio Data - The '371 Patent.**

7.    The inventors conceived of the invention embodied by the claims of the '371 patent by April 19, 1991. They made diligent efforts toward reducing that invention to practice, and filed the application that led to the '371 patent in December 1993 with the United States Patent and Trademark Office ("Patent Office"). The patent application was entitled "Endless Loop Voice Data Storage and Retrievable Apparatus and Method Thereof." The Patent Office examined the claims of the application, searched for prior art, and compared the claims of the application to the prior art. The references cited by the Patent Office on the face of the '371 include 12 U.S. patent documents and one foreign patent document. After carefully examining the application, the Patent Office determined that the claims of the '371 patent exceeded the

3

requirements for patentability, including that the invention embodied by the claims was novel and would not have been obvious. The Patent Office issued the '371 patent on March 7, 1995 to Dictaphone Corporation, the assignee of the inventors. NICE Systems, Inc. is presently the owner of the '371 patent by assignment from Dictaphone. NICE Systems, Inc. also obtained from Dictaphone the right to sue and recover for past damages caused by infringement of the '371 patent.

       8.     The '371 patent describes and claims methods, systems and a device for processing, storing and retrieving audio from a digital logger. The invention claimed by the '371 patent allows audio data to be retrieved from a digital logger while the digital logger records incoming audio data. In other words, the recorded audio data can be retrieved from a digital logger without interrupting or interfering with the continuous recording of incoming audio data.

    **C.**    **Recording By Conferencing a Recorder as a Participant to a Call - The '109 Patent.**

       9.     The inventors conceived of the invention embodied by the claims of the '109 patent by August 28, 2000. They made diligent efforts toward reducing that invention to practice and filed with the Patent Office a patent application in August 2001, and later, in March 2005, a continuation of that patent application that led to the '109 patent. The patent applications were entitled "Digital Recording of IP Based Distributed Switching Platform." The Patent Office examined the claims of the applications, searched for prior art, and compared the claims of the applications to the prior art. The references cited by the Patent Office on the face of the '109 patent include 12 U.S. patent documents, one foreign patent document and one other publication. After carefully examining the application, the Patent Office determined that the claims of the '109 patent exceeded the requirements for patentability, including that the invention embodied by the claims was novel and would not have been obvious. The Patent Office issued the '109

patent on March 7, 2006 to NICE Systems, Ltd., the assignee of the inventors.  NICE Systems, Ltd. is presently the owner of the '109 patent.

10.    The '109 patent describes and claims methods for recording electronic communications between two or more communication devices, in other words telephone calls. The communication devices used in the '109 method include both Internet Protocol, or IP, telephones and non-IP telephones.  The invention claimed by the '109 patent provides for recording telephone calls by entering a recording device as a participant in the call using a conference controller so that the recording device receives the telephone call by use of a data network.

### D.    Modularized and Networked Recording Methods and Systems.

### 1.    The '372 Patent.

11.    The inventor conceived of the invention embodied by the claims of the '372 patent by April 4, 1997.  He made diligent efforts toward reducing that invention to practice and filed with the Patent Office the application that led to the '372 patent in June 1999.  The patent application was entitled "System and Method for Multi-Stage Data Logging."  The Patent Office examined the claims of the application, searched for prior art, and compared the claims of the application to the prior art.  The references cited by the Patent Office on the face of the '372 patent include 73 U.S. Patent documents, four foreign patent documents and 44 other publications.  After carefully examining the application, the Patent Office determined that the claims of the '372 patent exceeded the requirements for patentability, including that the invention embodied by the claims was novel and would not have been obvious.  The Patent Office issued the '372 patent on August 10, 2004 to Dictaphone Corporation, the assignee of the inventor.  NICE Systems, Inc. is presently the owner of the '372 patent by assignment from

Dictaphone. NICE Systems, Inc. also obtained from Dictaphone the right to sue and recover for past damages caused by infringement of the '372 patent.

12. The '372 patent describes and claims a multi-stage data logging system. The claimed logging system includes three stages: (i) a telecommunications stage that receives input from several input channels, (ii) a recorder stage that stores data associated with the information received by the telecommunications stage and (iii) a distribution stage that provides access to the stored information. The claimed logging system is designed so that at least two of the stages are physically separable and can be located wide distances apart.

**2. The '920 Patent.**

13. The inventor conceived of the invention embodied by the claims of the '920 patent by April 4, 1997. He made diligent efforts toward reducing that invention to practice and filed with the Patent Office the application that led to the '920 patent in July 2002. That application had the same specification as, and was a divisional application of, the June 1999 application that led to the '372 patent. The Patent Office examined the claims of the application, searched for prior art, and compared the claims of the application to the prior art. The references cited by the Patent Office on the face of the '920 patent include 17 U.S. Patent documents, nine foreign patent documents and 38 other publications. After carefully examining the application, the Patent Office determined that the claims of the '920 patent exceeded the requirements for patentability, including that the invention embodied by the claims was novel and would not have been obvious. The Patent Office issued the '920 patent on March 22, 2005 to Dictaphone Corporation, the assignee of the inventor. NICE Systems, Inc. is presently the owner of the '920 patent by assignment from Dictaphone. NICE Systems, Inc. also obtained from Dictaphone the right to sue and recover for past damages caused by infringement of the '920 patent.

6

14. The '920 patent describes and claims a method for accessing information stored by one or more digital loggers. The information stored by the logger comes from multiple "input channels." For example, the stored information can be a voice recording made from telephone calls on multiple, different telephone lines. The claimed method generally relates to the use of a computer network server, a Web server, that responds to a person's request made at a computer terminal to retrieve the stored information.

**E.    The Lifetime of a Call Recording-the '570 Patent**

15. The inventors conceived of the invention embodied by the claims of the '570 patent by July 9, 1997. They made diligent efforts toward reducing that invention to practice and filed with the Patent Office the patent application that led to the '570 patent in June 1999. That patent application was titled "System and Method for Recording and Storing Telephone Call Information." The Patent Office examined the claims of the application, searched for prior art, and compared the claims of the application to the prior art. The references cited by the Patent Office on the face of the '570 patent include 69 U.S. Patent documents and four foreign patent documents. After carefully examining the application, the Patent Office determined that the claims of the '570 patent exceeded the requirements for patentability, including that the invention embodied by the claims was novel and would not have been obvious. The Patent Office issued the '570 patent on June 19, 2001 to Dictaphone Corporation, the assignee of the inventors. NICE Systems, Inc. is presently the owner of the '570 patent by assignment from Dictaphone. NICE Systems, Inc. also obtained from Dictaphone the right to sue and recover for past damages caused by infringement of the '570 patent.

16. The '570 patent describes and claims a system and method for computer-aided monitoring and recording of complete telephone calls. The invention claimed by the '570 patent generally relates to a system and method for collecting and storing data related to a

7

telephone call from multiple sources that facilitates monitoring, recording and playing back of complete telephone calls (the lifetime of the call).

## IV.  Witness' Infringement.

17.  Witness' products and software record electronic communications, such as telephone calls, for full-time recording (e.g., recording all telephone calls) and for quality monitoring (e.g., recording some calls based on selected criteria.)[2]  Witness' products and software include the ability to record analog and digital TDM telephone calls, as well as IP telephone calls.  Witness' products and software allow users to access recorded calls by using a Web server.  A user may access recorded calls while the recorder continues to record audio from telephone calls.  The graphical user interface used in Witness' products also allows a user to play back multiple segments of a single call, that is the lifetime of a call.

18.  When used for recording telephone calls, Witness' products and software:

- allow a user to retrieve audio data from a digital logger while the digital logger records other incoming audio data;

- record telephone calls including by conferencing a recording device as a participant in a call so that the recording device receives the telephone call between other participant(s);

---

[2]  As of the filing of the complaint in this action, Witness has sold its products under various trade names. NICE filed on December 17, 2007 an Identification of Witness' Core Recording Products Accused of Infringement identifying the Witness products that infringe the NICE patents. NICE incorporates the Identification of Witness' Core Recording Products Accused of Infringement  by reference in this Exhibit. NICE incorporates the expert reports of John Henits by reference in this Exhibit.

- include a telecommunications stage that receives input from several input channels, a recorder stage that stores data, and a distribution stage that provides access to the stored data;

- allow a user to make a request from a computer terminal that a Web server retrieve for playback the stored data; and

- facilitate monitoring, recording and playing back of complete telephone calls (the lifetime of the call), including by associating the data related to a specific telephone call with a "master call record" that allows a call to be replayed in its proper sequence regardless of how the data is actually stored.

19.     Witness' products and software infringe the following claims of the NICE patents asserted in this case:

- claims 1 and 8 of the '371 Patent, literally and under the doctrine of equivalents;

- claim 6 of the '570 patent, literally and under the doctrine of equivalents;

- claims 1, 15 and 33 of the '372 patent, literally;

- claims 1, 16 and 21 of the '920 patent, literally; and

- claims 1 and 6 of the '109 patent, literally and under the doctrine of equivalents.

20.     Witness' infringement is willful.  Despite knowledge of the NICE patents, Witness sells, offers for sale, manufactures, and distributes products and software that infringe the NICE patents.  Through its advertisements, promotions, demonstrations, sales efforts, sales, customer training, publications and distribution of product specifications, brochures, catalogues, owner's and user's manuals, and other activities, Witness actively contributed to infringement or induced others to infringe, or both, the claims of the NICE patents.  In all these instances, Witness acted despite an objectively high likelihood that it infringed NICE's valid patents.

## V.     NICE's Damages.

21.     NICE and Witness are direct competitors.  NICE has sold and continues to sell products, including NICE Perform®, NICE Log® and NICE Universe® that incorporate the inventions claimed by the NICE patents.[3]  NICE has lost sales because of Witness' infringement of the NICE patents.  NICE would have made the sales made by Witness of its infringing products but for Witness' infringement.

22.     Dictaphone has sold products, including Freedom®, da Vinci®, ProLog® and Guardian®, that incorporate the inventions claimed by the NICE patents.[4]

23.     Many of the infringing products sold by Witness are made through an Original Equipment Manufacturer ("OEM") company, Avaya Inc. NICE sells competing products through the same OEM company, Avaya.  But for Witness' infringement, NICE would have made through Avaya sales of NICE's products that instead Witness made through Avaya.

24.     There is a strong demand for products that incorporate the technology embraced by the NICE patents.  This demand is evident from the substantial sales of NICE's products that incorporate the patented technology and the sales by Witness of infringing products.

25.     There are no acceptable non-infringing substitutes to NICE's patented products.

---

[3]     The details of which NICE products are covered by the claims asserted in this case are set forth in the expert report of John Henits on validity issues.  NICE incorporates by reference that report in this Exhibit.

[4]     The details of which Dictaphone products are covered by the claims asserted in this case are set forth in the expert report of John Henits on validity issues.

26. NICE had the capability, financial and otherwise, to produce the additional NICE products that would have been sold, but for Witness' sale of infringing products. NICE had sufficient existing manufacturing and marketing capability at the time Witness made its infringing sales, or NICE would have been able to expand its capacity, to fulfill increased demand.

27. Lost profits is the appropriate measure of damages for some of Witness' infringing and convoyed sales.[5]

28. In addition to its lost profits, based on the fifteen *Georgia-Pacific* factors and a hypothetical reasonable royalty negotiation between NICE and Witness, NICE is entitled to be compensated by a reasonable royalty for the part of Witness' infringing and convoyed sales not included in the lost profit calculations.

29. NICE is entitled to increase its damages award by a factor of three because Witness' infringement of the NICE patents has been and continues to be willful. Witness knew about the NICE patents, and acted despite a high likelihood that its actions constituted infringement of NICE's valid patents.

30. NICE is entitled to prejudgment interest to afford NICE full compensation for Witness' infringement.

31. NICE is entitled to recover attorney fees and costs, pursuant to 35 U.S.C. § 285, because the willfulness of Witness' infringement means that this case is an "exceptional case."

---

[5] The details of the calculation of NICE's damages are set forth in the expert report of Thomas W. Britven provided in this case. NICE incorporates by reference that report in this Exhibit.

11

## VI.    Witness' Attacks Challenging the Patents Are Unfounded.

32.    NICE expects that Witness will argue at trial that certain of the asserted claims are not novel or would have been obvious in view of certain references Witness has identified. Witness has not shown that any of the references that it has identified, either alone or in combination, contain each and every limitation of any asserted claim so as to show that the claimed inventions were not novel or would have been obvious.

33.    For the references that NICE expects that Witness will rely on in combination, Witness has not shown any reason to combine the teachings, or that the combination of teachings would provide an operable embodiment of the invention. Witness attempts to rely on impermissible hindsight to reconstruct the inventions from a combination of references using the disclosure of the invention as a blueprint.

34.    In examining the NICE patent applications, and those filed for the continuations and continuations-in-part, the Patent Office considered all of the prior art of record, alone and in combination, and determined that the claimed inventions of the NICE patents were patentably distinguishable from previous teachings.

35.    The non-obviousness of the claimed inventions is further supported by secondary considerations or objective "indicia" of non-obviousness. For example, the inventions described in the NICE patents have enjoyed significant commercial success. The success is shown by significant and continuing sales of NICE's and Witness's products, which are attributable to the patented technology incorporated in these commercial embodiments of the invention.

36.    In addition, the inventions described in the NICE patents have been recognized as superior to prior technology.    NICE and Dictaphone have received awards for their respective products that incorporate the patented technology.

## EXHIBIT NO. 13 TO THE JOINT PRE-TRIAL ORDER

### *Witness Systems' Statement of Intended Proofs Regarding Witness Systems' Defenses and Counterclaims*

Witness Systems intends to prove the matters set forth below during the trial of this case. Further details of these proofs have been explained in Witness Systems' interrogatory responses, and by the experts in their depositions.[1]  Witness Systems reserves the right to supplement this exhibit after expert depositions are completed.

## I.    BACKGROUND

1.      The founding, history and business of Witness Systems.

2.      The nature and operation of Witness Systems' products.

3.      The founding, history and business of NICE Systems Ltd. and NICE Systems, Inc. (collectively, "NICE").

4.      The nature and operation of NICE's products.

5.      The history of Eyretel Plc's business and products, including the facts and circumstances surrounding its pursuit by potential acquirers, culminating in its acquisition by Witness Systems.

6.      The history of Dictaphone Corporation's business and products and the facts and circumstances regarding Dictaphone's divestment of its Communications Recording Systems ("CRS") business and patents, including Dictaphone's efforts to find potential acquirers and NICE's eventual acquisition of CRS.

## II.    NON-INFRINGEMENT

Witness Systems intends to prove that the Witness Systems products accused of infringement by NICE do not infringe the asserted claims of the patents-in-suit.  To the extent

---

[1] Witness Systems hereby incorporates by reference the contents of each expert report submitted by Witness Systems' retained experts, Brian W. Napper, John M. Strawn, and Jeffrey S. Vitter.

Ex 13

that the finder of fact concludes that any of Witness Systems accused products infringes any of

the asserted claims of any of the patents-in-suit, Witness Systems intends to prove that no

infringement was willful.  Witness Systems intends to prove the following:

1. Witness Systems has not infringed, directly, indirectly, literally or by the doctrine of equivalents, the asserted claims of the patents-in-suit.

2. By virtue of proceedings in the USPTO during the prosecution of the applications that matured into the patents-in-suit, as illustrated by their prosecution histories, NICE is estopped from asserting that Witness Systems has infringed the patents-in-suit under the doctrine of equivalents.

3. Witness Systems has not induced any third parties to infringe the asserted claims of patents-in-suit.

4. Witness Systems has not sold or offered to sell the accused products in a way that contributed to the infringement of the asserted claims of patents-in-suit by others.

5. Witness Systems alleged infringement of the asserted claims of the patents-in-suit was not willful.

## III.   INVALIDITY

Witness Systems intends to prove that the asserted claims of the patents-in-suit  are

invalid under at least 35 U.S.C. §§ 102 and 103.  Witness Systems intends to prove the

following:

1. The asserted claims of the patents-in-suit are invalid because they are anticipated by the prior art under 35 U.S.C. § 102.

2. The asserted claims of the patents-in-suit are invalid because they are obvious under 35 U.S.C. § 103.

## IV.   INEQUITABLE CONDUCT

Witness Systems intends to prove that the '371 patent is unenforceable due to inequitable

conduct.  Witness Systems intends to prove the following:

- 2 -

1. One or more persons associated with the filing and prosecution of the application that led to the '371 patent intentionally failed to disclose to the United States Patent & Trademark Office ("USPTO"), during prosecution, information of which they were aware that is material to the examination of the application, in violation of the duties of candor and good faith required under 37 C.F.R. 1.56.

## V.    UNCLEAN HANDS

Witness Systems intends to prove that the patents-in-suit are unenforceable due to

unclean hands. Witness Systems intends to prove the following:

1. NICE is barred from enforcing the patents-in-suit against Witness Systems because it (or its predecessor) acted inequitably, unfairly, or deceitfully towards Witness Systems, the Court, and/or the USPTO in a way that has immediate and necessary relation to the relief NICE seeks in this lawsuit.

## VI.    LACHES

Witness Systems intends to prove the defense of laches bars NICE's claims of patent

infringement. Witness Systems intends to prove the following:

1. NICE (and/or its predecessor, Dictaphone Corp. ("Dictaphone")) delayed in bringing a lawsuit for an unreasonable and inexcusable length of time after it knew or should have known of the potential infringement, resulting in material prejudice or injury to Witness Systems.

## VII.    EQUITABLE ESTOPPEL

Witness Systems intends to prove the defense of equitable estoppel bars NICE's claims

of patent infringement. Witness Systems intends to prove the following:

1. NICE and/or Dictaphone created, through words, conduct, or silence, a misleading inference that it did not intend to press an infringement claim against Witness Systems and/or Eyretel Plc.

2. Witness Systems and/or Eyretel Plc substantially relied upon NICE's and/or Dictaphone's misleading conduct.

3. Witness Systems will suffer material economic or evidentiary prejudice if NICE is permitted to proceed with its infringement claim.

Ex 13

## VIII.  DAMAGES AND OTHER RELIEF

Witness Systems intends to prove that NICE is not entitled to the damages and other

relief it seeks.  Witness Systems intends to prove the following:

1.  NICE is not (nor has it ever been) damaged by any alleged infringement by
    Witness Systems.

2.  Lost profits is not an appropriate measure of damages in this case.

3.  Acceptable non-infringing substitutes for the patented inventions exist(ed).

4.  NICE is not entitled to injunctive relief in this case.

## IX.   MISCELLANEOUS

Witness Systems contends the following proofs are undisputed, yet NICE refused to

include them within the statement of admitted facts.  Accordingly, Witness Systems intends to

prove them at trial:

1.  Documents that were produced by NICE in this litigation and which were created
    by NICE are presumptively authentic.

2.  Documents that were produced by NICE from NICE's business files
    presumptively constitute business records within F.R.E. 803(6).

3.  In April of 1999, Dictaphone sent Eyretel an undated letter informing it that
    Dictaphone believed Eyretel was infringing the '371 and '005 Patents.  In that
    letter, Dictaphone claimed it was "willing to license the proprietary technology
    which is the subject matter of the aforementioned patents to Eyretel.  In a series of
    seven subsequently exchanged letters (together with the initial undated April 1999
    letter, collectively referred to as the " the 1999 Letters" ), Dictaphone and Eyretel
    corresponded about the infringement claim and the possibility of Eyretel licensing
    the technology covered by the '371 and '005 Patents.  In the 1999 Letters,
    Dictaphone identified specific Eyretel products (E-1000, E-500, and Mediastore
    series communications logging devices) that Dictaphone believed infringed the
    '371 and '005 Patents.  Eyretel responded by denying Dictaphone's allegations in
    a detailed response.  Finally, on August 9, 1999, Eyretel sent a letter to
    Dictaphone rejecting a request by Dictaphone to have a meeting concerning the
    '371 and '005 Patents and informing Dictaphone that Eyretel "shall consider the
    matter closed."  From that point on, Dictaphone did not pursue the matter

Ex 13

4. In the time between the 1999 Letters and the initiation of this suit, Witness
   Systems invested heavily in research and development and enjoyed increased
   revenues from products and services by tenfold.

5. In this lawsuit, NICE accuses Witness Systems of willful infringement of ten
   patents. During fact discovery, Witness Systems asked NICE to specify with
   particularity its basis for alleging willfulness. In response, NICE said only:

   > Witness has prior knowledge of the patents in suit prior to
   > the filing of the Complaint in the present action. Moreover,
   > Witness continues [sic] market and sell the Accused
   > Products throughout the United States without regard to the
   > patents.

6. NICE did not move for a preliminary injunction to stop Witness Systems' alleged
   willful infringement, in this case.

7. Witness Systems provided NICE with charts showing in detail the
   noninfringement of each asserted claim on an element-by-element basis. Witness
   Systems' invalidity contentions identify over fifty prior art references and the
   accompanying charts establish, in detail, the invalidity of each asserted claim on
   an element-by-element basis. Witness Systems also provided the Court with a list
   of patent claim terms to construe, and Witness Systems' interpretation and
   construction of the claims based on the prosecution history, inventor testimony,
   patent specification, and knowledge of one skilled in the art.

8. Prior to January 2006, NICE never marked any of its products with the U.S.
   Patent number of the '371 patent, the '005 patent, the '570 patent, the '345 patent,
   the '372 patent, the '370 patent, or the '920 patent. Prior to March 2006, NICE
   did not mark its NICE Perform Compliance Suite with the U.S. Patent number of
   the '371 patent, the '005 patent, the '570 patent, the '345 patent, the '372 patent,
   the '370 patent, or the '920 patent.

9. Prior to March 2006, NICE never marked any of its products with the U.S. Patent
   number of the '109 patent.

10. On June 19, 2000, Dictaphone sued NICE for in the U.S. District Court for the
    District of Connecticut ("the *Dictaphone v. NICE* litigation"), alleging
    infringement of two patents, including the '371 patent.

11. In response, NICE alleged that the '371 patent is invalid, and NICE alleged that
    the '371 patent is unenforceable because of the inequitable conduct of one or
    more individuals associated with the filing and prosecution of the application that
    led to the '371 patent.

- 5 -

12. During the course of the *Dictaphone v. NICE* litigation, NICE retained an expert, Kenneth C. Pohlmann, who submitted a report of his expert opinions regarding, *inter alia*, the invalidity of the '371 patent. It was Mr. Pohlmann's expert opinion that the '371 patent is invalid.

13. During the course of the Dictaphone v. NICE litigation, NICE retained an expert, John Goolkasian, who submitted a report of his expert opinions regarding, *inter alia*, the unenforceability of the '371 patent. It was Mr. Pohlmann's expert opinion that the '371 patent is unenforceable, because of the inequitable conduct of one or more individuals associated with the filing and prosecution of the application that led to the '371 patent.

Ex 13

## <u>EXHIBIT 14 TO THE PRE-TRIAL ORDER</u>

### NICE'S STATEMENT OF MISCELLANEOUS ISSUES TO BE <u>ADDRESSED AT THE PRE-TRIAL CONFERENCE</u>

NICE requests that the following miscellaneous issues be addressed at the Pre-Trial Conference on January 9, 2008.

1.    **Rebuttal Witnesses**

NICE requests that the Court address issues of trial procedure and schedule.  In particular, NICE requests that it be allowed to reserve time for rebuttal witnesses to respond to issues addressed by Witness during its case-in-chief.

2.    **Pending Motions *In Limine***

The following motions *in limine* are pending before the Court:

   a.    **NICE's Pending Motions *In Limine*:**

   (1)    Motion *in Limine* to Preclude Admission of Evidence Related to the Dictaphone v. NICE Litigation

   (2)    Motion *in Limine* to Preclude Admission of Evidence Related to Laches and Equitable Estoppel

   (3)    Motion in Limine to Preclude Use of Evidence Improperly Raised in Defendant's Expert Reports

   b.    **Witness' Pending Motions *In Limine*:**

   (1)    Motion *in Limine* to Exclude Untimely Disclosed Witnesses (NICE contends that this motion has been rendered moot by Witness' intention to use the deposition testimony of Eran Porat and Shlomo Shamir at trial.)

      (2)     Motion *in Limine* to Exclude Infringement Accusations Against Nortel Products and Witnesses[1]

      (3)     Motion *in Limine* to Preclude Plaintiffs' Reliance on Doctrine of Equivalence for Certain Claim Limitations

**3.     Authenticity and Admissibility of Documents Produced by NICE**

With regard to authentication and admissibility of NICE trial exhibits, NICE's positions is that any document, that on its face appears to have been authored by an employee or officer of NICE at the time the employee or officer was employed by NICE, shall be deemed authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.   It is also NICE's position that any document, that on its face appears to have been authored by an employee or officer of Dictaphone, Inc. at the time the employee or officer was employed by Dictaphone, Inc. shall be deemed authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary.

With regard to the authenticity of Witness' trial exhibits, it is NICE's position that to the extent it seeks to admit a document produced in this litigation, it can rely on, among other things, Witness admissions made in response to discovery requests.  Witness admitted, in its Response to NICE's First Set of Requests for Admission dated March 5, 2007, that "documents that were produced by it in this litigation and which were created by Witness are presumptively authentic" and that "the documents it produced from its business files presumptively constitute business records within F.R.E. 803(6)."

---

[1] NICE has not included Messrs. Moran and Murray on its witness list.  Thus, the portion of Witness' motion seeking to preclude their deposition testimony has been rendered moot.

4.    **Scope of Expert Testimony**

a.    **In general**

NICE requests the Court to explain the procedure in the event during the trial, a party believes an expert's testimony exceeds the scope of the expert's Rule 26 report.

b.    **Witness Systems' Damages Expert**

Witness Systems' damages expert, Brian Napper, produced an expert opinion which allegedly relies on the oral "opinions" of Witness' technical experts, Drs. Jeffrey Vitter and John Strawn to establish that non-infringing acceptable substitutes for each claim at issue. Drs. Jeffrey Vitter or John Strawn, however, did not provide an opinion on the issue of non-infringing acceptable substitutes in their Rule 26 reports. NICE contends that Witness has failed to comply with Fed. R. Civ. P. 26a(2)(B) which requires Drs. Jeffrey Vitter and John Strawn to have submitted a written report on this issue, and cannot cure its failure at trial through Brian Napper. Therefore, NICE objects to Brian Napper's use or reliance on the oral "opinions" relating to non-infringing acceptable substitutes of Drs. Jeffrey Vitter and John Strawn at trial.

5.    **Opening Statements**

NICE seeks clarification on the evidence the Court allows parties to use during opening statements.

<u>**EXHIBIT 15 TO THE PRE-TRIAL ORDER**</u>

***Witness Systems' Statement of Miscellaneous Issues to be Addressed
at the Pre-Trial Conference***

Witness Systems provides the following responses to NICE's Statement of Miscellaneous

Issues to be Addressed at the Pre-Trial Conference:

1. **<u>Rebuttal Witnesses</u>**

To the extent NICE's proposal is consistent with the Section D.(c) of the Court's Sample

Trial Management Order, Witness Systems does not object. Specifically, Witness Systems does

not object to NICE's intent to call rebuttal witnesses, so long as (a) the witnesses are called in

support of an issue on which NICE bears the burden of proof, (b) the witnesses are noticed in the

Pre-trial Order, and (c) such witnesses are necessary to avoid an injustice and cause is

established.

Witness Systems similarly requests that it be allowed to reserve time for rebuttal

witnesses consistent with the terms of the Court's Trial Management Order.

2. **<u>Trial Time Allotment</u>**

Witness Systems requests that the Court address the amount of trial time each party will

be allocated to present its respective case.

3. **<u>Authenticity and Admissibility of Documents Produced By NICE</u>**

Witness Systems requests that the Court address the admissibility of documents that (a)

were created by NICE or its predecessor-in-interest, and (b) produced by NICE in this litigation.

NICE refuses to admit that such documents presumptively constitute business records within

F.R.E. 803(6). In contrast, Witness Systems has agreed to the same conditions with respect to

the documents it produced, created by its predecessor companies.

4. **Procedure Governing the Identification of Evidentiary and Demonstrative Exhibits**

Witness Systems requests that the Court address the parties' respective proposals regarding the identification of evidentiary and demonstrative exhibits during trial. The relevant proposals are outlined in Section VI. of the Proposed Pretrial Order. Among the various differences, Witness Systems proposes that each party identify (by 7:00 p.m. on the day preceding an exhibit's use) the evidentiary exhibits the party intends to use. NICE's proposal does not contain any procedure for identifying evidentiary exhibits prior to their use.

5. **Pending Motions *in Limine***

Witness Systems requests that the Court hear arguments concerning the parties' various Motions *in Limine* pending before the Court.

6. **Attendance of Non-Party Former Employee at Trial**

NICE has subpoenaed for its case in trial a former Witness Systems' employee, Mr. Carel Warfield, now employed by another company. NICE took Mr. Warfield's deposition during this case, and has designated a small portion of his testimony for presentation at trial. Mr. Warfield is scheduled to be in Florida on business for his new employer, and could not appear at trial until Wednesday, January 16, 2008 at the earliest. Because NICE already deposed Mr. Warfield in this action and designated his testimony for presentation at trial, and because he is no longer employed by Witness Systems and will be traveling on business for his new employer during the trial, Witness Systems requests that NICE rely on Mr. Warfield's deposition testimony and that he not be required to attend the trial.

7. **Attendance of Current Employees at Trial**

NICE has stated that it "expects" two Witness Systems employees, Dr. Christopher Blair, and Mr. Dan Spohrer, to be present and available throughout the trial of this case. Witness

Systems plans to call each of these individuals as witnesses in its case in chief, and NICE has deposed each of them multiple times in this and the related cases. Dr. Blair will be traveling from the United Kingdom, and Mr. Spohrer will be traveling from Atlanta, Georgia. To avoid both of these individuals being called as witnesses two separate times during the trial, and needing to stay in Wilmington for additional days, Witness Systems proposed that Dr. Blair and Mr. Spohrer each be called as witnesses only once, during Witness Systems' case in chief, but that NICE be allowed to conduct a broader scope of cross-examination of these two individuals to establish whatever facts NICE believes necessary to support its case in chief. This proposal would also minimize the need for these two individuals to spend additional unnecessary time at the trial. Alternatively, Witness Systems proposed that NICE use one of the many deposition transcripts of Dr. Blair and Mr. Spohrer to establish facts for NICE's case in chief. In fact, NICE has already designated deposition testimony from Mr. Spohrer.

Witness Systems requests that Dr. Blair and Mr. Spohrer only be required to testify once each, during Witness Systems' case in chief, as set forth in Witness Systems' proposal above.

### 8. Evidence of Noninfringing Alternatives

Witness Systems requests that its' damages expert, Mr. Brian Napper, be permitted to testify about his opinions concerning the availability of non-infringing alternatives (an issue on which NICE bears the burden of proof), which opinions were based in part on Mr. Napper's discussions with Witness Systems' technical experts. Mr. Napper's opinions and the bases therefore were disclosed fully in Mr. Napper's expert reports before NICE took the depositions of either of Witness Systems' technical experts, or Mr. Napper.