IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS, LTD., | )<br>)<br>) | |
| Plaintiffs, | ) | |
| v. | )<br>) | Civil Action No. 06-311-JJF |
| WITNESS SYSTEMS, INC., | )<br>)<br>) | |
| Defendant. | ) | |

### NOTICE OF SERVICE OF SUBPOENA

The undersigned, counsel for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd., hereby certify that Scott Franklin McKechnie (Avaya Inc.) was served with the attached subpoena on January 7, 2008.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: January 14, 2008

AO88 (DE Rev. 01/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| NICE Systems, Inc. and NICE Systems, Ltd. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Witness Systems, Inc. | Case Number:[1] 03-611 (JJF) |

TO: Scott Franklin McKechnie
c/o Russell W. Binns, Jr.
Corporate Counsel - Intellectual Property Law
Avaya Inc.
307 Middletown-Lincroft Road
Room 1M-344
Lincroft, NJ 07738

☑ **YOU ARE COMMANDED** to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District Court for the District of Delaware  844 North King Street  Wilmington, DE 19801 | 4B |
| | DATE AND TIME  1/14/2008 beginning at 9:00am and continuing day to day thereafter until completed |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature], ATTORNEY for Plaintiff | 1/7/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Monte' T. Squire, Esquire; Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 1000 West Street, 17th Floor, Wilmington, DE 19801; (302) 571-6713

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/7/2008 | Scott Franklin McKechnie AVAYA Inc,307 Middletown-Lincroft Rd,Lincroft, NJ at 14:30hrs |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Scott Franklin McKechnie | Personal in the presence of Russell W. Binns - CorpEsq |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ROBERT H STALB | Certified Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    1/8/2008
                   DATE

SIGNATURE OF SERVER

Lawyers Edge Process Service Inc.
ADDRESS OF SERVER

58 Main Street, Hackensack, NJ 07601

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

| | |
|---|---|
| NICE SYSTEMS INC. AND NICE SYSTEMS LTD.<br>*Plaintiff*<br>vs.<br>WITNESS SYSTEMS INC.<br>*Defendant* | United States District Court<br>District of Delaware<br>Docket / Index # 03-611 (JJF) |

## AFFIDAVIT

**Person to be served:**
*Scott Franklin McKechnie* **at:** *c/o Russell W. Binns Jr. Corporate Counsel - Intellectual Property Law , Avaya Inc. 307 Middletown-Lincroft Road Room 1M-344, Lincroft, NJ*

**Attorney:**
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
100 West Street 17th Floor, Wilmington, DE 19899

Cost of Service Pursuant to R. 4:4-3(c)

$ _____

**Papers Served:**
SUBPOENA IN A CIVIL CASE and FEE

**Service Data:**
Served Successfully __X__   Not Served _____

Date: January 7, 2008   Time: 2:30 PM

Attempts: 0

__X__ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein.

_____ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

**Name of Person Served and Relationship / Title:**

**Description of Person Accepting Service:**
Sex: **Male**  Age: **45**  Height: **5' 10"**  Weight: **170-180 lbs**  Skin Color: **Caucasian**  Hair Color: **Black**

**Unserved:**
( ) Defendant is unknown at the address furnished by the attorney
( ) All reasonable inquiries suggest defendant moved to an undetermined address
( ) No such street in municipality
( ) No response on: _____ Date _____ Time
                    _____ Date _____ Time
( ) Other _____ Comments or Remarks _____

**Server Data:**
Subscribed and Sworn to me this
____ day of __January 2008__

_____
CHRISTINA A. DEGENNARO
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES 2/24/2011

I, **Robert H. Stalb**, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____
Robert H. Stalb, Process Server

Lawyers Edge Process Service, LLC, 58 Main Street Suite 1C, Hackensack, NJ 07601
Phone: (201) 489-8080   Fax: (201) 489-8824

Job #21685
Affidavit of Service (9/30/02)