IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., and NICE SYSTEMS, LTD. | : |
| Plaintiffs | : |
| v. | : Civil Action No. 06-311-JJF |
| WITNESS SYSTEMS, INC. | : |
| Defendant | : |

### ORDER

WHEREAS, on December 19, 2007, Plaintiff filed a Motion in Limine (D.I. 282) to preclude admission of evidence related to the <u>Dictaphone v. NICE</u> litigation and related to Laches and Equitable Estoppel;

WHEREAS, on December 19, 2007, Defendant filed a Motion in Limine (D.I. 283) to exclude (1) untimely disclosed witnesses, (2) infringement accusations against Nortel Products and witnesses, and (3) Plaintiff's reliance on the doctrine of equivalents;

WHEREAS, on January 7, 2008, Plaintiff filed a Motion in Limine (D.I. 296) to exclude testimony of Thomas W. Britven;

WHEREAS, the Court discussed most issues raised in these motions during the pretrial conference held on January 9, 2008;

NOW THEREFORE, IT IS HEREBY ORDERED that, for the reasons stated by the Court during the pretrial conference:

1. Plaintiff's Motion in Limine (D.I. 282) is **DENIED in part** and **GRANTED in part**, as follows:

    a. evidence pertaining to the Dictaphone v. Nice litigation may be presented to the jury;

    b. evidence pertaining to attorney Scott Lindvall's involvement in that litigation is precluded;

    c. discrete evidence pertaining to the doctrine of laches and equitable estoppel is precluded, but may be presented to the Court after the jury is charged.

2. Defendant's Motion in Limine (D.I. 283) is **DENIED in part** and **GRANTED in part**, as follows:

    a. testimony and deposition testimony of Mr. Shlomo Shamir may be presented to the jury;

    b. evidence pertaining to products sold in partnership with Nortel, and the testimony of Nortel employees Thomas Moran and David Murray, is precluded;

    c. evidence pertaining to infringement via the doctrine of equivalents may be presented to the jury.

3. Defendant's Motion in Limine (D.I. 296) is **DENIED**. The Court concludes that Plaintiff's contentions regarding Britven's expert testimony on the hypothetical negotiation date used in assessing a reasonable royalty and Britven's

2

proposed upfront royalty amount are not untenable in theory or law, and the jury should have the benefit of hearing each party present their contentions regarding the issue of damages.

January 14, 2008

_____
UNITED STATES DISTRICT JUDGE