IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and NICE SYSTEMS LTD,<br><br>    Plaintiffs,<br><br>    v.<br><br>WITNESS SYSTEMS, INC.<br><br>    Defendant. | Civil Action No. 06-311-JJF |

MOTION FOR RECONSIDERATION OF THE COURT'S RULING EXCLUDING THE TESTIMONY OF CJ ELIAS-WEST

Witness Systems, Inc. ("Witness Systems") respectfully requests that the Court reconsider its ruling preventing Witness Systems from reading in the prior deposition testimony of C.J. Elias-West.

I.    ARGUMENT

The prior deposition testimony of an unavailable witness is admissible under Federal Rule of Evidence 804 and Federal Rule of Civil Procedure 32(a)(1) and (a)(4). Those rules dictate that prior deposition testimony from the same or a different proceeding may be offered as evidence where (1) the declarant of the testimony is unavailable as a witness and (2) "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804. Because NICE itself took the deposition of Ms. Elias-West in 2001, they have not, and cannot, now argue that they did not have an opportunity to develop her testimony at the deposition. Instead, NICE has asserted that Ms. Elias-West is not unavailable as a witness.

A witness is unavailable, for example, where the witness is "absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Fed. R. Evid. 804(a)(5); see also Kirk v. Raymark Industries, Inc., 61 F.3d 147, 165 (3d Cir. 1995). Based on the information available to Witness Systems, Witness Systems understands that Ms. Elias-West continues to be a NICE employee working in Herndon, Virginia. Herndon is approximately 130 miles from the Court, and thus Ms. Elias-West is outside this Court's subpoena power. See Fed. R. Civ. P. 45(b)(2)(B).

Furthermore, Witness Systems is not required to attempt additional measures to obtain Ms. Elias-West's trial testimony. While a party may be expected to attempt additional measures to procure the testimony of an expert witness, no such additional measures are required to obtain the trial testimony of a fact witness. See Kirk, 61 F.3d at 165 (finding that plaintiff had not used reasonable means to procure testimony when she "made no independent attempt to contact Dr. Burgher, offer him his usual expert witness fee, and request his attendance at trial"); Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co., No. Civ. A.97-529 MMS, 2000 WL 135129 at *2 (D. Del. Jan. 13, 2000) (distinguishing between the "reasonable means" required to obtain the testimony of an expert witness and a fact witness). This Court has previously "distinguished between unavailability of fact witnesses and expert witnesses. Parties are expected to use other reasonable means to procure the attendance of their experts because the parties select their experts and arrange for their appearance at trial." Aubrey Rogers Agency, Inc., 2000 WL 135129 at *2. No such requirement is imposed on a party's attempt to obtain the testimony of a fact witness who lies outside the subpoena power of the Court, such as Ms. Elias-West. See id. Furthermore, while Witness Systems may have been able to request that NICE produce Ms. Elias-West, its employee, as a witness for trial, NICE never identified Ms. Elias-West as an

employee until trial had already begun, and Witness Systems was thus deprived of the opportunity to request that NICE obtain Ms. Elias-West's attendance at trial. Thus, the simple fact that Ms. Elias-West is beyond the subpoena power of this Court makes her unavailable as a witness.

II.  CONCLUSION

Because Ms. Elias-West is outside the subpoena power of the Court and is thus an unavailable witness, and because NICE had the opportunity to develop her testimony in the deposition NICE itself took in 2001, Witness Systems respectfully requests that the Court reconsider its ruling excluding the testimony of Ms. Elias-West.

Dated: January 17, 2008             FISH & RICHARDSON P.C.


                                    By: /s/Kyle Wagner Compton
                                        William J. Marsden, Jr. (#2247)
                                        Kyle Wagner Compton (#4693)
                                        919 N. Market Street, Suite 1100
                                        P. O. Box 1114
                                        Wilmington, DE  19899-1114

                                        Nagendra Setty (pro hac vice)
                                        Daniel A. Kent (pro hac vice)
                                        Noah C. Graubart (pro hac vice)
                                        1180 Peachtree Street, N.E., 21st Floor
                                        Atlanta, GA 30309

                                    Attorneys for Defendant
                                    Witness Systems, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2008, I electronically filed with the Clerk of Court MOTION FOR RECONSIDERATION OF THE COURT'S RULING EXCLUDING THE TESTIMONY OF CJ ELIAS-WEST using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel. In addition, the filing will also be sent via hand delivery.

| | |
|---|---|
| Josy W. Ingersoll<br>Melanie K. Sharp<br>Karen E. Keller<br>Mary Dugan<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899 | Attorneys for Plaintiffs<br>Nice Systems Ltd. and Nice Systems, Inc. |

I also certify that on January 17, 2008, I have sent by electronic mail the document(s) to the following non-registered participants:

| | |
|---|---|
| Scott G. Lindvall<br>Daniel DiNapoli<br>Joseph M. Drayton<br>Robert R. Laurenzi<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY  10022 | Attorneys for Plaintiffs<br>Nice Systems Ltd. and Nice Systems, Inc. |

/s/Kyle Wagner Compton
Kyle Wagner Compton (#4693)