IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS, LTD., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 06-311-JJF<br>) |
| WITNESS SYSTEMS, INC., | )<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
OF THE COURT'S RULING EXCLUDING THE TESTIMONY OF C.J. ELIAS-WEST**

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY  10022
(212) 836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.*

Dated: January 18, 2008

31594556.DOC

Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE") oppose Witness Systems, Inc.'s ("Witness") motion for reconsideration of the Court's ruling precluding Witness from reading in the deposition testimony of C.J. Elias-West from a previous litigation between NICE and Dictaphone.

**ARGUMENT**

During the second day of trial on January 15, 2008, the Court ruled that Witness is not permitted to read the deposition testimony of Ms. Elias-West into evidence. (Trial Tr. at 336, dated Jan. 15, 2008.) Witness now asks the Court to revisit this very same issue.

The standard for obtaining relief under a motion for reconsideration is very "difficult" to meet. *Dickens v. Dover City Police Dept.*, 2007 U.S. Dist. LEXIS 76463, at *3 (D. Del. Oct. 12, 2007) (Farnan, J.); *Shipley v. Orndoff*, 2007 U.S. Dist. LEXIS 76462, at *2 (D. Del. Oct. 12, 2007) (Farnan, J.). As such, "[a] motion for reconsideration should be sparingly granted." *Spencer v. Wal-Mart Stores, Inc.*, 2005 U.S. Dist. LEXIS 39038, at *2 (D. Del. Jun. 24, 2005) (Jordan, J.) Moreover "[a] motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Id.* A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Shipley*, at *2 (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Witness has failed to meet its burden justifying a grant of its motion for reconsideration. Pursuant to Federal Rule of Evidence 804, prior deposition testimony from another proceeding may be offered as evidence as an exception to the hearsay rule if 1) the declarant of the testimony is unavailable as a witness and 2) the party against whom the testimony is now offered

had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Fed. R. Evid. 804; *see also Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995). As explained below, Witness has not shown that Ms. Elias-West is unavailable as required by Rule 804. Moreover, it is improper for Witness' expert on invalidity, Dr. John Strawn, to rely on Ms. Elias-West's testimony to provide a legal opinion as to whether or not there has been an offer for sale of the Rapidax product.

I. **Witness Has Not Met Its Burden Of Proving That the Prior Testimony of Ms. Elias-West Meets the Requirements of the Hearsay Exception Under Federal Rule of Evidence 804(b)(1)**

    A. **Witness Has Not Shown that Ms. Elias-West is Unavailable**

The hearsay exception of Rule 804(b)(1) requires that the declarant be unavailable as a witness before prior testimony can be admitted. Under Federal Rule of Evidence 804(a)(5), a witness is considered unavailable if she "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Whether or not it is maybe true that Ms. Elias-West is outside this Court's subpoena power, Witness was nonetheless required to use "other reasonable means" to procure Ms. Elias-West's attendance at trial.

Witness argues that the requirement of using "other reasonable means" does not apply to fact witnesses such as Ms. Elias-West, but only to expert witnesses. (Witness Br. at 2 ("While a party may be expected to attempt additional measures to procure the testimony of an expert witness, no such additional measures are required to obtain the trial testimony of a fact witness.").) However, Witness mischaracterizes the two cases that purportedly support its position. With regard to *Kirk*, although the witness at issue was an expert, the Third Circuit's holding that "reasonable means" must be used to procure an expert witness was not limited to

expert witnesses. *Kirk*, 61 F.3d at 165.  Then, in *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, 2000 WL 135129, at *2 (D. Del. Jan. 13, 2000), while the Court held that the "reasonable means" requirement is "particularly appropriate" for procuring an expert witness' attendance, the Court did ***not*** eliminate the "reasonable means" requirement for fact witnesses.

Indeed, this Court has enforced Rule 804(a)(5)'s requirement of using "other reasonable means" to procure fact witnesses.  In *Creamer v. General Teamsters Local Union 326*, 560 F. Supp. 495, 499-500 & n.6 (D. Del. 1983) (Stapleton, J.), this Court explained that the "reasonable means" that a party must use is not limited to the service of a subpoena: "If the words 'or other reasonable means' are to have any meaning at all, however, it is clear that they must be interpreted as meaning something other than by process."

In this case, as NICE previously explained to the Court, Witness did not make ***any*** attempt to procure Ms. Elias-West's attendance at trial until the morning of January 15, after trial already began. (Trial Tr. at 331, dated Jan. 15, 2008.)  Witness' inaction certainly does not constitute the "reasonable means" required by Rule 804.

### B. NICE Does Not Have the Same Motive to Develop Testimony As It Did In the Prior Dictaphone v. NICE Litigation

Moreover, Witness wrongly argues that the exception of Rule 804(b)(1) is met "[b]ecause NICE itself took the deposition of Ms. Elias-West in 2001 . . . and cannot . . . now argue that they did not have an opportunity to develop her testimony at the deposition." Witness Br. at 1. However, Rule 804(b)(1) requires that "the party against whom the testimony is now offered . . . had an opportunity or ***similar motive*** to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1) (emphasis added).  Here, where NICE now owns U.S. Patent No. 5,396,371 (the "'371 patent") and previously was alleged to have infringed it, the requirement of proving "similar motive" has not been met.

## II. It Is Improper For Dr. Strawn to Rely on Ms. Elias-West's Testimony to Reach a Legal Conclusion Concerning a Purported Offer For Sale

Dr. John Strawn's expert report on the invalidity of the '371 patent relies on Ms. Elias-West's deposition testimony to show that the Rapidax product was "on sale" under 35 U.S.C. § 102(b). However, Dr. Strawn, a *technical* expert, is simply not competent to testify on the legal issue of whether a product was "on sale."[1]

Federal Rule of Evidence 702 permits expert testimony regarding "scientific, technical, or other specialized knowledge." In this case, the issue of whether the Rapidax product was "on sale" requires a factual and legal analysis as to whether a commercial offer for sale has been made. *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1047 (Fed. Cir. 2001) ("[T]he question of whether an invention is the subject of a commercial offer for sale is a matter of Federal Circuit law, to be analyzed under the law of contracts as generally understood."). During his deposition, Dr. Strawn readily conceded that he is not an attorney and is unable to offer a legal opinion regarding whether there was an offer for sale of the Rapidax product:

> Q. . . . Do you have an understanding of what the legal requirements are under patent law for determining whether there's been an offer to sell or sell for purposes of doing an analysis of anticipation under Section 102B?
>
> A. *I'm not here to offer a law opinion.*
>
> \* \* \*
>
> Q. . . . Do you agree with me that you don't have the competency to be able to determine from a legal standpoint whether a particular brochure or press release or parts list is a formal offer to sell?

---

[1] Counsel for NICE so argued to the Court on January 15, 2008 and will renew the application in connection with the proffered testimony of Dr. Strawn. (Trial Tr. at 331-333.) NICE submits that this is an additional ground for denying Witness' current motion. In addition, were Dr. Strawn competent to testify, Ms. Elias-West's unsupported observation would not form a sufficient basis, or a reliable one, for such testimony.

\* \* \*

A. I believe I'm competent to determine if something is on sale.

Q. From a legal standpoint?

A. *Not as an attorney.*

See Ex. A, January 4, 2008 Dep. Tr. of John Strawn at 117-120 (emphasis added).

Clearly, Dr. Strawn has no basis under Rule 702 for offering an opinion on whether a product was "on sale," based on *any* purported evidence, including Ms. Elias-West's prior hearsay testimony.

## CONCLUSION

For the foregoing reasons, NICE respectfully requests that the Court deny Witness' motion for reconsideration of the Court's ruling excluding the testimony of C.J. Elias-West.

Dated: January 18, 2008

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on January 18, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S RULING EXCLUDING THE TESTIMONY OF C.J. ELIAS-WEST, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on January 18, 2008, I caused a copy of the foregoing document to be served by electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

> **BY EMAIL**
> Nagendra Setty, Esquire (setty@fr.com)
> Daniel A. Kent, Esquire (kent@fr.com)
> Christopher O. Green, Esquire (green@fr.com)
> Noah C. Graubart (graubart@fr.com)
> Fish & Richardson, P.C.
> 1180 Peachtree Street, N.E.
> 21st Floor
> Atlanta, GA 30309

_____
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899-0391
(302)571-6681
msharp@ycst.com

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
NICE Systems, Inc., and                                :
NICE Systems, Ltd.,
                                                       :
                        Plaintiff,                        Civ. Action No. 06-CV-311-JJF
                                                       :
            v.
                                                       :
Witness Systems, Inc.,                                 :
                        Defendants.
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

# EXHIBIT A

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR
RECONSIDERATION OF THE COURT'S RULING EXCLUDING THE
<u>TESTIMONY OF C.J. ELIAS-WEST</u>**

# ORIGINAL

1

```
 1  IN THE UNITED STATES DISTRICT COURT

 2  FOR THE DISTRICT OF DELAWARE
    ----------------------------------------X
 3  NICE SYSTEMS, INC., and NICE SYSTEMS LTD.,

 4              Plaintiffs,

 5        - against -

 6  WITNESS SYSTEMS, INC.,

 7              Defendant.

 8  Civil Action No. 06-311-JJF
    ----------------------------------------X
 9

10
                        425 Park Avenue
11                      New York, New York

12
                        January 4, 2008
13                      10:00 a.m.

14

15        Videotaped Deposition of Expert Witness,

16  JOHN STRAWN, before Rita Persichetty, a Notary

17  Public of the State of New York.

18

19

20

21

22

23       ELLEN GRAUER COURT REPORTING CO. LLC
          126 East 56th Street, Fifth Floor
24            New York, New York 10022
                  212-750-6434
25               REF: 86310
```

1                        STRAWN

15      Q.   Now, one last question and we can
16   break.  Do you have an understanding of what
17   the legal requirements are under patent law for
18   determining whether there's been an offer to
19   sell or sell for purposes of doing an analysis
20   of anticipation under Section 102B?
21           MR. GREEN:  Object to the form of the
22      question.
23      A.   I'm not here to offer a law opinion.
24      Q.   This is just your own lay opinion; is
25   that correct?

119

1                          STRAWN

16      Q.   Sure.  Do you agree with me that you
17 don't have the competency to be able to
18 determine from a legal standpoint whether a
19 particular brochure or press release or parts
20 list is a formal offer to sell?
21           MR. GREEN:  Object to the form of the
22      question.
23      A.   I believe I'm competent to determine
24 if something is on sale.
25      Q.   From a legal standpoint?

120

1                    STRAWN
2     A.    Not as an attorney.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25