**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

          Plaintiffs,

     v.

WITNESS SYSTEMS, INC.

        Defendant.

Civil Action No. 06-311-JJF

**DEFENDANT WITNESS SYSTEMS, INC.'S
THIRD SUPPLEMENTAL SUBMISSION RE JURY INSTRUCTIONS**

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114

Nagendra Setty (pro hac vice)
Daniel A. Kent (pro hac vice)
Noah C. Graubart (pro hac vice)
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

Dated:  January 21, 2008

Defendant Witness Systems, Inc. respectfully submits two jury instruction issues that it would like to address with the Court's permission during the jury instruction hearing on Tuesday morning:

1. Prior U.S. Patent Application – Witness Systems has consistently argued in its interrogatory responses, expert reports, and throughout trial that various prior patents and patent applications invalidate the asserted claims of the patents in suit. Witness Systems inadvertently omitted an instruction on this issue from the pretrial order. During the meet and confer process that took place over the past several days, Witness Systems recognized this issue and proposed the instruction in Exhibit A (below) to NICE. NICE never raised an objection to the law stated in this instruction. At one point during the meet and confer process, NICE even stated that it would allow this instruction if Witness would insert three new instructions proposed by NICE. NICE later retracted this offer, and refused to insert the instruction (Exhibit A) into the joint filing on jury instructions it submitted Monday night. Witness Systems respectfully submits this instruction and asks that it be included in the final charge to the jury. There is no possible prejudice to NICE, as NICE has always known Witness Systems' patent prior art contentions, and NICE never voiced any concern that the instruction is incorrect as a matter of law.

2. Curative Instruction Re Means Plus Function – On Sunday, January 20th, the Court indicated that it would not instruct the jury that Claim 8 of the '371 patent contains a means-plus-function claim limitation. NICE presented this theory at trial as the main reason why it believed the prior art did not invalidate that claim, despite the fact that it had no claim construction from the Court accepting its position. Witness Systems respectfully submits the following curative instruction (Exhibit B) in order to advise the jury that it should not consider NICE's arguments concerning the existence of a means plus function limitation in this claim.

Dated:  January 22, 2008                    FISH & RICHARDSON P.C.


                                   By:  /s/ William J. Marsden, Jr.
                                        William J. Marsden, Jr. (#2247)
                                        Kyle Wagner Compton (#4693)
                                        919 N. Market Street, Suite 1100
                                        P. O. Box 1114
                                        Wilmington, DE  19899-1114

                                        Nagendra Setty (pro hac vice)
                                        Daniel A. Kent (pro hac vice)
                                        Noah C. Graubart (pro hac vice)
                                        1180 Peachtree Street, N.E., 21st Floor
                                        Atlanta, GA 30309

                                   ATTORNEYS FOR DEFENDANT
                                   WITNESS SYSTEMS, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of January, 2008, I electronically filed with the Clerk

of  Court DEFENDANT WITNESS SYSTEMS, INC.'S PROPOSED CURATIVE

INSTRUCTION ON MEANS PLUS FUNCTION using CM/ECF which will send electronic

notification of such filing(s) to the below-listed Delaware counsel.

Josy W. Ingersoll                          Attorneys for Plaintiffs
Melanie K. Sharp                           Nice Systems Ltd. and Nice Systems, Inc.
Karen E. Keller
Mary Dugan
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


I also certify that on January 21, 2008, I have sent by electronic mail, the

document(s) to the following non-registered participants:

Scott G. Lindvall                          Attorneys for Plaintiffs
Daniel DiNapoli                            Nice Systems Ltd. and Nice Systems, Inc.
Joseph M. Drayton
Robert R. Laurenzi
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


/s/Kyle Wagner Compton
Kyle Wagner Compton (#4693)

**EXHIBIT A**

## EXHIBIT A - WITNESS SYSTEMS PROPOSED INSTRUCTION

### 5.2.4   PRIOR U.S. PATENT APPLICATION

Witness Systems contends that the '920, '372, '109 and '570 patents in suit were anticipated because the inventions defined in the claims of those patents were disclosed in a prior patent application.  A patent may be found invalid if the claimed invention was described in a patent granted on an application as filed by another in the United States before the invention was made by the inventors in the United States.

In order for the asserted patents to be anticipated by a prior United States patent application, Witness Systems must prove the following:

1.      whether there is another patent that has inventors other than the named inventors of the asserted patents.

2.      whether the application for that other patent was filed in the United States before the invention of the asserted patents was made; and

3.      whether that other patent describes what the Plaintiff inventor claimed in the asserted patent.


Source: D. Del. Model Inst. 4.6 (2003)[1]

---

[1] The parties agreed on all other anticipation instructions to use the 2003 Draft Model Instructions for the District of Delaware.  This instruction is also chosen from that model set to be consistent with the rest of the anticipation instructions, and because there is no clear replacement in the Federal Circuit Bar Association model instructions, which include only a single instruction on anticipation without listing or describing the various types of anticipation.

EXHIBIT B

EXHIBIT B - WITNESS SYSTEMS PROPOSED INSTRUCTION

5.2.5   CURATIVE INSTRUCTION ON MEANS PLUS FUNCTION

You have heard NICE argue that Claim 8 of the '371 patent contains what is called a means plus function limitation.  I instruct you to disregard this argument.  Claim 8 of the '371 patent claims a "secondary partition for storing means for locating data on said primary partition."  This limitation claims a structure, namely the secondary partition, and describes that structure in terms of what it does: storing a means for locating data on the primary partition. You should apply this interpretation during your deliberations and ignore any alternative interpretations given by any witnesses or attorneys for NICE.