IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and NICE SYSTEMS LTD,<br><br>   Plaintiffs,<br><br>  v.<br><br>WITNESS SYSTEMS, INC.<br><br>   Defendant. | Civil Action No. 06-311 |

DEFENDANT WITNESS SYSTEMS BENCH MEMORANDUM RE
LIMITATIONS TO THE DOCTRINE OF EQUIVALENTS

I. INTRODUCTION

On January 20th, the Court issued an Order stating that it would consider the Federal Circuit Bar Association instruction on "Limitations On Direct Infringement Under The Doctrine Of Equivalents," and that Witness Systems "shall demonstrate the appropriateness of [the] instruction on Tuesday morning." This bench memorandum sets forth the reasons why Witness Systems believes the Court should instruct the jury with respect to limitations on the application of the doctrine of equivalents.

NICE wants the jury in this case to decide the issue of infringement under the doctrine of equivalents. If the jury is going to make this determination it must be instructed that the law places limits on what can and cannot be covered through equivalency. There are three particular limitations that are relevant in this case: equivalency cannot cover what was in the prior art, equivalency cannot read a limitation entirely out of a claim, and equivalency cannot reclaim subject matter the patentee disclosed but did not claim. Nearly all model instructions for patent cases include an instruction on limitations to the doctrine of equivalents. Witness Systems has

proposed a version of the Federal Circuit Bar model instruction, as the Court requested, and an instruction is appropriate here, as NICE is relying heavily on the doctrine of equivalents in order to prove infringement. Witness Systems proposed instruction can be found at the end of this memorandum (See Exhibit A), along with a redline showing the changes made to the Federal Circuit Bar Association model instruction (See Exhibit B).

II.   ARGUMENT

    A.   Equivalency Cannot Be Used To Cover What Was In The Prior Art

A first important limit on the doctrine of equivalents is that it cannot expand the scope of the claims to cover what was in the prior art. "Based on the fundamental principle that no one deserves an exclusive right to technology already in the public domain, [the Federal Circuit] has consistently limited the doctrine of equivalents to prevent its application to ensnare prior art." See Marquip, Inc. v. Fosber Am., Inc., 198 F.3d 1363, 1366 (Fed. Cir. 1999) (citing Wilson Sporting Goods v. David Geoffrey & Assoc., 904 F.2d 677, 683 (Fed. Cir. 1990)). The Federal Circuit has noted that, "application of the doctrine of equivalents is not a claim interpretation process," and that, "the reason for the limitation is to prevent the patentee from obtaining under the doctrine of equivalents coverage it could not have obtained from the Patent and Trademark Office (PTO) by literal claims." Id. Whether or not an alleged equivalency ensnares the prior art is a question of law based on underlying facts, just like obviousness. See Jurgens v. McKasy, 927 F.2d 1552, 1561 (Fed. Cir. 1991).

In this case, the parties vigorously dispute whether or not Witness Systems is practicing the prior art. While this is not necessarily a defense to literal infringement, it is a defense to infringement under the doctrine of equivalents. Specifically, if the jury finds that Witness Systems does not literally infringe and that Witness Systems practices the prior art, the jury cannot find that Witness Systems infringes under the doctrine of equivalents. To allow the jury

2

to find infringement under the doctrine of equivalents even if Witness Systems practices the prior art would circumvent the Federal Circuit's clear rule that equivalency cannot ensnare the prior art. Without this instruction, the jury would have no idea that such a limitation exists, and the Court would have no way of knowing the scope of equivalency that the jury applied or whether the jury believed that Witness Systems in fact practiced the prior art. Unless the Court adopts a complicated set of specific jury interrogatories, the Court will have no way to correct the jury's error.

      The far better course is to instruct the jury on the law to ensure that they do not make this mistake. This is perhaps why nearly every set of model patent jury instructions includes an instruction on limiting the doctrine of equivalents to exclude the prior art. See Federal Circuit Bar Association Model Instruction 3.1d ("The prior art may preclude a finding of infringement under the doctrine of equivalents"); American Intellectual Property Law Association ("AIPLA") Model Instruction 3.9 ("You may not find that a component in [the Defendant]'s [[product] [method]] is equivalent to an element of the patent claim if by doing so the patent claim would cover [[products] [methods]] that were already in the prior art"); Model Patent Jury Instructions for The Northern District of California 3.4 ("You may not use the doctrine of equivalents to find infringement if you find that [alleged infringer]'s [product] [method] is the same as what was in the prior art before the application for the [ ] patent or what would have been obvious to persons of ordinary skill in the field in light of what was in the prior art"); Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware 3.10 ("resort to the doctrine of equivalents to find infringement is not permitted if you find that the defendant is merely practicing what was in the prior art prior to the patented invention or that which would have been obvious in light of what was in the prior art"). All of these different professional

organizations and courts believe that this is an appropriate instruction for the jury. The jury in this case must know that there are limits to what can be "equivalent" to the asserted patent claims, and that equivalency cannot be used to ensnare the prior art.

> B.    Equivalency Cannot Reclaim Subject Matter The Patentee Disclosed But Did Not Claim

A second important limit on the scope of equivalency is that the patentee cannot reclaim subject matter he disclosed but did not claim in his patent. "[W]hen a patent drafter discloses but declines to claim subject matter . . . this action dedicates that unclaimed subject matter to the public. Application of the doctrine of equivalents to recapture subject matter deliberately left unclaimed would conflict with the primacy of the claims in defining the scope of the patentee's exclusive right." See Toro Co. v. White Consol. Indus., 383 F.3d 1326, 1331 (Fed. Cir. 2004) (quoting Johnson & Johnston Assocs. v. R.E. Serv. Co., 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc)). "The patentee's subjective intent is irrelevant to determining whether unclaimed subject matter has been disclosed and therefore dedicated to the public." Id. at 1333. As the Federal Circuit has explained, the rationale behind this rule is that, "a patentee cannot narrowly claim an invention to avoid prosecution scrutiny by the PTO, and then, after patent issuance, use the doctrine of equivalents to establish infringement because the specification discloses equivalents." Johnson & Johnson, 285 F.3d at 1054.

As an example from the facts of this case, the inventors in the '570 patent clearly disclosed systems that stored call information in multiple records. If the jury agrees with Witness Systems that the claim language does not literally read onto systems using multiple records, and if the jury agrees with Witness Systems that the patent disclosed such implementations but did not claim them, Witness Systems cannot infringe under the doctrine of equivalents. As above, the jury must be instructed that if they are going to determine the issue of

4

equivalency, they cannot expand the scope of the claims to encompass material disclosed but not claimed in the asserted patents. Failure to do so would place the Court in the unenviable position of analyzing the scope of equivalency applied by the jury, and whether or not that scope encompassed the prior art disclosed in the various patent specifications.

As above, this particular limitation can be found in numerous model patent jury instructions. See, e.g., Federal Circuit Bar Association Model Instruction 3.1d ("You may not find that a [product or process] infringes a claim under the doctrine of equivalents if you find that: (1) the allegedly "equivalent" alternative feature(s) of that [product or process] was/were described somewhere in the patent and (2) that [product or process] is not covered literally by any of the claims of the patent"); AIPLA Model Instruction 3.11 ("When a patent discloses subject matter but does not claim it, the patent has dedicated that unclaimed subject matter to the public. If you find that [the patent] discloses, but does not claim, subject matter alleged to be equivalent to an element of the patent claim, then you cannot find that the [[component] [step]] alleged to be equivalent in [the Defendant's] [[product] [method]] is equivalent to that element of the patent claim. This is true even if the failure to claim the subject matter was wholly unintentional"); Model Patent Jury Instructions for The Northern District of California 3.4 ("[You may not use the doctrine of equivalents to find infringement if you find that [alleged infringer]'s [product] [method] was described in the [ ] patent but not covered by any of its claims.]"). As above, this Court must instruct the jury on these limits if the jury is to properly engage in a doctrine of equivalence analysis.

C.     Equivalency Cannot Read A Limitation Out Of A Claim Entirely

A final important limitation on the doctrine of equivalents is that it cannot cover a system where a limitation is entirely missing. "The doctrine of equivalence cannot be used to erase meaningful structural and functional limitations of the claim on which the public is entitled to

5

rely in avoiding infringement." Conopco, Inc. v. May Dep't Stores Co., 46 F.3d 1556, 1562 (Fed. Cir. 1994). Without this instruction, the jury could improperly think that just because the differences between the accused systems as a whole are small, the accused products are equivalent to the patents in suit even if some claim elements are missing. This would be legally improper, and this is why several model instructions include this important limitation. See Federal Circuit Bar Association Model Instruction 3.1d ("You may not determine that an alternative aspect of a [product or process] is equivalent to an unmet requirement of a claim if a finding of infringement under the doctrine of equivalents would effectively eliminate that requirement. Specifically, the alleged equivalent cannot eliminate or ignore an element or requirement of the claim"); AIPLA Model Instruction 3.8 ("If the [[product] [method]] is missing an identical or equivalent [[part] [step]] to even one [[part] [step]] of the asserted patent claim, the [[product] [method]] cannot infringe the claim under the doctrine of equivalents"); Model Patent Jury Instructions for The Northern District of California 3.4 ("If the [product][method] is missing an identical or equivalent [part][step] to even one requirement of the asserted patent claim, the [product][method] cannot infringe the claim under the doctrine of equivalents"). This instruction is proper to focus the jury on what can and cannot be covered by the doctrine of equivalents, and Witness Systems respectfully requests that the Court give such an instruction in this case.

III.   CONCLUSION

This Court should adopt Witness Systems Proposed Jury Instructions 4.4 ("Situations Where Resort to the Doctrine of Equivalents is not Permitted"). A copy of Witness systems proposal, along with a redline of the difference between Witness Systems' proposed instruction and the model instruction, are attached as exhibits to this memorandum.

EXHIBIT A

DEFENDANT WITNESS SYSTEMS PROPOSED INSTRUCTION

4.6     SITUATIONS WHERE RESORT TO DOCTRINE OF EQUIVALENTS IS NOT PERMITTED – WITNESS SYSTEMS' PROPOSED INSTRUCTION

There are three situations where resort to the doctrine of equivalents to find infringement is not permitted.

First, the prior art may preclude a finding of infringement under the doctrine of equivalents. To determine whether the prior art precludes a finding of infringement under the doctrine of equivalents for a particular product that is accused of infringing a particular claim, you must determine what products are in the "prior art" as well as what products would have been obvious from the "prior art" to a person having an ordinary level of skill in the field of technology of the patent at the time of the invention.

If Witness Systems establishes that a product that (1) meets the same claim requirements as the product accused of infringing and (2) has the same allegedly "equivalent," alternative feature(s) as the product that is accused of infringing is in the prior art or would have been obvious from the prior art to a person having ordinary skill in the field of technology of the invention at the time of the invention, you must find that the claim has not been infringed.

Second, you may not find that a product infringes a claim under the doctrine of equivalents if you find that: (1) the allegedly "equivalent" alternative feature(s) of that product were described somewhere in the patent and (2) that product is not covered literally by any of the claims of the patent.

Third, you may not determine that an alternative aspect is equivalent to an unmet requirement of a claim if a finding of infringement under the doctrine of equivalents would effectively eliminate that requirement. Specifically, the alleged equivalent cannot eliminate or ignore an element or requirement of the claim.

EXHIBIT B

FEDERAL CIRCUIT BAR ASSOCIATION MODEL INSTRUCTION

TRACKING CHANGES MADE BY WITNESS SYSTEMS

FEDERAL CIRCUIT BAR ASSOCIATION MODEL INSTRUCTION

3.1d LIMITATIONS ON DIRECT INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS

~~[Although the applicability of these limitations are ultimately decided by the Court, this instruction is provided for the case in which the Court decides to submit these issues to the jury for advisory findings.]~~

~~[If there is a question as to whether the prior art limits the doctrine of equivalents:~~

<u>There are three situations where resort to the doctrine of equivalents to find infringement is not permitted.</u>

<u>First,</u> The prior art may preclude a finding of infringement under the doctrine of equivalents. ~~I will explain what "prior art" is but, generally speaking, "prior art" is things that were already known or done before the invention. In reaching your decisions in this case, you must use the definition of "prior art" that I provide to you.~~

~~[Statement of the law not using "hypothetical claim":~~

To determine whether the prior art precludes a finding of infringement under the doctrine of equivalents for a particular ~~[~~product ~~or process]~~ that is accused of infringing a particular claim, you must determine what ~~[~~products ~~or processes]~~ are in the "prior art" as well as what ~~[~~products ~~or processes]~~ would have been obvious from the "prior art" to a person having an ordinary level of skill in the field of technology of the patent at the time of the invention.

If ~~the [alleged infringer]~~<u>Witness Systems</u> establishes that a ~~[~~product ~~or process]~~ that (1) meets the same claim requirements as the ~~[~~product ~~or process]~~ that is accused of infringing and (2) has the same allegedly "equivalent," alternative feature(s) as the ~~[~~product or process~~]~~ that is accused of infringing is in the prior art or would have been obvious from the prior art to a person

having ordinary skill in the field of technology of the invention at the time of the invention, you must find that the claim has not been infringed.

~~The accused infringer has the burden of proving that this hypothetical, equivalent claim was within the prior art, by a preponderance of the evidence. Nonetheless, the patentee has the burden of proving by a preponderance of the evidence that the hypothetical claim would have been patentable.~~

~~[Alternative statement of the law using "hypothetical claim":~~

~~To determine whether the prior art precludes a finding of infringement under the doctrine of equivalents you must first have in mind a "hypothetical claim" that would cover the accused allegedly equivalent [product or process] literally. The hypothetical claim is exactly the same as the claim at issue, except that the unmet claim requirements are broadened so that they would be met by the allegedly "equivalent" hypothetical claim.~~

~~Once you have this equivalent "hypothetical claim in mind, you must decide whether this hypothetical claim would have been invalid for either anticipation or obviousness. I will instruct you later on how to determine if a claim is invalid for anticipation or obviousness. You should use these same rules to determine whether or not the "hypothetical claim would be invalid for anticipation or obviousness. If you determine that the "hypothetical claim" would have been invalid for anticipation or obviousness, then you must find that there is no infringement of this particular claim under the doctrine of equivalents.]~~

~~[If there is a question as to whether a disclosure in the patent precludes equivalence:~~

<u>Second,</u> You may not find that a [product ~~or process~~] infringes a claim under the doctrine of equivalents if you find that: (1) the allegedly "equivalent" alternative feature(s) of that

11

[product ~~or process~~] ~~was~~/were described somewhere in the patent and (2) that ~~[~~product ~~or process]~~ is not covered literally by any of the claims of the patent.

~~[If there is a question as to argument-based prosecution history estoppel:~~

~~You may not find that a [product or process] infringes a claim under the doctrine of equivalents if you find that, during the patent application process, the applicant for the patent distinguished an unmet requirement from the allegedly "equivalent" alternative aspect of that [product or process].]~~

~~[If there is a question as to amendment-based prosecution history estoppel:~~

~~[Accused infringer] has argued that [patent holder] cannot assert infringement under the doctrine of equivalents due to statements [patent holder] made to the PTO in order to get the claim allowed in the first place. In order to find [accused product] to be equivalent you must also make certain findings regarding the statements [patent holder] made to the PTO in order to get the [ ] patent. Specifically, in order to find equivalents, you must first also find one or more of the following: (1) the amendment that is asserted by [accused infringer] to limit the scope of equivalents substituted a broader requirement for a narrower requirement or replaced a requirement of equal scope; (2) the reason for making this amendment was not related to patentability; (3) a person having ordinary skill in the field of technology of the patent at the time of the amendment would not have foreseen the potential substitution of the allegedly "equivalent" alternative for the unmet claim requirement; (4) the reason for the amendment is tangential or relates to some issue other than the assertion of equivalence at issue; or (5) some other reason, such as the shortcomings of language, prevented the applicant from using claim language that included the allegedly "equivalent" alternative.] You may not find that the alternative feature of [accused product or process] is an equivalent to an unmet requirement of a~~

12

~~claim if that requirement was added to the claim (or to any claim of the patent) by amendment during the prosecution of the applications that led to issuance of the patent, unless you also find that at least one of these factors that I have identified to you.~~

~~[If there is a question as to vitiation:~~

<u>Third,</u> You may not determine that an alternative aspect of a ~~[~~product ~~or process]~~ is equivalent to an unmet requirement of a claim if a finding of infringement under the doctrine of equivalents would effectively eliminate that requirement. Specifically, the alleged equivalent cannot eliminate or ignore an element or requirement of the claim.~~]~~

Dated: January 22, 2008              FISH & RICHARDSON P.C.


                                     By: /s/ William J. Marsden, Jr.
                                         William J. Marsden, Jr. (#2247)
                                         Kyle Wagner Compton (#4693)
                                         919 N. Market Street, Suite 1100
                                         P. O. Box 1114
                                         Wilmington, DE  19899-1114

                                         Nagendra Setty (pro hac vice)
                                         Daniel A. Kent (pro hac vice)
                                         Noah C. Graubart (pro hac vice)
                                         1180 Peachtree Street, N.E., 21st Floor
                                         Atlanta, GA 30309

                                     ATTORNEYS FOR DEFENDANT
                                     WITNESS SYSTEMS, INC.

CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2008, I electronically filed with the Clerk of Court DEFENDANT WITNESS SYSTEMS' BENCH MEMORANDUM RE LIMITATIONS TO THE DOCTRINE OF EQUIVALENTS using CM/ECF which will send electronic notification of such filing(s) to the following Delaware counsel.

| | |
|---|---|
| Josy W. Ingersoll<br>Melanie K. Sharp, Esq.<br>Karen E. Keller<br>Young Conaway Stargatt & Taylor, LLP<br>The Brandywine Building, 17th Floor<br>1000 West Street<br>P.O. Box 391<br>Wilmington, DE 19899-0391 | Attorneys for Plaintiffs<br>NICE Systems, Inc. and NICE Systems,<br>LTD |

I hereby certify that on January 21, 2008, I have sent by electronic mail, the document(s) to the following non-registered participants:

| | |
|---|---|
| Scott G. Lindvall<br>Daniel P. DiNapoli<br>Joseph M. Drayton<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY 10022-3598 | Attorneys for Plaintiffs<br>NICE Systems, Inc. and NICE Systems,<br>LTD |

/s/ William J. Marsden, Jr.
William J. Marsden, Jr. (#2247)

2008-01-21 Nice v. Witness Bench Memo