IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC. and<br>NICE SYSTEMS LTD.,<br><br>*Plaintiffs*,<br><br>v.<br><br>WITNESS SYSTEMS, INC.<br><br>*Defendant*. | C.A. No. 06-311<br><br>**PUBLIC VERSION**<br>**Feb. 15, 2008** |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFFS' MOTIONS IN LIMINE**

William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114

Nagendra Setty (*pro hac vice*)
Daniel A. Kent (*pro hac vice*)
Noah C. Graubart (*pro hac vice*)
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA 30309

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

DATED:  December 28, 2007

I.     **RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* NO. 1:** *Dictaphone v. Nice*

Witness Systems, Inc. ("Witness Systems") requests that the Court deny Plaintiffs NICE Systems, Inc. and NICE Systems Ltd.'s Motion *in Limine* seeking to exclude evidence related to the *Dictaphone v. NICE* litigation.[1]

NICE itself has made evidence related to *Dictaphone v. NICE* highly relevant to this case. Although NICE now prefers that the jury not hear about its contentions in *Dictaphone v. NICE* (which involved one of the same patents asserted in this case), NICE's current claims place those contentions front and center. For example, NICE asserts that Witness Systems alleged infringement was willful—*i.e.*, that Witness Systems recklessly infringed valid claims of the patents-in-suit.[2] But, in *Dictaphone v. NICE*, NICE alleged that one of the same patents was invalid and unenforceable. NICE also seeks over $92 million in compensatory damages in this case. But, NICE settled *Dictaphone v. NICE* for a mere $10 million, and NICE's damages expert now attempts to distinguish his own previous opinions in *Dictaphone v. NICE*. Additionally, NICE opposes Witness Systems' laches defense, yet does so by alleging that the duration of *Dictaphone v. NICE* excuses its prejudicial delay in bringing this lawsuit. NICE should not be allowed to use evidence of *Dictaphone v. NICE* as a "sword," and then "shield" itself from the positions it took in that case that are directly contrary to the positions it is taking in this case.[3]

---

[1] *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. filed June 19, 2000).

[2] *See In re Seagate Tech.*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*).

[3] NICE's argument that the doctrine of judicial estoppel does not apply to arguments it asserted in the *NICE v. Dictaphone* litigation (D.I. 282 at 4) provides no support for its motion to preclude Witness Systems' introduction of evidence related to that litigation or Mr. Lindvall's involvement in that litigation. Witness Systems seeks only to introduce evidence of NICE's prior inconsistent position—it does not seek judicial preclusion of NICE's advancing an inconsistent position in this action. Further, NICE's reliance on *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005), for the ambiguous statement that "judicial estoppel is not appropriate where the initial claim was never accepted or adopted by a court or agency" is far

### A. *Dictaphone v. NICE* is relevant to NICE's willfulness claim.

NICE's prior contentions that the '371 patent is invalid and unenforceable are directly relevant to the jury's consideration of NICE's willfulness claim in this case. The U.S. Court of Appeals for the Federal Circuit, *en banc,* recently reconsidered the burden plaintiffs must satisfy to establish willful infringement sufficient to warrant enhanced damages under 35 U.S.C. § 284. *See In re Seagate Tech.*, 497 F.3d 1360 (Fed. Cir. 2007) (*en banc*). Under the Federal Circuit's new standard, NICE must first prove that Witness Systems acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. *Id.* at 1371. Only if NICE can demonstrate objective recklessness, must it then prove that Witness Systems acted in a subjectively reckless manner. That is, NICE must prove that the "objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to [Witness Systems]." *Id.*

NICE's contentions in *Dictaphone v. NICE* are directly relevant to refuting NICE's claim that Witness Systems acted recklessly. NICE itself aggressively asserted in that case that the '371 patent (asserted here) is invalid and unenforceable. NICE's position in that litigation was no secret, and Witness Systems knew about it.[4] A reasonable jury can infer that Witness

---

from dispositive on the application of judicial estoppel here, as several Third Circuit opinions cast doubt on reliance by a prior tribunal on a prior inconsistent position as a requirement for the application of judicial estoppel. *See, e.g., Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 359-61 (3d. Cir 1996); *Lewandowski v. Nat'l R.R. Passenger Corp.*, 882 F.2d 815, 819 (3d Cir. 1989); *Scarano v. Central R.R. Co.*, 203 F.2d 510, 513 (3d Cir. 1953). Moreover, it would be inequitable to preclude Witness Systems from introducing relevant evidence merely because NICE is not estopped from asserting a legal argument.

[4] *See* Answer and Counterclaims at 4-6 (D.I. 19), *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. Aug. 21, 2000); Amended Answer and Counterclaims 7-8 (D.I. 102), *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. June 17, 2002); NICE Mem. of Law in Opp. to Dictaphone's Mot. Summ. Judg. Dismissing NICE's Inequitable Conduct Counterclaim at 4-5, 10 (D.I. 178), *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. Jan. 3, 2003).

Systems did not act recklessly concerning the '371 patent since NICE itself aggressively asserted the invalidity and unenforceability of the '371 patent in federal court litigation. As *Seagate* explains, in determining whether an accused infringer's conduct rises to the requisite level of recklessness, the fact finder should consider, *inter alia*, "the standards of fair commerce." *Id.* at 1371 n.5; *id.* at 1385 (Newman, J., concurring). With those standards in mind, when a party learns that a marketplace rival has "vigorously defended"[5] itself from a charge of patent infringement by asserting that the patent is invalid and unenforceable, that fact is highly relevant to the same rival's later allegations of reckless behavior with respect to the same patent.

Witness Systems can further rebut NICE's willfulness claim via the deposition testimony of Dr. Christopher Blair in *Dictaphone v. NICE*. In that case, NICE subpoenaed Dr. Blair to testify regarding the operation of Eyretel's products, which NICE asserted anticipated one of the patents in suit. After Witness Systems acquired Eyretel in 2003, Dr. Blair became Witness Systems' Chief Technical Officer. Dr. Blair's deposition testimony in Dictaphone v. NICE, developed by NICE to invalidate the '371 patent, demonstrates not only that NICE believed Eyretel prior art invalidated the '371 patent, but also that it was objectively reasonable for Witness Systems to conclude the '371 patent was invalid, and that its products did not infringe any valid claim of that patent.

That NICE made its invalidity and unenforceability arguments through its long-time (and current) trial counsel, Scott Lindvall, is also relevant to the willfulness inquiry. Mr. Lindvall counseled NICE that the '371 patent was invalid in light of the prior art and unenforceable due to inequitable conduct. Relying on that advice, NICE and Mr. Lindvall submitted pleadings to that

---

[5] (D.I. 282, NICE Mot. *in Lim.* at 2.)

effect in *Dictaphone v. NICE* (in the District of Connecticut).[6] NICE was obviously aware of Mr. Lindvall's past representations to the Connecticut court, and nevertheless chose to retain him in this case. Thus, NICE cannot now claim any prejudice from being forced to acknowledge its change of heart, as well as that of its counsel.

Although NICE claims that evidence of NICE's (and Mr. Lindvall's) previous positions is "prejudicial" to NICE's case, mere prejudice cannot serve to exclude relevant evidence. "Relevant evidence is inherently prejudicial; but it is only **unfair** prejudice, *substantially* outweighing probative value, which permits exclusion of relevant matter under [Federal Rule of Evidence] 403." *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985) (Excluding evidence under Rule 403 is "an extraordinary remedy to be used sparingly."). NICE ignores the obvious relevance of this evidence to its willfulness claim and offers mere conclusory assertions that introduction of the evidence "will only complicate the trial."[7] While it may be inconvenient for NICE to grapple with its inconsistent judicial statements, any alleged prejudice flows directly from NICE's irreconcilable positions—asserting that Witness Systems acted recklessly by allegedly infringing a patent that NICE itself previously asserted was invalid and unenforceable.

### B.   *Dictaphone v. NICE* Is Relevant to NICE's Damages Claim.

Many aspects of *Dictaphone v. NICE* are relevant to NICE's damages claim in this case. First, *Dictaphone v. NICE* concluded with Dictaphone granting NICE a license to the patents in

---

[6] *See* Answer and Counterclaims at 4-6 (D.I. 19), *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. Aug. 21, 2000); Amended Answer and Counterclaims 7-8 (D.I. 102), *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. June 17, 2002); NICE Mem. of Law in Opp. to Dictaphone's Mot. Summ. Judg. Dismissing NICE's Inequitable Conduct Counterclaim at 4-5, 10 (D.I. 178), *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 (D. Conn. Jan. 3, 2003).

[7] (D.I. 282, NICE Mot. *in Lim.* at 5.)

suit in exchange for $10 million. Under *Georgia-Pacific Corp. v. United States Plywood Corp.*, royalties a patentee previously received for licensing a patent in suit are relevant to determining an established royalty. 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). Accordingly, the settlement of *Dictaphone v. NICE* is relevant to NICE's damages claim in this case.

**REDACTED**

Third, Mr. Britven's inconsistent positions in *Dictaphone v. NICE* and this case were both prepared in consultation with NICE's trial counsel, Mr. Lindvall. Accordingly, when judging Mr. Britven's credibility, not only should the jury hear that Mr. Britven has abandoned his previous opinions, but the jury must be allowed to hear the full context of his shifting opinions, including Mr. Lindvall's involvement every step of the way.

C. *Dictaphone v. NICE* **Is Relevant to Witness Systems' Laches Defense.**

As detailed in Witness Systems' brief in support of its Motion for Partial Summary Judgment on the issue of laches (D.I. 243), because NICE waited more than six years to bring suit after learning about Witness Systems' alleged infringement, NICE's claim for infringement is barred by the doctrine of laches. NICE's predecessor-in-interest, Dictaphone, knew of Witness Systems' alleged infringement as early as 1999, yet neither Dictaphone nor NICE sued

Witness Systems for infringement for seven years.[8] NICE's seven-year delay in bringing suit raises a legal presumption of laches, which NICE can only overcome by producing evidence excusing the delay.

In opposition to Witness Systems' partial summary judgment motion, NICE specifically relied on the *Dictaphone v. NICE* litigation in an effort to excuse its delay.

**REDACTED**

As stated in the Court's Order denying Witness Systems' Motion for Partial Summary Judgment (D.I. 285), the Court found that NICE produced evidence sufficient to raise factual disputes as to whether NICE can overcome the presumption of laches. As a result, NICE has made the *Dictaphone v. NICE* case central to the laches defense.

**D.      Evidence From *Dictaphone v. NICE* Is Relevant to Cross-Examination of NICE's Expert.**

In response to Witness Systems' contention that the patents-in-suit are invalid, NICE will be offering the expert opinion of John Henits to support the supposed validity of the patents. However, in *Dictaphone v. NICE,* NICE retained a different expert witness, Kenneth Pohlmann, to testify that the '371 patent was invalid. It does not appear that NICE's counsel has shared Mr. Pholmann's expert report with Mr. Henits—at least Mr. Pohlmann's report is not cited in Mr. Henits' report and does not appear in the list of documents, attached as Exhibit A to Mr. Henits'

---

[8] In 1999, Dictaphone sent Eyretel Plc a series of letters alleging infringement of two of Dictaphone's patents. Dictaphone subsequently took no steps to enforce the patents against Eyretel, and defendant Witness Systems, Inc. ("Witness Systems") purchased Eyretel in 2003.

report, that Mr. Henits considered in forming the opinions expressed in his report. Witness Systems should be permitted to examine Mr. Henits regarding his consideration of, or his failure to consider, the Pohlmann report.

### E. Conclusion

Based on the foregoing, Witness Systems requests that the Court deny NICE's *Motion in Limine* regarding evidence relating to *Dictaphone v. NICE*.

## II. RESPONSE TO PLAINTIFFS' MOTION IN LIMINE NO. 2: Laches and Equitable Estoppel

Witness Systems requests that the Court deny NICE's Motion *in Limine* seeking to preclude Witness Systems from presenting evidence to the jury related to its defenses of laches and equitable estoppel.

### A. Witness Systems' Laches and Estoppel Defenses Involve Multiple Factual Disputes.

Because the Court would be aided by the jury's factual findings, the parties should be permitted to present to the jury evidence related to laches and equitable estoppel.[9] In denying Witness Systems' Motion for Partial Summary Judgment on the issue of laches, the Court accepted NICE's position that factual issues material to that defense remain in dispute. (D.I. 285.) Opposing Witness Systems' partial summary judgment motion, NICE asserted that myriad factual disputes prevented the entry of summary judgment, for example:

**REDACTED**

---

[9] Because Witness Systems' equitable estoppel defense rests upon at least the same facts that support its laches defense, only the laches defense is specifically discussed here, yet the arguments apply equally to the equitable estoppel defense.

7

**REDACTED**

Given the large number of factual disputes NICE has identified, the Court would benefit from the jury's weighing of the relevant evidence as well as the credibility of the pertinent witnesses. *Cf. Mobil Oil Corp. v. Advanced Envtl. Recycling Techs., Inc.*, 869 F. Supp. 251, 255-56 (D. Del. 1994) (adopting advisory jury finding on inequitable conduct).

Presenting evidence to the jury relating to Witness Systems' laches defense will also foster efficient trial management, because the evidence overlaps with evidence that will be presented to the jury to rebut NICE's willfulness claim. Specifically, the subjective recklessness prong of *In re Seagate*, inquires whether the accused infringer acted despite a known or obvious objectively-defined risk that it infringed the patentee's rights. 497 F.3d at 1371. Here, the evidence demonstrates that Witness Systems' predecessor (Eyretel) successfully fended off Dictaphone's (the original patentee) initial claim of infringement. After receiving Eyretel's refutation of Dictaphone's infringement claim, Dictaphone did not pursue a claim against Eyretel, and the dispute remained dormant until NICE brought this suit in 2006. Evidence of this history between the parties will be presented to the jury to demonstrate that Witness Systems' alleged infringement could not have been willful. The very same evidence establishes that laches bars NICE's infringement claim. As a result, bifurcating the trial of Witness Systems'

laches defense will not "waste[] time" during trial[10] nor will it visit any perceived prejudice on NICE.

### B. Conclusion

Based on the foregoing, Witness Systems requests that the Court deny NICE's Motion *in Limine* relating to laches and equitable estoppel.

Dated:  December 28, 2007                FISH & RICHARDSON P.C.


By:  /s/*Kyle Wagner Compton*
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, DE  19899-1114

Nagendra Setty (pro hac vice)
Daniel A. Kent (pro hac vice)
Noah C. Graubart (pro hac vice)
FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E., 21st Floor
Atlanta, GA  30309

**ATTORNEYS FOR DEFENDANT**
**WITNESS SYSTEMS, INC.**

---

[10] (D.I. 282, NICE Mot. *in Lim.* at 9.)

# CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTIONS IN LIMINE** was served on the following individuals in the manner indicated:

| | |
|---|---|
| **VIA E-MAIL AND HAND DELIVERY**<br>Josy W. Ingersoll<br>Melanie K. Sharp<br>Karen E. Keller<br>Mary Dugan<br>Young, Conaway, Stargatt & Taylor, LLP<br>1000 West Street, 17th Floor<br>P.O. Box 391<br>Wilmington, DE  19899 | *Attorneys for Plaintiffs*<br>*Nice Systems Ltd. and Nice Systems, Inc.* |
| **VIA E-MAIL AND FIRST CLASS MAIL**<br>Scott G. Lindvall<br>Daniel DiNapoli<br>Joseph M. Drayton<br>Robert R. Laurenzi<br>Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY  10022 | *Attorneys for Plaintiffs*<br>*Nice Systems Ltd. and Nice Systems, Inc.* |

*/s/Kyle Wagner Compton*
Kyle Wagner Compton

# EXHIBIT A

# REDACTED IN ITS ENTIREY

# EXHIBIT B

# REDACTED IN ITS ENTIREY