## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

    *Plaintiffs,*

      v.

WITNESS SYSTEMS, INC.

    *Defendant.*

Civil Action No. 06-311-JJF

**PUBLIC VERSION**
Feb. 15, 2008

---

## WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF THOMAS W. BRITVEN

FISH & RICHARDSON P.C.
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P. O. Box 1114
Wilmington, Delaware 19899-1114
Telephone: (302) 652-5070
Email: marsden@fr.com
Email: kcompton@fr.com

Nagendra Setty (pro hac vice)
Daniel A. Kent (pro hac vice)
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS SYSTEMS, INC.

DATED: January 7, 2008

## I.    INTRODUCTION

Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.'s (collectively, "NICE") have engaged Thomas W. Britven to opine on compensatory damages owed NICE as a result of Defendant Witness Systems, Inc.'s ("Witness Systems") alleged infringement.  NICE served Mr. Britven's Report on December 17, 2007.

**REDACTED**

Pursuant to Federal Rule of Evidence 702 and the Supreme Court's decision in *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579 (1993), and its progeny, Witness Systems respectfully moves to exclude Mr. Britven's testimony as it relates to

**REDACTED**

Mr. Britven's opinions are unreliable under *Daubert* for two reasons.  First, the methodology Mr. Britven uses for computing damages under Scenarios I and I-A misapplies applicable law.  It is well established that a hypothetical negotiation used to calculate a reasonable royalty occurs at the time infringement began.

**REDACTED**

- 1 -

**REDACTED**

Accordingly, Mr. Britven's opinions as they relate to Scenarios I and I-A should be excluded altogether, or at a minimum,        **REDACTED**

## II.    ARGUMENT

The use of expert testimony in the federal courts is governed by Federal Rule of Evidence 702, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is **based upon sufficient facts or data**, (2) the testimony is the product of **reliable principles and methods**, and (3) the witness has **applied the principles and methods reliably** to the facts of the case.

Fed. R. Evid. 702 (emphasis added).  The U.S. Supreme Court has recognized that the Federal Rules of Evidence, and especially Rule 702, "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.  That obligation requires that the trial judge "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable."  *Id.* at 589; *see also Kuhmo Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (holding that the obligation of the trial judge to ensure the reliability and relevance of admitted evidence applies not only to scientific testimony, but to all expert testimony).

- 2 -

The *Daubert* Court viewed Rule 702 as creating an obligation to regulate expert witness testimony. 509 U.S. at 589 ("Rule 702 . . . clearly contemplates some degree of regulation of the subjects and theories about which an expert may testify." The trial court's regulation was seen as an as appropriate check on the wide latitude afforded expert witnesses to offer opinions not based on firsthand knowledge or observation. *Id.* at 592 ("[T]his relaxation of the usual requirement of firsthand knowledge . . . is premised on an assumption that the expert's opinion will have a reliable basis in the knowledge and experience of his discipline."). The danger in admitting unreliable expert testimony is that the jury will overvalue the expert's testimony. *Id.* at 592 (an expert's opinion "can be both powerful and quite misleading because of the difficulty in evaluating it."). Thus, "Daubert requires the district court to act as 'gatekeeper' and to assure that the scientific methodology upon which the expert opinion is founded is reliable, i.e., that the expert's conclusion is based on good grounds." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 732 (3d Cir. 1994).

To admit Mr. Britven's damages testimony concerning Scenarios I and I-A in this case would ignore *Daubert* and its progeny. In fact, admitting Mr. Britven's testimony regarding Scenarios I and I-A          **REDACTED**          would raise precisely the problems *Daubert* and its progeny attempt to mitigate. As discussed fully below, Mr. Britven's damages theories in Scenarios I and I-A misapply governing law relating to the calculation of reasonable royalties, employ unreliable methods, and draw conclusions from data having no connection to the facts of this case. Such testimony cannot assist the trier of fact to understand the evidence or to determine a fact in issue. Mr. Britven's testimony regarding Scenarios I and I-A

**REDACTED**          would only serve to confuse the trier of fact, and should be excluded.

### A. The Methodology Mr. Britven Uses for Computing Damages in Scenarios I and I-A is Contrary to Established Legal Principals, and is Therefore Unreliable

Mr. Britven's Scenarios I and I-A damages calculations are based on a hypothetical negotiation constructed in a manner that is contrary to prevailing case law, and accordingly, his

methodology is unreliable.  In computing damages under Scenarios I and I-A,

**REDACTED**

<sup>2</sup> By way

of comparison, in Scenarios II and II-A, Mr. Britven assumes that

**REDACTED**

It is well established under *Georgia-Pacific* and subsequent Federal Circuit case law that the hypothetical negotiation used in calculating reasonable royalties occurs at the ***date infringement began***.  *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp 1116, 1120 (S.D.N.Y. 1970).  *See also Applied Med. Res. Corp. v. United States Surgical Corp.,* 435 F.3d 1356, 1361 (Fed. Cir. 2006) ("We are required to identify the infringement requiring compensation, and evaluate damages based on a hypothetical negotiation at the time that infringement began."); *Joy Techs. v. Flakt, Inc.*, 954 F.Supp. 796, 806 (D. Del. 1996) ("A reasonable royalty must be calculated using the market conditions on the date infringement began.").

**REDACTED**

is an

unwarranted departure from the hypothetical negotiation standard set forth in *Georgia-Pacific*

---

[1]

**REDACTED**

[2]    December 17, 2007 Expert Report of Thomas W. Britven (the "Britven Report") at ¶ 101.  Excerpts from the Britven Report are attached hereto as Exhibit A.

and embraced by the Federal Circuit.  Mr. Britven's use in Scenarios II and II-A, however, are consistent with that standard.

**REDACTED**

---

[3]  *Id.*

[4]  Uncertified January 4, 2007 Transcript of the Deposition of Thomas W. Britven ("Britven Tr.") at 206:19-24.  Excerpts from the Britven Tr. are attached hereto as Exhibit B.

[5]  Britven Tr. at 205:17-206:5.

**REDACTED**

As a natural consequence of Mr. Britven's departure from the established legal standard for construction of a hypothetical negotiation, his entire methodology in assessing damages under Scenarios I and I-A is necessarily flawed. "Any step that renders the analysis unreliable . . . renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology." *In re Paoli*, 35 F.3d at 745.

---

[6]    Britven Tr. at 57:8-15.

Accordingly, the Court should exercise its gatekeeping authority and exclude all testimony regarding Scenarios I and I-A.

## REDACTED

Even if the Court chooses not to exclude Mr. Britven's testimony in its entirety as it relates to Scenarios I and I-A, at a minimum

**REDACTED**                  Under Rule 702, expert opinions are unreliable if they are based upon speculative, insufficient, or untrustworthy methodologies or data. *See* Rule 702, *Advisory Committee Notes*, 2000 Amendments; *In re Paoli*, 35 F.3d at 742. Mr. Britven's opinion as it relates to **REDACTED** is speculative and unsupported by calculations or comparable transaction data. Rule 702 was enacted to ensure that unsupported, speculative testimony is not admitted under the guise of "expert opinion." *See In re Paoli*, 35 F.3d at 742 (Rule 702 requires the expert's opinion to be "based on the 'methods and procedures of science' not 'subjective belief or unsupported speculation'"). Accordingly, Mr. Britven's testimony regarding **REDACTED** should be excluded.

## REDACTED

---

[7]     Britven Report at ¶¶ 133-135.

**REDACTED**

---

[8]    Britven Report at ¶ 134.

**REDACTED**

Ungrounded opinions such as this are exactly the type of opinion Rule 702 is designed to quell.  As a proffered expert,                **REDACTED**                must be supported by more that a mere "*ipse dixit* statement that the consideration of these factors produced these numbers." *Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000).  Like the *ipse dixit* statement found lacking by the *Elcock* Court, Mr. Britven's reliance on a list of factors considered as a basis for      **REDACTED**       is unreliable and therefore his opinion would not "assist the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702.

**REDACTED**

Fed. R. Evid. 702 requires that expert testimony must assist the trier of fact. "Admissibility depends in part on 'the proffered connection between the scientific research or test result to be presented and particular disputed factual issues in the case.'"  *RLI Insurance Co. v. Indian River School District*, 2007 WL 4292109, at *4 (D. Del. Dec. 4, 2007) (quoting *United*

*States v. Downing*, 753 F.2d 1224, 1237 (3d Cir. 1985)). Although the Third Circuit has

cautioned against examination of an expert's conclusions under *Daubert*, this is tempered by the

observation that "conclusions and methodology are not entirely distinct from one another, and

that a 'court may conclude that there is simply too great a gap between the data and the opinion

proffered.'" *Montgomery Cty. v. Microvote Corp.*, 320 F.3d 440, 448 (3d Cir. 2003) (quoting

*Gen'l Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

      Mr. Britven's up-front royalty analysis cannot assist the trier of fact because the

acquisition data Mr. Britven cites lacks the "proffered connection" to the valuation of a patent

licensing royalty agreement. Negotiation of the purchase of an entire company and negotiation

of a patent licensing agreement are fundamentally different — so much so that they are

essentially incomparable. Similarly, the price paid for an entire company, including its

employees, technology, know-how, and most importantly, its customer base, is not an

appropriate comparator for valuing a naked, non-exclusive patent license. The "proffered

connection" between the two is so distant that any damages calculations made on the basis of

their comparison are irrelevant to the claims at issue in this case. *Compare RLI Insurance*, 2007

WL 4292109, at *5.


**REDACTED**


---

9   Britven Tr. at 207:5-208:25.

10   Britven Report ¶ 118.

**REDACTED**

---

[11]   Attachment X at 11.  Attachment X is attached hereto as Exhibit C.

**REDACTED**

demonstrate that Mr. Britven's opinions are unreliable, and would not assist a trier of fact.   Accordingly, Mr. Britven should be precluded from testifying            REDACTED

**III.    Conclusion**

Witness Systems, therefore, respectfully requests the Court grant this motion to exclude the testimony of Thomas W. Britven as it relates to (1) his opinions concerning compensatory damages under Scenarios I and I-A and (2) his opinion            REDACTED

Dated:  January 7, 2008              FISH & RICHARDSON P.C.

By:  /s/Kyle Wagner Compton
     William J. Marsden, Jr. (#2247)
     Kyle Wagner Compton (#4693)
     919 N. Market Street, Suite 1100
     P. O. Box 1114
     Wilmington, Delaware  19899-1114
     Telephone:  (302) 652-5070
     Email:  marsden@fr.com
     Email:  kcompton@fr.com

     Nagendra Setty (*pro hac vice*)
     Daniel A. Kent (*pro hac vice*)
     1180 Peachtree Street, NE, 21st Floor
     Atlanta, GA 30309

- 12 -

Telephone:  (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of January, 2008, I electronically filed with the Clerk of Court the **WITNESS SYSTEMS, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF THOMAS W. BRITVEN** using CM/ECF which will send electronic notification of such filing(s) to the below-listed Delaware counsel.  In addition, the filing will also be sent via hand delivery.

Josy W. Ingersoll                                    *Attorneys for Plaintiffs*
Melanie K. Sharp                                   *Nice Systems Ltd. and Nice Systems, Inc.*
Karen E. Keller
Mary Dugan
Young, Conaway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


I also certify that on January 7, 2008, I have sent by electronic mail and U.S. First Class Mail, the document(s) to the following non-registered participants:

Scott G. Lindvall                                    *Attorneys for Plaintiffs*
Daniel DiNapoli                                     *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


                                                        */s/Kyle Wagner Compton*
                                                        Kyle Wagner Compton (#4693)

- 14 -

# EXHIBIT A

# REDACTED IN ITS ENTIREY

# EXHIBIT B

# REDACTED IN ITS ENTIREY

# EXHIBIT C

# REDACTED
# IN ITS
# ENTIREY