IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICE SYSTEMS, INC., a Delaware Corporation, and NICE SYSTEMS, LTD., an Israeli Corporation, )<br><br>Plaintiffs, )<br>v. )<br><br>WITNESS SYSTEMS, INC., a Delaware Corporation, )<br><br>Defendant. ) | **REDACTED VERSION**<br><br>Civil Action No. 06-311-JJF<br><br>CONFIDENTIAL<br>FILED UNDER SEAL |

PLAINTIFFS' COUNTER-STATEMENT OF GENUINE ISSUES OF
MATERIAL FACT IN DISPUTE IN OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT ON WILLFUL INFRINGEMENT

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: November 21, 2007

Pursuant to this Court's standing Memorandum Order on summary judgment motions, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE") certify that genuine issues of material fact are in dispute regarding Defendant Witness Systems, Inc.'s ("Witness") Motion for Partial Summary Judgment on Willful Infringement, dated November 2, 2007. Accordingly, Witness' Motion for Partial Summary Judgment on Willful Infringement should be denied.

## I.  Genuine Issues of Material Fact Regarding Witness' Objective Recklessness Are in Dispute

1. In its motion, Witness asserts that its "claim construction, noninfringement, and invalidity positions, at a minimum, create genuine issues of material fact as to the alleged infringement and validity of the patents in suit, thus eliminating any possibility that Witness Systems could be shown to have acted with the objectively reckless conduct required for willfulness." (Witness Br. at 2). Contrary to Witness' assertion, under *In re Seagate Technology*, 497 F.3d 1360 (Fed. Cir. 2007), the issue of the objective recklessness of Witness' conduct is to be "determined by the record developed in the infringement proceeding," and such a record has not yet been developed in this case, as specifically set forth below.

2. This Court has not had an opportunity to assess the relative merits of NICE's infringement contentions and Witness' non-infringement contentions. (*See* Ex. A, NICE's Infringement Contentions).[1]

---

[1] The lettered exhibits referenced in this document refer to the exhibits attached to the Declaration of Joseph M. Drayton in support of Plaintiffs' Counter-Statement Of Genuine Issues of Material Fact In Dispute In Opposition to Defendant's Motion for Partial Summary Judgment on Willful Infringement, filed concurrently herewith.

3.  This Court has not had an opportunity to assess the relative merits of Witness' invalidity contentions and NICE's responses to those contentions.

4.  Witness did not move for summary judgment of non-infringement of any of the claims of the NICE patents in suit. At this stage in the litigation, an assessment of the relative merits of the parties' positions on infringement can only be made after trial on the merits.

5.  Witness did not move for summary judgment of invalidity or unenforceability of any of the claims of the NICE patents in suit. At this stage in the litigation, an assessment of the relative merits of the parties' positions on validity and enforceability can only be made after trial on the merits.

6.  This Court has not had the opportunity to assess any of the references Witness contends represent prior art to the NICE patents in suit, including their status as prior art under the Patent Laws or their admissibility.

7.  This Court has not had the opportunity to evaluate the merits, or assess the admissibility of any of the evidence Witness contends supports its non-infringement, invalidity, and unenforceability positions with respect to the NICE patents in suit.

8.  This Court has not had the opportunity to evaluate the merits, or assess the admissibility of any of the evidence NICE contends supports its infringement positions, and supports its rebuttal to Witness' invalidity and unenforceability positions.

9.  To date, no expert reports have been submitted by the parties on the issues of patent infringement, validity, or unenforceability.

10. To date, no expert depositions have been taken by the parties on the issues of patent infringement, validity, or unenforceability.

11. This Court has not had the opportunity to assess the testimony or credibility of any witness on the issue of Witness' liability for patent infringement.

## II. Genuine Issues of Material Facts Regarding Whether Witness Knew or Should Have Known of the Objectively High Risk of Infringing NICE's Patents Are In Dispute

12. Witness asserts that NICE's interrogatory responses filed on March 2, 2007, before deposition discovery in this case and before the service of Witness' responses to NICE's interrogatories relevant to the issue of willful infringement, fail to provide evidence to support NICE's claim for willfulness. By so asserting, Witness ignores the record in this case, which clearly demonstrates that Witness knew or should have known of the objectively high risk of infringement of NICE's valid patents, as demonstrated below.

13. Witness was aware of U.S. Patent Nos. 5,819,005 and 5,396,371 by April 1999, and of U.S. Patents Nos. 6,249,570, 6,728,345, 6,775,372, 6,785,370, and 5,274,738 Patents by October 2004, at the latest. (*See* Ex. B, Kent May Letter; Ex. C, Kent August Letter).

14. In 2004, Witness met with Dictaphone and considered buying the Dictaphone CRS Division and Dictaphone patents that NICE purchased in May 2005 and which are asserted against Witness in this litigation. (*See* Ex. B, Kent May Letter; Ex. D, Watson Depo. Trans. at 114:18-119:2).

15. Witness was aware that Dictaphone sued NICE for infringement of U.S. Patent No. 5,396,371. **REDACTED**

**REDACTED** (*See* Ex. E, Hegebarth Depo. Trans. at 15:25-18:8).

16. Witness was aware that NICE paid a substantial sum of money for Dictaphone's CRS Division, including the Dictaphone Patents, which are asserted against Witness in this litigation. (*See* Ex. I, TAC June 6, 2005 Minutes; Ex. K, NICE Press Release; Ex. L, Speech Technology Press Release; Ex. M, CRM Press Release).

17. NICE is a major competitor of Witness, and Witness monitored and was aware of NICE's call recording products. (*See* Ex. F, Treaster Depo. Trans. at 137:19-139:11; Ex. E, Hegebarth Depo. Trans. at 68:2-68:24).

18. Witness monitored the patents of its competitors, including NICE and Dictaphone. (*See* Ex. H, TAC Charter; Ex. E, Hegebarth Depo. Trans. at 46:1-46:24).

19. In 2005, Witness created a Technology Advisory Council which was tasked with addressing Witness' "patent strategy against NICE." (Ex. G, TAC July 21, 2005 Minutes; *see also* Ex. E, Hegebarth Depo. Trans. at 72:19-73:22; Ex. D, Watson Depo. Trans. at 81:2-81:8 & 109:19-112:11).

20. Witness created a Patent Advisory Council "responsible for the evaluation and analysis of third party patents and applications to understand how they impact company products and initiatives." (Ex. H, TAC Charter; *see also* Ex. E, Hegebarth Depo. Trans. at 46:1-46:24). In addition, Witness' Patent Advisory Council was "to perform periodic assessment and produce

directive guidance to the company regarding the effectiveness of its patent portfolio." (Ex. H, TAC Charter; *see also* Ex. I, TAC June 6, 2005 Minutes).

21.  Despite its knowledge of NICE's patents, Witness made no efforts to design around or otherwise avoid infringing any of the NICE patents in suit. (*See* Ex. J, Spohrer Depo. Trans. at 112:12-114:14).

Dated: November 21, 2007

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on November 21, 2007, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Counter-Statement of Genuine Issues of Material Fact in Dispute in Opposition To Defendant's Motion for Partial Summary Judgment on Willful Infringement, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> William J. Marsden, Jr., Esquire
> Kyle Wagner Compton, Esquire
> Fish & Richardson, P.C.
> 919 North Market Street, Suite 1100
> P.O. Box 1114
> Wilmington, DE 19899-1114

I further certify that on November 21, 2007, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**
Noah C. Graubart (graubart@fr.com)
Nagendra Setty (setty@fr.com)
Daniel A. Kent (kent@fr.com)
Christopher O. Green (green@fr.com)
Fish & Richardson, P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

/s/ Melanie K. Sharp
Melanie K. Sharp (No. 2501)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6681
msharp@ycst.com