IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., and | ) | |
| NICE SYSTEMS, LTD., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-311-JJF |
| | ) | |
| WITNESS SYSTEMS, INC., | ) | **REDACTED VERSION** |
| | ) | |
| Defendant. | ) | |

**DECLARATION OF JOSEPH M. DRAYTON
IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT WITNESS SYSTEMS, INC.'S MOTIONS *IN LIMINE***

**VOLUME 1 OF 3**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: December 28, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
NICE SYSTEMS, INC., and                     :
NICE SYSTEMS LTD.,
                                            :   Civil Action No. 06-311-JJF
                          Plaintiffs,
                                            :
             v.                             :
WITNESS SYSTEMS, INC.,                      :
                          Defendant.        :
                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**DECLARATION OF JOSEPH M. DRAYTON
IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT WITNESS SYSTEMS, INC.'S MOTIONS IN LIMINE**

**JOSEPH M. DRAYTON** declares:

      1.     I am counsel at the law firm Kaye Scholer LLP, counsel for Plaintiffs

NICE Systems, Inc. and NICE Systems, Ltd. ("NICE") in this action.  I am a member in good

standing of the bars of the States of New York and Maryland and am admitted *pro hac vice* in

this case.

      2.     Attached to this Declaration of Joseph M. Drayton in Support of Plaintiffs'

Response in Opposition to Defendant Witness Systems, Inc.'s Motions in Limine as Exhibits A

through SS are true and correct copies of the following:

Exhibit A:     Excerpts from Deposition Transcript of Eran Porat, dated September 18,
2007, in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness
Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit B:     Letter from Daniel Kent to Joseph Drayton, dated January 8, 2007.

31586503.DOC

Exhibit C:   Excerpts from Deposition Transcript of Eyal Danon, dated December 20, 2005, in *Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd.*, Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP)

Exhibit D:   Excerpts from Deposition Transcript of Aviad Abiri, dated January 28, 2005, in *Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd.*, Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP)

Exhibit E:   Excerpts from Deposition Transcript of Shlomo Shamir, dated September 17, 2007, in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit F:   NICE's Objections and Responses to Witness' Third Set of Interrogatories, dated March 2, 2007

Exhibit G:   Email from Shlomo Shamir to Zvi Baum, Ilan Yosef and Barak Eilam, dated April 18, 2005, bearing production numbers NICE_DE_01376916-17

Exhibit H:   Email from Shlomo Shamir to Zvi Baum, Ilan Yosef and Barak Eilam, dated April 20, 2005, bearing production numbers NICE_DE_01377054-55

Exhibit I:   Email from Shlomo Shamir to Zvi Baum and Haim Shani, dated October 21, 2004 bearing production numbers NICE_DE_01441000-02

Exhibit J:   Email from Shlomo Shamir to Dale Pacetti, Deborah Blackburn, Eran Gorev, Jacob Fox, Aviad Abiri, Zvi Baum and Ilan Yosef, dated April 22, 2005, bearing production numbers NICE_DE_01441283-85

Exhibit K:   Email from Shlomo Shamir to Zvi Baum, dated March 6, 2005, bearing production numbers NICE_DE_01441885-86

Exhibit L:   STS Software, Ltd.'s Initial Disclosures, dated October 22, 2004, in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit M:   Initial Disclosures of NICE Systems, Ltd. and Supplemental Disclosures of NICE Systems, Inc., dated May 10, 2005, in *Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd.*, Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP)

Exhibit N:   Letter from Annette McGuire to Christopher Green, dated April 5, 2005.

Exhibit O:   Defendant's Deposition Exhibit 68 in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit P:    Defendant's Deposition Exhibit 74 in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit Q:    Plaintiff's Deposition Exhibit 10 in *Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd.*, Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP)

Exhibit R:    Plaintiff's Deposition Exhibit 85 in *Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd.*, Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP)

Exhibit S:    Notice of Deposition of Shlomo Shamir, dated August 14, 2007, in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit T:    Subpoena of Shlomo Shamir, dated July 27, 2006, in *Witness Systems, Inc. v. NICE Systems, Inc. and NICE Systems, Ltd.*, Civ. No. 1:04-CV-2531 (N.D. Ga.) (CAP)

Exhibit U:    Exhibit A to NICE's Objections and Answers to Witness' Second Set of Interrogatories, dated December 27, 2006.

Exhibit V:    NICE's Supplemental Objections and Responses to Witness' Second Set of Interrogatories, dated April 6, 2007.

Exhibit W:    Expert Report of John Henits, dated December 17, 2007

Exhibit X:    Excerpts from Deposition Transcript of David Murray, dated April 13, 2007, in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit Y:    Plaintiffs' Deposition Exhibit 129

Exhibit Z:    Plaintiffs' Deposition Exhibit 10 in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit AA:    Nortel Contact Recording, Nortel Quality Monitoring Sales Engineering Technical Overview, bearing production numbers WSDEPROD 0317200-249

Exhibit BB:    Vision Document-Nortel Contact Recording & Quality Monitoring, v6.1 and v6.2, bearing production numbers WSDEPROD 0309370-384

Exhibit CC:    Witness Systems, Inc. Press Release, dated September 27, 2005, available at http://www.witness.com/main.aspx.?pid=258

Exhibit DD:    Deposition Transcript of Richard Heap, dated September 5, 2007

Exhibit EE:    Deposition Transcript of Duane Wright, dated May 23, 2007

Exhibit FF:    Deposition Transcript of Marc Calahan, dated June 28, 2007

Exhibit GG:    Deposition Transcript of John Bourne, dated May 23, 2007

Exhibit HH:    Deposition Transcript of Christopher Blair, dated May 16, 2007

Exhibit II:    Deposition Transcript of Damian Grant Smith, dated May 11, 2007

Exhibit JJ:    Deposition Transcript of Daniel Spohrer, dated August 3, 2007

Exhibit KK:    30(b)(6) Deposition Transcript of Nancy Treaster, dated June 29, 2007

Exhibit LL:    Deposition Transcript of Philip Gordon Dawes, dated May 25, 2007

Exhibit MM:    Deposition Transcript of Timothy Hannah, dated May 22, 2007

Exhibit NN:    Deposition Transcript of David Williams, dated May 24, 2007

Exhibit OO:    Deposition Transcript of Joseph Watson, dated September 6, 2007

Exhibit PP:    Excerpts from Deposition Transcript of Duane Wright, dated April 11, 2007, in *STS Software Systems, Ltd. & NICE Systems, Ltd. vs. Witness Systems, Inc.*, Civ. No. 1:04-CV-2111 (N.D. Ga.) (RWS)

Exhibit QQ:    Initial Disclosures of NICE Systems, Ltd., dated October 17, 2006, in *NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc.*, Civ. No. 1:06-CV-311 (DE) (JJF)

Exhibit RR:    Initial Disclosures of Witness Systems, Inc., dated October 17, 2006, in *NICE Systems, Inc. and NICE Systems, Ltd. v. Witness Systems, Inc.*, Civ. No. 1:06-CV-311 (DE) (JJF)

Exhibit SS:    Defendant's Deposition Exhibit 14

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28

U.S.C. § 1746.

Executed on December 28, 2007

Joseph M. Drayton

# EXHIBIT A

# REDACTED

# EXHIBIT B

# FISH & RICHARDSON P.C.

1180 Peachtree Street
Atlanta, Georgia
30309

Frederick P. Fish
1855-1930

Telephone
404 892-5005

W.K. Richardson
1859-1951

Facsimile
404 892-5002

**VIA EMAIL**

Web Site
www.fr.com

January 8, 2007

Daniel A. Kent
(404) 724-2828

Joseph Drayton
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022-3598

Email
kent@fr.com



ATLANTA

AUSTIN

BOSTON

DALLAS

DELAWARE

NEW YORK

SAN DIEGO

SILICON VALLEY

TWIN CITIES

WASHINGTON, DC

Re:   *NICE Systems, Inc. & NICE Systems LTD. v. Witness Systems, Inc.*
      USDC D. Del. Case No:  1:06-cv-00311

Dear Joe:

This confirms our prior agreement and discussions (including in your December 20, 2006 e-mail to me) that the parties to this action have designated for production in this case all documents produced in the cases pending between or among them in the Northern District of Georgia.  As a result, documents produced by any party to the following cases are deemed to be produced also in this action under the terms of the protective order submitted by the parties to the Court for approval on December 29, 2006:

> *STS Software Sys., Ltd. v. Witness Sys., Inc.,*
> Civil Action No. 1 :04-CV-02111-RWS (N.D. Ga.)
>
> *Witness Sys., Inc. v. NICE Sys., Inc. and NICE Sys., Ltd.*
> Civil Action No. 1 :04-CV-253 1-CAP (N.D. Ga.)
>
> *Witness Sys., Inc. v. NICE Sys., Inc. & NICE Sys., Ltd.*
> Civil Action No. 1 :06-CV-00126-TCB (N.D. Ga.)

We understand that this agreement will also extend to any documents produced in the newly filed declaratory judgment case, also now pending in the Northern District of Georgia.  Please contact me immediately if you believe I have misstated anything concerning our agreement.

Sincerely,

Daniel A. Kent

12012013.doc

# EXHIBIT C

# REDACTED

# EXHIBIT D

# REDACTED

# EXHIBIT E

# REDACTED

# EXHIBIT F

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

                      Plaintiffs,

              v.

WITNESS SYSTEMS, INC.,

                    Defendant.

: 

: 

:    Civil Action No. 06-311-JJF

: 

: 

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT WITNESS SYSTEMS, INC.'S THIRD SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), by their attorneys, hereby provide the following responses to Defendant Witness Systems, Inc.'s ("Witness") Third Set of Interrogatories (referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories").

## GENERAL OBJECTIONS

1.     NICE objects to each interrogatory to the extent that it seeks material not reasonably calculated to lead to the discovery of admissible evidence and/or material protected by the attorney-client privilege and/or material protected by the work-product doctrine and/or material which otherwise exceed the bounds of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the Interrogatories shall not be deemed to waive any claim of privilege or immunity.

ws3399.tmp

2.    NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

3.    NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening NICE, harassing it, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that calls for information already in Defendant's possession or within the public domain.  Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that seeks disclosure, not subject to a protective order, of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought.  NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances, communications or persons falling within particular categories, because such demand will cause

undue burden and expense. NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

    8.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories that seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

    9.    NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing. NICE will not be limited by its responses herein. If NICE gathers additionally responsive to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

    10.    NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

    11.    NICE reasserts and incorporates its objections to the Definitions and Instructions to Defendant's First Request for Production of Documents.

    12.    NICE specifically objects to Witness' definition of "NICE," "you," and "your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

    13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it

improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 20:

For each claim of Patents-in-Suit, identify all NICE or Dictaphone products that you contend practice or have practiced each claim (whether alone or in combination with other products) and explain in detail how the product(s) practice the claim, including identifying all versions of software, source code, and/or models or versions of hardware and all configurations thereof.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:

NICE objects to Interrogatory No. 20 to the extent it seeks information which is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to Interrogatory No. 20 as overly broad and not likely to lead to the discovery of admissible evidence to the extent it seeks identification of "all NICE or Dictaphone products." Further, NICE objects to the extent that Dictaphone likely developed, marketed, sold and/or offered to sell products of which NICE has no knowledge. Additionally, NICE objects to this Interrogatory to the extent it calls for NICE to investigate and provide information that Witness already has in its possession, will receive from NICE and/or may be obtained from other sources or documents that are more convenient, less burdensome or less expensive and/or already has been made available to Witness.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that a chart of NICE and/or Dictaphone products that practice each claim are set forth on a per claim basis in Exhibit A, which is attached hereto.

**INTERROGATORY NO. 21:**

Identify all NICE and/or Dictaphone products that you contend compete or have competed with any of the Accused Products, including identifying which NICE and/or Dictaphone products compete or have competed with which of the Accused Products, including identifying all versions of software, source code, and/or models or versions of hardware and all configurations thereof for each of the identified NICE and/or Dictaphone products and for each of the Accused Products.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

NICE objects to Interrogatory No. 21 to the extent it seeks information which is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to Interrogatory No. 21 as overly broad, unduly burdensome, vague, ambiguous and not likely to lead to the discovery of admissible evidence to the extent it seeks identification of "all NICE and/or Dictaphone Products." NICE further objects to this interrogatory as overly broad, unduly burdensome, vague, ambiguous and not likely to lead to the discovery of admissible evidence to the extent it seeks identification of "all versions of software, source code, and/or models or versions of hardware and all configurations thereof for each of the identified NICE and/or Dictaphone products and for each of the Accused Products." Further, NICE objects to the extent that Dictaphone likely developed, marketed, sold and/or offered to sell products of which NICE has no knowledge. Additionally, NICE objects to this Interrogatory to the extent it calls for NICE to investigate and provide information that Witness already has knowledge of, already has in its possession, will receive from NICE and/or

may be obtained from other sources or documents that are more convenient, less burdensome or less expensive and/or already has been made available to Witness.

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "all NICE and/or Dictaphone products that compete or have competed with any of the Accused Products." NICE further responds that all versions and components of the systems NICE Perform, NICE Universe and NICE Log compete or competed with the Accused Products. NICE further responds, upon information and belief, that all versions of Mirra Series, Freedom Enterprise, Contact Point, Freedom VoIP, Freedom, daVinci, Symphony CTI, ProLog and Guardian compete or competed with the "Accused Products."

**INTERROGATORY NO. 22:**

Explain NICE's remedies theories, including each and every factual and legal basis for why NICE contends it is entitled to lost profits, a reasonable royalty, a permanent injunction, damages due to price erosion and/or any other relief, and identify any documents you contend support each factual and legal basis.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:**

NICE objects to Interrogatory No. 22 to the extent it seeks information which is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to this interrogatory on the grounds that it is a compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to the extent that the information requested will be the subject of expert testimony. NICE further objects to this interrogatory to the extent it seeks information pertaining to "damages due to price erosion" as NICE did not request relief of this nature in its Complaint. To the extent that

discovery uncovers a basis to support such a claim and any analysis of price erosion is required or becomes necessary, such analysis will be the subject of expert testimony and as such NICE has no information to disclose at this time.

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to explain why "it is entitled to lost profits, a reasonable royalty, a permanent injunction." NICE further responds that it is entitled to recover lost profits because: (1) there was and remains a demand for products using the methods or embodying the apparatus of the asserted claims in this litigation during the time of Witness's infringing sales; (2) NICE is not aware of any acceptable non-infringing substitutes; (3) NICE had and has the ability to meet the demand for products using the methods or embodying the apparatus of the asserted claims in this litigation; and (4) but for Witness's infringing sales, NICE would have made a profit equal to or greater than the profit normally associated with the sales of its products. Further, NICE's basis for seeking a reasonable royalty includes one or more of the following factors: (1) NICE and Witness are competitors in the call center market; (2) the profitability of the "Witness Products" stemming from their commercial success and/or profitability; (3) the advantages of the Witness Products over other competing methods or devices; (4) the relationship between Witness's profits and the patented aspects of the Accused Products; and, (5) the rate that NICE would have received from Witness if the parties had engaged in a prudent and reasonable attempt to negotiate a royalty rate. Additionally, injunctive relief is premised upon at least the successful litigation of this matter, the irreparable harm stemming from the clear threat to commercial value of NICE's products due to Witness's infringement and the balance of harm weighing in NICE's favor if an injunction were not awarded. If, upon completion of fact and expert discovery, NICE

obtains further information responsive to this interrogatory, it will supplement its response at that time.

## INTERROGATORY NO. 23:

Identify all current or former NICE employees, consultants, or independent contractors who also were or are employees, consultants, or independent contractors of Dictaphone, including for each person identified, please provide their name, address, job titles held, responsibilities for each job held, their tenure, their current position, and which NICE and/or Dictaphone locations at which they work or worked.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:

NICE objects to Interrogatory No. 23 as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent it seeks the identification of "all current or former NICE employees, consultants, or independent contractors who also were or are employees, consultants, or independent contractors of Dictaphone." NICE further objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that, for each person it seeks identification of their "address, job titles held, responsibilities for each job held, their tenure, their current position, and which NICE and/or Dictaphone locations at which they work or worked."

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "all current or former NICE employees, consultants, or independent contractors who also were or are employees, consultants, or independent contractors of Dictaphone." NICE further responds as follows, upon information and belief, that the following "current or former NICE employees, consultants, or independent contractors who also were or are employees, consultants, or independent contractors of Dictaphone":

| | | | |
|---|---|---|---|
| Mark Bayless | David Glowny | Phil Min Ni | John Sands |
| Guy Belliveau | Floyd Griffin | Mark Myette | Rich Seinkowicz |
| Bob Butler | Jim Hammond | Robert Olley | Pat Shearman |
| Nick D'Agosto | John Henits | Bob Osborne | Phil Sidebottom |
| Deborah D'Orazio | Mark Henson | Ed Ostigny | Barbara Spain |
| Sandra Davias | Chuck Hudak | Jitendra Patel | Kathleen Steuber |
| David Diamond | Fred Jurs | Mark Petersen | Brian Stocklin |
| Joseph Ernst | John Kaiser | Rick Piper | Paul Strilka |
| Tim Feldman | Dave Langlands | Anita Rego | Larry Williston |
| Chris Gallahan | Thomas McKenna | John Richter | |
| Jim Gleason | Frank McQueeney | Vincent Rosso | |

**INTERROGATORY NO. 24:**

Identify all persons having knowledge concerning the Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21, including for each person identified, their name, address, job titles held, responsibilities for each job held, their tenure, their current position, and each NICE and/or Dictaphone locations at which they work or worked.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

NICE objects to Interrogatory No. 24 as overly broad, burdensome and not likely to lead to the discovery of admissible evidence to the extent it seeks the identification of "all persons having knowledge." NICE further objects to this interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence to the extent that, for each person it seeks identification of their "address, job titles held, responsibilities for each job held, their tenure, their current position, and each NICE and/or Dictaphone locations at which they work or worked." NICE further objects to this interrogatory to the extent that the information it seeks documents that have been, or will be, produced to Witness.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that upon information and belief the products identified in Interrogatories Nos.

20 and/or 21, have spanned a product life cycle period from roughly 1988 through to the present time. During this period numerous individuals have most likely had knowledge concerning the identified products. NICE objects to this interrogatory because no single list of individuals exists or can be compiled to answer this interrogatory. In addition to the people NICE identified in response to Interrogatory No. 23 and the inventors named on each of the Patents-in-Suit, upon information and belief, the following is a list of former Dictaphone employees that may have knowledge concerning one or more of the identified Dictaphone products:

| | | | |
|---|---|---|---|
| Josh Ambroson | David Diamond | George Hibler | Linda Mills |
| Kathy Antonelli | Kathy Dimascio | Kevan Higgins | Phil Min Ni |
| John Archipolo | Clyde Eller | Sherry Hosmer | Rich Miskowicz |
| Bob Attanasio | Joseph Ernst | Chuck Hudak | Bill Munko |
| April Batka | Robert Evans | John Humbertus | Mark Myette |
| Mark Bayless | Steve Fanale | Jason Humblias | Louis Nardone |
| Chris Beekman | Tim Feldmann | John Ives | Ahmad Nasir |
| Guy Belliveau | Anthony Fini | Joel Jalbert | Adam Nichols |
| Tony Bicker | Sheryl Fournier | Fred Jurs | Martin |
| Baron Blakley | Michelle Fox | John Kaiser | Niederberger |
| Victor Bojarski | Diane Gagne | Phyllis Kanuch | Theresa Nobles |
| Marilyn Bright | Chris Gallahan | Howard Kees | Tammy O'Brien |
| Ina Brinson-Carter | Marian Gauldin | Bill Kennedy | Robert Olley |
| Bob Butler | Marsal Gavalda | Chris Kennison | Bob Osborne |
| Julie Cambe | Ivan Gearhart | Bruce Kubik | Ed Ostigny |
| Gary Cammisa | Jim Gleason | Robert Lakey | Marg Ostigny |
| Richard Cassidy | Patty Gomez | Richard Lamb | Bob Paddock |
| Joe Castro | Thomas Gosselin | Dave Langlands | Rachel Palmer |
| Bonnie Christian | Gretchen Griffen | Tim Ledwick | Jitendra Patel |
| Garrett Clark | Floyd Griffin | Tracy LeJeune | Joe Pechulis |
| Ken Cook | Jeanette Guarino | Julee Lesko | Cheri Pelletier |
| Joshua Coon | Dave Gutteridge | Don Longava | Diann Perry |
| Ed Cortes | Linda Haelsen | Bob Lynch | Mark Peterson |
| Todd Crump | Jo-Ann Hamilton | Chris MacDonald | Mike Pogany |
| Nick D'Agosto | Karl Hammes | Charles Martino | Steve Pratt |
| Susan D'Auria | Jim Hammond | Dan McGraw | Don Price |
| Deborah D'Orazio | Sherry Headlee | Gene McGraw | Cassandra |
| Tanja Damm | Jerry Hegeman | Tom McKenna | Prichard |
| Sandra Davias | Ron Helterbrand | Frank McQueeney | Anita Rego |
| Jim Davis | John Henits | David Meagher | John Remsen |
| John Deegan | Mark Henson | Richard Mears | John Richter |
| Joe Delaney | Jackie Herlihy | Stacy Meszaros | Teresa Riznyk |

| | | | |
|---|---|---|---|
| Glinda Robertson | Allen Sherlock | Kathleen Steuber | Keegan Warner |
| Thomas Rosensteel | Phil Sidebottom | Brian Stocklin | Bill Webb |
| Vincent Rosso | Rich | Stacy Stover | Scott Westlund |
| Diane Roth | Sienkiewicz | Paul Strilka | Jason Wilcutt |
| Ed Rucinski | Mike Sievert | Jamie Sugar | Todd Williams |
| Kathy Sanchez | Louann | Carolyn Sutton | Larry Williston |
| John Sands | Simoncini | Alfred Tomlin | Steve Wolfson |
| Gary Schiavo | Jerry Smith | Kevin Tran | Dan Wood |
| Rob Schwager | Patricia Soler | John Tropsa | John Wynia |
| Tony Scinto | Barbara Spain | Lisa Tuliano | Fred Young |
| Kimyen Sen | Vince Sperrazza | Marcia Vidal | |
| Pat Shearman | Robin Steiner | Richard Vogt | |

## INTERROGATORY NO. 25:

Identify all products, product lines, software, source code and/or hardware and versions or models thereof that NICE acquired from Dictaphone, including identifying which products, product lines, software, source code and/or hardware NICE acquired and which is still being sold or offered for sale by NICE or any third party.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:

NICE objects to Interrogatory No. 25 as overly broad, burdensome and not likely to lead to the discovery of admissible evidence to the extent it seeks the identification of "all products, product lines, software, source code and/or hardware and versions or models thereof that NICE acquired from Dictaphone."

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "all products, product lines, software, source code and/or hardware and versions or models thereof that NICE acquired from Dictaphone." NICE further responds that it acquired: Freedom Enterprise; Contact Point; Freedom VoIP; Freedom; daVinci; Symphony CTI; ProLog; and, Guardian. NICE further responds that Freedom Enterprise and Freedom FT are currently being marketed by NICE.

**INTERROGATORY NO. 26:**

Identify all sales that NICE contends it lost due to Witness' alleged infringement of any of the Patents-in-Suit, specifying all customers, customer locations, customer contacts, NICE product to be sold, prices of the NICE product, dates, profits for the lost sale, and costs of the product corresponding to each lost sale.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 26:**

NICE objects to Interrogatory No. 26 as overly broad, burdensome and not likely to lead to the discovery of admissible evidence to the extent it seeks the identification of "all sales" that NICE lost due to Witness's infringement. NICE further objects to the extent that this information is contained in Witness documents and/or information requested by NICE, which may or may not have not been produced to date.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE continues to investigate the subject matter of this interrogatory. NICE will supplement its response to this Interrogatory as it discovers more information.

**INTERROGATORY NO. 27:**

Please provide the quantity of units, customers, and the annual sales of all NICE Products or Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 27:**

NICE objects to Interrogatory No. 27 as burdensome to the extent that it calls for NICE to provide information that Witness already has in its possession, has received or will receive from NICE and/or may be obtained from other sources or documents that are more convenient, less burdensome or less expensive. NICE further objects to this Interrogatory to the extent it seeks information is the subject of an agreement between the parties addressing the best

method of producing such information.  This agreement is currently being negotiated and once this agreement is finalized, NICE will respond to this Interrogatory accordingly.

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "the quantity of units, customers, and the annual sales of all NICE Products or Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21."

**INTERROGATORY NO. 28:**

Please provide NICE's quarterly and annual gross and net profits, on an aggregate and per unit basis, from sales of each of the NICE Products or Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21, including information such as quantities sold, revenues, direct and indirect costs, costs of goods sold or leased, manufacturing costs, general, selling, administrative and marketing expenses.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 28:**

NICE objects to Interrogatory No. 28 as burdensome to the extent that it calls for NICE to provide information that Witness already has in its possession, has received or will receive from NICE and/or may be obtained from other sources or documents that are more convenient, less burdensome or less expensive.  NICE further objects to this Interrogatory to the extent it seeks information is the subject of an agreement between the parties addressing the best method of producing such information.  This agreement is currently being negotiated and once this agreement is finalized, NICE will respond to this Interrogatory accordingly.

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "quarterly and annual gross and net profits, on an

aggregate...basis, from sales of each of the NICE Products or Dictaphone products." NICE further responds that NICE does not maintain records to provide the information requested on a per unit basis.

**INTERROGATORY NO. 29:**

Please provide and describe NICE's marketing and sales capacity from 1995 to present, including a description, qualitatively and quantitatively, of NICE's capacity to provide each of the NICE Products or Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29:**

NICE objects to Interrogatory No. 29 as overly broad, burdensome, vague and ambiguous and not likely to lead to the discovery of admissible evidence to the extent it seeks information pertaining to "NICE's marketing and sales capacity." NICE further objects to this interrogatory as overly broad, unduly burdensome, vague and ambiguous and not likely to lead to the discovery of admissible evidence to the extent it seeks "a description, qualitatively and quantitatively, of NICE's capacity to provide each of the NICE Products or Dictaphone products."

**INTERROGATORY NO. 30:**

Identify all third party software or hardware that is or was used by or is or was a component or part of any of the NICE Products or Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21, including identifying the name of the software and/or hardware, vendor, price of the third party software or hardware, and the NICE Product or Dictaphone product to which this information corresponds.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 30:

NICE objects to Interrogatory No. 30 as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence to the extent it seeks the identification of "all third party software."

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "all third party software or hardware that is or was used by or is or was a component or part of any of the NICE Products or Dictaphone products." NICE further responds that the "software or hardware that is or was used by or is or was a component or part of any of the NICE Products or Dictaphone products" are: Netopia, Inc.'s Timbuktu and Royal Phillips Electronics Speak&Find Technology, and upon information and belief, Microsoft Windows; Microsoft Internet Explorer; Microsoft SQL; Microsoft Jet Engine; Crystal Reports; Veritas Tape Back-up; RedHat Linux; QNX Operating System; DSP Group G723.1 Codec; Funk Screen Capture; Perception Forms Builder; Intel Dialogic CT-Connect; TSAPI CTI; JTAPI Cisco Call Manager; Baltimore Technologies PKI Software; Advanced Decisions Authentication Software; Intel Dialogic Telephony Modules; Acculab Telephony Module; Cybertech Telephony Modules; Radisys Processor Module; MCK Communications Telephony Module; DSP Group Digital Signal Processor CT8021; WangDat, Sony, Hewlet Packard DAT Drives; Panasonic DVD-RAM Drives; IBM, Fujitsu, Seagate, Maxtor Disk Drives; Maxtor NAS; Iomega NAS; SnapServer NAS; HP/Compaq Desktop & Server Computer Products; Intel Desktop & Server Computer Products; Adaptec SCSI Controllers; 3Com EtherLink Network Adaptor; ARCO Raid Controller; Chrysalis Encryption PCMCIA Module. NICE continues to investigate the subject matter of this interrogatory. NICE will supplement and/or correct its response to this Interrogatory as it discovers more information.

**INTERROGATORY NO. 31:**

Identify each and every factual and/or legal basis for your contention that you are entitled to injunctive relief in this litigation, including as appropriate any irreparable harm you contend you have suffered or will suffer, why you claim monetary damages are inadequate to compensate for the harm, how you claim the balance of hardships favors NICE, and how the public interest would not be disserved by a permanent injunction, if you so contend.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 31:**

NICE objects to Interrogatory No. 31 to the extent it seeks information which is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to the extent that this will be the subject of expert testimony and as such NICE has no information to disclose at this time.

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "each and every factual and/or legal basis for [NICE's] contention that [it is] entitled to injunctive relief." NICE further responds that it has already provided information sufficient to identify the basis for NICE's contention that it is entitled to injunctive relief in response to Interrogatory No. 22.

**INTERROGATORY NO. 32:**

Describe NICE's and/or Dictaphone's current or past relationship with Bulova Technologies EMS LLC, including the nature of the relationship, the identification of the Bulova individuals who interacted with NICE and/or Dictaphone and their roles, the goods or services Bulova provides or has provided to NICE and/or Dictaphone or on their behalf, the compensation Bulova received for providing these good or services, and the time period during which Bulova provided these good or services.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 32:**

NICE objects to Interrogatory No. 32 as unduly burdensome to the extent the information sought herein is the subject of publicly available information that can be obtained by Witness from other sources that are more convenient, less burdensome and less expensive. NICE further objects to this interrogatory pursuant to Fed. R. Civ. P. Rule 33(d) to the extent that the information requested can be "derived or ascertained from the business records" from documents that NICE will produce or has already produced. NICE further objects that the information sought in this interrogatory has been made available, or will be made available, pursuant to Witness document requests 138.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that Dictaphone EMS, the manufacturing business unit of Dictaphone Inc. provided electronic contract assembly and manufacturing support to Dictaphone, Inc. and other companies. As part of NICE's acquisition of Dictaphone CRS, NICE assumed a preexisting manufacturing agreement with Dictaphone's EMS division pursuant to which Dictaphone EMS manufactures all ex-CRS products. Upon information and belief, after the acquisition of Dictaphone CRS by NICE, Bulova Technologies purchased Dictaphone's EMS business. Following that purchase, Bulova continued to support NICE's manufacturing needs in the same manner as Dictaphone EMS. James Davis, the former head of the Dictaphone EMS group, is employed by Bulova.

**INTERROGATORY NO. 33:**

Describe in detail the information that you believe the Avaya employees identified in NICE's Amended and Supplemented Initial Disclosures have, associating this information with each of the identified persons.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 33:**

NICE objects to Interrogatory No. 33 as overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence to the extent it seeks detailed information NICE believes certain Avaya employees have.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that Scott Mckechnie, David Raanan, and Mike Thurk were or are employees of Avaya that served as contacts for NICE in its efforts to design its recording and quality management solution suite designed to work with the Avaya Communication Manager software application programming interface. As such, they are likely to have discoverable information regarding one or more of the NICE Products.

**INTERROGATORY NO. 34:**

Identify the corporate officers and directors for NICE and Dictaphone from 1995 to present, including providing names, positions, addresses, titles, duties, and tenures.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 34:**

NICE objects to Interrogatory No. 34 as unduly burdensome and unlikely to lead to the discovery of admissible evidence to the extent it seeks the identification of "the corporate officers and directors for NICE and Dictaphone from 1995 to present." NICE further objects to this Interrogatory to the extent that, for each person, it seeks identification of their "positions, addresses, titles, duties, and tenures." NICE further objects to this interrogatory to the extent that it seeks information that is publicly available. NICE further objects to this interrogatory pursuant to Fed. R. Civ. P. Rule 33(d) to the extent that the information requested can be "derived or ascertained from the business records" from documents that NICE will produce or has already produced. NICE further objects that the information sought in this interrogatory has been made available, or will be made available, pursuant to Witness document requests 4.

Subject to, and without waiving, the foregoing General and Specific Objections,

NICE responds that currently, the following people serve on NICE's global management team:

**NICE Systems Ltd. Board of Directors**
Joseph Atsmon
Rimon Ben-Shaoul
Yoseph Dauber
Dan Falk
Ron Gutler
John Hughes
David Kostman
Dr. Leora Meridor

**NICE Systems Ltd. Corporate Officers**
Dr. Shlomo Shamir (President)
Haim Shani (Chief Executive Officer)
Ran Oz (Corporate Vice President and Chief Financial Officer)
Yechiam Cohen (Corporate Vice President and General Counsel)

**NICE Systems, Inc. Corporate Officers**
Eran Gorev (President and Chief Executive Officer)
David Ottensoser (Secretary)

**INTERROGATORY NO. 35:**

Identify each location where NICE or Dictaphone has or has had a facility,

including identify the address of the location, the activities that occur or did occur at each

location, the number of employees that work or did work at each location, the purpose of the

facility, what groups were located at each facility, and during what time period the facility

existed or whether it still exists.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 35:**

NICE objects to Interrogatory No. 35 as overly broad, unduly burdensome and

unlikely to lead to the discovery of admissible evidence to the extent it seeks the identification of

"each location where NICE or Dictaphone has or has had a facility." NICE further objects to this

interrogatory as overly broad, unduly burdensome and unlikely to lead to the discovery of

admissible evidence to the extent it seeks identification of "the activities that occur or did occur

at each location, the number of employees that work or did work at each location, the purpose of

the facility, what groups were located at each facility, and during what time period the facility

existed or whether it still exists." NICE further objects to this interrogatory to the extent that the

information sought is the subject of publicly available information that can be obtained by

Witness from other sources that are more convenient, less burdensome and less expensive.

      Subject to, and without waiving, the foregoing General and Specific Objections,

NICE responds that it has the following offices:

International Corporate Headquarters
NICE Systems Ltd.
8 Hapnina Street
P.O Box 690
43107 Ra'anana, ISRAEL

NICE CTI Systems UK Ltd
Tollbar Way, Hedge End,
Southampton,
Hampshire, SO30 2ZP
ENGLAND

NICE Systems Inc.
301 Rt 17 North 10th Floor
Rutherford, NJ 07070

38 / 40 Boulevard Henri Sellier
92 156 Suresnes Cedex
FRANCE

NICE Switzerland AG
Boesch 45, 6331 Huenenberg
Switzerland

NICE Systems GmbH
Lyoner Strasse 44-48
60528 Frankfurt  GERMANY

# 516, 5th floor,
'B' Wing, Carlton Towers
Airport Road, 560 008
Bangalore INDIA

NICE Systems
Australia Pty Ltd
Mezzanine Level, 141 Walker Street
North Sydney NSW 2060
Australia

NICE Japan Ltd
Flora Building, 3-10-2
Nihombashi-Ningyocho,
Chuo-ku, TOKYO, 103-0013

NICE Systems
Suite 105,
89 High Street, Kew, VIC 3101, Australia

NICE Systems (Singapore) Pte. Ltd.
112 Robinson Road
#10-03 HB Robinson, 068902 Singapore
NICE APAC Ltd
16/F Allied Kajima Builiding
138 Gloucester Road
Wanchai
HONG KONG

NICE APAC Limited Shanghai
    Representative Office
12/F, Shui On Plaza,

333 Huai Hai Zhong Road
Shanghai 200021
China

Upon information and belief, Dictaphone maintained offices in Belgium; Switzerland; France; New York, New York; and Atlanta, Georgia, as well as at the following locations:

Dictaphone World Headquarters
Dictaphone Corporation
3191 Broadbridge Avenue
Stratford, CT, 06614-2559

Canada Operations
Dictaphone Canada
2355 Skymark Avenue
Mississauga, Ontario
L4W 4Y6, Canada

International Headquarters
Dictaphone International
Commonwealth House
Chalk Hill Road
Hammersmith, London W6 8DW, UK

Customer Support Center
3984 Pepsi Cola Drive
Melbourne, FL USA 32934

Dictaphone Electronic Manufacturing
    Services Division
3900 W. Sarno Road
Melbourne, FL 32934

Australia/New Zealand/Asia Pacific
    Operations
Dictaphone International
100 Walker Street
North Sydney
Australia 2060

Dictaphone Burlington Location
21 North Avenue
Burlington, MA 01803

12 Progress Dr.
Shelton, CT  06484

**INTERROGATORY NO. 36:**

Identify all references cited by any foreign patent office during the prosecution of any Related Application or foreign counterpart of any of the Patents-in-Suit.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 36:**

NICE objects to Interrogatory No. 36 as overly broad and unduly burdensome to the extent it seeks identification of "all references cited by any foreign patent office during the prosecution of any Related Application or foreign counterpart of any of the Patents-in-Suit."

NICE further objects to this interrogatory on the grounds that the information requested is the subject of publicly available information that can be obtained by Witness from other sources that are more convenient, less burdensome and less expensive.

Subject to, and without waiving, the foregoing General and Specific Objections, in accordance with Rule 33(d) of the Fed. R. Civ. P., NICE responds that it has produced or will produce documents sufficient to identify "all references cited by any foreign patent office during the prosecution of any Related Application or foreign counterpart of any of the Patents-in-Suit."

**INTERROGATORY NO. 37:**

To the extent that you deny any request for admission that Witness serves during this litigation, explain each and every factual and legal basis for your denial.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 37:**

NICE objects to Interrogatory No. 37 to the extent it calls for information that is protected by the attorney-client privilege, work-product doctrine or any other applicable privilege or protection. NICE further objects to this Request to the extent it seeks information related to unasserted claims of the Patents-in-Suit. NICE further objects that this interrogatory is a compound and contains several individual interrogatories, thereby violating the limit of 50 interrogatories each party may serve as set forth in the schedule order that governs this proceeding.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds as follows:

REQUEST FOR ADMISSION 1:    The products identified in NICE's response to Interrogatory No. 21 are not the "only products that compete with the Accused Products" in the call center market, nor are NICE and Witness the only entities that sell and/or market products in the call center market.

REQUEST FOR ADMISSION 2:    NICE does not believe that every document it produced can be authenticated given that it has produced documents in this case that were received from Dictaphone.    Authentication requires a showing pursuant to Federal Rule of Evidence 901 that there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." To the extent a need for authentication arises at a later date, NICE expects the parties to work together to stipulate to the authenticity to as many documents as possible that will be used as trial exhibits.

REQUEST FOR ADMISSION 3:    NICE does not believe that every document it has produced in this case that was received from Dictaphone was kept in the course of regularly conducted business and are within FRE 803(6).

REQUEST FOR ADMISSION 4:    NICE does not believe that every document it produced can be authenticated given that it has produced documents in this case that were received from Dictaphone.    Authentication requires a showing pursuant to Federal Rule of Evidence 901 that there is "evidence sufficient to support a finding that the matter in question is what its proponent claims." To the extent a need for authentication arises at a later date, NICE expects the parties to work together to stipulate to the authenticity to as many documents as possible that will be used as trial exhibits.

REQUEST FOR ADMISSION 5:    NICE does not believe that every document it has produced in this case that was received from Dictaphone was kept in the course of regularly conducted business and are within FRE 803(6).

REQUEST FOR ADMISSION 6:    Witness's Request number 6 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing

further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 7:    Witness's Request number 7 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 8:    Witness's Request number 8 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 9:    Witness's Request number 9 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 10:    Witness's Request number 10 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 11:    Witness's Request number 11 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 12:    Witness's Request number 12 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 13:    Witness's Request number 13 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

REQUEST FOR ADMISSION 14:    Witness's Request number 14 asks NICE to make a legal conclusion that is solely within the purview of the Court.  NICE objects to providing further explanation as it is as it is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

**INTERROGATORY NO. 38:**

Identify the steps taken by NICE in responding to any of the document requests served by Witness in this litigation, including identify the address of all locations searched, identify all electronic media searched, identify what types of documents were found at each searched location, identify each person from whom documents were sought, and identify what additional steps were taken, if any.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 38:**

NICE objects to Interrogatory No. 38 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding.  NICE further objects that the information requested by this interrogatory is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure.

NICE further objects to this Interrogatory pursuant to Fed. R. Civ. P. 26(b)(2) to the extent that the information sought is more appropriately discovered through deposition.

## INTERROGATORY NO. 39:

Identify all versions of source code that were made available in the U.S. for any of the NICE Products or Dictaphone products identified in response to Interrogatories Nos. 20 and/or 21, including the name of each source code version, the location of each source code version, any additional information necessary to locate each source code version, and to whom each source code was made available and when.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 39:

NICE objects to Interrogatory No. 39 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding. Nice further objects to this interrogatory as overly broad, unduly burdensome and not likely to result in the discovery of admissible evidence to the extent it seeks "all versions of source code that were made available in the U.S."

## INTERROGATORY NO. 40:

Identify what you contend is the relevant product and geographic market for products relating to the technology claimed in the '371 Patent.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 40:

NICE objects to Interrogatory No. 40 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding. NICE further objects to this interrogatory to the extent it seeks information that is not likely to lead to the discovery of admissible evidence. NICE further objects to this interrogatory to the extent it seeks information related to a proposed counterclaim not asserted in this action that Witness attempted to assert in this action but which was stricken by the Court on two occasions.

**INTERROGATORY NO. 41:**

Identify what you contend is the market share of each competitor for the market you identified in response to Interrogatory No. 43.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 41:**

NICE objects to Interrogatory No. 41 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding. NICE further objects to this interrogatory to the extent it seeks information that is not likely to lead to the discovery of admissible evidence. NICE further objects to this interrogatory to the extent it seeks information related to a proposed counterclaim not asserted in this action that Witness attempted to assert in this action but which was stricken by the Court on two occasions.

**INTERROGATORY NO. 42:**

Identify any acceptable or unacceptable substitutes in the United States for the Accused Products and/or other call center products, whether infringing any of the Patents-in-Suit or not, from the filing dates of the Patents-in-Suit to the present.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 42:**

NICE objects to Interrogatory No. 42 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding. NICE further objects to this interrogatory as overly broad and unlikely to lead to the discovery of admissible evidence to the extent it seeks "any acceptable or unacceptable substitutes." NICE further objects to this interrogatory to the extent it seeks information related to a proposed counterclaim not asserted in this action that Witness attempted to assert in this action but which was stricken by the Court on two occasions.

**INTERROGATORY NO. 43:**

Identify any relationship you contend exists between the supply, demand, costs, or price for the Accused Products and/or other call center products.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 43:**

NICE objects to Interrogatory No. 43 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding. NICE further objects to this interrogatory as overly broad and unlikely to lead to the discovery of admissible evidence. NICE further objects to this interrogatory to the extent it seeks information related to a proposed counterclaim not asserted in this action that Witness attempted to assert in this action but which was stricken by the Court on two occasions.

**INTERROGATORY NO. 44:**

Identify any likely new entrants into the creation, development, production, distribution or sale of any call center products if prices were raised 5% and/or 10% and sustained, including any relevant requirements, such as costs and scale requirements, for entry.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 44:**

NICE objects to Interrogatory No. 44 as violating the limit of 50 interrogatories each party may serve as set forth in the Scheduling Order that governs this proceeding. NICE further objects to this interrogatory as overly broad and unlikely to lead to the discovery of admissible evidence. Additionally, NICE objects to this interrogatory to as unduly burdensome to the extent it seeks information that would be within the purview of expert testimony. NICE further objects to this interrogatory to the extent it seeks information related to a proposed counterclaim not asserted in this action that Witness attempted to assert in this action but which was stricken by the Court on two occasions.

Dated:  March 2, 2007

YOUNG CONAWAY STARGATT
  & TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (#1088)
Melanie K. Sharp (#2501)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  1899-0391
(302) 571-6600
kkeller@ycst.com

OF COUNSEL:
Scott G. Lindvall
Daniel P. DiNapoli
Joseph M. Drayton
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
(212) 836-8000

*Attorneys for NICE Systems, Inc. and NICE*
*Systems Ltd.*

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 5,274,738 CLAIMS | PRODUCTS |
|---|---|
| 1. A digital modular voice processing system comprising: | |
| a) a host computer having a host processor, and a storage medium, a memory and a bus interface in communication with said host processor, | • ProLog, Guardian, da Vinci, NICELog, NICE Universe, NICE Perform |
| b) a first bus in communication with said bus interface, | • ProLog, Guardian, da Vinci, NICELog, NICE Universe, NICE Perform |
| c) a voice processing card having at least one digital signal processor and at least one application processor in communication with said at least one digital signal processor, a first interface providing communication between said at least one application processor and said first bus, and a first time division multiplexer chip in communication with said at least one digital signal processor, | • ProLog, Guardian, da Vinci, NICELog, NICE Universe, NICE Perform |
| d) a second bus in communication with said first time division multiplexer chip, and | • ProLog, Guardian, da Vinci, NICELog, NICE Universe, NICE Perform |
| e) at least one audio card including a second time division multiplexer chip that communicates with said second bus, an audio processor in communication with said second time division multiplexer chip, and a second interface in communication with said audio processor, said second interface having a plurality of ports that provide communication with communication lines. | • ProLog, Guardian, da Vinci, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 5,396,371 CLAIMS | PRODUCTS |
|---|---|
| 1. In a method of storing and retrieving audio from a digital audio logger, the steps comprising: | |
| monitoring an audio source, | • ProLog, Guardian, da Vinci, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| storing audio data from the audio source in a buffer, | • ProLog, Guardian, da Vinci, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| writing the audio data from the buffer onto a digital audio tape and a random access storage device, and | • ProLog, Guardian, da Vinci, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device. | • ProLog, Guardian, da Vinci, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 5. In a system for processing audio having an interface for receiving audio from an audio source, a digital signal processor in communication with the interface for compressing the audio signals, a controller in communication with the digital signal processor for receiving audio therefrom and arranging data in a prescribed order, a supervisor in communication with said controller accessing data from said system, and a buffer in communication with the controller for receiving arranged audio from the controller, the improvement comprising: | |
| a digital audio tape drive unit in communication with the buffer for receiving arranged audio data from the buffer, | • ProLog, Guardian, da Vinci, Freedom, Freedom FT,  NICELog, NICE Universe, NICE Perform |
| a random access storage device, and | • ProLog, Guardian, da Vinci, Freedom, Freedom FT,  NICELog, NICE Universe, NICE Perform |
| a pair of pointers providing communication between said buffer and random storage device, the first of said pointers operative for transmitting audio data to said random access storage device from said buffer and the second of said pointers being operative to send audio data from said random access storage device to said controller. | • ProLog, Guardian, da Vinci, Freedom, Freedom FT,  NICELog, NICE Universe, NICE Perform |
| 8. An audio data storage device, comprising: | |
| a random access storage device having a primary partition for storing audio data and a secondary | • ProLog, Guardian, da Vinci, Freedom, Freedom FT,  NICELog, NICE Universe, |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 5,396,371 CLAIMS | PRODUCTS |
|---|---|
| partition for storing means for locating data on said primary partition and a pair of pointers in communication with said random access memory, a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device. | NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 5,819,005 CLAIMS | PRODUCTS |
|---|---|
| 1. A modular digital recording logger, comprising: | |
| a housing; | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| at least two circuit modules in said housing for converting analog voice signals to digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, each of said terminals being capable of receiving said analog voice signals for recording a two-way conversation; | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit; | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a digital audio tape (DAT) drive for storing said compressed voice data. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 3. The modular digital recording logger of claim 1, further including a speaker in communication with at least one circuit module. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 4. The modular digital recording logger of claim 1, further comprising a hard disk drive in said housing for storing and reproducing said compressed voice data. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 6. The modular digital recording logger of claim 1, wherein said first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 11. A network system of modular digital recording loggers, comprising: | |
| at least two digital recording loggers for logging voice conversations, each of said recording loggers comprising: | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a housing; | • ProLog, Guardian, da Vinci, Freedom, |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 5,819,005 CLAIMS | PRODUCTS |
|---|---|
| | NICELog, NICE Universe, NICE Perform |
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a digital audio tape (DAT) drive for storing said compressed voice data, | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a hard disk drive in said housing for storing and reproducing said compressed voice data, | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a second computer for processing compressed digital voice signals received from each of said recording loggers; and | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| a third bus connecting each of said recording loggers to said second computer. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 13. The network system of claim 11, wherein said third bus is a local area network (LAN) bus. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 15. The network system of claim 11, wherein said first bus is a time division multiplexed (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |
| 20. The network system of claim 11, wherein said | • ProLog, Guardian, da Vinci, Freedom, |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 5,819,005 CLAIMS | PRODUCTS |
|---|---|
| second computer is a workstation. | NICELog, NICE Universe, NICE Perform |
| 21. The network system of claim 11, further comprising a speaker in communication with said second computer for reproducing said analog voice signals. | • ProLog, Guardian, da Vinci, Freedom, NICELog, NICE Universe, NICE Perform |

## EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20

| US 6,249,570 CLAIMS | PRODUCTS |
|---|---|
| 6. A method for recording information regarding telephone calls comprising one or more segments, comprising: | |
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, and data regarding telephony events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (b) storing the received audio data regarding telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (d) identifying telephone call segments that relate to one telephone call; and | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call, wherein said data representation comprises, for each segment of the call, the location of the stored audio data of that segment and the start time, end time, and duration of that segment. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 7. A method for recording information regarding telephone calls comprising one or more segments, comprising: | |
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, and data regarding telephony events associated with said telephone call segments, wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment, wherein at least one of the sources is a real-time link and at least one of the sources is not a real-time link; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (b) storing the received audio data regarding telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (d) identifying telephone call segments that relate to one | • da Vinci, Freedom Enterprise, Freedom, |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,249,570 CLAIMS | PRODUCTS |
|---|---|
| telephone call; and | Freedom FT, NICELog, NICE Universe, NICE Perform |
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,728,345 CLAIMS | PRODUCTS |
|---|---|
| 14. A method for recording information regarding telephone calls with three or more participants and comprising one or more participants and comprising one or more telephone call segments, comprising: | |
| (a) receiving audio data regarding one or more telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (b) receiving data regarding telephony events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (c) storing the received audio data regarding telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (d) storing the received data regarding telephone events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (e) identifying telephone call segments that relate to the same telephone call; and | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (f) constructing data representations of lifetimes of telephone calls, wherein said data representations are constructed using data regarding telephony events associated with telephone call segments. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 15. The method of claim 14 wherein each data representation of a telephone call comprises: | |
| (i) a list of participants in the telephone call; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (ii) a list of telephony events regarding the call; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (iii) a list containing the time each telephony event occurred; and | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (iv) the start and end time of the call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 21. The method of claim 14 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,728,345 CLAIMS | PRODUCTS |
|---|---|
| 22. The method of claim 14 further comprising the step of using a data representation of a telephone call to display a graphical representation of the telephone call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 23. The method of claim 15 further comprising the step of using said data representation of a telephone call to display a graphical representation of the telephone call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 24. The method of claim 23 wherein the graphical representation comprises a representation of each segment of the call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 25. The method of claim 23 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 26. The method of claim 22 further comprising the step of displaying a table comprising data from the data representation. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 40. A method for recording information regarding telephone calls comprising one or more telephone call segments, wherein said calls comprise calls wherein at least one participant participates in a plurality of segments, comprising: | |
| (a) receiving audio data regarding one or more telephone call segments and data regarding telephone events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (b) storing the received audio data regarding telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (d) identifying telephone call segments that relate to one telephone call; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (e) identifying multiple call segments that have the same participant; and | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| (f) constructing data representations of lifetimes of telephone calls, wherein each data representation of a telephone call is constructed using data regarding telephony events associated with the telephone call segments of the telephone call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 41. The method of claim 40 wherein a data representation | |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,728,345 CLAIMS | PRODUCTS |
|---|---|
| of a telephone call comprises: | |
|     (i) a list of participants in the telephone call; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
|     (ii) a list of telephony events regarding the call; | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
|     (iii) a list containing the time each telephony event occurred; and | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
|     (iv) the start and end time of the call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 42. The method of claim 40 wherein a data representation of a telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 43. The method of claim 40 wherein the received audio data and the data regarding telephony events is stored in the same memory. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 45. The method of claim 42 wherein a location of stored audio data of each segment comprises the location of a .WAV file containing the audio data. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 46. The method of claim 45 wherein a data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 47. The method of claim 40 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 48. The method of claim 40 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 49. The method of claim 41 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 50. The method of claim 49 wherein the graphical representation comprises a representation of each segment of the call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 51. The method of claim 49 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | • da Vinci, Freedom Enterprise, Freedom, Freedom FT, NICELog, NICE Universe, NICE Perform |
| 52. The method of claim 48 further comprising the step | • da Vinci, Freedom Enterprise, Freedom, |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,728,345 CLAIMS | PRODUCTS |
|---|---|
| of displaying a table comprising data from the data representation. | Freedom FT, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,775,372 CLAIMS | PRODUCTS |
|---|---|
| 1. A multi-stage data logging system comprising: | |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality of communication channels; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| c) a distribution stage providing access to data logged in the recorder stage; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 6. The data logging system of claim 1 wherein the telecom stage provides time stamping of the received input. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | |
| c1) a first interface receiving data from the recorder stage; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| c2) a controller for directing and monitoring distribution stage operations; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| c3) a buffer for transitional data storage; and | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| c4) a second interface for distributing data to one or more output channels. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,775,372 CLAIMS | PRODUCTS |
|---|---|
| | Navigator, NICELog, NICE Universe, NICE Perform |
| 15. The data logging system of claim 1 wherein the distribution stage comprises an archive storage device for archiving data. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 19. The data logging system of claim 1 wherein the distribution stage comprises: an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 33. The data logging system of claim 32, wherein the network server is a Web server. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 34. The data logging system of claim 32, wherein the network server is a file server. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,785,370 CLAIMS | PRODUCTS |
|---|---|
| 1. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the method comprising: | |
| (a) constructing a call record for at least one telephone call; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (b) receiving data regarding telephony events associated with one or more telephone calls; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (c) matching a received telephony event with a constructed call record; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (d) updating the matching call record based on the received telephony event data; and | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (e) combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 5. The method of claim 1 wherein the master call record comprises a serial number that identifies the telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 6. The method of claim 1 wherein the call record is updated with data fields describing each participant of the telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 8. The method of claim 1 further comprising the step of assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 9. The method of claim 1 further comprising the step of using the master call record to display a graphical representation of said telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,785,370 CLAIMS | PRODUCTS |
|---|---|
| 11. The method of claim 9 wherein the graphical representation comprises a representation of each segment of the telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 12. The method of claim 9 further comprising the step of displaying a table comprising data from the master call record. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 27. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, audio data for each segment being recorded on one or more recorders, the method comprising the steps of: | |
| (a) constructing a call record for a telephone call comprising two or more segments; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (b) receiving data regarding one or more telephony events associated with the telephone call; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (c) matching said one or more received telephony events with said call record; | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (d) updating said call record based on said received telephony event data; and | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | • Freedom, Freedom FT, Freedom Enterprise, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,870,920 CLAIMS | PRODUCTS |
|---|---|
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | |
| at a Web server having access to said at least one digital logger, receiving a request for retrieval of stored data from a client; | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| retrieving stored data in accordance with the received request; and | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| transferring the retrieved data to the client. | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 6. The method of claim 1 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | |
| at a Web server having access to said information stored by at least one digital logger over a communications network, receiving a request for retrieval of stored data from a user; | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| retrieving said stored data from said information in accordance with the received request; and | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| transferring the retrieved data to the client. | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |
| 18. The method of claim 17 wherein the step of retrieving stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,870,920 CLAIMS | PRODUCTS |
|---|---|
| 21. The method of claim 16 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | • Freedom, Freedom FT, Freedom Explorer, Freedom Navigator, NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 6,959,079 CLAIM | PRODUCTS |
|---|---|
| 6. The monitoring system of claim 5, wherein said evaluator is able to perform automated evaluations based on predefined programming. | • NICELog, NICE Universe, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 7,010,109 CLAIMS | PRODUCTS |
|---|---|
| 1. A method for recording at least a portion of one or more of a plurality of IP data sessions, each being between at least a first communication device and a second communication device through a network by a recording device, comprising for each IP data session: | |
| initiating the data session by said first communication device with said second communication device; | • NICELog, NICE Perform |
| implementing the data session as a conference call through a conference controller such that said first and second communication devices are connected, respectively, as first and second participants; | • NICELog, NICE Perform |
| using the conference controller, selectively entering the recording device to said conference call as an additional participant, wherein the recording device is distinct from the first and second communication devices yet receives as the additional participant at least the portion of the IP data session from each of the first and second participants; and | • NICELog, NICE Perform |
| recording at least the portion of the IP data session received as the additional participant of said conference call using said recording device. | • NICELog, NICE Perform |
| 3. The method of claim 1, including the additional step of permitting a user of at least one of the first and second communication devices to determine whether the session is to be recorded prior to entering the recording device as the additional participant. | • NICELog, NICE Perform |
| 4. The method of claim 1, wherein the connection of the second communication device is established by the conference controller by: | |
| passing telephone numbers to a gatekeeper for performing IP address resolution, and | • NICELog, NICE Perform |
| using a resolved IP address of the second communication device for connecting the second communication device to the conference call. | • NICELog, NICE Perform |
| 6. The method of claim 5, including the additional step of providing the command from a scheduler. | • NICELog, NICE Perform |
| 8. The method of claim 6, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session | • NICELog, NICE Perform |

**EXHIBIT A - NICE'S RESPONSE TO INTERROGATORY NO. 20**

| US 7,010,109 CLAIMS | PRODUCTS |
|---|---|
| is to be recorded. | |
| 15. The method of claim 1, wherein said first communication device is a gateway for receiving communication through a PSTN. | • NICELog, NICE Perform |
| 16. The method of claim 1, wherein the recording device joins the data session performed through a hunt group. | • NICELog, NICE Perform |
| 18. The method of claim 1, wherein at least one of the first communication device and the second communication device is a non-IP telephony device. | • NICELog, NICE Perform |
| 22. The method of claim 21, including the additional step of providing the command from a scheduler. | • NICELog, NICE Perform |
| 24. The method of claim 22, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | • NICELog, NICE Perform |
| 29. The method of claim 18, wherein the recording device joins the data session performed through a hunt group. | • NICELog, NICE Perform |

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on March 2, 2007, I caused copies of the foregoing document to be served by hand delivery and electronic mail upon the following counsel of record:

> William J. Marsden, Jr., Esquire (marsden@fr.com)
> Kyle Wagner Compton, Esquire (kcompton@fr.com)
> Fish & Richardson, PC
> 919 N. Market Street, Suite 1100
> Wilmington, DE 19801

I further certify that on March 2, 2007, I caused a copy of the foregoing document to be served upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> Noah C. Graubart, Esquire (graubart@fr.com)
> Nagendra Setty, Esquire (nsetty@fr.com)
> Daniel A. Kent, Esquire (kent@fr.com)
> Christopher O. Green, Esquire (green@fr.com)
> John Hamann, Esquire (hamann@fr.com)
> Fish & Richardson, PC
> 1180 Peachtree Street, NE, 21st Floor
> Atlanta, GA 30309

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> */s/ KAREN E. KELLER*
> Karen E. Keller (No. 4489)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19899-0391
> (302) 571-6600
> kkeller@ycst.com
>
> *Attorneys for NICE Systems, Inc. and NICE Systems Ltd.*

# EXHIBIT G

# REDACTED

# EXHIBIT H

# REDACTED

# EXHIBIT I

# REDACTED

# EXHIBIT J

# REDACTED

# EXHIBIT K

# REDACTED

# EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Witness Systems, Inc.,
     Plaintiff,

     v.

STS Software Systems, Ltd.,
     Defendant.

Civil Action No. 1:04-CV-2111-RWS

## STS SOFTWARE'S INITIAL DISCLOSURES

(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

STS Software Systems, Ltd. ("STS Software") was properly identified on the complaint.

(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

None.

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

STS Software has not filed an answer and/or counterclaims because of

STS Software's pending motion to dismiss for lack of personal jurisdiction.   STS

Software will supplement this disclosure, if and when it files an answer and/or

counterclaims.

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

This action will at least involve 35 U.S.C. §101 et seq. and the case

law regarding patent validity, enforceability, infringement, and damages.  Because

STS Software has not filed an answer and/or counterclaims, it is premature to

describe all the law applicable to this action.  STS Software will supplement this

disclosure, if and when it files an answer and/or counterclaim.

(5)    Provide the name, and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.   (Attach witness list to Initial Disclosures as Attachment A.)

List of individuals likely to have discoverable information is provided

in Attachment A.  STS Software has not completed its investigation of the facts of

this case and additional witnesses may be named as discovery proceeds.

(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report

2

satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

STS Software has not yet identified anyone who may be called as an expert witness, but reserves the right to supplement its response to this disclosure as discovery proceeds and in conformity with the Court's scheduling order, the Federal Rules of Civil Procedure and the Local Rules of this Court.

(7) Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

Documents regarding technology and the patent in suit are located at STS Software, 8 Hapnina Street, Ra'anana 43107 Israel.

Documents regarding financial and marketing information are located at NICE Systems, Inc., 301 Route 17 North, 10th Floor Rutherford, New Jersey 07070.

STS Software has not completed its investigation of the facts of this case and additional relevant documents will likely become available as discovery proceeds.

(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials

bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

STS Software has not filed an answer and/or counterclaims because of

STS Software's pending motion to dismiss for lack of personal jurisdiction.   STS

Software will supplement this disclosure, if and when it files an answer and/or

counterclaims.

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

STS Software does not contend that some other person or legal entity

is, in whole or in part, liable to the plaintiff or defendant in this matter.

(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

STS Software is not aware of any applicable insurance agreement(s).

October 22, 2004

Respectfully submitted,

By:  /s Angela S. Blackwell
     Angela S. Blackwell
        Georgia Bar No. 647555
     William B. Hill, Jr.
        Georgia Bar No. 354725
     ASHE, RAFUSE & HILL, LLP
     1355 Peachtree Street, N.E.,
     Suite 500
     Atlanta, Georgia 30309-3232
     Tel: (404) 253-6000
     Fax: (404)253-6060

     Scott G. Lindvall
        (pro hac vice pending)
     Lee A. Goldberg
        (pro hac vice pending)
     Chanah Brenenson
        (pro hac vice pending)
     Robert Laurenzi
        (pro hac vice pending)
     Edward V. Di Lello
        (pro hac vice pending)
     DARBY & DARBY P.C.
     New York, NY 10022-7513
     Tel: (212) 527-7700
     Fax: (212) 753-6237

     *Attorneys for Defendant*
     *STS Software Systems Ltd.*

## List Of Individuals Likely To Have Discoverable Information

1.      Eitan Bar, 27 Harakafot Street, Even Yehuda 40500, ISRAEL (inventor of the patent in suit; conception, reduction to practice, and development of the disclosed and claimed inventions).   STS Software's counsel represents Mr. Bar; therefore he should only be contacted through STS Software's counsel.

2.      Mordechai Nisani, NICE Systems, Ltd., 8 Hapnina Street, Ra'anana 43107 ISRAEL (inventor of the patent in suit; conception, reduction to practice, and development of the disclosed and claimed inventions).   STS Software's counsel represents Mr. Nisani; therefore he should only be contacted through STS Software's counsel.

3.      Mark M. Friedman, Moshe Aviv Tower, 54th Floor, 7 Jabotinsky Street, 52520 Ramat Gan, ISRAEL (information relating to the patent in suit).   STS Software's counsel represents Mr. Friedman; therefore he should only be contacted through STS Software's counsel.

3.      Scott Mckechnie, Avaya, Inc., 211 Mt. Airy Road, Basking Ridge, New Jersey 07920 (information relating to the accused products).

4.      David Raanan, Avaya, Inc., 211 Mt. Airy Road, Basking Ridge, New Jersey 07920 (information relating to the accused products).

STS Software's Initial Disclosure
Attachment A

5.    Mike Thurk, Avaya, Inc., 300 Baker Avenue, Concord, Massachusetts 01742 (information relating to the accused products).

6.    Shlomo Shamir, NICE Systems, Inc., 301 Route 17 North, 10th Floor Rutherford, New Jersey 07070 (communications between IPC Communications and Witness Systems). STS Software's counsel represents Mr. Shamir; therefore he should only be contacted through STS Software's counsel.

7.    Bruce Bolcer, IPC Communications, Inc., 777 Commerce Drive, Fairfield, CT 06432 (information relating to the accused products and communications between IPC and Witness Systems).

8.    Leo Papadopoulos, IPC Communications, Inc., 777 Commerce Drive, Fairfield, CT 06432 (information relating to the accused products and communications between IPC and Witness Systems).

9.    Israel Hirsh, IPC Communications, Inc., 777 Commerce Drive, Fairfield, CT 06432 (information relating to the accused products and communications between IPC and Witness Systems).

10.    Doug Costa, IPC Communications, Inc., 777 Commerce Drive, Fairfield, CT 06432 (information relating to the accused products and communications between IPC and Witness Systems).

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing

STS SOFTWARE'S INITIAL DISCLOSURES upon counsel of record by

electronically filing using the CM/ECF system and by the means indicated:

*Via Federal Express*

Christopher Owen Green
Daniel Arthur Kent
Nagendra Setty
Jones Day
1420 Peachtree Street, NE
Suite 800
Atlanta, GA 30309-3053
Email: cogreen@jonesday.com


Via U.S. Mail

Kenneth R. Adamo
JONES DAY
North Point, 901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Dated: October 22, 2004


/s Angela S. Blackwell

# EXHIBIT M

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Witness Systems, Inc.,

                         Plaintiff,

        v.

NICE Systems, Inc. and NICE
Systems, Ltd.,

        Defendants.

Civil Action No. 1 :04-CV-2531 - CAP

## INITIAL DISCLOSURES OF NICE SYSTEMS, LTD. AND
## SUPPLEMENTAL INITIAL DISCLOSURES OF NICE SYSTEMS, INC.

(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

NICE Systems, Inc. ("NICE Inc.") was properly identified in the complaint.

NICE Systems, Ltd. ("NICE Ltd.") was properly identified in the complaint.[1]

(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

---

[1]    NICE Inc. and NICE Ltd. are referred to together herein as "NICE."

None.

(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

NICE asserts in its Answer and Counterclaims that it does not infringe either of U.S. Patent Nos. 5,790,798 and 6,510,220 (collectively, "the patents-in-suit") and further asserts that the claims of the patents-in-suit are invalid for failure to satisfy one or more of the statutory conditions for patentability.

NICE Ltd. is not able to provide a further detailed factual basis for these defenses and Counterclaims as the plaintiff, Witness Systems, Inc. ("Witness Systems"), has not yet identified the claims of the patents-in-suit it believes are infringed by NICE Ltd. and, once identified, NICE Ltd.'s defenses may be further dependent upon the Court's construction of such claims.

The bases for NICE Inc.'s defenses and related Counterclaims that the patents-in-suit are invalid for failure to satisfy one or more of the statutory conditions for patentability are disclosed in its Local Patent Rule 4.3 Disclosure, dated January 4, 2004, which NICE Inc. incorporates by reference herein. NICE's study of prior art and other invalidity defenses is on-going. It is expected that additional evidence concerning the invalidity of the patents-in-suit will be found in the course of discovery.

The bases for NICE Inc.'s defenses and related Counterclaims that it does not infringe the patents-in-suit are set forth in its Local Patent Rule 4.2 Response to

Witness' Disclosure of Preliminary Infringement Contentions, dated January 4,

2004, which NICE, Inc. incorporates by reference herein.

NICE's study of these issues continues and NICE expects to produce

documents and witnesses to support these defenses and related counterclaims.

NICE reserves the right to supplement or modify any and all of the above

responses in accordance with the Local Patent Rules and the Federal Rules of Civil

Procedure.

NICE also asserts in its Answer that Witness Systems' allegations of

infringement are estopped by virtue of the proceedings in the U.S. Patent and

Trademark Office during the prosecution of the applications that matured into the

patents-in-suit.  NICE's investigation of this issue continues.  NICE believes that

the official copy of the file histories of the patents-in-suit obtained from the U.S.

Patent and Trademark Office forms the factual basis for this defense.  NICE

expects, however, that further evidentiary support for this defense will be found in

documents produced and depositions taken by the parties during the course of

discovery.

NICE asserts in its Answer that Witness Systems' allegations concerning

U.S. Patent No. 5,790,798 ("the '798 patent") are barred under the doctrine of

laches.  NICE's study of this issue continues.  NICE notes that the '798 patent

issued on August 4, 1998, more than six years before the filing of the present suit.

NICE expects that further factual support for this defense will be found in

3

additional documents produced and depositions taken by the parties during the course of discovery.

NICE asserts in its Answer that plaintiff's claim of willful infringement of the patents-in-suit is not pleaded with sufficient specificity or factual support to put NICE on notice as to the claim beings made and also, therefore, fails to state a claim on which relief can be granted. NICE is unable to provide a specific factual basis for this defense because Witness Systems' allegation of willfulness is not presently understood. If at such time, Witness' allegation is understood, NICE expects that documents may be produced and deposition testimony elicited from witnesses that will support NICE's defense.

NICE asserts in its Counterclaims that, on information and belief, Witness Systems has pursued the present action aware that NICE has not infringed the patents in suit. This issue is under investigation by NICE. The detailed factual basis for this Counterclaim will be further provided during discovery through documents produced and testimony elicited in deposition by the parties.

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

This action will involve at least 28 U.S.C. §§ 2201, *et seq.* and 35 U.S.C. § 101 *et seq.* and related case law concerning patent claim construction, invalidity, unenforceability, non-infringement, and damages.

4

(5)     Provide the name, and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

A list of individuals likely to have discoverable information is provided in

Attachment A. NICE has not completed its investigation of the facts of this case

and additional witnesses may be named as discovery proceeds.

(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

NICE has not yet identified anyone who will be called as an expert witness,

but reserves the right to supplement its response to this disclosure as discovery

proceeds and in conformity with the Court's scheduling order, the Federal Rules of

Civil Procedure and the Local Rules of this Court.

(7)     Provide a copy of, or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

Documents concerning the accused product as well as documents possibly

relating to prior art of the patents-in-suit are located at NICE Systems, Inc., 301 Rt.

17 North 10th Floor, Rutherford, New Jersey 07070.

Documents concerning the accused product as well as documents possibly relating to prior art of the patents-in-suit are also located at NICE Systems, Ltd., 8 Hapnina Street, P.O. Box 69043 107, Ra'anana ISRAEL.

Documents regarding financial and marketing information concerning the accused product are located at NICE Systems, Inc., 301 Route 17 North, 10th Floor Rutherford, New Jersey 07070 and at NICE Systems, Ltd., 8 Hapnina Street, P.O. Box 69043 107, Ra'anana ISRAEL.

Documents concerning the accused product as well as documents possibly concerning prior art of the patents-in-suit are in the possession of Netopia, Inc., Marketplace Tower, 6001 Shellmound Street, 4th Floor Emeryville, CA 94608. These documents are not in the possession, custody or control of NICE Systems.

NICE has not completed its investigation of the facts of this case and additional relevant documents will likely become available as discovery proceeds.

(8)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

NICE seeks damages in the form of attorneys' fees and costs.

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

NICE believes that Netopia, Inc., Marketplace Tower 6001 Shellmound Street, 4th Floor Emeryville, CA 94608, may be, in whole or in part, liable to the NICE Ltd. in this matter.  NICE Ltd. believes this liability to be based on a contractual indemnification obligation owed to NICE Ltd. by Netopia, Inc.

(10)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

NICE is not aware of any applicable insurance agreement(s).

May 10, 2005                              Respectfully submitted,

                                          By:   /s Angela S. Blackwell
                                                Angela S. Blackwell
                                                  Georgia Bar No. 647555
                                                William B. Hill, Jr.
                                                  Georgia Bar No. 354725
                                                ASHE, RAFUSE & HILL, LLP
                                                1355 Peachtree Street, N.E.,
                                                Suite 500
                                                Atlanta, Georgia  30309-3232
                                                Tel:  (404) 253-6000
                                                Fax:  (404)253-6060

                                                Scott G. Lindvall
                                                  (admitted *pro hac vice*)
                                                KAYE SCHOLER LLP
                                                425 Park Avenue
                                                New York, New York  10022-3598
                                                (212) 836-8000
                                                (212) 836-8689
                                                *Attorneys for Defendants*
                                                *NICE Systems, Inc. and NICE*
                                                *Systems, Ltd.*

7

**Attachment A**

Ḻ̲i̲s̲t̲ ̲O̲f̲ ̲I̲n̲d̲i̲v̲i̲d̲u̲a̲l̲s̲ ̲L̲i̲k̲e̲l̲y̲ ̲T̲o̲ ̲H̲a̲v̲e̲ ̲D̲i̲s̲c̲o̲v̲e̲r̲a̲b̲l̲e̲ ̲I̲n̲f̲o̲r̲m̲a̲t̲i̲o̲n̲

1.     Gregory T. Gronholm, Esq. (U.S.P.T.O. Reg. No. 32,415), Alston & Bird LLP One Atlantic Center, 1201 West Peachtree Street, Atlanta, GA 30309-3424, 404-881-7968 - drafted and prosecuted the patents-in-suit.

2.     Jennifer Pearson Wright, Esq. (U.S.P.T.O. Reg. No. 41,385), present address unknown - prosecuted U.S. Patent 6,510,220 ("the '220 patent").

3.     Gregory J. Kirsch, Esq. (U.S.P.T.O. Reg. No. 35,572), Needle & Rosenberg PC, Suite 1000, 999 Peachtree Street, Atlanta, GA 30309-3915, 678-420-9300 - prosecuted the '220 patent.

4.     Stephen Marshall Beckett, II, present address unknown - named inventor of the patents-in-suit; conception, reduction to practice, and development of the disclosed and claimed inventions.

5.     Donald Andrew House, present address unknown - named inventor of the patents-in-suit; conception, reduction to practice, and development of the disclosed and claimed inventions.

6.     Rebecca L. McDougal, present address unknown - named inventor of the patents-in-suit; conception, reduction to practice, and development of the disclosed and claimed inventions.

7.     Santino J. Lamberti, present address unknown - named inventor of the patents-in-suit; conception, reduction to practice, and development of the disclosed and claimed inventions.

8.     Shai Shefer, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused products.

9.     Ilan Yosef, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused products.

10.    Eran Halbraich, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused products.

11.    Barak Eilam, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused products.

12.  Aviad Abiri, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales, distribution and marketing).

13.  Bar Veinstein, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to marketing.

14.  Eyal Danon, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to marketing.

15.  Ian Ehrenberg, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales, distribution and marketing.

16.  Jacob Fox, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales, distribution and marketing.

17.  Yochai Rozenblat, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales, distribution and marketing.

18.  Shachar Feldman, c/o NICE  Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to customization and installation.

19.  Oded Kovar, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to accused product, customization and installation.

20.  David Mosier, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales.

21.  Matthew Rosner, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales.

22.  James Park, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL -  information relating to accused product.

23.  Jacob Fox, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to sales.

24.     Eitan Bar, address unknown - information relating to the accused product.

25.     Zvi Baum, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused product, marketing and sales.

26.     Amir Dekel, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to the accused product.

27.     Shlomo Shamir, c/o NICE Systems Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to sales.

28.     Chezki Gil, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to sales.

29.     Itay Grushka, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused product.

30.     Ran Oz, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to sales.

31.     Aviv Bachar, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused product.

32.     Eran Porat, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to sales.

33.     Dennis Walsh, c/o NICE Systems, Inc., 301 Rt. 17 North, 10th Floor, Rutherford, New Jersey 07070 - information relating to the accused product.

34.     Moty Cory, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused product.

35.     Shay Weiss, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused product.

36.     Eyal Rudnik, c/o NICE Systems, Ltd., 8 Hapnina Street, Ra'anana ISRAEL - information relating to the accused product.

37.     David Rico, c/o Netopia, Inc., Marketplace Tower 6001 Shellmound Street, 4th Floor, Emeryville, CA 94608 - information relating to the accused product.

38.    Don Griffin, c/o Netopia, Inc., Marketplace Tower 6001 Shellmound Street, 4th Floor, Emeryville, CA 94608 - information relating to the accused product.

39.    Steve Weinrich, c/o Netopia, Inc., Marketplace Tower 600 1 Shellmound Street, 4th Floor, Emeryville, CA 94608 - information relating to the accused product.

40.    Loren Wimpfheimer, Esq., c/o Witness Systems, Inc., 300 Colonial Center Parkway, Roswell, Georgia 30076 - information relating to the prosecution of the patents-in-suit and information relating to the assertion of the '798 patent against a Racal Recorders Limited and CallCenter Technology, Inc.

41.    Bryan G. Harrison, Esq., Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE Atlanta, GA, 404-504-7619 - information relating to the assertion of the '798 patent against Racal Recorders Limited and CallCenter Technology, Inc.

42.    Presently unknown individuals employed now or in the past by Netopia, Inc., Marketplace Tower 6001 Shellmound Street, 4th Floor Emeryville, CA 94608 - information relating to the accused product.

43.    Presently unknown individuals employed now or in the past by Witness Systems, Inc. - information relating to the technology at issue, prior art to the patents-in-suit and damages alleged by Witness Systems, Inc.

Certificate of Service

I, Angela S. Blackwell, hereby certify that I have caused the foregoing Initial Disclosures of NICE Systems, Ltd. and Supplemental Initial Disclosures of NICE Systems, Inc. to be served on counsel for Plaintiff by efiling:

Nagendra Setty
Daniel A. Kent
Christopher O. Green
Heather P. Walcott
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA  30309-3053
Email:  nsetty@jonesday.com
Email:  cogreen@jonesday.com
Email:  dakent@jonesday.com
Email: hwalcott@jonesday.com

Kenneth R. Adamo
JONES DAY
North Point
90 1 Lakeside Avenue
Cleveland, Ohio  44114-1190
Email: kradamo@jonesday.com

Dated:  May 10, 2005

/s Angela S. Blackwell

5

# EXHIBIT N

# DARBY & DARBY

PROFESSIONAL
CORPORATION

INTELLECTUAL PROPERTY LAW

NEW YORK
805 THIRD AVENUE
NEW YORK, NY 10022-7513
TEL 212.527.7700
FAX 212.527.7701

SEATTLE
1191 SECOND AVENUE
SEATTLE, WA 98101-3404
TEL 206.262.8900
FAX 206.262.8901

April 5, 2005

Reference: 03331/6002998-000

**ANNETTE P. McGUIRE**
LEGAL ASSISTANT
(212) 836-3754
amcguire@darbylaw.com

**VIA FEDERAL EXPRESS AND EMAIL**

Christopher O. Green, Esq.
Jones Day
1420 Peachtree Street, NE, Suite 800
Atlanta, GA 30309-3053

Re:    **STS Software Systems, Ltd. v. Witness Systems, Inc.**
       Civil Action No. 1:04-CV-2111-RWS

Dear Mr. Green:

We enclose STS Software Systems, Ltd.'s document production, bearing production numbers STS 000001 - STS 000852 pursuant to LPR 4.1 (c).

Very truly yours,

Annette P. McGuire
Litigation Legal Assistant

Enc.

cc: Scott G. Lindvall, Esq.
    Robert Laurenzi, Esq.
    Nagendra Setty, Esq.

# EXHIBIT O

# REDACTED

# EXHIBIT P

# REDACTED

# EXHIBIT Q

# REDACTED

# EXHIBIT R

# REDACTED

# EXHIBIT S

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

STS SOFTWARE SYSTEMS, LTD.
AND NICE SYSTEMS, LTD.

*Plaintiff,*

v.

WITNESS SYSTEMS, INC.,

*Defendant.*

Civil Action File

No. 1:04-CV-2111-RWS

## <u>NOTICE OF DEPOSITION OF SHLOMO SHAMIR</u>

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal

Rules of Civil Procedure, Defendant Witness Systems, Inc. ( Witness Systems ),

will take the deposition of Shlomo Shamir at the office of Fish & Richardson P.C.

located at 1180 Peachtree Street N.E., 21st Floor, Atlanta, Georgia 30309,

beginning at a mutually agreeable date and time within the discovery period and

continuing thereafter until completed.

The deposition will be taken under the Federal Rules of Civil Procedure and

the Local Rules for the Northern District of Georgia, for the purpose of discovery,

for use at trial and for such other purposes as are permitted at law.

In accordance with the Federal Rules, the Northern District of Georgia Local Court Rules, and any orders of the Court, this deposition will be recorded by videographic and/or ordinary stenographic methods, before a Notary Public or other person authorized to administer oaths, and it shall continue from day to day until concluded.  You are invited to attend and examine the witness(es).

Dated:  August 14, 2007                Respectfully submitted,

/s/Noah C. Graubart
Nagendra Setty
   Georgia Bar No. 636205
Daniel A. Kent
   Georgia Bar No.
Christopher O. Green
   Georgia Bar No. 037617
Noah C. Graubart
   Georgia Bar No. 141862

FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E.
21st Floor
Atlanta, Georgia 30309
Ph: 404-892-5005
Fx: 404-892-5002

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

STS SOFTWARE SYSTEMS, LTD.
AND NICE SYSTEMS, LTD.

        *Plaintiff,*

    v.

WITNESS SYSTEMS, INC.,

        *Defendant.*

Civil Action File

No. 1:04-CV-2111-RWS

**CERTIFICATE OF SERVICE OF NOTICE OF DEPOSITION**

    I hereby certify that I caused to be served an electronic copy of the foregoing

**NOTICE OF DEPOSITION OF SHLOMO SHAMIR** by e-mail to the

following attorneys of record:

Angela S. Blackwell, Esq.
angelablackwell@asherafuse.com
William B. Hill, Jr., Esq.
williamhill@asherafuse.com
ASHE, RAFUSE & HILL, LLP
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232

Scott G. Lindvall, Esq.
slindvall@kayescholer.com
Robert R. Laurenzi
rlaurenzi@kayescholer.com
KAYE SCHOLER LLP
425 Park Avenue
New York, New York 10022-3598

This 14th day of August, 2007

Respectfully submitted,


/s/Noah C. Graubart
Nagendra Setty
Georgia Bar No. 636205
Daniel A. Kent
Georgia Bar No.
Christopher O. Green
Georgia Bar No. 037617
Noah C. Graubart
Georgia Bar No. 141862

FISH & RICHARDSON P.C.
1180 Peachtree Street, N.E.
21st Floor
Atlanta, Georgia 30309
Ph: 404-892-5005
Fx: 404-892-5002

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

# EXHIBIT T

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | GEORGIA |

WITNESS SYSTEMS, INC.,

Plaintiff,

v.

NICE SYSTEMS LTD. and
NICE SYSTEMS, INC.,

Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: [1] C.A. No. 1:04-CV-2531-CAP (N.D. Ga.)

TO:    Dr. Schlomo Shamir
       c/o Ashe, Rafuse, & Hill, LLP
       1355 Peachtree Street, N.E
       Suite 500, South Tower
       Atlanta, Georgia 30309-3232

☐    YOU ARE COMMANDED to appear in the United Stated District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| FISH & RICHARDSON, P.C. | August 16, 2006 |
| 1230 Peachtree Street, NE, 19th Floor | at 10:00 a.m. |
| Atlanta, GA 30309 |  |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at The place, date and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff Witness Systems, Inc. | July 27, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christopher O. Green, Fish & Richardson P.C., 1230 Peachtree St., NE, 19th Floor, Atlanta, GA 30309
Ph: (404) 892-5005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | July 27, 2006 | 75 Spring Street Atlanta, Georgia 30303 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dr. Schlomo Shamir | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Christopher O. Green | Associate, Fish & Richardson PC |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___July 27, 2006___
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
1230 Peachtree St NE
Atlanta, GA 30309

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in

person, except that, subject to the provisions of clause (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party of an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT U

# REDACTED

# EXHIBIT V

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC., a Delaware Corporation, and )
NICE SYSTEMS, LTD., an Israeli Corporation, )
                                    )
                Plaintiffs, )
                                )
                v. )     Civil Action No. 06-311-JJF
                                  )
WITNESS SYSTEMS, INC, a Delaware Corporation, )
                                    )
                Defendant. )

**PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT
WITNESS SYSTEMS, INC.'S SECOND SET OF INTERROGATORIES**

            Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules

of the District of Delaware Rule 26.1, Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.

(collectively "NICE"), by their attorneys, hereby provide the following supplemental responses

to Defendant Witness Systems, Inc.'s ("Witness" or "Defendant") Second Set of Interrogatories

(referred to hereafter individually as "Interrogatory" and collectively as "Interrogatories").

These supplemental responses supersede NICE's prior objections and responses to Witness's

Second Set of Interrogatories.

### GENERAL OBJECTIONS

        1.      NICE objects to each interrogatory to the extent that it seeks material not

reasonably calculated to lead to the discovery of admissible evidence and/or material protected

by the attorney-client privilege and/or material protected by the work-product doctrine and/or

material which otherwise exceeds the bounds of the Local Rules of the District of Delaware

and/or the Federal Rules of Civil Procedure. The responses given herein by NICE to any of the

Interrogatories shall not be deemed to waive any claim of privilege or immunity.

2.     NICE objects to Defendant's instructions to the extent that they purport to vary NICE's rights and obligations under the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

3.     NICE objects to any discovery propounded in bad faith, including but not limited to the improper purpose of unduly burdening or harassing NICE, or otherwise improperly and intentionally exceeding the limitations of the Local Rules of the District of Delaware and/or the Federal Rules of Civil Procedure.

4.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that is vague and/or ambiguous.

5.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which calls for information already in Defendant's possession or within the public domain.  Information in the public domain or in Defendant's possession that may be responsive to an interrogatory is as readily available to Defendant as such information is to NICE.

6.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories which seeks disclosure of trade secrets, confidential, proprietary or other sensitive information of either NICE or a third party.

7.     To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's Interrogatories that attempts to obligate NICE to conduct anything other than a reasonable search for the information sought.  NICE objects to each and every Interrogatory to the extent that it demands "each," "every" or "all" facts, circumstances, communications or persons falling within particular categories, because such demand will cause

undue burden and expense.  NICE will undertake a reasonable search to identify available information requested in the Interrogatories.

8.    To the extent not encompassed by General Objection No. 1, above, NICE objects to each of Defendant's interrogatories which seeks information related to events and occurrences which took place subsequent to the date of the complaint on the grounds that such requests are overbroad, unduly burdensome and beyond the scope of permissible discovery in that such information is not reasonably calculated to lead to the discovery of admissible evidence.

9.    NICE's responses to Defendant's Interrogatories may not be complete because discovery in this matter is ongoing.  NICE is not limited by its responses herein.  If NICE discovers additional responsive information to Defendant's Interrogatories, NICE will provide such additional information in a supplemental response.

10.    NICE objects to each and every Interrogatory to the extent that it seeks information not within the possession, custody or control of NICE.

11.    NICE reasserts and incorporates its objections to the definitions and instructions to Defendant's First Request for Production of Documents which were part of Defendant's Interrogatories.

12.    NICE specifically objects to Witness' definition of "NICE," "You," and "Your" in definition lettered "A" in the Definitions and Instructions section as overbroad to the extent it seeks to improperly impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

13.    NICE specifically objects to Witness' definition of "Dictaphone" in definition lettered "G" in the Definitions and Instructions section as overbroad to the extent it improperly seeks to impose obligations upon persons and entities that are not parties to this action and impose a duty upon plaintiff, NICE, to produce information that is not within its possession, custody or control.

Subject to and without waiving the foregoing general objections and any specific objections below, NICE responds as follows to Defendant's Interrogatories:

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 13:

Identify each patent claim(s) in each of the Patents-in-Suit NICE contends Witness infringes or has infringed, specifying for each claim which Witness product(s) and/or method(s) NICE contends infringe or have infringed, including whether NICE's contention is based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

NICE objects to Interrogatory No. 13 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the claims at issue and the theories of infringement that NICE may assert in this action are subject to modification and further development as Witness has yet to produce any

documents or relevant source code.   Moreover, NICE is still investigating the facts concerning Witness' infringement of the claims at issue, including Witness' sales through its channel partners such as Avaya and Nortel.    Notwithstanding, NICE refers Witness to NICE's Preliminary Infringement Contentions attached as Exhibit A hereto.   NICE anticipates reducing the number of claims presently asserted and will do so after the conclusion of document and/or deposition discovery.   NICE further responds that its Preliminary Infringement Contentions are subject to modification and/or supplementation as Witness has yet to produce any documents or relevant source code.   NICE's infringement analysis as well as the accused products list in Exhibit A are also subject to modification in light of claim constructions agreed to by the parties or ultimately adopted by the Court.   NICE has narrowed the claims asserted in this litigation to the following:  claim 1 of the '738 Patent, claims 1, 5 and 8 of the '371 Patent; claims 1, 3, 4, 6, 11, 13, 15, 20 and 21 of the '005 Patent; claims 6 and 7 of the '570 Patent; claims 14, 15, 21, 22, 23, 24, 25, 26, 40, 41, 42, 43, 45, 46, 47, 48, 49, 50, 51, and 52 of the '345 Patent; claims 1, 6, 14, 15, 17, 19, 33, 34 and 44 of the '372 Patent, claims 1, 5, 6, 8, 9, 11, 12, and 27 of the '370 Patent; claims 1, 3, 6, 16, 18 and 21 of the '920 Patent; Claim 6 of the '079 Patent; and claims 1, 3, 4, 6, 8, 15, 16, 18, 22, 24 and 29 of the '109 Patent.   NICE reserves its right to amend this response.

NICE further responds that it is in the process of reviewing the more than 5 million pages that Witness produced in this litigation.   To the extent Witness can provide bates ranges of the relevant technical documents for each version of the Accused Products, NICE will be able to accelerate any supplementation of this Interrogatory response.   NICE further responds that Witness's infringing products include, but are not limited to, all versions of the following:  the Accused Products; Avaya Communication Manager; Cisco IP Contact Center (integration project

with Witness); ContactStore for Communication Manager 7.1 and 7.2; ContactStore IP 7.1 and 7.2; eQuality Analysis version 3.0; eQuality Balance versions 5.x, 5.2, 6.x, 6.0, 6.3.1, 6.4, 6.5, 6.5.5 and R6; eQuality Call Miner; eQuality ContactStore; eQuality ContactStore PLUS; eQuality Discover; eQuality Evaluation; eQuality Focus; eQuality Now versions 3.1, 3.2, 3.3 and 4.0; eQuality Producer 2.0; eQuality Vision; Eyretel Contact Archive; Eyretel IP Recording Suite; Eyretel MediaStore; Eyretel MediaStore IP; Eyretel MediaStore IP 3.1; Quality for Communication Manager 5.3; Toolbook 8.0; Witness ContactStore for Communication Manager; and, Witness Quality for Communication Manager 5.4.

## INTERROGATORY NO. 14:

For each patent claim and product or method identified in response to Interrogatory No. 13, identify where each limitation of each claim is found within each accused Witness product(s) or method(s) by providing in the form of a claim chart a limitation-by-limitation comparison of each claim limitation with each accused Witness product(s) or method(s), including a description of the function, way and result for each limitation NICE contends is infringed under the doctrine of equivalents, and an identification of all facts, circumstances, documents, and evidence that NICE contends supports or undermines NICE's contentions.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:

NICE objects to Interrogatory No. 14 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory as premature as discovery is in its infancy stages. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE refers Witness to Exhibit A. NICE reserves its right to amend this response.

## INTERROGATORY NO. 15:

Identify all limitations in each of the claims identified in Interrogatory No. 13, that NICE contends should be interpreted under 35 U.S.C. § 112, ¶ 6, specifying for each identified limitation all disclosures in the relevant patent's specification of the structure, material or act that NICE contends corresponds to such limitations and equivalents thereof; all references from the prosecution history or extrinsic evidence that NICE relies upon to support its contentions; and a detailed description of each alleged occurrence of such § 112, ¶ 6 claim limitation (or equivalents thereto) in any Witness product or activity that NICE contends infringes or has infringed the Patents-in-Suit.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:

NICE objects to Interrogatory No. 15 to the extent it seeks information protected by the attorney-client or work product privileges. NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 9, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 16:**

Identify all claim terms, phrases, or limitations of the Patents-in-Suit that NICE contends should be construed by the Court, providing for each term, phrase, or limitation NICE's proposed construction and an identification of all intrinsic and extrinsic evidence NICE contends supports or undermines its proposed construction.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

NICE objects to Interrogatory No. 16 to the extent it seeks information protected by the attorney-client or work product privilege. NICE additionally objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories. NICE further objects to this request as premature. The parties agreed to a claim construction schedule in section 7 of the Scheduling Order dated October 30, 2006. NICE will answer this interrogatory on March 30, 2007 as provided for in the Scheduling Order.

**INTERROGATORY NO. 17:**

For any Patent-in-Suit that claims priority to an earlier application, identify the priority date to which NICE contends each asserted claim is entitled.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

NICE objects to Interrogatory Number 17 to the extent it seeks information which is protected by the attorney-client or work product privileges. Subject to, and without waiving, the foregoing General and Specific Objections, NICE states, subject to continued due diligence and investigation, that the priority dates for the patents at issue are as follows:

U.S. Patent No. 5,274,738: December 31, 1991

U.S. Patent No. 5,396,371: December 21, 1993

U.S. Patent No. 5,819,005:  August 3, 1993

U.S. Patent No. 6,249,570:  June 8, 1999

U.S. Patent No. 6,728,345:  June 8, 1999

U.S. Patent No. 6,775,372:  June 2, 1999

U.S. Patent No. 6,785,370:  June 8, 1999

U.S. Patent No. 6,870,920:  June 2, 1999

U.S. Patent No. 6,959,079:  February 14, 2000

U.S. Patent No. 7,010,109:  August 28, 2000

NICE reserves its right to amend this response.

## INTERROGATORY NO. 18:

For each claim of the Patents-in-Suit, identify all facts and circumstances surrounding the conception and reduction to practice and/or development of the alleged invention, including an identification of all persons involved with and/or who have knowledge about the conception, reduction to practice and/or development; the date(s) NICE contends each alleged invention was conceived and actually reduced to practice; and an identification of all documents, things, and individuals NICE contends can corroborate each such date of conception and actual reduction to practice.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:

NICE objects to Interrogatory No. 18 to the extent it seeks information that is protected by the attorney-client or work product privilege.  NICE also objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics.  As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

NICE further objects to the phrase "surrounding the conception and reduction to practice and/or development of the alleged invention" as vague, ambiguous and overly broad.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that the persons involved in the conception, reduction to practice and/or development of the Patents-in-Suit were previously disclosed in NICE's Responses and Objections to Witness's First Set of Interrogatories, dated November 1, 2006, specifically in response to Interrogatory No. 5. In addition, the inventors of each of the patents at issue were involved with and/or have knowledge about the conception, reduction to practice and/or development of the patents at issue and their underlying inventions. Presently, NICE states, subject to continued investigation, that each of the patents at issue was conceived on its respective priority date provided in response to Interrogatory No. 18 and constructively reduced to practice upon the date of their filing. NICE relies on the each of the patents at issue to corroborate the aforementioned dates of conception and reduction to practice. NICE reserves its right to amend this response.

**INTERROGATORY NO. 19:**

Identify each instance of marking NICE contends is or was sufficient to provide notice to Witness under 35 U.S.C. §287 for each of the Patents-in-Suit, including an identification of each product NICE contends is or was marked with one or more of the patent numbers of the Patents-in-Suit; the date(s) during which NICE contends each instance or marking took place; the details concerning how and where on each product such marking is or was placed; and all of the facts, circumstances, documents, and evidence (including knowledgeable witness) regarding such marking.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

NICE objects to Interrogatory No. 19 to the extent it seeks information that is protected by the attorney-client privilege, consists of attorney work-product, or is otherwise protected from disclosure. NICE further objects to this interrogatory on the grounds that it is compound and pertains to a number of distinct topics. As such, there are multiple distinct interrogatories here for purposes of the limit on the number of interrogatories.

Subject to, and without waiving, the foregoing General and Specific Objections, NICE responds that NICE is still investigating the facts relating to the marking of Dictaphone products it acquired in 2005. NICE intends to provide all relevant, non-privileged information regarding the patent marking of those products upon the completion of its investigation. With regard to its products, NICE responds as follows:

| Product | Patents listed on Product Marking | Dates of Product Marking |
|---|---|---|
| Voice Over IP Logger, NICE Log | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; and 6,959,079 | January 2006 to present |
| NICE Perform Applications Suite | U.S. Patent No. 7,010,109 | March 2006 to present |
| NICE Perform Compliance Suite | U.S. Patent Nos. 5,274,738; 5,396,371; 5,819,005; 6,249,570; 6,728,345; 6,775,372; 6,785,370; 6,870,920; 6,959,079; and 7,010,109 | March 2006 to present |

In addition to the above response, NICE refers Witness to documents bates numbered STS017145-46 and NSDE 004120-004122 which are copies of product markings. Nothing in this response should be deemed an admission that prior markings do not exist. If NICE becomes

aware of prior markings, it will produce or identify such markings.  NICE reserves its right to amend this response.

Dated: April 6, 2007                              YOUNG CONAWAY STARGATT & TAYLOR, LLP

Melanie K. Sharp (No. 2501)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY  10022
(212)836-8000

*Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Melanie K. Sharp, Esquire, hereby certify that on April 6, 2007, I caused a copy of Plaintiffs' Supplemental Objections and Responses to Defendant Witness Systems, Inc.'s Second Set of Interrogatories to be served on the following counsel of record in the manner indicated below:

**BY HAND DELIVERY E-MAIL**

William J. Marsden, Jr., Esquire
Kyle Wagner Compton, Esquire
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE  19899-1114

**BY E-MAIL**
Noah C. Graubart (graubart@fr.com)
Nagendra Setty (setty@fr.com)
John Hamann (haman@fr.com)
Daniel A. Kent (kent@fr.com)
Christopher O. Green (green@fr.com)
Fish & Richardson, P.C.
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA  30309

_____
Melanie K. Sharp (No. 2501)

065251.1001

# EXHIBIT W

# REDACTED

# EXHIBIT X

# REDACTED

# EXHIBIT Y

# REDACTED

# EXHIBIT Z

# REDACTED