IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS, LTD., | )<br>)<br>) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-311-JJF |
| | ) | |
| WITNESS SYSTEMS, INC., | ) | **REDACTED VERSION** |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTIONS *IN LIMINE* TO PRECLUDE THE USE OF EVIDENCE
IMPROPERLY RAISED IN DEFENDANT'S EXPERT REPORTS**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: January 2, 2008

Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively, "NICE") move *in limine* to preclude Defendant Witness Systems, Inc. ("Witness") from introducing into evidence or referencing, including through its experts, to the jury certain documents and other evidence raised for the first time in the December 21, 2007 expert reports of Dr. John Strawn and Dr. Jeffrey Vitter, Witness' experts on patent invalidity.

**I.     Plaintiffs' Motion *In Limine* to Preclude Witness From Using at Trial Certain Documents Related to Witness' Installation At Blue Cross Blue Shield of Georgia**

**INTRODUCTION**

Witness' experts on invalidity, Drs. Strawn and Vitter, both assert that an "E-Ware 1" system that Witness installed at Blue Cross Blue Shield of Georgia (the "BCBS System") constitutes prior art to NICE's U.S. Patents No. 6,728,345 (the "'345 patent"); 6,249,570 (the "'570 patent"); 6,775,372 (the "'372 patent"); 6,870,920 (the "'920 patent"). In support of these assertions, Drs. Strawn and Vitter rely on certain documents (identified in footnote 4 below) that Witness never cited during discovery in support of its invalidity contentions regarding the BCBS System. It was not until the eve of trial, long after fact discovery closed, that Witness and its experts first cited these documents in support of Witness' invalidity contentions. While NICE was able to take discovery on the documents Witness did cite in its invalidity contentions, it did not have the same opportunity on the documents raised for the first time in Witness' expert reports.

NICE has been severely prejudiced by Witness' failure to provide timely notice during discovery of its intent to rely on these documents, and Witness should be precluded from using them at trial, including through its experts.

## BACKGROUND

On December 19, 2006, NICE served an interrogatory on Witness requesting "an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its [invalidity] contention."[1] In its initial response, Witness did not identify or cite any documents concerning the BCBS System.[2] In supplemental responses, Witness disclosed a number of specific documents relating to the BCBS System, but never cited the documents relied on by its experts that are the subject of this motion.[3]

Witness' final supplemental response on its invalidity contentions was served September 10, 2007, after the close of fact discovery on May 30, 2007. Through a Joint Stipulated Order entered on October 2, 2007, NICE agreed that "[it] will not object to the timeliness of, or attempt to exclude [based on untimeliness], any of Witness Systems' invalidity contentions served to date, including its September 10, 2007 supplementation" and Witness agreed that it would "*not attempt to further supplement its invalidity contentions for any of the patents-in-suit.*" See Ex. I, Joint Stipulated Order, dated October 2, 2007 (emphasis added).

---

[1] See Ex. K, NICE's First Set of Interrogatories to Witness at Interrogatory 2, p. 5, dated December 19, 2006.

[2] See Ex. A, Witness' Objections and Responses to Plaintiffs' First Set of Interrogatories at Response to Interrogatory No. 2, dated January 18, 2007; Ex. B, Witness' Objections and Responses to Plaintiffs' Second Set of Interrogatories at Response to Interrogatory No. 2(a), dated March 2, 2007.

[3] See Ex. C, Witness' Supplemental Responses to Plaintiffs' Interrogatory 2(a), dated April 30, 2007; Ex. D, Witness' Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated May 30, 2007; Ex. E, Witness' Third Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated July 10, 2007; Ex. F, Witness' Fourth Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated September 10, 2007.

NICE relied on Witness' disclosures during fact discovery, including documents relating to the BCBS System, both to take discovery on Witness' contentions and in formulating its rebuttal to Witness' invalidity contentions. However, the December 21, 2007 expert reports submitted on behalf of Witness by Dr. John Strawn and Dr. Jeffrey Vitter rely on numerous documents relating to the BCBS System, which Witness never previously identified in support of its invalidity contentions. *See* Ex. G, Expert Report of John Strawn, dated December 21, 2007; Ex. H, Expert Report of Dr. Jeffrey S. Vitter, dated December 21, 2007.[4]

---

[4] In support of his opinion on the alleged invalidity of the '345 and '570 patents, Dr. Vitter's expert report cites to the following BCBS System-related documents, which were not previously identified in Witness' responses to NICE's interrogatories: BCBS0064-159; BCBS0290-361; BCBS0622-689; WSNSDE0014395-430; WSNSDE0015531-540; WSNSDE0047302-306; WSNSDE0047657-737; WSNSDE0048143-144; WSDEPROD1282555-563; WSDEPROD1329044-100; WSDEPROD1329437-474; WSDEPROD1331176-177; WSDEPROD3990315-319; WSDEPROD4817019-022.

In support of his opinion on the alleged invalidity of the '372 patent, Dr. Strawn's expert report cites to the following BCBS System-related documents, which were not previously identified in Witness' responses to NICE's interrogatories: BCBS0362-382; BCBS0383-472; WSDEPROD1329044-100; WSDEPROD1329437-474.

In support of his opinion on the alleged invalidity of the '920 patent, Dr. Strawn's expert report cites to the following BCBS System-related documents, which were not previously identified in Witness' responses to NICE's interrogatories: BCBS0362-382; BCBS0383-472; WSNSDE0047657-737; WSDEPROD1329437-474.

Dr. Strawn's expert report also states that he considered the following BCBS System-related documents, which were also not previously identified in Witness' responses to NICE's interrogatories: BCBS0290-361; BCBS0622-689; WSNSDE0047302-306; WSNSDE0048143-144; WSNSDE0047657-737; WSDEPROD1331176-177; WSDEPROD1329044-100.

## ARGUMENT

### A. Witness' Attempted Use of BCBS System-Related Documents Never Previously Identified In Its Invalidity Contentions Violates Witness' Disclosure Obligations and Prejudices NICE

Pursuant to Fed. R. Civ. P. 33, NICE served interrogatories on Witness specifically requesting the identification and description of every tangible item and item of information that Witness has relied upon or intended to rely upon in support for of invalidity contentions. *See* Ex. K, NICE's First Set of Interrogatories to Witness, dated December 19, 2006. Although Witness identified certain documents relating to the BCBS System, both of Witness' invalidity experts rely on numerous BCBS System-related documents not previously identified in Witness' invalidity contentions.

This Court has explained that "an assertion [of invalidity] must be based on facts known and afterwards acquired, *which must be revealed to [the opposing party]*" before the close of discovery. *See Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 182 F.R.D. 117, 119 (D. Del. 1998) (Schwartz, J.) (granting plaintiff's motion to strike defendant's invalidity defense because of "continued failure to respond substantively to discovery requests relating to its [invalidity] affirmative defenses") (emphasis added). In this case, Witness violated its disclosure obligations by failing to identify these BCBS System documents during fact discovery in its responses to NICE's interrogatories. By having Dr. Vitter and Dr. Strawn rely on these additional BCBS System documents, Witness is improperly attempting to supplement its invalidity contentions on the eve of trial.[5]

---

[5] As described above, in withdrawing its Motion to Strike (D.I. 225), Witness agreed that it "will not attempt to further supplement its invalidity contentions for any of the patents-in-suit . . . ." *See* Ex. I, Joint Stipulated Order, dated October 2, 2007.

In deciding whether to preclude evidence, the Third Circuit has held that courts should consider the prejudice or surprise arising from untimely evidence and the ability to cure that prejudice. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977). In this case, NICE will be unduly prejudiced if Witness is permitted to use the belatedly-identified BCBS System documents at trial.

In particular, NICE will be prejudiced because it did not have the opportunity to obtain fact discovery on these documents identified for the first time in Witness' expert reports. During the litigation, NICE has relied on the disclosures Witness provided in its invalidity contentions to determine the scope of NICE's fact discovery. To permit Witness to use the newly-identified BCBS documents at trial would amount to "unfair and prejudicial surprise." *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 551 (Fed. Cir. 1998). Finally, with trial set to commence in approximately two weeks, there is no way to cure the undue prejudice to NICE resulting from Witness' failure to meet its discovery obligations. *See Praxair, Inc. v. ATMI, Inc.*, 445 F. Supp. 2d 460, 470 (D. Del. 2006) (Robinson, J.) ("The only way to have cured this untimely disclosure was to extend discovery and reschedule trial, a resolution patently unfair to plaintiff.").[6]

In conclusion, Witness did not meet its disclosure obligations during discovery when it submitted its invalidity contentions. Because the BCBS System documents at issue were identified for the first time in Witness' invalidity expert reports, NICE would suffer substantial prejudice should Witness be permitted to use the BCBS documents at trial. Thus, the Court

---

[6] Witness may argue that NICE had knowledge of the BCBS documents when Witness produced the documents to NICE. However, such an argument ignores that the purpose of Witness' responses to NICE's interrogatories was to put NICE on notice of the *specific* documents and evidence that support Witness' invalidity contentions. Certainly the production of the BCBS System documents alone amongst Witness' production of approximately 5.5 million pages does not provide the required notice.

should grant NICE's motion *in limine* to preclude Witness from referencing or presenting to the jury (including through its experts) the specific BCBS documents that were identified for the first time in the Strawn and Vitter expert reports.

### II. Plaintiffs' Motion *In Limine* to Preclude Witness From Using the Tan Reference At Trial

**INTRODUCTION**

NICE moves *in limine* to preclude Witness or its experts from referencing or presenting to the jury an asserted prior art reference cited in the expert report of Dr. John Strawn, Witness' expert on invalidity, in support of his opinion on U.S. Patent No. 5,396,371 (the "'371 patent"). Specifically, NICE seeks to preclude Witness' use of a reference entitled, Tan, et al., "Digital audio tape for data storage" (the "Tan reference"). Witness' belated use of the Tan reference is in violation of the notice requirements of 35 U.S.C. § 282 and Witness' disclosure obligations, severely prejudicing NICE.

**BACKGROUND**

In Witness' initial responses to NICE's first set of interrogatories, Witness identified over 700 prior art references in its invalidity contentions. With regard to the '371 patent, Witness stated that the claims of the '371 patent were invalid "over *one or more*" of a list of 56 prior art references, either alone or in combination. *See* Ex. A, Witness' Objections and Responses to Plaintiffs' First Set of Interrogatories at Response to Interrogatory No. 2, p. 8 (emphasis added). Among the 56 references was the Tan reference. *Id.*

Because Witness' response did not identify with particularity the specific references which supported its invalidity contentions for the '371 patent, NICE served Witness an interrogatory requiring Witness to do just that:

>On a claim-by-claim basis in a chart, *for each prior art reference identified by Witness in response to NICE's Interrogatory No. 2*, identify the disclosure in each prior art references of each limitation of the Asserted Claims in the respective Patent-in-Suit.

*See* Ex. J, NICE's Second Set of Interrogatories to Witness at Interrogatory 2(a), p. 6, dated January 31, 2007 (emphasis added). In responding this interrogatory, Witness specified only 16 of the original 56 references, eliminating 40 references, including the Tan reference. *See* Ex.. B, Witness' Objections and Responses to Plaintiffs' Second Set of Interrogatories at 6-7, Exhibit B (Invalidity Chart for `371 patent). Witness never mentioned the Tan reference again as none of Witness' further supplements to its invalidity contentions or its invalidity charts included the Tan reference.[7] After giving NICE no reason to believe that the Tan reference would be at issue at trial, Witness resurrected the Tan reference on the eve of trial in Dr. Strawn's December 21, 2007 expert report. *See* Ex. G, Strawn Report at 23, 30-31.

**ARGUMENT**

    A.    **Witness' Attempted Use of the Tan Reference Violates 35 U.S.C. § 282 and its Disclosure Obligations and Prejudices NICE**

35 U.S.C. § 282 mandates that "[i]n actions involving the validity or infringement of a patent, the party asserting invalidity or noninfringement *shall give notice* in the pleadings or otherwise in writing to the adverse party *at least thirty days before the trial*, of the . . . *title, date,*

---

[7] Witness provided a supplemental response to NICE's interrogatory 2(a) on April 30, 2007, which did not identify the Tan reference as a prior art reference for invalidity. *See* Ex. C, Witness' Supplemental Responses to Plaintiffs' Interrogatory 2(a) at 5, Supplemental Exhibit B (Supplemental Invalidity Chart for `371 patent). On May 30, 2007, Witness provided another supplemental response to NICE's interrogatories 2 and 2(a), and the Tan reference was still not included. *See* Ex. D, Witness' Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated May 30, 2007 at 2-3, Supplemental Exhibit B (Supplemental Invalidity Chart for `371 patent). Finally, on September 10, 2007, Witness supplemented its invalidity contentions for the `371 patent for the last time and still there was no citation to the Tan reference. *See* Ex. F, Witness' Fourth Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), Supplemental Exhibit B (Supplemental Invalidity Chart for `371 patent).

*and page numbers of any publication* to be relied upon as anticipation of the patent in suit . . . ." 35 U.S.C. § 282 (emphasis added). Although Witness identified Tan in a list of 56 references in its initial response to NICE's Interrogatory No. 2, it eliminated Tan and 39 other references when NICE requested Witness to identify the disclosures in the asserted references that supported its invalidity contentions.

As such, NICE relied on Witness' invalidity charts in determining how Witness intended to use the cited prior references as support for its attack on the validity of the `371 patent. Witness' initial response to NICE's interrogatories that "one or more of the following [56] references" invalidate the `371 Patent was not sufficient notice of an intent to rely on the Tan reference for invalidity. Furthermore, in its later responses to NICE's subsequent Interrogatory 2(a), which specifically requested an invalidity chart for all previously cited references, Witness omitted the Tan reference and only addressed a narrower set of 16 references. Indeed, Witness' omission of the Tan reference in its subsequent invalidity contentions clearly signaled an abandonment of that reference. Thus, Witness never gave NICE notice that it would use the Tan reference as evidence of invalidity until the submission of Dr. Strawn's expert report on December 21, 2007. *See, e.g., Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874, 879 (Fed. Cir. 1986) ("What counts is notice of intent to rely. Therefore, as a general rule, *merely mentioning a prior patent or publication in a pre-trial paper, and neglecting to indicate that it will be used at trial, does not normally constitute adequate notice*. The intent and purpose of section 282's notice requirement is to avoid prejudice to the patent owner.") (emphasis added).

Trial is scheduled to commence on January 15, 2008. Witness has therefore failed to provide the requisite notice for the Tan reference within the thirty-day notice period of § 282. "In the absence of such notice proof of the said matters may not be made at the trial except on

such terms as the court requires." 35 U.S.C. § 282; *see also Ferguson Beauregard / Logic Controls, Division of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3d 1327, 1347 (Fed. Cir. 2003) (affirming district court decision to exclude evidence in support of invalidity because defendant failed to give notice as required by 35 U.S.C. § 282); *ATD*, 159 F.3d at 551 ("The purpose of § 282 . . . is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence."). The Court should preclude Witness' use of the Tan reference at trial on this basis alone.

Moreover, in addition to failing to meet the notice requirements of 35 U.S.C. § 282, Witness has also failed to meet its disclosure obligations in responding to NICE's interrogatories. This Court has explained that "an assertion [of invalidity] must be based on facts known and afterwards acquired, ***which must be revealed to [the opposing party]***" before the close of discovery. *See Stairmaster*, 182 F.R.D. at 119 (granting plaintiff's motion to strike defendant's invalidity defense because of "continued failure to respond substantively to discovery requests relating to its [invalidity] affirmative defenses") (emphasis added). In this case, if Witness intended to rely on the Tan reference, it should have specifically disclosed it during fact discovery in its responses to NICE's contentions interrogatories and in its invalidity charts. However, in response to NICE's interrogatory requesting an invalidity chart for all previously cited references, Witness did not include the Tan reference. Thus, the belated reappearance of the Tan reference in the Strawn expert report is improper in view of Witness' failure to meet its disclosure obligations. By having Dr. Strawn rely on the Tan reference, Witness is improperly attempting to supplement its invalidity contentions with less than two weeks remaining before trial commences.

As explained above, in deciding whether to preclude evidence, the Third Circuit has held that courts should consider the prejudice or surprise arising from untimely evidence and the ability to cure that prejudice. *See Meyers*, 559 F.2d at 904-05. In this case, NICE will be unduly prejudiced if Witness is permitted to use the Tan reference at trial. This Court has routinely precluded untimely-disclosed prior art references because of the resulting prejudice to the plaintiff. *See Bridgestone Sports Co. Ltd. v. Acushnet Co.*, 2007 WL 521894, at *4-5 (D. Del. Feb. 15, 2007) (Farnan, J.) (precluding defendant from relying on untimely disclosed prior art references not previously included in invalidity contentions because of undue prejudice to plaintiff); *Praxair, Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463-64 (D. Del. 2005) (Robinson, J.) (granting plaintiffs' motion to strike defendants' invalidity defenses based on untimely disclosed prior art references because of prejudice to plaintiff).

In this case, NICE is prejudiced because it did not have the opportunity to obtain fact discovery on the Tan reference. During the litigation, NICE has relied on the disclosures Witness provided in its invalidity contention to determine the scope of NICE's fact discovery. To permit Witness to use the Tan reference at trial would amount to "unfair and prejudicial surprise." *ATD*, 159 F.3d at 551. With trial set to commence in approximately two weeks, there is no way to cure the undue prejudice to NICE resulting from Witness' failure to meet its discovery obligations. *See Praxair*, 445 F. Supp. 2d at 470 ("The only way to have cured this untimely disclosure was to extend discovery and reschedule trial, a resolution patently unfair to plaintiff.").

In conclusion, Witness has failed to meet the notice requirements of 35 U.S.C. § 282 and also its disclosure obligations in responding to NICE's interrogatories. NICE faces substantial incurable prejudice should Witness be permitted to use the Tan reference. Thus, the Court

should grant NICE's motion *in limine* to preclude Witness from referencing or presenting the Tan reference at trial.

### III. Plaintiffs' Motion *In Limine* to Preclude Witness From Using of the West Deposition Transcript At Trial

**INTRODUCTION**

NICE moves *in limine* to preclude Witness or its experts from referencing or presenting to the jury testimony from the deposition transcript of C.J. Elias-West ("West Transcript"), which Witness relied on for the first time in Dr. Strawn's expert report on invalidity of the `371, `372, and `920 patents. The use of the West Transcript violates the notice requirements of 35 U.S.C. § 282, demonstrates a violation of Witness' disclosure obligations, and incurably prejudices NICE.

**BACKGROUND**

In a prior litigation, *Dictaphone Corp. v. NICE Systems Ltd. and NICE Systems Inc.*, Ms. C.J. Elias-West was deposed on December 5, 2001. Ms. West provided testimony regarding Racal's Rapidax product, which Witness contends is invalidating prior art in this litigation. While Witness has had the West Transcript since January, 2007, it was not until Dr. Strawn's December 21, 2007 expert report that Witness identified the West Transcript as supporting its invalidity contention that the Rapidax product was in public use or on sale.

NICE's Interrogatory No. 2 required Witness to identify every document and item of information that Witness intended to rely on as support for its invalidity contentions. *See* Ex. K, NICE's First Set of Interrogatories to Witness at 5, dated December 19, 2006. Witness never identified the West Transcript in its initial response or in its supplemental responses to this interrogatory. Witness also never provided any notice or identification of Ms. West as an individual who may be relied on as having knowledge of a prior use or offer for sale as required

by 35 U.S.C. § 282. Finally, Witness failed to identify Ms. West in its initial disclosures as an individual likely to have discoverable information supporting Witness' defenses. *See* Ex. L, Witness' Initial Disclosures, dated October 17, 2006. Notwithstanding Witness' complete failure to identify Ms. West as a person with knowledge supporting one of its invalidity defenses, the West Transcript is referenced for the first time as support for Witness' invalidity position in Dr. Strawn's expert report submitted on December 21, 2007. *See* Ex. G, Strawn Report at 19-23, 28, 57, 75.

**ARGUMENT**

    A.    **Witness' Attempted Use of the West Transcript Violates 35 U.S.C. § 282 and Its Disclosure Obligations and Prejudices NICE**

35 U.S.C. § 282 mandates that "[i]n actions involving the validity or infringement of a patent, the party asserting invalidity or noninfringement *shall give notice* in the pleadings or otherwise in writing to the adverse party *at least thirty days before the trial, . . . the name and address of any person* who may be relied upon . . . as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit." 35 U.S.C. § 282. Witness never provided NICE with notice of Ms. West, as required by § 282. "In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires." 35 U.S.C. § 282; *see also Ferguson*, 350 F.3d at 1347 (affirming district court decision to exclude evidence in support of invalidity because defendant failed to give notice as required by 35 U.S.C. § 282); *ATD*, 159 F.3d at 551 ("The purpose of § 282 . . . is to prevent unfair and prejudicial surprise, not to facilitate last-minute production of evidence."). The Court should preclude Witness' use of the West Transcript at trial on this basis alone.

Moreover, in addition to failing to meet the notice requirements of 35 U.S.C. § 282, Witness also failed to meet its disclosure obligations in responding to NICE's interrogatories.

This Court has explained that "an assertion [of invalidity] must be based on facts known and afterwards acquired, *which must be revealed to [the opposing party]*." *See Stairmaster*, 182 F.R.D. at 119 (granting plaintiff's motion to strike defendant's invalidity defense because of "continued failure to respond substantively to discovery requests relating to its [invalidity] affirmative defenses") (emphasis added). In this case, Witness should have specifically disclosed the West Transcript in its invalidity contentions and initial disclosures, but it did not. *See* Ex. L, Witness' Initial Disclosures, dated October 17, 2006; *Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 2285857, at *1 (W.D. Wash. Aug. 2, 2007) (precluding witness testimony where witness was not identified until three months after close of fact discovery). By having Dr. Strawn rely on the West Transcript, Witness is improperly attempting to supplement its invalidity contentions with less than two weeks remaining before trial commences.

As explained above, the Third Circuit directs courts to consider the prejudice or surprise arising from untimely evidence and the ability to cure that prejudice. *See Meyers*, 559 F.2d at 904-05. In this case, NICE is prejudiced by its lack of opportunity to obtain fact discovery on the West Transcript, which was identified for the first time in the Mr. Strawn's invalidity expert report. During this litigation, NICE relied on the disclosures Witness provided in its invalidity contentions as the basis for determining the scope of NICE's fact discovery. At this late stage of the litigation, there is no way to cure NICE's prejudice. *See Praxair*, 445 F. Supp. at 470.[8]

In conclusion, Witness has failed to meet the notice requirements of 35 U.S.C. § 282 and also its disclosure obligations in responding to NICE's interrogatories. NICE faces substantial and incurable prejudice should Witness be permitted to use the West Transcript at trial. Thus,

---

[8] While Witness may argue that both NICE and Dictaphone had an opportunity to question Ms. West at her deposition, that fact does not relieve Witness of its obligations during discovery and under § 282 to identify evidence that Witness itself intends to rely on in *this* litigation.

the Court should grant NICE's motion *in limine* to preclude Witness from referencing or presenting the West Transcript at trial.

                Respectfully submitted,

                YOUNG CONAWAY STARGATT & TAYLOR, LLP

                /s/ Melanie K. Sharp

                Melanie K. Sharp (No. 2501)
                Mary F. Dugan (No. 4704)
                Monté T. Squire (No. 4764)
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, DE 19801

                P.O. Box 391
                Wilmington, DE 19899
                (302)571-6681
                msharp@ycst.com

                KAYE SCHOLER LLP
                Scott G. Lindvall
                Joseph M. Drayton
                425 Park Avenue
                New York, NY 10022
                (212)836-8000

                *Attorneys for Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.*

Dated: January 2, 2008

**CERTIFICATE OF SERVICE**

I, Monté T. Squire, Esquire, hereby certify that on January 2, 2008, I caused to be electronically filed a true and correct copy of the foregoing document, Plaintiffs' Motions *In Limine* to Preclude the Use of Evidence Improperly Raised in Defendant's Expert Reports, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>William J. Marsden, Jr., Esquire
>Kyle Wagner Compton, Esquire
>Fish & Richardson, P.C.
>919 North Market Street, Suite 1100
>P.O. Box 1114
>Wilmington, DE 19899-1114

I further certify that on January 2, 2008, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manned indicated:

>**BY EMAIL**
>Nagendra Setty, Esquire (setty@fr.com)
>Daniel A. Kent, Esquire (kent@fr.com)
>Christopher O. Green, Esquire (green@fr.com)
>Noah C. Graubart (graubart@fr.com)
>Fish & Richardson, P.C.
>1180 Peachtree Street, N.E.
>21st Floor
>Atlanta, GA 30309

>_____
>Monté T. Squire (No. 4764)
>YOUNG CONAWAY STARGATT & TAYLOR, LLP
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, DE 19801
>
>P.O. Box 391
>Wilmington, DE 19899-0391
>(302)571-6600
>msquire@ycst.com