IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC., and )
NICE SYSTEMS, LTD., )
　　　　　　　　　　　　　 )
　　　　　　　　　　Plaintiffs, )
　　　　　　　　　　　　　 )
　　　　　　v. )　　　Civil Action No. 06-311-JJF
　　　　　　　　　　　　　 )
WITNESS SYSTEMS, INC., )　　**REDACTED DOCUMENT**
　　　　　　　　　　　　　 )
　　　　　　　　　　Defendant. )

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTIONS TO EXCLUDE
EVIDENCE**

YOUNG CONAWAY STARGATT & TAYLOR, LLP　　　　KAYE SCHOLER LLP
Melanie K. Sharp (No. 2501)　　　　　　　　　　Scott G. Lindvall
Mary F. Dugan (No. 4704)　　　　　　　　　　　Joseph M. Drayton
Monté T. Squire (No. 4764)　　　　　　　　　　425 Park Avenue
The Brandywine Building　　　　　　　　　　　New York, NY 10022
1000 West Street, 17th Floor　　　　　　　　　(212) 836-8000
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

*Attorneys for Plaintiffs NICE Systems, Inc. and NICE Systems, Ltd.*

Dated: January 15, 2008

Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively "NICE") submits this memorandum in support of its two motions to exclude evidence that defendant Witness Systems, Inc. ("Witness") seeks to introduce.

## I.    Plaintiff's Memorandum In Support Of Its Hearsay Objection To Defendant's Use Of The Prior Deposition Testimony Of C.J. Elias-West And Andrew Jackson

### Introduction

Pursuant to Federal Rules of Evidence 802 and 804, NICE moves to preclude Witness from offering at trial, including as backdoored through its experts, the prior deposition testimony of Ms. C.J. Elias-West and the deposition of Mr. Andrew Jackson (as an exhibit).    These depositions were taken in a previous litigation and constitute hearsay under the Federal Rules of Evidence.[1] As Witness has not made any effort to establish that either Ms. Elias-West or Mr. Jackson is unavailable as required by the Rule 804 hearsay exceptions, their prior testimony is inadmissible.

### Background

In 2001, during the *Dictaphone v. NICE* litigation, NICE took the depositions of both Ms. Elias-West and Mr. Jackson, employees of a third-party company, Racal.  Witness obtained these *Dictaphone* deposition transcripts during discovery in this action, but never sought to take the depositions of these persons in this case.   Witness included the Elias-West and Jackson depositions in its trial exhibit list and NICE objected on hearsay grounds, among others.[2]  On the

---

[1]    In addition, the evidence proffered relates to the Dictaphone litigation as to which NICE has objected pursuant to Federal Rule of Civil Procedure 403. (D.I. 282)

[2]    Also pending is NICE's motion *in limine* seeking to exclude the Elias-West deposition based on Witness's failure to give proper notice of its intent to rely on that deposition in its discovery contentions and its failure to identify Elias-West pursuant to 35 U.S.C. § 282.

evening of January 13, 2008, Witness notified NICE that it intends to present the Elias-West deposition at trial on January 15, 2008.

Witness has failed to establish that either Ms. Elias-West or Mr. Jackson is unavailable as required for the hearsay exception of Rule 804(b)(1) to apply. Because no exception to the hearsay rule applies, these depositions are inadmissible in the trial of this action.

## Argument

### A.     The depositions of Ms. Elias-West and Mr. Jackson in *Dictaphone v. Nice* constitute inadmissible hearsay under the Federal Rules of Evidence

There can be no question that both the Elias-West and Jackson prior depositions constitute hearsay under the Federal Rules of Evidence. Rule 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID 801(c). As statements made other than while testifying at trial in this action, the prior testimony of Ms. Elias-West and Mr. Jackson constitute hearsay.

### B.     The hearsay exception for former testimony does not apply unless the witness is unavailable

Rule 804(b)(1) provides an exception to the hearsay rule for former testimony only if the party seeking to use the former testimony establishes that the witness is "unavailable." The language of the Rule is very clear. Rule 804(b) begins: "[t]he following are not excluded by the hearsay rule *if the declarant is unavailable as a witness.*" Fed. R. Evid. 804(b). (emphasis added). See *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 165 (3d Cir. 1995), *cert. denied*, 516 U.S. 1145 (finding of unavailability is required before admitting former testimony into evidence under Rule 804(b)(1)).

### C.     Witness has not shown that either Elias-West or Jackson is unavailable

Rule 804(a)(5), the only subsection applicable in this case, provides that "unavailability as a witness includes situations in which the declarant . . . is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means." Fed. R. Evid. 804(a)(5). Witness has failed to meet its burden of establishing that either Mr. Jackson or Ms. Elias-West is unavailable under the rule. *See Kirk*, 61 F.3d at 165 ("We observe that it is the proponent of the statement offered under Rule 804 who bears the burden of proving the unavailability of the declarant."). In particular, Witness has not shown that it has made *any* efforts to procure either Ms. Elias-West's or Mr. Jackson's attendance at trial.[3] *See also Burkhart v. Potter*, 166 Fed.Appx 650, 654 (the court held that a fact witness's deposition testimony was excluded where the proponent "did not even request that [the witness] be produced for trial," and therefore the witness was not unavailable).

In *Kirk v. Raymark Industries, Inc.*, the trial testimony of an expert witness in an unrelated trial was offered under the former testimony hearsay exception of Rule 804(b)(1). 61 F.3d at 164. The Court first held that admission of former testimony into evidence under Rule 804(b)(1) requires a finding of unavailability. *Id.* at 165 The Court also held that even though the witness was outside the subpoena power of the court, the proponent of the testimony "failed to prove that [they] used 'reasonable means' to enlist his services." *Id.*

**Conclusion**

For the foregoing reasons, the prior deposition testimony of Elias-West and Jackson is inadmissible hearsay and Witness and its experts should be precluded from introducing or referring to such testimony at trial.

---

[3]     As Witness stated in its opposition to NICE's *in limine* motion, NICE's counsel learned on January 3, 2008, for the first time that Ms. Elias-West is now a NICE employee. However, Witness never contacted NICE to determine whether Ms. Elias-West could be made available at trial.

**II.    Plaintiffs' Memorandum to Exclude Trial Testimony Related to Witness's Evaluation of Dictaphone's Patent Portfolio**

**Introduction**

NICE moves to preclude Witness from eliciting at trial testimony that Witness evaluated and analyzed Dictaphone's patent portfolio, including the patents-in-suit that were previously owned by Dictaphone, because Witness asserted privilege to block NICE's efforts to take discovery on this issue.

**Background**

On the first day of trial of this action on January 14, 2008, counsel for Witness advised NICE that Witness would call its former Chief Financial Officer, William Evans, to testify about Witness' evaluation of Dictaphone's patent portfolio. However, during discovery, Witness asserted privilege to block NICE's efforts to take deposition testimony about such evaluations of Dictaphone's patents.

For example, during an August 9, 2007 deposition, NICE questioned Witness's former Director of Product Management, Kevin Hegebarth, as to whether Witness's Patent Advisory Committee evaluated the patents of competitors, including Dictaphone. However, Witness's counsel repeatedly asserted privilege objections, and either cautioned Mr. Hegebarth not to reveal communications with counsel, or directed Mr. Hegebarth not to answer on the ground of privilege. (Hegebarth Dep. Tr. at 51-64, attached as Exhibit A hereto).

Thus, over the course of 15 pages of transcript, **REDACTED**, the repeated privilege assertions by Witness's counsel blocked NICE from learning of any conclusions reached by Witness's Patent Advisory Committee or the substance of any analysis. For example:



The overall effect of this and other privilege objections and directions asserted by Witness's counsel was to prevent NICE from discovering the substance of any evaluation or valuation that Witness conducted of Dictaphone's patents, including the Dictaphone patents-in-suit. For Witness to now present evidence, through Mr. Evans (or any other witness for that matter) or exhibits about Witness's consideration and valuation of Dictaphone's patents violates the well-settled principle that privilege cannot be used as both a sword and a shield. *See, e.g., Tracinda Corp. v. DaimlerChrysler AG*, 362 F.Supp.2d 487, 513 (D.Del. 2005). Having asserted privilege to block discovery of Witness's evaluation of Dictaphone's patents, Witness should not be permitted to present this evidence at trial.

**Conclusion**

Based on the foregoing, Witness should be precluded from presenting testimony on its evaluation of Dictaphone's patents.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302) 571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212) 836-8000

Dated: January 15, 2008

*Attorneys for Plaintiffs NICE Systems, Inc. and
NICE Systems, Ltd.*

# EXHIBIT A

# REDACTED

# EXHIBIT B

# REDACTED