**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NICE SYSTEMS, INC., and<br>NICE SYSTEMS, LTD., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>WITNESS SYSTEMS, INC., )<br>)<br>Defendant. ) | Civil Action No. 06-311-JJF<br><br>**REDACTED DOCUMENT** |

**DECLARATION OF JOSEPH M. DRAYTON
IN SUPPORT OF PLAINTIFFS' MOTIONS *IN LIMINE*
TO PRECLUDE ADMISSION OF EVIDENCE**

**JOSEPH M. DRAYTON** declares:

1.      I am counsel at the law firm Kaye Scholer LLP, counsel for Plaintiffs

NICE Systems, Inc. and NICE Systems, Ltd. ("NICE") in this action.  I am a member in good

standing of the bars of the States of New York and Maryland and am admitted *pro hac vice* in

this case.

2.      Attached to this Declaration of Joseph M. Drayton in Support of Plaintiffs'

Motions *in Limine* To Preclude the Use of Evidence Improperly Raised in Defendant's Expert

Reports as Exhibits A through L are true and correct copies of the following:

Exhibit A:    Witness' Objections and Responses to Plaintiffs' First Set of
Interrogatories, dated January 18, 2007

Exhibit B:    Witness' Objections and Responses to Plaintiffs' Second Set of
Interrogatories, dated March 2, 2007

Exhibit C:    Witness' Supplemental Responses to Plaintiffs' Interrogatory 2(a), dated April 30, 2007

Exhibit D:    Witness' Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated May 30, 2007

Exhibit E:    Witness' Third Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated July 10, 2007

Exhibit F:    Witness' Fourth Supplemental Responses to Plaintiffs' Interrogatories 2 and 2(a), dated September 10, 2007

Exhibit G:    Expert Report of Dr. John Strawn, dated December 21, 2007

Exhibit H:    Expert Report of Dr. Jeffrey S. Vitter, dated December 21, 2007

Exhibit I:    Joint Stipulated Order, dated October 2, 2007

Exhibit J:    NICE's Second Set of Interrogatories to Witness, dated January 31, 2007

Exhibit K:    NICE's First Set of Interrogatories to Witness, dated December 19, 2006

Exhibit L:    Witness' Initial Disclosures, dated October 17, 2006

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28

U.S.C. § 1746.

Executed on January 2, 2008

Joseph M. Drayton

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

*Plaintiffs,*

v.

WITNESS SYSTEMS, INC.

*Defendant.*

C.A. No. 1:06-CV-00311-JJF

## DEFENDANT WITNESS SYSTEMS, INC. S OBJECTIONS AND RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC. S AND NICE SYSTEMS LTD. S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules of the District of Delaware, Defendant Witness Systems, Inc. ( Witness Systems ) responds to the First Set of Interrogatories propounded by Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively,  NICE ) as follows:

### GENERAL OBJECTIONS

A.     Witness Systems generally objects to all of NICE s Interrogatories to the extent they seek the disclosure of information constituting or reflecting attorney-client communications protected by the attorney-client privilege.  By responding to any particular Interrogatory, Witness Systems does not intend nor does it waive the attorney-client privilege or any other applicable privilege that it may have, and Witness Systems specifically intends to assert the same.  Inadvertent disclosure of any privileged information shall not constitute a waiver of privilege or of any other basis for objecting to discovery with respect to such information.

B.     Witness Systems generally objects to all of NICE s Interrogatories to the extent they seek the disclosure of information, documents, or communications constituting or reflecting attorney work product, including without limitation the thought processes or mental impressions of Witness Systems attorneys concerning the preparation, prosecution or defense of any claim by or against Witness Systems, which are protected by the work product exemption from discovery. By responding to any particular Interrogatory, Witness Systems does not intend nor does it waive work product immunity or any other applicable privilege that it may have, and Witness Systems specifically intends to assert the same. Inadvertent disclosure of any information protected by work product immunity shall not constitute a waiver of the immunity or of any other basis for objecting to discovery with respect to such information.

C.     Witness Systems objects to identification of information regarding any privileged or work product documents or information created or prepared by any of its employees, attorneys, agents, or representatives on or after May 10, 2006, the date this action was filed. Witness Systems believes that the categorical identification of such withheld documents and/or information satisfies any identification requirements predicate to a proper assertion of the applicable privilege or immunity.

D.     Witness Systems objects to each Interrogatory to the extent it seeks information not within Witness Systems possession, custody or control.

E.     Witness Systems objects to each Interrogatory to the extent it seeks information not relevant to any claim or defense in this case or reasonably calculated to lead to the discovery of information relevant to any claim or defense.

F.       Witness Systems objects to each Interrogatory to the extent that it seeks information constituting trade secrets, proprietary information, or other confidential or competitively sensitive technical or business information, outside the protections afforded by an appropriate protective order.  Such Witness Systems information will only be produced subject to a protective order governing the exchange of such information in this case.  Witness Systems further objects to each Interrogatory to the extent it seeks information constituting trade secrets, proprietary information, or other confidential or competitively sensitive technical or business information of a third party.

G.       Witness Systems' responses to these Interrogatories do not constitute an admission or acknowledgment that the information sought is within the proper scope of discovery.

H.       Witness Systems objects to each Interrogatory to the extent that it is unduly burdensome.  Witness Systems also objects to the definition of "Accused Products" on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous to the extent it fails to identify specific products and/or versions of specific products, and to the extent it may include products and/or versions not identified by NICE in response to Witness Systems' Interrogatory No. 13.

I.        Witness Systems objects to these Interrogatories and to the "Definitions and Instructions" to the extent they purport to enlarge upon or are otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Delaware or to the extent that they attempt to use a word or phrase in a manner other than its normal and customary meaning.

-3-

J.     Witness Systems' responses herein are based upon such information and documents as have been reviewed to date, after a reasonable search of those files and locations where it reasonably believes responsive documents may be located.  The responses herein are given without prejudice to Witness Systems' right to supplement these responses and produce evidence of any subsequently discovered facts or documents, or facts or documents that Witness Systems may later develop.

K.     Witness Systems objects to each and every interrogatory to the extent that it is a premature because discovery is still in its very early stages and the claims of the patents-in-suit have yet to be construed.  Witness Systems is still formulating its contentions regarding the claims and defenses of the parties and specifically reserves the right to supplement theses responses as its investigation continues.

L.     Witness Systems objects to these Interrogatories to the extent that, including subparts, they exceed the maximum number of interrogatories allowed in this action.

M.     Witness Systems' responses to each Interrogatory are made without in any way waiving: (a) the right to object, on the grounds of competency, relevancy, materiality, privilege or admissibility as evidence for any purpose in any subsequent proceeding in this case; and (b) the right to object on any ground to any other Interrogatories involving or relating to the subject matter of these Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections, each of which is incorporated by reference below in each separate response, Witness Systems responds to the Interrogatories as follows:

-4-

## INTERROGATORY NO. 1:

Describe in detail the factual and legal bases for Witness' contention that Witness Systems has not and does not infringe, directly or indirectly, any claim of any of the 738, 371, 005, 570, 345, 370, 920, 079, and/or 109 patents, either literally or under the doctrine of equivalents. The detailed description of such factual and legal bases should include, without limitation, an identification on a claim-by-claim basis of each claim limitation Witness contends is not met by the Accused Products, either literally or under the doctrine of equivalents.

## RESPONSE TO INTERROGATORY NO. 1:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Witness Systems also objects to this Interrogatory to the extent it calls for information comprising trade secrets, proprietary information, or other confidential or competitively sensitive technical information. Accordingly, Witness Systems' responses are provided subject to the terms of the protective order entered by the Court in this action. Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent NICE has failed to identify specific products and/or versions of specific products by its definition of the "Accused Products" and has refused to identify whether NICE's infringement contentions regarding the "Accused Products" are based on literal infringement, infringement under the doctrine of equivalents, direct infringement, contributory infringement, and/or infringement by inducement. Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it mischaracterizes and purports to state Witness Systems' contention.

Subject to and without waiving the foregoing objections, Witness Systems refers NICE to Exhibit A.

Witness Systems' investigation of this matter is ongoing and discovery is in its very early stages. Witness Systems specifically reserves its right to amend and/or supplement this response as that investigation continues.

**INTERROGATORY NO. 2:**

Describe in detail the factual and legal bases for Witness' contention that [the claims of the '738, '371, '005, '345, '372, '370,'920, '079, and '109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation § § 102, 103, and/or 112. The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. § 112 Witness contends the Patents-In-Suit do not meet and an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**RESPONSE TO INTERROGATORY NO. 2:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Witness Systems also objects to this Interrogatory to the extent it calls for information comprising trade secrets, proprietary information, or other confidential or competitively sensitive technical information. Accordingly, Witness Systems' responses are provided subject to the terms of the protective order entered by the Court in this action. Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it mischaracterizes and purports to state Witness Systems' contention.

Subject to and without waiving the foregoing objections, Witness Systems responds as follows:

Witness Systems believes one or more of the claims of the 109, 371 and 920 patents are invalid for failure to satisfy 35 U.S.C. § 112, ¶ 1.

Witness Systems believes one or more claims of the 109, 370, 570, 371, 920, 005, 372, 079 and 738 Patents are invalid for failure to satisfy 35 U.S.C. § 112, ¶ 2.

Witness Systems believes one or more of the claims of the '738 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: 4,121,058; 4,124,773; 4,254,304; 4,260,854; 4,360,910; 4,523,055; 4,549,047; 4,564,936; 4,573,140; 4,602,129; 4,625,081; 4,663,777; 4,672,662; 4,674,083; 4,791,660; 4,829,514; 4,839,888; 4,882,729; 4,998,249; 5,093,825; 5,105,421; 5,129,036; 5,179,585; 5,179,627; 5,185,781; 5,227,987; 5,265,075; 5,276,678; 5,283,638; 5,291,479; 5,353,377; 5,509,059; DE 39 23 631 A1; EP 0 185 445 A2; EP 0 261 790 A2; EP 0 412 799 A2; EP 0 444 536 A2; JP 57024148; WO 85/05000; WO 8912271; WO 90/04298; Rolm Introduces Digital PBX Line, Electronic News, v29, n1472 (Nov 21, 1983); Signal Processing Software For A Voice Messaging System Using The TMS32010 Processor, 1985 IEEE Int. Conf. on Acoustics, Speech and Signal Processing, pages 1417-1420; Siemens Unveils The HCM 200 - A Fully Digital, Voice/Data Hybrid, Teleconnect, v7, n11 (Nov 1989); Telephone Logging, Teleconnect, v8, n10 (Oct 1990); Digital Audio System, IEEE ASSP Magazine, October 1985; Multiprocessor System For Speech Processing And Telecommunication, IEEE, 1984; Communication Processors, Proceeding of the IEEE, Vol. 60, No. 11, November 1972; Text-to-Speech Unit Simplifiers Interface for Computer Interaction, Computer Technology Review, Dec. 1985, Vol. 5, Iss. 4; Modular Voice Processor, IEEE, 1991; An Audio Computer Interface: A Case Study of Structured Electronic Equipment Design, Microprocessing and Microprogramming, Amsterdam: Mar 1986, Vol. 17, Iss. 3; Digital Circuit Multiplication Gets 120 Speech Channels From T1, Data Communications v16, n2, Feb 1987; Digital Delivers Voice Processing Across Computer Networks, Telephony, V220, n17, April 29, 1991; Multiple Microprocessor System For Real Time Speech

Signal Processing, IEEE ELECTRONICOM 85, Conference Proceedings, 622-5 vol. 3, 1985; Computer Interfacing Of The Rockwell International ADAP For Flexible Digital Audio Processing, Proceedings Of The 1980 Carnahan Conference On Crime Countermeasures: 1980; The DSC-2000 VoiceServer System, Office Proceedings of Speech Tech 85, Voice Input/Output Applications Show and Conference: 84-8, 1985; PBX Helps University Provide Voice and Data, Telephony, Chicago: Jun 29, 1987, Vol. 212, Iss. 26; Data Compression, Satellite Communications, Atlanta: May 1985, Vol. 9, Iss. 5; General DataComm Ltd, Computing Canada v17, n9, April 25, 1991; and any and all references of record in the file history of this patent and/or any related patent, including matter incorporated by reference therein.

Witness Systems believes one or more of claims of the '371 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: 4,051,355; 4,121,058; 4,221,933; 4,260,854; 4,408,309; 4,412,098; 4,523,055; 4,549,047; 4,573,140; 4,805,217; 4,829,514; 4,841,574; 4,864,543; 4,873,589; 4,891,835; 4,905,141; 4,963,866; 4,985,914; 4,998,272; 5,012,459; 5,025,324; 5,031,218; 5,142,527; 5,210,829; 5,241,428; 5,343,452; 5,345,430; 5,359,468; 5,371,551; 5,406,425; 5,539,897; 5,564,033; 5,581,606; 5,710,978; 5,819,005; 5,946,445; 5,974,015; 6,208,476; DE 40 15 626 A1; DE 40 24 231 A1; EP 0 321 077 A2; EP 0 372 894 A2; EP 0 449 213 A2; EP 424116; EP 490239; EP 503480; GB 2 212 359 A; JP 05325511; JP 62192077; Digital Audio Tape For Data Storage, IEEE Spectrum October, 1989; A New Play-Back Method for R-DAT Using Non-Tracking Signal Processing, IEEE September 11, 1991; Rolm Introduces Digital PBX Line, Electronic News, v29, n1472 (Nov 21, 1983); Signal Processing Software For A Voice Messaging System

Using The TMS32010 Processor, 1985 IEEE Int. Conf. on Acoustics, Speech and Signal Processing, pages 1417-1420; Siemens Unveils The HCM 200 - A Fully Digital, Voice/Data Hybrid, Teleconnect, v7, n11 (Nov 1989); Telephone Logging, Teleconnect, v8, n10 (Oct 1990); Eyretel e1000; and any and all references of record in the file history of this patent and/or any related patent, including matter incorporated by reference therein.

Witness Systems believes one or more of the claims of the '345 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: 4,399,331; 4,471,169; 4,475,011; 4,510,351; 5,003,574; 5,048,079; 5,153,909; 5,159,698; 5,163,085; 5,164,983; 5,181,239; 5,287,270; 5,325,290; 5,434,910; 5,465,286; 5,500,795; 5,517,560; 5,535,256; 5,535,261; 5,539,808; 5,559,867; 5,559,875; 5,619,557; 5,668,863; 5,696,811; 5,710,978; 5,715,307; 5,740,233; 5,784,452; 5,793,861; 5,799,073; 5,818,907; 5,864,616; 5,867,599; 5,903,641; 5,923,746; 5,926,535; 5,933,780; 5,940,494; 5,946,375; 5,982,857; 5,991,373; 6,022,753; 6,058,163; 6,072,860; 6,084,954; 6,091,808; 6,097,792; 6,151,386; 6,252,945; 6,304,648; 6,314,089; 6,327,343; 6,345,094; 6,363,145; 6,385,301; 6,393,106; 6,404,883; 6,430,270; 6,466,663; 6,490,350; 6,526,397; 6,567,504; 6,665,376; 6,665,395; 6,732,082; 6,741,697; 6,788,315; 6,874,119; 6,975,707; 6,975,708; 6,988,205; 7,020,250; 7,027,578; 7,065,192; 7,092,494; 7,142,650; EP 0 572 544 B1; EP 0 572 544 B1; EP 0 572 544 B1; EP 0 946 032 A2; EP 0 946 032 A2; EP 380798; WO 00/76188; WO 00/76188 A1; Duration Distribution Analyzer; Tibaldo, F.; Veronese, G.Revue F.I.T.C.E. vol.13, no.3, 19-23, May-June 1974; A Dependent Processor For A Multiprocessing Telephone Switching System, Neville, S.M.L Vandermolen, G.L. Proceedings Of The National Electronics Conference,

9-11 Dec. 1968, 578-83, Chicago, IL, USA; Phone Lines Controlled By Microprocessor, Elektrotehniski Vestnik vol.51, no.5, 185-92, Oct.-Dec. 1984; Social Security Administration: Information on Monitoring 800 Number Telephone Calls, General Accounting Office, Washington, DC, Health Education and Human Services Div. 8 Dec 1987; Recording Call Center Performance, Electric Perspectives, Jul/Aug 1998 by Tom Eastland; Ichat, Now Acuity, Launches Web Call Center, Computergram International, June 1, 1998; Web-Enabled Call Center From Netspeak, Telemarketing & Call Center Solutions, Apr 1998; New Call Center Query Tools Help Bring Wisdom To Management, Telemarketing & Call Center Solutions, Jan 1998 by Zack Taylor; How Logging And Monitoring Technologies Improve Quality In A Call Center, Telemarketing & Call Center Solutions, Jan 1998 by Gary Shearer; The Evolution Of Digital Recording In The Call Center, Telemarketing & Call Center Solutions, Nov 1997 by Michael Binder; Centralized Call Center Data: The Hidden Corporate Asset, Telemarketing & Call Center Solutions, Aug 1997 by Cynthia Holladay; Call Center Management System From AVT, Telemarketing & Call Center Solutions, June 1997; Managing The Call Center Deluge, Telemarketing, June 1995 by Larry Jernigan; Value-Added Software Applications Vital To Future Call Center Management, Telemarketing, Oct 1995 by Dianna Walta; Call Logging Solutions For The Call Center, Telemarketing & Call Center Solutions, June 1996 by Joav Avtalion; Aspect Puts OLE And ACD To Work On Call Center Reports, Network World, 11 Dec 1995 by David Rohde; Making Workforce Management A Part Of Your Inbound Solution, Telemarketing & Call Center Solutions, June 1998 by Margaret Sansom; Playing The Numbers: Using ACD Statistics For Workforce Management, Telemarketing & Call Center Solutions, Mar 1998 by Illah

-10-

Nourbakhsh; CentreVu from Lucent, Telemarketing & Call Center Solutions, Mar 1998;

Health Care Provider's Quality Monitoring Pays Off, Telemarketing & Call Center

Solutions, Jan 1998 by Ron Elwell; Mustang Internet Message Center, Telemarketing &

Call Center Solutions, March 1998; Desktop Screen Capture From Teknekron Infoswitch,

Telemarketing & Call Center Solutions, August 1997; Monitoring Technology Helps

Keep Customers Satisfied, Telemarketing & Call Center Solutions, July 1997 by Ron

Elwell; How Logging & Monitoring Technologies Improve Quality, Telemarketing &

Call Center Solutions, Feb 1997 by Joav Avtalion; E-Ware (including E-Ware Replay)

Versions 1.0.003, 1.0.004, 1.0.006, 1.0.008, 1.0.0011, 1.0.031, 1.0.036, 1.0.037, 1.0.038,

1.0.039, 1.0.044, 1.0.045; Eyretel e1000; Eyretel e500; MediaStore; ContactStore; and

any and all references of record in the file history of this patent and/or any related patent,

including matter incorporated by reference therein.

  Witness Systems believes one or more of the claims of the '372 Patent are invalid

under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following

references, either alone or in combination: 4,488,274; 4,597,077; 4,634,809; 4,757,497;

4,805,172; 4,893,301; 5,003,574; 5,133,081; 5,200,993; 5,265,075; 5,351,276; 5,392,329;

5,488,648; 5,524,147; 5,533,103; 5,559,875; 5,623,540; 5,740,231; 5,751,961; 5,799,063;

5,812,644; 5,828,730; 5,864,616; 5,905,775; 5,930,341; 5,945,989; 5,982,857; 5,999,965;

6,014,437; 6,052,454; 6,122,357; 6,122,364; 6,222,838; 6,230,197; 6,266,400; 6,311,186;

6,385,646; 6,493,434; 6,535,586; 6,587,871; 6,724,875; 6,850,609; 7,051,182; 7,092,494;

2001/004369; 2002/0075587; 2002/0080927; 2003/0009464; 2003/0191970;

2006/0253627; CA 2 217 923; DE 41 42 094 A1; EP 0 637 160 A2; EP 0 642 250 A2;

EP 0 837 388 A2; EP0450610; GB 2 317 782 A; H001918; JP 05-324448 A; WO

99/12326; WO9738422A1; WO 98/13995; An Overview Of The Etherphone System And Its Applications, Zellweger, P.T., Terry, D.B., Swinehart, D.C., Computer Workstations, 1988, Proceedings of the 2nd IEEE Conference on 7-10 March 1988 Page(s) 160   168; Why Optimistic Message Logging Has Not Been Used In Telecommunications Systems, Yennun Huang, Yi-Min Wang, Fault-Tolerant Computing, 1995, FTCS-25, Digest of Papers, Twenty-Fifth International Symposium, 27-30 June 1995, Page(s) 459   463; Data Logging: A Method For Efficient Data Updates In Constantly Active RAIDS, Gabber, E., Korth, H.F., Data Engineering, 1998 Proceedings, 14th International Conference, 23-27 Feb. 1998 Page(s) 144   153; Standardization On Multimedia Communications: Computer-Telephony-Integration-Related Issues, Asatani, K., Communications Magazine, IEEE Volume 36,  Issue 7,  July 1998, Page(s) 105   109; Establishing The Value Of Voice Communication With Computers, Lea, W., Audio and Electroacoustics, IEEE Transactions on Volume 16,  Issue 2,  Jun 1968, Page(s) 184 197; A Recording and Processing System for Accounting and Traffic Analysis on a Large PABX, Myskja, A., IEEE Transactions on Communications, Volume 19,  Issue 5,  Part 1, Oct 1971 Page(s) 692   699; E-Ware (including E-Ware Replay) Versions 1.0.003, 1.0.004, 1.0.006, 1.0.008, 1.0.0011, 1.0.031, 1.0.036, 1.0.037, 1.0.038, 1.0.039, 1.0.044, 1.0.045; Eyretel e1000; Eyretel e500; MediaStore; ContactStore; and any and all references of record in the file history of this patent and/or any related patent, including matter incorporated by reference therein.

Witness Systems believes one or more of the claims of the '370 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: 4,399,331; 4,471,169; 4,475,011; 4,510,351;

5,003,574; 5,048,079; 5,153,909; 5,159,698; 5,163,085; 5,164,983; 5,181,239; 5,287,270;
5,325,290; 5,434,910; 5,465,286; 5,500,795; 5,517,560; 5,535,256; 5,535,261; 5,539,808;
5,559,867; 5,559,875; 5,619,557; 5,668,863; 5,696,811; 5,710,978; 5,715,307; 5,740,233;
5,784,452; 5,793,861; 5,799,073; 5,818,907; 5,864,616; 5,867,599; 5,903,641; 5,923,746;
5,926,535; 5,933,780; 5,940,494; 5,946,375; 5,982,857; 5,991,373; 6,022,753; 6,058,163;
6,072,860; 6,084,954; 6,091,808; 6,097,792; 6,151,386; 6,252,945; 6,304,648; 6,314,089;
6,327,343; 6,345,094; 6,363,145; 6,385,301; 6,393,106; 6,404,883; 6,430,270; 6,466,663;
6,490,350; 6,526,397; 6,567,504; 6,665,376; 6,665,395; 6,732,082; 6,741,697; 6,788,315;
6,874,119; 6,975,707; 6,975,708; 6,988,205; 7,020,250; 7,027,578; 7,065,192; 7,092,494;
7,142,650; EP 0 572 544 B1; EP 0 572 544 B1; EP 0 572 544 B1; EP 0 946 032 A2; EP 0
946 032 A2; EP 380798; WO 00/76188; WO 00/76188 A1; IBM System 7 Traffic
Monitoring Program, Pensiero, W.S., Dahlman, P.O., International Conference on
Communications, 17-19 June 1974, Minneapolis, MN, USA; International Conference on
Communications: 4D/1-5, 1974; Monolog-A Single-Line Call Logging Device, British
Telecommunications Engineering vol. 8, pt.1, 1-5, April 1989; Survey of Remote Data
Monitoring Systems, Automation Industries, Inc., Silver Spring, MD, Vitro Labs. Div.
Sponsor Department of Energy, Washington, DC, Sep. 1984; Telephone Cost Meter,
Electronics Now 66 Apr. 95; Recording Call Center Performance, Electric Perspectives,
Jul/Aug 1998 by Tom Eastland; Ichat, Now Acuity, Launches Web Call Center,
Computergram International, June 1, 1998; Web-Enabled Call Center From Netspeak,
Telemarketing & Call Center Solutions, Apr 1998; New Call Center Query Tools Help
Bring Wisdom To Management, Telemarketing & Call Center Solutions, Jan 1998 by
Zack Taylor; How Logging And Monitoring Technologies Improve Quality In A Call

-13-

Center, Telemarketing & Call Center Solutions, Jan 1998 by Gary Shearer; The

Evolution Of Digital Recording In The Call Center, Telemarketing & Call Center

Solutions, Nov 1997 by Michael Binder; Centralized Call Center Data: The Hidden

Corporate Asset, Telemarketing & Call Center Solutions, Aug 1997 by Cynthia

Holladay; Call Center Management System From AVT, Telemarketing & Call Center

Solutions, June 1997; Managing The Call Center Deluge, Telemarketing, June 1995 by

Larry Jernigan; Value-Added Software Applications Vital To Future Call Center

Management, Telemarketing,  Oct 1995 by Dianna Walta; Call Logging Solutions For

The Call Center, Telemarketing & Call Center Solutions, June  1996 by Joav Avtalion;

Aspect Puts OLE And ACD To Work On Call Center Reports, Network World, 11 Dec

1995 by David Rohde; Making Workforce Management A Part Of Your Inbound

Solution, Telemarketing & Call Center Solutions, June 1998 by Margaret Sansom;

Playing The Numbers: Using ACD Statistics For Workforce Management, Telemarketing

& Call Center Solutions, Mar 1998 by Illah Nourbakhsh; CentreVu from Lucent,

Telemarketing & Call Center Solutions, Mar 1998; Health Care Provider's Quality

Monitoring Pays Off, Telemarketing & Call Center Solutions, Jan 1998 by Ron Elwell;

Mustang Internet Message Center, Telemarketing & Call Center Solutions, March 1998;

Desktop screen capture from Teknekron Infoswitch, Telemarketing & Call Center

Solutions, August 1997; Monitoring Technology Helps Keep Customers Satisfied,

Telemarketing & Call Center Solutions, July 1997 by Ron Elwell; How Logging &

Monitoring Technologies Improve Quality, Telemarketing & Call Center Solutions, Feb

1997 by Joav Avtalion; E-Ware (including E-Ware Replay) Versions 1.0.003, 1.0.004,

1.0.006, 1.0.008, 1.0.0011, 1.0.031, 1.0.036, 1.0.037, 1.0.038, 1.0.039, 1.0.044, 1.0.045;

Eyretel e1000; Eyretel e500; MediaStore; ContactStore; and any and all references of record in the file history of this patent and/or any related patent, including matter incorporated by reference therein.

Witness Systems believes one or more of the claims of the '920 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: 4,488,274; 4,597,077; 4,634,809; 4,757,497; 4,805,172; 4,893,301; 5,003,574; 5,133,081; 5,200,993; 5,265,075; 5,351,276; 5,392,329; 5,488,648; 5,524,147; 5,533,103; 5,559,875; 5,623,540; 5,740,231; 5,751,961; 5,799,063; 5,812,644; 5,828,730; 5,864,616; 5,905,775; 5,930,341; 5,945,989; 5,982,857; 5,999,965; 6,014,437; 6,052,454; 6,122,357; 6,122,364; 6,222,838; 6,230,197; 6,266,400; 6,311,186; 6,385,646; 6,493,434; 6,535,586; 6,587,871; 6,724,875; 6,850,609; 7,051,182; 7,092,494; 2001/004369; 2002/0075587; 2002/0080927; 2003/0009464; 2003/0191970; 2006/0253627; CA 2 217 923; DE 41 42 094 A1; EP 0 637 160 A2; EP 0 642 250 A2; EP 0 837 388 A2; EP0450610; GB 2 317 782 A; H001918; JP 05-324448 A; WO 99/12326; WO9738422A1; WO 98/13995; An Overview Of The Etherphone System And Its Applications, Zellweger, P.T., Terry, D.B., Swinehart, D.C., Computer Workstations, 1988, Proceedings of the 2nd IEEE Conference on 7-10 March 1988 Page(s) 160 – 168; Why Optimistic Message Logging Has Not Been Used In Telecommunications Systems, Yennun Huang, Yi-Min Wang, Fault-Tolerant Computing, 1995, FTCS-25, Digest of Papers, Twenty-Fifth International Symposium, 27-30 June 1995, Page(s) 459 – 463; Data Logging: A Method For Efficient Data Updates In Constantly Active RAIDs, Gabber, E., Korth, H.F., Data Engineering, 1998 Proceedings, 14th International Conference, 23-27 Feb. 1998, Page(s) 144 – 153; Standardization On Multimedia

Communications: Computer-Telephony-Integration-Related Issues, Asatani, K.,

Communications Magazine, IEEE Volume 36, Issue 7, July 1998, Page(s), 105 – 109;

Establishing the Value of Voice Communication with Computers, Lea, W., Audio and

Electroacoustics, IEEE Transactions on Volume 16, Issue 2, Jun 1968, Page(s) 184 –

197; A Recording and Processing System for Accounting and Traffic Analysis on a Large

PABX, Myskja, A., IEEE Transactions on Communications Volume 19, Issue 5, Part 1,

Oct 1971; E-Ware (including E-Ware Replay) Versions 1.0.003, 1.0.004, 1.0.006,

1.0.008, 1.0.0011, 1.0.031, 1.0.036, 1.0.037, 1.0.038, 1.0.039, 1.0.044, 1.0.045; Eyretel

e1000; Eyretel e500; MediaStore; ContactStore; and any and all references of record in

the file history of this patent and/or any related patent, including matter incorporated by

reference therein.

Witness Systems believes one or more of the claims of the '079 Patent are invalid

under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following

references, either alone or in combination: 5,163,085; 5,590,171; 5,655,081; 5,668,863;

5,790,650; 5,790,798; 5,854,825; 5,854,832; 5,857,190; 5,914,951; 5,923,746; 5,991,373;

6,122,740; 6,263,049; 6,370,574; 6,510,220; 6,600,821; 6,665,395; 6,724,887; 6,850,609;

EP 0 622 969 B1; EP 0 818 104 B1; EP 0 903 921 A2; EP 1 061 720 A2; EP 1 115 264

A2; EP 1 211 619 A2; Recording Call Center Performance, Electric Perspectives,

Jul/Aug 1998 by Tom Eastland; Ichat, Now Acuity, Launches Web Call Center,

Computergram International, June 1, 1998; Web-Enabled Call Center From Netspeak,

Telemarketing & Call Center Solutions, Apr. 1998; New Call Center Query Tools Help

Bring Wisdom To Management, Telemarketing & Call Center Solutions, Jan 1998 by

Zack Taylor; How Logging And Monitoring Technologies Improve Quality In A Call

Center, Telemarketing & Call Center Solutions, Jan 1998 by Gary Shearer; The

Evolution Of Digital Recording In The Call Center, Telemarketing & Call Center

Solutions, Nov 1997 by Michael Binder; Centralized Call Center Data: The Hidden

Corporate Asset, Telemarketing & Call Center Solutions, Aug. 1997 by Cynthia

Holladay; Call Center Management System From AVT, Telemarketing & Call Center

Solutions, June 1997; Managing The Call Center Deluge, Telemarketing, June 1995 by

Larry Jernigan; Value-Added Software Applications Vital To Future Call Center

Management, Telemarketing, Oct 1995 by Dianna Walta; Call Logging Solutions For

The Call Center, Telemarketing & Call Center Solutions, June 1996 by Joav Avtalion;

Aspect Puts OLE And ACD To Work On Call Center Reports, Network World, 11 Dec

1995 by David Rohde; Making Workforce Management A Part Of Your Inbound

Solution, Telemarketing & Call Center Solutions, June 1998 by Margaret Sansom;

Playing The Numbers: Using ACD Statistics For Workforce Management, Telemarketing

& Call Center Solutions, Mar 1998 by Illah Nourbakhsh; CentreVu from Lucent,

Telemarketing & Call Center Solutions, Mar 1998; Health Care Provider's Quality

Monitoring Pays Off, Telemarketing & Call Center Solutions, Jan 1998 by Ron Elwell;

Mustang Internet Message Center, Telemarketing & Call Center Solutions, March 1998;

Desktop Screen Capture From Teknekron Infoswitch, Telemarketing & Call Center

Solutions, August 1997; Monitoring Technology Helps Keep Customers Satisfied,

Telemarketing & Call Center Solutions, July 1997 by Ron Elwell; How Logging &

Monitoring Technologies Improve Quality, Telemarketing & Call Center  Solutions, Feb

1997 by Joav Avtalion; Eyretel MediaStore with Funk Screen Capture Recorder; Unify;

and any and all references of record in the file history of this patent and/or any related

patent, including matter incorporated by reference therein.

Witness Systems believes one or more of the claims of the '109 Patent are invalid

under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following

references, either alone or in combination: 5,382,972; 5,440,624; 5,590,171; 5,655,081;

5,668,863; 5,757,889; 5,854,825; 5,857,190; 5,923,746; 5,991,373; 6,122,740; 6,263,049;

6,298,129; 6,301,246; 6,404,857; 6,665,395; 6,668,044; 6,731,609; U.S. Application

20010043697; DE 103 24 872 A1; EP 0 846 395; EP 1 115 264 A2; EP 1 335 571 A1;

EP 1 351 436 A1; EP 1 432 217 A2; WO 02/19620 A2; WO 94 22 246 A1; WO 99 46

702 A1; Real-Time Disk Storage And Retrieval Of Digital Audio/Video Data, U.Cal

Berkeley EECS Dept., August 1991; Apple Computer's Quicktime Conferencing Kit

Now Shipping; ISDN Upgrade Kits Soon to Follow, PR Newswire, 18 December 1995;

First Virtual Ports Products to Corporate Intranet, Enabling Business-Quality

Videoconferencing, Video on Demand, and Live Broadcast From the Web Browser, PR

Newswire, 27 January 1997; Internet Conferencing With Networked Virtual

Environments, by John and Elizabeth Towell, Internet Research, 1995 Vol. 5, Iss. 3; and

any and all references of record in the file history of this patent and/or any related patent,

including matter incorporated by reference therein.

Witness Systems believes one or more of the claims of the '570 Patent are invalid

under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following

references, either alone or in combination: 4,399,331; 4,471,169; 4,475,011; 4,510,351;

5,003,574; 5,048,079; 5,153,909; 5,159,698; 5,163,085; 5,164,983; 5,181,239; 5,287,270;

5,325,290; 5,434,910; 5,465,286; 5,500,795; 5,517,560; 5,535,256; 5,535,261; 5,539,808;

5,559,867; 5,559,875; 5,619,557; 5,668,863; 5,696,811; 5,710,978; 5,715,307; 5,740,233; 5,784,452; 5,793,861; 5,799,073; 5,818,907; 5,864,616; 5,867,599; 5,903,641; 5,923,746; 5,926,535; 5,933,780; 5,940,494; 5,946,375; 5,982,857; 5,991,373; 6,022,753; 6,058,163; 6,072,860; 6,084,954; 6,091,808; 6,097,792; 6,151,386; 6,252,945; 6,304,648; 6,314,089; 6,327,343; 6,345,094; 6,363,145; 6,385,301; 6,393,106; 6,404,883; 6,430,270; 6,466,663; 6,490,350; 6,526,397; 6,567,504; 6,665,376; 6,665,395; 6,732,082; 6,741,697; 6,788,315; 6,874,119; 6,975,707; 6,975,708; 6,988,205; 7,020,250; 7,027,578; 7,065,192; 7,092,494; 7,142,650; EP 0 572 544 B1; EP 0 572 544 B1; EP 0 572 544 B1; EP 0 946 032 A2; EP 0 946 032 A2; EP 380798; WO 00/76188; WO 00/76188 A1; Build A Telephone-Usage Monitor And Controller, Dave Dage, Electronics Now v69.n8 (August 1998); Ever Taken A Call On Your Computer?, (AT&T Computer Phone 8130) (Network Edition First Looks) Frank J. Derfler; Complementary Solutions' Telemate Facilities Manager: Call Accounting, Cable  Management And More, Lyle Deixler, Teleconnect v12, n5 (May 1994); Tap Into The Secret Service Of Telephone Line: WHOSS CALLING?, Computer Shopper, V12, n6 (June 1992); Call Monitoring, Gill, S. Business Equipment Digest : 26, July 1993; Intelligent Call Processing In Automatic Call Distributors, Wang, E., Business Communications Review, vol.18, no.1,  22-6, Jan.-Feb. 1998; Electronic Supervisor: New Technology, New Tensions, Office of  Technology Assessment, Washington, DC. Sponsor: National Aeronautics and Space Administration, Washington, DC, Sept 1987; E-Ware (including E-Ware Replay) Versions 1.0.003, 1.0.004, 1.0.006, 1.0.008, 1.0.0011, 1.0.031, 1.0.036, 1.0.037, 1.0.038, 1.0.039, 1.0.044, 1.0.045; Eyretel e1000; Eyretel e500; MediaStore; ContactStore; and any and all references of record in the file

history of this patent and/or any related patent, including matter incorporated by

reference therein.

Witness Systems believes one or more of the claims of the '005 Patent are invalid

under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following

references, either alone or in combination: 3,855,617; 4,121,058; 4,124,773; 4,221,933;

4,221,933; 4,378,574; 4,412,098; 4,521,879; 4,523,055; 4,549,047; 4,553,223; 4,573,140;

4,791,660; 4,841,574; 4,985,914; 5,146,439; 5,163,085; 5,163,134; 5,185,781; 5,194,995;

5,245,667; 5,265,075; 5,297,231; 5,396,371; 5,437,050; 5,446,880; 5,506,891; 5,515,352;

5,526,408; 5,581,606; 5,710,978; 5,764,847; 5,790,177; EP 0 372 894 A2; EP 0 550 274

A2; EP 0 642 250 A2; EP 0 731 592 A2; EP 503480; JP 05-324448 A; JP 63056766;

Rolm Introduces Digital PBX Line, Electronic News, v29, n1472, Nov 21, 1983; Signal

Processing Software For A Voice Messaging System Using The TMS32010 Processor,

1985 IEEE Int. Conf. on Acoustics, Speech and Signal Processing, pages 1417-1420;

Siemens Unveils The HCM 200 - A Fully Digital, Voice/Data Hybrid, Teleconnect, v7,

n11 Nov 1989; Telephone Logging, Teleconnect, v8, n10, Oct 1990; A Second-

Generation Digital Signal Processor, IEEE, 1986; Editing Digital Audio, IEEE, 1984;

Modular Voice Processor, IEEE, 1991; Voice Processing System, The Internal Auditor:

Jun 1992, 49, 3, ABI/INFORM Global; Digital Recording Arrives, Popular Science, New

York, Apr 1993. Vol. 242, Iss. 4; Data loggers, Systems International, London, Jul 1980,

Vol. 8, Iss. 7; Voice-Data Digitization Too New For Standards, Unix World, v6, n10,

Oct. 1989; Hard Drive's Read-Channel Electronics Fit On One Chip; Small Form-

Factory Drives Benefit From Analog And Digital Integration, Electronic Design, v39, n7,

April 11, 1991; Trends and Technology in Data Recording, Automation, v19, n1, Jan.

1983; Digital Audio Tape for Data Storage, IEEE Spectrum, New York, Oct 1989, Vol.

26, Iss.10; Eyretel e1000; Eyretel e500; and any and all references of record in the file

history of this patent and/or any related patent, including matter incorporated by

reference therein.

Witness Systems' investigation of this matter is ongoing and discovery is in its

very early stages. Witness Systems specifically reserves its right to amend and/or

supplement this response as that investigation continues.

**INTERROGATORY NO. 3:**

**Describe in detail the factual and legal bases for Witness' contention that [b]y virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the '738, '371, '005, '345, '372, '370,'920, '079, and '109 patents, as illustrated by their prosecution histories, NICE is estopped from asserting that Witness Systems has infringed directly or indirectly, any claim of any of the '738, '371, '005, '345, '372, '370,'920, '079, and '109 patents, either literally or under the doctrine of equivalents. The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

**RESPONSE TO INTERROGATORY NO. 3:**

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks

information that is protected by the attorney-client privilege and/or work product

doctrine. Witness Systems also objects to this Interrogatory to the extent it calls for

information comprising trade secrets, proprietary information, or other confidential or

competitively sensitive technical information. Accordingly, Witness Systems' responses

are provided subject to the terms of the protective order entered by the Court in this

action.

Subject to and without waiving the foregoing objections, Witness Systems responds as follows:

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '345 Patent based on the '345 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '345, '370, and/or '570 patents; during prosecution of U.S. Pat. Nos. 6,246,752; 6,252,946; 6,937,706; 6,252,947; and/or 6,785,369; during prosecution of Patent Cooperation Treaty (PCT) App. Ser. No. PCT/US00/15748; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '370 Patent based on the '370 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '345, '370, and/or '570 patents; during prosecution of U.S. Pat. Nos. 6,246,752; 6,252,946; 6,937,706; 6,252,947; and/or 6,785,369; during prosecution of PCT App. Ser. No. PCT/US00/15748; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '109 Patent based on the '109 Patent specification, and/or the specification of U.S. Pat. App. Ser. No. 60/228,124; and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '109 Patent; during prosecution of U.S. Pat. No. 7,010,106; during prosecution of PCT App. Ser. No.

PCT/IL01/00805; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '738 Patent based on the '738 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '738 Patent; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '371 Patent based on the '371 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '371 Patent; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '079 Patent based on the '079 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '079 Patent; during prosecution of U.S. Pat. No. 6,542,602, U.S. Pat. App. Ser. Nos. 10/451,371 and/or 10/766,851; the specification of U.S. Pat. App. Ser. No. 60/259,158; during prosecution of PCT App. Ser. No. PCT/IL02/00009; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '920 Patent based on the '920 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '920 Patent; during prosecution of the '372 Patent; during prosecution of PCT App. Ser. No. PCT/US00/15419; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '372 Patent based on the '372 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '372 Patent; during prosecution of the '920 Patent; during prosecution of PCT App. Ser. No. PCT/US00/15419; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems believes NICE should be estopped from asserting that Witness System has directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the '005 Patent based on the '005 Patent specification and/or based on amendments, replies and/or other filings filed with the USPTO during prosecution of the '005 Patent; during prosecution of U.S. Pat. App. Ser. Nos. 08/100,944 and/or 09/672,148; and/or during prosecution of other patent applications and/or patents related thereto.

Witness Systems' investigation of this matter ongoing and discovery is in its very early stages. Witness Systems specifically reserves its right to amend and/or supplement this response as that investigation continues.

## INTERROGATORY NO. 4:

**Describe in detail the factual and legal bases for Witness' contention that "NICE'S patent infringement claims are barred by the doctrine of laches. The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## RESPONSE TO INTERROGATORY NO. 4:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine. Witness Systems also objects to this Interrogatory to the extent it calls for information comprising trade secrets, proprietary information, or other confidential or competitively sensitive technical information. Accordingly, Witness Systems' responses are provided subject to the terms of the protective order entered by the Court in this action. Witness Systems also objects to this Interrogatory to the extent that it calls for legal conclusions.

Subject to and without waiving the foregoing objections, Witness Systems responds as follows: NICE unreasonably and inexcusably delayed bringing suit, despite having had long-standing knowledge of Witness Systems' products, which NICE now accuses of infringement in this litigation. By way of example only, NICE was aware of the existence of Witness Systems' products as early as July 2004, as evidenced by the decision of its wholly owned subsidiary, STS Software Systems Ltd. ("STS"), to bring a patent infringement action against Witness Systems. NICE, however, initiated this suit only after a long period of inaction. Witness Systems has suffered material prejudice as a

-25-

consequence of NICE's unreasonable delay, evidenced, in part, by Witness' continued

research and development of the products accused of infringement in this case.

Witness Systems' investigation of this matter is ongoing and discovery is in its

very early stages. Witness Systems specifically reserves its right to amend and/or

supplement this response as that investigation continues.

## INTERROGATORY NO. 5:

**Describe in detail the factual and legal bases for Witness' contention that NICE'S patent infringement claims are barred based on the doctrine of equitable estoppel.   The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## RESPONSE TO INTERROGATORY NO. 5:

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks

information subject to the attorney-client privilege and/or work product doctrine.

Witness Systems also objects to this Interrogatory to the extent it calls for information

comprising trade secrets, proprietary information, or other confidential or competitively

sensitive technical information. Accordingly, Witness Systems' responses are provided

subject to the terms of the protective order entered by the Court in this action. Witness

Systems also objects to this Interrogatory to the extent that it calls for legal conclusions.

Subject to and without waiving the foregoing objections, Witness Systems states

by way of example only that the assertions made and positions taken by NICE in the prior

Dictaphone litigation involving the '371 patent should equitably estop NICE from

obtaining the relief it seeks in this action. Witness Systems incorporates by reference its

Response to Interrogatory No. 9 as if fully stated herein. Witness Systems anticipates

that as this action proceeds, further facts and information may be discovered which may

further support Witness Systems' affirmative defense, and Witness Systems will

supplement this response as appropriate as its investigation continues. Witness Systems

specifically reserves its right to amend and/or supplement this response as that

investigation continues.

## INTERROGATORY NO. 6:

**Describe in detail the factual and legal bases for Witness' contention that NICE'S patent infringement claims are barred based on the doctrine of waiver. The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## RESPONSE TO INTERROGATORY NO. 6:

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks

information subject to the attorney-client privilege and/or work product doctrine.

Witness Systems also objects to this Interrogatory to the extent it calls for information

comprising trade secrets, proprietary information, or other confidential or competitively

sensitive technical information. Accordingly, Witness Systems' responses are provided

subject to the terms of the protective order entered by the Court in this action. Witness

Systems also objects to this Interrogatory to the extent that it calls for legal conclusions.

Subject to and without waiving the foregoing objections, Witness Systems

responds, by way of example only, that NICE voluntarily and intentionally relinquished

its right to enforce the asserted patents against Witness Systems at least by failing to do

so in prior litigation involving the same products. In 2004, NICE, through its wholly-

owned subsidiary, STS, sued Witness Systems alleging, at various times, infringement of

four separate patents. That suit encompasses essentially the same products accused of

infringement in this case, yet NICE never alleged infringement of the patents at issue in this case.

Witness Systems' investigation of this matter is ongoing and discovery is in its very early stages. Witness Systems specifically reserves its right to amend and/or supplement this response as that investigation continues.

## INTERROGATORY NO. 7:

**Describe in detail the factual and legal bases for Witness' contention that NICE's patent infringement claims are barred based on the doctrine of unclean hands. The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## RESPONSE TO INTERROGATORY NO. 7:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege and/or work product doctrine. Witness Systems also objects to this Interrogatory to the extent it calls for information comprising trade secrets, proprietary information, or other confidential or competitively sensitive technical information. Accordingly, Witness Systems' responses are provided subject to the terms of the protective order entered by the Court in this action. Witness Systems also objects to this Interrogatory to the extent that it calls for legal conclusions.

Subject to and without waiving the foregoing objections, Witness Systems responds as follows: In prior litigation with Dictaphone before NICE obtained the '371 patent, NICE asserted that the '371 patent is unenforceable due to breaches of the duty of candor by the named inventors and/or others substantively involved in the prosecution of the applications that resulted in that patent. The patentee's inequitable conduct in procuring the '371 patent has an immediate and necessary relation to the enforcement of

the other patents asserted in this lawsuit because Witness Systems believes that the

assertion of the '371 patent is an integral part of NICE's underlying strategy and thus the

assertion of the '371 patent has an immediate and necessary relationship to the

enforcement of the other patents asserted in this lawsuit, and therefore constitutes unclean

hands. Witness Systems further incorporates by reference its response to Interrogatory

No. 9 as though fully set forth herein.

Witness Systems' investigation of this matter is ongoing and discovery is in its

very early stages. Witness Systems specifically reserves its right to amend and/or

supplement this response as that investigation continues.

## INTERROGATORY NO. 8:

**Describe in detail the factual and legal bases for Witness' contention that NICE'S claims for damages for purported patent infringement are limited by 35 U.S.C. § 287. The detailed description of such factual and legal bases should include, without limitation, an identification of any NICE product (or products) that Witness contends fails to give notice to the public that it is covered by a patent and should include an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## RESPONSE TO INTERROGATORY NO. 8:

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks

information subject to the attorney-client privilege and/or work product doctrine.

Witness Systems also objects to this Interrogatory to the extent it calls for information

comprising trade secrets, proprietary information, or other confidential or competitively

sensitive technical information. Accordingly, Witness Systems' responses are provided

subject to the terms of the protective order entered by the Court in this action. Witness

Systems also objects to this Interrogatory to the extent that it calls for legal conclusions.

Subject to and without waiving its objections, Witness Systems states that it does

not believe NICE or Dictaphone marked embodying products with the numbers of the

Patents in Suit, nor did NICE provide notice to Witness Systems of NICE's infringement

claims prior to filing suit. As a result, NICE's damages, if any, are limited by Section

287. Witness Systems anticipates that as this action proceeds and discovery has

proceeded beyond its very early stages, further information may be discovered.

Accordingly, Witness Systems specifically reserves its right to amend and/or supplement

this response as its investigation continues.

## INTERROGATORY NO. 9:

**Describe in detail the factual and legal bases for Witness' contention that [t]he '371 patent is unenforceable due to the intentional failure to disclose to the USPTO, during prosecution, information known to be material to the patentability of the subject matter claimed in the '371 patent, in violation of the duties of candor and good faith required under 37 C.F.R. § 1.56. The detailed description of such factual and legal bases should include, without limitation, identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## RESPONSE TO INTERROGATORY FOR PRODUCTION NO. 9:

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems further objects to this Interrogatory to the extent that it

seeks information subject to the attorney-client privilege and/or work product doctrine.

Witness Systems also objects to this Interrogatory to the extent that it calls for legal

conclusions.

Subject to and without waiving the foregoing objections, Witness Systems

responds as follows: On June 19, 2000, Dictaphone Corporation sued NICE for patent

infringement in a complaint filed in the United States District Court for the District of

Connecticut. *Dictaphone Corp. v. NICE Sys. Ltd.*, No. 3:00-CV-1143 ("the Dictaphone

-30-

action"). That lawsuit alleged, *inter alia*, that NICE infringed the '371 patent, then owned by Dictaphone.

In defending against the Dictaphone action, NICE alleged:

Upon information and belief, one or more individuals associated with the filing and prosecution of the application that led to U.S. Patent No. 5,396,371 knew of a public use or sale in the United States of at least one digital audio logger or at least one publication disclosing at least one digital audio logger, including but not limited to Racal Recorder Inc.'s Rapidax product, more than one year prior to the filing date.

Upon information and belief, the public use or sale in the United States and/or publications disclosing the Rapidax product, includes all the elements of at least one claim of U.S. Patent No. 5,396,371 and as a result this information material [sic] to the patentability of the claims at the time of filing.

Upon information and belief, although one or more individuals associated with the filing and prosecution of the application that led to the U.S. Patent No. 5,396,371 knew of this information prior to filing the application, one or more of these individuals intentionally failed to disclose this information to the U.S. Patent Office.

The conduct described by NICE, above, constitutes inequitable conduct rendering the '371 patent unenforceable.

Witness Systems' investigation of this matter is ongoing and discovery is in its very early stages. Witness Systems specifically reserves its right to amend and/or supplement this response as that investigation continues.

DATED: January 18, 2007                    FISH & RICHARDSON P.C.


                                          /s/ Kyle Wagner Compton
                                          William J. Marsden, Jr. (#2247)
                                          Kyle Wagner Compton (#4693)
                                          919 N. Market Street, Suite 1100
                                          P.O. Box 1114
                                          Wilmington, DE 19899-1114
                                          Tel: (302) 652-5070

                                          Nagendra Setty (*Pro Hac Vice*)
                                          Daniel A. Kent (*Pro Hac Vice*)
                                          John D. Hamann(*Pro Hac Vice*)
                                          1180 Peachtree Street, NE, 19th Floor
                                          Atlanta, GA 30309
                                          Tel: (404) 892-5005

                                          ATTORNEYS FOR DEFENDANT
                                          WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2007, I caused a copy of

DEFENDANT WITNESS SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO

PLAINTIFFS NICE SYSTEMS, INC.'S AND NICE SYSTEMS LTD.'S FIRST SET OF

INTERROGATORIES to be served on the following counsel of record in the manner

indicated below:

### VIA EMAIL & HAND DELIVERY:

Josy W. Ingersoll                                  *Attorneys for Plaintiffs*
Karen L. Pascale                                   *Nice Systems Ltd. and Nice Systems, Inc.*
Young, Conoway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899

### VIA EMAIL & FIRST CLASS MAIL:

Scott G. Lindvall                                  *Attorneys for Plaintiffs*
Daniel DiNapoli                                    *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


_____
Kyle Wagner Compton (#4693)

80041128.doc

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

    *Plaintiffs,*

    v.

WITNESS SYSTEMS, INC.

    *Defendant.*

C.A. No. 1:06-CV-00311-JJF

## DEFENDANT WITNESS SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC.'S AND NICE SYSTEMS LTD.'S SECOND SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local

Rules of the District of Delaware, Defendant Witness Systems, Inc. ("Witness Systems")

responds to the Second Set of Interrogatories propounded by Plaintiffs NICE Systems,

Inc. and NICE Systems Ltd. (collectively, "NICE") as follows:

### GENERAL OBJECTIONS

A.    Witness Systems generally objects to all of NICE's Interrogatories to the

extent they seek the disclosure of information constituting or reflecting attorney-client

communications protected by the attorney-client privilege. By responding to any

particular Interrogatory, Witness Systems does not intend to, nor does it waive, the

attorney-client privilege or any other applicable privilege that it may have, and Witness

Systems specifically intends to assert the same. Inadvertent disclosure of any privileged

information shall not constitute a waiver of privilege or of any other basis for objecting to

discovery with respect to such information.

B.    Witness Systems generally objects to all of NICE's Interrogatories to the extent they seek the disclosure of information, documents, or communications constituting or reflecting attorney work product, including without limitation the thought processes or mental impressions of Witness Systems' attorneys concerning the preparation, prosecution or defense of any claim by or against Witness Systems, which are protected by the work product exemption from discovery.  By responding to any particular Interrogatory, Witness Systems does not intend to, nor does it, waive work product immunity or any other applicable privilege that it may have, and Witness Systems specifically intends to assert the same.  Inadvertent disclosure of any information protected by work product immunity shall not constitute a waiver of the immunity or of any other basis for objecting to discovery with respect to such information.

C.    Witness Systems objects to the identification of information regarding any privileged or work product documents or information created or prepared by any of its employees, attorneys, agents, or representatives on or after May 10, 2006, the date this action was filed.  Witness Systems believes that the categorical identification of such withheld documents and/or information satisfies any identification requirements predicate to a proper assertion of the applicable privilege or immunity.

D.    Witness Systems objects to each Interrogatory to the extent it seeks information not within Witness Systems' possession, custody or control.

E.    Witness Systems objects to each Interrogatory to the extent it seeks information not relevant to any claim or defense in this case or reasonably calculated to lead to the discovery of information relevant to any claim or defense.

-2-

F.    Witness Systems objects to each Interrogatory to the extent that it seeks information constituting trade secrets, proprietary information, or other confidential or competitively sensitive technical or business information, outside the protections afforded by an appropriate protective order. Such Witness Systems information will only be produced subject to a protective order governing the exchange of such information in this case. Witness Systems further objects to each Interrogatory to the extent it seeks information constituting trade secrets, proprietary information, or other confidential or competitively sensitive technical or business information of a third party.

G.    Witness Systems' responses to these Interrogatories do not constitute an admission or acknowledgment that the information sought is within the proper scope of discovery, relevant or admissible.

H.    Witness Systems objects to each Interrogatory to the extent that it is unduly burdensome. Witness Systems also objects to the definition of "Accused Products" on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous to the extent it fails to identify specific products and/or versions of specific products, and to the extent it may include products and/or versions not identified by NICE in response to Witness Systems' Interrogatory No. 13.

I.    Witness Systems objects to these Interrogatories and to the "Definitions and Instructions" to the extent they purport to enlarge upon or are otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure or the Local Rules for the District of Delaware or to the extent that they attempt to use a word or phrase in a manner other than its normal and customary meaning.

J.    Witness Systems' responses herein are based upon such information and documents as have been reviewed to date, after a reasonable search of those files and locations where it reasonably believes responsive documents may be located.  The responses herein are given without prejudice to Witness Systems' right to supplement these responses and produce evidence of any subsequently discovered facts or documents, or facts or documents that Witness Systems may later develop.

K.    Witness Systems objects to each and every interrogatory to the extent that it is a premature because discovery is still in its very early stages and the claims of the patents-in-suit have yet to be construed.  Witness Systems is still formulating its contentions regarding the claims and defenses of the parties and specifically reserves the right to supplement theses responses as its investigation continues.

L.    Witness Systems objects to these Interrogatories to the extent that, including subparts, they exceed the maximum number of interrogatories allowed in this action.

M.    Witness Systems' responses to each Interrogatory are made without in any way waiving: (a) the right to object, on the grounds of competency, relevancy, materiality, privilege or admissibility as evidence for any purpose in any subsequent proceeding in this case; and (b) the right to object on any ground to any other Interrogatories involving or relating to the subject matter of these Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections, each of which is incorporated by reference below in each separate response, Witness Systems responds to the Interrogatories as follows:

-4-

## PURPORTED INTERROGATORY NO. 1(a).

On a claim-by-claim basis and for each claim element, state whether you contend that NICE's response to Witness' Interrogatory No. 13 set forth in Exhibit A to that document does not demonstrate infringement of the Accused Products. For each claim element that you contend NICE has not demonstrated infringement by each Accused Product, on a claim-by-claim basis in a chart, describe in detail the factual and legal bases as to why the specific infringement contention identified in NICE's response to Witness' Interrogatory No. 13 set forth in Exhibit A to that document does not demonstrate infringement of the Accused Products.

## RESPONSE TO PURPORTED INTERROGATORY NO. 1(a):

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems again requests that NICE clarify what products and which versions it accuses infringe. Witness Systems also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Witness Systems further objects to this Interrogatory to the extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is not. Thus, this Interrogatory counts as a separate Interrogatory. Witness Systems further objects to this Interrogatory to the extent it is premature because discovery is still ongoing and the claims of the Patents-in-Suit have yet to be construed. Witness Systems further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or to the extent that it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems refers NICE to Exhibit A. Witness Systems reserves its right to amend and/or supplement this response

as discovery and Witness Systems' investigations continue and after any claim

construction ruling.

**PURPORTED INTERROGATORY NO. 2(a):**

On a claim-by-claim basis in a chart, for each prior art reference identified
by Witness in response to NICE's Interrogatory No. 2, identify the disclosure in
each prior art reference of each limitation of the Asserted Claims in the respective
Patent-in-Suit. To the extent that Witness asserts the prior art references support
its invalidity defense under 35 U.S.C. § 103, it must further identify any prior art
combinations and the motivation to combine those references.

**RESPONSE TO PURPORTED INTERROGATORY NO. 2(a):**

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems also objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege, work product doctrine, and/or any

other applicable privilege. Witness Systems further objects to this Interrogatory to the

extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is

not. Thus, this Interrogatory counts as a separate Interrogatory. Witness Systems further

objects to this Interrogatory to the extent it is premature because discovery is still

ongoing and the claims of the Patents-in-Suit have yet to be construed. Witness Systems

further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or

to the extent it seeks information that will be the subject of expert opinion testimony.

Subject to and without waiving the foregoing objections, Witness Systems refers NICE to

Exhibit B, which identifies representative, invalidating prior art. Numerous other prior

art references also contain the identified disclosures. Witness Systems reserves its right

to amend and/or supplement this response as discovery and Witness Systems'

investigation continue, and after any claim construction ruling. Witness Systems

specifically reserves the right to supplement and/or amend its response in light of materials that it is currently seeking from Blue Cross Blue Shield.

## INTERROGATORY NO. 10:

For each Accused Product, identify any other Witness products that perform either the identical or substantially the same function.

## RESPONSE TO INTERROGATORY NO. 10:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it calls for identification of "products that perform either the identical or substantially the same function" as the Accused Products, including to the extent that NICE has failed to identify any specific "function" or explain what is meant by "function" as used in this Interrogatory. Witness Systems again requests that NICE clarify what products and which versions it claims infringe. Subject to and without waiving the foregoing objections, Witness Systems states it has produced source code and technical documents sufficient for NICE to understand the operation of Witness Systems' products and specify those products and versions NICE claims infringe.

## INTERROGATORY NO. 11:

Identify each version of each Accused Product and/or each product identified in response to Interrogatory No. 10, above, that Witness has developed, marketed, made, sold, used, or offered for sale. Trace each version back to the first product in its progeny in the form of a chart listing the date of development, marketing, use, sale or offer for sale for each such product.

**RESPONSE TO INTERROGATORY NO. 11:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it includes "products that perform either the identical or substantially the same function" as the Accused Products based on Interrogatory No. 10. Witness Systems again requests that NICE specify Witness Systems products and versions it claims infringe. Subject to and without waiving the foregoing objections, Witness Systems states it has produced source code to NICE on two laptops in directory tree structure from which each version of each potentially relevant Witness Systems product can be identified. Witness Systems will produce financial information on mutually agreed terms from which information about the date of general availability can be determined.

**INTERROGATORY NO. 12:**

In the areas of (a) product management, (b) product development, (c) sales, (d) marketing, (e) product function and (f) product operation, (g) manufacture, and (h) distribution, identify the three most knowledgeable employees (either current or former) in each area for each Accused Product and/or products identified in response to Interrogatory No. 10, above.

**RESPONSE TO INTERROGATORY NO. 12:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it includes "products that perform either the identical or substantially the same function" as the Accused Products based on Interrogatory No. 10. Witness Systems again requests

that NICE specify Witness Systems products and versions it claims infringe.  Witness

Systems also objects to this Interrogatory as being vague and ambiguous, including

because NICE has failed to distinctly point out what is meant by "(c) sales, (d) marketing,

(e) product function and (f) product operation, (g) manufacture, and (h) distribution" and

how these subcategories differ from each other.  Witness Systems further objects to this

Interrogatory to the extent it purports to be a single Interrogatory.  Each delineated

subpart of this Interrogatory counts as a separate Interrogatory.  Subject to and without

waiving the foregoing objections, Witness Systems identifies the following:  Sales and

marketing:  Ms. Nancy Treaster; Engineering:  Mr. Dan Sphorer; and Product

Management:  Mr. Robert Barnes.

## INTERROGATORY NO. 13:

For each Accused Product, and/or the products identified in response to
Interrogatory No. 10, above, identify each and every customer to whom you have
sold or otherwise provided a system incorporating the particular product.

## RESPONSE TO INTERROGATORY NO. 13:

Witness Systems incorporates by reference its General Objections as if fully

stated herein.  Witness Systems also objects to this Interrogatory as vague and ambiguous

because NICE has failed to specify the products and versions accused of infringement

sufficiently to identify those products falling within its definition of "Accused Product."

Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent

that it includes "products that perform either the identical or substantially the same

function" as the Accused Products based on Interrogatory No. 10.  Witness Systems

again requests that NICE specify Witness Systems products and versions it claims

infringe.  Witness Systems further objects to this Interrogatory as being overly broad and

unduly burdensome.  Witness Systems further objects to this Interrogatory to the extent it

seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence in this case.  Subject to and without waiving the

foregoing objections, Witness Systems states it will produce financial information on mutually agreed terms from which information requested by this Interrogatory can be determined.

**INTERROGATORY NO. 14:**

Identify the dates and circumstances when Witness first became aware of each of the Patents-in-Suit, and describe the action taken, if any, by Witness as a result of becoming aware of each patent.

**RESPONSE TO INTERROGATORY NO. 14:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent 2it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Witness Systems further objects to this Interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Subject to and without waiving the foregoing objections, Witness Systems states it was aware of the existence of the following patents as early as October 2004: the '738 Patent, the '005 Patent, the '570 Patent, the '345 Patent, the '372 Patent, and the '370 Patent. Witness Systems, however, was not aware of any allegations of infringement against any Witness Systems' products based on any of the Patents-in-Suit until receiving the Complaint in this action.

**INTERROGATORY NO. 15:**

Identify all products developed, made, sold or offered for sale that fall within the scope of and/or integrated with Impact 360 by providing a chart identifying each product, including the date of development, manufacture, sale or offer for sale for each such product.

## RESPONSE TO INTERROGATORY NO. 15:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous with respect to the phrase "fall within the scope of and/or integrated." Witness Systems further objects to this Interrogatory as being overly broad and unduly burdensome, including to the extent that it seeks "the date of development, manufacture, sale or offer for sale for each such product." Subject to and without waiving the foregoing objections, Witness Systems attaches Exhibit C in response. Witness Systems will produce financial information on mutually agreed terms from which information about dates can be determined.

## INTERROGATORY NO. 16:

**Identify each license you have given or taken for patents that cover quality monitoring, compliance and/or IP recording, workforce management, performance management, and e-learning software, including without limitation, the royalty rate for each license.**

## RESPONSE TO INTERROGATORY NO. 16:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems further objects to this Interrogatory as being neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case to the extent it seeks information concerning "workforce management" software. Subject to and without waiving the foregoing objections, Witness Systems states it is unaware of any such licenses. Witness notes, however, that it has entered into agreements with manufacturers and others to manufacture and/or offer for sale and sell Witness Systems' products or aspects thereof. Witness Systems has produced these agreements.

-11-

**INTERROGATORY NO. 17:**

Identify on a quarterly basis, from March 30, 2000 to present, the unit sales, revenues, profits, and costs (direct and indirect) for each version of each Accused Produce and/or each product identified in response to Interrogatory No. 10, including the unite sales, revenues, profits and costs for each version of each component associated with each identified products and/or product suite. Include in your response revenue, profit and costs associated with the maintenance and service of each product.

**RESPONSE TO INTERROGATORY NO. 17:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it includes "products that perform either the identical or substantially the same function" as the Accused Products based on Interrogatory No. 10. Witness Systems again requests that NICE specify Witness Systems products and versions it claims infringe. Witness Systems further objects to this Interrogatory as being overly broad and unduly burdensome. Witness Systems further objects to this Interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Subject to and without waiving the foregoing objections, Witness Systems will produce financial information on mutually agreed terms from which information about the date of general availability can be determined.

**INTERROGATORY NO. 18:**

Identify the three people within Witness or any of its subsidiaries or affiliated companies who are most knowledgeable about each Interrogatory Nos. 14-17.

## RESPONSE TO INTERROGATORY NO. 18:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also incorporates its objections to Interrogatories Nos. 14-17 as if fully stated herein. Witness Systems also objects to this Interrogatory as being vague and ambiguous, including with respect to the phrase "affiliated companies." Subject to and without waiving the foregoing objections, Witness Systems identifies the following persons as having knowledge: Interrogatory No. 14: Mr. Joe Watson; Interrogatory No. 15: Ms. Nancy Treaster and Mr. Dan Sphorer; and Interrogatory No. 17: Ms. Nancy Treaster.

## INTERROGATORY NO. 19:

**For each Accused Product and/or products identified in response to Interrogatory No. 10, above, identify all products that you contend compete or have competed with the respective Accused Product and/or products identified in response to Interrogatory No. 10 since the first sale of that Product.**

## RESPONSE INTERROGATORY NO. 19:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it includes "products that perform either the identical or substantially the same function" as the Accused Products based on Interrogatory No. 10. Witness Systems again requests that NICE specify Witness Systems products and versions it claims infringe. Witness Systems further objects to this Interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

in this case, including to the extent that it seeks information only relevant to Witness

Systems' antitrust counterclaims before such claims are amended into this action.

Subject to and without waiving the foregoing objections, Witness Systems states that

discovery in this case is ongoing, depositions have yet to begin, and Witness Systems'

antitrust counterclaims have not yet been added to the case.  Thus, Witness Systems

reserves the right to supplement this response, including by identifying products at the

appropriate time.

## INTERROGATORY NO. 20:

For each Accused Product and/or products identified in response to
Interrogatory No. 10, above, identify all third party software or hardware that is or
was used by, or is or was a component or part of the Accused Product and/or
products identified in response to Interrogatory No. 10, including identifying the
name of the software and/or hardware vendor and price of the third party software
or hardware.

## RESPONSE INTERROGATORY NO. 20:

Witness Systems incorporates by reference its General Objections as if fully

stated herein.  Witness Systems also objects to this Interrogatory as vague and ambiguous

because NICE has failed to specify the products and versions accused of infringement

sufficiently to identify those products falling within its definition of "Accused Product."

Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent

it includes "products that perform either the identical or substantially the same function"

as the Accused Products based on Interrogatory No. 10.  Witness Systems again requests

that NICE specify Witness Systems products and versions it claims infringe.  Witness

Systems further objects to this Interrogatory to the extent that it seeks information that is

neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

in this case.  Subject to and without waiving the foregoing objections, Witness Systems

-14-

states it has entered into agreements with manufacturers and others concerning aspects of

Witness Systems' products or aspects thereof. These agreements, which Witness

believes have been produced, are between Witness Systems and each of the following

parties: Adtech, ACW, Funk, Avaya, and Nortel.

## INTERROGATORY NO. 21:

**Identify each and every factual and/or legal basis for Witness' contention that NICE is not entitled to injunctive relief in this litigation, including why Witness claims monetary damages are adequate to compensate NICE for its harm, how Witness claims the balance of hardships favors Witness, and how the public interest would not be served by a permanent injunction, if Witness so contends.**

## RESPONSE TO INTERROGATORY NO. 21:

Witness Systems incorporates by reference its General Objections as if fully

stated herein. Witness Systems also objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege, work product doctrine, and/or any

other applicable privilege. Witness Systems further objects to this Interrogatory to the

extent it is premature because discovery is still ongoing. Witness Systems further objects

to this Interrogatory to the extent it calls for legal conclusions and/or to the extent it seeks

information that will be the subject of expert opinion testimony. Subject to and without

waiving the foregoing objections, Witness Systems states that NICE bears the burden to

prove any right to injunctive relief, and that NICE has not produced evidence sufficient to

establish such a right. Witness Systems reserves the right to supplement this response if

NICE comes forward with evidence concerning its claim for injunctive relief.

## INTERROGATORY NO. 22:

**Identify the corporate officers and directors for Witness from 1991 to present, including providing names, positions, addresses, titles, duties, and tenures.**

**RESPONSE TO INTERROGATORY NO. 22:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as being duplicative of previously served interrogatories. Witness Systems also objects to this Interrogatory to the extent it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Subject to and without waiving the foregoing objections, Witness Systems has or will produced documents, such as Annual Reports or other public disclosures, from which relevant information responsive to this Interrogatory may be ascertained and the burden of deriving or ascertaining the answer is substantially the same for NICE as for Witness Systems, in accordance with Federal Rule of Civil Procedure 33(d).

**INTERROGATORY NO. 23:**

**To the extent that you deny NICE's first and second requests for admission, explain each and every factual and legal basis for your denial.**

**RESPONSE TO INTERROGATORY NO. 23:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Subject to and without waiving the foregoing objections, Witness Systems states it may have in its possession, custody, or control third party documents for which it does not possess sufficient information to admit the requests. Thus, Witness Systems denies that these documents necessarily are what they purport to be or are authentic.

## INTERROGATORY NO. 24:

Identify the steps taken by Witness in responding to any of the document requests served by NICE in this litigation, including the identification of the addresses of all locations searched, all electronic media searched, what types of documents were found at each searched location, each person from whom documents were sought, and what additional steps were taken, if any.

## RESPONSE TO INTERROGATORY NO. 24:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Witness Systems further objects to the extent that this Interrogatory seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Witness Systems further objects to this Interrogatory to the extent that it is overly broad and unduly burdensome. Subject to and without waiving the foregoing objections, Witness Systems states it searched its electronic repositories of documents including its knowledge base at its Atlanta, GA location and its relevant servers located in Leatherhead, U.K. Witness Systems also searched relevant source code control systems located at these facilities for electronic versions of the source code. Witness Systems also searched non-duplicative hard copy files, including at its Leatherhead, U.K. facility. Witness Systems coordinated its search activities through Witness Systems' personnel, including Mr. David Williams, Ms. Nancy Treaster, and Mr. David Boardman.

## INTERROGATORY NO. 25:

Identify all versions of source code that were made available in the U.S. for any of the Accused Products and/or products identified in response to Interrogatory No. 10, above, including the name of each source code version, the locations of each source code version, any additional information necessary to locate each source code version, and to whom each source code was made available and when.

-17-

**RESPONSE TO INTERROGATORY NO. 25:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it includes "products that perform either the identical or substantially the same function" as the Accused Products based on Interrogatory No. 10. Witness Systems again requests that NICE specify Witness Systems products and versions it claims infringe. Witness Systems further objects to the extent that this Interrogatory seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case. Witness Systems objects to this Interrogatory as being overly broad and unduly burdensome, including to the extent that its seeks information concerning "to whom each source code was made available and when." Subject to and without waiving the foregoing objections, Witness Systems states it has produced source code to NICE on two laptops in directory tree structure from which each version of each potentially relevant Witness Systems product can be identified. Witness Systems will produce financial information on mutually agreed terms from which information about the date and to whom can be determined.

**INTERROGATORY NO. 26:**

Identify what Witness contends is the market share of each competitor for the market you identified in response to Interrogatory No. 19.

-18-

## RESPONSE TO INTERROGATORY NO. 26:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as being vague, ambiguous, and non-sensical because it improperly references a "market you identified in response to Interrogatory No. 19" while Interrogatory 19 does not concern a "market." Witness Systems further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case, including to the extent that it seeks information only relevant to Witness Systems' antitrust counterclaims before such claims are amended into this action. Witness Systems further objects to this Interrogatory to the extent it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems states that discovery is ongoing, depositions have yet to begin, and Witness Systems' antitrust counterclaims have not yet been added to this case. Thus, Witness Systems reserves its right to supplement this response, including by identifying market share and competitors at the appropriate time.

## INTERROGATORY NO. 27:

Identify any acceptable or unacceptable substitutes in the United States for the Accused Products and/or other call center products, whether infringing any of the Patents-in-Suit or not, from the filing dates of the Patents-in-Suit to the present.

## RESPONSE TO INTERROGATORY NO. 27:

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product."

-19-

Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it includes "products that perform either the identical or substantially the same function" as the Accused Products based on Interrogatory No. 10. Witness Systems again requests that NICE specify Witness Systems products and versions it claims infringe. Witness Systems further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case, including to the extent that it seeks information only relevant to Witness Systems' antitrust counterclaims before such claims are amended into this action. Witness Systems further objects to this Interrogatory to the extent that it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems states that discovery is ongoing, depositions have yet to begin, and Witness Systems' antitrust counterclaims have not yet been added to this case. Thus, Witness Systems reserves its right to supplement this response, including by identifying substitutes at the appropriate time.

**INTERROGATORY NO. 28:**

Identify any likely new entrants into the creation, development, production, distribution or sale of any call center products if prices were raised 5% and/or 10% and sustained, including any relevant requirements, such as costs and scale requirements, for entry.

**RESPONSE TO INTERROGATORY NO. 28:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems further objects to this Interrogatory to the extent that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this case, including to the extent that it seeks information only relevant to Witness Systems' antitrust counterclaims before such claims

are amended into this action. Witness Systems further objects to this Interrogatory to the extent that it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems states that discovery is ongoing, depositions have yet to begin, and that Witness Systems' antitrust counterclaims have not yet been added to this case. Thus, Witness Systems reserves its right to supplement this response, including by identifying entrants at the appropriate time.

DATED: March 2, 2007                              FISH & RICHARDSON P.C.

William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel: (302) 652-5070

Nagendra Setty (*Pro Hac Vice*)
Daniel A. Kent (*Pro Hac Vice*)
John D. Hamann (*Pro Hac Vice*)
1180 Peachtree Street, NE, 19th Floor
Atlanta, GA 30309
Tel: (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2007, I caused to be served "DEFENDANT

WITNESS SYSTEMS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S NICE

SYSTEMS, INC.'S AND NICE SYSTEMS LTD.'S SECOND SET OF

INTERROGATORIES" by electronic and First Class U.S. Mail addressed to counsel for

Plaintiffs as follows:

Scott G. Lindvall                                 Attorneys for Plaintiffs
Daniel P. DiNapoli                                NICE Systems, Inc. and NICE Systems,
Joseph M. Drayton                                 LTD
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598


Josy W. Ingersoll                                 Attorneys for Plaintiffs
Melanie K. Sharp                                  NICE Systems, Inc. and NICE Systems,
Karen E. Keller                                   LTD
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899-0391


Kyle Wagner Compton (#4693)

1

Document2

# EXHIBIT A

U.S. Pat. No. 5,274,738 Noninfringement Claim Chart

| 5,274,738 Claims | Accused Product(s) |
|---|---|
| 1. A digital modular voice processing system comprising: | NICE lists the following "Accused Products" for the '738 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality Contact Store<br>5) ContactStore<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a) a host computer having a host processor, and a storage medium, a memory and a bus interface in communication with said host processor, | NICE cites to Documents 1, 2, and 3 for this claim limitation. |
| b) a first bus in communication with said bus interface, | NICE cites to Documents 1, 2, and 3 for this claim limitation. |
| c) a voice processing card having at least one digital signal processor and at least one application processor in communication with said at least one digital signal processor, a first interface providing communication between said at least one application processor and said first bus, and a first time division multiplexer chip in communication with said at least one digital signal processor, | NICE cites to Documents 1, 2, 3, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 3, and 4 fail to show the claimed "a first time division multiplexer chip in communication with the at least one digital signal processor."<br><br>The cited portions of Documents 1, 2, 3, and 4 fail to show the claimed "a voice processing card having at least one digital signal processor and at least one application processor." |

U.S. Pat. No. 5,274,738 Noninfringement Claim Chart

| 5,274,738 Claims | Accused Product(s) |
|---|---|
| d) a second bus in communication with said first time division multiplexer chip, and | NICE cites to Documents 1, 2, and 3 for this claim limitation.<br><br>The cited portions of Documents 1, 2, and 3 fail to show the claimed "a second bus in communication with said first time division multiplexer chip." |
| e) at least one audio card including a second time division multiplexer chip that communicates with said second bus, an audio processor in communication with said second time division multiplexer chip, and a second interface in communication with said audio processor, said second interface having a plurality of ports that provide communication with communication lines. | NICE cites to Documents 1, 2, 3, 4 and 5 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 3, 4, and 5 fail to show the claimed "at least one audio card including a second time division multiplexer chip."<br><br>The cited portions of Documents 1, 2, 3, 4, and 5 fail to show the claimed "at least one audio card including a second time division multiplexer chip that communicates with said second bus." |
| 4. The system of claim 1 wherein said second interface of said audio card has means for converting analogue signals received from said ports to digital signals and converting digital data received data [sic] received from said audio processor to analog signals. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 4 for this claim limitation. |

U.S. Pat. No. 5,274,738 Noninfringement Claim Chart

| 5,274,738 Claims | Accused Product(s) |
|---|---|
| 5. The system of claim 4 wherein said signal processor has means for performing voice compression and expansion, automatic gain control, dual tone multi-frequency extraction and voice activated operations. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 1 and 4, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 4 for this claim limitation.<br><br>The cited portions of Documents 1 and 4 fail to show the claimed "means for performing voice compression and expansion, automatic gain control, dual tone multi-frequency extraction and voice activated operations." |
| 7. The system of claim 1 including a housing, said host computer, said first bus, said at least one voice processing card, said second bus, and said at least one audio card being supported by said housing and said at least one voice processing card and said at least one audio card are physically and electrically connected, and said host computer is logically connected to said voice processing card and to said at least one audio card. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 3, and 4 for this claim limitation.<br><br>The cited portions of Documents 1 and 4 fail to show the claimed "said at least one voice processing card." |

U.S. Pat. No. 5,274,738 Noninfringement Claim Chart

| 5,274,738 Claims | Accused Product(s) |
|---|---|
| 8. A digital modular voice processing system comprising: | NICE lists the following "Accused Products" for the '738 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality Contact Store<br>5) ContactStore.<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a) an interface for receiving analogue voice signals from a telephone line and converting said analogue voice signals to digital voice data, | NICE cites to Documents 1 and 4 for this claim limitation. |
| b) an audio processor in communication with interface, | NICE cites to Documents 1 and 4 for this claim limitation. |
| c) first time division multiplexing means in communication with said audio processor for receiving and multiplexing said digital voice data and acting as temporary storage for data, | NICE cites to Documents 1 and 4 for this claim limitation.<br><br>The cited portions of Documents 1 and 4 fail to show the claimed "first time division multiplexing means in communication with said audio processor." |
| d) a bus in communication with said first time division multiplexing means for receiving digital voice data therefrom, | NICE cites to Documents 1 and 3 for this claim limitation. |
| e) second time division multiplexing means in communication with said bus for multiplexing digital voice data received from said bus, | NICE cites to Documents 1 and 4 for this claim limitation. |

U.S. Pat. No. 5,274,738 Noninfringement Claim Chart

| 5,274,738 Claims | Accused Product(s) |
|---|---|
| f) voice data processing means in communication with said second time division multiplexing means for receiving multiplexed digital voice data and performing digital processing operations on the multiplexed digital voice data, | NICE cites to Documents 1, 2, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, and 4 fail to show the claimed "voice data processing means".<br><br>The cited portions of Documents 1, 2, and 4 fail to show the claimed "voice data processing means in communication with said second time division multiplexing means for receiving multiplexed digital voice data and performing digital processing operations on the multiplexed digital voice data." |
| g) application processing means in communication with said voice data processing means for performing application processing on the processed digital voice data received from said voice data processing means, and | NICE cites to Documents 1, 2, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, and 4 fail to show the claimed "application processing means in communication with said voice data processing means." |
| h) a host computer in communication with said application processing means for receiving and storing application processed digital voice data. | NICE cites to Documents 1 and 3 for this claim limitation.<br><br>The cited portions of Documents 1 and 3 fail to show the claimed "a host computer in communication with said application processing means." |
| 9. The system of claim 8 wherein said host computer is in logical communication with said audio processor. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 8, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 4 for this claim limitation. |

U.S. Pat. No. 5,274,738 Noninfringement Claim Chart

| 5,274,738 Claims | Accused Product(s) |
|---|---|
| 10. The system of claim 8 wherein said voice data processing means performs voice compression and expansion; automatic gain control, extracts dual tone multi-frequency extraction and voice activated operations. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 8, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 4 for this claim limitation.<br><br>The cited portions of Documents 1 and 4 fail to show the claimed "means for performing voice compression and expansion, automatic gain control, dual tone multi-frequency extraction and voice activated operations." |

6

2

U.S. Pat. No. 5,396,371 Noninfringement Claim Chart

| 5,396,371 Claims | Accused Product(s) |
|---|---|
| 1. In a method of storing and retrieving audio from a digital audio logger, the steps comprising: | NICE lists the following "Accused Products" for the '371 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality ContactStore<br>5) ContactStore<br>6) Witness ContactStore for Communication Manager<br>7) Witness Quality for Communication Manager<br>8) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| monitoring an audio source, | NICE cites to Documents 1, 5, 6, 7, and 9 for this claim limitation. |
| storing audio data from the audio source in a buffer, | NICE cites to Documents 1, 5, and 7 for this claim limitation.<br><br>The cited portions of Documents 1, 5 and 7 fail to show the claimed "storing audio data from the audio source in a buffer." |
| writing the audio data from the buffer onto a digital audio tape and a random access storage device, and | NICE cites to Documents 1, 5, 7, and 8 for this claim limitation.<br><br>The cited portions of Documents 1, 5, 7, and 8 fail to show the claimed "writing the audio data from the buffer onto a digital audio tape and a random access storage device." |

U.S. Pat. No. 5,396,371 Noninfringement Claim Chart

| 5,396,371 Claims | Accused Product(s) |
|---|---|
| retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device. | NICE cites to Documents 1, 5, 7, and 9 for this claim limitation.<br><br>The cited portions of Documents 1, 5, 7, and 9 fail to show the claimed "retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device." |
| 2. The method of claim 1 including the further steps of providing the random storage device with a primary partition and writing voice data onto the primary partition in time defined manner. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 10 for this claim limitation.<br><br>The cited portions of Documents 5 and 10 fail to show the claimed "providing the random storage device with a primary partition and writing voice data onto the primary partition in time defined manner." |

U.S. Pat. No. 5,396,371 Noninfringement Claim Chart

| 5,396,371 Claims | Accused Product(s) |
|---|---|
| 5. In a system for processing audio having an interface for receiving audio from an audio source, a digital signal processor in communication with the interface for compressing the audio signals, a controller in communication with the digital signal processor for receiving audio therefrom and arranging data in a prescribed order, a supervisor in communication with said controller accessing data from said system, and a buffer in communication with the controller for receiving arranged audio from the controller, the improvement comprising: | NICE lists the following "Accused Products" for the '371 Patent: 1) Eyretel ContactStore 2) Eyretel MediaStore 3) Eyretel Contact 7000 4) eQuality ContactStore 5) ContactStore 6) Witness ContactStore for Communication Manager 7) Witness Quality for Communication Manager 8) Impact 360 NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a digital audio tape drive unit in communication with the buffer for receiving arranged audio data from the buffer, | NICE cites to Documents 1, 4, and 8 for this claim limitation. The cited portions of Documents 1, 4, and 8 fail to show the claimed "a digital audio tape drive unit in communication with the buffer for receiving arranged audio data from the buffer." |
| a random access storage device, and | NICE cites to Documents 1, 4, and 5 for this claim limitation. The cited portions of Documents 1, 4, and 5 fail to show the claimed "random access storage device." |

U.S. Pat. No. 5,396,371 Noninfringement Claim Chart

| 5,396,371 Claims | Accused Product(s) |
|---|---|
| a pair of pointers providing communication between said buffer and random storage device, the first of said pointers operative for transmitting audio data to said random access storage device from said buffer and the second of said pointers being operative to send audio data from said random access storage device to said controller. | NICE cites to Documents 1 and 11 for this claim limitation.<br><br>The cited portions of Documents 1 and 11 fail to show the claimed "a pair of pointers providing communication between said buffer and random storage device."<br><br>The cited portions of Documents 1 and 11 fail to show the claimed "second of said pointers being operative to send audio data from said random access storage device to said controller." |
| 6. The system of claim 5 further including a speaker in communication with said controller for playing audio retrieved from said random access storage device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 5, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fail to show the claimed "a speaker in communication with said controller for playing audio retrieved from said random access storage device." |
| 8. An audio data storage device, comprising: | NICE listed the following "Accused Products" for the '371 Patent:<br>1) ContactStore<br>2) Witness ContactStore for Communication Manager<br>3) Witness Quality for Communication Manager<br>4) Impact 360<br>5) eQuality Balance R5<br>6) eQuality Balance R6<br>7) eQuality ContactStore for IP |

4

**U.S. Pat. No. 5,396,371 Noninfringement Claim Chart**

| 5,396,371 Claims | Accused Product(s) |
|---|---|
| a random access storage device having a primary partition for storing audio data and a secondary partition for storing means for locating data on said primary partition and a pair of pointers in communication with said random access memory, a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device. | NICE cites to Documents 1, 5, and 10 for this claim limitation.<br><br>The cited portions of Documents 1, 5, and 10 fail to show the claimed "a random access storage device having a primary partition for storing audio data and a secondary partition for storing means for locating data on said primary partition."<br><br>The cited portions of Documents 1, 5, and 10 fail to show the claimed "a pair of pointers in communication with said random access memory."<br><br>The cited portions of Documents 1, 5, and 10 fail to show the claimed "a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device." |

5

**3**

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 1. A modular digital recording logger, comprising: | NICE lists the following "Accused Products" for the '005 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality Contact Store<br>5) ContactStore.<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a housing; | NICE cites to Documents 1, 2, and 3 for this claim limitation. |
| at least two circuit modules in said housing for converting analog voice signals to digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, each of said terminals being capable of receiving said analog voice signals for recording a two-way conversation; | NICE cites to Documents 1, 2, 12, and 13 for this claim limitation.<br><br>The cited portions of Documents 12 and 13 fail to show the claimed "at least two circuit modules in said housing for converting analog voice signals to digital voice signals."<br><br>The cited portions of Documents 12 and 13 fail to show the claimed "each of said terminals being capable of receiving said analog voice signals for recording a two-way conversation." |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | NICE cites to Documents 1, 2, and 4 for this claim limitation. |

1

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| a first bus in said housing for providing communication between said circuit module and said compressing circuit; | NICE cites to Documents 1, 2, and 4 for this claim limitation. |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | NICE cites to Documents 1, 2, 3, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 3, and 4 fail to show the claimed "a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus." |
| a digital audio tape (DAT) drive for storing said compressed voice data. | NICE cites to Documents 1, 2, 4, 8, and 10 for this claim limitation. |
| 2. The modular digital recording logger of claim 1, further including a clock in communication with said computer. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 12, and 15 for this claim limitation.<br><br>The cited portions of Documents 1, 12, and 15 fail to show the claimed "a clock in communication with said computer". |
| 3. The modular digital recording logger of claim 1, further including a speaker in communication with at least one circuit module. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 9 for this claim limitation.<br><br>The cited portions of Documents 1 and 9 fail to show the claimed "a speaker in communication with at least one circuit module." |

2

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 4. The modular digital recording logger of claim 1, further comprising a hard disk drive in said housing for storing and reproducing said compressed voice data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 9, and 32 for this claim limitation. |
| 5. The modular digital recording logger of claim 4, further comprising: a computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals; and | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 9 for this claim limitation.<br><br>The cited portions of Documents 1 and 9 fail to show the claimed "a computer in said housing for operating said DAT drive and/or said hard disk drive." |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive. | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "second bus in said housing for connecting said computer to said hard disk drive and said DAT drive." |

3

### U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 6. The modular digital recording logger of claim 1, wherein said first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 2, and 3 for this claim limitation.<br><br>The cited portions of Documents 1, 2, and 3 fail to show the claimed "first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit." |
| 7. The modular digital recording logger of claim 1, wherein said second bus is a small computer system interface (SCSI) bus and further comprising a SCSI adapter for connecting said computer to said SCSI bus. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 12 for this claim limitation.<br><br>The cited portions of Documents 1 and 12 fail to show the claimed "said second bus is a small computer system interface (SCSI) bus and further comprising a SCSI adapter for connecting said computer to said SCSI bus." |
| 8. The modular digital recording logger of claim 1, wherein said compressing circuit is a processor. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 2 for this claim limitation.<br><br>The cited portions of Documents 1 and 2 fail to show the claimed "wherein said compressing circuit is a processor." |

4

**U.S. Pat. No. 5,819,005 Noninfringement Claim Chart**

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 10. The modular digital recording logger of claim 7, further including a random access memory (RAM) for storing said compressed voice data before it is transmitted to the SCSI adapter. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 1 and 7, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 16 for this claim limitation.<br><br>The cited portions of Documents 1 and 16 fail to show the claimed "including a random access memory (RAM) for storing said compressed voice data before it is transmitted to the SCSI adapter." |
| 11. A network system of modular digital recording loggers, comprising: | NICE lists the following "Accused Products" for the '005 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality Contact Store<br>5) ContactStore.<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| at least two digital recording loggers for logging voice conversations, each of said recording loggers comprising: | NICE cites to Document 1 for this claim limitation. |
| a housing; | NICE cites to Documents 1, 2, and 3 for this claim limitation. |

**U.S. Pat. No. 5,819,005 Noninfringement Claim Chart**

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | NICE cites to Documents 1, 2, 12, and 13 for this claim limitation.<br><br>The cited portions of Documents 12 and 13 fail to show the claimed "at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation." |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | NICE cites to Documents 1, 2, and 4 for this claim limitation. |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | NICE cites to Documents 1, 2, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2 and 4 fail to show the claimed "a first bus in said housing for providing communication between said circuit module and said compressing circuit." |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | NICE cites to Documents 1, 2, 3, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 3, and 4 fail to show the claimed "a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus." |
| a digital audio tape (DAT) drive for storing said compressed voice data, | NICE cites to Documents 1, 4, 8, and 10 for this claim limitation. |
| a hard disk drive in said housing for storing and reproducing said compressed voice data, | NICE cites to Documents 1, 9, and 32 for this claim limitation. |

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals." |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive." |
| a second computer for processing compressed digital voice signals received from each of said recording loggers; and | NICE cites to Document 1 for this claim limitation. |
| a third bus connecting each of said recording loggers to said second computer. | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fail to show the claimed "a third bus connecting each of said recording loggers to said second computer." |
| 12. The network system of claim 11, further comprising a clock in communication with said first computer. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>The cited portions of Documents 1, 12, and 15 fail to show the claimed "a clock in communication with said first computer". |

7

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 13. The network system of claim 11, wherein said third bus is a local area network (LAN) bus. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 1 for this claim limitation. |
| 14. The network system of claim 13, wherein said second computer and each of said recording loggers further include a LAN adapter for providing connection to said LAN bus. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 11 and 13, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "each of said recording loggers further include a LAN adapter for providing connection to said LAN bus". |
| 15. The network system of claim 11, wherein said first bus is a time division multiplexed (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 2 for this claim limitation.<br><br>The cited portions of Documents 1 and 2 fail to show the claimed "first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit." |

8

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 16. The network system of claim 11, wherein said second bus is a small computer system interface (SCSI) bus and further comprising a SCSI adapter for connecting said first computer to said SCSI bus. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 12 for this claim limitation.<br><br>The cited portions of Documents 1 and 12 fail to show the claimed "said second bus is a small computer system interface (SCSI) bus and further comprising a SCSI adapter for connecting said computer to said SCSI bus." |
| 17. The network system of claim 16, further comprising a random access memory (RAM) for storing said compressed voice data before it is transmitted to the SCSI adapter. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 11 and 16, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 16 for this claim limitation.<br><br>The cited portions of Documents 1 and 16 fail to show the claimed "a random access memory (RAM) for storing said compressed voice data before it is transmitted to the SCSI adapter." |
| 18. The network system of claim 11, wherein said compressing circuit is a processor. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 2 for this claim limitation.<br><br>The cited portions of Documents 1 and 2 fail to show the claimed "wherein said compressing circuit is a processor." |

9

**U.S. Pat. No. 5,819,005 Noninfringement Claim Chart**

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 20. The network system of claim 11, wherein said second computer is a workstation. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 1 for this claim limitation. |
| 21. The network system of claim 11, further comprising a speaker in communication with said second computer for reproducing said analog voice signals. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 11, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 9 for this claim limitation. |
| 22. A method of manufacturing a modular digital recording logger, comprising the steps of: | NICE lists the following "Accused Products" for the '005 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality Contact Store<br>5) ContactStore.<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| selecting a number of circuit modules for converting analog voice signals to and from digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation; | NICE cites to Documents 1, 2, 12, and 13 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 12 and 13 fail to show the claimed "selecting a number of circuit modules for converting analog voice signals to and from digital voice signals."<br><br>The cited portions of Documents 1, 2, 12 and 13 fail to show the claimed "wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation." |
| installing said selected number of said circuit modules in a housing; | NICE cites to Documents 1, 2, and 3 for this claim limitation. |
| installing a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | NICE cites to Documents 1, 2, and 4 for this claim limitation. |
| installing a first bus in said housing for providing communication between said circuit module and said compressing circuit; | NICE cites to Documents 1 and 2 for this claim limitation. |
| installing a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | NICE cites to Documents 1 and 2 for this claim limitation.<br><br>The cited portions of Documents 1 and 2 fail to show the claimed "installing a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus." |
| installing a digital audio tape (DAT) drive in said housing for storing and reproducing said compressed voice data. | NICE cites to Documents 1 and 10 for this claim limitation. |

11

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 23. The method of claim 22, further comprising the steps of connecting to said comprising circuit a hard disk drive for storing and reproducing said compressed voice data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 22, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim. <br><br> NICE cites to Documents 1 and 9 for this claim limitation. |
| 24. A method of networking a plurality of digital recording loggers, comprising the step of: | NICE lists the following "Accused Products" for the '005 Patent:<br>1) Eyretel ContactStore<br>2) Eyretel MediaStore<br>3) Eyretel Contact 7000<br>4) eQuality Contact Store<br>5) ContactStore.<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| selecting a number of modular digital recording loggers for logging voice conversations, each of said recording loggers comprising: | NICE cites to Documents 1 and 2 for this claim limitation. |
| a housing; | NICE cites to Documents 1, 2 and 3 for this claim limitation. |

12

U.S. Pat. No. 5,819,005 Noninfringement Claim Chart

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit including a plurality of terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | NICE cites to Documents 1, 2, 12, and 13 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 12, and 13 fail to show the claimed "a circuit in said housing for converting analog voice signals to and from digital voice signals." |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | NICE cites to Documents 1, 2, and 4 for this claim limitation. |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | NICE cites to Documents 1, 2, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, and 4 fail to show the claimed "a first bus in said housing for providing communication between said circuit module and said compressing circuit." |
| a multiplexer circuit in said housing for providing communication between said processor and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | NICE cites to Documents 1, 2, 3, and 4 for this claim limitation.<br><br>The cited portions of Documents 1, 2, 3, and 4 fail to show the claimed "a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus." |
| a digital audio tape (DAT) drive for storing and reproducing said compressed voice data, | NICE cites to Documents 1 and 10 for this claim limitation. |
| a hard disk drive for storing and reproducing said compressed voice data, | NICE cites to Documents 1 and 9 for this claim limitation. |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals." |

13

**U.S. Pat. No. 5,819,005 Noninfringement Claim Chart**

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive." |
| installing said selected number of said recording loggers; | NICE cites to Document 1 for this claim limitation. |
| installing a second computer for processing compressed digital voice signals received from each of said recording loggers; and | NICE cites to Document 1 for this claim limitation. |
| installing a third bus connecting each of said recording loggers to said second computer. | NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "installing a third bus connecting each of said recording loggers to said second computer." |
| 25. The method of claim 24, wherein said third bus is a local area network (LAN) bus. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 24, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 1 for this claim limitation. |

14

**U.S. Pat. No. 5,819,005 Noninfringement Claim Chart**

| 5,819,005 Claims | Accused Product(s) |
|---|---|
| 26. The method of claim 25, wherein said second computer and each of said recording loggers further include a LAN adapter for providing connection to said LAN bus. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 24 and 25, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 1 for this claim limitation.<br><br>The cited portions of Document 1 fails to show the claimed "each of said recording loggers further include a LAN adapter for providing connection to said LAN bus". |

**4**

**U.S. Pat. No. 6,249,570 Noninfringement Claim Chart**

| 6,249,570 Claims | Accused Products |
|---|---|
| 6. A method for recording information regarding telephone calls comprising one or more segments, comprising: | NICE lists the following "Accused Products" for the '570 Patent:<br>1) Eyretel ContactStore 7000<br>2) eQuality ContactStore<br>3) Witness ContactStore for Communication Manager<br>4) Witness Quality for Communication Manager<br>5) Impact 360<br>6) eQuality Balance<br>7) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, and data regarding telephony events associated with said telephone call segments; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (b) storing the received audio data regarding telephone call segments; | NICE cites to Documents 5, 9, 10, 14, 17, 25 and 26 for this claim limitation. |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | NICE cites to Documents 5, 9, 10, 14, 17, 25 and 26 for this claim limitation. |
| (d) identifying telephone call segments that relate to one telephone call; and | NICE cites to Documents 5, 9, 10, 14, 20 and 25 for this claim limitation. |

**U.S. Pat. No. 6,249,570 Noninfringement Claim Chart**

| 6,249,570 Claims | Accused Products |
|---|---|
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call, wherein said data representation comprises, for each segment of the call, the location of the stored audio data of that segment and the start time, end time, and duration of that segment. | NICE cites to Documents 5, 7, 10, 14, 17, 21, 22, 23 and 24 for this claim limitation.<br><br>The cited portions of Documents 5, 7, 10, 14, 17, 21, 22, 23 and 24 fail to show the claimed "data representation of a lifetime of the telephone call."<br><br>The cited portions of Documents 5, 7, 10, 14, 17, 21, 22, 23 and 24 fail to show the claimed "constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call." |
| 7. A method for recording information regarding telephone calls comprising one or more segments, comprising: | NICE lists the following "Accused Products" for the '570 Patent:<br>1) Eyretel ContactStore 7000<br>2) eQuality ContactStore<br>3) Witness ContactStore for Communication Manager<br>4) Witness Quality for Communication Manager<br>5) Impact 360<br>6) eQuality Balance<br>7) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |

U.S. Pat. No. 6,249,570 Noninfringement Claim Chart

| 6,249,570 Claims | Accused Products |
|---|---|
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, and data regarding telephony events associated with said telephone call segments, wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment, wherein at least one of the sources is a real-time link and at least one of the sources is not a real-time link; | NICE cites to Documents 1, 18, 25 and 26 for the claim limitation.<br><br>The cited portions of Documents 1, 18, 25 and 26 fail to show the claimed "data regarding telephony events is received from a plurality of sources connected to a telephone switching environment, wherein at least one of the sources is a real-time link and at least one of the sources is not a real-time link." |
| (b) storing the received audio data regarding telephone call segments; | NICE cites to Documents 5, 9, 10, 17 and 25 for this claim limitation. |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | NICE cites to Documents 5, 9, 10, 17, 25 and 26 for this claim limitation. |
| (d) identifying telephone call segments that relate to one telephone call; and | NICE cites to Documents 5, 9, 14, 22 and 25 for this claim limitation. |
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call. | NICE cites to Documents 5, 9, 10, 17 and 25 for this claim limitation.<br><br>The portions of the cited Documents 5, 9, 10, 17 and 25 fail to show the claimed "data representation of a lifetime of the telephone call."<br><br>The portions of the cited Documents 5, 9, 10, 17 and 25 fail to show the claimed "constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call." |

5

**U.S. Pat. No. 6,728,345 Noninfringement Claim Chart**

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 1.    A system for recording information regarding telephone calls with three or more participants and comprising one or more telephone call segments, comprising: | NICE lists the following "Accused Products" for the '345 Patent:<br>1) eQuality ContactStore<br>2) Witness ContactStore for Communication Manager<br>3) Witness Quality for Communication Manager<br>4) Impact 360<br>5) eQuality Balance<br>6) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| (a) a first memory having one or more locations storing audio data of telephone call segments; | NICE cites to Documents 5, 7, 9, 14, 17, 25 and 32 for this claim limitation. |
| (b) a second memory having one or more locations storing data regarding telephony events associated with the telephone call segments; and | NICE cites to Documents 5, 7, 9, 14, 17, 25 and 32 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| (c) a processor programmed to: (i) identify telephone call segments that relate to the same telephone call and (ii) construct a data representation of lifetimes of the telephone calls that have three or more participants, wherein said data representations are constructed using data regarding telephony events associated with the telephone call segments. | NICE cites to Documents 5, 7, 9, 10, 14, 17, 19, 20, 21, 25 and 32 for this claim limitation.<br><br>The cited portions of Documents 5, 7, 10, 14, 17, 19, 21 and 25 fail to show the claimed "processor programmed to…(ii) construct a data representation of lifetimes of the telephone calls that have three or more participants."<br><br>The cited portions of Documents 5, 7, 10, 14, 17, 19, 21 and 25 fail to show the claimed "data representations are constructed using data regarding telephony events associated with the telephone call segments." |
| 2. The system of claim 1 wherein the data representation of each telephone call comprises (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 5, 10, 14, 18, 19, 24, and 26 for this claim limitation.<br><br>The cited portions of Documents 1, 5, 10, 14, 18, 19, 24, and 26 fail to show the claimed "data representation of each telephone call comprises (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call." |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 3. The system of claim 1 wherein the data representation of each telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 23 for this claim limitation.<br><br>The cited portions of Documents 10, 14, and 23 fail to show the claimed "data representation of each telephone call comprises, for each segment of the call, the location of the stored audio data of that segment." |
| 4. The system of claim 1 wherein the first memory and the second memory are the same. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14, 23, 27, 28 and 32 for this claim limitation. |
| 5. The system of claim 1 wherein the processor is comprised of a plurality of physically separated components. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 9 and 28 for this claim limitation. |

### U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
| --- | --- |
| 6. The system of claim 3 wherein the location of the stored audio data of each segment comprises a location of a .WAV file containing the audio data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14, 29 and 31 for this claim limitation. |
| 7. The system of claim 6 wherein the data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 10 for this claim limitation.<br><br>The cited portions of Documents 5 and 10 do not show the claimed "offset within the .WAV file to the start of the stored audio data." |
| 8. The system of claim 1 wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 26 and 42 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 9. The system of claim 1 further comprising display software that uses said data representation to display a graphical representation of said telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 10, 18, 21, 24 and 30 for this claim limitation.<br><br>The cited portions of Documents 1, 10, 18, 21, 24 and 30 do not show the claimed "display software that uses said data representation to display a graphical representation of said telephone call." |
| 10. The system of claim 2 further comprising display software that uses a data representation of a telephone call to display a graphical representation of said telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 10, 18, 21, 24 and 30 for this claim limitation.<br><br>The cited portions of Documents 1, 10, 18, 21, 24 and 30 do not show the claimed "display software that uses a data representation of a telephone call to display a graphical representation of said telephone call." |
| 11. The system of claim 10 wherein the graphical representation comprises a representation of each segment of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 15, 17, 24 and 30 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 12. The system of claim 10 wherein the graphical representation comprises a representation of the length of time of each segment of the call | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 17, 24, 26 and 30 for this claim limitation. |
| 14.    A method for recording information regarding telephone calls with three or more participants and comprising one or more participants and comprising one or more telephone call segments, comprising: | NICE lists the following "Accused Products" for the '345 Patent:<br><br>1) eQuality ContactStore<br>2) Witness ContactStore for Communication Manager<br>3) Witness Quality for Communication Manager<br>4) Impact 360<br>5) eQuality Balance<br>6) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| (a) receiving audio data regarding one or more telephone call segments; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (b) receiving data regarding telephony events associated with said telephone call segments; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (c) storing the received audio data regarding telephone call segments; | NICE cites to Documents 5, 7, 9, 14, 17 and 25 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| (d) storing the received data regarding telephone events associated with said telephone call segments; | NICE cites to Documents 5, 7, 9, 10, 14, 18, 19 and 25 for this claim limitation. |
| (e) identifying telephone call segments that relate to the same telephone call; and | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation. |
| (f) constructing data representations of lifetimes of telephone calls, wherein said data representations are constructed using data regarding telephony events associated with telephone call segments. | NICE cites to Documents 5, 7, 10, 14, 17, 19, 21 and 25 for this claim limitation.

The cited portions of Documents 5, 7, 10, 14, 17, 19, 21 and 25 fail to show the claimed "data representations of lifetimes of telephone calls."

The cited portions of Documents 5, 7, 10, 14, 17, 19, 21 and 25 fail to show the claimed "data representations are constructed using data regarding telephony events associated with telephone call segments." |
| 15. The method of claim 14 wherein each data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.

NICE cites to Documents 1, 5, 6, 10, 14, 18, 19, 24 and 26 for this claim limitation.

The cited portions of Documents 1, 5, 6, 10, 14, 18, 19, 24 and 26 fail to show the claimed "data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call." |

**U.S. Pat. No. 6,728,345 Noninfringement Claim Chart**

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 16. The method of claim 14 wherein each data representation of a telephone call comprises, for each segment of the call, a location of stored audio data if that segment. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 23 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 23 fail to show the claimed "each data representation of a telephone call comprises, for each segment of the call, a location of stored audio data if that segment." |
| 17. The method of claim 14 wherein the received audio data and the data regarding telephony events are stored in the same memory. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 12, 23, 27 and 28 for this claim limitation. |
| 18. The method of claim 14 wherein each data representation is constructed by a plurality of physically separated processors. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 9 and 28 for this claim limitation.<br><br>The cited portions of Documents 5, 9 and 28 fail to show the claimed "each data representation is constructed by a plurality of physically separated processors." |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 19. The method of claim 16 wherein the location of the stored audio data of each segment comprises a location of a .WAV file containing the audio data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14, 29 and 31 for this claim limitation. |
| 20. The method of claim 19 wherein a data representation further comprises an offset within the .WAV file to start of the stored audio data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 10 for this claim limitation.<br><br>The cited portions of Documents 5 and 10 do not show the claimed "data representation further comprises an offset within the .WAV file to start of the stored audio data." |
| 21. The method of claim 14 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 26 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 22. The method of claim 14 further comprising the step of using a data representation of a telephone call to display a graphical representation of the telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 10, 18, 21, 24 and 30 for this claim limitation.<br><br>The cited portions of Documents 1, 10, 18, 21, 24 and 30 do not show the claimed "using a data representation of a telephone call to display a graphical representation of the telephone call." |
| 23. The method of claim 15 further comprising the step of using said data representation of a telephone call to display a graphical representation of the telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 10, 18, 21, 24 and 30 for this claim limitation.<br><br>The cited portions of Documents 1, 10, 18, 21, 24 and 30 do not show the claimed "using said data representation of a telephone call to display a graphical representation of the telephone call." |
| 24. The method of claim 23 wherein the graphical representation comprises a representation of each segment of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14, 17, 24 and 30 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 25. The method of claim 23 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 14, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 17, 24, 26 and 30 for this claim limitation. |
| 40.     A method for recording information regarding telephone calls comprising one or more telephone call segments, wherein said calls comprise calls wherein at least one participant paprticipates (sic) in a plurality of segments, comprising: | NICE lists the following "Accused Products" for the '345 Patent:<br><br>1) eQuality ContactStore<br>2) Witness ContactStore for Communication Manager<br>3) Witness Quality for Communication Manager<br>4) Impact 360<br>5) eQuality Balance<br>6) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| (a) receiving audio data regarding one or more telephone call segments and data regarding telephone events associated with said telephone call segments; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (b) storing the received audio data regarding telephone call segments; | NICE cites to Documents 5, 7, 9, 10, 14, 17, 25 and 26 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| (c) storing the received data regarding telephony events associated with said telephone call segments; | NICE cites to Documents 5, 10, 14, 17, 18, 19, 25 and 26 for this claim limitation. |
| (d) identifying telephone call segments that relate to one telephone call; | NICE cites do Documents 5 and 9 for this claim limitation. |
| (e) identifying multiple call segments that have the same participant; and | NICE cites to Documents 14 and 21 for this claim limitation. |
| (f) constructing data representations of lifetimes of telephone calls, wherein each data representation of a telephone call is constructed using data regarding telephony events associated with the telephone call segments of the telephone call. | NICE cites to Documents 5, 7, 10, 14, 17, 19, 21 and 25 for this claim limitation.<br><br>The cited portions of Documents 5, 7, 10, 14, 17, 19, 21 and 25 fail to show the claimed "data representations of lifetimes of telephone calls."<br><br>The cited portions of Documents 5, 7, 10, 14, 17, 19, 21 and 25 fail to show the claimed "each data representation of a telephone call is constructed using data regarding telephony events associated with the telephone call segments of the telephone call." |
| 41. The method of claim 40 wherein a data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 5, 6, 10, 14, 18, 19, 24 and 26 for this claim limitation.<br><br>The cited portions of Documents 1, 5, 6, 10, 14, 18, 19, 24 and 26 fail to show the claimed "data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call." |

- 12 -

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 42. The method of claim 40 wherein a data representation of a telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 23 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 23 fail to show the claimed "data representation of a telephone call comprises, for each segment of the call, the location of the stored audio data of that segment." |
| 43. The method of claim 40 wherein the received audio data and the data regarding telephony events is stored in the same memory. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 12, 23, 27 and 28 for this claim limitation. |
| 44. The method of claim 40 wherein a data representation of a telephone call is constructed by a plurality of physically separated processors. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 9 and 28 for this claim limitation.<br><br>The cited portions of Documents 5, 9 and 28 fail to show the claimed "data representation of a telephone call is constructed by a plurality of physically separated processors." |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 45. The method of claim 42 wherein a location of stored audio data of each segment comprises the location of a .WAV file containing the audio data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14, 29 and 31 for this claim limitation. |
| 46. The method of claim 45 wherein a data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 10 for this claim limitation.<br><br>The cited portions of Documents 5 and 10 do not show the claimed "data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data." |
| 47. The method of claim 40 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 26 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 48. The method of claim 40 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 10, 18, 21, 24 and 30 for this claim limitation.<br><br>The cited portions of Documents 1, 10, 18, 21, 24 and 30 do not show the claimed "using a data representation of a telephone call to display a graphical representation of said telephone call." |
| 49. The method of claim 40 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 10, 18, 21, 24 and 30 for this claim limitation.<br><br>The cited portions of Documents 1, 10, 18, 21, 24 and 30 do not show the claimed "a data representation of a telephone call to display a graphical representation of said telephone call." |
| 50. The method of claim 49 wherein the graphical representation comprises a representation of each segment of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14, 17, 24 and 30 for this claim limitation. |

U.S. Pat. No. 6,728,345 Noninfringement Claim Chart

| 6,728,345 Claims | Accused Product(s) |
|---|---|
| 51. The method of claim 49 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 40, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 17, 24, 26 and 30 for this claim limitation. |

6

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| 1. A multi-stage data logging system comprising: | NICE lists the following "Accused Products" for the '372 Patent: 1) Impact 360 2) Witness ContactStore 3) Witness Quality for Communication Manager 4) Witness ContactStore for Communication Manager<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | NICE cites to Documents 1, 4, 5, and 32 for this claim limitation.<br><br>The cited portions of Document 32 fails to show the claimed "telecommunications ("telecom") stage." |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality of communication channels; | NICE cites to Documents 1, 5, 10, and 32 for this claim limitation. |
| c) a distribution stage providing access to data logged in the recorder stage; | NICE cites to Documents 5, 10, and 25 for this claim limitation. |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | NICE cites to Documents 1, 5, and 32 for this claim limitation.<br><br>The cited portions of Documents 1 and 5 fail to show a "first interface linking the telecom and the recorder stages" |

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | NICE cites to Documents 25, 33, and 34 for this claim limitation. |
| 6. The data logging system of claim 1 wherein the telecom stage provides time stamping of the received input. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 32 for this claim limitation.<br><br>The cited portions of Document 32 fails to show a "the telecom stage provides time stamping of the received input" |
| 8. The data logging system of claim 1 wherein the recorder stage comprises a controller for directing and monitoring recorder stage operations, and each recorder comprises: | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. |
| b1) a first interface receiving data from the telecom stage; | NICE cites to Documents 1, 4, 5, and 32 for this claim limitation.<br><br>The cited portion of Document 1 fails to show a "a first interface receiving data from the telecom stage." |
| b2) a buffer for transitional data storage; | NICE cites to Documents 1, 4, 5, and 32 for this claim limitation.<br><br>The cited portion of Documents 1, 4, 5, and 32 fail to show "a buffer for transitional data storage." |
| b3) a random access storage device for data storage; and | NICE cites to Documents 1, 5, 8, and 32 for this claim limitation. |

**U.S. Pat. No. 6,775,372 Noninfringement Claim Chart**

| 6,775,372 Claims | Accused Products |
|---|---|
| b4) a second interface for transmitting stored data to the distribution stage. | NICE cites to Documents 1, 5, and 32 for this claim limitation.<br><br>The cited portion of Documents 1, 5, and 32 fail to show "a second interface for transmitting stored data to the distribution stage." |
| 9. The data logging system of claim 8 wherein the recorder stage still further comprises an archive storage device for archiving data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 4, 5, and 10 for this claim limitation. |
| 12. The data logging system of claim 9 wherein said archive storage device is a RAID array. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 7, 10, and 32 for this claim limitation. |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. |
| c1) a first interface receiving data from the recorder stage; | NICE cites to Document 5 for this claim limitation.<br><br>The cited portion of Document 5 fails to show "a first interface receiving data from the recorder stage." |

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| c2) a controller for directing and monitoring distribution stage operations; | NICE cites to Document 5 for this claim limitation.<br><br>The cited portion of Document 5 fails to show "a controller for directing and monitoring distribution stage operations." |
| c3) a buffer for transitional data storage; and | NICE cites to Document 5 for this claim limitation.<br><br>The cited portion of Document 5 fails to show "a buffer for transitional data storage." |
| c4) a second interface for distributing data to one or more output channels. | NICE cites to Document 5 for this claim limitation.<br><br>The cited portion of Document 5 fails to show "a second interface for distributing data to one or more output channels." |
| 15. The data logging system of claim 1 wherein the distribution stage comprises an archive storage device for archiving data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 7, 10, and 32 for this claim limitation. |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 7, 10, and 32 for this claim limitation. |

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| 19. The data logging system of claim 1 wherein the distribution stage comprises: an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. NICE cites to Document 5 for this claim limitation. The cited portion of Document 5 fails to show "an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers." |
| 20. The data logging system of claim 19 wherein said computer is connected to said one or more remote server computers via a local area network. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. NICE cites to Document 5 for this claim limitation. The cited portion of Document 5 fails to show "said computer is connected to said one or more remote server computers via a local area network." |

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| 21. The data logging system of claim 19 wherein said computer is connected to said one or more remote server computers via an Internet protocol (I/P) network. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portion of Document 5 fails to show "said computer is connected to said one or more remote server computers via an Internet protocol (I/P) network." |
| 23. The data logging system of claim 1 wherein at least one of said first and second interfaces is network-based. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 5 for this claim limitation. |
| 32. The data logging system of claim 1, wherein the distribution stage is implemented as a network server. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 5 for this claim limitation. |

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| 33. The data logging system of claim 32, wherein the network server is a Web server. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portion of Document 5 fails to show "wherein the network server is a Web server." |
| 34. The data logging system of claim 32, wherein the network server is a file server. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 19 for this claim limitation.<br><br>The cited portion of Document 19 fails to show "wherein the network server is a file server." |
| 35. The data logging system of claim 33, wherein users can access the Web server through a browser. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 5, and 10 for this claim limitation. |

7

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| 43. A data logger, comprising: | NICE lists the following "Accused Products" for the '372 Patent:<br>1) Impact 360<br>2) Witness ContactStore<br>3) Witness Quality for Communication Manager<br>4) Witness ContactStore for Communication Manager<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a telecommunication device receiving input from a plurality of communication channels; | NICE cites to Documents 1, 4, 5, and 32 for this claim limitation. |
| a processor converting the received input to one or more data formats; | NICE cites to Documents 1, 4, 5, and 32 for this claim limitation. |
| a memory for logging information about the received input, the information comprising data converted to at least one data format; | NICE cites to Documents 1, 5, 10, and 32 for this claim limitation.<br><br>The cited portion of Documents 1, 5, 10, and 32 fail to show "a memory for logging information about the received input, the information comprising data converted to at least one data format." |
| a communication path to a communications network; and | NICE cites to Documents 1 and 5 for this claim limitation. |

8

U.S. Pat. No. 6,775,372 Noninfringement Claim Chart

| 6,775,372 Claims | Accused Products |
|---|---|
| a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user. | NICE cites to Documents 4, 5, and 9 for this claim limitation.<br><br>The cited portion of Documents 4, 5, and 9 fail to show "a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user." |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 43, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 10 for this claim limitation.<br><br>The cited portion of Documents 5 and 10 fail to show "the server is a Web server and the communications network is the Internet." |

7

**U.S. Pat. No. 6,785,370 Noninfringement Claim Chart**

| 6,785,370 Claims | Accused Products |
|---|---|
| 1.    A method for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the method comprising: | NICE lists the following "Accused Products" for the '370 Patent:<br>1) Witness ContactStore for Communication Manager<br>2) Witness Quality for Communication Manager<br>3) eQuality ContactStore:<br>4) Impact 360<br>5) eQuality Balance<br>6) eQuality ContactStore for IP<br><br> NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| (a) constructing a call record for at least one telephone call; | NICE cites to Documents 5, 14, 17, 19, 20, 21 and 36 for this claim limitation.<br><br>The cited portions of Documents 5, 14, 17, 19, 20, 21 and 36 fail to show the claimed "call record." |
| (b) receiving data regarding telephony events associated with one or more telephone calls; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (c) matching a received telephony event with a constructed call record; | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 14 and 20 do not show the claimed "matching a received telephony event with a constructed call record." |

U.S. Pat. No. 6,785,370 Noninfringement Claim Chart

| 6,785,370 Claims | Accused Products |
|---|---|
| (d) updating the matching call record based on the received telephony event data; and | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 14 and 20 do not show the claimed "updating the matching call record based on the received telephony event data." |
| (e) combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call. | NICE cites to Documents 14, 18, 21, 23, 24 and 36 for this claim limitation.<br><br>The cited portions of Documents 14, 18, 21, 23, 14 and 36 fail to show the claimed "combining the updated call record with data indicating the location of recorded audio data for the segment of the call."<br><br>The cited portions of Documents 14, 18, 21, 23, 14 and 36 fail to show the claimed "master call record representing the lifetime of the telephone call." |
| 5.  The method of claim 1 wherein the master call record comprises a serial number that identifies the telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 14, 18, 24 and 36 for this claim limitation.<br><br>The cited portions of Documents 14, 18, 24 and 36 fail to show the claimed "master call record comprises a serial number that identifies the telephone call." |

**U.S. Pat. No. 6,785,370 Noninfringement Claim Chart**

| 6,785,370 Claims | Accused Products |
|---|---|
| 6. The method of claim 1 wherein the call record is updated with data fields describing each participant of the telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 5, 14, 24 and 26 for this claim limitation.<br><br>The cited portions of Documents 1, 5, 14, 24 and 26 fail to show the claimed "call record is updated with data fields describing each participant of the telephone call." |
| 7. The method of claim 5 wherein the call record is updated with data fields describing each participant of the telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 5, 14, 24 and 26 for this claim limitation.<br><br>The cited portions of Documents 1, 5, 14, 24 and 26 fail to show the claimed "call record is updated with data fields describing each participant of the telephone call." |

**U.S. Pat. No. 6,785,370 Noninfringement Claim Chart**

| 6,785,370 Claims | Accused Products |
|---|---|
| 8. The method of claim 1 further comprising the step of assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 17, 23 and 26 for this claim limitation.<br><br>The cited portions of Documents 17, 23 and 26 fail to show the claimed "assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call." |
| 9. The method of claim 1 further comprising the step of using the master call record to display a graphical representation of said telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1, 17, 18, 21, 24, 30 and 36 for this claim limitation.<br><br>The cited portions of Documents 1, 17, 18, 21, 24, 30 and 36 fail to show the claimed "using the master call record to display a graphical representation of said telephone call." |

U.S. Pat. No. 6,785,370 Noninfringement Claim Chart

| 6,785,370 Claims | Accused Products |
|---|---|
| 11. The method of claim 9 wherein the graphical representation comprises a representation of each segment of the telephone call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 14, 17, 18, 21, 24, 30 and 36 for this claim limitation.<br><br>The cited portions of Documents 14, 17, 18, 21, 24, 30 and 36 fail to show the claimed "graphical representation comprises a representation of each segment of the telephone call." |
| 27.    A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, audio data for each segment being recorded on one or more recorders, the method comprising the steps of: | NICE lists the following "Accused Products" for this claim of '370 Patent:<br>1) Witness ContactStore for Communication Manager<br>2) Witness Quality for Communication Manager<br>3) eQuality ContactStore:<br>4) Impact 360<br>5) eQuality Balance<br>6) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |

## U.S. Pat. No. 6,785,370 Noninfringement Claim Chart

| 6,785,370 Claims | Accused Products |
|---|---|
| (a) constructing a call record for a telephone call comprising two or more segments; | NICE cites to Documents 5, 14, 17, 19, 20, 21 and 36 for this claim limitation.<br><br>The cited portions of Documents 5, 14, 17, 19, 20, 21 and 36 fail to show the claimed "call record." |
| (b) receiving data regarding one or more telephony events associated with the telephone call; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (c) matching said one or more received telephony events with said call record; | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 14 and 20 do not show the claimed "matching said one or more received telephony events with said call record." |
| (d) updating said call record based on said received telephony event data; and | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 14 and 20 do not show the claimed "updating said call record based on said received telephony event data." |
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | NICE cites to Documents 14, 18, 21, 23, 24 and 36 for this claim limitation.<br><br>The cited portions of Documents 14, 18, 21, 23, 14 and 36 fail to show the claimed "combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call."<br><br>The cited portions of Documents 14, 18, 21, 23, 14 and 36 fail to show the claimed "master call record representing the lifetime of said telephone call." |

U.S. Pat. No. 6,785,370 Noninfringement Claim Chart

| 6,785,370 Claims | Accused Products |
|---|---|
| 28.    A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, the method comprising: | NICE lists the following "Accused Products" for this claim of '370 Patent: 1) Witness ContactStore for Communication Manager 2) Witness Quality for Communication Manager 3) eQuality ContactStore: 4) Impact 360 5) eQuality Balance 6) eQuality ContactStore for IP<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| (a) constructing a call record for a telephone call comprising two or more segments, wherein at least one participant in said call participates in two or more of said segments; | NICE cites to Documents 5, 14, 17, 19, 20, 21 and 36 for this claim limitation.<br><br>The cited portions of Documents 5, 14, 17, 19, 20, 21 and 36 fail to show the claimed "call record." |
| (b) receiving data regarding one or more telephony events associated with the telephone call; | NICE cites to Documents 5, 9, 10, 25 and 26 for this claim limitation. |
| (c) matching said one or more received telephony events with said call record; | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 14 and 20 do not show the claimed "matching said one or more received telephony events with said call record." |

U.S. Pat. No. 6,785,370 Noninfringement Claim Chart

| 6,785,370 Claims | Accused Products |
| --- | --- |
| (d) updating said call record based on said received telephony event data; and | NICE cites to Documents 5, 9, 14 and 20 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 14 and 20 do not show the claimed "updating said call record based on said received telephony event data." |
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | NICE cites to Documents 14, 18, 21, 23, 24 and 36 for this claim limitation.<br><br>The cited portions of Documents 14, 18, 21, 23, 14 and 36 fail to show the claimed "combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call."<br><br>The cited portions of Documents 14, 18, 21, 23, 14 and 36 fail to show the claimed "master call record representing the lifetime of said telephone call." |

**8**

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | NICE listed the following "Accused Products" for the '920 Patent:<br>1) Witness ContactStore<br>2) Witness Quality for Communication Manager<br>3) Witness ContactStore for Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| at a Web server having access to said at least one digital logger, receiving a request for retrieval of stored data from a client; | NICE cites to Documents 2, 5, 9, and 10 for this claim limitation.<br><br>The cited portions of Documents 2, 5, 9, and 10 fail to show the claimed "Web server."<br><br>The cited portions of Documents 5, and 9 fail to show the claimed "receiving a request for retrieval of stored data from a client." |
| retrieving stored data in accordance with the received request; | NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "retrieving stored data in accordance with the received request." |
| and transferring the retrieved data to the client. | NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "transferring the retrieved data to the client." |

1

**U.S. Pat. No. 6,870,920 Noninfringement Claim Chart**

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 2. The method of claim 1 wherein the step of retrieving stored data comprises accessing a record of an input channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Documents 5 fail to show the claimed "retrieving stored data comprises accessing a record of an input channel made by said at least one digital logger." |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 1 and 2, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Documents 5 fail to show the claimed "retrieving stored data comprises accessing cal information for a record of an input channel." |

2

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 6. The method of claim 1 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "Web Server."<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "accessing archived data at the Web server." |
| 7. A method for accessing information in a digital logging system storing data associated with input from a plurality of communication channels, comprising: | NICE listed the following "Accused Products" for the '920 Patent:<br>1) Witness ContactStore<br>2) Witness Quality for Communication Manager<br>3) Witness ContactStore for Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| receiving an information request from a user at a network server having access to a plurality of data records created by the logging system, the records corresponding to data transmitted over a communication channel; | NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show the claimed "network server." |

3

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| providing to the user a description of services offered by the network server; receiving at the network server an indication of a service selected by the user; | NICE cites to Documents 2 and 5 for this claim limitation.<br><br>The cited portions of Documents 2 and 5 fail to show the claimed "network server." |
| running at the network server of a software routine causing the server to elicit from the user one or more of the following: user information, user ID, authorization level, password and payment information; in response to the elicited user data providing access to one or more stored records created by the logging system. | NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show the claimed "network server."<br><br>The cited portions of Document 5 fail to show the claimed "running at the network server of a software routine." |
| 9. The method of claim 7, wherein the network server is a Web server. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 7, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show the claimed "network server."<br><br>The cited portions of Document 5 fail to show the claimed "Web server." |

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 10. The method of claim 9, wherein the user and the Web server communicate through a web browser. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 7 and 9, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 10 for this claim limitation.<br><br>The cited portions of Documents 5 and 10 fail to show the claimed "wherein the user and the Web server communicate through a web browser." |
| 15. The method of claim 7, wherein at least some data records created by the logging system are archived at the network server. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 7, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 1 and 4 for this claim limitation.<br><br>The cited portions of Documents 1 and 4 fail to show the claimed "at least some data records created by the logging system are archived at the network server." |

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | NICE listed the following "Accused Products" for the '920 Patent:<br><br>1) Witness ContactStore<br>2) Witness Quality for Communication Manager<br>3) Witness ContactStore for Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| at a Web server having access to said information stored by at least one digital logger over a communications network, | NICE cites to Documents 2, 5, 9, and 10 for this claim limitation.<br><br>The cited portions of Documents 2, 5, 9, and 10 fail to show the claimed "Web server."<br><br>The cited portions of Documents 2, 5, 9, and 10 fail to show the claimed "receiving a request for retrieval of stored data from a client." |
| receiving a request for retrieval of stored data from a user; | The cited portions of Documents 2, 5, 9, and 10 fail to show the claimed "receiving a request for retrieval of stored data from a client." |
| retrieving said stored data from said information in accordance with the received request; | NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "retrieving stored data in accordance with the received request." |

### U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| and transferring the retrieved data to the client. | NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "transferring the retrieved data to the client." |
| 17. The method of claim 16 wherein the step of retrieving stored data comprises accessing a record of a communication channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 16, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show the claimed "accessing a record of a communication channel made by at least one digital logger." |
| 18. The method of claim 17 wherein the step of retrieving stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 17 and 18, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show the claimed "accessing call information for a record of a communication channel made by said at least one digital logger." |

7

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 21. The method of claim 16 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 16, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger." |
| 22. A method for accessing information in at least one digital logger storing data from a plurality of input channels, comprising: | NICE listed the following "Accused Products" for the '920 Patent:<br>1) Witness ContactStore<br>2) Witness Quality for Communication Manager<br>3) Witness ContactStore for Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |

8

**U.S. Pat. No. 6,870,920 Noninfringement Claim Chart**

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| at a Web server having access to said at least one digital logger, receiving a request from a client for retrieval of stored data from one or more of a plurality of input channels; | NICE cites to Documents 2, 5, 9, and 10 for this claim limitation.<br><br>The cited portions of Documents 2, 5, 9, and 10 fail to show the claimed "Web server."<br><br>The cited portions of Documents 2, 5, 9, and 10 fail to show the claimed "receiving a request from a client for retrieval of stored data from one or more of a plurality of input channels." |
| retrieving data comprising said stored data in accordance with said received request; | NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "retrieving data comprising said stored data in accordance with said received request." |
| and transferring the retrieved data to the client. | NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "transferring the retrieved data to the client." |
| 23. The method of claim 22 wherein the step of retrieving stored data comprises accessing a record of an input channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 22, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show "retrieving stored data comprises accessing a record of an input channel made by said at least one digital logger." |

9

U.S. Pat. No. 6,870,920 Noninfringement Claim Chart

| 6,870,920 Claims | Accused Product(s) |
|---|---|
| 24. The method of claim 23 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 22 and 23, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation.<br><br>The cited portions of Document 5 fail to show "retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger." |
| 25. The method of claim 24 wherein said call information comprises voice data. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 22, 23, and 24, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 5 for this claim limitation. |
| 28. The method of claim 22 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 22, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5 and 9 for this claim limitation.<br><br>The cited portions of Documents 5 and 9 fail to show the claimed "accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger." |

10

**9**

**U.S. Pat. No. 6,959,079 Noninfringement Claim Chart**

| 6,959,079 Claims | Accused Product(s) |
|---|---|
| 1. A monitoring system for monitoring interactions of an agent with customers comprising: | NICE lists the following "Accused Products" for the '079 Patent:<br><br>1) eQuality ContactStore for IP<br>2) eQuality ContactStore<br>3) Witness Quality for Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement. NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product. Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| a voice logger to receive and record audio of a telephone call of said agent; | NICE cites to Documents 5, 9 and 25 for this claim limitation. |
| a screen logger to receive and record video screen data associated with interactions of said agent with a computer during the telephone call; and | NICE cites to Documents 5, 9 and 25 for this claim limitation.<br><br>The cited portions of Documents 5, 9 and 25 fail to show "a screen logger to receive and record video screen data." |
| an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition. | NICE cites to Documents 5, 9 and 25 for this claim limitation.<br><br>The cited portions of Documents 5, 9 and 25 fail to show "an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition." |

## U.S. Pat. No. 6,959,079 Noninfringement Claim Chart

| 6,959,079 Claims | Accused Product(s) |
|---|---|
| 5. The monitoring system of claim 1, further comprising: an evaluator coupled to said voice logger and to said screen logger to enable design of evaluation forms. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 9, 37, and 38 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 37, and 38 fail to show the claimed "evaluator coupled to said voice logger and said screen logger". |
| 6. The monitoring system of claim 5, wherein said evaluator is able to perform automated evaluations based on predefined programming. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 1 and 5, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 38 and 39 for this claim limitation.<br><br>The cited portions of Documents 38 and 39 fail to show the claimed "automated evaluations". |

# 10

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 1.    A method for recording at least a portion of one or more of a plurality of IP data sessions, each being between at least a first communication device and a second communication device through a network by a recording device, comprising for each IP data session: | NICE lists the following "Accused Products" for the '109 Patent:<br>1) Witness ContactStore<br>2) Witness Quality For Communication Manager<br>3) Witness Contact Store For Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| initiating the data session by said first communication device with said second communication device; | NICE cites to Documents 10, 14 and 26 for this claim limitation. |
| implementing the data session as a conference call through a conference controller such that said first and second communication devices are connected, respectively, as first and second participants; | NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "conference controller."<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "implementing the data session as a conference call through a conference controller." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| using the conference controller, selectively entering the recording device to said conference call as an additional participant, wherein the recording device is distinct from the first and second communication devices yet receives as the additional participant at least the portion of the IP data session from each of the first and second participants; and | NICE cites to Documents 14 and 26 for this claim limitation.<br><br>Documents 14 and 26 fail to show the claimed "recording device."<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "conference controller."<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "using the conference controller, selectively entering the recording device to said conference call as an additional participant."<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "receives as the additional participant at least the portion of the IP data session from each of the first and second participants." |
| recording at least the portion of the IP data session received as the additional participant of said conference call using said recording device. | NICE cites to Documents 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "recording device." |
| 2. The method of claim 1, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 3. The method of claim 1, including the additional step of permitting a user of at least one of the first and second communication devices to determine whether the session is to be recorded prior to entering the recording device as the additional participant. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 14, 26, and 34 for this claim limitation.<br><br>The cited portions of Documents 14, 26 and 34 fail to show the claimed "entering the recording device as the additional participant." |
| 4. The method of claim 1, wherein the connection of the second communication device is established by the conference controller by: passing telephone numbers to a gatekeeper for performing IP address resolution, and using a resolved IP address of the second communication device for connecting the second communication device to the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "connecting the second communication device to the conference call." |
| 5. The method of claim 1, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 6. The method of claim 5, including the additional step of providing the command from a scheduler. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 7. The method of claim 6, including the additional step of locating the scheduler with the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation.<br><br>The cited portions of Documents 5, 32, 40 and 41 fail to show the claimed "locating the scheduler with the recording device." |
| 8. The method of claim 6, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 9. The method of claim 8, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. <br><br> NICE cites to Document 14 for this claim limitation. <br><br> The cited portion of Document 14 fails to show the claimed "information." |
| 10. The method of claim 1, wherein the IP data session is either an IP telephony session or an IP multimedia session. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. <br><br> NICE cites to Document 14 for this claim limitation. <br><br> The cited portion of Document 14 fail to show the claimed "either an IP telephony session or an IP multimedia session." |
| 11. The method of claim 1, wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim. <br><br> NICE cites to Document 14 for this claim limitation. <br><br> The cited portion of Document 14 fails to show the claimed "detected by a recording agent, and wherein said recording agent contacts the recording device." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 19. The method of claim 18, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14, and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |
| 21. The method of claim 18, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | One or more of the Accused Products do not include, either literally or under the doctrine of equivalents, the claimed "command that the data session is to be recorded."<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded." |
| 22. The method of claim 21, including the additional step of providing the command from a scheduler. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 23. The method of claim 22, including the additional step of locating the scheduler with the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation.<br><br>The cited portions of Documents 5, 32, 40 and 41 fail to show the claimed "locating the scheduler with the recording device." |
| 24. The method of claim 22, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 25. The method of claim 24, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 26. The method of claim 18, wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "detected by a recording agent, and wherein said recording agent contacts the recording device." |
| 28. The method of claim 26, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed the claimed "conference controller implements said conference call in response to a request to initiate the conference call." |
| 29. The method of claim 18, wherein the recording device joins the data session performed through a hunt group. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "recording device joins the data session performed through a hunt group." |

- 10 -

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 30. The method of claim 29, including the additional step of identifying the hunt group using a gatekeeper. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "identifying the hunt group using a gatekeeper." |
| 31. The method of claim 1, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 32. The method of claim 31, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "recording device is directed to enter said conference call in response to a command that the data session is to be recorded." |
| 33. The method of claim 32, including the additional steps of:<br>providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 31, 40 and 41 for this claim limitation. |
| 34. The method of claim 33, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

- 12 -

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 35. The method of claim 1, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.

NICE cites to Documents 10, 14 and 26 for this claim limitation.

The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded." |
| 36. The method of claim 35, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.

NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 37. The method of claim 36, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.

NICE cites to Documents 14 for this claim limitation.

The cited portion of Document 14 fails to show the claimed "information." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 38. The method of claim 1, including the additional steps of: detecting the step of initiating the data session using a recording agent, contacting the recording device using the recording agent, and receiving a request to initiate the conference call and performing the implementing step in response to the request, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.

NICE cites to Documents 10, 14 and 26 for this claim limitation.

The cited portion of Document 14 fails to show the claimed "detecting the step of initiating the data session using a recording agent."

The cited portion of Document 14 fails to show the claimed "contacting the recording device using the recording agent."

The cited portion of Document 14 fails to show the claimed "performing the implementing step in response to the request."

The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |
| 39. The method of claim 38, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.

NICE cites to Document 14 for this claim limitation.

The cited portion of Document 14 fails to show the claimed "connecting the second communication device to the conference call." |

## U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 40. The method of claim 38, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "recording device is directed to enter said conference call in response to a command that the data session is to be recorded." |
| 41. The method of claim 38, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 42. The method of claim 41, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

- 15 -

## U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
| --- | --- |
| 43. The method of claim 1, wherein the step of selectively entering the recording device to said conference call includes the steps of: identifying a hunt group using a gatekeeper; directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded; and joining the recording device to the data session through the hunt group. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4, 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "identifying the hunt group using a gatekeeper."<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded."<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "joining the recording device to the data session through the hunt group." |
| 44. The method of claim 43, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "connecting the second communication device to the conference call." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 45. The method of claim 43, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "recording device is directed to enter said conference call in response to a command that the data session is to be recorded." |
| 46. The method of claim 45, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 47. The method of claim 46, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 48.    A method for recording at least a portion of an IP data session between at least a first communication device and a second communication device through a network by a recording device, comprising: | NICE lists the following "Accused Products" for the '109 Patent:<br>1) Witness ContactStore<br>2) Witness Quality For Communication Manager<br>3) Witness Contact Store For Communication Manager<br>4) Impact 360<br><br>NICE has failed, however, to specify particular products and versions of the "Accused Products" sufficient for Witness Systems to identify the particular products accused of infringement.  NICE has also failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of each version of each Accused Product.  Witness responds below to the infringement contentions set forth in NICE's response to Witness' Interrogatory No. 13, on a claim-by-claim and element-by-element basis. |
| initiating the data session by said first communication device with said second communication device; | NICE cites to Documents 10, 14 and 26 for this claim limitation. |
| implementing the data session as a conference call through a conference controller such that said first and second communication devices are connected, respectively, as first and second participants; | NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "conference controller."<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "implementing the data session as a conference call through a conference controller." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| using the conference controller, selectively entering the recording device to said conference call as an additional participant, wherein the recording device is distinct from the first and second communication devices yet receives as the additional participant at least the portion of the IP data session from each of the first and second participants; and | NICE cites to Documents 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "recording device."<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "conference controller."<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "using the conference controller, selectively entering the recording device to said conference call as an additional participant."<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "receives as the additional participant at least the portion of the IP data session from each of the first and second participants." |
| recording at least the portion of the IP data session received as the additional participant of said conference call using said recording device. | NICE cites to Documents 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 14 and 26 fail to show the claimed "recording device." |
| 49. The method of claim 48, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 50. The method of claim 48, including the additional step of permitting a user of at least one of the first and second communication devices to determine whether the session is to be recorded prior to entering the recording device as the additional participant. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 14, 26 and 34 for this claim limitation.<br><br>The cited portions of Documents 14, 26 and 34 fail to show the claimed "entering the recording device as the additional participant." |
| 51. The method of claim 48, wherein the connection of the second communication device is established by the conference controller by: passing telephone numbers to a gatekeeper for performing IP address resolution, and using a resolved IP address of the second communication device for connecting the second communication device to the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "connecting the second communication device to the conference call." |
| 52. The method of claim 48, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 53. The method of claim 52, including the additional step of providing the command from a scheduler. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 54. The method of claim 53, including the additional step of locating the scheduler with the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation.<br><br>The cited portions of Documents 5, 32, 40 and 41 fail to show the claimed "locating the scheduler with the recording device." |
| 55. The method of claim 53, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4, 32, 40 and 41 for this claim limitation. |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 56. The method of claim 55, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |
| 57. The method of claim 48, wherein the IP data session is either an IP telephony session or an IP multimedia session. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fail to show the claimed "either an IP telephony session or an IP multimedia session." |
| 58. The method of claim 48, wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "detected by a recording agent, and wherein said recording agent contacts the recording device." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 60. The method of claim 48, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "the conference controller implements said conference call in response to a request to initiate the conference call." |
| 61. The method of claim 60, wherein the request is from at least one of the recording device, the first communication device, the second communication device, and an other component on the network. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 9 and 14 for this claim limitation. |
| 62. The method of claim 48, wherein said first communication device is a gateway for receiving communication through a PSTN. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 43 and 44 for this claim limitation. |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 63. The method of claim 48, wherein the recording device joins the data session performed through a hunt group. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "recording device joins the data session performed through a hunt group." |
| 64. The method of claim 63, including the additional step of identifying the hunt group using a gatekeeper. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "identifying the hunt group using a gatekeeper." |
| 65. The method of claim 48, wherein at least one of the first communication device and the second communication device is a non-IP telephony device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 9, 40 and 45 for this claim limitation. |

- 24 -

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 66. The method of claim 65, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14, and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |
| 68. The method of claim 65, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded." |
| 69. The method of claim 68, including the additional step of providing the command from a scheduler. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 70. The method of claim 69, including the additional step of locating the scheduler with the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation.<br><br>The cited portions of Documents 5, 32, 40 and 41 fail to show the claimed "locating the scheduler with the recording device." |
| 71. The method of claim 69, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 72. The method of claim 71, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 73. The method of claim 65 wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "detected by a recording agent, and wherein said recording agent contacts the recording device." |
| 75. The method of claim 73, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed the claimed "conference controller implements said conference call in response to a request to initiate the conference call." |
| 76. The method of claim 65, wherein the recording device joins the data session performed through a hunt group. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "recording device joins the data session performed through a hunt group." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 77. The method of claim 76, including the additional step of identifying the hunt group using a gatekeeper. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "identifying the hunt group using a gatekeeper." |
| 78. The method of claim 48, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |

- 28 -

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 79. The method of claim 78, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "recording device is directed to enter said conference call in response to a command that the data session is to be recorded." |
| 80. The method of claim 79, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 81. The method of claim 80, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

- 29 -

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 82. The method of claim 48, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded." |
| 83. The method of claim 82, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 84. The method of claim 83, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 85. The method of claim 48, including the additional steps of: detecting the step of initiating the data session using a recording agent, contacting the recording device using the recording agent, and receiving a request to initiate the conference call and performing the implementing step in response to the request, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 10, 14 and 26 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "detecting the step of initiating the data session using a recording agent."<br><br>The cited portion of Document 14 fails to show the claimed "contacting the recording device using the recording agent."<br><br>The cited portion of Document 14 fails to show the claimed "performing the implementing step in response to the request."<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant when a data session has been initiated." |
| 86. The method of claim 85, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "connecting the second communication device to the conference call." |

U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 87. The method of claim 85, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "recording device is directed to enter said conference call in response to a command that the data session is to be recorded." |
| 88. The method of claim 85, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 89. The method of claim 88, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

**U.S. Pat. No. 7,010,109 Noninfringement Claim Chart**

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 90. The method of claim 48, wherein the step of selectively entering the recording device to said conference call includes the steps of: identifying a hunt group using a gatekeeper; directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded; and joining the recording device to the data session through the hunt group. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 4 and 14 for this claim limitation.<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "identifying the hunt group using a gatekeeper."<br><br>The cited portions of Documents 10, 14 and 26 fail to show the claimed "directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded."<br><br>The cited portions of Documents 4 and 14 fail to show the claimed "joining the recording device to the data session through the hunt group." |
| 91. The method of claim 90, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "connecting the second communication device to the conference call." |

## U.S. Pat. No. 7,010,109 Noninfringement Claim Chart

| 7,010,109 Claims | Accused Product(s) |
|---|---|
| 92. The method of claim 90, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "recording device is directed to enter said conference call in response to a command that the data session is to be recorded." |
| 93. The method of claim 92, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 32, 40 and 41 for this claim limitation. |
| 94. The method of claim 93, wherein the information includes the identity of at least one of the first and second communication devices. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 48, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Document 14 for this claim limitation.<br><br>The cited portion of Document 14 fails to show the claimed "information." |

# 11

# EXHIBIT B

## U.S. Pat. No. 5,274,738 Invalidity Chart

| '738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 4,995,054 to Boyd, Jr. et al., issued September 4, 1990, filed October 5, 1988. (WSNSDE0044270-76)<br><br>D2: U.S. Patent No. 4,817,086 to Oye et al., issued March 18, 1989, filed August 27, 1986. (WSNSDE0044254-69)<br><br>D3: U.S. Patent No. 4,573,140 to Szeto, issued February 25, 1986, filed March 30, 1983. (WSNSDE0002435-49) ✓ | |
| 1. A digital modular voice processing system comprising: | | Claim 1 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with D2. |
| a) a host computer having a host processor, and a storage medium, a memory and a bus interface in communication with said host processor, | D1: Figure 5; column 3, lines 23-24; column 5, lines 47-48. | It is well known that PC-AT computers include a processor, storage medium, and a bus interface. |
| b) a first bus in communication with said bus interface, | D1: Figure 5; column 5, lines 47-48. | |
| c) a voice processing card having at least one digital signal processor and at least one application processor in communication with said at least one digital signal processor, a first interface providing communication between said at least one application processor and said first bus, and a first time division multiplexer chip in communication with said at least one digital signal processor, | D1: Figure 5; Figure 6; Figure 8; column 4, lines 35-40; column 5, lines 43-67; column 3, lines 7-9.<br><br>D2: Figure 1; Figure 3; column 3, lines 68-61; column 7, lines 62-65. | D1 discloses each of the recited claim elements. The location of these chips is merely a matter of design choice.<br><br>DS1/T1 lines are well known to be time division multiplexed (TDM). The switch line interface of D1 is a TDM chip.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13. |
| d) a second bus in | D1: Figure 1; Figure 5; Figure | |

U.S. Pat. No. 5,274,738 Invalidity Chart

| '738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| communication with said first time division multiplexer chip, and | 6; Figure 8; column 6, lines 25-27. | |
| e) at least one audio card including a second time division multiplexer chip that communicates with said second bus, an audio processor in communication with said second time division multiplexer chip, and a second interface in communication with said audio processor, said second interface having a plurality of ports that provide communication with communication lines. | D1: Figure 1; Figure 2, Figure 5; Figure 6; column 2, lines 29-39; column 4, lines 62-68.<br><br>D2: Figure 1; Figure 3; column 3, lines 68- 61; column 7, lines 62-65. | DS1/T1 lines are well known to be TDM. The DS1 line interface of D1 is a TDM chip. |
| 2. The system of claim 1 wherein said voice processing card includes two application processors, two first interfaces each in communication with an application processor on a one to one basis and two pairs of digital signal processors each pair in communication with one of said application processors on a one to one basis, each of said voice processors being in communication with said first time division multiplexer chip. | D1: Figure 5 (indicating the number of interface processors 10, signal processors 13, and control processors 15 that are included in the described system.) | Claim 2 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with D2.<br><br>Choosing the number of application processors, the number of digital signal processors, and the resulting ratio is merely a matter of design choice.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13. |
| 3. The system of claim 2 wherein said storage medium is a storage disk. | D1: Figure 5; column 5, lines 47-48. | Claim 3 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with D2.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal |

## U.S. Pat. No. 5,274,738 Invalidity Chart

| '738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | processors 13. |
| 4. The system of claim 1 wherein said second interface of said audio card has means for converting analogue signals received from said ports to digital signals and converting digital data received data [sic] received from said audio processor to analog signals. | D1: column 1, lines 8-22.<br><br>D3: Figure 3; column 3, lines 42-46; column 6, lines 12-18. | Claim 4 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with either or both of D2 and D3.<br><br>The conversion of analog signals to digital signals (A/D) and digital to analog (D/A) is/was well known. All voice signals are by definition analog when spoken and require A/D conversion before being digitally processed. For playback of recorded data a D/A conversion is required to permit human recognition of a voice signal. It would therefore be obvious to one of ordinary skill in the art that A/D and D/A conversions would be performed in a telecommunications system according to D1.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13.<br><br>It would have been obvious to one of ordinary skill in the art to include the A/D and D/A converters of D3 with the digital communications system of D1 to enable D1 to receive analog voice input and transmit analog voice output. |
| 5. The system of claim 4 wherein said signal processor has means for performing voice compression and expansion, automatic gain control, dual tone multi-frequency extraction and voice activated operations. | D1: column 1, lines 14-16; column 3, lines 20-24; column 5, lines 34-36. | Claim 5 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with either or both of D2 and D3.<br><br>Using a digital signal processor to perform automatic gain control is/was well known.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of |

## U.S. Pat. No. 5,274,738 Invalidity Chart

| '738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | multiple channels needed between the interface processors 10 and signal processors 13.<br><br>It would have been obvious to one of ordinary skill in the art to include the A/D and D/A converters of D3 with the digital communications system of D1 to enable D1 to receive analog voice input and transmit analog voice output. |
| 6. The system of claim 5 wherein said application processor includes means for performing dictation, transcription, voice mail, voice response and medical records. | D1: column 3, line 62 – column 4, line 5. | Claim 6 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with either or both of D2 and D3.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13.<br><br>It would have been obvious to one of ordinary skill in the art to include the A/D and D/A converters of D3 with the digital communications system of D1 to enable D1 to receive analog voice input and transmit analog voice output. |
| 7. The system of claim 1 including a housing, said host computer, said first bus, said at least one voice processing card, said second bus, and said at least one audio card being supported by said housing and said at least one voice processing card and said at least one audio card are physically and electrically connected, and said host computer is logically connected to said voice processing card and to said at least one audio card. | D1: column 6, lines 13-14. | Claim 7 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with D2.<br><br>Housings for telecommunications components are/were well known, as are/were their ability to provide support for the components housed therein.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13. |

## U.S. Pat. No. 5,274,738 Invalidity Chart

| '738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  |  | It would have been obvious to one of ordinary skill in the art to include the A/D and D/A converters of D3 with the digital communications system of D1 to enable D1 to receive analog voice input and transmit analog voice output. |
| 10. The system of claim 8 wherein said voice data processing means performs voice compression and expansion; automatic gain control, extracts dual tone multi-frequency extraction and voice activated operations. | D1: column 1, lines 14-16; column 3, lines 20-24; column 5, lines 34-36. | Claim 10 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with either or both of D2 and D3.<br><br>Using a digital signal processor to perform automatic gain control is/was well known.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13.<br><br>It would have been obvious to one of ordinary skill in the art to include the A/D and D/A converters of D3 with the digital communications system of D1 to enable D1 to receive analog voice input and transmit analog voice output. |

# 12

## U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: Racal Rapidax, sold in the U.S. as of at least December 21, 1992. | |
| | D2: "Racal's 'Rapidax' Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions." (NSDE008300-008302) (evidencing the hardware of the D1 sale). | |
| | D3: "Rapidax Access Voice Logging Recorder." (NSDE008312-008319) (evidencing the hardware of the D1 sale). | |
| | D4: "Rapidax Instant Call Recorder," (NSDE008305-008309) (illustrating the hardware of the D1 sale). | |
| | D5: "Rapidax in Surveillance and Security Monitoring" (NSDE008310-008311) (evidencing the hardware of the D1 sale). | |
| | D6: "Operator's Manual." (NSDE008320-008324) (evidencing the hardware of the D1 sale). | |
| | D7: "System Manager's Manual." (NSDE008325-008340) (evidencing the hardware of the D1 sale). | |
| | D8: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D1 sale). | |
| | D9: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D1 sale). | |
| | D10: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D1 sale). | |

U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D11: United States Patent No. 4,891,835, to Leung, issued on 1986, issued on June 2, 1990.(WSNSDE0003055-80) | |
| | D12: Sale of Eyretel e1000, sold in the U.S. as of at least October, 1992. | |
| | D13: Deposition of Chris Blair in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143 (illustrating the hardware of D12 sale). | |
| | D14: European Patent Publication 0372894, to Koizumi, published on June 13, 1990, filed on December 5, 1989.(WSNSDE0000277-93) | |
| | D15: U.S. Patent No. 4,905,141, to Brenza, issued February 27, 1990, filed on October 25, 1988.(WSNSDE0003096-126) | |
| | D16: U.S. Patent No. 4,864,543, to Ward, issued September 5, 1989, filed on April 30, 1987. (WSNSDE0002971-84) | |
| 1.  In a method of storing and retrieving audio from a digital audio logger, the steps comprising: | D1: D2, Pages 1-2; D9, Page 8, line 17 – Page 9, line 4.<br><br>D12: D13, Page 11, lines 7-8.<br><br>D11: Col. 2, lines 10-14. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14. |
| a) monitoring an audio source, | D1:  D8, Page 1; D4, Page 4.<br><br>D11:  Col. 3, lines 42-50.<br><br>D12:  D13, Page 11, lines 7-8.<br><br>D14:  Col. 4, lines 24-30. | |
| b) storing audio data from the audio source in a buffer, | D1: D9, Page 18, lines 10-14; D10, Page 9; D2, Page 2.<br><br>D11:  Figure 6, Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47.<br><br>D12: D13, Page 11, lines 7-8.<br><br>D14:  Col. 5, lines 16-27. | |

U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| c) writing the audio data from the buffer onto a digital audio tape and a random access storage device, and | D1: D8, Page 1; D3, Page 3; D4, Page 4; D10; D9, Page 46, lines 2-20.<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41.<br><br>D12: D13, Page 11, lines 18-21.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 with the system of D11 to store the same type of data in the DRAM and the recorder unit and to obtain a duplicate recording that requires less hardware.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data. |
| d) retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device. | D1: D2, Page 1; D5, Page 1; D10, Page 10.<br><br>D11: Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 4, lines 33-35, Col. 5, lines 35-41, Col. 6, lines 31-35.<br><br>D12: D13, Page 11, lines 18-21.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | |
| 2. The method of claim 1 including the further steps of providing the random storage device with a primary partition and writing voice data onto the primary partition in time defined manner. | D1: D6, Page 5; D9, Page 15, lines 3-7, Page 19, lines 6-22.<br><br>D11: Col. 15, lines 13-16, Col. 19, line 13 – Col. 20, line 39.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 with the system of D11 to store the same type of data in the DRAM and the recorder unit and to obtain a duplicate recording that requires less hardware.<br><br>It would have been obvious to one of |

U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to incorporate the partitioned random access storage device and writing in a time defined manner of D1 with the systems of D11 and D12 and/or D14 to retrieve data efficiently and precisely while operating with a single buffer. |
| 3. The method of claim 2 further including the further steps of providing the random access device with a secondary partition and writing an index table in the secondary partition to indicate location of audio data in the primary partition. | D1: D9, Page 15, lines 12-23, Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15, Page 15, lines 1-8; D10, Pages 12-13<br><br>D11: Col. 17, lines 30-54.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 with the system of D11 to store the same type of data in the DRAM and the recorder unit and to obtain a duplicate recording that requires less hardware.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to incorporate the partitioned random access storage device and writing in a time defined manner of D1 with the systems of D11 and D12 and/or D15 to retrieve data efficiently and precisely while operating with a |

- 4 -

## U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | single buffer. |
| 4. The method of claim 3 further including the step of providing the secondary partition with a record session table, storing start and end times of recording session, and index start and end entries of the index table to indicate location in the index table of selected audio. | D1: D9, Page 17, line 24 – Page 20, line 14, Page 20, line 14, Page 22, lines 18-25, Page 15, lines 1-8, Page 18, lines 18-20, Page 17, line 24 – Page 19, line 15; D10, Pages 13-14.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16.<br><br>It would have been obvious to incorporate the index table of D15 and/or D16 with the system of D11 and/or D12 and/or D14 to store and retrieve data more precisely. |
| 5. In a system for processing audio having | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10; Page 15, lines 12-23, Page 22, lines 10-13. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15 and/or D16. |
| an interface for receiving audio from an audio source, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page 15, lines 12-23, Page 22, lines 10-13. | |
| a digital signal processor in communication with the interface for compressing the audio signals, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, D10, Page 16. | |
| a controller in communication with the digital signal processor for receiving audio therefrom and arranging data in a prescribed order, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16. | |
| a supervisor in communication with said controller accessing data from said system, and | D1: D9, Page 15, lines 12-23, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16. | |
| a buffer in communication with the controller for receiving arranged audio from the controller, the improvement comprising: | D1: D9, Page 10, line 13 – Page 11, line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, page 2; D10, Page 9. | |
| a digital audio tape drive unit in | D1: D9, Page 10, line 13 – Page 11, | It would have been obvious to one of |

U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| communication with the buffer for receiving arranged audio data from the buffer, | line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, Page 2; D10, Page 17.<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41, Col. 3, lines 31-47, Col. 7, lines 26-33.<br><br>D14: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D12: D13, Page 11, lines 18-21 | ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 with the system of D11 to store the same type of data in the DRAM and the recorder unit and to obtain a duplicate recording that requires less hardware.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data. |
| a random access storage device, and | D1: D4, NSDE008308, D9, Page 14, lines 9-25; D10, Page 17.<br><br>D11: Col. 2, lines 32-36, Col. 17, lines 18-54.<br><br>D14: Col. 3, lines 17-27, Col. 2, lines 47-54.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | |
| a pair of pointers providing communication between said buffer and random storage device,<br>the first of said pointers operative for transmitting audio data to said random access storage device from said buffer and the second of said pointers being operative to send audio data from said random access storage device to said controller. | D1: D9, Page 15, lines 12-23, Page 16, lines 8-19, Page 19, line 20 – Page 22, line 13; D3, Pages 2-3.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D19: Col. 2, line 62 – Col. 3, line 21, Col. 4, lines 11-33. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 with the system of D11 and/or D12 and/or D14 to retrieve data efficiently and precisely while operating with a single buffer. |
| 6. The system of claim 5 further including a speaker in communication with said controller for playing audio | D1: D2; D3, Page 3, Page 7; D9, Page 10, line 13 – Page 11, line 2, D10, Page 18. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. |

U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| retrieved from said random access storage device. | D11. Col. 2, lines 29-49, Col. 3, lines 53-55. | §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D16.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D16.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 with the random access storage device of D1 and/or D14 to retrieve data efficiently and precisely while operating with a single buffer. |
| 7. The system of claim 6 wherein said random access storage device has a primary partition for storing recorded audio data and a secondary partition for storing means for locating selected audio data stored on said primary partition, said second pointer being alternately in communication with said first partition and said second partition. | D1; D9, Page 15, lines 1-8, lines 12-23, Page 19, line 17 – Page 20, line 14 D9, Page 18, line 25 – Page 19, line 15, Page 16, lines 8-19; D10, Pages 12-14.<br><br>D11. Col. 2, lines 29-49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>§103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15 and/or D16.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the partitioned random access device of D15 and/or D1 and/or D14 with the system of D11 to retrieve data efficiently and precisely while operating with a single buffer.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 and/or D1 and/or D14 with the system of D11 to retrieve data efficiently and precisely while operating with a single buffer. |
| 8. An audio data storage device, comprising: | D1; D3, Page 3.<br><br>D15. Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D16. |
| a random access storage device having a primary partition for | D1; D5, Page 1; D2, Page 1; D3, Page 3; D8, Page 1; D9, Page 46, lines 2-20, | It would have been obvious to incorporate the index table of D15 |

U.S. Pat. No. 5,396,371 Invalidity Chart

| '371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| storing audio data and a secondary partition for storing means for locating data on said primary partition and | Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15, Page 15, lines 1-8; D10, Pages 12-13<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 2, lines 47-54.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | and/or D16 with the system of D11 and/or D12 and/or D14 to store and retrieve data more precisely. |
| a pair of pointers in communication with said random access memory, a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device. | D1: D9, Page 15, lines 12-23, Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15; D10, Pages 12-13, Pages 15-16.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D19: Col. 2, line 62 – Col. 3, line 21, Col. 4, lines 11-33. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 with the system of D11 and/or D12 and/or D14 to retrieve data efficiently and precisely while operating with a single buffer. |

# 13

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1: Sale of Eyretel e1000, sold in the U.S. as of at least October, 1992. See 30(b)(6) Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143.<br><br>D2: e1000 Circuit Diagrams (illustrating the hardware of the D1 sale).(WSNSDE0013861-94)<br><br>D3: "E1000/E500 Recorder: Engineer Familiarisation" (illustrating the hardware of the D1 sale.)( WSNSDE0015161-98)<br><br>D4: U.S. Patent No. 5,724,738, to Daly et al., filed on December 31, 1991. (WSNSDE0008620-5)<br><br>D5: "Digital Audio Tape For Data Storage", IEEE Spectrum, October, 1989. (WSNSDE0010785-9) | |
| 1. A modular digital recording logger, comprising: | D1; D2 and D3.<br><br>D4: Col. 1, lines 28-58, | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1 (evidenced by D1-D3).<br><br>Claim 1 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| a housing; | D1; D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32. | |
| at least two circuit modules in said housing for converting analog voice signals to digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, each of said terminals being capable of receiving said analog voice signals for recording a two-way conversation; | D1; D2, and D3 Pages 2-5.<br><br>D4: Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6. | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules | D1; D2, and D3 Page 6.<br><br>D4: Col. 2, line 65 -- Col. 3, line 2. | |

U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| to provide compressed voice data; | | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit; | D1: D2, and D3 Pages 2-7. <br><br> D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | D1: D2, and D3 Pages 2-7. <br><br> D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |
| a digital audio tape (DAT) drive for storing said compressed voice data. | D1: D2 and D3 Pages 2, 6-7, and 13-15. <br><br> D5: Entire Article. | The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer of D4, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for the purpose of backup storage and archiving of digital data. <br><br> D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |
| 2. The modular digital recording logger of claim 1, further including a clock in communication with said computer. | D1: D2 and D3. <br><br> D4: Col. 2, lines 15-19. | Claim 2 is invalid under 35 U.S.C. §102(b) as anticipated by D1. <br><br> Claim 2 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. |
| 3. The modular digital recording logger of claim 1, further including a speaker in communication with at least one circuit module. | D1: D2 and D3 Pages 8-9. | Claim 3 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |
| 4. The modular digital | D1: D2, D3 pages 2, 11-16. | Claim 4 is invalid under 35 U.S.C. |

U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| recording logger of claim 1, further comprising a hard disk drive in said housing for storing and reproducing said compressed voice data. | D4: Col. 2, lines 15-19; Col. 1, lines 55-58. | §102(b) as anticipated by D1.<br><br>Claim 4 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 1. |
| 5. The modular digital recording logger of claim 4, further comprising: a computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals; and | D1: D2 and D3 Pages 2, 6-7, and 11-15. | Claim 5 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 5 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive. | D1: D2 and D3 Pages 2, 6-7, and 11-15. | One or more buses may be added to D4 to communicate with the DAT in addition to the hard disk drive, which is a matter of design choice. It would have been obvious to one of ordinary skill in the art to use a single bus to reduce the number of communication channels required to supply digital data to the DAT and hard disk, as in D1. |
| 6. The modular digital recording logger of claim 1, wherein said first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| 7. The modular digital recording logger of claim 1, wherein said second bus is a small computer system interface (SCSI) bus and further comprising a SCSI adapter for connecting said computer to said SCSI bus. | D1: D2, and D3 Pages 2-7. | Claim 7 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 7 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| 8. The modular digital recording logger of claim 1, wherein said compressing circuit is a processor. | D1: D2, and D3 Pages 2-7.<br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | Claim 8 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 8 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| 10. The modular digital | D1: D2, and D3 Pages 2-7. | Claim 10 is invalid under 35 U.S.C. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| recording logger of claim 7, further including a random access memory (RAM) for storing said compressed voice data before it is transmitted to the SCSI adapter. | | §102(b) as anticipated by D1.<br><br>Claim 10 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| 11. A network system of modular digital recording loggers, comprising: | D1: D2, and D3 Pages 2, 17. | Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 11 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| at least two digital recording loggers for logging voice conversations, each of said recording loggers comprising: | D1: D2, and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access to stored digital voice signals on remote computers or devices, as in D1. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32. | |
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | D1: D2, and D3 Pages 2-5.<br><br>D4: FIG. 1; Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6. | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65 – Col. 3, line 2. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |
| a digital audio tape (DAT) drive for storing said compressed voice data, | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article. | D1 teaches a DAT drive for use in the system of D4. The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for backup storage and archiving digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |
| a hard disk drive in said housing for storing and reproducing said compressed voice data, | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58. | |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | D1: D2 and D3 Pages 2, 6-7, and 11-15. | |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | D1: D2 and D3 Pages 2, 6-7, and 11-15. | One or more buses may be added to D4 to communicate with the DAT in addition to the hard disk drive, which is a matter of design choice. It would have been obvious to one of ordinary skill in the art to use a single bus to reduce the number of communication channels required to supply digital data to the DAT and hard disk, as in |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | D1. |
| a second computer for processing compressed digital voice signals received from each of said recording loggers; and | D1: D2 and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, and to permit computer access to stored digital voice signals, to permit remote access of digital voice signals from a single location. |
| a third bus connecting each of said recording loggers to said second computer. | D1: D2 and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, and to permit computer access to stored digital voice signals, to permit remote access of digital voice signals from a single location. |
| 12. The network system of claim 11, further comprising a clock in communication with said first computer. | D1: D2 and D3.<br><br>D4: Col. 2, lines 15-19. | Claim 12 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 12 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| 13. The network system of claim 11, wherein said third bus is a local area network (LAN) bus. | D1: D2, D3 Pages 2, 12-17. | Claim 13 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN would have been obvious to one of ordinary skill in the art as a matter of design choice. |
| 14. The network system of claim 13, wherein said second computer and each of said recording loggers further include a LAN adapter for providing connection to said LAN bus. | D1: D2, D3 Pages 2, 12-17. | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN would have been obvious to one of ordinary skill in the art as a matter of design choice. |
| 15. The network system of | D1: D2, and D3 Pages 2-7. | Claim 15 is invalid under 35 U.S.C. |

U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| claim 11, wherein said first bus is a time division multiplexed (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D4: FIG. 1, Col, 2, line 58 to Col. 3, line 8. | §102(b) as anticipated by D1.<br><br>Claim 15 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 11. |
| 16. The network system of claim 11, wherein said second bus is a small computer system interface (SCSI) bus and further comprising a SCSI adapter for connecting said first computer to said SCSI bus. | D1: D2, and D3 Pages 2-7.<br><br>D4: Col. 2, lines 18-57. | Claim 16 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 16 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 11. Additionally, one or more buses may have been used to communicate with the hard disk drive and DAT, the type of which is an obvious design choice to one of ordinary skill in the art. |
| 17. The network system of claim 16, further comprising a random access memory (RAM) for storing said compressed voice data before it is transmitted to the SCSI adapter. | D1: D2, and D3 Pages 2-7.<br><br>D4:  Col. 2, lines 18-57. | Claim 17 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 17 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 11. |
| 18. The network system of claim 11, wherein said compressing circuit is a processor. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1, Col, 2, line 58 to Col. 3, line 8. | Claim 18 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 18 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 11. |
| 20. The network system of claim 11, wherein said second computer is a workstation. | D1: D2, and D3 Pages 2, 17. | Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 20 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders. |
| 21. The network system of | D1: D2, and D3 Pages 2, 17. | Claim 21 is invalid under 35 U.S.C. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| claim 11, further comprising a speaker in communication with said second computer for reproducing said analog voice signals. | | §102(b) as anticipated by D1.<br><br>Claim 21 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders. |
| 22. A method of manufacturing a modular digital recording logger, comprising the steps of: | D1: D2 and D3.<br><br>D4: Col. 1, lines 28-58. | Claim 22 is invalid under 35 U.S.C. §102(b) as anticipated by D1 (evidenced by D1-D3).<br><br>Claim 22 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| selecting a number of circuit modules for converting analog voice signals to and from digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation; | D1: D2, and D3 Pages 2-5.<br><br>D4: FIG. 1; Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6. | |
| installing said selected number of said circuit modules in a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32. | |
| installing a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65 – Col. 3, line 2. | |
| installing a first bus in said housing for providing communication between said circuit module and said | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |

U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| compressing circuit; | | |
| installing a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |
| installing a digital audio tape (DAT) drive in said housing for storing and reproducing said compressed voice data. | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article. | The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer of D4, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for the purpose of backup storage and archiving of digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |
| 23. The method of claim 22, further comprising the steps of connecting to said comprising circuit a hard disk drive for storing and reproducing said compressed voice data. | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19 ; Col. 1, lines 55-58. | Claim 23 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 23 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 22. |
| 24. A method of networking a plurality of digital recording loggers, comprising the step of: | D1: D2, and D3 Pages 2, 17. | Claim 24 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 24 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| selecting a number of modular digital recording loggers for logging voice conversations, each of said recording loggers comprising: | D1: D2, and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access to stored digital voice signals on remote |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | devices, as in D1. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32. | |
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit including a plurality of terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | D1: D2, and D3 Pages 2-5.<br><br>D4: FIG. 1; Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6. | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65 – Col. 3, line 2. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |
| a multiplexer circuit in said housing for providing communication between said processor and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |
| a digital audio tape (DAT) drive for storing and reproducing said compressed voice data, | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article. | D1 teaches a DAT drive for use in the system of D4. The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | backup storage and archiving digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |
| a hard disk drive for storing and reproducing said compressed voice data, | D1: D2, and D3 Pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58. | |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | D1: D2 and D3 Pages 2, 6-7, and 11-15. | |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | D1: D2 and D3 Pages 2, 6-7, and 11-15. | One or more buses may be added to D4 to communicate with the DAT in addition to the hard disk drive, which is a matter of design choice. It would have been obvious to one of ordinary skill in the art to use a single bus to reduce the number of communication channels required to supply digital data to the DAT and hard disk, as in D1. |
| installing said selected number of said recording loggers; | D1: D2, and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access to stored digital voice signals on remote devices, as in D1. |
| installing a second computer for processing compressed digital voice signals received from each of said recording loggers; and | D1: D2 and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, and to permit computer access to stored digital voice signals, to permit remote access of digital voice signals from a single location. |
| installing a third bus connecting each of said recording loggers to said | D1: D2 and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing |

- 11 -

## U.S. Pat. No. 5,819,005 Invalidity Chart

| '005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| second computer. | | systems of D4 with one or more buses, as in D1, and to permit computer access to stored digital voice signals, to permit remote access of digital voice signals from a single location. |
| 25. The method of claim 24, wherein said third bus is a local area network (LAN) bus. | D1: D2, D3 Pages 2, 12-17. | Claim 25 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN, would have been obvious to one of ordinary skill in the art as a matter of design choice. |
| 26. The method of claim 25, wherein said second computer and each of said recording loggers further include a LAN adapter for providing connection to said LAN bus. | D1: D2, D3 Pages 2, 12-17. | Claim 26 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN, would have been obvious to one of ordinary skill in the art as a matter of design choice. |

**14**

## U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art References(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor. | |
| | D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers. | |
| | D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996.(WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences. | |
| | D4: U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls. | |

- 1 -

U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1. A system for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references. |
| (a) a first memory having one or more locations storing audio data regarding telephone call segments relating to one or more telephone calls; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |

- 2 -

U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) a second memory having one or more locations storing data regarding telephony events associated with the telephone call segments; and | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (c) a processor programmed to identify telephone call segments that relate to one telephone call] | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| and to construct a data representation of a lifetime of the telephone call, using data regarding telephony events associated with the telephone call segments of the telephone call, wherein said data representation comprises (i) a list of participants in the telephone call, (ii) a list of telephony events regarding the call, (iii) a list containing the time each telephony event occurred, (iv) the start and end time of the call, and (v) the start time, end time, and duration of each telephone call segment. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |

- 3 -

U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 2. A system for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) a first memory having one or more locations storing audio data regarding telephone call segments relating to one or more telephone calls; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (b) a second memory having one or more locations storing data regarding telephony events associated with the telephone call segments; and | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |
| (c) a processor programmed to identify telephone call segments that relate to one telephone call | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| and to construct a data representation of a lifetime of the telephone call, using data regarding telephony events associated with the telephone call segments of the telephone call, wherein the data representation comprises, for each segment of the call, the location of the stored audio data of the segment and the start time, end time, and duration of each telephone call segment. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 3. A system for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) a first memory having one or more locations storing audio data regarding telephone call segments relating to one or more telephone calls; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (b) a second memory having one or more locations storing data regarding telephony events associated with the telephone call segments, said data regarding telephony events being received from a plurality of sources connected to a telephone switching environment, and wherein at least one of the sources is a real time link and at least one of the sources is not a real time link; and | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52; col. 7, ll. 7-53.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

- 5 -

U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) a processor programmed to identify telephone call segments that relate to one telephone call | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| and to construct a data representation of a lifetime of the telephone call, using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 4. The system of claim 3 wherein at least one of the sources connected to a telephone switching environment is a CTI link and at least one of the sources is an SMDR link. | D1, col. 3 ln. 7 – col. 4 ln. 36.<br><br>D3, col. 3, ll. 29-43.<br><br>D4, col. 3, ll. 11-28. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 5. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66; col. 4 ln. 66 – col. 5 ln. 13. | |
| and data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call, wherein the data representation comprises (i) a list of participants in the telephone call, (ii) a list of telephony events regarding the call, (iii) a list containing the time each telephony event occurred, (iv) the start and end time of the call, and (v) the start time, end time, and duration of each telephone call segment. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4, ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 6. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66; col. 4 ln. 66 – col. 5 ln. 13. | |
| and data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

-9-

U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call, wherein said data representation comprises, for each segment of the call, the location of the stored audio data of that segment and the start time, end time, and duration of that segment. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 7. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| and data regarding telephony events associated with said telephone call segments, wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment, wherein at least one of the sources is a real time link and at least one of the sources is not a real time link; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63, col. 7, ll. 7-53.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

- 11 -

## U.S. Pat. No. 6,249,570 Invalidity Chart

| '570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 8. The method of claim 7 wherein at least one of the sources connected to a telephone switching environment is a CTI link and at least one of the sources connected to a telephone switching environment is an SMDR link. | D1, col. 3 ln. 7 – col. 4 ln. 36.<br><br>D3, col. 3, ll. 29-43.<br><br>D4, col. 3, ll. 11-28. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

**15**

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor. | |
| | D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers. | |
| | D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996. (WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences. | |
| | D4: U.S. Patent No. 5,982,857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls. | |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1. A system for recording information regarding telephone calls with three or more participants and comprising one or more telephone call segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references. |
| (a) a first memory having one or more locations storing audio data of telephone call segments. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 10-66. | |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) a second memory having one or more locations storing data regarding telephony events associated with the telephone call segments; and | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (c) a processor programmed to: (i) identify telephone call segments that relate to the same telephone call and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided above. |
| (ii) construct a data representation of lifetimes of the telephone calls that have three or more participants, wherein said data representations are constructed using data regarding telephony events associated with the telephone call segments. | D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided above. |
| 2. The system of claim 1 wherein the data representation of each telephone call comprises (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

-3-

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 3. The system of claim 1 wherein the data representation of each telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | D3, col. 4, ll. 35-52; col. 5, ln. 30 ~ col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 ~ col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 4. The system of claim 1 wherein the first memory and the second memory are the same. | D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 5. The system of claim 1 wherein the processor is comprised of a plurality of physically separated components. | D2, col. 5, ll. 6-32.<br><br>D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 6. The system of claim 3 wherein the location of the stored audio data of each segment comprises a location of a .WAV file containing the audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 7. The system of claim 6 wherein the data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 8. The system of claim 1 wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 9. The system of claim 1 further comprising display software that uses said data representation to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 10. The system of claim 2 further comprising display software that uses a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 11. The system of claim 10 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A; 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 12. The system of claim 10 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 13. The system of claim 9 wherein the display software further displays a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 14. A method for recording information regarding telephone calls with three or more participants and comprising one or more participants and comprising one or more telephone call segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (b) receiving data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ll. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (c) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (d) storing the received data regarding telephone events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) identifying telephone call segments that relate to the same telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (f) constructing data representations of lifetimes of telephone calls, wherein said data representations are constructed using data regarding telephony events associated with telephone call segments. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

- 8 -

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 15. The method of claim 14 wherein each data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 16. The method of claim 14 wherein each data representation of a telephone call comprises, for each segment of the call, a location of stored audio data if that segment. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 17. The method of claim 14 wherein the received audio data and the data regarding telephony events are stored in the same memory. | D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 18. The method of claim 14 wherein each data representation is constructed by a plurality of physically separated processors. | D2, col. 5, ll. 6-32.<br><br>D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 19. The method of claim 16 wherein the location of the stored audio data of each segment comprises a location of a .WAV file containing the audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 20. The method of claim 19 wherein a data representation further comprises an offset within the .WAV file to start of the stored audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 21. The method of claim 14 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 22. The method of claim 14 further comprising the step of using a data representation of a telephone call to display a graphical representation of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 23. The method of claim 15 further comprising the step of using said data representation of a telephone call to display a graphical representation of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 24. The method of claim 23 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 25. The method of claim 23 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 26. The method of claim 22 further comprising the step of displaying a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 27. A system for recording information regarding telephone calls comprising one or more telephone call segments, wherein said calls comprise calls wherein at least one participant participates in a plurality of segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) a first memory having one or more locations storing audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (b) a second memory having one or more locations storing data regarding telephony events associated with telephone call segments; and | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (c) a processor programmed to: (i) identify telephone call segments that relate to the same telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

- 14 -

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (ii) identify multiple call segments that have the same participant; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |
| (iii) construct data representations of lifetimes of telephone calls using data regarding telephony events associated with telephone call segments. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 28. The system of claim 27 wherein a data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 29. The system of claim 27 wherein each data representation of a telephone call comprises, for each segment of the call, a location of the stored audio data of that segment. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 30. The system of claim 27 wherein the first memory and the second memory are the same. | D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

- 16 -

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 31. The system of claim 27 wherein the processor is comprised of a plurality of physically separated components. | D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 32. The system of claim 29 wherein the location of the stored audio data of each segment comprises a location of a .WAV file containing the audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4, ll. 53-63.<br><br>D4, col. 4, ln. 16 – col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 33. The system of claim 32 wherein a data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3..<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 34. The system of claim 27 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 5, ll. 6-32.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 35. The system of claim 27 further comprising display software that uses a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 36. The system of claim 28 further comprising display software that uses a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 37. The system of claim 36 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

- 19 -

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 38. The system of claim 36 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 39. The system of claim 35 wherein the display software further displays a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 40. A method for recording information regarding telephone calls comprising one or more telephone call segments, wherein said calls comprise calls wherein at least one participant participates in a plurality of segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col., 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| and data regarding telephone events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) identifying telephone call segments that relate to one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) identifying multiple call segments that have the same participant; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (f) constructing data representations of lifetimes of telephone calls, wherein each data representation of a telephone call is constructed using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 41. The method of claim 40 wherein a data representation of a telephone call comprises: (i) a list of participants in the telephone call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 42. The method of claim 40 wherein a data representation of a telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 43. The method of claim 40 wherein the received audio data and the data regarding telephony events is stored in the same memory. | D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 44. The method of claim 40 wherein a data representation of a telephone call is constructed by a plurality of physically separated processors. | D2, col. 5, ll. 6-32.<br><br>D3, Fig. 1.<br><br>D4, Fig. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 45. The method of claim 42 wherein a location of stored audio data of each segment comprises the location of a .WAV file containing the audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 46. The method of claim 45 wherein a data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 47. The method of claim 40 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 48. The method of claim 40 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 49. The method of claim 41 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,728,345 Invalidity Chart

| '345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 50. The method of claim 49 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 51. The method of claim 49 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 52. The method of claim 48 further comprising the step of displaying a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

**16**

## U.S. Pat. No. 6,775,372 Invalidity Chart

| '372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1:  Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998.<br><br>D2: "Blue Cross Blue Shield User Guide" (illustrating hardware of D1 sale) (WSNSDE0012983-92)<br><br>D3: "Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design" (illustrating hardware of D1 sale) (WSNSDE0012967-82)<br><br>D4: "Tracking Agent Id through Inter-Site Call Transfers" (illustrating hardware of D1 sale)(WSNSDE0012993-4)<br><br>D5: "Blue Cross Blue Shield System Diagrams" (illustrating hardware of D1 sale)(WSNSDE0013084-7;WSNSDE0013177-83)<br><br>D6: e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94)<br><br>D7: "E1000/E500 Recorder: Engineer Familiarisation" (illustrating the hardware of the D1 sale.) (WSNSDE0015161-98)<br><br>D8: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998. (WSNSDE0000874-94) ✓ | |
| 1. A multi-stage data logging system comprising: | D1; D3, pg. 5; D5. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | D1; D3, pgs. 5-6; D5.<br><br>D8: paras. 46 to 48. | |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality of communication channels; | D1; D3, pgs. 5-7, and 16; D4, pgs. 3-5; D5; D6; D7.<br><br>D8: paras. 34, 38, 39, 43, 58, 71-75, and 78. | |

U.S. Pat. No. 6,775,372 Invalidity Chart

| '372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| c) a distribution stage providing access to data logged in the recorder stage; | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42. | |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 46-48. | |
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 30-33. | |
| 6. The data logging system of claim 1 wherein the telecom stage provides time stamping of the received input. | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 35, 99. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 8. The data logging system of claim 1 wherein the recorder stage comprises a controller for directing and monitoring recorder stage operations, and each recorder comprises: | D1: D3, Page 5; D5; D6; D7.<br><br>D8: para. 34, 38, 39, 43, 58, and 71-75. | Claim 8 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 8 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| b1) a first interface receiving data from the telecom stage; | D1: D6, and D7 pgs. 2-5.<br><br>D8: para. 34, 38, 39, 43, 58, and 71-75. | |
| b2) a buffer for transitional data storage; | D1: D6, and D7 pgs. 2-6, 11-19.<br><br>D8: para. 34, 38, 39, 43, 58, and 71-75. | |
| b3) a random access storage device for data storage; and b4) a second interface for transmitting stored data to the distribution stage. | D1: D6, and D7 pgs. 2, 5-7, 12, and 16-18.<br><br>D8: para. 34, 38, 39, 43, 58, and 71-75. | |
| 9. The data logging system of claim 8 wherein the recorder stage still further comprises an archive storage device for archiving data. | D1: D6, and D7 pgs. 2, 13-18.<br><br>D8: para. 34, 38, 39, 43, 58, and 71-75. | Claim 9 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 9 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 12. The data logging system | | Claim 12 is invalid under 35 U.S.C. |

- 2 -

## U.S. Pat. No. 6,775,372 Invalidity Chart

| '372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| of claim 9 wherein said archive storage device is a RAID array. | | §102(b) as obvious over D1.<br><br>Claim 12 is invalid under 35 U.S.C. §102(b) as obvious over D8.<br><br>It would have been obvious to one of ordinary skill in the art to replace a hard disk drive, as in D1, with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance.<br><br>It would have been obvious to one of ordinary skill in the art to replace a hard disk drive, as in D8, with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance. |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 14 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| c1) a first interface receiving data from the recorder stage; | D1: D3, Page 5; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| c2) a controller for directing and monitoring distribution stage operations; | D1: D2, pgs. 3-4, 7; D3, pgs. 5-7; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| c3) a buffer for transitional data storage; and | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| c4) a second interface for distributing data to one or more output channels. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| 15. The data logging system of claim 1 wherein the distribution stage comprises an archive storage device for archiving data. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | | Claim 17 is invalid under 35 U.S.C. §102(b) as obvious over D1.<br><br>It would have been obvious to one of ordinary skill in the art to replace a |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| '372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | hard disk drive, as in D1, with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance. |
| 19. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 19 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| 20. The data logging system of claim 19 wherein said computer is connected to said one or more remote server computers via a local area network. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31-33, 44. | Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 20 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 21. The data logging system of claim 19 wherein said computer is connected to said one or more remote server computers via an Internet protocol (I/P) network. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 30, 31, 40-45, 90-94, 108, 109. | Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1.<br><br>Claim 21 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>An Ethernet connects the computer to one or more remote servers. It is well known to those of ordinary skill in the art that Ethernets, as in D1, are capable of implementing an Internet protocol network. Using an Internet Protocol network to connect computers is obvious to those of ordinary skill in the art and is commonly used for addressing and communicating between computers. |
| 23. The data logging system of claim 1 wherein at least one of said first and second interfaces is network-based. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 30, 31, 40-45, 90-94, 108, 109. | Claim 23 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 23 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 32. The data logging system of claim 1, wherein the | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |

U.S. Pat. No. 6,775,372 Invalidity Chart

| '372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| distribution stage is implemented as a network server. | D8: para. 40-42. | Claim 32 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 33. The data logging system of claim 32, wherein the network server is a Web server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.  D8: para. 40-42. | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 in view of D8.  Claim 33 is invalid under 35 U.S.C. §102(e) as anticipated by D8.  D8 discloses a call center with call recording capabilities, where the call center is accessible via a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, from web-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network. |
| 34. The data logging system of claim 32, wherein the network server is a file server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.  D8: para. 40-42. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D1.  Claim 34 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 35. The data logging system of claim 33, wherein users can access the Web server through a browser. | D8: para. 39-42. | Claim 35 is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D8.  Claim 35 is invalid under 35 U.S.C. §102(e) as anticipated by D8.  D8 discloses a call center with call recording capabilities, where the call center is accessible via a web server and a browser. It would have been obvious to one of ordinary skill in the art to incorporate browser-based access in D1 because a web server, as in D1, communicates with a browser. |
| 43. A data logger, comprising: | | Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D1.  Claim 43 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| a telecommunication device receiving input from a | D1: D6, and D7 Pages 2-5. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| '372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| plurality of communication channels; | D8: paras. 46 to 48. | |
| a processor converting the received input to one or more data formats; | D1; D6, and D7 Pages 2-5.<br><br>D8: paras. 47 to 52. | |
| a memory for logging information about the received input, the information comprising data converted to at least one data format; | D1; D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 34-35, 38, 78, and 99. | |
| a communication path to a communications network; and | D1; D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42. | |
| a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user. | D1; D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42. | |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | D1; D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via the Internet, a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, from Internet-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer network. |

17

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor. |  |
|  | D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers. |  |
|  | D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996. (WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences. |  |
|  | D4: U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls. |  |

- 1 -

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the method comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) constructing a call record for at least one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (b) receiving data regarding telephony events associated with one or more telephone calls; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (c) matching a received telephony event with a constructed call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) updating the matching call record based on the received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (e) combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| 2. The method of claim 1 wherein the step of updating the matching call record comprises invoking one or more handler routines corresponding to the telephony event. | D4, col. 3 ln. 65 – col. 4 ln. 15. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 3. The method of claim 1 further comprising the step of translating the data regarding telephony events into a platform specific format. | D1, col. 2, ll. 35-45; col. 4, ln. 18 – col. 5, ln. 50. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 4. The method of claim 1 wherein in step (c) a confidence factor algorithm is used to determine whether a match has been found. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 5. The method of claim 1 wherein the master call record comprises a serial number that identifies the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 6. The method of claim 1 wherein the call record is updated with data fields describing each participant of the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 1, ll. 52 – col. 2, ln. 15; col. 5, ll. 4-14; col. 5, ln. 57 – col. 6, ln. 6.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 7. The method of claim 5 wherein the call record is updated with data fields describing each participant of the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15; ll. 27-60.<br><br>D3, col. I, ln. 52 – col. 2, ln. 15; col. 5, ll. 4-14; col. 5, ln. 57 – col. 6, ln. 6.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 8. The method of claim 1 further comprising the step of assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call. | D3, col. 5, ln. 30 – col. 11, ln. 22.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 9. The method of claim 1 further comprising the step of using the master call record to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 10. The method of claim 3 further comprising the step of using the master call record to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 11. The method of claim 9 wherein the graphical representation comprises a representation of each segment of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 12. The method of claim 9 further comprising the step of displaying a table comprising data from the master call record. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 13. A computer program for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the computer program comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) software for constructing a call record at least one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) software for receiving data regarding telephony events associated with one or more telephone calls; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (c) software for matching a received telephony event with a constructed call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) software for updating the matching call record based on the received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) software for combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call; | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 14. The program of claim 13 wherein software for updating the matching call record comprises one or more handler routines corresponding to the telephony event. | D4, col. 3 ln. 65 – col. 4 ln. 15. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 15. The program of claim 13 further comprising software for translating the data regarding telephony events into a platform specific format. | D1, col. 2, ll. 35-45; col. 4, ln. 18 – col. 5, ln. 50. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 16. The program of claim 13 wherein the software for matching a received telephony event with a call record uses a confidence factor algorithm. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 17. The program of claim 13 wherein the master call record comprises a serial number that identifies the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 18. The program of claim 13 wherein the call record is updated with data fields describing each participant of the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 1, ln. 52 – col. 2, ln. 15; col. 5, ll. 4-14; col. 5, ln. 57 – col. 6, ln. 6.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 19. The program of claim 13 further comprising software for assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call. | D3, col. 5, ln. 30 – col. 11, ln. 22.<br><br>D4, col. 5 ll. 14-33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 20. The program of claim 13 further comprising software that uses the master call record to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>Combine D1 or D2 with D3 or D4. |

- 11 -

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 21. The program of claim 19 further comprising software that uses the master call record to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 22. The program of claim 20 wherein the graphical representation comprises a representation of each segment of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 23. The program of claim 19 further comprising software for displaying a table comprising data from the master call record. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 24. An article of manufacture storing a computer program for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the computer program comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) software for constructing a call record for at least one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (b) software for receiving data regarding telephony events associated with one or more telephone calls; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

- 13 -

U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) software for matching a received telephony event with a constructed call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) software for updating the matching call record based on the received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) software for combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| 25. The article of claim 24 wherein software for updating the matching call record comprises one of more handler routines corresponding to the telephony event. | D4, col. 3 ln. 65 – col. 4 ln. 15. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 26. The article of claim 24 wherein the computer program further comprises software for translating the data regarding telephony events into a platform specific format. | D1, col. 2, ll. 35-45; col. 4, ln. 18 – col. 5, ln. 50. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| 27. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, audio data for each segment being recorded on one or more recorders, the method comprising the steps of: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) constructing a call record for a telephone call comprising two or more segments; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |

- 15 -

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) receiving data regarding one or more telephony events associated with the telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (c) matching said one or more received telephony events with said call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) updating said call record based on said received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 28. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, the method comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |
| (a) constructing a call record for a telephone call comprising two or more segments, wherein at least one participant in said call participates in two or more of said segments; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |
| (b) receiving data regarding one or more telephony events associated with the telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

- 17 -

## U.S. Pat. No. 6,785,370 Invalidity Chart

| '370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) matching said one or more received telephony events with said call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) updating said call record based on said received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |

**18**

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | D1: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998.(WSNSDE0000874-94) <br><br> D2: PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997.(WSNSDE0008433-77) <br><br> D3: U.S. Patent No. 5,668,863 to Bieslin, filed April 26, 1996, claiming priority to U.S. Application Serial No. 08/509,390, filed June 31, 1995.(WSNSDE0005185-5222) |  |
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | D1: Page 2, Para. 30; Page 2, para. 17. <br><br> D2: Page 5, lines 11-12; Page 7, lines 10-20. <br><br> D3: Col. 3, line 56 – Col. 4, line 10; Col. 10, lines 8-14; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1. <br><br> This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2. <br><br> This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3. <br><br> This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2. |
| at a Web server having access to said at least one digital logger, | D1: Page 2, para. 17. <br><br> D2: Page 5, lines 11-12. <br><br> D3: Col. 10, lines 8-14; Col. 3, line 56 - Col. 4, line 22; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate the digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. <br><br> This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2. It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| receiving a request for retrieval of stored data from a client; | D1: Page 10, claim 25. <br><br> D2: Page 20, lines 28-29. |  |

- 1 -

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D3: Col. 11, lines 18-22. | |
| retrieving stored data in accordance with the received request; | D1: Page 1, para. 40, 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| and transferring the retrieved data to the client. | D1: Page 1, para. 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| 2. The method of This claim wherein the step of retrieving stored data comprises accessing a record of an input channel made by said at least one digital logger. | D1: Page 1, para. 13.<br><br>D2: Page 21, lines 23-25; Page 21, lines 30 - Page 22, line 1.<br><br>D3: Abstract; Col. 4, lines 37-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | D1: Page 2, para. 35.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 6. The method of This claim wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | D1:  Page 8, para. 103; Page 8, para. 99.<br><br>D2:  Page 21, lines 23-25.<br><br>D3:  Col. 3, lines 59-64. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art including the archived data at the Web server of D2 and/or D3 to have a backup archive for important recordings.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate |

U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 7. A method for accessing information in a digital logging system storing data associated with input from a plurality of communication channels, comprising: | D1: Page 2, Para. 30; Page 2, para. 17.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 3, line 56 – Col. 4, line 10; Col. 10, lines 8-14; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 .<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . |
| receiving an information request from a user at a network server having access to a plurality of data records created by the logging system, the records corresponding to data transmitted over a communication channel; | D1: abstract; Page 2, para. 17.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 10, lines 8-14; Col. 3, line 56 – Col. 4, line 22; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 .  It would have been obvious to one of ordinary skill in the art to incorporate multiple records corresponding to data transmitted over a communication channel to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 .  It would have been obvious to one of ordinary skill in the art to incorporate multiple records corresponding to data transmitted over a communication channel to make recordings available to more clients across a greater geographical area. |
| providing to the user a description of services offered by the network server; | D1: Page 2, para. 35.<br><br>D2: Page 20, line 24; Figure 3.<br><br>D3: Col. 9, lines 2-5; Figure 9A, Col. 10, lines 15-16. | |
| receiving at the network server an indication of a service | D1: Page 1, para. 16. | |

- 4 -

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| selected by the user; | D2: Page 20, lines 24-31.<br><br>D3: Col. 9, line 66 - Col. 10, line 2. | |
| running at the network server of a software routine causing the server to elicit from the user one or more of the following: user information, user ID, authorization level, password and payment information; | D1: Page 1, para. 1.<br><br>D2: Page 11, lines 4-7.<br><br>D3: Col. 9, line 66 - Col. 10, line 14. | |
| in response to the elicited user data providing access to one or more stored records created by the logging system. | D1: Page 9, para. 112.<br><br>D2: Page 11, lines 4-7.<br><br>D3: Col. 9, line 66 - Col. 10, line 14. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate multiple records corresponding to data transmitted over a communication channel to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate multiple records corresponding to data transmitted over a communication channel to make recordings available to more clients across a greater geographical area. |
| 9. The method of claim 7, wherein the network server is a Web server. | D1: Page 2, para. 17.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 3, lines 31-35. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server of D1 and/or D2 make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It |

U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | would have been obvious to one of ordinary skill in the art to incorporate multiple records corresponding to data transmitted over a communication channel to make recordings available to more clients across a greater geographical area. |
| 10. The method of claim 9, wherein the user and the Web server communicate through a web browser. | D1: Page 1, para. 15.<br><br>D2: Page 6, lines 8-10.<br><br>D3: Col. 9, line 66 – Col. 10, lines 2. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web browser of D1 and/or D2 make recordings available to more clients across a greater geographical area and to make recordings more easily accessible. |
| 15. The method of claim 7, wherein at least some data records created by the logging system are archived at the network server. | D1: Page 8, para. 103; Page 8, para. 99.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Figure 2. Col. 3, lines 59-64. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art including the archived data at the Web server of D2 and/or D3 to have a backup archive for important recordings.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | D1: Page 2, Para. 30; Page 2, para. 17.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 3, line 56 – Col. 4, line 10; Col. 10, lines 8-14; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2. |
| at a Web server having access to said information stored by at least one digital logger over a communications network, | D1: Page 2, para. 17.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 10, lines 8-14; Col. 3, line 56 - Col. 4, line 22; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3. It would have been obvious to one of ordinary skill in the art to incorporate the digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2. It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| receiving a request for retrieval of stored data from a user; | D1: Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 11, lines 18-22. | |

- 7 -

U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| retrieving said stored data from said information in accordance with the received request; | D1: Page 1, para. 40, 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| and transferring the retrieved data to the client. | D1: Page 1, para. 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| 17. The method of This claim6 wherein the step of retrieving stored data comprises accessing a record of a communication channel made by said at least one digital logger. | D1: Page 1, para. 13.<br><br>D2: Page 21, lines 23-25; Page 21, line 30 - Page 22, line 1.<br><br>D3: Abstract; Col. 4, lines 37-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 18. The method of claim wherein the step of retrieving stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | D1: Page 2, para. 35.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 21. The method of This claim6 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | D1;  Page 8, para. 103; Page 8, para. 99.<br><br>D2:  Page 21, lines 23-25.<br><br>D3:  Col. 3, lines 59-64. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art including the archived data at the Web server of D2 and/or D3 to have a backup archive for important recordings.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 22. A method for accessing information in at least one digital logger storing data from a plurality of input channels, comprising: | D1: Page 2, Para. 30; Page 2, para. 17.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 3, line 56 – Col. 4, line 10; Col. 10, lines 8-14; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 .<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . |
| at a Web server having access to said at least one digital logger, | D1: Page 2, para. 17.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 10, lines 8-14; Col. 3, line 56 - Col. 4, line 22; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate the digital logger associated with input from a plurality of input channels of D1 and/or D3 o make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| receiving a request from a client for retrieval of stored data from one or more of a plurality of input channels; | D1: Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 11, lines 18-22. | |
| retrieving data comprising said stored data in accordance with said received request; and transferring said retrieved data to the client. | D1: Page 1, para. 40, 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| and transferring the retrieved data to the client. | D1: Page 1, para. 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| 23. The method of claim 22 wherein the step of retrieving stored data comprises accessing a record of an input channel made by said at least one digital logger. | D1: Page 1, para. 13.<br><br>D2: Page 21, lines 23-25; Page 21, lines 30 - Page 22, line 1.<br><br>D3: Abstract; Col. 4, lines 37-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 24. The method of claim 23 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | D1: Page 2, para. 35.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 25. The method of claim 24 wherein said call information comprises voice data. | D1: Page 1, para. 13.<br><br>D2: Page 21, lines 23-25; Page 21, lines 30 - Page 22, line 1.<br><br>D3: Abstract; Col. 4, lines 37-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 28. The method of claim 22 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | D1: Page 8, para. 103; Page 8, para. 99.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in |

U.S. Pat. No. 6,870,920 Invalidity Chart

| '920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art including the archived data at the Web server of D2 and/or D3 to have a backup archive for important recordings.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |

**19**

U.S. Pat. No. 6,959,079 Invalidity Chart

| '079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: Teknekron Infoswitch website, dated July 1997.(WSNSDE0010761) | |
| | D2: U.S. Patent No. 5,790,798 to Beckett II, et al., issued August 4, 1998, filed May 31, 1996. (WSNSDE0005413-31) | |
| | D3: U.S. Patent No. 5,867,559 to Jorgenson, et al., issued February 2, 1999, filed February 20, 1996. (WSNSDE0005592-600) | |
| | D4: U.S. Patent No. 6,263,049 B1 to Kuhn, issued July 17, 2001, filed September 25, 1997, claiming priority to U.S. Provisional Application Serial No. 60/028,192 filed October 10, 1996. (WSNSDE0006158-71) | |
| | D5: U.S. Patent No. 6,370,574 to House, et al., issued April 9, 2002, filed December 16, 1998. (WSNSDE0006331-55) | |
| | D6: U.S. Patent No. 6,600,821 to Chan, et al., issued July 29, 2003, filed October 26, 1999. (WSNSDE0006684-94) | |
| | D7: U.S. Patent No. 6,404,857 to Blair, et al., issued on June 11, 2002, filed February 10, 2000, claiming priority to U.S. Patent Application Ser. No. 08/936,428, filed September 24, 1997. (WSNB018866-74) | |
| 1. A monitoring system for monitoring interactions of an agent with customers comprising: | D1: "Desktop Screen Capture" page. D2: column 1, lines 21-25, and lines 52-56. D3: column 1, lines 7-9. D4: column 1, lines 14-17, and lines 28-30. D5: column 1, lines 35-38, and column 1, line 66 – column 2, line 3. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1. Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D2. Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D3. Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D4. Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 6,959,079 Invalidity Chart

| '079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| a voice logger to receive and record audio of a telephone call of said agent; | D1: "Desktop Screen Capture" page.<br><br>D2: column 15, lines 20-27.<br><br>D3: column 1, lines 52-56.<br><br>D4: column 9, lines 45-61.<br><br>D5: column 6, lines 7-23. | |
| a screen logger to receive and record video screen data associated with interactions of said agent with a computer during the telephone call; and | D1: "Desktop Screen Capture" page.<br><br>D2: column 4, lines 33-50.<br><br>D3: column 1, lines 56-61, and column 1, line 66 – column 2, line 4.<br><br>D4: column 9, lines 45-61.<br><br>D5: column 6, lines 7-23. | |
| an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition. | D1: "On Demand" page.<br><br>D2: column 6, lines 15-26.<br><br>D3: column 3, lines 25-33.<br><br>D4: column 11, lines 1-14.<br><br>D5: column 17, lines 8-13. | |
| 5. The monitoring system of claim 1, further comprising: an evaluator coupled to said voice logger and to said screen logger to enable design of evaluation forms. | D1: "P&Q Review" page.<br><br>D4: column 11, lines 40-53.<br><br>D4: column 9, lines 32-36. | Claim 5 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 5 is invalid under 35 U.S.C. §102(e) as anticipated by D4. |

U.S. Pat. No. 6,959,079 Invalidity Chart

| '079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 6. The monitoring system of claim 5, wherein said evaluator is able to perform automated evaluations based on predefined programming. | D1: "P&Q Review" page.<br><br>D4: column 9, lines 32-36.<br><br>D6: column 4, line 56 – column 5, line 6.<br><br>D7: column 3, lines 7-43. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D6 in combination with D1 and/or D4.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D6 in combination with D1 and/or D4.<br><br>This claim is invalid under 35 U.S.C. § 103 as being obvious over D6 in combination with D1 and/or D4. It would have been obvious to one of ordinary skill in the art to incorporate the voice recognition technology of D6 into the call center monitoring system of D1 or D4 in order to detect problematic calls among those stored in the system.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D7 in combination with D1 and/or D4.<br><br>This claim is invalid under 35 U.S.C. § 103 as being obvious over D7 in combination with D1 and/or D4. It would have been obvious to one of ordinary skill in the art to incorporate the voice recognition technology of D7 into the call center monitoring system of D1 or D4 in order to determine the quality of service provided during the call. |

**20**

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,440,624, priority date of Nov. 10, 1992, and issue date of Aug. 8, 1995.(WSNSDE0004554-70) D1 discloses a method and apparatus for providing adaptive administration and control of an electronic conference. | |
| | D2: U.S. Patent No. 6,298,129, priority date of Mar. 11, 1998, and issue date of Oct. 2, 2001.(WSNSDE0006185-95) D2 discloses a teleconference recording and playback system and associated method. | |
| | D3: U.S. Patent No. 6,668,044 priority date of Jul. 19, 2000, and issue date of Dec. 23, 2003. (WSNSDE0006789-803) D3 discloses a system and method for recording telephonic communications. | |
| | D4: PCT WO99/46702, priority date of Mar. 13, 1998, and publication date of Sep. 16, 1999.(WSNSDE0008501-40) D4 discloses a method of dynamic video annotation that includes recording a collaborative session of users. | |
| | D5: U.S. Patent Pub. No. 2001/0043697, priority date of May 11, 1998, and publication date of Nov. 22, 2001.(WSNSDE0000860-73) D5 discloses monitoring of and remote access to call center activity. | |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1.   A method for recording at least a portion of one or more of a plurality of IP data sessions, each being between at least a first communication device and a second communication device through a network by a recording device, comprising for each IP data session: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| initiating the data session by said first communication device with said second communication device; | D1, col. 3, ll. 6-19; col. 5, ln. 30 – col. 7, ln. 16.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 1-6; pg. 7, ll. 23-28; pg. 6, ll. 3-10; pg. 11, ll. 5-12.<br><br>D5, paras. 81 and 82. | |
| implementing the data session as a conference call through a conference controller such that said first and second communication devices are connected, respectively, as first and second participants; | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54-61.<br><br>D2, col. 5, ln. 59 – col. 6, ln. 7.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 7, ll. 23-28; pg. 14, ll. 24-32.<br><br>D5, paras. 28 – 32; 38; 56; 72; 82; 83; 84 and 85. | |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| using the conference controller, selectively entering the recording device to said conference call as an additional participant, wherein the recording device is distinct from the first and second communication devices yet receives as the additional participant at least the portion of the IP data session from each of the first and second participants; and | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 3, ll. 41-63.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 14, ll. 12-32.<br><br>D5: paras. 28–32; 38, 49, 56, 72, 82, 83, 84 and 85. | |
| recording at least the portion of the IP data session received as the additional participant of said conference call using said recording device. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 3, ln. 64 – col. 4, ln. 25.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 26-30; pg. 5, ll. 23-28; pg. 6, ll. 2-10.<br><br>D5: paras. 28 – 32; 38, 56, 72, 82, 83, 84 and 85. | |
| 2. The method of claim 1, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 2, ll. 9-16.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 14, ln. 24 – pg. 15, ln. 2.<br><br>D5: paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 3. The method of claim 1, including the additional step of permitting a user of at least one of the first and second communication devices to determine whether the session is to be recorded prior to entering the recording device as the additional participant | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 – col. 8, ln. 15.<br><br>D2, col. 2, ll. 9-16.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 8, ll. 7 – 32.<br><br>D5 as applied to claim 1 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D5 in combination with any one of D1, D2, D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the user permission teachings of documents D1, D2, D3 or D4 with the teachings of D5 to provide users with the option to initiate a recording session. |
| 4. The method of claim 1, wherein the connection of the second communication device is established by the conference controller by: passing telephone numbers to a gatekeeper for performing IP address resolution, and using a resolved IP address of the second communication device for connecting the second communication device to the conference call. | D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5: Para. 31. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 5. The method of claim 1, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | D1, col. 3, ln. 62 – col. 4, ln. 3.<br><br>D2, col. 2, ll. 9-16.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7 – 32.<br><br>D5: paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 6. The method of claim 5, including the additional step of providing the command from a scheduler. | D1, col. 8, ll. 32 – 46; col. 9, ll. 18 – 31; col. 9, ll. 51 – 63.<br><br>D2, col. 6, ll. 26-39.<br><br>D5, para. 91.<br><br>D3, as applied to claim 5 above.<br><br>D4, as applied to claim 5 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 7. The method of claim 6, including the additional step of locating the scheduler with the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D2, col. 6, ll. 26-39; Fig. 2.<br><br>D5, paras. 89 – 92.<br><br>D3, as applied to claim 6 above.<br><br>D4, as applied to claim 6 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide an integrated scheduler and recorder. |
| 8. The method of claim 6, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D2, as applied to claim 6 above.<br><br>D3, as applied to claim 6 above.<br><br>D4, as applied to claim 6 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D2, D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 9. The method of claim 8, wherein the information includes the identity of at least one of the first and second communication devices. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D2, as applied to claim 8 above; col. 3, ll. 9-40.<br><br>D3, as applied to claim 8 above; col. 11, ll. 4-7.<br><br>D4, as applied to claim 8 above; col. 11, ll. 5-12. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D2, D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide the identity of at least one of the communication devices to identify a recorded party. |
| 10. The method of claim 1, wherein the IP data session is either an IP telephony session or an IP multimedia session. | D1, col. 3, ll. 3-19; col. 5, ll. 39 – 53; col. 6, ll. 5-15.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 40-48.<br><br>D4, pg. 7, ll. 3-9.<br><br>D5, para. 49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 11. The method of claim 1, wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 5, ll. 20-28.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 13. The method of claim 1, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54-61; col. 7, ln. 17 – col. 8, ln. 3.<br><br>D2, col. 1, ll. 6-19.<br><br>D3, col. 2, ln. 60 – col. 3, ln. 19; col. 9, ll. 15-41; col. 12, ll. 22-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5: paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 14. The method of claim 13, wherein the request is from at least one of the recording device, the first communication device, the second communication device, and an other component on the network | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54-61; col. 7, ln. 17 – col. 8, ln. 3.<br><br>D2, col. 1, ll. 6-19.<br><br>D3, col. 2, ln. 60 – col. 3, ln. 19; col. 9, ll. 15-41; col. 12, ll. 22-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5: paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 15. The method of claim 1, wherein said first communication device is a gateway for receiving communication through a PSTN. | D2, col. 3, ll. 9-40.<br><br>D3, col. 5, ll. 50 – col. 6, ll. 11.<br><br>D4, pg. 10, ll. 25-28; pg. 14, ln 25 – pg. 15, ln. 2.<br><br>D5, para. 48. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

- 8 -

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 16. The method of claim 1, wherein the recording device joins the data session performed through a hunt group. | D5, paras. 47 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 17. The method of claim 16, including the additional step of identifying the hunt group using a gatekeeper. | D5, paras. 47, 49 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 18. The method of claim 1, wherein at least one of the first communication device and the second communication device is a non-IP telephony device | D1, col. 6, ll. 33-53.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 5, ll. 50 – col. 6, ll. 11.<br><br>D4, pg. 10, ln. 25 – pg. 11, ln. 4.<br><br>D5, paras. 48 and 49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 19. The method of claim 18, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 – col. 8, ln. 15.<br><br>D2, col. 5, ln. 59 – col. 6, ln. 7.<br><br>D3, col. 2, ln. 60 – col. 3, ln. 19; col. 6, ll. 11-39; col. 9, ll. 15-41; col. 10, ll. 50-60; col. 12, ll. 22-32.<br><br>D4, pg. 14, ln. 12 – pg. 15, ln. 2.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 21. The method of claim 18, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | D1, col. 3, ln. 62 – col. 4, ln. 3.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5: paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 22. The method of claim 21, including the additional step of providing the command from a scheduler. | D1, col. 8, ll. 32 – 46; col. 9, ll. 18 – 31; col. 9, ll. 51 – 63.<br><br>D2, col. 6, ll. 26-39.<br><br>D5, para. 91.<br><br>D3, as applied to claim 21 above.<br><br>D4, as applied to claim 21 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 23. The method of claim 22, including the additional step of locating the scheduler with the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D2, col. 6, ll. 26-39; Fig. 2.<br><br>D5, paras. 89 – 92.<br><br>D3, as applied to claim 22 above.<br><br>D4, as applied to claim 22 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide an integrated scheduler and recorder. |
| 24. The method of claim 22, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D3, as applied to claim 22 above.<br><br>D4, as applied to claim 22 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information. |
| 25. The method of claim 24, wherein the information includes the identity of at least one of the first and second communication devices. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 26. The method of claim 18, wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D2, col. 3, ll. 41-63.<br><br>D4, pg. 5, ll. 20-28.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 28. The method of claim 26, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54-61; col. 7, ln. 17 – col. 8, ln. 3.<br><br>D2, col. 3, ll. 41-63.<br><br>D4, pg. 4, ll. 2-7, pg. 6, ll. 3-10.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 29. The method of claim 18, wherein the recording device joins the data session performed through a hunt group. | D5, paras. 47 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 30. The method of claim 29, including the additional step of identifying the hunt group using a gatekeeper. | D5, paras. 47, 49 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 31. The method of claim 1, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call; wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D2, col. 3, ll. 9-29.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6, col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 4, ll. 2-7, pg. 6, ll. 3-10.<br><br>D5, paras. 31, 49, 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 32. The method of claim 31, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | D2, col. 2, ll. 9-16.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6. col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 33. The method of claim 32, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 34. The method of claim 33, wherein the information includes the identity of at least one of the first and second communication devices. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 35. The method of claim 1, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 1, ll. 6-19.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6. col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 36. The method of claim 35, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16; col. 8, ll. 32 – 46; col. 9, ll. 51 - 63.<br><br>D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 37. The method of claim 36, wherein the information includes the identity of at least one of the first and second communication devices. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 38. The method of claim 1, including the additional steps of: detecting the step of initiating the data session using a recording agent, contacting the recording device using the recording agent, and receiving a request to initiate the conference call and performing the implementing step in response to the request, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D1, col. 5, ll. 39-53; col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D2, col. 5, ll. 59 – col. 6, ll. 39.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6, col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D5, paras. 31,49, 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 39. The method of claim 38, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5, paras. 31,49, 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 40. The method of claim 38, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6, col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 41. The method of claim 38, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 42. The method of claim 41, wherein the information includes the identity of at least one of the first and second communication devices. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 43. The method of claim 1, wherein the step of selectively entering the recording device to said conference call includes the steps of: identifying a hunt group using a gatekeeper; directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded; and joining the recording device to the data session through the hunt group. | D5, paras. 39, 47, 49 and 58, 82-85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 44. The method of claim 43, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5, Para. 31. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 45. The method of claim 43, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 46. The method of claim 45, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 47. The method of claim 46, wherein the information includes the identity of at least one of the first and second communication devices. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,440,624, priority date of Nov. 10, 1992, and issue date of Aug. 8, 1995. D1 discloses a method and apparatus for providing adaptive administration and control of an electronic conference. | |
| | D2: U.S. Patent No. 6,298,129, priority date of Mar. 11, 1998, and issue date of Oct. 2, 2001. D2 discloses a teleconference recording and playback system and associated method. | |
| | D3: U.S. Patent No. 6,668,044 priority date of Jul. 19, 2000, and issue date of Dec. 23, 2003. D3 discloses a system and method for recording telephonic communications. | |
| | D4: PCT WO99/46702, priority date of Mar. 13, 1998, and publication date of Sep. 16, 1999. D4 discloses a method of dynamic video annotation that includes recording a collaborative session of users. | |
| | D5: U.S. Patent Pub. No. 2001/0043697, priority date of May 11, 1998, and publication date of Nov. 22, 2001. D5 discloses monitoring of and remote access to call center activity. | |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 48. A method for recording at least a portion of an IP data session between at least a first communication device and a second communication device through a network by a recording device, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| initiating the data session by said first communication device with said second communication device; | D1, col. 3, ll. 6-19; col. 5, ln. 30 – col. 7, ln. 16.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 1-6; pg. 7, ll. 23-28; pg. 6, ll. 3-10; pg. 11, ll. 5-12.<br><br>D5, paras. 81 and 82. | |
| implementing the data session as a conference call through a conference controller such that said first and second communication devices are connected, respectively, as first and second participants; | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54-61.<br><br>D2, col. 5, ln. 59 – col. 6, ln. 7.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 7, ll. 23-28; pg. 14, ll. 24-32.<br><br>D5, paras. 28 – 32; 38, 56, 72, 82, 83, 84 and 85. | |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| using the conference controller, selectively entering the recording device to said conference call as an additional participant, wherein the recording device is distinct from the first and second communication devices yet receives as the additional participant at least the portion of the IP data session from each of the first and second participants; and | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 3, ll. 41-63.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 14, ll. 12-32.<br><br>D5, paras. 28-32; 38, 49, 56, 72, 82, 83, 84 and 85. | |
| recording at least the portion of the IP data session received as the additional participant of said conference call using said recording device. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 3, ln. 64 – col. 4, ln. 25.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 26-30; pg. 5, ll. 23-28; pg. 6, ll. 2-10.<br><br>D5, paras. 28 – 32; 38, 56, 72, 82, 83, 84 and 85. | |
| 49. The method of claim 48, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 2, ll. 9-16.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 14, ln. 24 – pg. 15, ln. 2.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 50. The method of claim 48, including the additional step of permitting a user of at least one of the first and second communication devices to determine whether the session is to be recorded prior to entering the recording device as the additional participant. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 5; col. 7, ln. 59 – col. 8, ln. 15.<br><br>D2, col. 2, ll. 9-16.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 8, ll. 7 – 32.<br><br>D5 as applied to claim 48 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D5 in combination with any one of D1, D2, D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the user permission teachings of documents D1, D2, D3 or D4 with the teachings of D5 to provide users with the option to initiate a recording session. |
| 51. The method of claim 48, wherein the connection of the second communication device is established by the conference controller by: passing telephone numbers to a gatekeeper for performing IP address resolution, and using a resolved IP address of the second communication device for connecting the second communication device to the conference call. | D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5, Para. 31. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 56. The method of claim 55, wherein the information includes the identity of at least one of the first and second communication devices. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D2, as applied to claim 8 above; col. 3, ll. 9-40.<br><br>D3, as applied to claim 8 above; col. 11, ll. 4-7.<br><br>D4, as applied to claim 8 above; col. 11, ll. 5-12. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D2, D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide the identity of at least one of the communication devices to identify a recorded party. |
| 57. The method of claim 48, wherein the IP data session is either an IP telephony session or an IP multimedia session. | D1, col. 3, ll. 3-19; col. 5, ll. 39 – 53; col. 6, ll. 5-15.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 40-48.<br><br>D4, pg. 7, ll. 3-9.<br><br>D5, para. 49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 58. The method of claim 48, wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 5, ll. 20-28.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 60. The method of claim 48, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54–61; col. 7, ln. 17 – col. 8, ln. 3.<br><br>D2, col. 1, ll. 6-19.<br><br>D3, col. 2, ln. 60 – col. 3, ln. 19; col. 9, ll. 15-41; col. 12, ll. 22-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 61. The method of claim 60, wherein the request is from at least one of the recording device, the first communication device, the second communication device, and an other component on the network. | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54–61; col. 7, ln. 17 – col. 8, ln. 3.<br><br>D2, col. 1, ll. 6-19.<br><br>D3, col. 2, ln. 60 – col. 3, ln. 19; col. 9, ll. 15-41; col. 12, ll. 22-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 62. The method of claim 48, wherein said first communication device is a gateway for receiving communication through a PSTN. | D2, col. 3, ll. 9-40.<br><br>D3, col. 5, ll. 50 – col. 6, ll. 11.<br><br>D4, pg. 10, ll. 25-28; pg. 14, ln 25 – pg. 15, ln. 2.<br><br>D5, para. 48. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 63. The method of claim 48, wherein the recording device joins the data session performed through a hunt group. | D5, paras. 47 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 64. The method of claim 63, including the additional step of identifying the hunt group using a gatekeeper. | D5, paras. 47, 49 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 65. The method of claim 48, wherein at least one of the first communication device and the second communication device is a non-IP telephony device. | D1, col. 6, ll. 33-53.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 5, ll. 50 – col. 6, ll. 11.<br><br>D4, pg. 10, ln. 25 – pg. 11, ln. 4.<br><br>D5, paras. 48 and 49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 66. The method of claim 65, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 5, ln. 59 – col. 6, ln. 7.<br><br>D3, col. 2, ln. 60 – col. 3, ln. 19; col. 6, ll. 11-39; col. 9, ll. 15-41; col. 10, ll. 50-60; col. 12, ll. 22-32.<br><br>D4, pg. 14, ln. 12 – pg. 15, ln. 2.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 68. The method of claim 65, wherein the step of selectively entering the recording device to said conference call is in response to a command that the data session is to be recorded. | D1, col. 3, ln. 62 – col. 4, ln. 3.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 69. The method of claim 68, including the additional step of providing the command from a scheduler. | D1, col. 8, ll. 32 – 46; col. 9, ll. 18 – 31; col. 9, ll. 51 – 63.<br><br>D2, col. 6, ll. 26-39.<br><br>D5, para. 91.<br><br>D3, as applied to claim 68 above.<br><br>D4, as applied to claim 68 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 70. The method of claim 69, including the additional step of locating the scheduler with the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D2, col. 6, ll. 26-39; Fig. 2.<br><br>D5, paras. 89 – 92.<br><br>D3, as applied to claim 69 above.<br><br>D4, as applied to claim 69 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D4 with the teachings of D3 or D4 to provide an integrated scheduler and recorder. |
| 71. The method of claim 69, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D2, as applied to claim 69 above.<br><br>D4, as applied to claim 69 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D2 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information. |
| 72. The method of claim 71, wherein the information includes the identity of at least one of the first and second communication devices. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

- 26 -

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 73. The method of claim 65 wherein the step of initiating the data session is detected by a recording agent, and wherein said recording agent contacts the recording device. | D1, col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6.<br><br>D2, col. 3, ll. 41-63.<br><br>D4, pg. 5, ll. 20-28.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 75. The method of claim 73, wherein the conference controller implements said conference call in response to a request to initiate the conference call. | D1, col. 2, ll. 43 – 65; col. 5, ln. 62 – col. 6, ln. 4; col. 6, ll. 54-61; col. 7, ln. 17 – col. 8, ln. 3.<br><br>D2, col. 3, ll. 41-63.<br><br>D4, pg. 4, ll. 2-7, pg. 6, ll. 3-10.<br><br>D5, paras. 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 76. The method of claim 65, wherein the recording device joins the data session performed through a hunt group. | D5, paras. 47 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 77. The method of claim 76, including the additional step of identifying the hunt group using a gatekeeper. | D5, paras. 47, 49 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 78. The method of claim 48, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D2, col. 3, ll. 9-29.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6, col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 4, ll. 2-7, pg. 6, ll. 3-10.<br><br>D5, paras. 31, 49, 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 79. The method of claim 78, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | D2, col. 2, ll. 9-16.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6. col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 80. The method of claim 79, including the additional steps of providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 81. The method of claim 80, wherein the information includes the identity of at least one of the first and second communication devices. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 82. The method of claim 48, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 1, ll. 6-19.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6. col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 83. The method of claim 82, including the additional steps of providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16, col. 8, ll. 32 – 46; col. 9, ll. 51 - 63.<br><br>D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 84. The method of claim 83, wherein the information includes the identity of at least one of the first and second communication devices. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 85. The method of claim 48, including the additional steps of: detecting the step of initiating the data session using a recording agent, contacting the recording device using the recording agent, and receiving a request to initiate the conference call and performing the implementing step in response to the request, wherein the step of selectively entering the recording device to said conference call includes the step of directing the recording device to enter said conference call as the additional participant when a data session has been initiated. | D1, col. 5, ll. 39-53; col. 5, ln. 62 – col. 6, ln. 3; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D2, col. 5, ll. 59 – col. 6, ln. 39.<br><br>D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6. col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D5, paras. 31,49, 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 86. The method of claim 85, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5, paras. 31,49, 72, 82, 83, 84 and 85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 87. The method of claim 85, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | D3, col. 1, ln. 57 – col. 2, ln. 3; col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6. col. 10, ln. 64 – col. 11, ln.16; col. 11, ll. 32-56; col. 12, ll. 1-32.<br><br>D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 88. The method of claim 85, including the additional steps of providing the command from a scheduler; and: analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

- 29 -

## U.S. Pat. No. 7,010,109 Invalidity Chart

| '109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 89. The method of claim 88, wherein the information includes the identity of at least one of the first and second communication devices | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 90. The method of claim 48, wherein the step of selectively entering the recording device to said conference call includes the steps of: identifying a hunt group using a gatekeeper; directing the recording device to enter said conference call as the additional participant in response to a command that the data session is to be recorded; and joining the recording device to the data session through the hunt group. | D5, paras. 39, 47, 49 and 58, 82-85. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 91. The method of claim 90, including the additional steps of passing telephone numbers to a gatekeeper for performing IP address resolution and using a resolved IP address of the second communication device in connecting the second communication device to the conference call. | D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5, Para. 31. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 92. The method of claim 90, wherein the recording device is directed to enter said conference call in response to a command that the data session is to be recorded. | D4, pg. 8, ll. 7-32.<br><br>D5, paras. 38, 82-85. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 93. The method of claim 92, including the additional steps of: providing the command from a scheduler; and analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 94. The method of claim 93, wherein the information includes the identity of at least one of the first and second communication devices. | D5, paras. 89 – 92. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

- 30 -

21

# EXHIBIT C

# EXHIBIT C

| |
|---|
| Impact 360 Workforce Optimization |
| Impact 360 Workforce Management |
| Impact 360 Quality Monitoring |
| Impact 360 Full-time |
| Impact 360 Customer Feedback |
| Impact 360 Customer Feedback Express |
| Impact 360 Customer Feedback/Customer Analysis |
| Impact 360 Customer Feedback/Customer Experience Research |
| Impact 360 Process & Quality Analysis for Retail Financial Services |
| Impact 360 IP Voice Recording for Retail Financial Services |
| Impact 360 Back Office |
| |
| **OPTIONAL ADD-ON SOFTWARE** |
| |
| Impact 360 100 Percent Screen Capture |
| Impact 360 Advanced Business Rules |
| Impact 360 Advanced Scorecard |
| Impact 360 Application Analysis |
| Impact 360 Centralized Archiving |
| Impact 360 Competency-based Learning |
| Impact 360 Contact Editing |
| Impact 360 Contact Replay Station |
| Impact 360 Contact Visualization |
| Impact 360 Custom KPI Scorecards |
| Impact 360 Data-driven Recording |
| Impact 360 Desktop Learning Library |
| Impact 360 Interaction Skills Courseware |
| Impact 360 Lesson Management |
| Impact 360 Playback Through Handset |
| Impact 360 Shift Bidding |
| Impact 360 Speech Analytics |
| Impact 360 Speech Analytics |
| Impact 360 Strategic Planning |
| Impact 360 Time Off Management |
| Impact 360 Workforce Management Blended Media Scheduling |

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

       *Plaintiffs and Counterclaim*
       *Defendants,*

       v.

WITNESS SYSTEMS, INC.

       *Defendant and Counterclaim*
       *Plaintiff.*

C.A. No. 1:06-CV-00311-JJF

## DEFENDANT WITNESS SYSTEMS, INC. S SUPPLEMENTAL RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC. S AND NICE SYSTEMS LTD. S INTERROGATORIES 1(a), 2 and 2(a)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware, Defendant Witness Systems, Inc. ( Witness Systems ) provides the following supplemental objections and responses to the Interrogatories propounded by Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively, NICE ). Subject to and without waiving its previously stated objections, Witness Systems incorporates by reference its responses and objections to NICE s First and Second Sets of Interrogatories as if set forth verbatim herein, and for brevity provides only the supplemental information for the identified interrogatories below:

## SUPPLEMENTAL RESPONSES

## INTERROGATORY NO. 1(a):

**On a claim-by-claim basis and for each claim element, state whether you contend that NICE's response to Witness' Interrogatory No. 13 set forth in Exhibit A to that document does not demonstrate infringement of the Accused Products. For each claim element that you contend NICE has not demonstrated infringement by each Accused Product, on a claim-by-claim basis in a chart, describe in detail the factual and legal bases as to why the specific infringement contention identified in**

NICE's response to Witness' Interrogatory No. 13 set forth in Exhibit A to that document does not demonstrate infringement of the Accused Products.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1(a):

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory as vague and ambiguous because NICE has failed to specify the products and versions accused of infringement sufficiently to identify those products falling within its definition of "Accused Product." Witness Systems again requests that NICE clarify what products and which versions it accuses infringe. Witness Systems also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Witness Systems further objects to this Interrogatory to the extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is not. Thus, this Interrogatory counts as a separate Interrogatory. Witness Systems further objects to this Interrogatory to the extent it is premature because discovery is still ongoing and the claims of the Patents-in-Suit have yet to be construed. Witness Systems further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or to the extent that it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems refers NICE to Exhibit A to its original response to this interrogatory, as well as Supplemental Exhibit A, attached hereto, which addresses the newly asserted claims of the 079 Patent. Witness Systems reserves its right to amend and/or supplement this response as discovery and Witness Systems investigations continue and after any claim construction ruling.

-2-

**INTERROGATORY NO. 2:**

Describe in detail the factual and legal bases for Witness' contention that [the claims of the 738, 371, 005, 345, 372, 370,'920, 079, and 109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation § § 102, 103, and/or 112. The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. § 112 Witness contends the Patents-In-Suit do not meet and an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege and/or work product doctrine. Witness Systems also objects to this Interrogatory to the extent it calls for information comprising trade secrets, proprietary information, or other confidential or competitively sensitive technical information. Accordingly, Witness Systems responses are provided subject to the terms of the protective order entered by the Court in this action. Witness Systems also objects to this Interrogatory as vague and ambiguous to the extent it mischaracterizes and purports to state Witness Systems contention.

Subject to and without waiving the foregoing objections, Witness Systems provides the following additional invalidating prior art references as set forth below.

In addition to the prior art references listed in its prior response to this interrogatory, Witness Systems believes one or more of the claims of the 345, 370 and 570 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following additional references: Eyretel Unify Computer Telephony Integration (CTI) application (all prior versions); and Eclipse application (all prior versions).

In addition to the prior art references listed in its prior response to this interrogatory,

-3-

Witness Systems believes one or more of the claims of the '005 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following additional references, either alone or in combination: Racal Rapidax (sold in the U.S. as of at least December 21, 1992); Racal's 'Rapidax' Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions; Rapidax Access Voice Logging Recorder; Rapidax Instant Call Recorder; Rapidax in Surveillance and Security Monitoring; Operator's Manual.; System Manager's Manual.; Rapidax Tape Archive and System Network.; Deposition of Andrew Jackson in Dictaphone Corporation vs. Nice Systems, Ltd. (June 21, 2002), Civil Action 3:00CV1143; Expert Report on the Invalidity 5,396,371 in Dictaphone Corporation vs. Nice Systems, Ltd. (June 21, 2002 ), Civil Action 3:00CV1143.

In addition to the prior art references listed in its prior response to this interrogatory, Witness Systems believes one or more of the claims of the '371 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following additional references, either alone or in combination: The Disk Drive As An Audio Recorder, Hard Disk Recording Conference (May 16-17, 1990); An Experimental Speech Storage and Editing Facility, The Bell System Technical Journal (October 1980); Mediation Brief, Analysis of Prior Art Which Anticipates or Renders Obvious the Claims of U.S. Patent No. 5,396,371, in Dictaphone Corporation vs. Mercom Systems, Inc., Civil Action 3:00CV1143; 4,375,083; JP S62-20460; Memory Space Allocation of Messages in Voice Mail, IBM Technical Disclosure Bulletin (July 1987); A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System, 83rd AES Corporation (October 16-19, 1987); A Flexible Digital Sound-Editing Program for Minicomputer

Systems, 68th Convention of the Audio Engineering Society in Hamburg, German,

Journal of Audio Engineering Society (March 17-20, 1981); NICE's Markman Brief in

Dictaphone Corporation vs. Nice Systems, Ltd., (June 21, 2002), Civil Action

3:00CV1143.

## INTERROGATORY NO. 2(a):

**On a claim-by-claim basis in a chart, for each prior art reference identified by Witness in response to NICE's Interrogatory No. 2, identify the disclosure in each prior art reference of each limitation of the Asserted Claims in the respective Patent-in-Suit. To the extent that Witness asserts the prior art references support its invalidity defense under 35 U.S.C. § 103, it must further identify any prior art combinations and the motivation to combine those references.**

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2(a):

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Witness Systems further objects to this Interrogatory to the extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is not. Thus, this Interrogatory counts as a separate Interrogatory. Witness Systems further objects to this Interrogatory to the extent it is premature because discovery is still ongoing and the claims of the Patents-in-Suit have yet to be construed. Witness Systems further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or to the extent it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems refers NICE to Supplemental Exhibit B, which identifies additional representative, invalidating prior art for five of the ten asserted patents. Numerous other prior art references also contain the identified disclosures. Witness Systems reserves its right to amend and/or supplement this response as discovery and Witness Systems' investigation continue, and after any claim construction ruling. Witness Systems specifically reserves the right to supplement

-5-

and/or amend its response in light of information and materials that it is currently seeking from third parties.

DATED:  April 30, 2007

FISH & RICHARDSON P.C.

/s/ Kyle Wagner Compton
William J. Marsden, Jr. (#2247)
Kyle Wagner Compton (#4693)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Tel:  (302) 652-5070

Nagendra Setty (*Pro Hac Vice*)
Daniel A. Kent (*Pro Hac Vice*)
1180 Peachtree Street, NE, 19th Floor
Atlanta, GA 30309
Tel: (404) 892-5005

ATTORNEYS FOR DEFENDANT
WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2007, I caused to be served "DEFENDANT

WITNESS SYSTEMS, INC.'S SUPPLEMENTAL RESPONSES TO PLAINTIFFS

NICE SYSTEMS, INC.'S AND NICE SYSTEMS LTD.'S INTERROGATORIES 1(a), 2

and 2(a)" on counsel for Plaintiffs as follows:

**By E-Mail and U.S. First Class Mail:**

Scott G. Lindvall                           Attorneys for Plaintiffs
Daniel P. DiNapoli                          NICE Systems, Inc.  And NICE Systems,
Joseph M. Drayton                           LTD
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**By E-Mail and Hand Delivery:**

Josy W. Ingersoll                           Attorneys for Plaintiffs
Melanie K. Sharp                            NICE Systems, Inc.  And NICE Systems,
Karen E. Keller                             LTD
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391


                                    */s/ Kyle Wagner Compton*
                                    Kyle Wagner Compton (#4693)

# SUPPLEMENTAL
# EXHIBIT A

**U.S. Pat. No. 6,959,079 Noninfringement Claim Chart**

| 6,959,079 Claims | Accused Product(s) |
|---|---|
| 1. A monitoring system for monitoring interactions of an agent with customers comprising: | NICE lists the following "Accused Products" for the '079 Patent:<br><br>1) eQuality ContactStore for IP<br>2) eQuality ContactStore<br>3) Witness Quality for Communication Manager<br>4) Impact 360 |
| a voice logger to receive and record audio of a telephone call of said agent; | NICE cites to Documents 5, 9 and 25 for this claim limitation. |
| a screen logger to receive and record video screen data associated with interactions of said agent with a computer during the telephone call; and | NICE cites to Documents 5, 9 and 25 for this claim limitation.<br><br>The cited portions of Documents 5, 9 and 25 fail to show "a screen logger to receive and record video screen data." |
| an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition. | NICE cites to Documents 5, 9 and 25 for this claim limitation.<br><br>The cited portions of Documents 5, 9 and 25 fail to show "an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition." |
| 3. The monitoring system of claim 1, wherein said event manager is able to instruct said voice logger to begin recording of an audio portion of said telephone call and to instruct said screen logger to begin recording generally in synchronicity with said voice logger at least a portion of said video screen data when said monitoring condition is satisfied. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 9, 29, and 45 for this claim limitation.<br><br>The cited portions of Documents 9, 29, and 45 fail to show "said event manager is able to instruct said voice logger to begin recording of an audio portion of said telephone call and to instruct said screen logger to begin recording generally in synchronicity with said voice logger at least a portion of said video screen data." |

## U.S. Pat. No. 6,959,079 Noninfringement Claim Chart

| 6,959,079 Claims | Accused Product(s) |
|---|---|
| 5.  The monitoring system of claim 1, further comprising: an evaluator coupled to said voice logger and to said screen logger to enable design of evaluation forms. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claim 1, from which the claim depends either directly or indirectly.  Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 5, 9, 37, and 38 for this claim limitation.<br><br>The cited portions of Documents 5, 9, 37, and 38 fail to show the claimed "evaluator coupled to said voice logger and to said screen logger". |
| 6. The monitoring system of claim 5, wherein said evaluator is able to perform automated evaluations based on predefined programming. | NICE has failed to present evidence on a claim-by-claim and element-by-element basis sufficient to establish infringement of claims 1 and 5, from which the claim depends either directly or indirectly. Accordingly, NICE has failed to show infringement of this claim.<br><br>NICE cites to Documents 38 and 39 for this claim limitation.<br><br>The cited portions of Documents 38 and 39 fail to show the claimed "automated evaluations". |

# SUPPLEMENTAL
# EXHIBIT B

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor.<br><br>D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers.<br><br>D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996. (WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences.<br><br>D4: U.S. Patent No. 5,982,857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls.<br><br>D5:  Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999.<br><br>D6:   Blue Cross Blue Shield User Guide  dated January 29, 1997 (illustrating system of  D5) (WSNSDE0012983-92)<br><br>D7:   Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design  dated November 25, 1997 (illustrating system of D5) (WSNSDE0012967-82). | |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D8: "Tracking Agent Id through Inter-Site Call Transfers" (illustrating the system of D5) (WSNSDE0012993-4).<br><br>D9: "E1000 for Windows User Guide" dated July 1997 (illustrating the system of the D5) (WSNSDE0011276-346).<br><br>D10: Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999. (WSNSDE013106)<br><br>D11: "E-Ware Replay-User Guide" dated November 1998 (illustrating the system of D5 and D10) (WSNSDE011798-844).<br><br>D12: "Unify System Managers Guide" dated August 1996 (illustrating the system of D10) (WANSDE012044-70). | |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 14. A method for recording information regarding telephone calls with three or more participants and comprising one or more participants and comprising one or more telephone call segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | |
| (b) receiving data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62    col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66    col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1    2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1    2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (c) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12    2-25.<br><br>D10: D10; D11: pp. 2-7    2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7    2-12.<br><br>D12: pp. 1-1, 2-1. | |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) storing the received data regarding telephone events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |
| (e) identifying telephone call segments that relate to the same telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (f) constructing data representations of lifetimes of telephone calls, wherein said data representations are constructed using data regarding telephony events associated with telephone call segments. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5:  D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 15. The method of claim 14 wherein each data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5-7, 10-12.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 21. The method of claim 14 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6.<br><br>D5: D7, pg. 5.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 22. The method of claim 14 further comprising the step of using a data representation of a telephone call to display a graphical representation of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 23. The method of claim 15 further comprising the step of using said data representation of a telephone call to display a graphical representation of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 24. The method of claim 23 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 25. The method of claim 23 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 26. The method of claim 22 further comprising the step of displaying a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 40. A method for recording information regarding telephone calls comprising one or more telephone call segments, wherein said calls comprise calls wherein at least one participant participates in a plurality of segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | |
| and data regarding telephone events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5:  D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |
| (d) identifying telephone call segments that relate to one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5:  D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) identifying multiple call segments that have the same participant; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |
| (f) constructing data representations of lifetimes of telephone calls, wherein each data representation of a telephone call is constructed using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 41. The method of claim 40 wherein a data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5-7, 10-12.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 42. The method of claim 40 wherein a data representation of a telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 1-1, 2-7 – 2-12<br><br>D11: pp. 1-1, 2-7 – 2-12 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 43. The method of claim 40 wherein the received audio data and the data regarding telephony events is stored in the same memory. | D3, Fig. 1.<br><br>D4, Fig. 1.<br><br>D5:  D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. 1-1, 2-7 – 2-12<br><br>D11: pp. 1-1, 2-7 – 2-12. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 45. The method of claim 42 wherein a location of stored audio data of each segment comprises the location of a .WAV file containing the audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33.<br><br>D5:  D11: pg. 1-1.<br><br>D10:  D10; D11: pg. 1-1.<br><br>D11: pg. 1-1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |
| 46. The method of claim 45 wherein a data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 47. The method of claim 40 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6.<br><br>D5: D7, pg. 5.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 48. The method of claim 40 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9.<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 49. The method of claim 41 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 50. The method of claim 49 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 51. The method of claim 49 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9.<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 52. The method of claim 48 further comprising the step of displaying a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor.<br><br>D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers.<br><br>D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996. (WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences.<br><br>D4: U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls.<br><br>D5: Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999.<br><br>D6: Blue Cross Blue Shield User Guide dated January 29, 1997 (illustrating system of D5) (WSNSDE0012983-92)<br><br>D7: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design dated November 25, 1997 (illustrating system of D5) (WSNSDE0012967-82). | |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D8: "Tracking Agent Id through Inter-Site Call Transfers" (illustrating the system of D5) (WSNSDE0012993-4).<br><br>D9: "E1000 for Windows User Guide" dated July 1997 (illustrating the system of the D5) (WSNSDE0011276-346).<br><br>D10: Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999. (WSNSDE013106)<br><br>D11: "E-Ware Replay-User Guide" dated November 1998 (illustrating the system of D5 and D10) (WSNSDE011798-844).<br><br>D12: "Unify System Managers Guide" dated August 1996 (illustrating the system of D10) (WANSDE012044-70). | |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the method comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) constructing a call record for at least one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62   col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19   col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30   col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (b) receiving data regarding telephony events associated with one or more telephone calls; | D1, col. 2, ll. 22-34; col. 3, ln. 62   col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19   col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66   col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pp. 2-1, 2-12-2-25.<br><br>D10:  D10; D11: pp. 2-7- 2-12; D12: pp. 1-1   2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1   2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) matching a received telephony event with a constructed call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| (d) updating the matching call record based on the received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above. |
| 5. The method of claim 1 wherein the master call record comprises a serial number that identifies the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D5: D11, pg. 2-11.<br><br>D10: D10; D11, pg. 2-11.<br><br>D11: pg. 2-11. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 6. The method of claim 1 wherein the call record is updated with data fields describing each participant of the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 1, ln. 52 – col. 2, ln. 15; col. 5, ll. 4-14; col. 5, ln. 57 – col. 6, ln. 6.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5-7, 10-12.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |
| 8. The method of claim 1 further comprising the step of assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call. | D3, col. 5, ln. 30 – col. 11, ln. 22.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D11, pg. 2-11.<br><br>D10: D10; D11, pg. 2-11.<br><br>D11: pg. 2-11. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 9. The method of claim 1 further comprising the step of using the master call record to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |
| 11. The method of claim 9 wherein the graphical representation comprises a representation of each segment of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 12. The method of claim 9 further comprising the step of displaying a table comprising data from the master call record. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |
| 27. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, audio data for each segment being recorded on one or more recorders, the method comprising the steps of: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) constructing a call record for a telephone call comprising two or more segments; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |
| (b) receiving data regarding one or more telephony events associated with the telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) matching said one or more received telephony events with said call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1- 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) updating said call record based on said received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor.<br><br>D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers.<br><br>D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996.(WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences.<br><br>D4: U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls.<br><br>D5:  Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999.<br><br>D6:   Blue Cross Blue Shield User Guide  dated January 29, 1997 (illustrating system of  D5) (WSNSDE0012983-92)<br><br>D7:   Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design  dated November 25, 1997 (illustrating system of D5) (WSNSDE0012967-82). | |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D8: "Tracking Agent Id through Inter-Site Call Transfers" (illustrating the system of D5) (WSNSDE0012993-4).<br><br>D9: "E1000 for Windows User Guide" dated July 1997 (illustrating the system of the D5) (WSNSDE0011276-346).<br><br>D10: Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999. (WSNSDE013106)<br><br>D11: "E-Ware Replay-User Guide" dated November 1998 (illustrating the system of D5 and D10) (WSNSDE011798-844).<br><br>D12: "Unify System Managers Guide" dated August 1996 (illustrating the system of D10) (WANSDE012044-70). | |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 6. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12. |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66; col. 4 ln. 66   col. 5 ln. 13.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | |
| and data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62   col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66   col. 5 ln. 13.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5:  D7, pp. 4-12; D9, pp. 2-1, 2-12   2-25.<br><br>D10:  D10; D11: pp. 2-7   2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7   2-12.<br><br>D12: pp. 1-1, 2-1. | |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call, wherein said data representation comprises, for each segment of the call, the location of the stored audio data of that segment and the start time, end time, and duration of that segment. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5:  D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 7. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12. |
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| and data regarding telephony events associated with said telephone call segments, wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment, wherein at least one of the sources is a real time link and at least one of the sources is not a real time link; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63, col. 7, ll. 7-53.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above. |
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5:  D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above. |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D2: Racal s Rapidax Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions. (NSDE008300-008302) (evidencing the hardware of the D1 sale).<br><br>D3: Rapidax Access Voice Logging Recorder. (NSDE008312-008319) (evidencing the hardware of the D1 sale).<br><br>D4: Rapidax Instant Call Recorder, (NSDE008305-008309) (illustrating the hardware of the D1 sale).<br><br>D5: Rapidax in Surveillance and Security Monitoring (NSDE008310-008311) (evidencing the hardware of the D1 sale).<br><br>D6: Operator s Manual. (NSDE008320-008324) (evidencing the hardware of the D1 sale).<br><br>D7: System Manager s Manual. (NSDE008325-008340) (evidencing the hardware of the D1 sale).<br><br>D8: Rapidax Tape Archive and System Network. (NSDE008303-008304) (evidencing the hardware of the D1 sale).<br><br>D9: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D1 sale).<br><br>D10: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D1 sale). | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D11: United States Patent No. 4,891,835, to Leung, filed on Aoruk 30, 1986, issued on June 2, 1990. (WSNSDE0003055-80)<br><br>D12: Sale of Eyretel e1000, sold in the U.S. as of at least October, 1992.<br><br>D13: Deposition of Chris Blair in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143 (illustrating the hardware of D12 sale).<br><br>D14: European Patent Publication 0372894, to Koizumi, published on June 13, 1990, filed on December 5, 1989.(WSNSDE0000277-93)<br><br>D15: U.S. Patent No. 4,905,141, to Brenza, issued February 27, 1990, filed on October 25, 1988.(WSNSDE0003096-126)<br><br>D16: U.S. Patent No. 4,864,543, to Ward, issued September 5, 1989, filed on April 30, 1987. (WSNSDE0002971-84)<br><br>D17: "The Disk Drive As An Audio Recorder," Hard Disk Recording Conference, published on Mary 16-17, 1990. (LOOSABLLP 002304-15)<br><br>D18: "An Experimental Speech Storage and Editing Facility," The Bell System Technical Journal, published in October 1980. (LOOSABLLP 002317-002330)<br><br>D19: Mediation Brief, Analysis of Prior Art Which Anticipates or Renders Obvious the Claims of U.S. Patent No. 5,396,371, in Dictaphone Corporation vs. Mercom Systems, Inc., Civil Action 3:00CV1143 (evidencing hardware of D1). (LOOSABLLP 002292-002302)<br><br>D20: United States Patent No. 4,375,083, to Maxemchuk, issued on February 22, 1983. (LOOSABLLP | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 002332-002355) | |
| | D21: Japanese Publication No. S62-20460, to Hirokawa, published on January 29, 1987. (LOOSABLLP 002357-002364) | |
| | D22: "Memory Space Allocation of Messages in Voice Mail," IBM Technical Disclosure Bulletin, published in July 1987. (LOOSABLLP 002366-002367) | |
| | D23: "A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System," presented to the public at the 83rd ABS Corporation on October 16-19, 1987. (002381-002398) | |
| | D24: "A Flexible Digital Sound-Editing Program for Minicomputer Systems," presented to the public at the 68th Convention of the Audio Engineering Society in Hamburg, German, Journal of Audio Engineering Society, on March 17-20, 1981. (NSDE008479-86) | |
| | D25: NICE's Markman Brief in Dictaphone Corporation vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE014561-603) (evidencing hardware of D24) | |
| 1. In a method of storing and retrieving audio from a digital audio logger, the steps comprising: | D1: D2, Pages 1-2; D9, Page 8, line 17  Page 9, line 4.  D12: D13, Page 11, lines 7-8.  D11: Col. 2, lines 10-14.  D17: Page 16, Para. 5. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.  This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D17 and/or D21.  This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D17 in combination with D1 and/or D12 and/or D14 and/or D18 and/or D21 and/or D23. |
| a) monitoring an audio source, | D1: D8, Page 1; D4, Page 4. | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | D11: Col. 3, lines 42-50. | |
|  | D12: D13, Page 11, lines 7-8. | |
|  | D14: Col. 4, lines 24-30. | |
|  | D17: Page 17, Para. 3, 4. | |
| b) storing audio data from the audio source in a buffer, | D1: D9, Page 18, lines 10-14; D10, Page 9; D2, Page 2. | |
|  | D11: Figure 6, Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47. | |
|  | D12: D13, Page 11, lines 7-8. | |
|  | D14: Col. 5, lines 16-27. | |
|  | D17: Page 16, Para. 3-4; Page 18, Paragraphs 3, 4; Page 18, Para. 3; Page 20, Figure 1. | |
|  | D21: LOOSABLLP 002357, 002358. | |
|  | D23: Page 9, section 5.3. | |
| c) writing the audio data from the buffer onto a digital audio tape and a random access storage device, and | D1: D8, Page 1; D3, Page 3; D4, Page 4; D10; D9, Page 46, lines 2-20.<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41.<br><br>D12: D13, Page 11, lines 18-21.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 16, Para. 6; Page 18, Para. 1-4.<br><br>D18: Page 1385, Para. 2, 4; Page, 1388, Para. 2, 4; D19: Page 4, lines 7-8).<br><br>D21: LOOSABLLP 002357, 002358.<br><br>D23: Page 9, section 5.3. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 with the system of D11 to store the same type of data in the DRAM and the recorder unit and to obtain a duplicate recording that requires less hardware.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 with the digital recording and editing system of D17 to increase the audio channels that may be recorded |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | or the transfer rate of existing channels. . |
| d) retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device. | D1:  D2, Page 1; D5, Page 1; D10, Page 10.<br><br>D11:  Col. 2, lines 29-48.<br><br>D14:  Col. 3, lines 17-27, Col. 4, lines 33-35, Col. 5, lines 35-41, Col. 6, lines 31-35.<br><br>D12:  D13, Page 11, lines 18-21.<br><br>D15:  Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17:  Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 1-4.<br><br>D21:  LOOSABLLP 002357, 002358.<br><br>D23:  Page 9, section 5.3. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 and/or the random access memory of D21 with the digital recording and editing system of D17 to retrieve data more efficiently and precisely and to write audio in the digital audio tape and the random access storage device in digital format. |
| 5.  In a system for processing audio having | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10; Page 15, lines 12-23, Page 22, lines 10-13.<br>.<br>D17:  Page 13, Para. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15 and/or D16 and/or D17 D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D17 in combination with D1 and/or D11 and/or D12, and/or D15 and/or D16 and/or D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24. |
| an interface for receiving audio from an audio source, | D1:  D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page 15, lines 12-23, Page 22, lines 10-13.<br><br>D17:  Page. 16, Para. 3 | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | |
| a digital signal processor in communication with the interface for compressing the audio signals, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, D10, Page 16.<br><br>D17: Page 16, Para. 3 | |
| a controller in communication with the digital signal processor for receiving audio therefrom and arranging data in a prescribed order, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16.<br><br>D17: Page 16, Para. 3, 5. | |
| a supervisor in communication with said controller accessing data from said system, and | D1: D9, Page 15, lines 12-23, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16.<br><br>D17: Page 16, Para. 3, 5. | |
| a buffer in communication with the controller for receiving arranged audio from the controller, the improvement comprising: | D1: D9, Page 10, line 13 – Page 11, line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, page 2; D10, Page 9.<br><br>D17: Page. 16, Para. 3 | |
| a digital audio tape drive unit in communication with the buffer for receiving the arranged audio data from the buffer, | D1: D9, Page 10, line 13 – Page 11, line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, Page 2; D10, Page 17.<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41, Col. 3, lines 31-47, Col. 7, lines 26-33.<br><br>D12: D13, Page 11, lines 18-21<br><br>D14: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D23: Page 9, section 5.3. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 with the system of D11 to store the same type of data in the DRAM and the recorder unit and to obtain a duplicate recording that requires less hardware.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 with the digital recording and editing system of D17 to allow a greater number of channels that may be recorded or to increase the transfer rate of existing channels. |
| a random access storage device, and | D1: D4, NSDE008308, D9, Page 14, lines 9-25, NSDE008278, D10, | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | NSDE008463.<br><br>D11: Col. 2, lines 32-36, Col. 17, lines 18-54.<br><br>D14: Col. 3, lines 17-27, Col. 2, lines 47-54.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 15, Para. 3; Page 16, 1-4; Figure 4. | |
| a pair of pointers providing communication between said buffer and random storage device,<br>the first of said pointers operative for transmitting audio data to said random access storage device from said buffer and the second of said pointers being operative to send audio data from said random access storage device to said controller. | D1: D9, Page 15, lines 12-23, Page 16, lines 8-19, Page 19, line 20 – Page 22, line 13; D3, Pages 2-3.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 3, 4.<br><br>D18: Page 1385, Para. 4, Page 1387 Para. 2; Page 1388, Para. 2, 4.<br><br>D20: Col. 13, lines 36-41; col. 14, lines 24-34; col. 15, lines 30-47.<br><br>D22: LOOSABLLP 002366, line 14 – LOOSABLLP 002367, line 69. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 with the system of D11 to store and retrieve data efficiently and precisely while operating with a single buffer.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15 and/or D16 and/or D17 D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24 to store and retrieve data efficiently and precisely, and reduce loss of data resulting from an excessive transfer rate.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D17 in combination with D1 and/or D11 and/or D12, and/or D15 and/or D16 and/or D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24 to store and retrieve data efficiently and precisely, and reduce loss of data resulting from an excessive transfer rate. |
| 8. An audio data storage device, comprising: | D1: D3, Page 3.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 13, Para. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D19: Page 1385, Para. 2. | and/or D22.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D17 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D22. |
| a random access storage device having a primary partition for storing audio data and a secondary partition for storing means for locating data on said primary partition and | D1:  D5, Page 1; D2, Page 1; D3, Page 3; D8, Page 1; D9, Page 46, lines 2-20, Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15, Page 15, lines 1-8; D10, Pages 12-13<br><br>D11:  Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14:  Col. 3, lines 17-27, Col. 2, lines 47-54.<br><br>D15:  Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17:  Page 17, Para. 4; Page 18, Para. 1-3, 5.<br><br>D18:  Page 1390, Para. 2-4.<br><br>D20:  Col. 10, lines 36-40.<br><br>D24:  Page 128, section 3.1.<br><br>D25:  Page, 24-25. | It would have been obvious to incorporate the partitions of D15 and/or D18 and/or D20 and/or D24 with the system of D11 and/or D12 and/or D14 to store and retrieve data more efficiently and precisely while operating with a single buffer.<br><br>It would have been obvious to incorporate the partitions of D15 and/or D18 and/or D20 and/or D24 with the system of D17 to to store and retrieve data efficiently and precisely, and reduce loss of data resulting from an excessive transfer rate. |
| a pair of pointers in communication with said random access memory, a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device. | D1:  D9, Page 15, lines 12-23, Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15; D10, Pages 12-13, Pages 15-16.<br><br>D11:  Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14:  Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15:  Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D16:  Col. 2, line 62 – Col. 3, line 21, Col. 4, lines 11-33. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 with the system of D11 and/or D12 and/or D14 to retrieve data efficiently and precisely while operating with a single buffer.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 and/or D18 and/or D20 and/or D22 with the system of D11 and/or D12 and/or D14 to store and retrieve data efficiently and precisely while operating with a single buffer.<br><br>It would have been obvious to one of |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 3, 4.<br><br>D18: Page 1385, Para. 4, Page 1387 Para. 2; Page 1388, Para. 2, 4.<br><br>D20: Col. 13, lines 36-41; col. 14, lines 24-34; col. 15, lines 30-47.<br><br>D22: LOOSABLLP 002366, line 14 – LOOSABLLP 002367, line 69.<br><br>D24: Page 128, section 3; Page 129, section 6.1; Page 130, section 7.1.<br><br>D25: Page 23. | ordinary skill in the art to incorporate the pair of pointers of D16 and/or D18 and/or D20 and/or D22 with the system of D17 to store and retrieve data efficiently. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998.(WSNSDE0000874-94)<br><br>D2:  PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997.(WSNSDE0008433-77)<br><br>D3:  U.S. Patent No. 5,668,863 to Bieslin, filed April 26, 1996, claiming priority to U.S. Application Serial No. 08/509,390, filed June 31, 1995.(WSNSDE0005185-5222) | |
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | D1:  Page 2, Para. 30; Page 2, para. 17.<br><br>D2:  Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3:  Col. 3, line 56 – Col. 4, line 10; Col. 10, lines 8-14; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2. |
| at a Web server having access to said at least one digital logger, | D1:  Page 2, para. 17.<br><br>D2:  Page 5, lines 11-12.<br><br>D3:  Col. 10, lines 8-14; Col. 3, line 56 - Col. 4, line 22; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 .  It would have been obvious to one of ordinary skill in the art to incorporate the digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2.  It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| receiving a request for retrieval of stored data from a client; | D1: Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 11, lines 18-22. | |
| retrieving stored data in accordance with the received request; | D1: Page 1, para. 40, 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| and transferring the retrieved data to the client. | D1: Page 1, para. 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | D1: Page 2, para. 35.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 6. The method of This claim wherein the step of retrieving | D1: Page 8, para. 103; Page 8, para. 99. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art including the archived data at the Web server of D2 and/or D3 to have a backup archive for important recordings.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | D1: Page 2, Para. 30; Page 2, para. 17.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 3, line 56 – Col. 4, line 10; Col. 10, lines 8-14; Col. 2, lines 4-7; Col. 3, lines 31-34.<br><br>. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 .<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . |

**U.S. Pat. No. 6,870,920 Invalidity Chart**

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| at a Web server having access to said information stored by at least one digital logger over a communications network, | D1: Page 2, para. 17.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 10, lines 8-14; Col. 3, line 56 - Col. 4, line 22; Col. 2, lines 4-7; Col. 3, lines 31-34. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate the digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| receiving a request for retrieval of stored data from a user; | D1: Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 11, lines 18-22. | |
| retrieving said stored data from said information in accordance with the received request; | D1: Page 1, para. 40, 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| and transferring the retrieved data to the client. | D1: Page 1, para. 42.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22. | |
| 18.  The method of claim wherein the step of retrieving stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | D1: Page 2, para. 35.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. |

**U.S. Pat. No. 6,870,920 Invalidity Chart**

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |
| 21. The method of This claim6 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | D1: Page 8, para. 103; Page 8, para. 99.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art including the archived data at the Web server of D2 and/or D3 to have a backup archive for important recordings.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 's digital logger associated with input from a plurality of input channels to make recordings available to more clients across a greater geographical area.<br><br>This claim is invalid under 35 U.S.C. |

**U.S. Pat. No. 6,870,920 Invalidity Chart**

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | §103(a) as obvious in view of D3 in combination with D1 and/or D2 . It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1: Sale of Eyretel e1000, sold in the U.S. as of at least October, 1992. See 30(b)(6) Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143.<br><br>D2: e1000 Circuit Diagrams (illustrating the hardware of the D1 sale).(WSNSDE0013861-94)<br><br>D3: E1000/E500 Recorder: Engineer Familiarisation (illustrating the hardware of the D1 sale.)( WSNSDE0015161-98)<br><br>D4: U.S. Patent No. 5,724,738, to Daly et al., filed on December 31, 1991. (WSNSDE0008620-5)<br><br>D5: Digital Audio Tape For Data Storage , IEEE Spectrum, October, 1989. (WSNSDE0010785-9)<br><br>D6: Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D7: Racal s Rapidax Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions. (NSDE008300-008302) (evidencing the hardware of the D6 sale).<br><br>D8: Rapidax Access Voice Logging Recorder. (NSDE008312-008319) (evidencing the hardware of the D6 sale).<br><br>D9: Rapidax Instant Call Recorder, (NSDE008305-008309) (illustrating the hardware of the D6 sale).<br><br>D10: Rapidax in Surveillance and Security Monitoring (NSDE008310-008311) (evidencing the hardware of the D6 sale).<br><br>D11: Operator s Manual. (NSDE008320-008324) (evidencing the hardware of the D6 sale).<br><br>D12: System Manager s Manual. (NSDE008325-008340) (evidencing the hardware of the D6 sale). | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
|  | D13: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D6 sale). | |
|  | D14: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D6 sale). | |
|  | D15: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D6 sale). | |
| 1. A modular digital recording logger, comprising: | D1: D2 and D3.<br><br>D4: Col. 1, lines 28-58.<br><br>D6: D7, Pages 1-3. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1 (evidenced by D1-D3).<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 1 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32.<br><br>D6: D7, Pages 1-3; D8, Page 4. | |
| at least two circuit modules in said housing for converting analog voice signals to digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, each of said terminals being capable of receiving said analog voice signals for recording a two-way | D1: D2, and D3 Pages 2-5.<br><br>D4: Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6.<br><br>D6: D7, Page 2; D8, Page 6. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| conversation; | | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65   Col. 3, line 2.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit; | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6. | |
| a digital audio tape (DAT) drive for storing said compressed voice data. | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article.<br><br>D6: D10, Page 1; D13, Page 2; D12, Pages 6-16. | The DAT in D1 is used to store compressed data.  The DAT may be used as backup storage to the host computer of D4, which "stores" data from the voice processing board.   It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for the purpose of backup storage and archiving of digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data.  It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |
| 3. The modular digital recording logger of claim 1, further including a speaker in communication with at least one circuit module. | D1: D2 and D3 Pages 8-9.<br><br>D6: D8, Page 7. | Claim 3 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 3 is invalid under 35 U.S.C. §102(b) as anticipated by D6 |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |
| 4. The modular digital recording logger of claim 1, further comprising a hard disk drive in said housing for storing and reproducing said compressed voice data. | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58.<br><br>D6: D7, Pages 1-3; D8, Page 7. | Claim 4 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 4 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 4 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 1. |
| 6. The modular digital recording logger of claim 1, wherein said first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Page 2; D8, Page 6. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| 11. A network system of modular digital recording loggers, comprising: | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6. | Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 11 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| at least two digital recording loggers for logging voice | D1: D2, and D3 Pages 2, 17. | It would have been obvious to one of ordinary skill in the art to utilize |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| conversations, each of said recording loggers comprising: | D6: D7, Pages 1-3; D8, Pages 2-6. | multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access to stored digital voice signals on remote computers or devices, as in D1. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32.<br><br>D6: D7, Pages 1-3; D8, Page 4. | |
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | D1: D2, and D3 Pages 2-5.<br><br>D4: FIG. 1; Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65    Col. 3, line 2.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| a digital audio tape (DAT) drive for storing said compressed voice data, | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article.<br><br>D6: D10, Page 1; D13, Page 2; D12, Pages 6-16. | D1 teaches a DAT drive for use in the system of D4. The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for backup storage and archiving digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |
| a hard disk drive in said housing for storing and reproducing said compressed voice data, | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58.<br><br>D6: D7, Pages 1-3; D8, Page 7. | |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | D1: D2 and D3 Pages 2, 6-7, and 11-15.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | D1: D2 and D3 Pages 2, 6-7, and 11-15.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2. | One or more buses may be added to D4 to communicate with the DAT in addition to the hard disk drive, which is a matter of design choice. It would have been obvious to one of ordinary skill in the art to use a single bus to reduce the number of communication channels required to supply digital data to the DAT and hard disk, as in D1. |
| a second computer for processing compressed digital voice signals received from each of said recording loggers; and | D1: D2 and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, and to permit computer access to stored digital voice signals, to permit remote access of digital |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | voice signals from a single location. |
| a third bus connecting each of said recording loggers to said second computer. | D1: D2 and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, and to permit computer access to stored digital voice signals, to permit remote access of digital voice signals from a single location. |
| 13. The network system of claim 11, wherein said third bus is a local area network (LAN) bus. | D1: D2, D3 Pages 2, 12-17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 13 is invalid under 35 U.S.C. §102(b) as anticipated by D1 and/or D6, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 and/or D6.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN would have been obvious to one of ordinary skill in the art as a matter of design choice. |
| 15. The network system of claim 11, wherein said first bus is a time division multiplexed (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1, Col. 2, line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3; D8, Page 6. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 15 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 11. |
| 20. The network system of claim 11, wherein said second computer is a workstation. | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 20 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | on remote devices, as in D1, to permit a distributed system of recorders.<br><br>Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |
| 21. The network system of claim 11, further comprising a speaker in communication with said second computer for reproducing said analog voice signals. | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 21 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders.<br><br>Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |

**U.S. Pat. No. 6,959,079 Invalidity Chart**

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: Teknekron Infoswitch website, dated July 1997.(WSNSDE0010761) | |
| | D2: U.S. Patent No. 5,790,798 to Beckett II, et al., issued August 4, 1998, filed May 31, 1996. (WSNSDE0005413-31) | |
| | D3: U.S. Patent No. 5,867,559 to Jorgenson, et al., issued February 2, 1999, filed February 20, 1996. (WSNSDE0005592-600) | |
| | D4: U.S. Patent No. 6,263,049 B1 to Kuhn, issued July 17, 2001, filed September 25, 1997, claiming priority to U.S. Provisional Application Serial No. 60/028,192 filed October 10, 1996. (WSNSDE0006158-71) | |
| | D5: U.S. Patent No. 6,370,574 to House, et al., issued April 9, 2002, filed December 16, 1998. (WSNSDE0006331-55) | |
| | D6: U.S. Patent No. 6,600,821 to Chan, et al., issued July 29, 2003, filed October 26, 1999. (WSNSDE0006684-94) | |
| | D7: U.S. Patent No. 6,404,857 to Blair, et al., issued on June 11, 2002, filed February 10, 2000, claiming priority to U.S. Patent Application Ser. No. 08/936,428, filed September 24, 1997. (WSNB018866-74) | |
| 1. A monitoring system for monitoring interactions of an agent with customers comprising: | D1:  Desktop Screen Capture  page.<br><br>D2: column 1, lines 21-25, and lines 52-56.<br><br>D3: column 1, lines 7-9.<br><br>D4: column 1, lines 14-17, and lines 28-30.<br><br>D5: column 1, lines 35-38, and column 1, line 66  column 2, line 3. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 6,959,079 Invalidity Chart

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| a voice logger to receive and record audio of a telephone call of said agent; | D1:  Desktop Screen Capture  page.<br><br>D2: column 15, lines 20-27.<br><br>D3: column 1, lines 52-56.<br><br>D4: column 9, lines 45-61.<br><br>D5: column 6, lines 7-23. | |
| a screen logger to receive and record video screen data associated with interactions of said agent with a computer during the telephone call; and | D1:  Desktop Screen Capture  page.<br><br>D2: column 4, lines 33-50.<br><br>D3: column 1, lines 56-61, and column 1, line 66   column 2, line 4.<br><br>D4: column 9, lines 45-61.<br><br>D5: column 6, lines 7-23. | |
| an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition. | D1:  On Demand  page.<br><br>D2: column 6, lines 15-26.<br><br>D3: column 3, lines 25-33.<br><br>D4: column 11, lines 1-14.<br><br>D5: column 17, lines 8-13. | . |
| 3. The monitoring system of claim 1, wherein said event manager is able to instruct said voice logger to begin recording of an audio portion of said telephone call and to instruct said screen logger to begin recording generally in synchronicity with said voice logger at least a portion of said video screen data when said monitoring condition is satisfied. | D1:  Desktop Screen Capture  page;  On Demand  page.<br><br>D2: column 4, lines 33-50; column 6, lines 15-26.<br><br>D3: column 1, lines 56-61; column 1, line 66   column 2, line 4; column 3, lines 25-33.<br><br>D4: column 9, lines 45-61; column 11, lines 1-14.<br><br>D5: column 6, lines 7-23; column 17, lines 8-13. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 6. The monitoring system of claim 5, wherein said evaluator is able to perform automated evaluations based on predefined programming. | D1:  P&Q Review  page.<br><br>D4: column 9, lines 32-36.<br><br>D6: column 4, line 56   column 5, line | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D4. |

## U.S. Pat. No. 6,959,079 Invalidity Chart

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 6.<br><br>D7: column 3, lines 7-43. | Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D6 in combination with D1 and/or D4.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D6 in combination with D1 and/or D4.<br><br>This claim is invalid under 35 U.S.C. § 103 as being obvious over D6 in combination with D1 and/or D4. It would have been obvious to one of ordinary skill in the art to incorporate the voice recognition technology of D6 into the call center monitoring system of D1 or D4 in order to detect problematic calls among those stored in the system.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D7 in combination with D1 and/or D4.<br><br>This claim is invalid under 35 U.S.C. § 103 as being obvious over D7 in combination with D1 and/or D4. It would have been obvious to one of ordinary skill in the art to incorporate the voice recognition technology of D7 into the call center monitoring system of D1 or D4 in order to determine the quality of service provided during the call. |

## U.S. Pat. No. 5,274,738 Invalidity Chart

| 738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 4,995,054 to Boyd, Jr. et al., issued September 4, 1990, filed October 5, 1988. (WSNSDE0044270-76)<br><br>D2: U.S. Patent No. 4,817,086 to Oye et al., issued March 18, 1989, filed August 27, 1986. (WSNSDE0044254-69)<br><br>D3: U.S. Patent No. 4,573,140 to Szeto, issued February 25, 1986, filed March 30, 1983. (WSNSDE0002435-49) | |
| 1. A digital modular voice processing system comprising: | | Claim 1 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with D2. |
| a) a host computer having a host processor, and a storage medium, a memory and a bus interface in communication with said host processor, | D1: Figure 5; column 3, lines 23-24; column 5, lines 47-48. | It is well known that PC-AT computers include a processor, storage medium, and a bus interface. |
| b) a first bus in communication with said bus interface, | D1: Figure 5; column 5, lines 47-48. | |
| c) a voice processing card having at least one digital signal processor and at least one application processor in communication with said at least one digital signal processor, a first interface providing communication between said at least one application processor and said first bus, and a first time division multiplexer chip in communication with said at least one digital signal processor, | D1: Figure 5; Figure 6; Figure 8; column 4, lines 35-40; column 5, lines 43-67; column 3, lines 7-9.<br><br>D2: Figure 1; Figure 3; column 3, lines 68-61; column 7, lines 62-65. | D1 discloses each of the recited claim elements. The location of these chips is merely a matter of design choice.<br><br>DS1/T1 lines are well known to be time division multiplexed (TDM). The switch line interface of D1 is a TDM chip.<br><br>It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors 10 and signal processors 13. |

## U.S. Pat. No. 5,274,738 Invalidity Chart

| 738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | |
| d) a second bus in communication with said first time division multiplexer chip, and | D1: Figure 1; Figure 5; Figure 6; Figure 8; column 6, lines 25-27. | |
| e) at least one audio card including a second time division multiplexer chip that communicates with said second bus, an audio processor in communication with said second time division multiplexer chip, and a second interface in communication with said audio processor, said second interface having a plurality of ports that provide communication with communication lines. | D1: Figure 1; Figure 2, Figure 5; Figure 6; column 2, lines 29-39; column 4, lines 62-68.<br><br>D2: Figure 1; Figure 3; column 3, lines 68- 61; column 7, lines 62-65. | DS1/T1 lines are well known to be TDM. The DS1 line interface of D1 is a TDM chip. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1: Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998.<br><br>D2:  Blue Cross Blue Shield User Guide  (illustrating hardware of D1 sale) (WSNSDE0012983-92)<br><br>D3:  Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D1 sale) (WSNSDE0012967-82)<br><br>D4:  Tracking Agent Id through Inter-Site Call Transfers  (illustrating hardware of D1 sale)(WSNSDE0012993-4)<br><br>D5:  Blue Cross Blue Shield System Diagrams  (illustrating hardware of D1 sale)(WSNSDE0013084-7;WSNSDE0013177-83)<br><br>D6:  e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94)<br><br>D7:  E1000/E500 Recorder: Engineer Familiarisation  (illustrating the hardware of the D1 sale.) (WSNSDE0015161-98)<br><br>D8: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998. (WSNSDE0000874-94) | |
| 1. A multi-stage data logging system comprising: | D1: D3, pg. 5; D5. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | D1: D3, pgs. 5-6; D5.<br><br>D8: paras. 46 to 48. | |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality | D1: D3, pgs. 5-7, and 16; D4, pgs. 3-5; D5; D6; D7.<br><br>D8: paras. 34, 38, 39, 43, 58, 71-75, and 78. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| of communication channels; | | |
| c) a distribution stage providing access to data logged in the recorder stage; | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42. | |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 46-48. | |
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 30-33. | |
| 6. The data logging system of claim 1 wherein the telecom stage provides time stamping of the received input. | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 35, 99. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 14 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| c1) a first interface receiving data from the recorder stage; | D1: D3, Page 5; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| c2) a controller for directing and monitoring distribution stage operations; | D1: D2, pgs. 3-4, 7; D3, pgs. 5-7; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| c3) a buffer for transitional data storage; and | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| c4) a second interface for distributing data to one or more output channels. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| 15. The data logging system of claim 1 wherein the | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| distribution stage comprises an archive storage device for archiving data. | | |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | | Claim 17 is invalid under 35 U.S.C. §102(b) as obvious over D1.<br><br>It would have been obvious to one of ordinary skill in the art to replace a hard disk drive, as in D1, with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance. |
| 19. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 19 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109. | |
| 32. The data logging system of claim 1, wherein the distribution stage is implemented as a network server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 32 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 33. The data logging system of claim 32, wherein the network server is a Web server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42. | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, from web-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | computer/network. |
| 34. The data logging system of claim 32, wherein the network server is a file server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 34 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| 43. A data logger, comprising: | | Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 43 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| a telecommunication device receiving input from a plurality of communication channels; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 46 to 48. | |
| a processor converting the received input to one or more data formats; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 47 to 52. | |
| a memory for logging information about the received input, the information comprising data converted to at least one data format; | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 34-35, 38, 78, and 99. | |
| a communication path to a communications network; and | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42. | |
| a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user. | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42. | |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |

### U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | D8 discloses a call center with call recording capabilities, where the call center is accessible via the Internet, a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, from Internet-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network. |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

        *Plaintiffs and Counterclaim
Defendants,*

        v.

WITNESS SYSTEMS, INC.

        *Defendant and Counterclaim
Plaintiff.*

C.A. No. 1:06-CV-00311-JJF

## DEFENDANT WITNESS SYSTEMS, INC. S SUPPLEMENTAL RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC. S AND NICE SYSTEMS LTD. S INTERROGATORY 2 and 2(a)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware, Defendant Witness Systems, Inc. ( Witness Systems ) provides the following supplemental objections and responses to the Interrogatories propounded by Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively, NICE ). Subject to and without waiving its previously stated objections, Witness Systems incorporates by reference its responses and objections to NICE s First and Second Sets of Interrogatories as if set forth verbatim herein, and for brevity provides only the supplemental information for the identified interrogatories below:

## SUPPLEMENTAL RESPONSES

## INTERROGATORY NO. 2:

Describe in detail the factual and legal bases for Witness' contention that [the claims of the  738,  371,  005,  345,  372,  370, 920,  079, and  109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation § § 102, 103, and/or 112. The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. § 112 Witness contends the Patents-In-Suit do not

**meet and an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.**

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

For each of the Patents-in-Suit that Witness Systems contends to be invalid in view of the e1000 recorder, including documentation for and actual physical samples of the same, whether alone or in combination with one more references, Witness Systems intends to rely on the personal knowledge of Mr. Alan Gribben.

Witness believes one or more of the claims of the  371 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following refrences, either alone or in combination: The Disk Drive As An Audio Recorder, Hard Disk Recording Conference (May 16-17, 1990); An Experimental Speech Storage and Editing Facility, The Bell System Technical Journal (October 1980); Mediation Brief, Analysis of Prior Art Which Anticipates or Renders Obvious the Claims of U.S. Patent No. 5,396,371, in Dictaphone Corporation vs. Mercom Systems, Inc., Civil Action 3:00CV1143; 4,375,083; JP S62-20460; Memory Space Allocation of Messages in Voice  Mail, IBM Technical Disclosure Bulletin (July 1987); A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System, 83rd AES Corporation (October 16-19, 1987); A Flexible Digital Sound-Editing Program for Minicomputer Systems, 68th Convention of the Audio Engineering Society in Hamburg, German, Journal of Audio Engineering Society (March 17-20, 1981); NICE  s Markman Brief in Dictaphone Corporation vs. Nice Systems, Ltd., (June 21, 2002), Civil Action 3:00CV1143; Magnasync Digital Voice Logger, sold in the U.S. as of at least October, 1992.

Witness believes one or more of the claims of the  920 Patent are invalid under 35

U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following refrences, either

alone or in combination:  U.S. Publication No. 2001/0043697 to Cox, published

November 22, 2001, filed on May 11, 1998.(WSNSDE0000874-94); PCT Publication

No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25,

1997.(WSNSDE0008433-77); U.S. Patent No. 5,668,863 to Bieslin, filed April 26, 1996,

claiming priority to U.S. Application Serial No. 08/509,390, filed June 31,

1995.(WSNSDE0005185-5222); Blue Cross Blue Shield Eclipse, sold in the U.S. before

June 2, 1998;  "Blue Cross Blue Shield User Guide" (illustrating hardware of D1 sale)

(WSNSDE0012983-92);  "Application Development Guide - Blue Cross / Blue Shield

Eclipse Project Eclipse Modification and Design" (illustrating hardware of D1 sale)

(WSNSDE0012967-82);  "Tracking Agent Id through Inter-Site Call Transfers"

(illustrating hardware of D1 sale)(WSNSDE0012993-4);  "Racal Adds Remote  Replay

Over LAN  to Wordnet Voice-Logging Recorder, dated June 17, 1996;  Deposition of

Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002,

Civil Action 3:00CV1143. (NSDE008273-008299);  United States Patent No. 6,222,838

to Sparks, filed November 26, 1997;  European Patent Publication 0837388A2, to

Yamakita, filed October 9, 1997, claiming priority to October 15, 1996.

Witness believes one or more of the claims of the  372 Patent are invalid under 35

U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following refrences, either

alone or in combination:  Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2,

1998;  "Blue Cross Blue Shield User Guide" (illustrating hardware of D1 sale)

(WSNSDE0012983-92);  "Application Development Guide - Blue Cross / Blue Shield

Eclipse Project Eclipse Modification and Design" (illustrating hardware of D1 sale)
(WSNSDE0012967-82); "Tracking Agent Id through Inter-Site Call Transfers"
(illustrating hardware of D1 sale)(WSNSDE0012993-4); "Blue Cross Blue Shield
System Diagrams" (illustrating hardware of D1 sale)(WSNSDE0013084-7;
WSNSDE0013177-83); e1000 Circuit Diagrams (illustrating the hardware of the D1
sale). (WSNSDE0013861-94; WSNSDE0050671); "E1000/E500 Recorder: Engineer
Familiarisation" (illustrating the hardware of the D1 sale). (WSNSDE0015161-98); U.S.
Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11,
1998. (WSNSDE0000874-94); PCT Publication No. WO 98/13995 to Smythe, published
April 2, 1998, filed September 25, 1997. (WSNSDE0008433-77); Racal Rapidax, sold in
the U.S. as of at least December 21, 1992; "Racal s 'Rapidax  Voice Logging Recorders
Offers Instant Message Recall of Multichannel Calls, Transmissions," dated June 4,
1991. (NSDE008300-008302) (evidencing the hardware of the D10 sale); "Rapidax
Access Voice Logging Recorder." (NSDE008312-008319) (evidencing the hardware of
the D10 sale); "Rapidax Instant Call Recorder," (NSDE008305-008309) (illustrating the
hardware of the D10 sale); "Rapidax in Surveillance and Security Monitoring"
(NSDE008310-008311) (evidencing the hardware of the D10 sale); "Operator s
Manual." (NSDE008320-008324) (evidencing the hardware of the D10 sale); "System
Manager s Manual." (NSDE008325-008340) (evidencing the hardware of the D10 sale);
"Rapidax Tape Archive and System Network."  (NSDE008303-008304) (evidencing the
hardware of the D10 sale); Deposition of Andrew Jackson in Dictaphone CorPage vs.
Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143.  (NSDE008273-
008299) (evidencing the hardware of the D10 sale); Expert Report on the Invalidity of

U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21,

2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of

the D10 sale); R[a]cal Recorders, Inc.; "R[a]cal Adds Remote 'Replay Over LAN' to

Wordnet Voice   Logging Recorder," June 1996. (MERC 013540); "Proposal for a

Quality Monitoring / Agent Evaluation System", dated August 20, 1998. (WSNDE

013060-066); Canon ITS Technology Services Incorporated Quality Monitoring

Functionality Design, dated November 18, 1998. (WSNDE 013035-059) (evidencing the

hardware and function of the D21 offer for sale.); "Racal 'Worldnet'   Second

Generation of World's Best Selling Voice-Logging Recorder," June 28, 1995. (NSDE

004715-16); United States Patent No. 6,222,838 to Sparks, filed November 26, 1997.

## INTERROGATORY NO. 2(a):

On a claim-by-claim basis in a chart, for each prior art reference identified by Witness in response to NICE's Interrogatory No. 2, identify the disclosure in each prior art reference of each limitation of the Asserted Claims in the respective Patent-in-Suit.  To the extent that Witness asserts the prior art references support its invalidity defense under 35 U.S.C. § 103, it must further identify any prior art combinations and the motivation to combine those references.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2(a):

Witness Systems incorporates by reference its General Objections as if fully

stated herein.  Witness Systems also objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege, work product doctrine, and/or any

other applicable privilege.  Witness Systems further objects to this Interrogatory to the

extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is

not.  Thus, this Interrogatory counts as a separate Interrogatory.  Witness Systems further

objects to this Interrogatory to the extent it is premature because discovery is still

ongoing and the claims of the Patents-in-Suit have yet to be construed.  Witness Systems

further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or

to the extent it seeks information that will be the subject of expert opinion testimony.

Subject to and without waiving the foregoing objections, Witness Systems refers NICE to

Supplemental Exhibit B, which identifies additional representative, invalidating prior art

for the ten asserted patents.  Numerous other prior art references also contain the

identified disclosures.  Witness Systems reserves its right to amend and/or supplement

this response as discovery and Witness Systems' investigation continue, and after any

claim construction ruling.  Witness Systems specifically reserves the right to supplement

and/or amend its response in light of information and materials that it is currently seeking

from third parties.


DATED:  May 30, 2007                          FISH & RICHARDSON P.C.


                                              /s/ Kyle Wagner Compton
                                              William J. Marsden, Jr. (#2247)
                                              Kyle Wagner Compton (#4693)
                                              919 N. Market Street, Suite 1100
                                              P.O. Box 1114
                                              Wilmington, DE 19899-1114
                                              Tel:  (302) 652-5070

                                              Nagendra Setty (*Pro Hac Vice*)
                                              Daniel A. Kent (*Pro Hac Vice*)
                                              1180 Peachtree Street, NE, 19th Floor
                                              Atlanta, GA 30309
                                              Tel: (404) 892-5005

                                              ATTORNEYS FOR DEFENDANT
                                              WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2007, I caused to be served   DEFENDANT WITNESS

SYSTEMS, INC. S SUPPLEMENTAL RESPONSES TO PLAINTIFFS NICE SYSTEMS,

INC. S AND NICE SYSTEMS LTD. S INTERROGATORIES 2 and 2(a)   on counsel for

Plaintiffs as follows:

**By E-Mail and U.S. First Class Mail:**

Scott G. Lindvall                         Attorneys for Plaintiffs
Daniel P. DiNapoli                        NICE Systems, Inc.  And NICE Systems,
Joseph M. Drayton                         LTD
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**By E-Mail and Hand Delivery:**

Josy W. Ingersoll                         Attorneys for Plaintiffs
Melanie K. Sharp                          NICE Systems, Inc.  And NICE
Karen E. Keller                           Systems, LTD
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

_/s/ Kyle Wagner Compton_
Kyle Wagner Compton (#4693)

# SUPPLEMENTAL EXHIBIT B

## U.S. Pat. No. 5,274,738 Invalidity Chart

| 738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 4,995,054 to Boyd, Jr. et al., issued September 4, 1990, filed October 5, 1988. (WSNSDE0044270-76)  D2: U.S. Patent No. 4,817,086 to Oye et al., issued March 18, 1989, filed August 27, 1986. (WSNSDE0044254-69)  D3: U.S. Patent No. 4,573,140 to Szeto, issued February 25, 1986, filed March 30, 1983. (WSNSDE0002435-49) | |
| 1. A digital modular voice processing system comprising: | | Claim 1 is invalid under 35 U.S.C. § 103 over D1, or in the alternative, 35 U.S.C. § 103 over D1 in combination with D2. |
| a) a host computer having a host processor, and a storage medium, a memory and a bus interface in communication with said host processor, | D1: Figure 5; column 3, lines 23-24; column 5, lines 47-48. | It is well known that PC-AT computers include a processor, storage medium, and a bus interface. |
| b) a first bus in communication with said bus interface, | D1: Figure 5; column 5, lines 47-48. | |
| c) a voice processing card having at least one digital signal processor and at least one application processor in communication with said at least one digital signal processor, a first interface providing communication between said at least one application processor and said first bus, and a first time division multiplexer chip in communication with said at least one digital signal processor, | D1: Figure 5; Figure 6; Figure 8; column 4, lines 35-40; column 5, lines 43-67; column 3, lines 7-9.  D2: Figure 1; Figure 3; column 3, lines 68- 61; column 7, lines 62-65. | D1 discloses each of the recited claim elements. The location of these chips is merely a matter of design choice.  DS1/T1 lines are well known to be time division multiplexed (TDM). The switch line interface of D1 is a TDM chip.  It would have been obvious to one of ordinary skill in the art to include the TDM bus and interface of D2 between the interface processor and signal processor of D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors and signal processors.  A digital voice processing system designer of ordinary skill in the art, facing the wide |

- 1 -

## U.S. Pat. No. 5,274,738 Invalidity Chart

| 738 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | range of needs created by developments in the field of digital voice processing systems, would have seen a benefit to incorporate the TDM bus between the interface processor and signal processor as taught by D1 to efficiently move large amounts of data between the two components using a single wire. This reduces the number of multiple channels needed between the interface processors and signal processors. |
| d) a second bus in communication with said first time division multiplexer chip, and | D1: Figure 1; Figure 5; Figure 6; Figure 8; column 6, lines 25-27. | |
| e) at least one audio card including a second time division multiplexer chip that communicates with said second bus, an audio processor in communication with said second time division multiplexer chip, and a second interface in communication with said audio processor, said second interface having a plurality of ports that provide communication with communication lines. | D1: Figure 1; Figure 2, Figure 5; Figure 6; column 2, lines 29-39; column 4, lines 62-68.<br><br>D2: Figure 1; Figure 3; column 3, lines 68-61; column 7, lines 62-65. | DS1/T1 lines are well known to be TDM. The DS1 line interface of D1 is a TDM chip. |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1:  Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D2:   Racal s Rapidax  Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions.   (NSDE008300-008302) (evidencing the hardware of the D1 sale).<br><br>D3:   Rapidax Access Voice Logging Recorder.  (NSDE008312-008319) (evidencing the hardware of the D1 sale).<br><br>D4:   Rapidax Instant Call Recorder, (NSDE008305-008309)  (illustrating the hardware of the D1 sale).<br><br>D5:   Rapidax in Surveillance and Security Monitoring  (NSDE008310-008311) (evidencing the hardware of the D1 sale).<br><br>D6:   Operator s Manual. (NSDE008320-008324) (evidencing the hardware of the D1 sale).<br><br>D7:   System Manager s Manual. (NSDE008325-008340) (evidencing the hardware of the D1 sale).<br><br>D8:   Rapidax Tape Archive and System Network.   (NSDE008303-008304) (evidencing the hardware of the D1 sale).<br><br>D9:  Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143.  (NSDE008273-008299) (evidencing hardware of the D9 sale)<br><br>D10:  Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143.  (NSDE008447-008468) (evidencing the hardware of the D1 sale).<br><br>D11:  United States Patent No. 4,891,835, to Leung, filed on Aoruk 30, 1986, issued on June 2, 1990.  (WSNSDE0003055-80) | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D12: Sale of Eyretel e1000, sold in the U.S. as of at least October, 1992. | |
| | D13: Deposition of Chris Blair in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (evidencing the hardware of the D12 sale) | |
| | D14: European Patent Publication 0372894, to Koizumi, published on June 13, 1990, filed on December 5, 1989.(WSNSDE0000277-93) | |
| | D15: U.S. Patent No. 4,905,141, to Brenza, issued February 27, 1990, filed on October 25, 1988.(WSNSDE0003096-126) | |
| | D16: U.S. Patent No. 4,864,543, to Ward, issued September 5, 1989, filed on April 30, 1987. (WSNSDE0002971-84) | |
| | D17: "The Disk Drive As An Audio Recorder," Hard Disk Recording Conference, published on Mary 16-17, 1990. (LOOSABLLP 002304-15) | |
| | D18: "An Experimental Speech Storage and Editing Facility," The Bell System Technical Journal, published in October 1980. (LOOSABLLP 002317-002330) | |
| | D19: Mediation Brief, Analysis of Prior Art Which Anticipates or Renders Obvious the Claims of U.S. Patent No. 5,396,371, in Dictaphone Corporation vs. Mercom Systems, Inc., Civil Action 3:00CV1143 (evidencing hardware of D1). (LOOSABLLP 002292-002302) | |
| | D20: United States Patent No. 4,375,083, to Maxemchuk, issued on February 22, 1983. (LOOSABLLP 002332-002355) | |
| | D21: Japanese Publication No. S62-20460, to Hirokawa, published on January 29, 1987. (LOOSABLLP 002357-002364) | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D22: "Memory Space Allocation of Messages in Voice Mail," IBM Technical Disclosure Bulletin, published in July 1987. (LOOSABLLP 002366-002367)<br><br>D23: "A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System," presented to the public at the 83rd AES Corporation on October 16-19, 1987. (002381-002398)<br><br>D24: "A Flexible Digital Sound-Editing Program for Minicomputer Systems," presented to the public at the 68th Convention of the Audio Engineering Society in Hamburg, German, Journal of Audio Engineering Society, on March 17-20, 1981. (NSDE008479-86)<br><br>D25: NICE's Markman Brief in Dictaphone Corporation vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:0QCV1143. (NSDE014561-603) (evidencing hardware of D24)<br><br>D26: Magnasync Digital Voice Logger, sold in the U.S. as of at least October, 1992. (JONESDAY0021219-JONESDAY0021224) | |
| 1. In a method of storing and retrieving audio from a digital audio logger, the steps comprising: | D1: D2, Pages 1-2; D9, Page 8, line 17    Page 9, line 4;<br><br>D12: D13, Page 11, lines 7-8.<br><br>D11: Col. 2, lines 10-14.<br><br>D17: Page 16, Para. 5.<br><br>D26: JONESDAY0021219-JONESDAY0021224. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D17 and/or D21.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D17 in combination with D1 and/or D12 and/or D14 and/or D18 and/or D21 and/or D23 and/or D26. |
| a) monitoring an audio source, | D1: D8, Page 1; D4, Page 4.<br><br>D11: Col. 3, lines 42-50.<br><br>D12: D13, Page 11, lines 7-8. | |

- 3 -

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D14: Col. 4, lines 24-30. | |
| | D17: Page 17, Para. 3, 4. | |
| b) storing audio data from the audio source in a buffer, | D1: D9, Page 18, lines 10-14; D10, Page 9; D2, Page 2. | |
| | D11: Figure 6, Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47. | |
| | D12: D13, Page 11, lines 7-8. | |
| | D14: Col. 5, lines 16-27. | |
| | D17: Page 16, Para. 3-4; Page 18, Paragraphs 3, 4; Page 18, Para. 3; Page 20, Figure 1. | |
| | D21: LOOSABLLP 002357, 002358. | |
| | D23: Page 9, section 5.3. | |
| | D26: JONESDAY0021219-JONESDAY0021224. | |
| c) writing the audio data from the buffer onto a digital audio tape and a random access storage device, and | D1: D8, Page 1; D3, Page 3; D4, Page 4; D10; D9, Page 14, lines 20-25; Page 46, lines 2-20; | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels. |
| | D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41. | |
| | D12: D13, Page 11, lines 18-21. | |
| | D14: Col. 3, lines 17-27, Col. 5, lines 35-41. | It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data. |
| | D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | |
| | D17: Page 16, Para. 6; Page 18, Para. 1-4. | |
| | D18: Page 1385, Para. 2, 4; Page, 1388, Para. 2, 4; D19: Page 4, lines 7-8). | |
| | D21: LOOSABLLP 002357, 002358. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that |
| | D23: Page 9, section 5.3. | |
| | D26: JONESDAY0021219-JONESDAY0021224. | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels. |
| d) retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device. | D1: D2, Page 1; D5, Page 1; D10, Page 10; D9: Page 14, lines 20-25; Page 46, lines 2-20.<br><br>D11: Col. 2, lines 29-48. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 and/or the random access memory of D21 with the system of D17 and/or D26 to |

U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D14: Col. 3, lines 17-27, Col. 4, lines 33-35, Col. 5, lines 35-41, Col. 6, lines 31-35.<br><br>D12: D13, Page 11, lines 18-21.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 1-4.<br><br>D21: LOOSABLLP 002357, 002358.<br><br>D23: Page 9, section 5.3.<br><br>D26: JONESDAY0021219-JONESDAY0021224. | retrieve data more efficiently and precisely and/or to write audio in the digital audio tape and the random access storage device in digital format.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 and/or the random access memory of D21 with the system of D17 and/or D26 to retrieve data more efficiently and precisely and/or to write audio in the digital audio tape and the random access storage device in digital format. |
| 5. In a system for processing audio having | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10; Page 15, lines 12-23, Page 22, lines 10-13.<br>.<br>D17: Page 13, Para. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 and/or D26.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D14 in combination with D1 and/or D11 and/or D15 and/or D16 and/or D17 D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D17 in combination with D1 and/or D11 and/or D12, and/or D15 and/or D16 and/or D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24 and/or D26. |
| an interface for receiving audio from an audio source, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page 15, lines 12-23, Page 22, lines 10-13.<br><br>D17: Page. 16, Para. 3 | |
| a digital signal processor in communication with the interface for compressing the | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, D10, Page 16. | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| audio signals, | D17: Page 16, Para. 3 | |
| a controller in communication with the digital signal processor for receiving audio therefrom and arranging data in a prescribed order, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16.<br><br>D17: Page 16, Para. 3, 5. | |
| a supervisor in communication with said controller accessing data from said system, and | D1: D9, Page 15, lines 12-23, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16.<br><br>D17: Page 16, Para. 3, 5. | |
| a buffer in communication with the controller for receiving arranged audio from the controller, the improvement comprising: | D1: D9, Page 10, line 13 – Page 11, line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, page 2; D10, Page 9.<br><br>D17: Page. 16, Para. 3 | |
| a digital audio tape drive unit in communication with the buffer for receiving arranged audio data from the buffer, | D1: D9, Page 10, line 13 – Page 11, line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, Page 2; D10, Page 17.<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41, Col. 3, lines 31-47, Col. 7, lines 26-33.<br><br>D12: D13, Page 11, lines 18-21<br><br>D14: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D23: Page 9, section 5.3.<br><br>D26: JONESDAY0021219-JONESDAY0021224 | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by |

U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels. |
| a random access storage device, and | D1: D4, NSDE008308, D9, Page 14, lines 9-25, NSDE008278, D10, NSDE008463.<br><br>D11: Col. 2, lines 32-36, Col. 17, lines 18-54.<br><br>D14: Col. 3, lines 17-27, Col. 2, lines 47-54.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53. | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D17: Page 15, Para. 3; Page 16, 1-4; Figure 4.<br><br>D26: JONESDAY0021219-JONESDAY0021224. | |
| a pair of pointers providing communication between said buffer and random storage device, the first of said pointers operative for transmitting audio data to said random access storage device from said buffer and the second of said pointers being operative to send audio data from said random access storage device to said controller. | D1: D9, Page 15, lines 12-23, Page 16, lines 8-19, Page 19, line 20 – Page 22, line 13; D3, Pages 2-3; D9: Page 15, lines 1-23; Page 24, lines 5-14; Page 31, lines 1-12; Page 47, 5-20.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 3, 4.<br><br>D18: Page 1385, Para. 4, Page 1387 Para. 2; Page 1388, Para. 2, 4.<br><br>D20: Col. 13, lines 36-41; col. 14, lines 24-34; col. 15, lines 30-47.<br><br>D22: LOOSABLLP 002366, line 14 – LOOSABLLP 002367, line 69.<br><br>D26: JONESDAY0021219-JONESDAY0021224. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 with the system of D11 and/or D17 and/or D18 and/or D21 and/or D22 to store and retrieve data efficiently and precisely while operating with a single buffer and reduce loss of data resulting from an excessive transfer rate.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the pair of pointers of D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 and/or D26 with the system of D11 and/or D17 and/or D18 and/or D21 and/or D22 to store and retrieve data efficiently and precisely while operating with a single buffer and reduce loss of data resulting from an excessive transfer rate. |
| 8. An audio data storage device, comprising: | D1: D3, Page 3.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 13, Para. 1.<br><br>D19: Page 1385, Para. 2.<br><br>D26: JONESDAY0021219-JONESDAY0021224. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D22 and/or D26.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D17 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D22 and/or D26. |
| a random access storage device having a primary partition for storing audio data and a secondary partition for storing means for locating data on said | D1: D5, Page 1; D2, Page 1; D3, Page 3; D8, Page 1; D9: Page 15, lines 1-23; Page 19, line 17 – Page 20, line 14; Page 24, lines 5-14; Page 31, lines 1-12; Page 46, lines 2-20; Page 47, 5-20, | It would have been obvious to incorporate the partitions of D1 and/or D15 and/or D18 and/or D20 and/or D24 and/or D26 with the system of D11 and/or D12 and/or |

**U.S. Pat. No. 5,396,371 Invalidity Chart**

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| primary partition and<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate | Page 19, line 17 – Page 20, line 14; D10, Pages 12-13.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 2, 47-54.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 17, Para. 4; Page 18, Para. 1-3, 5.<br><br>D18: Page 1390, Para. 2-4.<br><br>D20: Col. 10, lines 36-40.<br><br>D24: Page 128, section 3.1.<br><br>D25: Page, 24-25.<br><br>D26: JONESDAY0021219-JONESDAY0021224. | D14 and/or D17 and/or to store and retrieve data more efficiently and precisely while operating with a single buffer and/or and reduce loss of data resulting from an excessive transfer rate.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the partitions of D1 and/or D15 and/or D18 and/or D20 and/or D24 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 to store and retrieve data more efficiently and precisely while operating with a single buffer and/or and reduce loss of data resulting from an excessive transfer rate. |
| a pair of pointers in communication with said random access memory, a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device. | D1: D9, Page 15, lines 12-23, Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15; D10, Pages 12-13, Pages 15-16; D9: Page 15, lines 1-23; Page 24, lines 5-14; Page 31, lines 1-12; Page 47, 5-20.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D16: Col. 2, line 62 – Col. 3, line 21, Col. 4, lines 11-33.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 3, 4.<br><br>D18: Page 1385, Para. 4, Page 1387 Para. 2; Page 1388, Para. 2, 4.<br><br>D20: Col. 13, lines 36-41; col. 14, lines 24-34; col. 15, lines 30-47. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 and/or D18 and/or D20 and/or D22 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 to retrieve data efficiently and precisely while operating with a single buffer and to store and retrieve data efficiently.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the pair of pointers of D16 and/or D18 and/or D20 and/or D22 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 to retrieve data efficiently and precisely while operating with a single buffer and to store and retrieve data efficiently. |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|-----------|------------------------|------------------|
|           | D22:  LOOSABLLP 002366, line 14 – LOOSABLLP 002367, line 69.  D24:  Page 128, section 3; Page 129, section 6.1; Page 130, section 7.1.  D25:  Page 23.  D26:  JONESDAY0021219-JONESDAY0021224. |                  |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1: Sale of Eyretel e1000, sold in the U.S. on or before October, 1992. See 30(b)(6) Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. | |
| | D2:  e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94; WSNSDE0050671) | |
| | D3:   E1000/E500 Recorder: Engineer Familiarisation  (illustrating the hardware of the D1 sale.) (WSNSDE0015161-98) | |
| | D4: U.S. Patent No. 5,724,738, to Daly et al., filed on December 31, 1991. (WSNSDE0008620-5) | |
| | D5:   Digital Audio Tape For Data Storage , IEEE Spectrum, October, 1989. (WSNSDE0010785-9) | |
| | D6: Racal Rapidax, sold in the U.S. as of at least December 21, 1992. | |
| | D7:    Racal s Rapidax  Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions. (NSDE008300-008302) (evidencing the hardware of the D6 sale). | |
| | D8:   Rapidax Access Voice Logging Recorder.  (NSDE008312-008319) (evidencing the hardware of the D6 sale). | |
| | D9:   Rapidax Instant Call Recorder, (NSDE008305-008309) (illustrating the hardware of the D6 sale). | |
| | D10:   Rapidax in Surveillance and Security Monitoring  (NSDE008310-008311) (evidencing the hardware of the D6 sale). | |
| | D11:   Operator s Manual. (NSDE008320-008324) (evidencing the hardware of the D6 sale). | |
| | D12:   System Manager s Manual. (NSDE008325-008340) (evidencing the hardware of the D6 sale). | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D13: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D6 sale).<br><br>D14: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D6 sale).<br><br>D15: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D6 sale). | |
| 1. A modular digital recording logger, comprising: | D1: D2 and D3.<br><br>D4: Col. 1, lines 28-58.<br><br>D6: D7, Pages 1-3; D9, Entire Document. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1 (evidenced by D1-D3).<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 1 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32.<br><br>D6: D7, Pages 1-3; D8, Page 4; D9, Entire Document. | |
| at least two circuit modules in said housing for converting analog voice signals to digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, each of said terminals being capable of receiving said analog voice signals for recording a two-way conversation; | D1: D2, and D3 Pages 2-5.<br><br>D4: Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6.<br><br>D6: D7, Page 2; D8, Page 6. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65   Col. 3, line 2.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit; | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6. | |
| a digital audio tape (DAT) drive for storing said compressed voice data. | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article.<br><br>D6: D10, Page 1; D13, Page 2; D12, Pages 6-16; D9, Entire Document. | The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer of D4, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for the purpose of backup storage and archiving of digital data.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital recording loggers, would have seen a benefit to incorporate the DAT teaching of D1 with the teachings of D4 to provide backup storage and archiving of digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |

- 3 -

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital recording loggers, would have seen a benefit to incorporate the DAT teaching of D5 with the teachings of D4 to provide backup storage and archiving of digital data. |
| 3. The modular digital recording logger of claim 1, further including a speaker in communication with at least one circuit module. | D1: D2 and D3 Pages 8-9.<br><br>D6: D8, Page 7. | Claim 3 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 3 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |
| 4. The modular digital recording logger of claim 1, further comprising a hard disk drive in said housing for storing and reproducing said compressed voice data. | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58.<br><br>D6: D7, Pages 1-3; D8, Page 7; D9, Entire Document. | Claim 4 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 4 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 4 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 1. |
| 6. The modular digital recording logger of claim 1, wherein said first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Page 2; D8, Page 6. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1. |
| 11. A network system of modular digital recording loggers, comprising: | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D9, | Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | Entire Document. | Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 11 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. |
| at least two digital recording loggers for logging voice conversations, each of said recording loggers comprising: | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6. | It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access to stored digital voice signals on remote computers or devices, as in D1.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the multiple digital voice processing systems of D4 with the teachings of D1 to permit access to stored digital voice signals on remote computers or devices. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32.<br><br>D6: D7, Pages 1-3; D8, Page 4; D9, Entire Document. | |
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | D1: D2, and D3 Pages 2-5.<br><br>D4: FIG. 1; Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a circuit in said housing for compressing said digital | D1: D2, and D3 Page 6. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| voice signals received from each of said circuit modules to provide compressed voice data, | D4: Col. 2, line 65    Col. 3, line 2.<br><br>D6: D7, Page 2; D8, Page 6. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6. | |
| a digital audio tape (DAT) drive for storing said compressed voice data, | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article.<br><br>D6: D10, Page 1; D13, Page 2; D12, Pages 6-16; D9, Entire Document. | D1 teaches a DAT drive for use in the system of D4. The DAT in D1 is used to store compressed data. The DAT may be used as backup storage to the host computer, which "stores" data from the voice processing board. It would have been obvious to one of ordinary skill in the art to include the DAT of D1 in the system of D4 for backup storage and archiving digital data.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the DAT teaching of D1 with the teachings of D4 to provide backup storage and archiving of digital data.<br><br>D5 discloses the use and advantages of DAT as high density storage for backing up voice data. It would have been obvious to one of ordinary skill in the art to include the DAT of D5 in the system of D4 for backup storage and archiving digital data. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the DAT teaching of D5 with the teachings of D4 to provide backup storage and archiving of digital data. |
| a hard disk drive in said housing for storing and reproducing said compressed voice data, | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58.<br><br>D6: D7, Pages 1-3; D8, Page 7; D9, Entire Document. | |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | D1: D2 and D3 Pages 2, 6-7, and 11-15.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16; D9, Entire Document. | |
| a second bus in said housing for connecting said computer to said hard disk drive and said DAT drive; | D1: D2 and D3 Pages 2, 6-7, and 11-15.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D9, Entire Document. | One or more buses may be added to D4 to communicate with the DAT in addition to the hard disk drive, which is a matter of design choice.  It would have been obvious to one of ordinary skill in the art to use a single bus to reduce the number of communication channels required to supply digital data to the DAT and hard disk, as in D1.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate a single bus with the teachings of D4 to reduce the number of communication channels required to supply digital data to the DAT and hard disk. |
| a second computer for processing compressed digital voice signals received from each of said recording loggers; and | D1: D2 and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, to permit computer access to stored digital voice signals, and to permit remote access of digital voice |

### U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | signals from a single location.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the connection of multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location. |
| a third bus connecting each of said recording loggers to said second computer. | D1: D2 and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the connection of multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location. |
| 13. The network system of claim 11, wherein said third bus is a local area network (LAN) bus. | D1: D2, D3 Pages 2, 12-17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 13 is invalid under 35 U.S.C. §102(b) as anticipated by D1 and/or D6, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 and/or D6.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN would have been obvious to one of ordinary skill in the art as a matter of design choice.<br><br>A digital recording logger designer of |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate a LAN, as in D6, with the teachings of D1 to permit computer connectivity. |
| 15. The network system of claim 11, wherein said first bus is a time division multiplexed (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1, Col. 2, line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3; D8, Page 6. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 15 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 11. |
| 20. The network system of claim 11, wherein said second computer is a workstation. | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 20 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit a distributed system of recorders to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |
| 21. The network system of claim 11, further comprising a speaker in communication with said second computer for reproducing said analog voice signals. | D1: D2, and D3 Pages 2, 17. D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D1. Claim 21 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders. A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit a distributed system of recorders to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices. Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor.<br><br>D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers.<br><br>D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996.(WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences.<br><br>D4: U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls.<br><br>D5: Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999.<br><br>D6: Blue Cross Blue Shield User Guide dated January 29, 1997 (illustrating system of D5) (WSNSDE0012983-92)<br><br>D7: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design dated November 25, 1997 (illustrating system of D5) (WSNSDE0012967-82).<br><br>D8: Tracking Agent Id through Inter-Site Call Transfers | |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | (illustrating the system of D5) (WSNSDE0012993-4). | |
| | D9: "E1000 for Windows User Guide" dated July 1997 (illustrating the system of the D5) (WSNSDE0011276-346). | |
| | D10: Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999. (WSNSDE013106) | |
| | D11: "E-Ware Replay-User Guide" dated November 1998 (illustrating the system of D5 and D10) (WSNSDE011798-844). | |
| | D12: "Unify System Managers Guide" dated August 1996 (illustrating the system of D10) (WANSDE012044-70). | |
| | D13: Cannon MediaStore/Unify/Eware Integration, sold in U.S. before June 8, 1998. | |
| | D14: "Proposal for a Quality Monitoring / Agent Evaluation System," dated 8/20/98 (illustrating system of D13) (WSNSDE013060-66). | |
| | D15: "Cannon ITS Technology Services Incorporated Quality Monitoring Functionality Design," dated 11/18/98 (illustrating system of D13) (WSNSDE013035-59). | |
| | D16: State Farm E1000/Unify/Eware Integration, sold in U.S. more than one year before June 8, 1999. | |
| | D17: State Farm Site Documentation (illustrating system of D16 as of 10/10/97) WSNSDE013162-71) | |
| | D18: Report to the Board of Directors, June 1997 (describing | |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | agreement to sell system to D16 in sec. 4.8) (WSNSDEPROD4817005-7). | |

U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 6. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to storing the types of data disclosed in D1 and/or D2 in the data storage systems disclosed in D3 and/or D4.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66; col. 4 ln. 66  col. 5 ln. 13.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | |
| and data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62  col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66  col. 5 ln. 13.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call, wherein said data representation comprises, for each segment of the call, the location of the stored audio data of that segment and the start time, end time, and duration of that segment. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 7. A method for recording information regarding telephone calls comprising one or more segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 6, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in Claim 6, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments relating to one or more telephone calls, | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 35-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| and data regarding telephony events associated with said telephone call segments, wherein the data regarding telephony events is received from a plurality of sources connected to a telephone switching environment, wherein at least one of the sources is a real time link and at least one of the sources is not a real time link; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63, col. 7, ll. 7-53.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 6, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in Claim 6, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 6, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in Claim 6, above. |

## U.S. Pat. No. 6,249,570 Invalidity Chart

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) identifying telephone call segments that relate to one telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 6, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in Claim 6, above. |

- 12 -

**U.S. Pat. No. 6,249,570 Invalidity Chart**

| 570 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) constructing a data representation of a lifetime of the telephone call using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 6, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in Claim 6, above. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1:  U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72)  D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor. | |
| | D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925)  D2 discloses an apparatus and method for exchanging telephone call information between two computers. | |
| | D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996. (WSNSDE0004992-5027)  D3 discloses a method and apparatus for recording and playback of audio conferences. | |
| | D4: U.S. Patent No. 5,982, 857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37)  D4 discloses a system and method for recording and playback of telephone calls. | |
| | D5:  Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999. | |
| | D6:   Blue Cross Blue Shield User Guide  dated January 29, 1997 (illustrating system of  D5) (WSNSDE0012983-92) | |
| | D7:   Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design  dated November 25, 1997 (illustrating system of D5). (WSNSDE0012967-82). | |
| | D8:   Tracking Agent Id through Inter-Site Call Transfers | |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | (illustrating the system of D5) (WSNSDE0012993-4). | |
| | D9: "B1000 for Windows User Guide" dated July 1997 (illustrating the system of the D5) (WSNSDE0011276-346). | |
| | D10: Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999. (WSNSDE013106) | |
| | D11: "E-Ware Replay-User Guide" dated November 1998 (illustrating the system of D5 and D10) (WSNSDE011798-844). | |
| | D12: "Unify System Managers Guide" dated August 1996 (illustrating the system of D10) (WANSDE012044-70). | |
| | D13: Cannon MediaStore/Unify/Eware Integration, sold in U.S. before June 8, 1998. | |
| | D14: "Proposal for a Quality Monitoring / Agent Evaluation System," dated 8/20/98 (illustrating system of D13) (WSNSDE013060-66). | |
| | D15: "Cannon ITS Technology Services Incorporated Quality Monitoring Functionality Design," dated 11/18/98 (illustrating system of D13) (WSNSDE013035-59). | |
| | D16: State Farm B1000/Unify/Eware Integration, sold in U.S. more than one year before June 8, 1999. | |
| | D17: State Farm Site Documentation (illustrating system of D16 as of 10/10/97) WSNSDE013162-71). | |
| | D18: Report to the Board of | |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | Directors, June 1997 (describing agreement to sell system to D16 in sec. 4.8) (WSNSDEPROD4817005-7). | |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 14. A method for recording information regarding telephone calls with three or more participants and comprising one or more participants and comprising one or more telephone call segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to storing the types of data disclosed in D1 and/or D2 in the data storage systems disclosed in D3 and/or D4.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of |

- 4 -

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| (b) receiving data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62   col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66   col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1   2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1   2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| (d) storing the received data regarding telephone events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (e) identifying telephone call segments that relate to the same telephone call; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |
| (f) constructing data representations of lifetimes of telephone calls, wherein said data representations are constructed using data regarding telephony events associated with telephone call segments. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 15. The method of claim 14 wherein each data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5-7, 10-12.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 21. The method of claim 14 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6.<br><br>D5: D7, pg. 5.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 22. The method of claim 14 further comprising the step of using a data representation of a telephone call to display a graphical representation of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 23. The method of claim 15 further comprising the step of using said data representation of a telephone call to display a graphical representation of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 24. The method of claim 23 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 25. The method of claim 23 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 26. The method of claim 22 further comprising the step of displaying a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 40. A method for recording information regarding telephone calls comprising one or more telephone call segments, wherein said calls comprise calls wherein at least one participant participates in a plurality of segments, comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) receiving audio data regarding one or more telephone call segments | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| and data regarding telephone events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above. |

U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) storing the received audio data regarding telephone call segments; | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 3, ll. 30-54; col. 4, ll. 16-66.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | |
| (c) storing the received data regarding telephony events associated with said telephone call segments; | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) identifying telephone call segments that relate to one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above. |
| (e) identifying multiple call segments that have the same participant; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 38-47; col. 11, ll. 34-47; col. 13, ln. 41 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above. |

**U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart**

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (f) constructing data representations of lifetimes of telephone calls, wherein each data representation of a telephone call is constructed using data regarding telephony events associated with the telephone call segments of the telephone call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5:  D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10:  D10; D11: pp. . 2-7 – 2-12; D12: pp. 1-1, 2-1.<br><br>D11: pp. . 2-7 – 2-12.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 41. The method of claim 40 wherein a data representation of a telephone call comprises: (i) a list of participants in the telephone call; (ii) a list of telephony events regarding the call; (iii) a list containing the time each telephony event occurred; and (iv) the start and end time of the call. | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5-7, 10-12.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 42. The method of claim 40 wherein a data representation of a telephone call comprises, for each segment of the call, the location of the stored audio data of that segment. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 1-1, 2-7 – 2-12<br><br>D11: pp. 1-1, 2-7 – 2-12<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 43. The method of claim 40 wherein the received audio data and the data regarding telephony events is stored in the same memory. | D3, Fig. 1.<br><br>D4, Fig. 1.<br><br>D5: D7, pp. 5, 10-12; D9, pp. 2-1, 2-12 – 2-25.<br><br>D10: D10; D11: pp. 1-1, 2-7 – 2-12<br><br>D11: pp. 1-1, 2-7 – 2-12.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 45. The method of claim 42 wherein a location of stored audio data of each segment comprises the location of a .WAV file containing the audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33.<br><br>D5: D11: pg. 1-1.<br><br>D10: D10; D11: pg. 1-1.<br><br>D11: pg. 1-1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 46. The method of claim 45 wherein a data representation of a telephone call further comprises an offset within the .WAV file to the start of the stored audio data. | D3, col. 2, ll. 1-15; col. 3, ll. 58-62; col. 4., ll. 53-63.<br><br>D4, col. 4, ln. 16 - col. 5 ln. 33. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above. |

### U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 47. The method of claim 40 wherein data regarding telephony events is received from a plurality of sources connected to a telephone switching environment. | D2, col. 4 ln. 59 – col. 5 ln. 5.<br><br>D3, Fig. 1.<br><br>D4, Fig. 6.<br><br>D5: D7, pg. 5.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 48. The method of claim 40 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 49. The method of claim 41 further comprising the step of using a data representation of a telephone call to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 50. The method of claim 49 wherein the graphical representation comprises a representation of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9.<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 51. The method of claim 49 wherein the graphical representation comprises a representation of the length of time of each segment of the call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,728,345 Supplemental Invalidity Chart

| 345 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 52. The method of claim 48 further comprising the step of displaying a table comprising data from the data representation. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 14, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 14, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1:  Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998.<br><br>D2:   Blue Cross Blue Shield User Guide   (illustrating hardware of D1 sale) (WSNSDE0012983-92)<br><br>D3:   Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D1 sale) (WSNSDE0012967-82)<br><br>D4:   Tracking Agent Id through Inter-Site Call Transfers   (illustrating hardware of D1 sale)(WSNSDE0012993-4)<br><br>D5:   Blue Cross Blue Shield System Diagrams  (illustrating hardware of D1 sale)(WSNSDE0013084-7; WSNSDE0013177-83)<br><br>D6:  e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94; WSNSDE0050671)<br><br>D7:   E1000/E500 Recorder: Engineer Familiarisation  (illustrating the hardware of the D1 sale). (WSNSDE0015161-98)<br><br>D8:   U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998. (WSNSDE0000874-94)<br><br>D9:   PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997. (WSNSDE0008433-77)<br><br>D10:  Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D11:   Racal s Rapidax  Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions, dated June 4, 1991. (NSDE008300-008302) (evidencing the hardware of the D10 sale).<br><br>D12:   Rapidax Access Voice Logging Recorder.  (NSDE008312-008319) (evidencing the hardware of the D10 | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | sale). | |
| | D13: "Rapidax Instant Call Recorder," (NSDE008305-008309) (illustrating the hardware of the D10 sale). | |
| | D14: "Rapidax in Surveillance and Security Monitoring" (NSDE008310-008311) (evidencing the hardware of the D10 sale). | |
| | D15: "Operator's Manual." (NSDE008320-008324) (evidencing the hardware of the D10 sale). | |
| | D16: "System Manager's Manual." (NSDE008325-008340) (evidencing the hardware of the D10 sale). | |
| | D17: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D10 sale). | |
| | D18: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D10 sale). | |
| | D19: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D10 sale). | |
| | D20: R[a]cal Recorders, Inc.; "R[a]cal Adds Remote Replay Over LAN' to Wordnet Voice Logging Recorder," June 1996. (MERC 013540) | |
| | D21: "Proposal for a Quality Monitoring / Agent Evaluation System", dated August 20, 1998. (WSNDE 013060-066) | |
| | D22: Canon ITS Technology Services Incorporated Quality Monitoring Functionality Design, dated November 18, 1998. (WSNDE 013035-059) (evidencing the hardware and function of the D21 offer for sale.) | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D23: "Racal Worldnet' Second Generation of World's Best Selling Voice-Logging Recorder," June 28, 1995. (NSDE 004715-16).<br><br>D24: United States Patent No. 6,222,838 to Sparks, filed November 26, 1997. | |
| 1. A multi-stage data logging system comprising: | D1: D3, pg. 5; D5.<br><br>D10: D11, Pages 1-3; D13, Entire Document; D14: Entire Document; D15: Entire Document.<br><br>D20: entire document<br><br>D23: entire document<br><br>D24: Figure 3; Col. 1, line 55  Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D24. |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | D1: D3, pgs. 5-6; D5.<br><br>D8: paras. 46 to 48.<br><br>D9: FIG. 2, pg. 6, line 33  pg. 7, line 2.<br><br>D10: D11, Page 2; D12, Page 6; D14: Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D24: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64. | |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality of communication channels; | D1: D3, pgs. 5-7, and 16; D4, pgs. 3-5; D5; D6; D7.<br><br>D8: paras. 34, 38, 39, 43, 58, 71-75, and 78.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2.<br><br>D10: D11, Page 2; D14, Page 6; D14: Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| c) a distribution stage providing access to data logged in the recorder stage; | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2, pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Page 6, 7; D14, Page 1; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D24:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23. | |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 46-48.<br><br>D9:  FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Page 6, 7; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D14: Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document<br><br>D24:  Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 30-33.<br><br>D9:  FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document, 4; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document<br><br>D24:  Figure 3; Col. 1, line 55 – Col. 2, | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| 6. The data logging system of claim 1 wherein the telecom stage provides time stamping of the received input. | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 35, 99.<br><br>D9: FIG. 2, pg. 21, line 30 – pg. 22, line 1.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D14: Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 14 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| c1) a first interface receiving data from the | D1: D3, Page 5; D5. | |

- 6 -

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| recorder stage; | D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D15: Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | |
| c2) a controller for directing and monitoring distribution stage operations; | D1: D2, pgs. 3-4, 7; D3, pgs. 5-7; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D15: Entire Document.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | |
| c3) a buffer for transitional data storage; and | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, Entire Document; D15: Entire Document.<br><br>D11: entire document | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | |
| c4) a second interface for distributing data to one or more output channels. | D1:  D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9:  FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, Entire Document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23:  entire document | |
| 15. The data logging system of claim 1 wherein the distribution stage comprises an archive storage device for archiving data. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | | Claim 17 is invalid under 35 U.S.C. §103 as obvious over D1 and/or D9 and/or D10 and/or D11 and/or D20 and/or D21 and/or D23. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | It would have been obvious to one of ordinary skill in the art to replace a hard disk drive, as in D1, D9, D10, D11, D20, D21, or D23 with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to replace a RAID array with the hard disk teachings of D1, D9, D10, D11, D20, D21 or D23 to increase data integrity, data storage capacity, and/or fault-tolerance. |
| 19. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 19 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, Page 1, 4; D17, Page 2; D16, Pages | |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document. | |
| 32. The data logging system of claim 1, wherein the distribution stage is implemented as a network server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 32 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| 33. The data logging system of claim 32, wherein the network server is a Web server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D10, or in the alternative, under 35 U.S.C. §103 as obvious over D10 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D20, or in the alternative, under 35 U.S.C. §103 as obvious over D20 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D21. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D23, or in the alternative, under 35 U.S.C. §103 as obvious over D23 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, D10, D20, and/or D23 from web-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to incorporate a web server of D8 with the teachings of D1, D10, D20, or D23 to permit remote access from the world-wide-web, which is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| 34. The data logging system of claim 32, wherein the network server is a file server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 34 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D21. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| 43. A data logger, comprising: | | Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 43 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D24. |
| a telecommunication device receiving input from a plurality of communication channels; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 46 to 48.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23 | |
| a processor converting the | D1: D6, and D7 Pages 2-5. | |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| received input to one or more data formats; | D8: paras. 47 to 52.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| a memory for logging information about the received input, the information comprising data converted to at least one data format; | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 34-35, 38, 78, and 99.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| a communication path to a communications network; and | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; | |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user. | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: D11: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64. | |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D1 or D24, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D21: entire document; D22: entire document.<br><br>D24: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64. | §102(b) as anticipated by D10, or in the alternative, under 35 U.S.C. §103 as obvious over D10 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D11, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D21, or in the alternative, under 35 U.S.C. §103 as obvious over D21 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D23, or in the alternative, under 35 U.S.C. §103 as obvious over D23 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via the Internet, a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1 and/or D10 and/or D11 and/or D21 and/or D23, from Internet-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to incorporate a web server of D8 with the teachings of D1 and/or D10 and/or D11 and/or D21 and/or D23 to permit remote access from the world-wide-web, which is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,048,079, priority date of Aug. 10, 1990, and issue date of Sep. 10, 1991. (WSNSDE0003251-72) D1 discloses a method and apparatus for matching call records with corresponding PBX data using a probability factor.<br><br>D2: U.S. Patent No. 6,002,753, priority date of Oct. 5, 1994, and issue date of Dec. 14, 1999. (WSNSDE0005882-925) D2 discloses an apparatus and method for exchanging telephone call information between two computers.<br><br>D3: U.S. Patent No. 5,559,875, priority date of Jul. 31, 1995, and issue date of Sep. 24, 1996. (WSNSDE0004992-5027) D3 discloses a method and apparatus for recording and playback of audio conferences.<br><br>D4: U.S. Patent No. 5,982,857, priority date of Oct. 17, 1994, and issue date of Nov. 9, 1999. (WSNSDE0005823-37) D4 discloses a system and method for recording and playback of telephone calls.<br><br>D5: Blue Cross Blue Shield Eclipse Integration, sold or offered for sale in the U.S. before June 8, 1999.<br><br>D6: Blue Cross Blue Shield User Guide dated January 29, 1997 (illustrating system of D5) (WSNSDE0012983-92)<br><br>D7: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design dated November 25, 1997 (illustrating system of D5) (WSNSDE0012967-82).<br><br>D8: Tracking Agent Id through Inter-Site Call Transfers | |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | (illustrating the system of D5) (WSNSDE0012993-4). | |
| | D9: "E1000 for Windows User Guide" dated July 1997 (illustrating the system of the D5) (WSNSDE0011276-346). | |
| | D10: Equiserve Recording Proposal presented in the U.S. on May 5, 1999, which before June 8, 1999. (WSNSDE013106) | |
| | D11: "E-Ware Replay-User Guide" dated November 1998 (illustrating the system of D5 and D10) (WSNSDE011798-844). | |
| | D12: "Unify System Managers Guide" dated August 1996 (illustrating the system of D10) (WANSDE012044-70). | |
| | D13: Cannon MediaStore/Unify/Eware Integration, sold in U.S. before June 8, 1998. | |
| | D14: "Proposal for a Quality Monitoring / Agent Evaluation System," dated 8/20/98 (illustrating system of D13) (WSNSDE013060-66). | |
| | D15: "Cannon ITS Technology Services Incorporated Quality Monitoring Functionality Design," dated 11/18/98 (illustrating system of D13) (WSNSDE013035-59). | |
| | D16: State Farm E1000/Unify/Eware Integration, sold in U.S. more than one year before June 8, 1999. | |
| | D17: State Farm Site Documentation (illustrating system of D16 as of 10/10/97) WSNSDE013162-71) | |
| | D18: Report to the Board of Directors, June 1997 (describing | |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | agreement to sell system to D16 in sec. 4.8) (WSNSDEPROD4817005-7). | |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising one or more segments, audio data for each segment being recorded on one or more recorders, the method comprising: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>D1 and D2 teach storing various types of telephony data. D3 and D4 teach storing audio segments with associated data. One of skill in the art would recognize the types of data disclosed in D1 and/or D2 could be stored in the data storage systems disclosed in D3 and/or D4. The motivation for this combination can be found in the references themselves, which teach the desirability of maintaining data associated with audio segments.<br><br>Furthermore, one of skill in the art would recognize that the similarities in the teachings of D1 and D2, as well as the similarities in the teachings of D3 and D4, allow for the combination of D1 and D2, as well as the combination of D3 and D4. The motivation for these combinations would be to provide interoperability between the similar systems disclosed in these references.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to storing the types of data disclosed in D1 and/or D2 in the data storage systems disclosed in D3 and/or D4.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) constructing a call record for at least one telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62   col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19   col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30   col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5:  D7, pp. 4-7; D9, pg. 2-1<br><br>D10:  D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) receiving data regarding telephony events associated with one or more telephone calls; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5: D7, pp. 4-7; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) matching a received telephony event with a constructed call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5:  D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10:  D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) updating the matching call record based on the received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |
| (e) combining the updated call record with data indicating the location of recorded audio data for the segment of the call, to obtain a master call record representing the lifetime of the telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 5. The method of claim 1 wherein the master call record comprises a serial number that identifies the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D5: D11, pg. 2-11.<br><br>D10: D10; D11, pg. 2-11.<br><br>D11: pg. 2-11.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 6. The method of claim 1 wherein the call record is updated with data fields describing each participant of the telephone call. | D1, col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 13 ll. 19-25; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 1, ln. 52 – col. 2, ln. 15; col. 5, ll. 4-14; col. 5, ln. 57 – col. 6, ln. 6.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 5-7, 10-12.<br><br>D10: D10; D11: pg. 2-9; D12: pp. 1-1, 2-1.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 8. The method of claim 1 further comprising the step of assembling and playing back segments of telephone calls using the recorder locations described in the master call record for each telephone call. | D3, col. 5, ln. 30 – col. 11, ln. 22.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D11, pg. 2-11.<br><br>D10: D10; D11, pg. 2-11.<br><br>D11: pg. 2-11.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(e) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 9. The method of claim 1 further comprising the step of using the master call record to display a graphical representation of said telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9.<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 11. The method of claim 9 wherein the graphical representation comprises a representation of each segment of the telephone call. | D2, Figs. 13-18.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5: D11: pg. 2-9<br><br>D10: D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 12. The method of claim 9 further comprising the step of displaying a table comprising data from the master call record. | D1, col. 15, ll. 27-60.<br><br>D2, Figs. 20A, 20B, 21, 22.<br><br>D3, Figs. 9A, 9B, 10, 11, 12, 13, 14; col. 9., ln. 60 – col. 11, ln. 22.<br><br>D5:  D11: pg. 2-9<br><br>D10:  D10; D11: pg. 2-9.<br><br>D11: pg. 2-9.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

**U.S. Pat. No. 6,785,370 Invalidity Chart**

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 27. A method for constructing and maintaining data representations of lifetimes of telephone calls comprising two or more segments, audio data for each segment being recorded on one or more recorders, the method comprising the steps of: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D1 and/or D2 in combination with D3 and/or D4.<br><br>This claim is invalid under 35 U.S.C. §103 as obvious in view of D3 in combination with D4.<br><br>The motivation for these combination can be found in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D5.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D10.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §102(a) as anticipated by D13.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (a) constructing a call record for a telephone call comprising two or more segments; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D5: D7, pp. 4-7; D9, pg. 2-1<br><br>D10: D10; D11: pp. 1-1, 2-1; D12: pp. 1-1, 2-1.<br><br>D11: pp. 1-1, 2-1.<br><br>D12: pp. 1-1, 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (b) receiving data regarding one or more telephony events associated with the telephone call; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 4, ll. 35-52.<br><br>D4, col. 4 ln. 66 – col. 5 ln. 13.<br><br>D5:  D7, pp. 4-7; D9, pp. 2-1, 2-12-2-25.<br><br>D10:  D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16:  D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (c) matching said one or more received telephony events with said call record; | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4.  The motivation for this combination is provided in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above. |

## U.S. Pat. No. 6,785,370 Invalidity Chart

| 370 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| (d) updating said call record based on said received telephony event data; and | D1, col. 2, ll. 22-34; col. 3, ln. 62 – col. 4 ln. 17; col. 7, ll. 27-62; col. 11, ll. 34-47; col. 13, ln. 19 – col. 14, ln. 59; col. 15, ll. 27-60.<br><br>D2, col. 5, ll. 6-32; col. 22, ll. 18-21; col. 22, ll. 52-56; col. 25, ll. 18-29.<br><br>D3, col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58.<br><br>D4, col. 5 ll. 14-33.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above. |
| (e) combining said updated call record with data indicating one or more locations of recorded audio data for two or more segments of the call, to obtain a master call record representing the lifetime of said telephone call. | D3, col. 4, ll. 35-52; col. 5, ln. 30 – col. 6, ln. 6; col. 9, ll. 9-58; col. 9, ln. 60 – col. 11, ln. 34.<br><br>D5: D7, pp. 4-7, 10-12; D9, pp. 2-1, 2-12-2-25.<br><br>D10: D10; D11: pp. 2-7- 2-12; D12: pp. 1-1 – 2-1.<br><br>D11: pp. 2-7- 2-12.<br><br>D12: pp. 1-1 – 2-1.<br><br>D13: D14, pp. 1-7; D15, pp. 1-25.<br><br>D16: D17, pp. 1-10; D18, pp. 1-3. | It would have been obvious to one of ordinary skill in the art to combine D1 and/or D2 with D3 and/or D4. The motivation for this combination is provided in Claim 1, above.<br><br>It would have been obvious to one of ordinary skill in the art to combine D3 and D4. The motivation for this combination is provided in Claim 1, above.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen the benefits described in claim 1, above. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998.(WSNSDE0000874-94)<br><br>D2: PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997.(WSNSDE0008433-77)<br><br>D3: U.S. Patent No. 5,668,863 to Bieslin, filed April 26, 1996, claiming priority to U.S. Application Serial No. 08/509,390, filed June 31, 1995.(WSNSDE0005185-5222)<br><br>D4: Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998.<br><br>D5: Blue Cross Blue Shield User Guide (illustrating hardware of D1 sale) (WSNSDE0012983-92)<br><br>D6: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D1 sale) (WSNSDE0012967-82)<br><br>D7: Tracking Agent Id through Inter-Site Call Transfers (illustrating hardware of D1 sale)(WSNSDE0012993-4)<br><br>D9: Racal Adds Remote Replay Over LAN to Wordnet Voice-Logging Recorder, dated June 17, 1996.<br><br>D10: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299)<br><br>D11: United States Patent No. 6,222,838 to Sparks, filed November 26, 1997.<br><br>D12: European Patent Publication 0837388A2, to Yamakita, filed October 9, 1997, claiming priority to October 15, 1996.<br><br>D13: Proposal for a Quality Monitoring / Agent Evaluation | |

**U.S. Pat. No. 6,870,920 Invalidity Chart**

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | System", dated August 20, 1998. (WSNDE 013060-066)<br><br>D14: Canon ITS Technology Services Incorporated Quality Monitoring Functionality Design, dated November 18, 1998. (WSNDE 013035-059) (evidencing the hardware and function of the D21 offer for sale.) | |
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 1, line 54 - Col. 2, lines 19; Col. 3, lines 31-34; Col. 3, line 56 Col. 4, line 9; Col. 10, lines 8-14.<br><br>D4: entire document.<br><br>D5: entire document<br><br>D6: entire document<br><br>D7: entire document<br><br>D8: entire document<br><br>D9: Pages 1-3.<br><br>D10: Page 9, lines 22-24.<br><br>D11: Figure 3; Col. 1, line 55 Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D12: Col. 1, lines 1-7, 35-55; Col. 2, lines 25-40; Col. 2, line 47 Col. 3, line 7; Col. 3, lines 37-49; Col. 5, lines 38-54; Col. 6, line 34 Col. 8, line 55; Figure 1, 2, 5-9.<br><br>D13: D14: entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 and/or D9 and/or D10 and/or D11 and/or D12. |
| at a Web server having access to said at least one digital logger, | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 2, lines 4-7; Col. 3, lines 31- | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2. It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 in |

### U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | 46; Col. 9, line 67 – Col. 10, lines 8-14; Col. 10, lines 59 – Col. 11, line 36.<br><br>D4: entire document.<br><br>D5: Pages 5-9.<br><br>D6: Page 5-11<br><br>D7: entire document<br><br>D9: Pages 1-3.<br><br>D10: Page 9, lines 22-24.<br><br>D11: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D12: Col. 2, lines 25 – Col. 3, line 3; Col. 3, lines 7-37; Col. 5, line 38 – Col. 6, lines 10-32; Figures 1, 2, 8.<br><br>D13: D14: entire document. | the call conference recording system of D3 to make recordings available to more clients/users across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the web server and digital logger associated with input channels of D1 and/or D2 to the call conference recording system of D3 to make recordings available to more clients/users across a greater geographical area. |
| receiving a request for retrieval of stored data from a client; | D1: Page 1, para. 15-17; Page 2, para 31, 35; Page 3, para. 38, 39, 45; Page 6, para. 72, 73, 77, 78; Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 11, lines 18-22.<br><br>D4: entire document.<br><br>D5: Pages 5-9.<br><br>D6: Pages 5-11<br><br>D7: entire document<br><br>D9: Pages 1-3.<br><br>D10: Page 9, lines 22-24.<br><br>D11: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6- |  |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 17, 47-53;line 55; Col. 7, lines 9-23.<br><br>D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D13:  D14:  entire document. | |
| retrieving stored data in accordance with the received request; | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2:  Page 21, lines 23-25.<br><br>D4:  entire document.<br><br>D3:  Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 9, lines 18 – Col. 10, 14; Col. 10, line 47 – Col. 11, 22.<br><br>D4:  entire document.<br><br>D5:  Pages 5-9.<br><br>D6:  Pages 5-11<br><br>D7:  entire document<br><br>D9:  Pages 1-3.<br><br>D10:  Page 9, lines 22-24.<br><br>D11:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D13:  D14:  entire document. | |
| and transferring the retrieved data to the client. | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2:  Page 21, lines 23-25.<br><br>D3:  Col. 11, lines 18-22.<br><br>D4:  entire document. | |

U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | D5:  Pages 5-9.<br><br>D6:  Pages 5-11<br><br>D7:  entire document<br><br>D9:  Pages 1-3.<br><br>D10:  Page 9, lines 22-24.<br><br>D11:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D13:  D14:  entire document. |  |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | D1:  Page 2, Para. 17, 30, 31, 34, 35; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 74, 77, 78; Page 7, para. 82.<br><br>D2:  Page 21, lines 30 - Page 22, line 1.<br><br>D3:  Col. 9, lines 13-17; Col. 4, lines 47-54.<br><br>D4:  entire document.<br><br>D5:  Pages 5-9.<br><br>D7:  entire document<br><br>D9:  Pages 1-3.<br><br>D11:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26; Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16, 38-54; Col. 6, lines 17-32, 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 8, lines 33-54; Col. 9, lines 12 – Col. 10, line 8; Figure 1, 2, 5-9.<br><br>D13:  D14:  entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 and/or D9 and/or D11 and/or D12.  s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D3 and/or D9 and/or D11 and/or D12. s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 to make recordings available to more clients across a greater geographical area. |
| 6. The method of This claim wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | D1: Page 8, para. 99, 103.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64.<br><br>D4: entire document.<br><br>D5: Pages 5-9.<br><br>D6: Pages 5-11<br><br>D7: entire document<br><br>D9: Pages 1-3.<br><br>D12: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8; Figure 1.<br><br>D13: D14: entire document. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art to incorporate the archived data at the Web server of D2 and/or D3 and/or D9 and/or D12 in the call conference recording system of D1 and to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D2 and/or D3 and/or D9 and/or D12 in the call conference recording system of D1 and to make recordings available to more clients across a greater geographical area. |
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D3:  Col. 1, line 54 - Col. 2, lines 19; Col. 3, lines 31-34; Col. 3, line 56 – Col. 4, line 9; Col. 10, lines 8-14.  D4:  entire document.  D5:  entire document  D6:  entire document  D7:  entire document  D8:  entire document  D9:  Pages 1-3.  D10:  Page 9, lines 22-24.  D11:  Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.  D12:  Col. 1, lines 1-7, 35-55; Col. 2, lines 25-40; Col. 2, line 47 – Col. 3, line 7; Col. 3, lines 37-49; Col. 5, lines 38-54; Col. 6, line 34 – Col. 8, line 55; Figure 1, 2, 5-9.  D13:  D14:  entire document. | §102(b) as anticipated by D3.  This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2 and/or D9 and/or D10 and/or D11 and/or D12. |
| at a Web server having access to said information stored by at least one digital logger over a communications network, | D1:  Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.  D2:  Page 5, lines 11-12.  D3:  Col. 2, lines 4-7; Col. 3, lines 31-46; Col. 9, line 67 – Col. 10, lines 8-14; Col. 10, lines 59 – Col. 11, line 36.  D4:  entire document.  D5:  Pages 5-9.  D6:  Page 5-11  D7:  entire document  D9:  Pages 1-3.  D10:  Page 9, lines 22-24.  D11:  Figure 3; Col. 2, lines 26-56; | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D3 in combination with D1 and/or D2.  It would have been obvious to one of ordinary skill in the art to incorporate the web server and digital logger associated with input from a plurality of input channels of D1 and/or D2 in the call conference recording system of D3 to make recordings available to more clients/users across a greater geographical area.  A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the web server and digital logger associated with input channels of D1 and/or D2 to the call conference recording system of D3 to make recordings available to more clients/users across a greater geographical area. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64. | |
| | D12: Col. 2, lines 25 – Col. 3, line 3; Col. 3, lines 7-37; Col. 5, line 38 – Col. 6, lines 10-32; Figures 1, 2, 8. | |
| | D13: D14: entire document. | |
| receiving a request for retrieval of stored data from a user; | D1: Page 1, para. 15-17; Page 2, para 31, 35; Page 3, para. 38, 39, 45; Page 6, para. 72, 73, 77, 78; Page 10, claim 25. | |
| | D2: Page 20, lines 28-29. | |
| | D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 11, lines 18-22. | |
| | D4: entire document. | |
| | D5: Pages 5-9. | |
| | D6: Pages 5-11 | |
| | D7: entire document | |
| | D9: Pages 1-3. | |
| | D10: Page 9, lines 22-24. | |
| | D11: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23. | |
| | D12: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8. | |
| | D13: D14: entire document. | |
| retrieving said stored data from said information in accordance with the received request; | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25; | |
| | D2: Page 21, lines 23-25. | |
| | D4: entire document. | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D3:  Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 9, lines 18 – Col. 10, 14; Col. 10, line 47 – Col. 11, 22.

D4:  entire document.

D5:  Pages 5-9.

D6:  Pages 5-11

D7:  entire document

D9:  Pages 1-3.

D10:  Page 9, lines 22-24.

D11:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.

D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.

D13:  D14:  entire document. | |
| and transferring the retrieved data to the client. | D1:  Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;

D2:  Page 21, lines 23-25.

D3:  Col. 11, lines 18-22.

D4:  entire document.

D5:  Pages 5-9.

D6:  Pages 5-11

D7:  entire document

D9:  Pages 1-3.

D10:  Page 9, lines 22-24.

D11:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23. | |

- 9 -

**U.S. Pat. No. 6,870,920 Invalidity Chart**

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D13:  D14:  entire document. | |
| 18.  The method of claim wherein the step of retrieving stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | D1:  Page 2, Para. 17, 30, 31, 34, 35; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 74, 77, 78; Page 7, para. 82.<br><br>D2:  Page 21, lines 30 - Page 22, line 1.<br><br>D3:  Col. 9, lines 13-17; Col. 4, lines 47-54.<br><br>D4:  entire document.<br><br>D5:  Pages 5-9.<br><br>D7:  entire document<br><br>D9:  Pages 1-3.<br><br>D11:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26; Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D12:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16, 38-54; Col. 6, lines 17-32, 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 8, lines 33-54; Col. 9, lines 12 – Col. 10, line 8; Figure 1, 2, 5-9.<br><br>D13:  D14:  entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 in combination with D1 and/or D3 . It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D3 and/or D9 and/or D11 and/or D12.  s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D3 and/or D9 and/or D11 and/or D12.  s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 to make recordings available to more clients across a greater geographical area. |
| 21. The method of This claim6 wherein the step of retrieving | D1:  Page 8, para. 99, 103. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64.<br><br>D4: entire document.<br><br>D5: Pages 5-9.<br><br>D7: entire document<br><br>D9: Pages 1-3.<br><br>D12: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8; Figure 1.<br><br>D13: D14: entire document. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D12.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D1 in combination with D2 and/or D3 . It would have been obvious to a person of ordinary skill in the art to incorporate the archived data at the Web server of D2 and/or D3 and/or D9 and/or D12 in the call conference recording system of D1 and to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D2 and/or D3 and/or D9 and/or D12 in the call conference recording system of D1 and to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 6,959,079 Invalidity Chart

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: Teknekron Infoswitch website, dated July 1997.(WSNSDE0010761)<br><br>D2: U.S. Patent No. 5,790,798 to Beckett II, et al., issued August 4, 1998, filed May 31, 1996. (WSNSDE0005413-31)<br><br>D3: U.S. Patent No. 5,867,559 to Jorgenson, et al., issued February 2, 1999, filed February 20, 1996. (WSNSDE0005592-600)<br><br>D4: U.S. Patent No. 6,263,049 B1 to Kuhn, issued July 17, 2001, filed September 25, 1997, claiming priority to U.S. Provisional Application Serial No. 60/028,192 filed October 10, 1996. (WSNSDE0006158-71)<br><br>D5: U.S. Patent No. 6,370,574 to House, et al., issued April 9, 2002, filed December 16, 1998. (WSNSDE0006331-55)<br><br>D6: U.S. Patent No. 6,600,821 to Chan, et al., issued July 29, 2003, filed October 26, 1999. (WSNSDE0006684-94)<br><br>D7: U.S. Patent No. 6,404,857 to Blair, et al., issued on June 11, 2002, filed February 10, 2000, claiming priority to U.S. Patent Application Ser. No. 08/936,428, filed September 24, 1997. (WSNB018866-74)<br><br>D8:  Proxy Remote Control Gateway Gateway Administrator (FUNK000082-000141) | |
| 1. A monitoring system for monitoring interactions of an agent with customers comprising: | D1: Desktop Screen Capture  page.<br><br>D2: column 1, lines 21-25, and lines 52-56.<br><br>D3: column 1, lines 7-9.<br><br>D4: column 1, lines 14-17, and lines 28-30.<br><br>D5: column 1, lines 35-38, and column 1, line 66    column 2, line 3. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

## U.S. Pat. No. 6,959,079 Invalidity Chart

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | Claim 1 is invalid under 35 U.S.C. §103(a) as obvious in view of D8 in combination with D1, D2, D3, D4, and/or D5. |
| a voice logger to receive and record audio of a telephone call of said agent; | D1: "Desktop Screen Capture" page.<br><br>D2: column 15, lines 20-27.<br><br>D3: column 1, lines 52-56.<br><br>D4: column 9, lines 45-61.<br><br>D5: column 6, lines 7-23. | |
| a screen logger to receive and record video screen data associated with interactions of said agent with a computer during the telephone call; and | D1: "Desktop Screen Capture" page.<br><br>D2: column 4, lines 33-50.<br><br>D3: column 1, lines 56-61, and column 1, line 66 – column 2, line 4.<br><br>D4: column 9, lines 45-61.<br><br>D5: column 6, lines 7-23.<br><br>D8: Entire Document. | D8 discloses a screen logger to receive and record video screen data associated with interactions of an agent with a computer. It would have been obvious to one of ordinary skill in the art to include the screen logging functions of D8 in the systems of D1, D2, D3, D4, and/or D5 for the purpose of logging screen data.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital recording loggers, would have seen a benefit to incorporate the screen logging teaching of D8 with the teachings of D1, D2, D3, D4, and/or D5 to log screen data. |
| an event manager to determine whether said interactions with the computer during the telephone call meet at least one predefined monitoring condition. | D1: "On Demand" page.<br><br>D2: column 6, lines 15-26.<br><br>D3: column 3, lines 25-33.<br><br>D4: column 11, lines 1-14.<br><br>D5: column 17, lines 8-13. | . |
| 3. The monitoring system of claim 1, wherein said event manager is able to instruct said voice logger to begin recording of an audio portion of said telephone call and to instruct said screen logger to begin recording generally in | D1: "Desktop Screen Capture" page; "On Demand" page.<br><br>D2: column 4, lines 33-50; column 6, lines 15-26.<br><br>D3: column 1, lines 56-61; column 1, line 66 – column 2, line 4; column 3, | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D3. |

U.S. Pat. No. 6,959,079 Invalidity Chart

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| synchronicity with said voice logger at least a portion of said video screen data when said monitoring condition is satisfied. | lines 25-33.<br><br>D4: column 9, lines 45-61; column 11, lines 1-14.<br><br>D5: column 6, lines 7-23; column 17, lines 8-13. | Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 6. The monitoring system of claim 5, wherein said evaluator is able to perform automated evaluations based on predefined programming. | D1: "P&Q Review" page.<br><br>D4: column 9, lines 32-36.<br><br>D6: column 4, line 56 – column 5, line 6.<br><br>D7: column 3, lines 7-43. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D4.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D6 in combination with D1 and/or D4.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D6 in combination with D1 and/or D4.<br><br>This claim is invalid under 35 U.S.C. § 103 as being obvious over D6 in combination with D1 and/or D4. It would have been obvious to one of ordinary skill in the art to incorporate the voice recognition technology of D6 into the call center monitoring system of D1 or D4 in order to detect problematic calls among those stored in the system.<br><br>A monitoring system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of monitoring systems, would have seen a benefit to incorporate the voice recognition technology of D6 with the teachings of D1 or D4 in order to detect problematic calls among those stored in the system.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D7 in combination with D1 and/or D4.<br><br>This claim is invalid under 35 U.S.C. § 103 as being obvious over D7 in combination with D1 and/or D4. It would have been obvious to one of ordinary skill in the art to incorporate the voice recognition technology of D7 into the call center monitoring |

U.S. Pat. No. 6,959,079 Invalidity Chart

| 079 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | system of D1 or D4 in order to determine the quality of service provided during the call.<br><br>A monitoring system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of monitoring systems, would have seen a benefit to incorporate the voice recognition technology of D7 with the teachings of D1 or D4 in order to determine the quality of service provided during the call. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Patent No. 5,440,624, priority date of Nov. 10, 1992, and issue date of Aug. 8, 1995.(WSNSDE0004554-70) D1 discloses a method and apparatus for providing adaptive administration and control of an electronic conference.<br><br>D2: U.S. Patent No. 6,298,129, priority date of Mar. 11, 1998, and issue date of Oct. 2, 2001.(WSNSDE0006185-95) D2 discloses a teleconference recording and playback system and associated method.<br><br>D3: U.S. Patent No. 6,668,044 priority date of Jul. 19, 2000, and issue date of Dec. 23, 2003. (WSNSDE0006789-803) D3 discloses a system and method for recording telephonic communications.<br><br>D4: PCT WO99/46702, priority date of Mar. 13, 1998, and publication date of Sep. 16, 1999.(WSNSDE0008501-40) D4 discloses a method of dynamic video annotation that includes recording a collaborative session of users.<br><br>D5: U.S. Patent Pub. No. 2001/0043697, priority date of May 11, 1998, and publication date of Nov. 22, 2001.(WSNSDE0000860-73) D5 discloses monitoring of and remote access to call center activity. | |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1.  A method for recording at least a portion of one or more of a plurality of IP data sessions, each being between at least a first communication device and a second communication device through a network by a recording device, comprising for each IP data session: | | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| initiating the data session by said first communication device with said second communication device; | D1, col. 3, ll. 6-19; col. 5, ln. 30 col. 7, ln. 16.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 1-6; pg. 7, ll. 23-28; pg. 6, ll. 3-10; pg. 11, ll. 5-12.<br><br>D5, paras. 81 and 82. | |
| implementing the data session as a conference call through a conference controller such that said first and second communication devices are connected, respectively, as first and second participants; | D1, col. 2, ll. 43  65; col. 5, ln. 62  col. 6, ln. 4; col. 6, ll. 54-61.<br><br>D2, col. 5, ln. 59  col. 6, ln. 7.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 7, ll. 23-28; pg. 14, ll. 24-32.<br><br>D5: paras. 28  32; 38, 56, 72, 82, 83, 84 and 85. | |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| using the conference controller, selectively entering the recording device to said conference call as an additional participant, wherein the recording device is distinct from the first and second communication devices yet receives as the additional participant at least the portion of the IP data session from each of the first and second participants; and | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 3, ll. 41-63.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 14, ll. 12-32.<br><br>D5: paras. 28-32; 38, 49, 56, 72, 82, 83, 84 and 85. | |
| recording at least the portion of the IP data session received as the additional participant of said conference call using said recording device. | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 3, ln. 64 – col. 4, ln. 25.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 26-30; pg. 5, ll. 23-28; pg. 6, ll. 2-10.<br><br>D5: paras. 28 – 32; 38, 56, 72, 82, 83, 84 and 85. | |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 3. The method of claim 1, including the additional step of permitting a user of at least one of the first and second communication devices to determine whether the session is to be recorded prior to entering the recording device as the additional participant | D1, col. 3, ln. 62 – col. 4, ln. 4; col. 6, ln. 64 – col. 7, ln. 6; col. 7, ln. 59 - col. 8, ln. 15.<br><br>D2, col. 2, ll. 9-16.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 8, ll. 7 – 32.<br><br>D5 as applied to claim 1 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D5 in combination with any one of D1, D2, D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the user permission teachings of documents D1, D2, D3 or D4 with the teachings of D5 to provide users with the option to initiate a recording session.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the user permission teachings of documents D1, D2, D3 or D4 with the teachings of D5 to provide users with the option to initiate a recording session to provide users with the option to initiate a recording session. |

**U.S. Pat. No. 7,010,109 Invalidity Chart**

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 4. The method of claim 1, wherein the connection of the second communication device is established by the conference controller by: passing telephone numbers to a gatekeeper for performing IP address resolution, and using a resolved IP address of the second communication device for connecting the second communication device to the conference call. | D2, col. 3, ll. 9-29.<br><br>D3, col. 6, ll. 11-39; col. 10, ll. 50-60; Fig. 6.<br><br>D4, pg. 4, ll. 2-7; pg. 6, ll. 3-10.<br><br>D5: Para. 31. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 6. The method of claim 5, including the additional step of providing the command from a scheduler. | D1, col. 8, ll. 32 – 46; col. 9, ll. 18 – 31; col. 9, ll. 51 – 63.<br><br>D2, col. 6, ll. 26-39.<br><br>D5, para. 91.<br><br>D3, as applied to claim 5 above.<br><br>D4, as applied to claim 5 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 8. The method of claim 6, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D2, as applied to claim 6 above.<br><br>D3, as applied to claim 6 above.<br><br>D4, as applied to claim 6 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D2, D3 or D4.  It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information. |
| 15. The method of claim 1, wherein said first communication device is a gateway for receiving communication through a PSTN. | D2, col. 3, ll. 9-40.<br><br>D3, col. 5, ll. 50 – col. 6, ll. 11.<br><br>D4, pg. 10, ll. 25-28; pg. 14, ln 25 – pg. 15, ln. 2.<br><br>D5, para. 48 | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 16. The method of claim 1, wherein the recording device joins the data session performed through a hunt group. | D5, paras. 47 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

**U.S. Pat. No. 7,010,109 Invalidity Chart**

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 18. The method of claim 1, wherein at least one of the first communication device and the second communication device is a non-IP telephony device | D1, col. 6, ll. 33-53.<br><br>D2, col. 3, ll. 9-29.<br><br>D3, col. 5, ll. 50 – col. 6, ll. 11.<br><br>D4, pg. 10, ln. 25 – pg. 11, ln. 4.<br><br>D5, paras. 48 and 49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |
| 22. The method of claim 21, including the additional step of providing the command from a scheduler. | D1, col. 8, ll. 32 – 46; col. 9, ll. 18 – 31; col. 9, ll. 51 – 63.<br><br>D2, col. 6, ll. 26-39.<br><br>D5, para. 91.<br><br>D3, as applied to claim 21 above.<br><br>D4, as applied to claim 21 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D3 or D4 in combination with any one of D1, D2 or D5. It would have been obvious to one of ordinary skill in the art to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the scheduler teachings of documents D1, D2 or D5 with the teachings of D3 or D4 to provide scheduled recording of calls. |

## U.S. Pat. No. 7,010,109 Invalidity Chart

| 109 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 24. The method of claim 22, including the additional step of analyzing information about the IP data session at the scheduler to determine whether the IP data session is to be recorded. | D1, col. 5, ll. 39-53; col. 7, ll. 16 – col. 8, ln. 16.<br><br>D5, paras. 89 – 92.<br><br>D3, as applied to claim 22 above.<br><br>D4, as applied to claim 22 above. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5.<br><br>This claim is invalid 35 U.S.C. § 103 as being obvious over D1 or D5 in combination with any one of D3 or D4. It would have been obvious to one of ordinary skill in the art to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information.<br><br>A call recording systems designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate the analysis teachings of documents D1 or D5 with the teachings of D2, D3 or D4 to provide scheduling based on the IP data session information. |
| 29. The method of claim 18, wherein the recording device joins the data session performed through a hunt group. | D5, paras. 47 and 58. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D5. |

# EXHIBIT E

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

        *Plaintiffs and Counterclaim*
        *Defendants,*

    v.

WITNESS SYSTEMS, INC.

        *Defendant and Counterclaim*
        *Plaintiff.*

C.A. No. 06-311-JJF

## DEFENDANT WITNESS SYSTEMS, INC. S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC. S AND NICE SYSTEMS LTD. S INTERROGATORY 2 and 2(a)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the District of Delaware, Defendant Witness Systems, Inc. ( Witness Systems ) provides the following third supplemental objections and responses to the Interrogatories propounded by Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively, NICE ). Subject to and without waiving its previously stated objections, Witness Systems incorporates by reference its original, first and second supplemental responses and objections to NICE s First and Second Sets of Interrogatories[1] as if set forth verbatim herein, and for brevity provides only the supplemental information for the identified interrogatories below:

---

[1] Served on January 18, 2007; March 2, 2007; April 30, 2007; and May 30, 2007, respectively.

## SUPPLEMENTAL RESPONSES

### INTERROGATORY NO. 2:

Describe in detail the factual and legal bases for Witness' contention that [the claims of the 738, 371, 005, 345, 372, 370,'920, 079, and 109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation § § 102, 103, and/or 112. The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. § 112 Witness contends the Patents-In-Suit do not meet and an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Witness believes one or more of the claims of the 738 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: U.S. Patent No. 4,995,054 to Boyd, Jr. et al., issued September 4, 1990; and U.S. Patent No. 4,817,086 to Oye et al., issued March 18, 1989. These references were identified in invalidity charts provided in Witness s previous responses to Interrogatory No. 2(a).

Witness believes one or more of the claims of the 005 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: Sale of Eyretel e1000, sold in the U.S. on or before October, 1992; 30(b)(6) Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143; e1000 Circuit Diagrams; "E1000/E500 Recorder: Engineer Familiarisation"; U.S. Patent No. 5,724,738, to Daly et al.; "Digital Audio Tape For Data Storage", IEEE Spectrum, October, 1989; Racal Rapidax, sold in the U.S. as of at least December 21, 1992; "Racal s Rapidax Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions"; "Rapidax Access Voice Logging Recorder"; "Rapidax Instant Call Recorder"; "Rapidax in Surveillance and Security Monitoring"; "Operator s Manual"; "System Manager s Manual"; "Rapidax Tape Archive and System Network";

Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143; and Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. These references were identified in invalidity charts provided in Witness's previous responses to Interrogatory No. 2(a).

Witness believes one or more of the claims of the '920 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: "Rapidax Tape Archive and System Network"; "Rapidax in Surveillance and Security Monitoring"; "Rapidax Access Voice Logging Recorder"; "Operator's Manual"; and Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997.

Witness believes one or more of the claims of the '372 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997.

Witness believes one or more claims of the '079 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: Teknekron Infoswitch Web Site, dated July 1997; U.S. Patent No. 5,867,559 to Jorgenson, et al., issued February 2, 1999; U.S. Patent No. 6,404,857 to Blair, et al., issued on June 11, 2002; and "Proxy Remote Control Gateway   Gateway Administrator". These references were identified in invalidity charts provided in Witness's previous responses to Interrogatory No. 2(a).

**INTERROGATORY NO. 2(a):**

On a claim-by-claim basis in a chart, for each **prior art reference identified by Witness in response to NICE's Interrogatory No. 2, identify the disclosure in each prior art reference of each limitation of the Asserted Claims in the respective Patent-in-Suit. To the extent that Witness asserts the prior art references support its invalidity defense under 35 U.S.C. § 103, it must further identify any prior art combinations and the motivation to combine those references.**

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2(a):**

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Witness Systems further objects to this Interrogatory to the extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is not. Thus, this Interrogatory counts as a separate Interrogatory. Witness Systems further objects to this Interrogatory to the extent it is premature because discovery is still ongoing and the claims of the Patents-in-Suit have yet to be construed. Witness Systems further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or to the extent it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems refers NICE to Supplemental Exhibit B, which identifies additional representative, invalidating prior art for the '372 and '920 patents. Numerous other prior art references also contain the identified disclosures. Witness Systems reserves its right to amend and/or supplement this response as discovery and Witness Systems' investigation continue, and after any claim construction ruling. Witness Systems specifically reserves the right to supplement and/or amend its response in light of information and materials that it is currently seeking from third parties.

DATED:  July 10, 2007                    FISH & RICHARDSON P.C.


                                         /s/ Kyle Wagner Compton
                                         William J. Marsden, Jr. (#2247)
                                         Kyle Wagner Compton (#4693)
                                         919 N. Market Street, Suite 1100
                                         P.O. Box 1114
                                         Wilmington, DE 19899-1114
                                         Tel:  (302) 652-5070

                                         Nagendra Setty (Pro Hac Vice)
                                         Daniel A. Kent (Pro Hac Vice)
                                         1180 Peachtree Street, NE, 19th Floor
                                         Atlanta, GA 30309
                                         Tel: (404) 892-5005

                                         Attorneys for Defendant
                                         Witness Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2007, I caused to be served **DEFENDANT WITNESS SYSTEMS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC.'S AND NICE SYSTEMS LTD.'S INTERROGATORIES 2 and 2(a)** on counsel for Plaintiffs as follows:

### By E-Mail and U.S. First Class Mail:

Scott G. Lindvall                    *Attorneys for Plaintiffs*
Daniel P. DiNapoli                   *NICE Systems, Inc. and*
Joseph M. Drayton                    *NICE Systems, Ltd.*
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

### By E-Mail and Hand Delivery:

Josy W. Ingersoll                    *Attorneys for Plaintiffs*
Melanie K. Sharp                     *NICE Systems, Inc. and*
Karen E. Keller                      *NICE Systems, Ltd.*
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391


*/s/ Kyle Wagner Compton*
Kyle Wagner Compton (#4693)

# Supplemental
# Exhibit B

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1:  Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998. | |
| | D2:  Blue Cross Blue Shield User Guide  (illustrating hardware of D1 sale) (WSNSDE0012983-92) | |
| | D3:  Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D1 sale) (WSNSDE0012967-82) | |
| | D4:  Tracking Agent Id through Inter-Site Call Transfers  (illustrating hardware of D1 sale)(WSNSDE0012993-4) | |
| | D5:  Blue Cross Blue Shield System Diagrams  (illustrating hardware of D1 sale)(WSNSDE0013084-7; WSNSDE0013177-83) | |
| | D6:  e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94; WSNSDE0050671) | |
| | D7:  E1000/E500 Recorder: Engineer Familiarisation  (illustrating the hardware of the D1 sale). (WSNSDE0015161-98) | |
| | D8:  U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998. (WSNSDE0000874-94) | |
| | D9:  PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997. (WSNSDE0008433-77) | |
| | D10:  Racal Rapidax, sold in the U.S. as of at least December 21, 1992. | |
| | D11:  Racal s Rapidax Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions, dated June 4, 1991. (NSDE008300-008302) (evidencing the hardware of the D10 sale). | |
| | D12:  Rapidax Access Voice Logging Recorder.  (NSDE008312-008319) (evidencing the hardware of the D10 | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | sale). | |
| | D13: "Rapidax Instant Call Recorder," (NSDE008305-008309) (evidencing the hardware of the D10 sale). | |
| | D14: "Rapidax in Surveillance and Security Monitoring" (NSDE008310-008311) (evidencing the hardware of the D10 sale). | |
| | D15: "Operator's Manual." (NSDE008320-008324) (evidencing the hardware of the D10 sale). | |
| | D16: "System Manager's Manual." (NSDE008325-008340) (evidencing the hardware of the D10 sale). | |
| | D17: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D10 sale). | |
| | D18: Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D10 sale). | |
| | D19: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D10 sale). | |
| | D20: R[a]cal Recorders, Inc.; "R[a]cal Adds Remote Replay Over LAN' to Wordnet Voice Logging Recorder," dated June 17, 1996. (NSDE 004715-16) | |
| | D21: "Proposal for a Quality Monitoring / Agent Evaluation System", dated August 20, 1998. (WSNDE 013060-066) | |
| | D22: Canon ITS Technology Services Incorporated Quality Monitoring Functionality Design, dated November 18, 1998. (WSNDE 013035-059) (evidencing the hardware and function of the D21 offer for sale.) | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D23: "Racal Worldnet' Second Generation of World's Best Selling Voice-Logging Recorder," June 28, 1995. (NSDE 004715-16).<br><br>D24: United States Patent No. 6,222,838 to Sparks, filed November 26, 1997.<br><br>D25: Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997. | |
| 1. A multi-stage data logging system comprising: | D1: D3, pg. 5; D5.<br><br>D10: D11, Pages 1-3; D13, entire document; D14: entire document; D15: entire document.<br><br>D20: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55  Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D24.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media- |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | D1: D3, pgs. 5-6; D5.<br><br>D8: paras. 46 to 48.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2.<br><br>D10: D11, Page 2; D12, Page 6; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D25: pgs. 1-6. | |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality of communication channels; | D1: D3, pgs. 5-7, and 16; D4, pgs. 3-5; D5; D6; D7.<br><br>D8: paras. 34, 38, 39, 43, 58, 71-75, and 78.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2.<br><br>D10: D11, Page 2; D14, Page 6; D14: entire document; D15: entire document. | |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D11: entire document. | |
| | D20: entire document. | |
| | D21: entire document; D22: entire document. | |
| | D23: entire document. | |
| | D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| | D25: pgs. 1-6. | |
| c) a distribution stage providing access to data logged in the recorder stage; | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5. | |
| | D8: para. 40-42. | |
| | D9: FIG. 2, pg. 21, line 23 – pg. 22, line 2. | |
| | D10: D11, Pages 1-3, D12, Page 6, 7; D14, Page 1; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document. | |
| | D11: entire document. | |
| | D20: entire document. | |
| | D21: entire document; D22: entire document. | |
| | D23: entire document. | |
| | D24: FIG. 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23. | |
| | D25: pgs. 1-6. | |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5. | |
| | D8: FIG. 1; para. 46-48. | |
| | D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | |
| | D10: D11, Pages 1-3, D12, Page 6, 7; D17, Page 2; D16, Pages 6-16; D13, | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | entire document; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6. | |
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 30-33.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document, 4; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6. | |
| 6. The data logging system of claim 1 wherein the telecom stage provides time stamping of the received input. | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 35, 99.<br><br>D9: FIG. 2, pg. 21, line 30 – pg. 22, line 1. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 6 is invalid under 35 U.S.C. |

U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | §102(b) as anticipated by D9.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 14 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| c1) a first interface receiving data from the recorder stage; | D1: D3, Page 5; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | |
| c2) a controller for directing and monitoring distribution stage operations; | D1: D2, pgs. 3-4, 7; D3, pgs. 5-7; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | |
| c3) a buffer for transitional data storage; and | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | |
| c4) a second interface for distributing data to one or more output channels. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | |
| 15. The data logging system of claim 1 wherein the distribution stage comprises an archive storage device for archiving data. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | | Claim 17 is invalid under 35 U.S.C. §103 as obvious over D1 and/or D9 and/or D10 and/or D11 and/or D20 and/or D21 and/or D23 and/or D25.<br><br>It would have been obvious to one of ordinary skill in the art to replace a hard disk drive, as in D1, D9, D10, D11, D20, D21, D23 or D25 with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to replace a RAID array with the hard disk drive teachings of D1, D9, D10, D11, D20, D21, D23 or D25 to increase data integrity, data storage |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | capacity, and/or fault-tolerance. |
| 19. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 19 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed |

- 12 -

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | system, and with many participants using diverse methods of participation. |
| an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | D1:  D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9:  FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, Page 1, 4; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document.<br><br>D25:  pgs. 1-6. | |
| 32. The data logging system of claim 1, wherein the distribution stage is implemented as a network server. | D1:  D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9:  FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document.<br><br>D25:  pgs. 1-6. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 32 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 33. The data logging system of claim 32, wherein the network server is a Web server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D10, or in the alternative, under 35 U.S.C. §103 as obvious over D10 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D20, or in the alternative, under 35 U.S.C. §103 as obvious over D20 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D23, or in the alternative, under 35 U.S.C. §103 as obvious over D23 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, D10, D20, D23, and/or D25 from web-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to incorporate a web server of D8 with the teachings of D1, D10, D20, D23, or D25 to permit remote access from the world-wide-web, which is a popular and easily |

- 15 -

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | accessible network for remotely connecting to a computer/network.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| 34. The data logging system of claim 32, wherein the network server is a file server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 34 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |

- 16 -

U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| 43. A data logger, comprising: | | Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D1.

Claim 43 is invalid under 35 U.S.C. §102(e) as anticipated by D8.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D9.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D10.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D11.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D20.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D21.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D23.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D24.

Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.

It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom device, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.

A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| a telecommunication device receiving input from a plurality of communication channels; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 46 to 48.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: FIG. 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23<br><br>D25: pgs. 1-6. | |
| a processor converting the received input to one or more data formats; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 47 to 52.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25:  pgs. 1-6. | |
| a memory for logging information about the received input, the information comprising data converted to at least one data format; | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5.<br><br>D8: para. 34-35, 38, 78, and 99.<br><br>D9:  FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20:  entire document<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document<br><br>D24:  FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25:  pgs. 1-6. | |
| a communication path to a communications network; and | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9:  FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20:  entire document<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document<br><br>D24:  FIG. 3; Col. 1, line 55 – Col. 2, 55; Col. 3, lines 5-34; 47-56, Col. 4, lines | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6. | |
| a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user. | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: D11: FIG. 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D25: pgs. 1-6. | |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D21: entire document; D22: entire document.<br><br>D24: FIG. 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, | Claim 44 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D10, or in the alternative, under 35 U.S.C. §103 as obvious over D10 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D11, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8. |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D25:  pgs. 1-6. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D21, or in the alternative, under 35 U.S.C. §103 as obvious over D21 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D23, or in the alternative, under 35 U.S.C. §103 as obvious over D23 in view of D8.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D24, or in the alternative, under 35 U.S.C. §103 as obvious over D24 in view of D8.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via the Internet, a web server and a browser.  It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1 and/or D10 and/or D11 and/or D21 and/or D23 and/or D24, from Internet-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to incorporate a web server of D8 with the teachings of D1 and/or D10 and/or D11 and/or D21 and/or D23 and/or D24 to permit remote access from the world-wide-web, which is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication |

U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | channels from a telecom device, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998.(WSNSDE0000874-94) | |
| | D2: PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997.(WSNSDE0008433-77) | |
| | D3: U.S. Patent No. 5,668,863 to Bieslin, filed April 26, 1996, claiming priority to U.S. Application Serial No. 08/509,390, filed June 31, 1995.(WSNSDE0005185-5222) | |
| | D4: Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998. | |
| | D5: Blue Cross Blue Shield User Guide (illustrating hardware of D1 sale) (WSNSDE0012983-92) | |
| | D6: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D4 sale) (WSNSDE0012967-82) | |
| | D7: Tracking Agent Id through Inter-Site Call Transfers (illustrating hardware of D1 sale)(WSNSDE0012993-4) | |
| | D8: Racal Rapidax, sold in the U.S. as of at least December 21, 1992. | |
| | D9: Racal Adds Remote Replay Over LAN to Wordnet Voice-Logging Recorder, dated June 17, 1996 (NSDE 004715-16) | |
| | D10: Rapidax Tape Archive and System Network. (NSDE008303-008304) (evidencing hardware of D8 sale) | |
| | D11: Rapidax in Surveillance and Security Monitoring (NSDE008310-008311) (evidencing hardware of D8 sale). | |
| | D12: Rapidax Access Voice Logging Recorder. (NSDE008312-008319) (evidencing hardware of D8 sale). | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D13: "Operator s Manual." (NSDE008320-008324) (evidencing hardware of D8 sale). | |
| | D14:  Deposition of Andrew Jackson in Dictaphone CorPage vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing hardware of D8 offer for sale). | |
| | D15:  United States Patent No. 6,222,838 to Sparks, filed November 26, 1997. | |
| | D16:  European Patent Publication 0837388A2, to Yamakita, filed October 9, 1997, claiming priority to October 15, 1996. | |
| | D17: "Proposal for a Quality Monitoring / Agent Evaluation System", dated August 20, 1998. (WSNDE 013060-066) | |
| | D18: Canon ITS Technology Services Incorporated Quality Monitoring Functionality Design, dated November 18, 1998.  (WSNDE 013035-059) (evidencing the hardware and function of the D17 offer for sale.) | |
| | D19:  Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997 | |
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | D1:  Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2:  Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3:  Col. 1, line 54 - Col. 2, lines 19; Col. 3, lines 31-34; Col. 3, line 56 Col. 4, line 9; Col. 10, lines 8-14.<br><br>D4:  D5, entire document; D6, entire document; D7:  entire document.<br><br>D8:  D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. |

### U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 55    Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D16: Col. 1, lines 1-7, 35-55; Col. 2, lines 25-40; Col. 2, line 47    Col. 3, line 7; Col. 3, lines 37-49; Col. 5, lines 38-54; Col. 6, line 34    Col. 8, line 55; Figure 1, 2, 5-9.<br><br>D17: D18: entire document.<br><br>D19: Page 1-6. | § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19. |
| at a Web server having access to said at least one digital logger, | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 2, lines 4-7; Col. 3, lines 31-46; Col. 9, line 67    Col. 10, lines 8-14; Col. 10, lines 59    Col. 11, line 36.<br><br>D4: entire document; D5, Pages 5-9; D6, Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9: Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65    Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63    Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56    Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D16: Col. 2, lines 25    Col. 3, line 3; Col. 3, lines 7-37; Col. 5, line 38    Col. 6, lines 10-32; Figures 1, 2, 8.<br><br>D17: D18: entire document. | It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D19: Pages 1-6. | |
| receiving a request for retrieval of stored data from a client; | D1: Page 1, para. 15-17; Page 2, para 31, 35; Page 3, para. 38, 39, 45; Page 6, para. 72, 73, 77, 78; Page 10, claim 25. | |
| | D2: Page 20, lines 28-29. | |
| | D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 11, lines 18-22. | |
| | D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document | |
| | D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document. | |
| | D9, Pages 1-3. | |
| | D14: Page 9, lines 22-24. | |
| | D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23. | |
| | D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8. | |
| | D17: D18: entire document. | |
| | D19: Pages 1-6 | |
| retrieving stored data in accordance with the received request; | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25; | |
| | D2: Page 21, lines 23-25. | |
| | D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 9, lines 18 – Col. 10, 14; Col. 10, line 47 – Col. 11, 22. | |
| | D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document | |
| | D8: D10, entire document; D10, entire | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. |  |
| and transferring the retrieved data to the client. | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22.<br><br>D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. |  |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing | D1: Page 2, Para. 17, 30, 31, 34, 35; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 74, | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| call information for a record of an input channel made by said at least one digital logger. | 77, 78; Page 7, para. 82.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54.<br><br>D4: entire document; D5: Pages 5-9; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26; Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16, 38-54; Col. 6, lines 17-32, 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 8, lines 33-54; Col. 9, lines 12 – Col. 10, line 8; Figure 1, 2, 5-9.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | |
| 6. The method of claim 1 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | D1: Page 8, para. 99, 103.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8; Figure 1.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 or the multicast Media-on-demand system of D19 to make recordings available to more clients across a greater geographical area. |
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 1, line 54 - Col. 2, lines 19; Col. 3, lines 31-34; Col. 3, line 56 – Col. 4, line 9; Col. 10, lines 8-14.<br><br>D4: D5, entire document; D6, entire document; D7: entire document.<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D9. |

**U.S. Pat. No. 6,870,920 Invalidity Chart**

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D16: Col. 1, lines 1-7, 35-55; Col. 2, lines 25-40; Col. 2, line 47 – Col. 3, line 7; Col. 3, lines 37-49; Col. 5, lines 38-54; Col. 6, line 34 – Col. 8, line 55; Figure 1, 2, 5-9.<br><br>D17: D18: entire document.<br><br>D19: Page 1-6. | This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19. |
| at a Web server having access to said information stored by at least one digital logger over a communications network, | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 2, lines 4-7; Col. 3, lines 31-46; Col. 9, line 67 – Col. 10, lines 8-14; Col. 10, lines 59 – Col. 11, line 36.<br><br>D4: entire document; D5, Pages 5-9; D6, Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9: Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D16: Col. 2, lines 25 – Col. 3, line 3; Col. 3, lines 7-37; Col. 5, line 38 – Col. 6, lines 10-32; Figures 1, 2, 8. | It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D17: D18: entire document.<br><br>D19: Pages 1-6. | |
| receiving a request for retrieval of stored data from a user; | D1: Page 1, para. 15-17; Page 2, para 31, 35; Page 3, para. 38, 39, 45; Page 6, para. 72, 73, 77, 78; Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 11, lines 18-22.<br><br>D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6 | |
| retrieving said stored data from said information in accordance with the received request; | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 9, lines 18 – Col. 10, 14; Col. 10, line 47 – Col. 11, 22.<br><br>D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. | |
| and transferring the retrieved data to the client. | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 11, lines 18-22.<br><br>D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. | |
| 18. The method of claim 17 wherein the step of retrieving | D1: Page 2, Para. 17, 30, 31, 34, 35; Page 3, para. 43, 45, 47, 48; Page 4, | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1. |

- 10 -

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | para. 51, 58; Page 6, para. 71, 72, 74, 77, 78; Page 7, para. 82.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3: Col. 9, lines 13-17; Col. 4, lines 47-54.<br><br>D4: entire document; D5: Pages 5-9; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26; Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16, 38-54; Col. 6, lines 17-32, 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 8, lines 33-54; Col. 9, lines 12 – Col. 10, line 8; Figure 1, 2, 5-9.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | greater geographical area. |
| 21. The method of claim 16 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | D1: Page 8, para. 99, 103.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8; Figure 1.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 or the multicast Media-on-demand system of D19 to make recordings available to more clients across a greater geographical area. |

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD,

        *Plaintiffs and Counterclaim
        Defendants,*

    v.

WITNESS SYSTEMS, INC.

        *Defendant and Counterclaim
        Plaintiff.*

C.A. No. 1:06-CV-00311-JJF

**DEFENDANT WITNESS SYSTEMS, INC. S FOURTH SUPPLEMENTAL
RESPONSES TO PLAINTIFFS NICE SYSTEMS, INC. S AND NICE
<u>SYSTEMS LTD. S INTERROGATORY 2 and 2(a)</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local

Rules of the District of Delaware, Defendant Witness Systems, Inc. ( Witness Systems )

provides the following fourth supplemental objections and responses to the

Interrogatories propounded by Plaintiffs NICE Systems, Inc. and NICE Systems Ltd.

(collectively,  NICE ). Subject to and without waiving its previously stated objections,

Witness Systems incorporates by reference its original, first, second and third

supplemental responses and objections to NICE s First and Second Sets of

Interrogatories[1] as if set forth verbatim herein, and for brevity provides only the

supplemental information for the identified interrogatories below:

---

[1] Served on January 18, 2007; March 2, 2007; April 30, 2007; May 30, 2007; and July 10,
2007, respectively.

## SUPPLEMENTAL RESPONSES

### INTERROGATORY NO. 2:

Describe in detail the factual and legal bases for Witness' contention that [the claims of the 738, 371, 005, 345, 372, 370,'920, 079, and 109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation § § 102, 103, and/or 112. The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. § 112 Witness contends the Patents-In-Suit do not meet and an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

### SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:

Witness believes one or more of the claims of the 005 Patent are invalid under 35

U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either

alone or in combination: U.S. Patent No. 4,523,055, to Hohl et al., issued Jun. 11, 1985;

U.S. Patent No. 4,549,047, to Brian et al., issued Oct. 22, 1985; U.S. Patent No.

4,790,003, to Kepley et al., issued Dec. 6, 1988; U.S. Patent No. 4,221,933, to Cornell et

al., issued Sep. 9, 1980; U.S. Patent No. 4,371,752, to Matthews et al., issued Feb. 1,

1983; U.S. Patent No. 4,375,083, to Maxemchuk, issued Feb. 22, 1983; U.S. Patent No.

4,582,957, to Hayes et al., issued Apr. 15, 1986; U.S. Patent No. 4,612,416, to Emerson

et al., issued Sep. 16, 1986; U.S. Patent No. 4,646,346, to Emerson et al., issued Feb. 24,

1987; U.S. Patent No. 4,663,777, to Szeto, issued May 5, 1987; U.S. Patent No.

4,747,126, to Hood et al., issued May 24, 1988; U.S. Patent No. 4,785,473, to Pfeiffer et

al., issued Nov. 15, 1988; U.S. Patent No. 4,837,798, to Cohen et al., issued Jun. 6, 1989;

U.S. Patent No. 4,916,726, to Morley, Jr. et al., issued Apr. 10, 1990; U.S. Patent No.

4,926,462, to Ladd et al., issued May 15, 1990; U.S. Patent No. 5,003,577, to Ertz et al.,

issued May 26, 1991; U.S. Patent No. 5,008,926, to Misholi, issued Apr. 16, 1991; U.S.

Patent No. 5,029,199, to Jones et al., issued Jul. 2, 1991; U.S. Patent No. 5,187,735, to Herrero Garcia et al., issued Feb. 16, 1993; "Communication Systems: Towards Global Integration," Singapore ICCS 90, dated Nov. 5-9, 1990; and "Voicemail," Wikipedia.com, dated Sep. 5, 2007.

Witness believes one or more of the claims of the 920 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: U.S. Patent No. 6,233,318 to Picard et al., issued May 15, 2001; "Access Web TM. Internet Messaging Application," BostonTechnology.com, dated Dec. 27, 1996; and "Boston Technology Completes The Connection! Adds Internet Support To Its Public Network Services," PR Newswire, dated Nov. 30, 1995.

Witness believes one or more of the claims of the 372 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: U.S. Patent No. 6,233,318 to Picard et al., issued May 15, 2001; "Access Web TM. Internet Messaging Application," BostonTechnology.com, dated Dec. 27, 1996; and "Boston Technology Completes The Connection! Adds Internet Support To Its Public Network Services," PR Newswire, dated Nov. 30, 1995.

Witness believes one or more of the claims of the 371 Patent are invalid under 35 U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either alone or in combination: U.S. Patent No. 4,121,058, issued to Jusko et al., filed on December 13, 1976; U.S. Patent No. 4,841,574, issued to Pham et al, issued June 20, 1989; United States Patent No. 4,549,047, issued October 22, 1985 to Brian et al; United States Patent No. 4,523,055, issued June 11, 1985 to Hohl et al., filed November 25, 1983; United States Patent No. 5,103,467, issued April 17, 1992 to Bedlek et al., filed

October 31, 1989; United States Patent No. 4,985,914, issued January 15, 1991 to

Fukunga, filed January 12, 1990.

Witness believes one or more of the claims of the '738 Patent are invalid under 35

U.S.C. § 102 and/or 35 U.S.C. § 103 over one or more of the following references, either

alone or in combination:  U.S. Patent No. 4,523,055, to Hohl et al., issued Jun. 11, 1985;

U.S. Patent No. 4,549,047, to Brian et al., issued Oct. 22, 1985;  U.S. Patent No.

4,790,003, to Kepley et al., issued Dec. 6, 1988; U.S. Patent No. 4,221,933, to Cornell et

al., issued Sep. 9, 1980; U.S. Patent No. 4,371,752, to Matthews et al., issued Feb. 1,

1983; U.S. Patent No. 4,375,083, to Maxemchuk, issued Feb. 22, 1983; U.S. Patent No.

4,582,957, to Hayes et al., issued Apr. 15, 1986; U.S. Patent No. 4,612,416, to Emerson

et al., issued Sep. 16, 1986; U.S. Patent No. 4,646,346, to Emerson et al., issued Feb. 24,

1987; U.S. Patent No. 4,663,777, to Szeto, issued May 5, 1987; U.S. Patent No.

4,747,126, to Hood et al., issued May 24, 1988; U.S. Patent No. 4,785,473, to Pfeiffer et

al., issued Nov. 15, 1988; U.S. Patent No. 4,837,798, to Cohen et al., issued Jun. 6, 1989;

U.S. Patent No. 4,916,726, to Morley, Jr. et al., issued Apr. 10, 1990; U.S. Patent No.

4,926,462, to Ladd et al., issued May 15, 1990; U.S. Patent No. 5,003,577, to Ertz et al.,

issued May 26, 1991; U.S. Patent No. 5,008,926, to Misholi, issued Apr. 16, 1991; U.S.

Patent No. 5,029,199, to Jones et al., issued Jul. 2, 1991; U.S. Patent No. 5,187,735, to

Herrero Garcia et al., issued Feb. 16, 1993; "Communication Systems: Towards Global

Integration," Singapore ICCS '90, dated Nov. 5-9, 1990; and "Voicemail,"

Wikipedia.com, dated Sep. 5, 2007.

## INTERROGATORY NO. 2(a):

On a claim-by-claim basis in a chart, for each prior art reference identified by Witness in response to NICE's Interrogatory No. 2, identify the disclosure in each prior art reference of each limitation of the Asserted Claims in the respective Patent-in-Suit. To the extent that Witness asserts the prior art references support its invalidity defense under 35 U.S.C. § 103, it must further identify any prior art combinations and the motivation to combine those references.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2(a):

Witness Systems incorporates by reference its General Objections as if fully stated herein. Witness Systems also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, and/or any other applicable privilege. Witness Systems further objects to this Interrogatory to the extent it purports to be duplicative of an Interrogatory NICE earlier served, which it is not. Thus, this Interrogatory counts as a separate Interrogatory. Witness Systems further objects to this Interrogatory to the extent it is premature because discovery is still ongoing and the claims of the Patents-in-Suit have yet to be construed. Witness Systems further objects to this Interrogatory to the extent it calls for pure legal conclusions and/or to the extent it seeks information that will be the subject of expert opinion testimony. Subject to and without waiving the foregoing objections, Witness Systems refers NICE to Supplemental Exhibit B, which identifies additional representative, invalidating prior art for the '372, '920, '371, and '005 patents. Numerous other prior art references also contain the identified disclosures. Witness Systems reserves its right to amend and/or supplement this response as discovery and Witness Systems investigation continue, and after any claim construction ruling. Witness Systems specifically reserves the right to supplement and/or amend its response in light of information and materials that it is currently seeking from third parties.

DATED:  September 10, 2007    FISH & RICHARDSON P.C.

           */s/ Kyle Wagner Compton*
           William J. Marsden, Jr. (#2247)
           Kyle Wagner Compton (#4693)
           919 N. Market Street, Suite 1100
           P.O. Box 1114
           Wilmington, DE 19899-1114
           Tel:  (302) 652-5070

           Nagendra Setty (*Pro Hac Vice*)
           Daniel A. Kent (*Pro Hac Vice*)
           1180 Peachtree Street, NE, 19th Floor
           Atlanta, GA 30309
           Tel: (404) 892-5005

           ATTORNEYS FOR DEFENDANT
           WITNESS SYSTEMS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2007, I caused to be served  DEFENDANT

WITNESS SYSTEMS, INC. S SUPPLEMENTAL RESPONSES TO PLAINTIFFS NICE

SYSTEMS, INC. S AND NICE SYSTEMS LTD. S INTERROGATORIES 2 and 2(a)  on

counsel for Plaintiffs as follows:

**By E-Mail and U.S. First Class Mail:**

Scott G. Lindvall                          Attorneys for Plaintiffs
Daniel P. DiNapoli                         NICE Systems, Inc.  And NICE Systems,
Joseph M. Drayton                          LTD
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

**By E-Mail and Hand Delivery:**

Josy W. Ingersoll                          Attorneys for Plaintiffs
Melanie K. Sharp                           NICE Systems, Inc.  And NICE Systems,
Karen E. Keller                            LTD
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE  19899-0391

*/s/ Kyle Wagner Compton*
Kyle Wagner Compton (#4693)

# SUPPLEMENTAL
# EXHIBIT B

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1: Sale of Eyretel e1000, sold in the U.S. on or before October, 1992. See 30(b)(6) Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. | |
| | D2: e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94; WSNSDE0050671) | |
| | D3: E1000/E500 Recorder: Engineer Familiarisation  (illustrating the hardware of the D1 sale.) (WSNSDE0015161-98) | |
| | D4: U.S. Patent No. 5,724,738, to Daly et al., filed on December 31, 1991. (WSNSDE0008620-5) | |
| | D5: Digital Audio Tape For Data Storage , IEEE Spectrum, October, 1989. (WSNSDE0010785-9) | |
| | D6: Racal Rapidax, sold in the U.S. as of at least December 21, 1992. | |
| | D7:  Racal s Rapidax  Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions. (NSDE008300-008302) (evidencing the hardware of the D6 sale). | |
| | D8:  Rapidax Access Voice Logging Recorder.  (NSDE008312-008319) (evidencing the hardware of the D6 sale). | |
| | D9:  Rapidax Instant Call Recorder, (NSDE008305-008309) (illustrating the hardware of the D6 sale). | |
| | D10:  Rapidax in Surveillance and Security Monitoring  (NSDE008310-008311) (evidencing the hardware of the D6 sale). | |
| | D11:  Operator s Manual. (NSDE008320-008324) (evidencing the hardware of the D6 sale). | |
| | D12:  System Manager s Manual. (NSDE008325-008340) (evidencing the hardware of the D6 sale). | |

**U.S. Pat. No. 5,819,005 Invalidity Chart**

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D13: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D6 sale). | |
| | D14: Deposition of Andrew Jackson in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D6 sale). | |
| | D15: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D6 sale). | |
| | D16: U.S. Patent No. 4,523,055, to Hohl et al., issued Jun. 11, 1985. (WSNSDE064653-76) | |
| | D17: U.S. Patent No. 4,549,047, to Brian et al., issued Oct. 22, 1985. (WSNSDE064677-733) | |
| | D18: U.S. Patent No. 4,790,003, to Kepley et al., issued Dec. 6, 1988. (WSNSDE064246-63) | |
| 1. A modular digital recording logger, comprising: | D1: D2 and D3.<br><br>D4: Col. 1, lines 28-58.<br><br>D6: D7, Pages 1-3; D9, Entire Document.<br><br>D16: Col. 2, lines 1-12, Claims 1-36, FIGs. 1a, 1b.<br><br>D17: Abstract, FIG.1. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1 (evidenced by D1-D3).<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 1 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1, D5 and/or D16.<br><br>Claim 1 is invalid under 35 U.S.C. §103 as obvious over D16 in view of D17.<br><br>Claim 1 is invalid under 35 U.S.C. §103 as obvious over D17 in view of D1, D5 and/or D16. |
| a housing; | D1: D2, and D3 Page 9. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D4: Col. 2, lines 15-19, Col. 3, lines 28-32. <br><br> D6: D7, Pages 1-3; D8, Page 4; D9, Entire Document <br><br> D16: Col. 2, lines 1-12, Claims 1-36, FIGs. 1a, 1b. <br><br> D17: Abstract, FIG.1, Summary of Invention. | |
| at least two circuit modules in said housing for converting analog voice signals to digital voice signals, each of said circuit modules including at least two terminals for receiving said analog voice signals, each of said terminals being capable of receiving said analog voice signals for recording a two-way conversation; | D1: D2, and D3 Pages 2-5. <br><br> D4: Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6. <br><br> D6: D7, Page 2; D8, Page 6. <br><br> D16: FIGs. 1a, 1b, 7; Col. 5, lines 8-36; Col. 11, line 44 to Col. 12, line 52. <br><br> D17: FIGs.1, 6a-6c, 10; Col. 6, lines 16-56; Col. 22, line 27 to Col. 26, line 37. | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data; | D1: D2, and D3 Page 6. <br><br> D4: Col. 2, line 65    Col. 3, line 2. <br><br> D6: D7, Page 2; D8, Page 6. <br><br> D17: FIG.1, Col. 6, lines 16-56; Col. 44, line 5 to Col. 45, line 36. | In D16 digitized audio is transmitted via a multiplexed voice bus to a storage network processor, which can stored the digitized voice to tape. It would have been obvious to one of ordinary skill in the art to compress the digitized voice in the D16 apparatus prior to storage, as is taught by D17, to minimize the amount of memory required to store the voice data and to aid in processing of the voice data. <br><br> A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital recorders, would have seen a benefit to incorporate compression in the teaching of D16, as is taught by the microprocessor in the digital line cards of D17, to minimize the amount of memory required to store the voice data and to aid in processing of the voice data. |
| a first bus in said housing | D1: D2, and D3 Pages 2-7. | |

**U.S. Pat. No. 5,819,005 Invalidity Chart**

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| for providing communication between said circuit module and said compressing circuit; | D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Page 2; D8, Page 6.<br><br>D16: Fig 1a, 1b, including voice bus 20.<br><br>D17: FIGs.1, 6A-6C; Col. 6, lines 16-56; Col. 19, lines 59-63. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus; and | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6.<br><br>D16: FIGs. 1a, 1b, Col. 13, lines 26-30.<br><br>D17: FIGs.1, 6A-6C; Col. 6, lines 16-56; Col. 19, lines 44-51. | |
| a digital audio tape (DAT) drive for storing said compressed voice data. | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article.<br><br>D6: D10, Page 1; D13, Page 2; D12, Pages 6-16; D9, Entire Document.<br><br>D16: FIGs. 1b, 1c, Claims 39-46; Col. 4, line 56 to Col. 5, line7. | The digital audio tape in D1, D5 and D16 is used to store compressed data. The DAT may be used as backup storage to the host computer of D4, which "stores" data from the voice processing board.  The DAT may be used as a supplement the hard disk drive of the mass storage subsystem 30 of D17. It would have been obvious to one of ordinary skill in the art to include the DAT of D1, D5 or D16 in the system of D4 or D17 for the purpose of backup storage and archiving of digital data in a reliable manner at a low cost.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital recording loggers, would have seen a benefit to incorporate the DAT teaching of D1, D5 or D16 with the teachings of D4 or D17 to provide backup storage and archiving of digital data. |
| 3. The modular digital | D1: D2 and D3 Pages 8-9. | Claim 3 is invalid under 35 U.S.C. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| recording logger of claim 1, further including a speaker in communication with at least one circuit module. | D6: D8, Page 7.<br><br>D16: FIGs. 1a, 1c, Col. 9, lines 21-28; Col. 11, lines 44-50.<br><br>D17: FIG. 1; Col. 9, lines 44-63. | §102(b) as anticipated by D1.<br><br>Claim 3 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 3 is invalid under 35 U.S.C. §103 as obvious over D16 in view of D17.<br><br>Claim 3 is invalid under 35 U.S.C. §103 as obvious over D17 in view of D1, D5 and/or D16. See motivation to combine from Claim 1. |
| 4. The modular digital recording logger of claim 1, further comprising a hard disk drive in said housing for storing and reproducing said compressed voice data. | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58.<br><br>D6: D7, Pages 1-3; D8, Page 7; D9, Entire Document.<br><br>D16: FIG. 1b, Col. 4, lines 64   68; Col. 6, line 25 to Col. 7, line 25.<br><br>D17: FIG. 1; Col. 9, line 62 to Col. 9, line 29. | Claim 4 is invalid under 35 U.S.C. §102(b) as anticipated by D1. See motivation to combine from Claim 1.<br><br>Claim 4 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 4 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1. See motivation to combine from Claim 1.<br><br>Claim 4 is invalid under 35 U.S.C. §103 as obvious over D16 in view of D17. See motivation to combine from Claim 1.<br><br>Claim 4 is invalid under 35 U.S.C. §103 as obvious over D17 in view of D1, D5 and/or D16. See motivation to combine from Claim 1. |
| 6. The modular digital recording logger of claim 1, wherein said first bus is a time division multiplexing (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Page 2; D8, Page 6.<br><br>D16: FIGs. 1a, 1b, Col. 13, lines 26-30.<br><br>D17: FIGs.1, 6A-6C; Col. 6, lines 16-56; | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | Col. 19, lines 44-63. | Claim 6 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D5. See motivation to combine from Claim 1.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious over D16 in view of D17. See motivation to combine from Claim 1.<br><br>Claim 6 is invalid under 35 U.S.C. §103 as obvious over D17 in view of D1, D5 and/or D16. See motivation to combine from Claim 1. The use of a TDM bus as the first bus' is a matter of design choice. It would have been obvious to one of ordinary skill in the art to utilize a TDM bus between the analog line cards and digital line cards to reduce the number of physical connections between the cards given the large number of telephone lines. |
| 11. A network system of modular digital recording loggers, comprising: | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D9, Entire Document<br><br>D18: FIG. 1; Abstract. | Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 11 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 11 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1, D5 and/or D16.<br><br>Claim 11 is invalid under 35 U.S.C. §103 as obvious in view of D18 in combination with D1, D5 and/or D16. |
| at least two digital recording loggers for logging voice conversations, each of said recording loggers comprising: | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6.<br><br>D18: FIG. 1; Col. 5, line 50 to Col. 6, line 7; Col. 4, lines 52-61. | It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access to stored digital voice signals on remote computers or devices, as in D1.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | seen a benefit to incorporate the multiple digital voice processing systems of D4 with the teachings of D1 to permit access to stored digital voice signals on remote computers or devices. |
| a housing; | D1: D2, and D3 Page 9.<br><br>D4: Col. 2, lines 15-19, Col. 3, lines 28-32.<br><br>D6: D7, Pages 1-3; D8, Page 4; D9, Entire Document.<br><br>D18: FIG. 1; Abstract; Col. 4, lines 44-61. | |
| a circuit in said housing for converting analog voice signals to and from digital voice signals, said circuit modules including at least two terminals for receiving said analog voice signals, and wherein each of said terminals is capable of receiving said analog voice signals for recording a two-way conversation, | D1: D2, and D3 Pages 2-5.<br><br>D4: FIG. 1; Col. 1, lines 44-49 and lines 55-58; Col. 2, lines 4-10; Col. 3, lines 13-21; Col. 4, lines 3-6.<br><br>D6: D7, Page 2; D8, Page 6.<br><br>D18: FIGs. 1, 2; Col. 5, lines 31-47; Col. 8, lines 25-68. | |
| a circuit in said housing for compressing said digital voice signals received from each of said circuit modules to provide compressed voice data, | D1: D2, and D3 Page 6.<br><br>D4: Col. 2, line 65    Col. 3, line 2.<br><br>D6: D7, Page 2; D8, Page 6.<br><br>D18: FIGs. 1, 2; Col. 5, lines 31-47; Col. 8, lines 25-68. | |
| a first bus in said housing for providing communication between said circuit module and said compressing circuit, | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3, D8, Page 6.<br><br>D18: FIGs. 1, 2; Col. 5, lines 31-47; Col. 8, lines 25-68; Col. 9, lines 4-20. | |
| a multiplexer circuit in said housing for providing communication between said compressing circuit and | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1; Col. 2, lines 2-6, and line 58 to Col. 3, line 8. | |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| said first bus, wherein said multiplexer circuit multiplexes voice signals exchanged between said compressing circuit and said circuit modules on said first bus, | D6: D7, Pages 1-3, D8, Page 6.<br><br>D18: FIGs. 1, 2; Col. 5, lines 31-47; Col. 8, lines 25-68; Col. 9, lines 4-20. | |
| a digital audio tape (DAT) drive for storing said compressed voice data, | D1: D2 and D3 Pages 2, 6-7, and 13-15.<br><br>D5: Entire Article.<br><br>D6: D10, Page 1; D13, Page 2; D12, Pages 6-16; D9, Entire Document. | D1, D5, and D16 teach a DAT drive for use in the system of D4. The DAT in D1 is used to store compressed data. The DAT in D16 is used to store digital voice data. The DAT may be used as backup storage, e.g., to the storage 203 of D18. It would have been obvious to one of ordinary skill in the art to include the DAT of D1, D5 or D16 in the system of D4 or D18 for backup storage and archiving digital data.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the DAT teaching of D1, D5 or D16 with the teachings of D4 or D18 to provide backup storage and archiving of digital data. |
| a hard disk drive in said housing for storing and reproducing said compressed voice data, | D1: D2, D3 pages 2, 11-16.<br><br>D4: Col. 2, lines 15-19; Col. 1, lines 55-58.<br><br>D6: D7, Pages 1-3; D8, Page 7; D9, Entire Document.<br><br>D18: FIG. 2; Col. 8, lines 10-20; Col. 14, lines 32-49. | |
| a first computer in said housing for operating said DAT drive and/or said hard disk drive to store and reproduce said digital voice signals, and | D1: D2 and D3 Pages 2, 6-7, and 11-15.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16; D9, Entire Document.<br><br>D18: FIG. 2; Col. 8, lines 10-20. | |
| a second bus in said housing for connecting said computer to said hard disk | D1: D2 and D3 Pages 2, 6-7, and 11-15. | One or more buses may be added to D4 to communicate with the DAT in addition to the hard disk drive, which |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| drive and said DAT drive; | D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D9, Entire Document.<br><br>D18: FIG. 2; Col. 8, lines 10-20. | is a matter of design choice. It would have been obvious to one of ordinary skill in the art to use a single bus to reduce the number of communication channels required to supply digital data to the DAT and hard disk, as in D1.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate a single bus with the teachings of D4 to reduce the number of communication channels required to supply digital data to the DAT and hard disk. |
| a second computer for processing compressed digital voice signals received from each of said recording loggers; and | D1: D2 and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2.<br><br>D18: FIG. 1; Col. 4, lines 28-61. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the connection of multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location. |
| a third bus connecting each of said recording loggers to said second computer. | D1: D2 and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2.<br><br>D18: FIGs. 1, 2; Col. 7, line 58 to col. 8, line 23. | It would have been obvious to one of ordinary skill in the art to connect multiple digital voice processing systems of D4 with one or more buses, as in D1, to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the connection of multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit computer access to stored digital voice signals, and to permit remote access of digital voice signals from a single location. |
| 13. The network system of claim 11, wherein said third bus is a local area network (LAN) bus. | D1: D2, D3 Pages 2, 12-17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16. | Claim 13 is invalid under 35 U.S.C. §102(b) as anticipated by D1 and/or D6, or in the alternative, under 35 U.S.C. §103 as obvious in view of D1 and/or D6.<br><br>RS 485 serial connections, which can carry compressed voice data, are LANs. Alternatively, if RS485 is not a LAN, replacing RS485 with a LAN would have been obvious to one of ordinary skill in the art as a matter of design choice.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate a LAN, as in D6, with the teachings of D1 to permit computer connectivity. |
| 15. The network system of claim 11, wherein said first bus is a time division multiplexed (TDM) bus and said multiplexer circuit is a time division multiplexer circuit. | D1: D2, and D3 Pages 2-7.<br><br>D4: FIG. 1, Col. 2, line 58 to Col. 3, line 8.<br><br>D6: D7, Pages 1-3; D8, Page 6.<br><br>D18: FIGs. 1, 2; Col. 5, lines 31-47; Col. 8, lines 25-68; Col. 9, lines 4-20. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15).<br><br>Claim 15 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1 and/or D16. See motivation to combine from Claim 11.<br><br>Claim 15 is invalid under 35 U.S.C. §103 as obvious in view of D18 in combination with D1, D5 and/or D16. See motivation to combine from Claim 11. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| 20. The network system of claim 11, wherein said second computer is a workstation. | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16.<br><br>D18: FIGs. 1, 2; Col. 7, line 58 to col. 8, line 23. | Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br>Claim 20 is invalid under 35 U.S.C. §103 as obvious in view of D18 in combination with D1, D5 and/or D16. See motivation to combine from Claim 11.<br><br>Claim 20 is invalid under 35 U.S.C. §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit a distributed system of recorders to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices.<br><br>Claim 20 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |
| 21. The network system of claim 11, further comprising a speaker in communication with said second computer for reproducing said analog voice signals. | D1: D2, and D3 Pages 2, 17.<br><br>D6: D7, Pages 1-3; D8, Pages 2-6; D10, Pages 1-2; D12, Pages 2-16.<br><br>D18: FIGs. 1, 2; Col. 7, line 58 to col. 8, line 23. | Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 21 is invalid under 35 U.S.C. §103 as obvious in view of D18 in combination with D1, D5 and/or D16. See motivation to combine from Claim 11.<br><br>Claim 21 is invalid under 35 U.S.C. |

## U.S. Pat. No. 5,819,005 Invalidity Chart

| 005 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | §103 as obvious in view of D4 in combination with D1.<br><br>It would have been obvious to one of ordinary skill in the art to utilize multiple digital voice processing systems of D4 to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices, as in D1, to permit a distributed system of recorders.<br><br>A digital recording logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of modular digital recording loggers, would have seen a benefit to incorporate the multiple digital voice processing systems teaching of D4 with the teachings of D1 to permit a distributed system of recorders to increase capacity for voice processing, and to permit access and replay to stored digital voice signals on remote devices.<br><br>Claim 21 is invalid under 35 U.S.C. §102(b) as anticipated by D6 (evidenced by D7-D15), and in the alternative, under 35 U.S.C. §102(a) as anticipated by D6 (evidenced by D7-D15). |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D2: Racal s Rapidax Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions. (NSDE008300-008302) (evidencing the hardware of the D1 sale).<br><br>D3: Rapidax Access Voice Logging Recorder. (NSDE008312-008319) (evidencing the hardware of the D1 sale).<br><br>D4: Rapidax Instant Call Recorder, (NSDE008305-008309) (illustrating the hardware of the D1 sale).<br><br>D5: Rapidax in Surveillance and Security Monitoring (NSDE008310-008311) (evidencing the hardware of the D1 sale).<br><br>D6: Operator s Manual. (NSDE008320-008324) (evidencing the hardware of the D1 sale).<br><br>D7: System Manager s Manual. (NSDE008325-008340) (evidencing the hardware of the D1 sale).<br><br>D8: Rapidax Tape Archive and System Network. (NSDE008303-008304) (evidencing the hardware of the D1 sale).<br><br>D9: Deposition of Andrew Jackson in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing hardware of the D9 sale)<br><br>D10: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D1 sale).<br><br>D11: United States Patent No. 4,891,835, to Leung, filed on April 30, 1986, issued on June 2, 1990. (WSNSDE0003055-80) | |

- 1 -

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D12:  Sale of Eyretel e1000, sold in the U.S. as of at least October, 1992. | |
| | D13:  Deposition of Chris Blair in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143.  (evidencing the hardware of the D12 sale) | |
| | D14:  European Patent Publication 0372894, to Koizumi, published on June 13, 1990, filed on December 5, 1989.(WSNSDE0000277-93) | |
| | D15:  U.S. Patent No. 4,905,141, to Brenza, issued February 27, 1990, filed on October 25, 1988.(WSNSDE0003096-126) | |
| | D16:  U.S. Patent No. 4,864,543, to Ward, issued September 5, 1989, filed on April 30, 1987. (WSNSDE0002971-84) | |
| | D17:  "The Disk Drive As An Audio Recorder," Hard Disk Recording Conference, published on Mary 16-17, 1990.  (LOOSABLLP 002304-15) | |
| | D18:  "An Experimental Speech Storage and Editing Facility," The Bell System Technical Journal, published in October 1980.  (LOOSABLLP 002317-002330) | |
| | D19:  Mediation Brief, Analysis of Prior Art Which Anticipates or Renders Obvious the Claims of U.S. Patent No. 5,396,371, in Dictaphone Corporation vs. Mercom Systems, Inc., Civil Action 3:00CV1143 (evidencing hardware of D1).  (LOOSABLLP 002292-002302) | |
| | D20:  United States Patent No. 4,375,083,  to Maxemchuk, issued on February 22, 1983.  (LOOSABLLP 002332-002355) | |
| | D21:  Japanese Publication No. S62-20460, to Hirokawa, published on January 29, 1987.  (LOOSABLLP 002357-002364) | |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D22: "Memory Space Allocation of Messages in Voice Mail," IBM Technical Disclosure Bulletin, published in July 1987. (LOOSABLLP 002366-002367) | |
| | D23: "A Magnetic Storage Disk Based Digital Audio Recording, Editing and Processing System," presented to the public at the 83rd ABS Corporation on October 16-19, 1987. (002381-002398) | |
| | D24: "A Flexible Digital Sound-Editing Program for Minicomputer Systems," presented to the public at the 68th Convention of the Audio Engineering Society in Hamburg, German, Journal of Audio Engineering Society, on March 17-20, 1981. (NSDE008479-86) | |
| | D25: NICE's Markman Brief in Dictaphone Corporation vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE014561-603) (evidencing hardware of D24) | |
| | D26: Magnasync Digital Voice Logger, sold in the U.S. as of at least October, 1992. (JONESDAY0021219-JONESDAY0021224) | |
| | D27: United States Patent No. 4,121,058, issued to Jusko et al., filed on December 13, 1976. (WSNSDE064624-52) | |
| | D28: United States Patent No. 4,841,574, issued June 20, 1989 to Pham et al., filed Oct. 11, 1985. (WSNSDE064612-23) | |
| | D29: United States Patent No. 4,549,047, issued October 22, 1985 to Brian et al., filed June 22, 1982. (WSNSDE064677-733) | |
| | D30: United States Patent No. 4,523,055, issued June 11, 1985 to Hohl et al., filed November 25, 1983. (WSNSDE064653-76) | |
| | D31: United States Patent No. | |

- 3 -

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 5,103,467, issued April 17, 1992 to Bedlek et al., filed October 31, 1989. (WSNSDE064734-39)<br><br>D32: United States Patent No. 4,985,914, issued January 15, 1991 to Fukunga, filed January 12, 1990. (WSNSDE064601-11) | |
| 1. In a method of storing and retrieving audio from a digital audio logger, the steps comprising: | D1: D2, Pages 1-2; D9, Page 8, line 17   Page 9, line 4;<br><br>D12: D13, Page 11, lines 7-8.<br><br>D11: Col. 2, lines 10-14.<br><br>D17: Page 16, Para. 5.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D28: Col. 2, lines 35-49. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D17 and/or D21.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D17 in combination with D1 and/or D12 and/or D14 and/or D18 and/or D21 and/or D23 and/or D26 and/or D27 and/or D30 |
| a) monitoring an audio source, | D1: D8, Page 1; D4, Page 4.<br><br>D11: Col. 3, lines 42-50.<br><br>D12: D13, Page 11, lines 7-8.<br><br>D14: Col. 4, lines 24-30.<br><br>D17: Page 17, Para. 3, 4.<br><br>D26: JONESDAY00219-JONESDAY0021224.<br><br>D27: Col. 3, lines 25-30; 5-61<br><br>D30: Col. 2, lines 1-23, 53-64 | |
| b) storing audio data from the audio source in a buffer, | D1: D9, Page 18, lines 10-14; D10, Page 9; D2, Page 2.<br><br>D11: Figure 6, Col. 10, line 66   Col. 11, line 54, Col. 9, lines 46-47.<br><br>D12: D13, Page 11, lines 7-8.<br><br>D14: Col. 5, lines 16-27.<br><br>D17: Page 16, Para. 3-4; Page 18, Paragraphs 3, 4; Page 18, Para. 3; Page 20, Figure 1.<br><br>D21: LOOSABLLP 002357, 002358. | |

U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D23: Page 9, section 5.3.<br><br>D26: JONESDAY0021219-JONESDAY0021224<br><br>D27: Col. 1, lines 39-64; Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, lns. 1-14; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1-59; Col. 12, lines 10-19, 42-52; Col. 16, line 50 – Col. 18, line 12<br><br>D30: Col. 2, lines 25-53. | |
| c) writing the audio data from the buffer onto a digital audio tape and a random access storage device, and | D1: D8, Page 1; D3, Page 3; D4, Page 4; D10; D9, Page 14, lines 20-25; Page 46, lines 2-20;<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41.<br><br>D12: D13, Page 11, lines 18-21.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 16, Para. 6; Page 18, Para. 1-4.<br><br>D18: Page 1385, Para. 2, 4; Page, 1388, Para. 2, 4; D19: Page 4, lines 7-8).<br><br>D21: LOOSABLLP 002357, 002358.<br><br>D23: Page 9, section 5.3.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D27: Col. 1, lines 39-64; Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, lns. 1-14; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1-59; Col. 12, lines 10-19, 42-52; Col. 16, line 50 – Col. 18, line 12<br><br>D30: Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 5, line 61 – Col. 6, line 2; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14  and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 into the systems of D27 and D30 to increase the audio channels that may be recorded or the transfer rate of existing channels. |

U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 12, line 26 – Col. 14, line 34; Col. 23, line 65 – Col. 24, line 43; Figures 1b and 1c | A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels. |
| | | A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data. |
| | | A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels. |
| | | A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the |

- 6 -

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | random access memory of D21 and/or D26 with the systems of D27 and D30 to increase the audio channels that may be recorded or the transfer rate of existing channels or the transfer rate of existing channels. |
| d) retrieving audio from the random access storage device while audio data is written into the digital audio tape and the random access storage device. | D1: D2, Page 1; D5, Page 1; D10, Page 10; D9: Page 14, lines 20-25; Page 46, lines 2-20.<br><br>D11: Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 4, lines 33-35, Col. 5, line 35-41, Col. 6, lines 31-35.<br><br>D12: D13, Page 11, lines 18-21.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 1-4.<br><br>D21: LOOSABLLP 002357, 002358.<br><br>D23: Page 9, section 5.3.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D27: D27: Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1-59<br><br>D30: Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 5, line 61 – Col. 6, line 2; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. 12, line 26 – Col. 14, line 34; Col. 23, line 65 – Col. 24, line 43; Figures 1b and 1c | It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 and/or the random access memory of D21 with the system of D17 and/or D26 and/or D27 and/or D30 to retrieve data more efficiently and precisely and/or to write audio in the digital audio tape and the random access storage device in digital format.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D23 and/or the random access memory of D21 with the system of D17 and/or D26 and/or D27 and/or D30 to retrieve data more efficiently and precisely and/or to write audio in the digital audio tape and the random access storage device in digital format. |
| 5.  In a system for processing audio having | D1: D9, Page 8, line 17 -- Page 9, line 4, Page 10, line 13 – Page 11, line 10; Page 15, lines 12-23, Page 22, lines 10-13.<br><br>D17: Page 13, Para. 1. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 and/or D26.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D14 in combination with D1 and/or D11 |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | and/or D15 and/or D16 and/or D17 D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24.<br><br>This claim is invalid under 35 U.S.C. § 103(a) as obvious in view of D17 in combination with D1 and/or D11 and/or D12, and/or D15 and/or D16 and/or D18 and/or D20 and/or D21 and/or D22 and or D23 and/or D24 and/or D26.<br><br>This claim is invalid under 35 U.S.C. § 103 in view of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 in combination with D27 and/or D29 and/or D30 and/or D31 and/or D32 |
| an interface for receiving audio from an audio source, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page 15, lines 12-23, Page 22, lines 10-13.<br><br>D17: Page. 16, Para. 3 | |
| a digital signal processor in communication with the interface for compressing the audio signals, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, D10, Page 16.<br><br>D17: Page 16, Para. 3 | |
| a controller in communication with the digital signal processor for receiving audio therefrom and arranging data in a prescribed order, | D1: D9, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16.<br><br>D17: Page 16, Para. 3, 5. | |
| a supervisor in communication with said controller accessing data from said system, and | D1: D9, Page 15, lines 12-23, Page 8, line 17 – Page 9, line 4, Page 10, line 13 – Page 11, line 10, Page, 22, lines 10-13; D10, Page 16.<br><br>D17: Page 16, Para. 3, 5. | |
| a buffer in communication with the controller for receiving arranged audio from the controller, the improvement comprising: | D1: D9, Page 10, line 13 – Page 11, line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, page 2; D10, Page 9.<br><br>D17: Page. 16, Para. 3<br><br>D30: Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. 12, line 26 – Col. 14, line 34. | |
| a digital audio tape drive unit in | D1: D9, Page 10, line 13 – Page 11, | It would have been obvious to one of |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| communication with the buffer for receiving arranged audio data from the buffer, | line 10, Page 18, lines 10-14, Page 15, lines 13-23, Page 17, lines 7-20; D2, Page 2; D10, Page 17.<br><br>D11: Col. 10, line 66 – Col. 11, line 54, Col. 9, lines 46-47, Col. 2, lines 29-36, Col. 2, lines 38-41, Col. 3, lines 31-47, Col. 7, lines 26-33.<br><br>D12: D13, Page 11, lines 18-21<br><br>D14: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D23: Page 9, section 5.3.<br><br>D26: JONESDAY0021219-JONESDAY0021224<br><br>D27: Col. 1, lines 39-64; Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, lns. 1-14; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1-59; Col. 12, lines 10-19, 42-52; Col. 16, line 50 – Col. 18, line 12<br><br>D28: Col. 4, lines 21-32.<br><br>D30: Col. 5, line 61 – Col. 6, line 2; Col. 23, line 65 – Col. 24, line 43; Figures 1b and 1c<br><br>D31: Col. 5, lines 5-7, 10-15<br><br>D32: Col. 1, lines 57-64 | ordinary skill in the art to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware and/or to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 into the systems of D27 and/or D28 and/or D29 and/or D30 and/or D31 and/or D32 to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or and/or D12 and/or D14 and/or D18 with the system of D11 to allow archiving of data and/or to store the same type of data in the DRAM and the recorder unit and/or to obtain a duplicate recording that requires less hardware |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | and/or to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the buffer of D1 and/or D11 and/or D12 and/or D17 with the modem of D14 to reduce loss of data resulting from data sent to the modem at a rate that exceeds the modem's capacity to process such data.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 and the random access memory of D21 and/or D26 with the digital recording and editing system of D17 to increase the audio channels that may be recorded or the transfer rate of existing channels.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the digital audio tape of D1 and/or D12 and/or D14 and/or D18 and/or D23 into the systems of D27 and/or D28 and/or D29 and/or D30 and/or D31 and/or D32 to increase the audio channels that may be recorded or the transfer rate of existing channels. |
| a random access storage device, and | D1: D4, NSDE008308, D9, Page 14, lines 9-25, NSDE008278, D10, NSDE008463.<br><br>D11: Col. 2, lines 32-36, Col. 17, lines 18-54.<br><br>D14: Col. 3, lines 17-27, Col. 2, lines 47-54. | |

**U.S. Pat. No. 5,396,371 Invalidity Chart**

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 15, Para. 3; Page 16, 1-4; Figure 4.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D27: Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1 – Col. 11, line 22<br><br>D28: Col. 4, lines 21-32.<br><br>D29: Col. 4, line 8 – Col. 7, line 18; Col. 6, lines 37-55; Col. 18, lines 55 – Col. 22, line 27; Col. 71, line 57 – Col. 80, line 35<br><br>D30: Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. 12, line 26 – Col. 14, line 34.<br><br>D31: Col. 5, lines 5-7, 10-15<br><br>D32: Col. 1, lines 46-53; Col. 3, line 43 – Col. 7, line 30 | |
| a pair of pointers providing communication between said buffer and random storage device, the first of said pointers operative for transmitting audio data to said random access storage device from said buffer and the second of said pointers being operative to send audio data from said random access storage device to said controller. | D1: D9, Page 15, lines 12-23, Page 16, lines 8-19, Page 19, line 20 – Page 22, line 13; D3, Pages 2-3; D9: Page 15, lines 1-23; Page 24, lines 5-14; Page 31, lines 1-12; Page 47, 5-20.<br><br>D11: Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 3, 4.<br><br>D18: Page 1385, Para. 4, Page 1387 Para. 2; Page 1388, Para. 2, 4.<br><br>D20: Col. 13, lines 36-41; col. 14, lines 24-34; col. 15, lines 30-47. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 with the system of D11 and/or D17 and/or D18 and/or D21 and/or D22 to store and retrieve data efficiently and precisely while operating with a single buffer and reduce loss of data resulting from an excessive transfer rate.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the pair of pointers of D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D20 and/or D23 and/or 24 and/or D26 with the system of D11 and/or D17 and/or D18 and/or D21 and/or |

### U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
|  | D22: LOOSABLLP 002366, line 14 – LOOSABLLP 002367, line 69.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D27: Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1 – Col. 11, line 22<br><br>D28: Col. 4, lines 21-32.<br><br>D29: Col. 4, line 8 – Col. 7, line 18; Col. 6, lines 37-55; Col. 18, lines 55 – Col. 22, line 27; Col. 71, line 57 – Col. 80, line 35<br><br>D30: Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. 12, line 26 – Col. 14, line 34<br><br>D31: Col. 2, lines 49-53; Col. 5, line 1 – Col. 6, line 19<br><br>D32: Col. 2, line 54 – Col. 2, line 57; Col. 3, line 43 – Col. 7, line 30 | D22 to store and retrieve data efficiently and precisely while operating with a single buffer and reduce loss of data resulting from an excessive transfer rate. |
| 8. An audio data storage device, comprising: | D1: D3, Page 3.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17: Page 13, Para. 1.<br><br>D19: Page 1385, Para. 2.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D28: Col. 4, lines 8-21.<br><br>D29: Col. 4, line 8 – Col. 7, line 18; Col. 6, lines 37-55; Col. 18, lines 55 – Col. 22, line 27; Col. 71, line 57 – Col. 80, line 35 | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D11 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D22 and/or D26.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D17 in combination with D1 and/or D12 and/or D14 and/or D15 and/or D16 and/or D22 and/or D26. |
| a random access storage device having a primary partition for storing audio data and a secondary partition for storing means for locating data on said primary partition and | D1: D5, Page 1; D2, Page 1; D3, Page 3; D8, Page 1; D9: Page 15, lines 1-23; Page 19, line 17 – Page 20, line 14; Page 24, lines 5-14; Page 31, lines 1-12; Page 46, lines 2-20; Page 47, 5-20, Page 19, line 17 – Page 20, line 14; D10, Pages 12-13. | It would have been obvious to incorporate the partitions of D1 and/or D15 and/or D18 and/or D20 and/or D24 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 and/or to store and retrieve data more efficiently and precisely while operating with a |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D11:  Col. 17, lines 30-54; Col. 2, lines 29-48.<br><br>D14:  Col. 3, lines 17-27, Col. 2, lines 47-54.<br><br>D15:  Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D17:  Page 17, Para. 4; Page 18, Para. 1-3, 5.<br><br>D18:  Page 1390, Para. 2-4.<br><br>D20:  Col. 10, lines 36-40.<br><br>D24:  Page 128, section 3.1.<br><br>D25:  Page, 24-25.<br><br>D26:  JONESDAY0021219-JONESDAY0021224.<br><br>D27:  Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, line 17 – Col. 5, line 66; Col. 8, lns. 1 – Col. 11, line 22<br><br>D28:  Col. 4, lines 32-37, 56-69, Col. 5, lines 1-53, Col. 7, line 12, Col 8, line 30.<br><br>D29:  Col. 4, line 8 – Col. 7, line 18; Col. 6, lines 37-55; Col. 18, lines 55 – Col. 22, line 27; Col. 71, line 57 – Col. 80, line 35<br><br>D30:  Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. 12, line 26 – Col. 14, line 34<br><br>D31:  Col. 5, line 1 – Col. 6, line 19<br><br>D32:  Col. 3, line 43 – Col. 7, line 30 | single buffer and/or and reduce loss of data resulting from an excessive transfer rate.<br><br>A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the partitions of D1 and/or D15 and/or D18 and/or D20 and/or D24 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 to store and retrieve data more efficiently and precisely while operating with a single buffer and/or and reduce loss of data resulting from an excessive transfer rate. |
| a pair of pointers in communication with said random access memory, a first of said pointers being operated to transmit data to said random access storage device and the second of said pointers being operative to retrieve audio data from said random access storage device. | D1:  D9, Page 15, lines 12-23, Page 19, line 17 – Page 20, line 14, Page 18, line 25 – Page 19, line 15; D10, Pages 12-13, Pages 15-16; D9: Page 15, lines 1-23; Page 24, lines 5-14; Page 31, lines 1-12; Page 47, 5-20.<br><br>D11:  Col. 17, lines 30-54; Col. 2, lines 29-48. | It would have been obvious to one of ordinary skill in the art to incorporate the pair of pointers of D16 and/or D18 and/or D20 and/or D22 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 to retrieve data efficiently and precisely while operating with a single buffer and to store and retrieve data efficiently. |

## U.S. Pat. No. 5,396,371 Invalidity Chart

| 371 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D14: Col. 3, lines 17-27, Col. 5, lines 35-41, Col. 4, lines 33-35, Col. 6, lines 31-35.<br><br>D15: Col. 3, lines 25-29, Col. 3, lines 35-38, Col. 3, lines 51-53.<br><br>D16: Col. 2, line 62 – Col. 3, line 21, Col. 4, lines 11-33.<br><br>D17: Page 1, Para. 6; Page 15, Para. 1; Page 17, Para. 4; Page 18, Para. 3, 4.<br><br>D18: Page 1385, Para. 4, Page 1387 Para. 2; Page 1388, Para. 2, 4.<br><br>D20: Col. 13, lines 36-41; col. 14, lines 24-34; col. 15, lines 30-47.<br><br>D22: LOOSABLLP 002366, line 14 – LOOSABLLP 002367, line 69.<br><br>D24: Page 128, section 3; Page 129, section 6.1; Page 130, section 7.1.<br><br>D25: Page 23.<br><br>D26: JONESDAY0021219-JONESDAY0021224.<br><br>D27: Col. 1, line 51 – Col. 2, line 20; Col. 2, lines 42-52; Col. 4, line 17 - Col. 5, line 66; Col. 8, lns. 1 – Col. 11, line 22<br><br>D28: Col. 4, lines 32-37, 56-69, Col. 5, lines 1-53, Col. 7, line 12, Col 8, line 30.<br><br>D29: Col. 4, line 8 – Col. 7, line 18; Col. 6, lines 37-55; Col. 18, lines 55 – Col. 22, line 27; Col. 71, line 57 – Col. 80, line 35<br><br>D30: Col. 2, line 1 – Col. 3, line 36; Col. 5, lines 15-55; Col. 6, lines 18-55; Col. 7, lines 29-52; Col. 11, lines 1-32; Col. 12, line 26 – Col. 14, line 34<br><br>D31: Col. 5, line 1 – Col. 6, line 19<br><br>D32: Col. 3, line 43 – Col. 7, line 30 | A digital audio logger designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of digital audio loggers would have seen a benefit to incorporate the pair of pointers of D16 and/or D18 and/or D20 and/or D22 and/or D26 with the system of D11 and/or D12 and/or D14 and/or D17 to retrieve data efficiently and precisely while operating with a single buffer and to store and retrieve data efficiently. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D1: Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998.<br><br>D2: Blue Cross Blue Shield User Guide (illustrating hardware of D1 sale) (WSNSDE0012983-92)<br><br>D3: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D1 sale) (WSNSDE0012967-82)<br><br>D4: Tracking Agent Id through Inter-Site Call Transfers (illustrating hardware of D1 sale)(WSNSDE0012993-4)<br><br>D5: Blue Cross Blue Shield System Diagrams (illustrating hardware of D1 sale)(WSNSDE0013084-7; WSNSDE0013177-83)<br><br>D6: e1000 Circuit Diagrams (illustrating the hardware of the D1 sale). (WSNSDE0013861-94; WSNSDE0050671)<br><br>D7: E1000/E500 Recorder: Engineer Familiarisation (illustrating the hardware of the D1 sale). (WSNSDE0015161-98)<br><br>D8: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998. (WSNSDE0000874-94)<br><br>D9: PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997. (WSNSDE0008433-77)<br><br>D10: Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D11: Racal s Rapidax Voice Logging Recorders Offers Instant Message Recall of Multichannel Calls, Transmissions, dated June 4, 1991. (NSDE008300-008302) (evidencing the hardware of the D10 sale).<br><br>D12: Rapidax Access Voice Logging Recorder. (NSDE008312-008319) (evidencing the hardware of the D10 | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | sale). | |
| | D13: "Rapidax Instant Call Recorder," (NSDE008305-008309) (evidencing the hardware of the D10 sale). | |
| | D14: "Rapidax in Surveillance and Security Monitoring" (NSDE008310-008311) (evidencing the hardware of the D10 sale). | |
| | D15: "Operator's Manual." (NSDE008320-008324) (evidencing the hardware of the D10 sale). | |
| | D16: "System Manager's Manual." (NSDE008325-008340) (evidencing the hardware of the D10 sale). | |
| | D17: "Rapidax Tape Archive and System Network." (NSDE008303-008304) (evidencing the hardware of the D10 sale). | |
| | D18: Deposition of Andrew Jackson in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing the hardware of the D10 sale). | |
| | D19: Expert Report on the Invalidity of U.S. Patent No. 5,396,371 in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008447-008468) (evidencing the hardware of the D10 sale). | |
| | D20: R[a]cal Recorders, Inc.; "R[a]cal Adds Remote Replay Over LAN' to Wordnet Voice Logging Recorder," dated June 17, 1996. (MERC013540) | |
| | D21: "Proposal for a Quality Monitoring / Agent Evaluation System", dated August 20, 1998. (WSNDE 013060-066) | |
| | D22: Canon ITS Technology Services Incorporated Quality Monitoring Functionality Design, dated November 18, 1998. (WSNDE 013035-059) (evidencing the hardware and function of the D21 offer for sale.) | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D23: "Racal Worldnet' Second Generation of World's Best Selling Voice-Logging Recorder," June 28, 1995. (NSDE 004715-16). | |
| | D24: United States Patent No. 6,222,838 to Sparks, filed November 26, 1997. (WSNSDE0006107-15) | |
| | D25: Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997. (WSISTS065463-8) | |
| | D26: U.S. Patent No. 6,233,318 to Picard et al., filed Nov. 5, 1996. (WSNSDE063951-74) | |
| | D27: "Access Web TM. Internet Messaging Application," BostonTechnology.com, dated Dec. 27, 1996. (WSNSDE063975-77) | |
| | D28: "Boston Technology Completes The Connection! Adds Internet Support To Its Public Network Services," PR Newswire, dated Nov. 30, 1995. (WSNSDE063946-50) | |
| 1. A multi-stage data logging system comprising: | D1: D3, pg. 5; D5.<br><br>D10: D11, Pages 1-3; D13, entire document; D14: entire document; D15: entire document.<br><br>D20: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55  Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6.<br><br>D26: entire document.<br><br>D27: entire document.<br><br>D28: entire document. | Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 1 is invalid under 35 U.S.C. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | §102(b) as anticipated by D24.<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D26.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D27.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D28.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| a) a telecommunications ("telecom") stage receiving input from a plurality of communication channels; | D1: D3, pgs. 5-6; D5.<br><br>D8: paras. 46 to 48.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2.<br><br>D10: D11, Page 2; D12, Page 6; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D25: pgs. 1-6.<br><br>D26: FIG 4.; FIG. 6, lines 11-62, Col. 8, line 32-Col. 9, line 10; Claims 1-2.<br><br>D27: entire document.<br><br>D28: entire document. | |
| b) a recorder stage having one or more recorders, at least one recorder logging data associated with information transmitted on at least one of said plurality of communication channels; | D1: D3, pgs. 5-7, and 16; D4, pgs. 3-5; D5; D6; D7.<br><br>D8: paras. 34, 38, 39, 43, 58, 71-75, and 78.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2.<br><br>D10: D11, Page 2; D14, Page 6; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 1-6; Col. 6, lines 11-62, Col. 8, line 32-Col. 9, line 10; Col. 11, lines 28-36; Claims 1-2; Col. 1, line 10-Col. 2, line 61. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D27: entire document.<br><br>D28: entire document. | |
| c) a distribution stage providing access to data logged in the recorder stage; | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2, pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Page 6, 7; D14, Page 1; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D25: pgs. 1-6.<br><br>D26: entire document.<br><br>D27: entire document.<br><br>D28: entire document. | |
| d) a first interface linking the telecom and the recorder stages and a second interface linking the recorder and the distribution stages; | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 46-48.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Page 6, 7; D17, Page 2; D16, Pages 6-16; D13, entire document; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 1-6, Claims 1-2.<br><br>D27: entire document.<br><br>D28: entire document. | |
| wherein at least two stages of the system are physically separable and in operation can be located wide distances apart. | D1: D3, pgs. 5-6; D4, pgs. 4-5; D5.<br><br>D8: FIG. 1; para. 30-33.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document, 4; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 1-6; Claims 1-2.<br><br>D27: entire document.<br><br>D28: entire document. | |
| 6. The data logging system of claim 1 wherein the | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5. | Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| telecom stage provides time stamping of the received input. | D8: para. 35, 99.<br><br>D9: FIG. 2, pg. 21, line 30 – pg. 22, line 1.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D14: entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6.<br><br>D26: FIG. 8, Col. 7,lines 29-40.<br><br>D27: Page 1.<br><br>D28: Page 1. | Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 6 is invalid under 35 U.S.C. §102(e) as anticipated by D26.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D27.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D28.<br><br>Claim 6 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 14. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D1.

Claim 14 is invalid under 35 U.S.C. §102(e) as anticipated by D8.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D9.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D10.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D11.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D20.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D21.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D23.

Claim 14 is invalid under 35 U.S.C. §102(e) as anticipated by D26.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D27.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D28.

Claim 14 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.

It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| c1) a first interface receiving data from the recorder stage; | D1: D3, Page 5; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 4-7.<br><br>D27: entire document.<br><br>D28: entire document. | |
| c2) a controller for directing and monitoring distribution stage operations; | D1: D2, pgs. 3-4, 7; D3, pgs. 5-7; D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | entire document.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 4-7; Claims 1-2; Col. 5, lines 24-44; Col. 9, line 1 – Col. 11, line 59; Col. 13, line 11, line 45.<br><br>D27: entire document.<br><br>D28: entire document. | |
| c3) a buffer for transitional data storage; and | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 1-7, Col. 16, lines 9-44; Col. 11, lines 28-36.<br><br>D27: entire document.<br><br>D28: entire document. | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | |
| c4) a second interface for distributing data to one or more output channels. | D1:  D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | |
| | D8: para. 31, 40-45, 90-94, 108, 109. | |
| | D9:  FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | |
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document. | |
| | D11: entire document. | |
| | D20: entire document. | |
| | D21: entire document; D22: entire document. | |
| | D23:  entire document. | |
| | D25:  pgs. 1-6. | |
| | D26: FIGs. 1-7, Claims 1-2; Col. 9, line 28- Col. 11, line 16. | |
| | D27: entire document. | |
| | D28: entire document. | |
| 15. The data logging system of claim 1 wherein the distribution stage comprises an archive storage device for archiving data. | D1:  D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |
| | D9:  FIG. 2, pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D10. |
| | D11: entire document. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D11. |
| | D20: entire document. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D20. |
| | D21:  entire document; D22: entire document. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D21. |
| | D23:  entire document. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| | D25:  pgs. 1-6. | |
| | D26: FIGs. 1-7, Claims 1-2; Col. 9, line 28- Col. 11, line 16. | Claim 15 is invalid under 35 U.S.C. §102(e) as anticipated by D26. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D27: entire document.<br><br>D28: entire document. | Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D27.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D28.<br><br>Claim 15 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 17. The data logging system of claim 15 wherein said archive storage device is a RAID array. | | Claim 17 is invalid under 35 U.S.C. §103 as obvious over D1 and/or D9 and/or D10 and/or D11 and/or D20 and/or D21 and/or D23 and/or D25 and/or D26 and/or D27 and/or D28.<br><br>It would have been obvious to one of ordinary skill in the art to replace a hard disk drive, as in D1, D9, D10, D11, D20, D21, D23, D25, D26, D27, or D28 with a RAID array, as was known in the art, to increase data integrity, data storage capacity, and/or fault-tolerance.<br><br>A data logging system designer of |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to replace a RAID array with the hard disk drive teachings of D1, D9, D10, D11, D20, D21, D23, D25, D26, D27, or D28 to increase data integrity, data storage capacity, and/or fault-tolerance. |
| 19. The data logging system of claim 1 wherein the distribution stage comprises: | | Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D1.

Claim 19 is invalid under 35 U.S.C. §102(e) as anticipated by D8.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D9.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D10.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D11.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D20.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D21.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D23.

Claim 19 is invalid under 35 U.S.C. §102(e) as anticipated by D26.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D27.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D28.

Claim 19 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.

It would have been obvious to one of ordinary skill in the art to include the ability to receive communication |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| an operating system software application and a computer capable of running said software application and accessing one or more remote serve computers. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 31, 40-45, 90-94, 108, 109.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, Page 1, 4; D17, Page 2; D16, Pages 6-16; D13, entire document; D15: entire document.<br><br>D11: entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6.<br><br>D26: entire document.<br><br>D27: entire document.<br><br>D28: entire document. | |
| 32. The data logging system of claim 1, wherein the distribution stage is | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| implemented as a network server. | D8: para. 40-42. | Claim 32 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| | D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D10. |
| | D11: entire document. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D11. |
| | D20: entire document. | |
| | D21: entire document; D22: entire document. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D20. |
| | D23: entire document. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D21. |
| | D25: pgs. 1-6. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D23. |
| | D26: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2. | Claim 32 is invalid under 35 U.S.C. §102(e) as anticipated by D26. |
| | D27: entire document. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D27. |
| | D28: entire document. | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D28. |
| | | Claim 32 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24. |
| | | It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage. |
| | | A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 33. The data logging system of claim 32, wherein the network server is a Web server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D20: entire document.<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document.<br><br>D25: pgs. 1-6.<br><br>D26: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2.<br><br>D27: entire document.<br><br>D28: entire document. | Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D10, or in the alternative, under 35 U.S.C. §103 as obvious over D10 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D20, or in the alternative, under 35 U.S.C. §103 as obvious over D20 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 33 is invalid under 35 U.S.C. §102(e) as anticipated by D26.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D27.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D28.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D23, or in the alternative, under 35 U.S.C. §103 as obvious over D23 in view of D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation.<br><br>D8 discloses a call center with call recording capabilities, where the call center is accessible via a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1, D10, D20, D23, and/or D25 from web-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to incorporate a web server of D8 with the teachings of D1, D10, D20, D23, or D25 to permit remote access from the world-wide-web, which is a popular and easily accessible network for remotely connecting to a computer/network.<br><br>Claim 33 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| 34. The data logging system of claim 32, wherein the network server is a file server. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5.<br><br>D8: para. 40-42.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D1.<br><br>Claim 34 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | pg. 21, line 23 – pg. 22, line 2. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D10. |
| | D20:  entire document. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D20. |
| | D21:  entire document; D22: entire document. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D21. |
| | D23:  entire document. | Claim 34 is invalid under 35 U.S.C. §102(e) as anticipated by D26. |
| | D25:  pgs. 1-6. | |
| | D26: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D27. |
| | D27: entire document. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D28. |
| | D28: entire document. | Claim 34 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24. |
| | | It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage. |
| | | A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| 43. A data logger, comprising: | | Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D1. |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
|  |  | Claim 43 is invalid under 35 U.S.C. §102(e) as anticipated by D8.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D9.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D10.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D11.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D20.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D23.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D24.<br><br>Claim 43 is invalid under 35 U.S.C. §102(e) as anticipated by D26.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D27.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D28.<br><br>Claim 43 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24.<br><br>It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom device, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage.<br><br>A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |
| a telecommunication device receiving input from a plurality of communication channels; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 46 to 48.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20: entire document<br><br>D21: entire document; D22: entire document.<br><br>D23: entire document<br><br>D24: FIG. 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23<br><br>D25: pgs. 1-6.<br><br>D26: FIG 4.; FIG. 6; Col. 6, lines 11-62, Col. 8, line 32-Col. 9, line 10; Claims 1-2.<br><br>D27: entire document.<br><br>D28: entire document. | |
| a processor converting the received input to one or more data formats; | D1: D6, and D7 Pages 2-5.<br><br>D8: paras. 47 to 52.<br><br>D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | Pages 6-16; D13, entire document. | |
| | D11: entire document | |
| | D20: entire document | |
| | D21: entire document; D22: entire document. | |
| | D23: entire document | |
| | D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| | D25: pgs. 1-6. | |
| | D26: FIGs 4-7; Col. 6, lines 11-62, Col. 8, line 10-Col. 9, line 10; Col. 11, lines 4-36; Claims 1-2. | |
| | D27: entire document. | |
| | D28: entire document. | |
| a memory for logging information about the received input, the information comprising data converted to at least one data format; | D1: D3, pgs. 5, 10; D4, pgs. 3-5; D5. | |
| | D8: para. 34-35, 38, 78, and 99. | |
| | D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | |
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document. | |
| | D11: entire document | |
| | D20: entire document | |
| | D21: entire document; D22: entire document. | |
| | D23: entire document | |
| | D24: FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13. | |
| | D25: pgs. 1-6. | |
| | D26: D26: FIGs. 1-7, Claims 1-2; Col. 9, | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | line 28- Col. 11, line 16.<br><br>D27: entire document.<br><br>D28: entire document. | |
| a communication path to a communications network; and | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9:  FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20:  entire document<br><br>D21:  entire document; D22: entire document.<br><br>D23:  entire document<br><br>D24:  FIG. 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D25:  pgs. 1-6.<br><br>D26: FIGs. 1-7.<br><br>D27: entire document.<br><br>D28: entire document. | |
| a server having access to the memory via the communications network for transferring logged data from one or more of said plurality of communication channels via the communications network to at least one remote user. | D1: D3, pgs. 5-8; D4, pgs. 4-5; D5.<br><br>D8: para. 40-42.<br><br>D9:  FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2.<br><br>D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document.<br><br>D11: entire document<br><br>D20:  entire document | |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | D21: entire document; D22: entire document. | |
| | D23: entire document | |
| | D24: D11: FIG. 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64. | |
| | D25: pgs. 1-6. | |
| | D26: entire document. | |
| | D27: entire document. | |
| | D28: entire document. | |
| 44. The data logger of claim 43 wherein the server is a Web server and the communications network is the Internet. | D1: D2, pg. 9, D3, pgs. 5-7, D4, pg. 3, D5. | Claim 44 is invalid under 35 U.S.C. §102(e) as anticipated by D8. |
| | D8: para. 40-42. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D9. |
| | D9: FIG. 2; pg. 6, line 33 – pg. 7, line 2; pg. 21, line 23 – pg. 22, line 2. | Claim 44 is invalid under 35 U.S.C. §102(e) as anticipated by D26. |
| | D10: D11, Pages 1-3, D12, Pages 2-7; D14, entire document; D17, Page 2; D16, Pages 6-16; D13, entire document. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D27. |
| | D11: entire document | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D28. |
| | D21: entire document; D22: entire document. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D1, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8. |
| | D24: FIG. 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D10, or in the alternative, under 35 U.S.C. §103 as obvious over D10 in view of D8. |
| | D25: pgs. 1-6. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D11, or in the alternative, under 35 U.S.C. §103 as obvious over D1 in view of D8 or D27 or D28. |
| | D26: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44. | |
| | D27: entire document. | |
| | D28: entire document. | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D21, or in the alternative, under 35 U.S.C. §103 |

## U.S. Pat. No. 6,775,372 Invalidity Chart

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | as obvious over D21 in view of D8 or D27 or D28. |
| | | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D23, or in the alternative, under 35 U.S.C. §103 as obvious over D23 in view of D8 or D27 or D28. |
| | | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D24, or in the alternative, under 35 U.S.C. §103 as obvious over D24 in view of D8 or D27 or D28. |
| | | D8, D27, and D28 disclose a call center with call recording capabilities, where the call center is accessible via the Internet, a web server and a browser. It would have been obvious to one of ordinary skill in the art to utilize a web server to permit remote access, as in D1 and/or D10 and/or D11 and/or D21 and/or D23 and/or D24, from Internet-based clients, as the world-wide-web is a popular and easily accessible network for remotely connecting to a computer/network. |
| | | A data logging system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of data logging systems, would have seen a benefit to incorporate a web server of D8, D27 or D28 with the teachings of D1 and/or D10 and/or D11 and/or D21 and/or D23 and/or D24 to permit remote access from the world-wide-web, which is a popular and easily accessible network for remotely connecting to a computer/network. |
| | | Claim 44 is invalid under 35 U.S.C. §102(b) as anticipated by D25, or in the alternative, under 35 U.S.C. §103 as obvious over D25 in view of D1, D8, D9, D10, D11, D20, D21, D23, and/or D24. |
| | | It would have been obvious to one of ordinary skill in the art to include the ability to receive communication channels from a telecom device, as in |

**U.S. Pat. No. 6,775,372 Invalidity Chart**

| 372 Claim | Prior Art Reference(s) (if applicable) | Invalidity Bases |
|---|---|---|
| | | D1, D8, D9, D10, D11, D20, D21, D23, or D24, in the recording system of D25 to enable the multicast Media-on-Demand system to record audio received from a telecom stage. <br><br> A media on demand system designer of ordinary skill in the art, facing the wide range of needs created by developments in the field of media on demand systems, would have seen a benefit to include the ability to receive communication channels via a telecom stage, as in D1, D8, D9, D10, D11, D20, D21, D23, or D24 with the teaching of D25 to permit playback of recordings received in a distributed system, and with many participants using diverse methods of participation. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D1: U.S. Publication No. 2001/0043697 to Cox, published November 22, 2001, filed on May 11, 1998.(WSNSDE0000874-94)<br><br>D2: PCT Publication No. WO 98/13995 to Smythe, published April 2, 1998, filed September 25, 1997.(WSNSDE0008433-77)<br><br>D3: U.S. Patent No. 5,668,863 to Bieslin, filed April 26, 1996, claiming priority to U.S. Application Serial No. 08/509,390, filed June 31, 1995.(WSNSDE0005185-5222)<br><br>D4: Blue Cross Blue Shield Eclipse, sold in the U.S. before June 2, 1998.<br><br>D5: Blue Cross Blue Shield User Guide (illustrating hardware of D1 sale) (WSNSDE0012983-92)<br><br>D6: Application Development Guide - Blue Cross / Blue Shield Eclipse Project Eclipse Modification and Design (illustrating hardware of D4 sale) (WSNSDE0012967-82)<br><br>D7: Tracking Agent Id through Inter-Site Call Transfers (illustrating hardware of D1 sale)(WSNSDE0012993-4)<br><br>D8: Racal Rapidax, sold in the U.S. as of at least December 21, 1992.<br><br>D9: Racal Adds Remote Replay Over LAN to Wordnet Voice-Logging Recorder, dated June 17, 1996 (MERC013540)<br><br>D10: Rapidax Tape Archive and System Network. (NSDE008303-008304) (evidencing hardware of D8 sale)<br><br>D11: Rapidax in Surveillance and Security Monitoring (NSDE008310-008311) (evidencing hardware of D8 sale).<br><br>D12: Rapidax Access Voice Logging Recorder. (NSDE008312-008319) (evidencing hardware of D8 sale). | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D13: "Operator s Manual." (NSDE008320-008324) (evidencing hardware of D8 sale). | |
| | D14: Deposition of Andrew Jackson in Dictaphone Corp. vs. Nice Systems, Ltd., dated June 21, 2002, Civil Action 3:00CV1143. (NSDE008273-008299) (evidencing hardware of D8 offer for sale). | |
| | D15: United States Patent No. 6,222,838 to Sparks, filed November 26, 1997. (WSNSDE0006107-15) | |
| | D16: European Patent Publication 0837388A2, to Yamakita, filed October 9, 1997, claiming priority to October 15, 1996. (WSNSDE0000631-48) | |
| | D17: "Proposal for a Quality Monitoring / Agent Evaluation System", dated August 20, 1998. (WSNDE 013060-066) | |
| | D18: Canon ITS Technology Services Incorporated Quality Monitoring Functionality Design, dated November 18, 1998. (WSNDE 013035-059) (evidencing the hardware and function of the D17 offer for sale.) | |
| | D19: Parnes et al, "mMOD: the multicast Media-on-Demand system," dated March 6, 1997. (WSISTS065463-8) | |
| | D20: U.S. Patent No. 6,233,318 to Picard et al., filed Nov. 5, 1996. (WSNSDE063951-74) | |
| | D21: "Access Web TM. Internet Messaging Application," BostonTechnology.com, dated Dec. 27, 1996. (WSNSDE063975-77) | |
| | D22: "Boston Technology Completes The Connection! Adds Internet Support To Its Public Network Services," PR Newswire, dated Nov. 30, 1995. (WSNSDE063946-50) | |

### U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| 1. A method for accessing information in at least one digital logger storing data associated with input from a plurality of input channels, comprising: | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 1, line 54 - Col. 2, lines 19; Col. 3, lines 31-34; Col. 3, line 56 Col. 4, line 9; Col. 10, lines 8-14.<br><br>D4: D5, entire document; D6, entire document; D7: entire document.<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 55   Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D16: Col. 1, lines 1-7, 35-55; Col. 2, lines 25-40; Col. 2, line 47   Col. 3, line 7; Col. 3, lines 37-49; Col. 5, lines 38-54; Col. 6, line 34   Col. 8, line 55; Figure 1, 2, 5-9.<br><br>D17: D18: entire document.<br><br>D19: Page 1-6.<br><br>D20: FIGs 4-7; Col. 6, lines 11-62, Col. 8, line 32-Col. 9, line 10; Claims 1-2.<br><br>D21: entire document.<br><br>D22: entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>Claim 1 is invalid under 35 U.S.C. §102(e) as anticipated by D20.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>Claim 1 is invalid under 35 U.S.C. §102(b) as anticipated by D22.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19. |
| at a Web server having access to said at least one digital logger, | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 2, lines 4-7; Col. 3, lines 31- | It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to |

### U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 46; Col. 9, line 67 – Col. 10, lines 8-14; Col. 10, lines 59 – Col. 11, line 36.<br><br>D4: entire document; D5, Pages 5-9; D6, Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9: Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D16: Col. 2, lines 25 – Col. 3, line 3; Col. 3, lines 7-37; Col. 5, line 38 – Col. 6, lines 10-32; Figures 1, 2, 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6.<br><br>D20: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2.<br><br>D21: entire document.<br><br>D22: entire document. | make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |
| receiving a request for retrieval of stored data from a client; | D1: Page 1, para. 15-17; Page 2, para 31, 35; Page 3, para. 38, 39, 45; Page 6, para. 72, 73, 77, 78; Page 10, claim 25.<br><br>D2: Page 20, lines 28-29.<br><br>D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 11, lines 18-22.<br><br>D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | document; D11, entire document; D12, entire document; D13, entire document. | |
| | D9, Pages 1-3. | |
| | D14: Page 9, lines 22-24. | |
| | D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23. | |
| | D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8. | |
| | D17: D18: entire document. | |
| | D19: Pages 1-6. | |
| | D20: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2. | |
| | D21: entire document. | |
| | D22: entire document. | |
| retrieving stored data in accordance with the received request; | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25; | |
| | D2: Page 21, lines 23-25. | |
| | D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 9, lines 18 – Col. 10, 14; Col. 10, line 47 – Col. 11, 22. | |
| | D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document | |
| | D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document. | |
| | D9, Pages 1-3. | |
| | D14: Page 9, lines 22-24. | |
| | D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17:  D18:  entire document.<br><br>D19:  Pages 1-6.<br><br>D20: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2.<br><br>D21: entire document.<br><br>D22: entire document. | |
| and transferring the retrieved data to the client. | D1:  Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2:  Page 21, lines 23-25.<br><br>D3:  Col. 11, lines 18-22.<br><br>D4:  entire document; D5:  Pages 5-9; D6:  Pages 5-11; D7:  entire document<br><br>D8:  D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17:  D18:  entire document.<br><br>D19:  Pages 1-6.<br><br>D20: FIGs. 1-7; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2. | |

U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D21: entire document.<br><br>D22: entire document. | |
| 3. The method of claim 2 wherein the step of retrieving stored data comprises accessing call information for a record of an input channel made by said at least one digital logger. | D1:  Page 2, Para. 17, 30, 31, 34, 35; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 74, 77, 78; Page 7, para. 82.<br><br>D2:  Page 21, lines 30 - Page 22, line 1.<br><br>D3:  Col. 9, lines 13-17; Col. 4, lines 47-54.<br><br>D4:  entire document; D5:  Pages 5-9; D7:  entire document<br><br>D8:  D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26; Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16, 38-54; Col. 6, lines 17-32, 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 8, lines 33-54; Col. 9, lines 12 – Col. 10, line 8; Figure 1, 2, 5-9.<br><br>D17:  D18:  entire document.<br><br>D19:  Pages 1-6.<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D20.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D22.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more |

U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |
| 6. The method of claim 1 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of an input channel made by said at least one digital logger. | D1: Page 8, para. 99, 103.<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 59-64.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8; Figure 1.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6.<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D20.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D22.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D15 and/or D16 and/or D19 s digital logger associated with input from a plurality of input channels in the |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | | network-based conference system of D2 or the call conference recording system of D3 or the multicast Media-on-demand system of D19 to make recordings available to more clients across a greater geographical area. |
| 16. A method for accessing information stored by at least one digital logger storing data associated with input from a plurality of communication channels, comprising: | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12; Page 7, lines 10-20.<br><br>D3: Col. 1, line 54 - Col. 2, lines 19; Col. 3, lines 31-34; Col. 3, line 56 – Col. 4, line 9; Col. 10, lines 8-14.<br><br>D4: D5, entire document; D6, entire document; D7: entire document.<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 55 – Col. 2, line 55; Col. 3, lines 5-34; 47-56, Col. 4, lines 19-26; Col. 5, lines 17-37, 39-47; Col. 7, lines 4-13.<br><br>D16: Col. 1, lines 1-7, 35-55; Col. 2, lines 25-40; Col. 2, line 47 – Col. 3, line 7; Col. 3, lines 37-49; Col. 5, lines 38-54; Col. 6, line 34 – Col. 8, line 55; Figure 1, 2, 5-9.<br><br>D17: D18: entire document.<br><br>D19: Page 1-6.<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D9.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D20.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D22.<br><br>This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| at a Web server having access to said information stored by at least one digital logger over a communications network, | D1: Page 2, Para. 17, 30, 31, 34; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 77, 78; Page 7, para. 82.<br><br>D2: Page 5, lines 11-12.<br><br>D3: Col. 2, lines 4-7; Col. 3, lines 31-46; Col. 9, line 67 – Col. 10, lines 8-14; Col. 10, lines 59 – Col. 11, line 36.<br><br>D4: entire document; D5, Pages 5-9; D6, Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9: Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 2, lines 26-56; Col. 3, lines 5-34; 45-56; Col. 3, line 65 – Col. 4, line 3; Col. 4, lines 19-26, 43-49; Col. 4, line 63 – Col. 5, line 9; Col. 5, lines 27-35, Col. 5, lines 56 – Col. 6, line 2; Col. 6, lines 6-17, 47-54, 56-64.<br><br>D16: Col. 2, lines 25 – Col. 3, line 3; Col. 3, lines 7-37; Col. 5, line 38 – Col. 6, lines 10-32; Figures 1, 2, 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6.<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |
| receiving a request for retrieval of stored data from a user; | D1: Page 1, para. 15-17; Page 2, para 31, 35; Page 3, para. 38, 39, 45; Page 6, para. 72, 73, 77, 78; Page 10, claim 25.<br><br>D2: Page 20, lines 28-29. | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 11, lines 18-22.<br><br>D4: entire document; D5: Pages 5-9; D6: Pages 5-11; D7: entire document<br><br>D8: D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D14: Page 9, lines 22-24.<br><br>D15: Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53;line 55; Col. 7, lines 9-23.<br><br>D16: Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17: D18: entire document.<br><br>D19: Pages 1-6<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | |
| retrieving said stored data from said information in accordance with the received request; | D1: Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25;<br><br>D2: Page 21, lines 23-25.<br><br>D3: Col. 3, lines 38-45; Col, 4, lines 10-21; Col. 5, lines 31-58; Col. 6, line 23 – Col. 7, line 44; Col. 7, line 57 – Col. 8, line 19; Col. 9, lines 18 – Col. 10, 14; Col. 10, line 47 – Col. 11, 22.<br><br>D4: entire document; D5: Pages 5-9; | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D6:  Pages 5-11; D7:  entire document | |
| | D8:  D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document. | |
| | D9, Pages 1-3. | |
| | D14:  Page 9, lines 22-24. | |
| | D15:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6-17, 47-53; Col. 7, lines 9-23. | |
| | D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8. | |
| | D17:  D18:  entire document. | |
| | D19:  Pages 1-6. | |
| | D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40. | |
| | D21: entire document. | |
| | D22: entire document. | |
| and transferring the retrieved data to the client. | D1:  Page 1, para. 15-17; Page 2, para. 31; Page 3, para. 38-45; Page 6, para. 72, 73, 77; page 10, claim 25; | |
| | D2:  Page 21, lines 23-25. | |
| | D3:  Col. 11, lines 18-22. | |
| | D4:  entire document; D5:  Pages 5-9; D6:  Pages 5-11; D7:  entire document | |
| | D8:  D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document. | |
| | D9, Pages 1-3. | |
| | D15:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26 – Col. 6, 6- | |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | 17, 47-53; Col. 7, lines 9-23.<br><br>D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8.<br><br>D17:  D18:  entire document.<br><br>D19:  Pages 1-6.<br><br>D20: FIG's. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | |
| 18.  The method of claim 17 wherein the step of retrieving stored data comprises accessing call information for a record of a communication channel made by said at least one digital logger. | D1: Page 2, Para. 17, 30, 31, 34, 35; Page 3, para. 43, 45, 47, 48; Page 4, para. 51, 58; Page 6, para. 71, 72, 74, 77, 78; Page 7, para. 82.<br><br>D2: Page 21, lines 30 - Page 22, line 1.<br><br>D3:  Col. 9, lines 13-17; Col. 4, lines 47-54.<br><br>D4:  entire document; D5:  Pages 5-9; D7:  entire document<br><br>D8:  D10, entire document; D10, entire document; D11, entire document; D12, entire document; D13, entire document.<br><br>D9, Pages 1-3.<br><br>D15:  Figure 3; Col. 1, line 57 – Col. 2, line 10; Col. 2, lines 10-16, 49-56; Col. 3, line 47 – Col. 5, line 26; Col. 6, 6-17, 47-53; Col. 7, lines 9-23.<br><br>D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16, 38-54; Col. 6, lines 17-32, 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 8, lines 33-54; Col. 9, lines 12 – Col. 10, line 8; Figure 1, 2, 5-9.<br><br>D17:  D18:  entire document. | This claim is invalid under 35 U.S.C. §102(e) as anticipated by D1.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D4.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D8.<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D15<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D16<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D17<br><br>This claim is invalid under 35 U.S.C. § 102(b) as anticipated by D19<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D20.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D22. |

## U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D19: Pages 1-6.<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document.<br><br>D22: entire document. | This claim is invalid under 35 U.S.C. §103(a) as obvious in view of D2 or D3 in combination with D1 and/or D2 and/or D9 and/or D14 and/or D15 and/or D16 and/or D19.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D9 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area. |
| 21. The method of claim 16 wherein the step of retrieving stored data comprises accessing archived data at the Web server corresponding to a record of a communication channel made by said at least one digital logger. | D1:  Page 8, para. 99, 103.<br><br>D2:  Page 21, lines 23-25.<br><br>D3:  Col. 3, lines 59-64.<br><br>D16:  Col. 2, line 47 – Col. 3, line 3; Col. 5, lines 3-16; Col. 6, lines 41-55; Col. 7, line 57 – Col. 8, line 28; Col. 9, lines 12 – Col. 10, line 8; Figure 1.<br><br>D17:  D18:  entire document.<br><br>D19:  Pages 1-6.<br><br>D20: FIGs. 1-8; Col. 9, line 40 – Col. 11, line 16, Col. 14, line 33- Col. 16, line 44; Claims 1-2; Col. 7, lines 29-40.<br><br>D21: entire document. | This claim is invalid under 35 U.S.C. §102(b) as anticipated by D2.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D3.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D16.<br><br>This claim is invalid under 35 U.S.C. §102(e) as anticipated by D20.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D21.<br><br>This claim is invalid under 35 U.S.C. §102(b) as anticipated by D22.<br><br>It would have been obvious to one of ordinary skill in the art to incorporate D1 and/or D15 and/or D16 and/or D19's digital logger associated with |

U.S. Pat. No. 6,870,920 Invalidity Chart

| 920 Claim | Prior Art Reference(s) | Invalidity Bases |
|---|---|---|
| | D22: entire document. | input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 to make recordings available to more clients across a greater geographical area.<br><br>A digital logger designer of ordinary skill, facing the wise range of needs created by developments in the field of endeavor, would have seen a benefit to incorporate D1 and/or D15 and/or D16 and/or D19's digital logger associated with input from a plurality of input channels in the network-based conference system of D2 or the call conference recording system of D3 or the multicast Media-on-demand system of D19 to make recordings available to more clients across a greater geographical area. |

# EXHIBIT G

# REDACTED

# EXHIBIT H

# REDACTED

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

     *Plaintiff,*

     v.                                   Civil Action No. 06-311-JJF

WITNESS SYSTEMS, INC.,

     *Defendant.*

### JOINT STIPULATED ORDER

     Plaintiffs NICE Systems, Inc. and NICE Systems Ltd. (collectively, "NICE") and

Defendant Witness Systems, Inc. hereby stipulate and agree to the following Order:

     1.     NICE confirms that its contention concerning the conception date for U.S. Patent

No. 5,274,738 is April 21, 1989;

     2.     NICE confirms that it does not contend and will not file any contentions that any

of the claimed inventions were reduced to practice any earlier than the patent application filing

date to which the relevant patent claims priority;

     3.     NICE will not object to the timeliness of, or attempt to exclude on that basis, any

of Witness Systems' invalidity contentions served to date, including its September 10, 2007

supplementation;

     4.     NICE will not attempt to further supplement its contentions for dates of

conception and/or reduction to practice for any of the patents in suit; and

     5.     Witness Systems will not attempt to further supplement its invalidity contentions

for any of the patents-in-suit.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/Melanie K. Sharp
Melanie K. Sharp (No. 2501)
Mary F. Dugan (No. 4704)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

P.O. Box 391
Wilmington, DE 19899
(302)571-6681
msharp@ycst.com

KAYE SCHOLER LLP
Scott G. Lindvall
Joseph M. Drayton
425 Park Avenue
New York, NY 10022
(212)836-8000

*Attorneys for Plaintiffs*
*Nice Systems, Inc. and Nice Systems, Ltd.*

FISH & RICHARDSON, P.C.

/s/William J. Marsden, Jr.
William J. Marsden, Jr. (No. 2247)
Kyle Wagner Compton (No. 4693)
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899- 1114
(302)778-8447
kcompton@fr.com

Nagandra Setty
Daniel A. Kent
1180 Peachtree Street, NE, 21st Floor
Atlanta., GA 30309

*Attorneys for Defendant*
*Witness Systems, Inc.*

Dated: September 28, 2007

SO ORDERED this ⅔ day of October, 2007.

Joseph J. Farnan, Jr.
United States District Judge

# EXHIBIT J

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC., and                :
NICE SYSTEMS LTD.,

             Plaintiffs,          :

         v.                   :    Civil Action No. 06-311-JJF

WITNESS SYSTEMS, INC.,           :

            Defendant.       :

                                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PLAINTIFFS NICE SYSTEMS, INC. AND NICE SYSTEMS, LTD'S SECOND SET OF INTERROGATORIES TO DEFENDANT WITNESS SYSTEMS, INC.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), hereby request that defendant Witness Systems, Inc. ("Witness") answer the following interrogatories fully, separately, in writing, under oath and within thirty (30) days of the service of these interrogatories. These interrogatories incorporate the following Definitions and Instructions.

### DEFINITIONS AND INSTRUCTIONS

1.     Each interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for Witness' objection shall be stated with specificity. If the objection pertains to only a portion of an interrogatory, or a word, phrase, or clause contained therein, Witness is required to state its objection to that portion only and to respond to the remainder of the interrogatory, using its best efforts to

do so. Witness' answers hereto are to be signed and verified by the person making them, and the objections signed by the attorney making them.

     2.    These interrogatories seek full disclosure to the full extent allowed by the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive. They are of a continuing nature and, to the extent required by the applicable rules, Witness is required to provide supplemental answers if Witness obtains additional or different information covered by any one of these interrogatories.

     3.    The words "or," "and," "all," "any" and similar words of guidance are intended merely as such and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the interrogatory.

     4.    If Witness does not answer some or all of any interrogatory because of a claim of privilege or other protection, the claim shall be made expressly and shall describe the nature of the information not disclosed in a manner that will enable other parties to assess the applicability of the privilege or protection, as required by Rule 26(b)(5).

     5.    "Witness" or "You" refers to Witness Systems, Inc., Witness Systems, Plc., Eyretel, Plc, Eyretel, Inc., Software HotHouse, Ltd. and any of the directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other persons acting on Witness Systems, Inc.'s, Witness Systems, Plc.'s, Eyretel, Plc's, Eyretel, Inc.'s, or Software HotHouse, Ltd.'s behalf.

     6.    "Identify" when used in reference to:

a.    An individual, shall mean to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, history of employment of that individual;

b.    A third party, shall mean to state its full name, present or last known address to the extent the third party is a firm, corporation, partnership, joint venture, association, or other organization or entity, state the place of incorporation or formation and identify each agent that acted for it with respect to the matters relating to the interrogatory or answer;

c.    A product, shall mean to state its name and model number and to state whether the model identified comprises any other models and, if so, which models.

7.    Should Witness respond to any of these interrogatories pursuant to Federal Rule of Civil Procedure 33(d), all documents should be made available for inspection and copying on the date the responses to these interrogatories are due, or unless another date is agreed upon by the parties.

8.    The term "'738 Patent" means U.S. Patent No. 5,274,738, entitled "Modular Digital Voice Processing System" issued on December 28, 1993.

9.    The term "'371 Patent" means U.S. Patent No. 5,396,371, entitled "Endless Loop Voice Data Storage and Retrievable Apparatus and Method Thereof" issued on March 7, 1995.

10.    The term "'005 Patent" means U.S. Patent No. 5,819,005, entitled "Modular Digital Recording Logger" issued on October 6, 1998.

11.   The term "'570 Patent" means U.S. Patent No. 6,249,570, entitled "System and Method for Recording and Storing Telephone Call Information" issued on June 19, 2001.

12.   The term "'345 Patent" means U.S. Patent No. 6,728,345, entitled "System and Method for Recording and Storing Telephone Call Information" issued on April 27, 2004.

13.   The term "'372 Patent" means U.S. Patent No. 6,775,372, entitled "System and Method for Multi-Stage Data Logging" issued on August 10, 2004.

14.   The term "'370 Patent" means U.S. Patent No. 6,785,370, entitled "System and Method for Integrating Call Record Information" issued on August 31, 2004.

15.   The term "'920 Patent" means U.S. Patent No. 6,870,920, entitled "System and Method for Multi-Stage Data Logging" issued on March 22, 2005.

16.   The term "'079 Patent" means U.S. Patent No. 6,959,079, entitled "Telephone Call Monitoring System" issued on October 25, 2005.

17.   The term "'109 Patent" means U.S. Patent No. 7,010,109, entitled "Digital Recording of IP Based Distributed Switching Platform" issued on March 14, 2005.

18.   "Patents-in-Suit" means, collectively the '738 Patent, '371 Patent, '005 Patent, '570 Patent, '345 Patent, '372 Patent, '370 Patent, '920 Patent, '079 Patent and '109 Patent, each individually is a "Patent-in-Suit."

19.   Asserted Claims are claim 1 of the '738 Patent, claims 1, 5 and 8 of the '371 Patent; claims 1, 3, 4, 6, 11, 13, 15, 20 and 21 of the '005 Patent; claims 6 and 7 of the '570 Patent; claims 14, 15, 21, 22, 23, 24, 25, 26, 40, 41, 42, 43, 45, 46, 47, 48, 49,

50, 51, and 52 of the '345 Patent; claims 1, 6, 14, 15, 17, 19, 33, 34 and 44 of the '372 Patent, claims 1, 5, 6, 8, 9, 11, 12, and 27 of the '370 Patent; claims 1, 3, 6, 16, 18 and 21 of the '920 Patent; Claim 6 of the '079 Patent; and claims 1, 3, 4, 6, 8, 15, 16, 18, 22, 24 and 29 of the '109 Patent, each individually is an "Asserted Claim."

20.     The term "Accused Products," each individually an "Accused Product," includes any and all of the following products, ContactStore, ContactStore for Communication Manager, Quality for Communication Manager and ContactStore for IP, marketed or branded as set forth below or otherwise:

     a.  Eyretel's ContactStore;

     b.  Eyretel's MediaStore;

     c.  Eyretel's Contact 7000;

     d.  eQuality ContactStore;

     e.  ContactStore;

     f.  Witness ContactStore for Communication Manager;

     g.  Witness Quality for Communication Manager;

     h.  Impact 360;

     i.  eQuality Balance;

     j.  eQuality ContactStore for IP;

or any other product that performs substantially the same function as any of the products referenced above.

## INTERROGATORIES

### INTERROGATORY NO. 1(a)

On a claim-by-claim basis and for each claim element, state whether you contend that NICE's response to Witness' Interrogatory No. 13 set forth in Exhibit A to that document does not demonstrate infringement of the Accused Products. For each claim element that you contend NICE has not demonstrated infringement by each Accused Product, on a claim-by-claim basis in a chart, describe in detail the factual and legal bases as to why the specific infringement contention identified in NICE's response to Witness' Interrogatory No. 13 set forth in Exhibit A to that document does not demonstrate infringement of the Accused Products.

### INTERROGATORY NO. 2(a)

On a claim-by-claim basis in a chart, for each prior art reference identified by Witness in response to NICE's Interrogatory No. 2, identify the disclosure in each prior art reference of each limitation of the Asserted Claims in the respective Patent-in-Suit. To the extent that Witness asserts the prior art references support its invalidity defense under 35 U.S.C. § 103, it must further identify any prior art combinations and the motivation to combine those references.

### INTERROGATORY NO. 10

For each Accused Product, identify any other Witness products that perform either the identical or substantially the same function.

### INTERROGATORY NO. 11

Identify each version of each Accused Product and/or each product identified in response to Interrogatory No. 10, above, that Witness has developed, marketed, made, sold, used,

6

or offered for sale. Trace each version back to the first product in its progeny in the form of a chart listing the date of development, marketing, use, sale or offer for sale for each such product.

## INTERROGATORY NO. 12

In the areas of (a) product management, (b) product development, (c) sales, (d) marketing, (e) product function and (f) product operation, (g) manufacture and (h) distribution, identify the three most knowledgeable employees (either current or former) in each area for each Accused Product and/or products identified in response to Interrogatory No. 10, above.

## INTERROGATORY NO. 13

For each Accused Products, and/or the products identified in response to Interrogatory No. 10, above, identify each and every customer to whom you have sold or otherwise provided a system incorporating the particular product.

## INTERROGATORY NO. 14

Identify the dates and circumstances when Witness first became aware of each of the Patents-In-Suit, and describe the action taken, if any, by Witness as a result of becoming aware of each patent.

## INTERROGATORY NO. 15

Identify all products developed, made, sold or offered for sale that fall within the scope of and/or integrated with Impact 360 by providing a chart identifying each product, including the date of development, manufacture, sale or offer for sale for each such product.

**INTERROGATORY NO. 16**

Identify each license you have given or taken for patents that cover quality monitoring, compliance and/or IP recording, workforce management, performance management, and e-learning software, including without limitation, the royalty rate for each license.

**INTERROGATORY NO. 17**

Identify on a quarterly basis, from March 30, 2000 to present, the unit sales, revenues, profits, and costs (direct and indirect) for each version of each Accused Product and/or each product identified in response to Interrogatory No. 10, including the unit sales, revenues, profits and costs for each version of each component associated with each identified products and/or product suite.  Include in your response revenue, profit and costs associated with the maintenance and service of each product.

**INTERROGATORY NO. 18**

Identify the three people within Witness or any of its subsidiaries or affiliated companies, who are most knowledgeable about each Interrogatory Nos. 14-17.

**INTERROGATORY NO. 19:**

For each Accused Product and/or products identified in response to Interrogatory No. 10, above, identify all products that you contend compete or have competed with the respective Accused Product and/or products identified in response to Interrogatory No. 10 since the first sale of that Product.

**INTERROGATORY NO. 20:**

For each Accused Product and/or products identified in response to Interrogatory No. 10, above, identify all third party software or hardware that is or was used by, or is or was a component or part of the Accused Products and/or products identified in response

to Interrogatory No. 10, including identifying the name of the software and/or hardware, vendor and price of the third party software or hardware.

**INTERROGATORY NO. 21:**

Identify each and every factual and/or legal basis for Witness' contention that NICE is not entitled to injunctive relief in this litigation, including why Witness claims monetary damages are adequate to compensate NICE for its harm, how Witness claims the balance of hardships favors Witness, and how the public interest would not be served by a permanent injunction, if Witness so contends.

**INTERROGATORY NO. 22:**

Identify the corporate officers and directors for Witness from 1991 to present, including providing names, positions, addresses, titles, duties, and tenures.

**INTERROGATORY NO. 23:**

To the extent that you deny NICE's first and second requests for admission, explain each and every factual and legal basis for your denial.

**INTERROGATORY NO. 24:**

Identify the steps taken by Witness in responding to any of the document requests served by NICE in this litigation, including the identification of the addresses of all locations searched, all electronic media searched, what types of documents were found at each searched location, each person from whom documents were sought, and what additional steps were taken, if any.

**INTERROGATORY NO. 25:**

Identify all versions of source code that were made available in the U.S. for any of the Accused Products and/or products identified in response to Interrogatory No. 10, above, including the name of each source code version, the location of each source code version, any additional information necessary to locate each source code version, and to whom each source code was made available and when.

**INTERROGATORY NO. 26:**

Identify what Witness contends is the market share of each competitor for the market you identified in response to Interrogatory No. 19.

**INTERROGATORY NO. 27:**

Identify any acceptable or unacceptable substitutes in the United States for the Accused Products and/or other call center products, whether infringing any of the Patents-in-Suits or not, from the filing dates of the Patents-in-Suit to the present.

**INTERROGATORY NO. 28:**

Identify any likely new entrants into the creation, development, production, distribution or sale of any call center products if prices were raised 5% and/or 10% and sustained, including any relevant requirements, such as costs and scale requirements, for entry.

Dated:  January 31, 2007

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_Andrew A. Lundgren_

Josy W. Ingersoll (#1088)
Melanie K. Sharp (#2501)
Karen E. Keller (#4489)
Andrew A. Lundgren (#4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  1899-0391
(302) 571-6600
alundgren@ycst.com

*Attorneys for NICE Systems, Inc. and NICE Systems Ltd.*

OF COUNSEL:
Scott G. Lindvall
Daniel P. DiNapoli
Joseph M. Drayton
KAYE SCHOLER LLP
425 Park Avenue
New York, New York  10022
(212) 836-8000

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esquire, hereby certify that on January 31, 2007, I caused copies of the foregoing document to be served by hand delivery and electronic mail upon the following counsel of record:

> William J. Marsden, Jr., Esquire (marsden@fr.com)
> Kyle Wagner Compton, Esquire (kcompton@fr.com)
> Fish & Richardson, PC
> 919 N. Market Street, Suite 1100
> Wilmington, DE 19801

I further certify that on January 31, 2007, I caused a copy of the foregoing document to be served upon the following in the manner indicated:

> **BY ELECTRONIC MAIL**
> Noah C. Graubart, Esquire (graubart@fr.com)
> Nagendra Setty, Esquire (nsetty@fr.com)
> Daniel A. Kent, Esquire (kent@fr.com)
> Christopher O. Green, Esquire (green@fr.com)
> John Hamann, Esquire (hamann@fr.com)
> Fish & Richardson, PC
> 1180 Peachtree Street, NE, 21st Floor
> Atlanta, GA 30309

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
alundgren@ycst.com

*Attorneys for NICE Systems, Inc. and NICE Systems Ltd.*

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NICE SYSTEMS, INC., and                                   :

NICE SYSTEMS LTD.,                                        :

                         Plaintiffs,        :        Civil Action No. 06-311-JJF

            v.                                          :

WITNESS SYSTEMS, INC.,                                   :

                      Defendant.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## PLAINTIFFS NICE SYSTEMS, INC AND NICE SYSTEMS LTD'S
## FIRST SET OF INTERROGATORIES TO DEFENDANT WITNESS SYSTEMS, INC.

        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiffs NICE Systems, Inc. and NICE Systems, Ltd. (collectively "NICE"), hereby requests that defendant Witness Systems, Inc.'s ("Witness") answer the following interrogatories fully, separately, in writing, under oath and within thirty (30) days of the service of these interrogatories. These interrogatories incorporate the following Definitions and Instructions.

### DEFINITIONS AND INSTRUCTIONS

      1.      Each interrogatory shall be answered fully unless it is in good faith objected to, in which event the reasons for Witness' objection shall be stated with specificity. If the objection pertains to only a portion of an interrogatory, or a word, phrase, or clause contained therein, Witness is required to state its objection to that portion only and to respond to the remainder of the interrogatory, using its best efforts to do so. Witness' answers hereto are to be signed and verified by the person making them, and the objections signed by the attorney making them.

2.    These interrogatories seek full disclosure to the full extent allowed by the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive. They are of a continuing nature and, to the extent required by the applicable rules, Witness is required to provide supplemental answers if Witness obtains additional or different information covered by any one of these interrogatories.

3.    The words "or," "and," "all," "any" and similar words of guidance are intended merely as such and should not be construed as words of limitation. The words "or" and "and" shall include each other whenever possible to expand, not restrict, the scope of the interrogatory.

4.    If you do not answer some or all of any interrogatory because of a claim of privilege or other protection, the claim shall be made expressly and shall describe the nature of the information not disclosed in a manner that, without revealing itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection, as required by Rule 26(b)(5).

5.    Witness refers to Witness Systems, Inc. and its directors, officers, consultants, agents, representatives, predecessors in interest, subsidiaries, affiliates, assignees, employees, attorneys and any other person acting on Witness's behalf.

6.    "Identify" when used in reference to:

a.    An individual, shall mean to state his or her full name, present or last known residential and business addresses, present or last known position and business affiliation, and if applicable, history of employment of that individual;

b.    A third party, shall mean to state its full name, present or last known address to the extent the third party is a firm, corporation, partnership, joint venture, association, or other organization or entity, state the place of incorporation or formation

and identify each agent that acted for it with respect to the matters relating to the interrogatory or answer;

      c.    A product, shall mean to state its name and model number and to state whether the model identified comprises any other models and, if so, which models.

7.    Should Witness respond to any of these interrogatories pursuant to Federal Rule of Civil Procedure 33(d), all documents should be made available for inspection and copying on the date the responses to these interrogatories are due, or a date agreed upon by the parties.

8.    The term "'738 Patent" means U.S. Patent No. 5,274,738, entitled "Modular Digital Voice Processing System" issued on December 28, 1993.

9.    The term "'371 Patent" means U.S. Patent No. 5,396,371, entitled "Endless Loop Voice Data Storage and Retrievable Apparatus and Method Thereof" issued on March 7, 1995.

10.    The term "'005 Patent" means U.S. Patent No. 5,819,005, entitled "Modular Digital Recording Logger" issued on October 6, 1998.

11.    The term "'570 Patent" means U.S. Patent No. 6,249,570, entitled "System and Method for Recording and Storing Telephone Call Information" issued on June 19, 2001.

12.    The term "'345 Patent" means U.S. Patent No. 6,728,345, entitled "System and Method for Recording and Storing Telephone Call Information" issued on April 27, 2004.

13.    The term "'372 Patent" means U.S. Patent No. 6,775,372, entitled "System and Method for Multi-Stage Data Logging" issued on August 10, 2004.

14.    The term "'370 Patent" means U.S. Patent No. 6,785,370, entitled "System and Method for Integrating Call Record Information" issued on August 31, 2004.

15.    The term "'920 Patent" means U.S. Patent No. 6,870,920, entitled "System and Method for Multi-Stage Data Logging" issued on March 22, 2005.

16.    The term "'079 Patent" means U.S. Patent No. 6,959,079, entitled "Telephone Call Monitoring System" issued on October 25, 2005.

17.    The term "'109 Patent" means U.S. Patent No. 7,010,109, entitled "Digital Recording of IP Based Distributed Switching Platform" issued on March 14, 2005.

18.    "Patents-in-Suit" means, collectively the '738 Patent, '371 Patent, '005 Patent, '570 Patent, '345 Patent, '372 Patent, '370 Patent, '920 Patent, '079 Patent and '109 Patent, each individually is a "Patent-in-Suit."

19.    The term "Accused Products," each individually an "Accused Product," includes any and all of the following products, ContactStore, ContactStore for Communication Manager, Quality for Communication Manager and ContactStore for IP, marketed or branded as set forth below or otherwise:

      a.    Eyretel's ContactStore.

      b.    Eyretel's MediaStore.

      c.    Eyretel's Contact 7000.

      d.    eQuality ContactStore.

      e.    ContactStore.

      f.    Witness ContactStore for Communication Manager.

      g.    Witness Quality for Communication Manager.

      h.    Impact 360.

      i.    eQuality Balance.

      j.    eQuality ContactStore for IP.

or any other product that performs substantially the same function as any of the products referenced above.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail the factual and legal bases for Witness' contention that "Witness Systems has not and does not infringe, directly or indirectly, any claim of any of the '738, '371, '005, '570, '345, '370, '920, '079, and/or '109 patents, either literally or under the doctrine of equivalents." The detailed description of such factual and legal bases should include, without limitation, an identification on a claim-by-claim basis of each claim limitation Witness contends is not met by the Accused Products, either literally or under the doctrine of equivalents.

### INTERROGATORY NO. 2:

Describe in detail the factual and legal bases for Witness' contention that "[t]he claims of the '738, '371, '005, '345, '372, '370,'920, '079, and '109 patents are invalid for failure to comply with the United States patent laws, 35 U.S.C. §§ 1, et seq., including without limitation §§ 102, 103, and/or 112." The detailed description of such factual and legal bases should include, without limitation, an identification of which aspect(s) of 35 U.S.C. § 112 Witness contends the Patents-In-Suit do not meet and an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

### INTERROGATORY NO. 3:

Describe in detail the factual and legal bases for Witness' contention that "[b]y virtue of the proceedings in the USPTO during the prosecution of the applications that matured into the '738, '371, '005, '345, '372, '370,'920, '079, and '109 patents, as illustrated by their prosecution histories, NICE is estopped from asserting that Witness Systems has infringed directly or

indirectly, any claim of any of the '738, '371, '005, '345, '372, '370,'920, '079, and '109 patents, either literally or under the doctrine of equivalents." The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**INTERROGATORY NO. 4:**

Describe in detail the factual and legal bases for Witness' contention that "NICE's patent infringement claims are barred by the doctrine of laches." The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**INTERROGATORY NO. 5:**

Describe in detail the factual and legal bases for Witness' contention that "NICE's patent infringement claims are barred based on the doctrine of equitable estoppel." The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**INTERROGATORY NO. 6:**

Describe in detail the factual and legal bases for Witness' contention that "NICE's patent infringement claims are barred based on the doctrine of waiver." The detailed description of such factual and legal bases should include, without limitation, an identification and description of

every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**INTERROGATORY NO. 7:**

Describe in detail the factual and legal bases for Witness' contention that "NICE's patent infringement claims are barred based on the doctrine of unclean hands." The detailed description of such factual and legal bases should include, without limitation, an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**INTERROGATORY NO. 8:**

Describe in detail the factual and legal bases for Witness' contention that "NICE's claims for damages for purported patent infringement are limited by 35 U.S.C. § 287." The detailed description of such factual and legal bases should include, without limitation, an identification of any NICE product (or products) that Witness contends fails to give notice to the public that it is covered by a patent and should include an identification and description of every document, tangible item and item of information that Witness has relied upon or intends to rely upon as support for its contention.

**INTERROGATORY NO. 9:**

Describe in detail the factual and legal bases for Witness' contention that "[t]he '371 patent is unenforceable due to the intentional failure to disclose to the USPTO, during prosecution, information known to be material to the patentability of the subject matter claimed in the '371 patent, in violation of the duties of candor and good faith required under 37 C.F.R. § 1.56." The detailed description of such factual and legal bases should include, without limitation,

an identification and description of every document, tangible item and item of information that

Witness has relied upon or intends to rely upon as support for its contention.

Dated:  December 19, 2006              YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                       *Karen E. Keller*
                                       _____
                                       Josy W. Ingersoll (No. 1088)
                                       Melanie K. Sharp (No. 2501)
                                       Karen E. Keller (No. 4489)
                                       The Brandywine Building
                                       1000 West Street, 17th Floor
                                       Wilmington, DE  19801

                                       P.O. Box 391
                                       Wilmington, DE 19899
                                       (302)571-6681
                                       msharp@ycst.com
                                       kkeller@ycst.com

                                       KAYE SCHOLER LLP
                                       Scott G. Lindvall
                                       Daniel P. DiNapoli
                                       Joseph M. Drayton
                                       Sarah Welbourne Saunders
                                       425 Park Avenue
                                       New York, NY  10022
                                       (212)836-8000

                                       *Attorneys for Plaintiffs Nice Systems, Inc. and*
                                       *Nice Systems, Ltd.*

## CERTIFICATE OF SERVICE

I, Karen E. Keller, Esquire, hereby certify that on December 19, 2006, I caused two copies of the foregoing document, Plaintiffs Nice Systems, Inc. and Nice Systems, Ltd.'s First Set of Interrogatories to Defendant Witness Systems, Inc. to be served on the following counsel of record in the manner indicated below:

**BY HAND DELIVERY AND E-MAIL**
William J. Marsden, Jr., Esquire
Kyle Wagner Compton, Esquire
Fish & Richardson, P.C.
919 North Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

**BY E-MAIL**
Noah C. Graubart (graubart@fr.com)
Nagendra Setty (setty@fr.com)
John Hamann (haman@fr.com)
Daniel A. Kent (kent@fr.com)
Christopher O. Green (green@fr.com)
Fish & Richardson, P.C.
1180 Peachtree Street, NE
21st Floor
Atlanta, GA 30309

Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801

P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6600
kkeller@ycst.com

# EXHIBIT L

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NICE SYSTEMS, INC. and
NICE SYSTEMS LTD.,

     *Plaintiffs,*

     v.

WITNESS SYSTEMS, INC.,

     *Defendant.*

C.A. No. 06-311-JJF

---

### DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Witness Systems, Inc. ("Witness") makes the following initial disclosures. Witness is continuing its investigation, including conducting a reasonable search for relevant documents and witnesses, and will supplement these disclosures in a timely manner, where necessary, in accordance with Rule 26(e).

### I.    INDIVIDUALS

The following individuals are employed by or affiliated with Witness Systems, Inc., located at 300 Colonial Center Parkway, Roswell, Georgia 30076, and can be contacted only through Witness' counsel at Fish & Richardson. These individuals are likely to have discoverable information that Witness may use to support its defenses and any claims that Witness may assert in this case:

| | |
|---|---|
| Kevin Hegebarth | Marketing, design, and development of accused Witness products. |
| Nancy Treaster | Marketing of accused Witness products. |
| Christopher Blair | Technical aspects of accused Witness products. |
| Jeff Ianonne | Technical aspects of accused Witness products. |
| Ed Murray | Technical aspects of accused Witness products. |
| Kathy Miller | Sales of accused Witness products. |
| William Evans | Witness' general financial performance and the financial performance of accused Witness products. |

The following former Witness employees are likely to have discoverable information that Witness may use to support its claims or defenses. These individuals may have continuing obligations of confidentiality to Witness and also should be contacted through Witness' counsel at Fish & Richardson.

| | |
|---|---|
| John May | Technical information concerning accused Witness products. |
| Chris Straut | Technical information concerning accused Witness products. |
| Doug Gisby | Technical information concerning accused Witness products. |
| Chris Jeffs | Sales and marketing information concerning accused Witness products. |

The following categories of current or former employees of NICE Systems Ltd.

and/or NICE Systems, Inc. (collectively "NICE") are likely to have discoverable

information that Witness may use to support its claims or defenses:

| Name | Location |
|------|----------|
| Unknown individuals<br>NICE Systems, Inc.<br>301 Route 17 North<br>10th Floor<br>Rutherford, NJ 07070 | Technical, financial, sales, marketing and/or product management information concerning NICE products that allegedly embody the inventions, if any, of the patents-in-suit. |
| Unknown individuals<br>NICE Systems, Ltd.<br>8 Hapnina Drive, Ra'anana<br>43107 Israel | Technical, financial, sales, marketing and/or product management information concerning NICE products that allegedly embody the inventions, if any, of the patents-in-suit. |
| Unknown individuals<br>(former Dictaphone employees) | Technical, financial, sales, marketing and/or product management information concerning current or former Dictaphone and/or NICE products that allegedly embody the inventions, if any, of the patents-in-suit. |
| Inventors of all NICE patents-in-suit | Conception, reduction to practice, diligence, design and, development of the subject matter claimed in all of the NICE patents-in-suit. |

## II.    DOCUMENTS

Witness has conducted and continues to conduct a reasonable search and has

located in its possession, custody, or control the following categories of documents that it

may use to support its claims or defenses. Such documents are located either at Witness

Systems' facilities in Roswell, Georgia, or Leatherhead, England, or at the offices of

Witness Systems' litigation counsel, and which will be made available to NICE's counsel

for inspection and copying at a mutually agreeable time and place, subject to the entry of

12007808.DOC

an appropriate protective order, particularly as it pertains to sensitive technical and commercial information identified below.

- The patents-in-suit;

- File histories for the patents-in-suit;

- Documents regarding NICE and/or Dictaphone products;

- Press releases, web pages, articles and other publicly available information about the relevant industry and accused products;

- Documents regarding the development of the accused products;

- Documents regarding Witness products that are prior art to the patents-in-suit;

- Witness patent applications that are prior art to the patents-in-suit;

- Additional prior art documents;

- Documents showing NICE's knowledge of prior art that it did not disclose to the U.S. Patent & Trademark Office;

- Documents regarding the sales and marketing of the accused products;

- NICE's financial disclosures, annual reports, public filings, and Internet web pages;

- Documents from *STS Software Systems Ltd. v. Witness Systems, Inc.,* Case No. 1:04-CV-2111-RWS (N.D. Ga.) subject to the terms of the Protective Order;

- Documents from *Witness Systems, Inc. v. NICE Systems, Inc. & NICE Systems Ltd.,* Case No. 1:04-CV-2531-CAP (N.D. Ga.) subject to the terms of the Protective Order;

- Documents from *Witness Systems, Inc. v. NICE Systems, Inc. & NICE Systems Ltd.,* Case No. 1:06-CV-0126-TCB (N.D. Ga.) subject to the terms of the Protective Order; and

- Documents concerning earlier litigation matters in which at least one of the NICE patents-in-suit was involved.

12007808.DOC

III.    **COMPUTATION OF DAMAGES**

Witness will seek costs of suit, attorneys' fees under 35 U.S.C. § 285, and any other relief that is deemed just and proper.

IV.    **INSURANCE AGREEMENT**

Witness is unaware of any applicable agreement.

Dated:  October 17, 2006                          FISH & RICHARDSON P.C.


By:  */s/ William J. Marsden, Jr.*
  William J. Marsden, Jr. (#2247)
  Kyle Wagner Compton (#4693)
  919 N. Market Street, Suite 1100
  P. O. Box 1114
  Wilmington, Delaware  19899-1114
  Telephone:  (302) 652-5070

  Nagendra Setty
  Daniel A. Kent
  John D. Hamann
  1180 Peachtree Street, NE
  21st Floor
  Atlanta, GA 30309
  Tel: (404) 892-5005

  **Attorneys for Defendant**
  **Witness Systems, Inc.**

12007808.DOC

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2006, I caused a copy of

DEFENDANT'S INITIAL DISCLOSURES to be served on the following counsel of

record in the manner indicated below:

## VIA ELECTRONIC & FIRST CLASS MAIL:

Josy W. Ingersoll                                *Attorneys for Plaintiffs*
Karen L. Pascale                                 *Nice Systems Ltd. and Nice Systems, Inc.*
Young, Conoway, Stargatt & Taylor, LLP
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899


Scott G. Lindvall                                *Attorneys for Plaintiffs*
Daniel DiNapoli                                  *Nice Systems Ltd. and Nice Systems, Inc.*
Joseph M. Drayton
Robert R. Laurenzi
Jason Frank
Steven Chin
Kaye Scholer LLP
425 Park Avenue
New York, NY  10022


*/s/ Kyle Wagner Compton*
Kyle Wagner Compton